1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   RAVIND S. GREWAL - # 220543
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff
6  GOOGLE INC.

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11

12 | GOOGLE INC., a Delaware corporation,        | Case No. C 03-5340 JF EAI
13 |                          Plaintiff,          | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**
14 |      v.                                     |
15 | AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive, |
16 |                                              |
17 |                          Defendants.         |

322656.01                          COMPLAINT
                                   CASE NO.

Dockets.Justia.com

For its complaint, Plaintiff Google Inc. ("Google"), by and through its attorneys Keker & Van Nest, LLP, avers as follows:

## THE PARTIES

1. Google is a corporation organized under the laws of the State of Delaware, with its principal place of business in Mountain View, California, which is within the Northern District of California. Google is, and was at all times herein mentioned, qualified to do business in California. Google provides Internet search engine services to Internet users and advertising services to individuals, businesses and educational and governmental entities involved in Internet sales and marketing, including numerous individuals and entities within the jurisdiction of this Court.

2. Defendant American Blind & Wallpaper Factory, Inc. d/b/a decoratetoday.com, Inc. ("American Blind"), is a corporation organized under the laws of the State of Delaware. Based on information and belief, American Blind is engaged in the business of selling blinds, wallpaper, curtains, bedding, lighting and other furnishings and accessories related to interior decorating, and advertises and sells such products via the Internet to customers within the jurisdiction of this Court.

## VENUE AND JURISDICTION

3. Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (Lanham Act). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks), and 28 U.S.C. § 2201 (Declaratory Judgment Act).

4. This Court has personal jurisdiction over American Blind because American Blind, on information and belief, conducts business in the State of California and within this district, including contracts with California corporations and the advertising and sale of its products through the Internet to California residents.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

6. An actual case or controversy has arisen between the parties. American Blind has threatened litigation against Google, and has asserted that Google's sale of keyword-triggered

advertising services constitutes trademark infringement.  These statements threaten injury to Google.

## GENERAL ALLEGATIONS

### I.    Google's Keyword-Triggered Advertising

7.     Google's free Internet search engine is the most widely-used Internet search engine in the world.  It answers hundreds of millions of user searches and covers billions of web pages each day.

8.     Google also sells a number of products and services to individuals and business, educational and governmental entities.  One of the programs Google offers to its business customers is a keyword-triggered advertising program entitled "AdWords."  Google has offered this program since October 2000.

9.     Google's AdWords program permits Google's advertising customers to purchase advertising links associated with certain keywords.  Google posts the links on the margins of its search engine results pages based on whichever keywords appear in user queries posted to Google's Internet search engine.  Google's advertising customers pay Google based on the number of Internet users who click on these advertising links.

10.    Google's advertisers, not Google, select the keywords that will trigger their advertisements.  Thus, for example, a computer hardware retailer might select keywords such as "computer," "hard drive," "memory," and the like.  Then, whenever a user entered a search string containing any of those keywords, that retailer's paid advertisement would appear alongside the search results.

### II.    The Present Dispute

11.    On July 23, 2002, Google received a letter from Susan Greenspon, an attorney at Kelley Drye & Warren LLP ("Kelly Drye"), counsel to American Blind.  A copy of that letter is attached as Exhibit A hereto.  Ms. Greenspon claimed that several of American Blind's competitors "have purchased advertising keywords from Google that are identical or substantially similar to [American Blind's] registered trademarks."  Ms. Greenspon claimed that American Blind is the registered owner of the following trademarks listed with the United States

1  Patent and Trademark Office ("USPTO"): "AMERICAN BLIND & WALLPAPER
2  FACTORY," Reg. No. 2,022,025, "AMERICAN BLIND FACTORY," Reg. No. 1,463,548, and
3  "DECORATETODAY," Reg. No. 2,470,542. Ms. Greenspon further claimed that many of
4  American Blind's competitors "have exploited the notoriety and success of [American Blind]"
5  and "flagrantly attempted to confuse customers and capitalize illegally on [American Blind's]
6  goodwill and reputation by purchasing substantially similar keywords from search engines."
7     12.    Ms. Greenspon then presented a list of keywords whose use by Google's
8  advertisers allegedly constituted infringement of American Blind's registered marks, including
9  "american blind," "american blind and wall covering," "american blind and wallpaper,"
10 "american blind and wallpaper co," "american blind and wallpaper company," "american blind
11 and wallpaper discount," "american blind and wallpaper factory," "american blind and wallpaper
12 factory discount," "american blind and wallpaper outlet," "american blind company," "american
13 blind discount," "american blind factory," "american blind wallpaper," "american blind
14 wallpaper company," "american blind wallpaper factory," "american home decorating,"
15 "american wall covering," "american wallpaper," "american wallpaper and blind," "american
16 wallpaper company," "american wallpaper discount," "american wallpaper factory,"
17 "americanblind," "americanblindfactory.com," "americanblindandwallpaperfactory.com,"
18 "americanhomedecorating.com," "americanwallpaper," americanwallpaperfactory.com,"
19 "decorate today," "decorate today discount," "decoratetoday," "decorate today.com,"
20 "decoratetoday .com," "decoratetoday com," "decoratetodaycom," and "decoratetoday.com."
21 Ms. Greenspon requested that Google "immediately" cease allowing its customers to purchase
22 any of these terms as advertising keywords, remove all such keywords from its customers'
23 advertising campaigns, and "remove all advertisers who have purchased such marks (including
24 Wallpaper Wholesaler, Tuggles.net, ezblinds, USA Wallpaper, Window Designer, and Blinds
25 Galore)."
26    13.    Kelley Drye subsequently acknowledged that it had a conflict of interest in
27 representing American Blind, because it also represented Google in another matter. Google was
28 instructed to contact American Blind directly to resolve the matter.

