IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DECORATETODAY.COM, INC. (d/b/a and
f/k/a AMERICAN BLIND AND WALLPAPER
FACTORY, INC.), a Delaware corporation,

                Plaintiff,

v.                                       Case No. 01-CV-70804-DT

AMERICAN BLIND & ACCESSORY          Hon. Gerald E. Rosen
CO., INC., a Nevada corporation, and
DIRECTORY ONE, INC.,
a Texas corporation,

                Defendants.

_____

## PERMANENT INJUNCTION ORDER

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Temporary Restraining Order entered by this Court on March 2, 2001, in connection with the Motion for Temporary Restraining Order or Permanent Injunction filed by Plaintiff decoratetoday.com, Inc. (d/b/a/ and f/k/a American Blind and Wallpaper Factory, Inc.) ("American Blind"); the parties having received notice of this hearing to show cause why a permanent injunction should not issue; and Court having reviewed the papers submitted in connection therewith, and being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED:

1) That Defendants, and their officers, directors, shareholders, partners, agents, subcontractors, servants, employees, subsidiaries and related companies or entities, and all others acting in concert or participating with them (hereinafter the "Enjoined Parties"), are permanently enjoined from:

**EXHIBIT 1**

a) directly or indirectly selling, offering for sale, promoting, distributing, or advertising window blinds and other window treatments, wall coverings or other home decorating goods or services (hereinafter the "Goods") by or through the use of the Internet domain name "www.americanblindcompany.com" (hereinafter the "Domain Name") or any other Internet domain name that uses or incorporates the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with respect to American Blind's trademarks or service marks;

b) using the Domain Name or any other Internet domain name that uses or incorporates the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with respect to American Blind's trademarks or service marks;

c) using American Blind's trademarks, services marks or the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with respect to American Blind's trademarks or service marks, in connection with any advertising, promotion or solicitation;

d) using American Blind's trademarks, services marks or the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with respect to American Blind's trademarks or service marks, in connection with any Internet website (or metatags or source codes therein contained) that is owned, operated, hosted, designed, or controlled by the Enjoined Parties;

e) directly or indirectly selling, offering for sale, promoting, distributing, or advertising the Goods using the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with respect to American Blind's trademarks or service marks;

f) using, linking to or accessing American Blind's web or data servers, accessing, copying or displaying American Blind's images and other proprietary data, and, directly or indirectly, appropriating or permitting its web site users to appropriate American Blind's bandwidth; and

g) engaging in any other act constituting unfair competition or deceptive practices with American Blind or constituting an infringement or dilution of, or that otherwise unfairly competes with, American Blind's rights in and to the American Blind trademarks or service marks.

2) That the Enjoined Parties shall immediately and permanently cease and desist from directly or indirectly selling, offering for sale, promoting, distributing, or advertising the Goods using the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with or with respect to American Blind's trademarks or service marks, in connection with the Enjoined Parties' website(s), sales, advertising, promotions, or solicitations.

3) That the Enjoined Parties shall immediately and permanently cease and desist from directly or indirectly stating, suggesting or implying, or from acting or failing to act in any manner that suggests or implies, any association, affiliation or relationship with, or sponsorship by, American Blind.

4) That the Enjoined Parties shall immediately and permanently cease using the name "American Blind," or the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with or with respect to American Blind's trademarks or service marks, when responding by telephone, via Internet or in person to customer inquiries.

5) That the Enjoined Parties shall immediately transfer and assign to American Blind all rights, ownership or other interest to the Domain Name and any other Internet domain name that uses or incorporates the word "American" in any variation or combination with the word "Blind," either singular or plural, or in any manner that otherwise is likely to cause confusion, mistake, or deception with or with respect to American Blind's trademarks or service marks.

6) That Defendant, American Blind & Accessory Company, Inc., is ordered, pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1920, to pay all of the costs incurred by Plaintiff in connection with this matter.

7) That Defendant, American Blind & Accessory Company, Inc., is further ordered, pursuant to 28 U.S.C. §§ 1117, to reimburse Plaintiff for all of its reasonable attorneys' fees incurred in connection with this action; Plaintiff shall present this Court with an affidavit setting forth the amount and nature of the fees sought to be reimbursed on or before April 16, 2001, and Defendant, American Blind & Accessory Company, Inc., shall have five days thereafter to show cause why such fees should not be awarded in their entirety.

8) That this Court shall retain jurisdiction over this matter and the parties to the extent necessary to enforce the terms of this Order.

**SO ORDERD.**

16 MAR 2001

_____
Gerald E. Rosen
United States District Judge

**A TRUE COPY**
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
BY _Sara Krull_____
DEPUTY CLERK

4