1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   RAVIND S. GREWAL - #220543
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Plaintiff
6  GOOGLE INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JT (EAI)
12 |                           Plaintiff, | **DECLARATION OF ROSE A. HAGAN IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY**
13 |        v.                            |
14 | AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive, | Date:     April 5, 2004
15 |                                      | Time:     9:00 a.m.
   |                                      | Courtroom: 3, 5th Floor
16 |                                      | Judge:    Hon. Jeremy Fogel
17 |                           Defendants. |

I, ROSE A. HAGAN, declare as follows:

1. I am a Senior Trademark Counsel at Google Inc. ("Google"), the plaintiff in this lawsuit. The information below is stated on my own personal knowledge. I am a competent witness to the facts set forth below, and if called as a witness and placed under oath, I would testify to the truth of those facts.

2. In a letter dated July 23, 2002, Susan Greenspon, an attorney at Kelley Drye & Warren LLP ("Kelley Drye") and counsel for American Blind and Wallpaper Factory, Inc. ("American Blind"), sent a letter to Google setting forth American Blind's purported trademark infringement claims against Google, advising Google of American Blind's prior successful suits enforcing its trademarks, and demanding that Google "immediately" modify its AdWords program. A true and correct copy of that letter is attached hereto as Exhibit A.

3. Kulpreet Rana, Google's Director of Intellectual Property, called and left a voicemail message for Ms. Greenspon on July 24, 2002.

4. In September 2002, Mr. Rana and I left a series of voicemails for Joe Charno, American Blind's Vice President of Marketing, Advertising & E-Commerce, and Bill Smith, American Blind's E-commerce Advisor, to discuss American's Blinds concerns. On September 26, 2002, I finally reached Mr. Smith. I told Mr. Smith that while Google could prevent other parties from using American Blind's specific marks as keywords in Google's AdWords program, it would not block the use of purely descriptive terms by other parties. I explained that while Google could, therefore, block advertisers from using "American Blind & Wallpaper Factory" and other marks owned by American Blind as keywords, it would not prevent others from using descriptive terms like "American wallpaper." I also explained to Mr. Smith that Google could not alter AdWords results that arise from Google's "broad matching" algorithm. Thus, I explained, advertisements using the keywords "blind" or "wallpaper" may appear when someone runs a search for "American Blind and Wallpaper Factory." I sent a follow-up email to Mr. Smith to confirm our conversation. A true and correct copy of that email is attached hereto as Exhibit B.

5. Google did not receive a further response from American Blind until December

1   2002.  Then, on December 3, 2002, Bill Smith contacted Britton Mauchline, a Client Services

2   Representative at Google, and asked that Google comply with the letter American Blind sent to

3   Google in July 2002.

4         6.     On January 10, 2003, Glenn Manishin, another attorney at Kelley Drye, emailed

5   Mr. Rana and another Google employee to again ask that Google comply with American Blind's

6   July 2002 cease-and-desist letter.  A true and correct copy of that email is attached hereto as

7   Exhibit C.  I called Mr. Manishin and again explained – consistent with my earlier representation

8   to Mr. Smith – that Google would not make the demanded changes.

9         7.     On July 14, 2003, Mr. Charno sent me a letter demanding that Google make

10  changes to its AdWords program "immediately," and stating that "in the event our request is not

11  complied with in the next 7 days we will have no choice but to involve our legal department."  A

12  true and correct copy of that letter is attached hereto as Exhibit D.

13        8.     In August 2003, Google's AdWords team responded by email to Mr. Charno,

14  repeating the explanation that Google's other advertisers were not using American Blind's

15  trademarks, and that Google would not modify its AdWords program to accommodate American

16  Blind's further requests.  A true and correct copy of that email is attached hereto as Exhibit E.

17        9.     Then, on November 12, 2003, Mr. Manishin emailed Mr. Rana and another

18  Google employee, stating that "our client is quite upset about the matter, which has been at issue

19  for more than a year without progress, and has asked us to prepare a Vuitton-type lawsuit if the

20  matter cannot be resolved."  A true and correct copy of Mr. Manishin's email is attached hereto

21  as Exhibit F.

22        10.    On November 18, 2003, I spoke with Ms. Greenspon by telephone in regard to

23  Mr. Manishin's November 12, 2003 email.  I informed Ms. Greenspon that, consistent with its

24  earlier representations, Google would not modify its AdWords program.  On November 21,

25  2003, Mr. Rana spoke with Mr. Manishin, again stating that Google would not comply with

26  American Blind's demands.

27        11.    Google's headquarters and primary place of business are in Mountain View,

28  California, which is within this district.  Google has more than 1000 employees, the vast majority

of whom work at its Mountain View offices.

12. The development and administration of Google's AdWords program primarily takes place in its Mountain View offices. American Blind sent all of its demand letters to Google employees in Mountain View. All of Google's United States-based employees who process trademark complaints work in this district.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 15th day of March, 2004, at Mountain View, California.

      /s/ Rose A. Hagan
ROSE A. HAGAN