1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Plaintiff Google Inc. ("Google") and Defendant American Blind & Wallpaper Factory,

2  Inc. ("American Blind") submit the following joint case management conference statement.

### I.    DESCRIPTION OF THE CASE

**A.    Background**

Google filed this action against American Blind on November 26, 2003, seeking a declaratory judgment that its current policy regarding the sale of keyword-triggered advertising does not constitute trademark infringement.  American Blind contends that many of American Blind's competitors – with the assistance and encouragement of search engines such as Google – have attempted to confuse American Blind's customers and capitalize illegally on American Blind's goodwill and reputation by purchasing advertising keywords identical or substantially similar to American Blind's federally registered and common law trademarks from the search engines, including Google.  Google disagrees that American Blind's customers are likely to be confused as a result of the purchase of such keywords, or that Google assists in or encourages illegal conduct on the part of American Blind's competitors.

On January 27, 2004, American Blind filed suit in the Southern District of New York against Google, American Online, Inc., Netscape Communications Corp., Compuserve Interactive Services, Inc., Askjeeves, Inc., and Earthlink, Inc. for trademark infringement and dilution, unfair competition, and tortious interference with prospective economic advantage.

On January 28, 2004, American Blind moved to dismiss this action or, alternatively, to stay proceedings based on equitable exceptions to the "first-to-file" rule.  The Court denied that motion on April 8, 2004.

On April 8, 2004, Google filed a motion to dismiss, or alternatively, to transfer American Blind's New York action on the ground that Google's California action had precedence under the "first-to-file" rule.  That motion remains pending before the New York court.

American Blind has yet to file an answer to Google's complaint in this case.  Neither party has yet propounded any written discovery.

330365.01

CH01/BEERD/172514.1
DM_US\8017936.v1

**B.    Principal Factual and Legal Issues**

Google contends the principal factual and legal issues are:

(1)  Whether Google's sale of keyword-triggered advertising to various of its customers constitutes trademark infringement; and

(2)   Whether the purchase by various of Google's customers of keywords that are allegedly similar to American Blind's marks, and the appearance of the websites of those customers as "Sponsored Links" beside the search results that Google displays in response to search queries using those keywords, is likely to cause confusion as to whether American Blind's goods and services are associated with the goods and services of the keyword purchasers.

American Blind contends that, in addition to the above, the principal factual and legal issues include:

(1)  Whether Google is selling terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of its keyword-triggered advertising program;

(2)  Whether Google's sale of terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of its keyword-triggered advertising program constitutes trademark infringement;

(3)  Whether Google's sale of terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of its keyword-triggered advertising program dilutes American Blind's trademarks;

(4)  Whether Google's sale of terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of its keyword-triggered advertising program tarnishes American Blind's trademarks;

(5)  Whether customers of American Blind are actually confused by Google's sale of terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of its keyword-triggered advertising program;

(6)   Whether the purchase by various of Google's customers of keywords that are

2

330365.01

CH01/BEERD/172514.1
DM_US\8017936.v1

identical or substantially similar to American Blind's federally registered and common law

trademarks, and the appearance of the websites of those customers as "Sponsored Links" beside

the search results that Google displays in response to search queries using those keywords, is

likely to cause confusion as to whether American Blind's goods and services are associated with

the goods and services of the keyword purchasers;

(7) Whether American Blind has suffered any actual damages as a result of Google's

sale of terms identical or substantially similar to American Blind's federally registered and

common law trademarks as part of its keyword-triggered advertising program;

(8) Whether Google's alleged infringement of American Blind's federally registered and

common law trademarks is willful and deliberate;

(9) Whether Google's sale of terms identical or substantially similar to American Blind's

federally registered and common law trademarks as part of its keyword-triggered advertising

program has resulted in unfair competition;

(10) Whether Google's sale of terms identical or substantially similar to American

