STEPHEN E. TAYLOR (SBN 58452)
JAN J. KLOHONATZ (SBN 111718)
TAYLOR & COMPANY LAW OFFICES, INC.
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208

Attorneys for Third-Party Defendants
AMERICA ONLINE, INC.,
NETSCAPE COMMUNICATIONS
CORPORATION and COMPUSERVE
INTERACTIVE SERVICES, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware Corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: C 03-5340-JF (EAI)<br><br>**THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT**<br><br>**DEMAND FOR JURY** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>Counter-Claimant,<br><br>v.<br><br>GOOGLE, INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC., and EARTHLINK, INC.,<br><br>Counter-Defendants. | |

TAYLOR & CO.
LAW OFFICES, INC.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

Third-party defendants America Online, Inc., Netscape Communications Corporation, and CompuServe Interactive Services, Inc. (collectively "the Responding Third Parties") respond to the allegations of the third-party complaint ("Third-Party Complaint") of defendant and third-party plaintiff American Blind & Wallpaper Factory, Inc. (hereafter "American Blind") that pertain to them as follows:

## NATURE OF CASE

1.  The Responding Third Parties[1] admit that they operate websites that include search engines that, <u>inter alia</u>, allow consumers to search for goods and services. The Responding Third Parties deny the remaining allegations of Paragraph 1.

## PARTIES

2.  The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

3.  The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

4.  Admitted.

5.  The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

6.  Admitted.

7.  The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

---

[1] American Blind's third-party claims are uncertain in that they appear to interchange "Plaintiff" and "Defendant," frequently referring to defendant and third-party plaintiff American Blind as "Plaintiff" and plaintiff Google and the third-party defendants collectively as "Defendants." Where it is decipherable from context, the Responding Third Parties respond to the allegations as apparently intended rather than as written.

1.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

TAYLOR & CO.
LAW OFFICES, INC.

8.	Admitted.

## JURISDICTION AND VENUE

9-10.	Admitted.

11-15.	The Responding Third Parties do not contest either jurisdiction or venue in this District.

## PLAINTIFF'S [SIC] TRADEMARKS

16-23.	Assuming that the references therein to "Plaintiffs" are intended to refer to defendant American Blind, the Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

## FACTUAL BACKGROUND

**A.	The Internet And The World-Wide Web**

24.	The Responding Third Parties deny that "the World Wide Web is a portion of the Internet especially suited to displaying images and sound, in addition to text." The Responding Third Parties deny that "American Blind" is an example of a domain name. The Responding Third Parties admit the remaining allegations of this paragraph.

25-26.	The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

**B.	The Business of Plaintiff [sic] American Blind**

27-34.	The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

**C.	The Business of Defendant [sic] Google**

35-41.	The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

TAYLOR & CO.
LAW OFFICES, INC.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

**D.  Defendant [sic] Google's Acts**

42-66.  The Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

**E.  The Business of the Other Defendants [sic]**

67.  The Responding Third Parties admit that they each operate websites that include search engines. Except as so admitted, the Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

68.  The Responding Third Parties admit that they have contractual relationships with Google wherein they display "sponsored" search results provided by Google, and that they typically receive revenue each time users "click" on those "sponsored" search results. Except as so admitted, the Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

69.  The Responding Third Parties admit that Google has agreed to indemnify them and to provide them with a defense. Except as so admitted, the Responding Third Parties lack sufficient knowledge or information to form a belief as to the truth of the allegations of these paragraphs, and on that basis deny each and every allegation contained therein.

**F.  Harm to Plaintiff [sic]**

70-79.  Assuming that references herein to "Defendants" are to plaintiff Google and the third-party defendants, the Responding Third Parties admit that users searching for terms including the component parts of American Blind's claimed marks are presented with advertisements placed by third parties, including entities which appear to compete with American Blind. The Responding Third Parties further admit that they have not entered into any licensing agreements with American Blind, and that Exhibits C through F to American Blind's Third-Party Complaint appear to be search results and advertisements generated by Google (Exhibits C through E) or Google and Netscape (Exhibit F),

3.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

TAYLOR & CO.
LAW OFFICES, INC.

although not presented as they would appear to a user. The Responding Third Parties deny the remaining allegations of these paragraphs.

80-88.  The Responding Third Parties deny the allegations of these paragraphs.

## FIRST CAUSE OF ACTION

### Lanham Act -- Trademark Infringement

89.  The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 69 above.

90-93.  Denied.

## SECOND CAUSE OF ACTION

### Lanham Act -- False Representation

94.  The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 74 above.

95-98.  Denied.

## THIRD CAUSE OF ACTION

### Lanham Act -- Dilution

99.  The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 79 above.

100-103.  Denied.

