1
2
3
4
5
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>    Defendants. | Case No. C 03-5340-JF (EAI)<br><br>**JOINT FED. R. CIV. P. 26(f) REPORT, CASE MANAGEMENT STATEMENT AND PROPOSED CASE MANAGEMENT ORDER**<br><br>Date:    May 13, 2005<br>Time:    10:30 a.m.<br>Courtroom: 3, 5th Flr.<br>Judge:    Hon. Jeremy Fogel |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>GOOGLE, INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC., and EARTHLINK, INC.<br><br>    Counter-Defendants/<br>    Third-Party Defendants | |

    Plaintiff/Counter-Defendant Google Inc. ("Google"), Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("American Blind"), and Third-Party Defendants American Online, Inc. ("America Online"), Netscape Communications Corp. ("Netscape"), Compuserve Interactive Services, Inc. ("Compuserve"), Ask Jeeves, Inc. ("Ask Jeeves"), and Earthlink, Inc. ("Earthlink") submit the following joint case management conference statement.

**I.    DESCRIPTION OF THE CASE**

    **A.    Background**

    Google filed this action against American Blind on November 26, 2003, seeking a declaratory judgment that its current policy regarding the sale of keyword-triggered advertising does not constitute

trademark infringement. American Blind contends that many of American Blind's competitors – with the assistance and encouragement of search engines such as Google – have attempted to confuse American Blind's customers and capitalize illegally on American Blind's goodwill and reputation by purchasing advertising keywords identical or substantially similar to American Blind's federally registered and common law trademarks from the search engines, including Google. Google disagrees that American Blind's customers are likely to be confused as a result of the purchase of such keywords, or that Google assists in or encourages illegal conduct on the part of American Blind's competitors.

American Blind filed counterclaims and third-party claims against Google, American Online, Inc., Netscape Communications Corp., Compuserve Interactive Services, Inc., Askjeeves, Inc., and Earthlink, Inc. for trademark infringement and dilution, unfair competition, and tortious interference with prospective economic advantage.

On June 23, 2004, Google and the Third-Party Defendants filed a motion to dismiss the counterclaims and third-party claims filed by American Blind. On March 30, 2005, this Court denied the motion to dismiss with regard to all counts for trademark infringement and dilution and for unfair competition. The Court granted the motion to dismiss with regard to American Blind's claim for tortious interference with prospective business advantage.

Per the Court's June 21, 2004 Order, discovery was stayed in this case until three weeks after the Court ruled on the motions to dismiss, which was April 20, 2005. Google and American Blind have propounded written discovery requests on each other.

### B.   Principal Factual and Legal Issues

Google contends the principal factual and legal issues are:

(1) Whether Google's sale of keyword-triggered advertising to various of its customers constitutes trademark infringement; and

(2) Whether the purchase by various of Google's customers of keywords that are allegedly similar to American Blind's marks, and the appearance of the websites of those customers as "Sponsored Links" beside the search results that Google displays in response to search queries using those keywords, is likely to cause confusion as to whether American Blind's goods and services are

1  associated with the goods and services of the keyword purchasers.

2  American Blind contends that, in addition to the above, the principal factual and legal issues
3  include:

4  (1) Whether Google is marketing and/or selling terms identical or substantially similar to
5  American Blind's federally registered and common law trademarks as part of Google's keyword-
6  triggered advertising program;

7  (2) Whether Google's sale of terms identical or substantially similar to American Blind's
8  federally registered and common law trademarks as part of Google's keyword-triggered advertising
9  program constitutes trademark infringement;

10  (3) Whether Google's sale of terms identical or substantially similar to American Blind's
11  federally registered and common law trademarks as part of Google's keyword-triggered advertising
12  program constitutes indirect or contributory trademark infringement;

13  (4) Whether Google's sale of terms identical or substantially similar to American Blind's
14  federally registered and common law trademarks as part of Google's keyword-triggered advertising
15  program dilutes American Blind's trademarks;

16  (5) Whether Google's sale of terms identical or substantially similar to American Blind's
17  federally registered and common law trademarks as part of Google's keyword-triggered advertising
18  program tarnishes American Blind's trademarks;

19  (6) Whether customers of American Blind are actually confused by Google's sale of terms
20  identical or substantially similar to American Blind's federally registered and common law trademarks
21  as part of Google's keyword-triggered advertising program;

22  (7) Whether the purchase by various of Google's customers of keywords that are identical or
23  substantially similar to American Blind's federally registered and common law trademarks, and the
24  appearance of the websites of those customers as "Sponsored Links" beside the search results that
25  Google displays in response to search queries using those keywords, is likely to cause confusion as to
26  whether American Blind's goods and services are associated with the goods and services of the
27  keyword purchasers;

