Case 5:03-cv-05340-JF  Document 60  Filed 09/19/2005  Page 1 of 14

*E-FILED 9/19/05*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>        Defendants. | Case No. C 03-5340-JF (EAI)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>        Counter Plaintiff,<br><br>    v.<br><br>GOOGLE INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC. and EARTHLINK, INC.,<br><br>        Counter Defendant/<br>        Third-Party Defendants. | |

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 03-5340-JF (EAI)

355271.01

**EXHIBIT A**

1    The parties, by counsel, hereby stipulate to the entry of the following Protective Order
2    pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 501:
3    **1.    Designated Material**
4    "Designated Material" means any document or other information, including magnetic
5    media, electronic media and any material derived from such media, provided during discovery in
6    this action which is believed in good faith to contain or reflect confidential, proprietary or other
7    sensitive matter by the person or entity producing or filing it (the "Designating Party"). Such
8    material may be designated as either "CONFIDENTIAL" or, in limited circumstances, as
9    "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the Designating Party in accordance
10   with the procedures set forth below. Such designations are intended to avoid invasions of
11   individual privacy and to protect proprietary information, confidential business or financial
12   information, and/or trade secrets relating to the Designating Party's business, personal, or
13   financial affairs.
14       **a.    Materials That May Be Marked "CONFIDENTIAL"**
15   The following information may be designated as "CONFIDENTIAL": information,
16   documents, testimony or materials that the Designating Party properly regards as proprietary,
17   confidential, as implicating privacy concerns, or as business information not disclosed in the
18   ordinary course of business.
19       **b.    Materials That May Be Marked "CONFIDENTIAL — ATTORNEYS'
             EYES ONLY"**
20   The following information may be designated as "CONFIDENTIAL — ATTORNEYS'
21   EYES ONLY": information, documents, testimony or materials that the Designating Party
22   properly regards as relating to (i) current or future revenues, costs, profits, or other highly-
23   sensitive, non-public financial matters; (ii) bids, proposals, offers or other documents relating to
24   attempts to acquire a competing business; (iii) future strategic business, sales or marketing plans
25   or activities; or (iv) non-public patent applications or other highly-sensitive trade secrets, the
26   disclosure of which would irreparably harm the Designating Party.
27
28

2. **Access**

Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

a. **Disclosure Of CONFIDENTIAL Designated Material**

Material designated "CONFIDENTIAL" may be disclosed, as necessary for the prosecution or defense of this action, to (i) a reasonable number of current officers, directors or employees of a party who have a legitimate purpose for reviewing such material in connection with this litigation, (ii) former officers, directors or employees of a party who have a legitimate purpose for reviewing such material in connection with this litigation, (iii) the parties' attorneys and their attorneys' support staff, (iv) witnesses or potential witnesses who have a legitimate purpose for reviewing such material in connection with this litigation, and (v) those individuals to whom Designated Materials may be disclosed under the terms of paragraphs (c), (d), (f) and (h) below. Before material designated "CONFIDENTIAL" may be disclosed to any person authorized hereunder, such person must be shown a copy, and must agree to be bound by the terms, of this Order.

b. **Disclosure Of CONFIDENTIAL – ATTORNEYS' EYES ONLY Designated Material**

(i.) Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed to outside counsel of record (and their support staff) for the parties to this action.

(ii.) Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may also be disclosed to two in-house attorneys, whose primary responsibilities are related to litigation ("Designated Counsel") for each party. Should any of the attorneys serving as Designated Counsel leave the employment of a party, that party may designate a new attorney to serve as Designated Counsel in the manner described above.

     (iii.)    Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may also be disclosed to Independent Experts pursuant to paragraph (c) below.

     (iv.)    Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may also be disclosed to other persons pursuant to paragraphs (d), (f) and (h) below.

**c.    Disclosure To Independent Experts**

For purposes of this Protective Order, "Independent Expert" means an expert or independent consultant or contractor who is not an employee of the party, and who is retained for the purposes of advising and assisting counsel in the preparation or trial of this action, or is retained to give expert testimony, or is retained for both purposes. Designated Material may be disclosed to Independent Experts, and his or her assistants, to whom it is necessary to disclose Designated Material for the purpose of this action, provided that he or she must (i) execute a copy of the Declaration as set forth in paragraph 16 of this Order, (ii) agree to retain any Designated Materials without making any further copies thereof, and (iii) agree to return all copies of Designated Materials at the conclusion of his/her services.

**d.    Disclosure By Stipulation**

Material designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed upon written agreement by all of the parties to this action to any other person who agrees in writing to be bound by this Order.

**e.    Disclosure To Court**

Except as provided in paragraph 5, this Order shall not apply to disclosures of Designated Material to the Court or its staff in connection with the Court's administration and adjudication of this action, or to Court reporters.

