# Rammelt David A.

| | |
|---|---|
| **From:** | Rammelt David A. |
| **Sent:** | Tuesday, November 29, 2005 7:16 PM |
| **To:** | H. Hamm Klaus (khamm@kvn.com) |
| **Subject:** | Discovery Discussion |

Klaus,

This confirms our discussion this afternoon. I appreciate your calling me to work out the discovery problem raised in our recent exchange of letters.

Basically, I explained that it is my belief that literally tens of thousands of pages of documents produced to us -- either in the form of CDs or in 26 boxes of "hard copies" -- have been marked "Confidential - Attorneys' Eyes Only" even though they do not fall within one of the four narrow categories of materials that qualify for this heightened level of protection. The Stipulated Protective Order itself expressly states this heightened designation will be made in only "limited circumstances". Id. at Sec. 1, II. 8.

You explained that many of the documents that were produced bearing this designation were also produced in the Geico litigation, and that is essentially our own fault for submitting an overly broad request for all of the documents produced in that case. You asked whether we could narrow the list of materials that we are challenging here so that you can review them to see if the are properly designated as "Confidential - Attorneys' Eyes Only" in this case, as it is your position that you do not have to re-review the documents produced to determine what qualifies for the "Confidential - Attorneys' Eyes Only" designation under our the specific terms of our Order. I explained that, because my client wishes to himself review the documents produced by Google (and probably some of his employees too), it is impossible for us to narrow the list, other than to ask which of the 26 boxes and 10 CD's of documents our client may examine.

As an alternative, I asked you to identify specifically which documents Google has produced to us in this case in response to our specific document requests. In this way, I might be able to narrow the field of documents I should point my client to for review. You stated that, off the top of your head, you do not know, and you are not sure that your are required to identify these for us.

I asked you whether you could identify for me, by box or Bates number, which documents were being produced in response to each specific request in this case. In other words, which documents are being produced in response to Request No. 1? You stated that, off the top of your head, you do not know, and you are not sure that your are required to identify these for us.

I asked you whether, as an alternative, you could identify the source for each of the documents, or Bates ranges, or boxes, assuming these documents are being produced in the ordinary course of business. In other words, from whose files do the documents produced in Box No. 1 come? You stated that, off the top of your head, you do not know, and you are not sure that your are required to do this.

I asked whether the "hard copies" produced in the 26 boxes we received are also available in electronic form, or whether the documents contained in the 10 CD's are capable of being produced to us, in a format that can be searched. You said you did not think so, but would check.

You stated that you would check with Michael Page and follow up on these questions, which you had not before been able to consider.

- David

