KELLEY DRYE &
WARREN LLP
333 West W

1. I, David A. Rammelt, am over the age of eighteen and attest to the matters herein contained based upon my personal knowledge.

2. I am a partner with Kelley Drye & Warren, and am admitted *pro hac vice* to serve as trial counsel for defendant/counter-plaintiff American Blind & Wallpaper Factory, Inc., in connection with this litigation.

3. I was directly involved in the negotiations of the terms of the Stipulated Protective Order entered in this case. Originally, we submitted to opposing counsel, Kecker & Van Nest, a drafted proposed order on June 9, 2005. On June 14, 2005, Michael Page, a partner at Kecker & Van Nest, explained that he objected to our draft because it did not contain an "Attorneys' Eyes Only" level of confidentiality. Accordingly, Kecker & Van Nest sent to us a brand new proposed order that, among other differences with our proposal, contained a second level of confidentiality.

4. I objected to Mr. Page's proposed draft for several reasons, chief of which was that the proposed "Attorneys' Eyes Only" classification was much too broad. Accordingly, on June 28, 2005, I caused to be sent to Mr. Page a revised draft that, among other things, significantly limited the types of documents that could be designated "Attorneys' Eyes Only." Furthermore, in addition to an express "good faith" obligation under the proposed order, I added specific language that the "Attorneys' Eyes Only" would only be used in "limited circumstances." On July 8, Mr. Page agreed to this inclusion, which is set forth in the Stipulated Protective Order entered by Judge Seeborg in this case.

5. In this capacity, I had several telephone conversations between November 29 and 30, 2005, with Klaus Hamm, also and attorney with Kecker & Van Nest representing plaintiff/counter-defendant Google, Inc., concerning Google's discovery responses in the case. Specifically, we discussed Google's designation of the majority of the documents it has produced in this case as "Confidential – Attorneys' Eyes Only," which is the highest level of secrecy

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Declaration of David A. Rammelt ISO Motion to Enforce
Stipulated Protective Order and to Dedesignate Documents
Case No. C03-5340 JF
DM_US\8293954.v1

2

permitted under the Stipulated Protective Order in this case. During these phone conversations, Mr. Hamm explained that the documents were affixed with the "Confidential – Attorneys' Eyes Only" because they had been produced in another case.

6. I asked Mr. Hamm whether he or anyone at his firm had reviewed the documents produced by Google in this case to determine whether they individually qualified for the "Confidential – Attorneys' Eyes Only" designation under the express terms of the Stipulated Protective Order in this case. Mr. Hamm admitted that no such review had been conducted.

7. When I asked Mr. Hamm how I could tell whether a document was to be treated as "Confidential – Attorneys' Eyes Only" under the express terms of the Stipulated Protective Order in this case, he stated that he was not aware of any way to do so. When I asked him to advise me specifically which documents should be treated as "Confidential – Attorneys' Eyes Only" under the express terms of the Stipulated Protective Order in this case, he declined.

8. I explained to Mr. Hamm during these conversations that the terms of our Stipulated Protective Order had been specifically and carefully negotiated by me and others at his firm over the course of five weeks, and that I had spent hours narrowly tailoring the categories of documents that qualify as "Confidential – Attorneys' Eyes Only" under the express terms of the Stipulated Protective Order in this case. I referred to examples of documents that I believe have been marked "Confidential – Attorneys' Eyes Only" in violation of the terms of the Stipulated Protective Order in this case, and I asked that he review all of the documents produced by Google and to advise me of those that qualify in good faith for this restriction. I explained that these improper designations are hampering my ability to prepare our case and to consult with my client – who is barred under the terms of the Stipulated Protective Order from looking at anything marked "Confidential – Attorneys' Eyes Only" – because I cannot show or discuss (or have to stop and call opposing counsel to seek approval before disclosing) the overwhelming number of

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Declaration of David A. Rammelt ISO Motion to Enforce
Stipulated Protective Order and to Dedesignate Documents
Case No. C03-5340 JF
DM_US\8293954.v1

3

documents in this case.  Mr. Hamm again declined to revisit the existing designations or to advise me of the particular documents he believes in good faith are subject to the "Confidential – Attorneys' Eyes Only" under the express terms of the Stipulated Protective Order in this case.

9. Alternatively, I asked Mr. Hamm to advise me of the documents – by Bates Number, box or disk location, or otherwise – that Google had produced specifically in this case in response to American Blind's specific discovery requests (as opposed to the documents that Google claims it is re-producing from another lawsuit in this case).  Mr. Hamm declined.

10. I also asked Mr. Hamm to identify the origin and source of each of the documents produced in this case and to advise me whether they are being produced as the files were maintained in the ordinary course of business.  Mr. Hamm declined.  Alternatively, I asked Mr. Hamm to identify or categorize the documents produced by Google to correspond with American Blind's specific discovery requests.  Mr. Hamm declined.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and accurate this 23d day of December 2005.

/s/ David A. Rammelt
David A. Rammelt

**ATTESTATION OF CONCURRENCE OF FILING**

I, Ethan B. Andelman, under penalty of perjury of the laws of the United States of America, attest that concurrence in the filing of this document has been obtained from each of the other signatories to this document.

/s/ Ethan B. Andelman
Ethan B. Andelman

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Declaration of David A. Rammelt ISO Motion to Enforce Stipulated Protective Order and to Dedesignate Documents
Case No. C03-5340 JF
DM_US\8293954.v1

4