14. On September 26, 2002, Rose Hagan, Google's Senior Trademark Counsel, spoke with Bill Smith, an American Blind executive, and explained that Google could block American Blinds trademarks "American Blind & Wallpaper Factory," "American Blind Factory," and "DecorateToday" from being used as keywords by other Google customers, but that Google could not block variant terms such as "American blind" or "American wallpaper," because these were descriptive terms that other advertisers had the right to use. Ms. Hagan further explained that the software that implemented Google's AdWords service used a "broad matching" algorithm to deliver advertising results in response to user queries on Google's search engine, and therefore, if advertisers had selected generic terms such as "blind" or "wallpaper," their advertisements would be triggered by a user search for "American blind" or "American wallpaper."

15. On January 10, 2003, Glenn Manishin, another attorney at Kelly Drye, sent an email to Google repeating American Blind's contention that Google was selling advertising links to American Blind's competitors that used keywords which infringed American Blind's trademarks.

16. On July 11, 2003, Joe Charno, American Blind's Vice President of Marketing, Advertising & E-Commerce, sent a letter to Google repeating American Blind's contention that Google's sale of various keywords to its business customers permitted those entities to confuse customers and "capitalize illegally" on American Blind's goodwill and reputation. A copy of this letter is attached hereto as Exhibit B. Mr. Charno again presented Google with a list of keywords whose use by Google's advertisers allegedly constituted infringement of American Blind's registered marks. This list was substantially similar to the list of terms contained in Ms. Greenspon's July 23, 2002 letter. Mr. Charno demanded that Google immediately cease permitting The Blind Factory, a competitor to American Blind, to use these keywords in keyword-triggered advertising. Mr. Charno stated that should Google not comply with its request "in the next 7 days we will have no choice but to involve our legal department."

17. On November 12, 2003, Mr. Manishin sent an email to Google restating American Blind's contention that Google was improperly allowing American Blind's

competitors to purchase terms associated with American Blind's registered marks as advertising keywords. Mr. Manishin stated that American Blind "has asked us to prepare a Vuitton-type lawsuit if the matter cannot be resolved." On August 6, 2003, Luis Vuitton SA sued Google and its French subsidiary for trademark infringement arising out of Google's posting of links to companies and other organizations that have paid to associate themselves with certain keywords. Mr. Manishim also stated that "we value Google as a client and very much hope we can continue to represent you on other matters in the future."

18. While Google has agreed to prevent other entities from using American Blind's registered marks themselves as keywords, Google believes and maintains that descriptive terms (including terms such as "blind," "wallpaper," and "factory," which are component parts of American Blind's trademark) are not entitled to any such treatment, and that Google's sale of keyword-triggered advertising does not violate the Lanham Act.

## CLAIMS FOR RELIEF

### CLAIM ONE
**(Declaratory Judgment of Non-infringement of Trademarks, 15 U.S.C. § 1051 et seq.)**

19. Google incorporates by reference the allegations contained in paragraphs 1 through 18, inclusive.

20. American Blind has claimed that Google's sale of keyword-triggered advertising to various of its customers constitutes trademark infringement, and has threatened to bring a lawsuit against Google on this basis.

21. An actual, present and justiciable controversy has arisen between Google and American Blind concerning Google's right to sell keyword-triggered advertising to its customers.

22. Google seeks declaratory judgment from this Court that its current policy regarding the sale of keyword-triggered advertising does not constitute trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests that the Court:

23. Enter judgment according to the declaratory relief sought;

24. Award Google its costs in this action;

25. Enter such other further relief to which Google may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, Google hereby demands a jury trial on all issues so triable.

Dated: November 26, 2003                              KEKER & VAN NEST, LLP

By: _____
MICHAEL H. PAGE
Attorneys for Plaintiff
GOOGLE INC.