Blind's federally registered and common law trademarks as part of its keyword-triggered

advertising program has resulted in tortious interference with prospective economic advantage;

(11) Whether Google shares revenue from its sale of terms identical or substantially

similar to American Blind's federally registered and common law trademarks as part of its

keyword-triggered advertising program with the anticipated additional defendants or others;

(12) Whether Google has agreed not to permit the sale of terms identical or substantially

similar to other trademark holders' trademarks as part of its keyword-triggered advertising

program;

(13) Whether other customers of Google have complained about Google's sale of terms

identical or substantially similar to their trademarks as part of Google's keyword-triggered

advertising program.

**C.     Service of Process**

There are no unserved parties.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C 03-5340-JF (EAI)

330365.01

CH01/BEERD/172514.1
DM_US\8017936.v1

1

**D.      Additional Parties**

2      Google does not currently intend to join any additional parties.  American Blind intends

3   to add American Online, Inc., Netscape Communications Corp., Compuserve Interactive

4   Services, Inc., Askjeeves, Inc., and Earthlink, Inc. as additional defendants in this action.

5                    **II.      ALTERNATIVE DISPUTE RESOLUTION**

6      The parties generally agree that private mediation may be beneficial in this case, and will

7   meet and confer over the appropriate time frame to engage in such mediation.

8             **III.      INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)**

9      The parties will serve their initial disclosures upon one another on May 27, 2004.

10                    **IV.      CASE MANAGEMENT PLAN**

11   **A.      Discovery and Trial Schedule**

12      Google proposes the following case management schedule:

13   | Cutoff of Fact Discovery | August 30, 2004 |
| --- | --- |

14      Expert Reports Due                                    September 27, 2004

15      Responsive Expert Reports Due                  October 11, 2004

16      Cutoff of Expert Discovery                        October 25, 2004

17      Cutoff for filing Dispositive Motions          November 8, 2004

18      Pretrial Conference Statement                    January 14, 2005

19      Pretrial Conference                                    January 24, 2005

20      Trial Date                                                  February 2005

21

22      American Blind proposes the following case management schedule:

23      Cutoff of Fact Discovery                            April 29, 2005

24      All Parties' Expert Reports Due                  May 30, 2005

25      Rebuttal Expert Reports Due                      July 15, 2005

26      Cutoff of Expert Discovery                        August 31, 2005

27      Cutoff for filing Dispositive Motions          September 30, 2005

28

4

330365.01

CH01/BEERD/172514.1
DM_US\8017936.v1

| | |
|---|---|
| 1 | Pretrial Conference Statement | December 2, 2005 |
| 2 | Pretrial Conference | December 12, 2005 |
| 3 | Trial Date | January, 2006 |

**B.      Protective Order**

The parties will meet and confer on an appropriate protective order and submit a

proposed order to the Court by May 27, 2004.

**C.      Trial Duration**

The parties estimate a trial of approximately one week.

Dated:  April 16, 2004                                    KEKER & VAN NEST, LLP


By:      _____ /s/ Michael H. Page _____
MICHAEL H. PAGE
Attorneys for Plaintiff
GOOGLE INC.


Dated:  April 16, 2004                                    HOWREY SIMON ARNOLD & WHITE, LLP


By:      _____ /s/ Robert N. Phillips _____
ROBERT N. PHILLIPS

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL  60606

Attorneys for Defendant
AMERICAN BLIND AND WALLPAPER FACTORY, INC.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C 03-5340-JF (EAI)

330365.01

CH01/BEERD/172514.1
DM_US\8017936.v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTESTATION OF CONCURRENCE OF FILING

I hereby attest that Michael H. Page has concurred in the filing of this document.


/s/ Robert N. Phillips
Robert N. Phillips

6

JOINT CASE MANAGEMENT STATEMENT
CASE NO. C 03-5340-JF (EAI)

330365.01    CH01/BEERD/172514.1
DM_US\8017936.v1