## FOURTH CAUSE OF ACTION

### Injury to Business Reputation and Dilution -- Cal. Bus. & Prof. Code §14330

104.  The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 84 above.

105-108.  Denied.

## FIFTH CAUSE OF ACTION

### Unfair Competition -- Cal. Bus. & Prof. Code §17200

109.  The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 89 above.

4.

TAYLOR & CO.
LAW OFFICES, INC.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

110-114.   Denied.

## SIXTH CAUSE OF ACTION

### Common Law -- Trademark Infringement and Unfair Competition

115.   The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 95 above.

116-118.   Denied.

## SEVENTH CAUSE OF ACTION

### Tortious Interference With Prospective Economic Advantage

119.   The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 99 above.

120-125.   This cause of action has been dismissed by the Court, and thus no responsive pleading is required. To the extent a response is required, the Responding Third Parties deny the allegations of these paragraphs.

## EIGHTH CAUSE OF ACTION

### Contributory Trademark Infringement -- Lanham Act

### (In the Alternative)

126.   The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 123 above.

127-131.   Denied.

## NINTH CAUSE OF ACTION

### Contributory Dilution -- Lanham Act

### (In the Alternative)

132.   The Responding Third Parties incorporate by reference their responses set forth in paragraphs 1 through 128 above.

133-137.   Denied.

Taylor & Co. Law Offices, Inc.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

# AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: ESTOPPEL

American Blind is estopped, in whole or in part, from asserting the claims alleged, and obtaining the relief requested in the Third-Party Complaint against the Responding Third Parties by reason of American Blind's conduct, actions and communications to others.

### SECOND AFFIRMATIVE DEFENSE: WAIVER

American Blind has waived, in whole or in part, any rights it may have to institute an action for the alleged wrongdoings of which it complains by reason of American Blind's conduct, actions and communications to others.

### THIRD AFFIRMATIVE DEFENSE: NO DAMAGES

The Responding Third Parties aver that American Blind has not been damaged in any amount, manner or at all by reason of any act alleged against the Responding Third Parties in the Third-Party Complaint, and, therefore, the relief prayed for in the Third-Party Complaint cannot be granted.

### FOURTH AFFIRMATIVE DEFENSE: FAILURE TO MITIGATE

American Blind has failed to take reasonable action to mitigate its alleged damages, if any there were.

### FIFTH AFFIRMATIVE DEFENSE: SPECULATIVE DAMAGES

American Blind's claim for damages must fail because its purported damages are speculative.

### SIXTH AFFIRMATIVE DEFENSE: PREEMPTION

American Blind's state law claims are barred, in whole or in part, on the ground that they conflict with, and are preempted by, federal law.

### SEVENTH AFFIRMATIVE DEFENSE: LIMITED REMEDIES

Assuming without admitting that any infringement occurred, the Lanham Act, 15 U.S.C. § 1114(2), limits American Blind's remedies as to the Responding Third Parties.

### EIGHTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

American Blind's claims are barred by the doctrine of unclean hands.

6.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

TAYLOR & CO.
LAW OFFICES, INC.

## PRAYER FOR RELIEF

WHEREFORE, the Responding Third Parties pray for relief as follows:

1. That judgment be entered in the Responding Third Parties' favor and against American Blind on all counts of the Third-Party Complaint;

2. That American Blind take nothing on its Third-Party Complaint;

3. That American Blind be required to pay all of the Responding Third Parties' attorneys' fees, expenses, and costs pursuant to 15 U.S.C. §1117; and

4. For such other and further relief as the Court may deem proper.

Dated: April 13, 2005                TAYLOR & COMPANY LAW OFFICES, INC.

By: _____
Jan J. Klohonatz
Attorneys for Third-Party Defendants
AMERICA ONLINE, INC.,
NETSCAPE COMMUNICATIONS
CORPORATION and COMPUSERVE
INTERACTIVE SERVICES, INC.

7.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

## JURY DEMAND

The Responding Third Parties demand a jury on all issues so triable.

Dated: April 13, 2005

TAYLOR & COMPANY LAW OFFICES, INC.

By: _____
Jan J. Klohonatz
Attorneys for Third-Party Defendants
AMERICA ONLINE, INC.,
NETSCAPE COMMUNICATIONS
CORPORATION and COMPUSERVE
INTERACTIVE SERVICES, INC.

8.

THIRD-PARTY DEFENDANTS AMERICA ONLINE, INC.'S, NETSCAPE COMMUNICATIONS CORPORATION'S AND COMPUSERVE INTERACTIVE SERVICES, INC.'S ANSWER TO THIRD-PARTY COMPLAINT: CASE NO. C 03-5340-JF (EAI)

TAYLOR & CO.
LAW OFFICES, INC.