28  (8) Whether American Blind has suffered any actual damages as a result of Google's sale of

terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of its keyword-triggered advertising program;

(9) Whether Google's alleged infringement of American Blind's federally registered and common law trademarks is willful and deliberate;

(10) Whether Google's sale of terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of it keyword-triggered advertising program has resulted in unfair competition;

(11) Whether Google shares revenue from its sale of terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of Google's keyword-triggered advertising program with the Third-Party Defendants or others;

(12) To what extent does Google derive profits from the sale of terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of Google's keyword-triggered advertising program to purchasers other than American Blind;

(13) To what extent does Google derive profits from the sale of terms identical or substantially similar to registered and common law trademarks as part of Google's keyword-triggered advertising program to purchasers other than the mark holders;

(14) To what extent do competitors of American Blind benefit unfairly, by exposure, sales or "click-throughs", by purchasing terms identical or substantially similar to American Blind's federally registered and common law trademarks as part of Google's keyword-triggered advertising program;

(15) Whether Google has agreed not to permit the sale of terms identical or substantially similar to other trademark holders' trademarks as part of its keyword-triggered advertising program;

(16) Whether other customers of Google have complained about Google's sale of terms identical or substantially similar to their trademarks as part of Google's keyword-triggered advertising program.

**C.    Service of Process**

There are no unserved parties.

**D.    Additional Parties**

Neither Google, American Blind, nor the Third-Party Defendants currently intend to join any

additional parties.

## II. ALTERNATIVE DISPUTE RESOLUTION

The parties generally agree that private mediation may be beneficial in this case, and will meet and confer over the appropriate time frame to engage in such mediation.

## III. INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(A)

Pursuant to this Court's April 22, 2005 Order, the parties will serve their Rule 26 initial disclosures upon one another on April 27, 2005.

## IV. CASE MANAGEMENT PLAN

### A. Discovery and Trial Schedule

The parties jointly propose the following case management schedule:

| | |
|---|---|
| Cutoff of Fact Discovery | February 27, 2006 |
| All Parties' Expert Reports Due | March 31, 2006 |
| Rebuttal Expert Reports Due | May 15, 2006 |
| Cutoff of Expert Discovery | June 30, 2006 |
| Cutoff for filing Dispositive Motions | July 31, 2006 |
| Pretrial Conference Statement | October 2, 2006 |
| Pretrial Conference | October 12, 2006 |
| Trial Date | November 2006 |

### B. Protective Order

The parties will meet and confer on an appropriate protective order and submit a proposed order to the Court by May 30, 2005.

### C. Trial Duration

The parties estimate a trial of approximately two weeks.

///
///
///
///
///

| | | |
|---|---|---|
| 1 | Dated: April 26, 2005 | KEKER & VAN NEST, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: _____/s/ Michael H. Page_____<br>MICHAEL H. PAGE |
| 5 | | Attorneys for Plaintiff/Counter-Defendant<br>GOOGLE INC. |
| 6 | | |
| 7 | Dated: April 26, 2005 | HOWREY LLP |
| 8 | | |
| 9 | | |
| 10 | | By: _____/s/ Robert N. Phillips_____<br>ROBERT N. PHILLIPS |
| 11 | | |
| 12 | | David A. Rammelt<br>Susan J. Greenspon<br>Dawn M. Beery<br>KELLEY DRYE & WARREN LLP<br>333 West Wacker Drive, Suite 2600<br>Chicago, IL  60606 |
| 13 | | |
| 14 | | |
| 15 | | Attorneys for Defendant/Counter-Plaintiff<br>AMERICAN BLIND AND WALLPAPER<br>FACTORY, INC. |
| 16 | | |
| 17 | | |
| 18 | Dated: April 26, 2005 | TAYLOR & COMPANY LAW OFFICES, INC. |
| 19 | | |
| 20 | | |
| 21 | | By: _____/s/ Stephen E. Taylor_____<br>STEPHEN E. TAYLOR |
| 22 | | |
| 23 | | Attorneys for Third-Party Defendants<br>AMERICA ONLINE, INC., NETSCAPE<br>COMMUNICATIONS CORPORATION,<br>and COMPUSERVE INTERACTIVE<br>SERVICES, INC. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

IT IS SO ORDERED.

———————————————————
Hon. Jeremy Fogel, United States District Court Judge

## ATTESTATION AS TO CONCURRENCE

I, Robert N. Phillips, under penalty of perjury of the laws of the United States of America, attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

/s/ Robert N. Phillips
Robert N. Phillips