**f.    Copies**

Copies and extracts of Designated Materials may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. The Parties may utilize third party copying and imaging providers. All copies and extracts are subject to paragraph 9 of

1  this Order.

    g.    **Custody Of Designated Materials**

A person with custody of Designated Materials shall maintain them in a manner that limits access only to those persons who have agreed to be bound by this Order.

    h.    **Authors And Addressees**

The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document, provided, however, that if: (i) the document has been annotated by another person; and (ii) the annotations are designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY," then the annotations shall be redacted from the copy of the document shown to the author, addressee or recipient, unless the annotations were made by someone employed by the Designating Party and the person to whom the document will be shown is also employed by the Designating Party.

    i.    **Information Otherwise Available**

The restrictions set forth in this Order shall not apply to information:

        (i.)    Which is lawfully known to the receiving party or the public before the date of its transmission to the receiving party;

        (ii.)    Which becomes publicly known after the date of its transmission to the receiving party, provided however, that such information shall not have become publicly known by any act or omission of the receiving party which would constitute a breach of this Order; or

        (iii.)    Which, after disclosure to the receiving party, is revealed to the public by a person having the unrestricted right to do so.

    j.    **Information Obtained From Third Parties Other Than Through Discovery**

Nothing in this Order shall preclude any party herein, its attorneys or any other person from disclosing or using, in any manner or for any purpose, any Designated Materials if the same information or documents (i) are obtained lawfully from a third-party otherwise than through

formal discovery in this proceeding; and (ii) were not subject to any restriction on disclosure while in the possession of such third-party (e.g., where the third party owed(es) no duty of non-disclosure to the party claiming confidentiality of the information).

**3.   Designating Documents**

When a party producing documents wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" such designation shall be made by placing a conspicuous legend on each page of the document prior to production. This designation of confidential information need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection by a party's counsel shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the time of the inspection. When a party wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" a document produced by someone else, that party becomes the Designating Party for purposes of that designation, which shall be made within ten business days from the date that the Designating Party receives notice that the document has been produced, by notice to all parties, identifying with particularity the designated documents.

**4.   Designating Depositions**

**a.   Timing**

Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by a party either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten business days after the reporter sends written notice that the transcript or portion thereof is complete. Pending expiration of the ten business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

**b.   Exclusion Of Persons**

Where testimony is designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by a party during a deposition, the Designating Party may exclude from the deposition all persons other than the court reporter(s) and videographer(s), if any, and those persons to whom the Designated Material may be disclosed under paragraph 2 of this Order.

**c.   Exhibits**

Any party may mark a deposition exhibit as Designated Material and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the exhibit.

**5.   Court Procedures**

Should a party include or make specific reference to Designated Material designated by another party in a submission to the Court, that party shall follow the procedures set forth in Civil Local Rule 79.5 to request that the papers, or portions of the papers, including such Designated Material be sealed.

**6.   Subpoena By Other Courts Or Agencies**

If a third party, another Court or an administrative agency subpoenas or orders production of documents or information or materials, designated for protection under this Protective Order, that a party has obtained under the terms of this Order, such party shall promptly (a) notify the Designating Party of the pendency of such subpoena or order; (b) inform in writing the party that caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Order; and (c) deliver a copy of this Order promptly to the party that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging anyone

6
[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. C 03-5340-JF (EAI)

355271.01

1  to disobey a lawful directive from another court.

2  **7.    Objections**

A party challenging a "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation shall do so in writing and shall state the basis for the challenge. The Designating Party shall, within five days after receiving such notice, respond in writing. If the Designating Party fails to respond timely in writing, then the Designating Party shall be deemed to have waived the claim of confidentiality. The challenging party may move the Court for an order that material is not properly designated. Before filing such a motion, counsel shall meet and confer in a good faith effort to resolve their differences. The Designating Party may file a brief in opposition to the challenging party's motion within five days. Pending a decision from the Court, the information shall be treated as properly designated under this Order. At all times, the burden shall remain on the Designating Party to sustain the claim of confidentiality.

**8.    No Prejudice**

a.  Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

b.  This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

c.  Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

d.  A party may seek to make late designations of information and materials by stipulation or court order if the party failed to make a timely designation through mistake or inadvertence.

**9.    Final Disposition**

Within sixty days of final termination of this action (including any appeals), each party shall assemble and destroy or return all Designated Materials, including copies, abstracts, summaries, documents or materials containing information taken from them (but excluding any

materials which, in the judgment of counsel, are work product materials) to counsel for the person that produced the material. Each party shall further certify to the owner of the Designated Materials that such destruction or return occurred. In the case of materials designated under this Order by someone other than the party producing those materials, the materials shall be returned to counsel for the Designating Party, or destroyed. The attorneys of record in this case may retain one copy of any Designated Material, solely for archival purposes, that are attached to any pleading filed with the Court or have been marked as an exhibit to a deposition, or which is part of deposition testimony, interrogatory response(s), or response(s) to request(s) for admission.

**10.   Modification And Survival**

The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

**11.   No Contract**

This proposed Order is for the Court's consideration and approval as an Order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

**12.   Inadvertent Disclosure Of Designated Material**

If any party inadvertently discloses Designated Material to a person or persons other than those designated under paragraph 2 of this Order, that party promptly shall notify the Designating Party of the disclosure and undertake all reasonable efforts to retrieve the Designated Material.

**13.   Attorney-Client And Work Product Material**

If any party inadvertently produces materials protected by the attorney-client or work product doctrines, that party may notify counsel to whom the material was produced and the material will be returned. Inadvertent production of such privileged material will not constitute a waiver of the attorney-client privilege or work product privilege. The parties agree that upon notification of such an inadvertent production, any copies already made of the privileged material will either be returned or destroyed.

**14.   Designations Not Admissions**

Nothing in this Protective Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

**15.   Privileged Log**

No party need identify on its privileged log any attorney-client communications or work product materials created on or after the filing of this suit, *i.e.*, November 26, 2003, because to do so would be unduly burdensome given the volume of such attorney-client communications and work product materials.

**16.   Declarations**

To become entitled to review materials designated as "CONFIDENTIAL" and/or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" as provided in paragraph 1, the persons identified in paragraphs 2(a)(ii), 2(a)(iv), (2)(b)(iii), 2(b)(iv) and 2(c) shall first be provided with a copy of this Protective Order and shall be required to sign a Declaration in the form set forth as Exhibit A hereto. None of the other persons listed in paragraph 2 shall be required to sign such a Declaration. The party on whose behalf the Declaration is signed shall retain the original Declaration.

DATED: August 23, 2005               KEKER & VAN NEST, LLP

By: _____
MICHAEL H. PAGE
MARK A. LEMLEY
KLAUS H. HAMM
Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.
and Third-Party Defendants
ASK JEEVES, INC. and EARTHLINK, INC.

1  DATED: August 23, 2005        HOWREY SIMON ARNOLD & WHITE, LLP

By: _____
ROBERT N. PHILLIPS
ETHAN B. ANDELMAN
Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

7  DATED: August 23, 2005        TAYLOR & COMPANY LAW OFFICES, INC.

By: _____
STEPHEN E. TAYLOR
JAN J. KLOHONATZ
Attorneys for Third Party Defendants
AMERICA ONLINE, INC., NETSCAPE
COMMUNICATIONS CORPORATION and
COMPUSERVE INTERACTIVE SERVICES, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2005

_____
UNITED STATES DISTRICT COURT JUDGE

355271.01

1  DATED: August 23, 2005          HOWREY SIMON ARNOLD & WHITE, LLP

2

3
                                    By: _____
4                                   ROBERT N. PHILLIPS
                                    ETHAN B. ANDELMAN
5                                   Attorneys for Defendant/Counter-Plaintiff
                                    AMERICAN BLIND AND WALLPAPER
6                                   FACTORY, INC.

7  DATED: August 23, 2005          TAYLOR & COMPANY LAW OFFICES, INC.

8

9
                                    By: /s/ signature
10                                  STEPHEN E. TAYLOR
                                    JAN J. KLOHONATZ
11                                  Attorneys for Third Party Defendants
                                    AMERICA ONLINE, INC., NETSCAPE
12                                  COMMUNICATIONS CORPORATION and
                                    COMPUSERVE INTERACTIVE SERVICES, INC.
13

14

15
   PURSUANT TO STIPULATION, IT IS SO ORDERED.
16
   DATED: 9/19 , 2005
17
                                    /s/ Richard Seeborg
18                                  _____
                                    UNITED STATES DISTRICT COURT JUDGE
19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>　　　　　　　　　　　Defendants.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>　　　　　　　　　　　Counter Plaintiff,<br><br>　v.<br><br>GOOGLE INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC. and EARTHLINK, INC.,<br><br>　　　　　　　　　　　Counter Defendant/<br>　　　　　　　　　　　Third-Party Defendants. | Case No. C 03-5340-JF (EAI)<br><br>**CONFIDENTIALITY AGREEMENT** |

I, _____, declare as follows:

1. I have received and carefully read a copy of the Stipulated Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and comply with all of the terms of this Stipulated Protective Order, and by such orders as the Court may issue regarding the confidential treatment to be accorded documents, other materials and information in this litigation.

3. Specifically, I agree to hold in confidence and not to disclose any materials or

information designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shown to me during the course of this litigation.

4. I agree to return all documents and materials containing information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shown to me in the course of this litigation.

5. I acknowledge that the Court may sanction me in the event that I violate the provisions of the Stipulated Protective Order, and I hereby agree to submit to the jurisdiction of this Court for said purposes.

6. I declare under the penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this ___ day of _____, 2005.

_____
SIGNATURE