KELLEY DRYE &
WARREN LLP
333 WEST

Dockets.Justia.com

TO ALL PARTIES OF RECORD AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on January 27, 2006 or as soon as counsel may be heard, Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("American Blind") will and hereby does move this Court for an order compelling Plaintiff/Counter-Defendant Google, Inc. ("Google") to comply with the dictates of Rule 34(b) of the Federal Rules of Civil Procedure, by (a) labeling the 110,033 pages of documents produced by Google to correspond to each request or, in the alternative, or (b) providing an index to the 24 boxes and 10 CDs containing the documents that designate the source and origin of the file(s) for each box and/or CD produced and to indicate whether the boxes and/or CDs contain documents from multiple files.

The motion will be based on this Notice, the attached Memorandum of Points and Authorities, the accompanying declaration of Caroline C. Plater, the pleadings and papers on file in this action, the arguments of counsel, and upon such other evidence as may be presented at the hearing on this matter.

## I. INTRODUCTION

In response to the document requests American Blind has served on it in this litigation, Google has produced over a hundred thousand pages of documents, without providing an index or labeling the documents to correspond with each document request. However, these documents all appear to be documents produced originally in a separate litigation, *Government Employee Ins. Co. v. Google Inc.*, Case No. 1:04cv507 (E.D. Va.) ("*GEICO*"). As such, they fail to comply with Google's obligation under Rule 34 to produce documents "as they are kept in the usual course of business or . . . organize[d] and label[ed] . . . to correspond with the categories in the request." Fed. R. Civ. P. 34(b). Google should be ordered to comply with its Rule 34 obligations.

## II. STATEMENT OF FACTS

On April 20, 2005, American Blind served Google with American Blind's First Set Of Requests For Production Of Documents And Things From Google Inc. (Declaration of Caroline C. Plater ("Plater Decl."), Ex. A.) Google provided its written response and objections to the

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
Defendant's Motion to Compel
DM_US\8294156.v1

- 2 -

requests on June 21, 2005. (Plater Decl., Ex. B.) Thereafter, on October 26, 2005, Google produced 24 boxes of documents and 10 CDs containing documents Google deemed responsive to American Blind's requests. In total, Google produced 110,033 pages of documents.

Unfortunately, Google has failed to produce these documents as they are "kept in the usual course of business," nor has it labeled the documents to correspond to each of American Blind's specific document requests as required by Fed. R. Civ. P. 34(b). Rather, Google appears to have only produced documents it previously produced in the *GEICO* litigation, without any indication as to the source or origin of any of these documents, or as to the document request or requests to which the documents are responsive.[1]

American Blind has in good faith conferred with Google regarding Google's failure to produce its documents in the usual course of business or designate the specific requests for which the documents were produced. These discussions have occurred via letter, e-mail and at least two telephone conversations. More specifically, on November 29, 2005, American Blind contacted Google by telephone, asking that Google identify specifically which documents were being produced in response to each document request. In the alternative, counsel for American Blind requested that Google identify the source of the documents or bates ranges or boxes, assuming the documents were produced in the ordinary course of business. In response to both requests, Google indicated that it did not know if it would specify which documents were being produced in response to each specific document request or identify the source of the documents or bates ranges or boxes and was not sure if it was required to do either. (*See* Plater Decl., Ex. C.)

Eventually, Google's counsel decided that it was under no obligation to identify the source of, or to categorize, any of the documents because, as counsel explained, they had all been

---

[1] Although Google later provided some minimal information regarding some of the electronic data contained on the 10 CD's – which is insufficient – Google has provided no information at all with regard to the 24 boxes of documents.

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
Defendant's Motion to Compel
- 3 -
DM_US\8294156.v1

produced in another lawsuit. (Plater Decl., Ex. D). Google's counsel stated that it was Google's position that any resulting confusion was American Blind's own fault for requesting the documents produced in another lawsuit.

To make Google's job easier, American Blind's counsel even suggested during a telephone conversation on November 29, 2005, that the problem might be resolved if Google simply would generally identify which documents it has produced in response to American Blind's requests *in this case*. Indeed, a review of a great majority of documents produced by Google in this case shows that Google has failed to produce standard items, such as e-mails and correspondence between American Blind and Google and other basic data specifically related to this case. Elsewhere, Google has responded to specific interrogatories, as is its right, by referring to documents that are being produced, but it is impossible to determine which of the 110,000-plus documents answer these interrogatories. (Plater Decl., Ex. E.)[2]

Google refused this solution and has confirmed that it has no intention of providing the information requested in order to identify the production in relation to the specific requests or to indicate how and whether the production was produced in the ordinary course of business. (Plater Decl., Ex. F.)

## III. ARGUMENT

Rule 34(b) of the Federal Rules of Civil Procedure requires that "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories of the request." F.R.C.P. 34(b). The Northern District of California has interpreted Rule 34 to require that a litigant produce documents either as kept in the ordinary course of business or by specifying the bates stamp range

---

[2] For example, Google has referred to the documents it is producing in response to American Blind's Interrogatory No. 1 stating "Google will produce a document describing its quarterly AdWords and total revenues and profits from January 1, 2000 to the present." (*See* Plater Decl., Exhibit F).

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
Defendant's Motion to Compel
- 4 -
DM_US\8294156.v1

or at least the box number of the documents responsive to each request. *See Ultratech, Inc. v. Tamarack Scientific Co.*, 2005 WL 40074, * 3-4 (N.D. Cal. Jan. 5. 2005).

Numerous jurisdictions have interpreted this provision to require that a litigant do more than simply produce documents en masse. *See Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 618 (D. Kan. 2005) ("a party who chooses the Rule 34 option to produce documents as they are kept in the ordinary course of business bears the burden of showing that the documents were in fact produced in that manner"); *Stiller v. Arnold*, 167 F.R.D. 68, 71 (N.D. Ind. 1996) (production of 7000 documents in no apparent order does not comply with a party's obligation under Rule 34(b)); *Montania v. Aetna Casualty & Surety Co,* 153 F.R.D. 620, 621 (N.D. Ill. 1994) (defendant properly moved to compel plaintiff to indicate what documents are responsive to which document request, where some 17,570 pages were contained in the boxes produced); *Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc.*, 1988 WL 70013 (D. Del. June 21, 1988) (court granted motion to compel defendant to label the 45,000 documents produced to correspond to each request where defendant had produced documents in fifteen boxes and documents were arranged in each box in bundles with no designation as to the origin of the file, or whether the bundles contained documents from multiple files).

The court in *Cardena*s recognized that Rule 34 clearly requires something more than simply producing the documents without any labels, indices or guides. *See id.* "A mere assertion that they were produced is not sufficient to carry the burden. In addition, merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business." *Id.*

Here, Google has not produced document as they were kept in the usual course of business — rather, it simply provided documents it had gathered up in another lawsuit. To be sure, American Blind did request documents produced by Google in *Government Employees Ins.*

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
Defendant's Motion to Compel
DM_US\8294156.v1

- 5 -

*Co. v. Google Inc.* (*See* Plater Decl., Ex. A, Request No. 44). If it is Google's contention that some or all of the 110,330 pages of materials are responsive to Request No. 44, than so be it. But Google still is under an obligation to identify with specificity which documents are responsive to Request No. 44, not to mention which documents are responsive to any of the other specific requests. Otherwise, American Blind has no way to decipher which documents were originally produced in *GEICO* and which documents are being produced for the first time here.

Google's claim that it has no obligation to do anything other than produce 110,033 pages of documents in no apparent order clearly violates Rule 34 and the case law that has interpreted the rule. American Blind has provided very specific and detailed document requests for Google. In turn, Google should be required to produce its responsive documents in a manner that provides American Blind the ability to decipher which requests have properly been answered. Moreover, the voluminous nature of this production warrants imposing an even greater duty to organize the documents with labels and/or indices. As addressed by *Cardenas,* merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business. 230 F.R.D. at 618.

## IV. CONCLUSION

For the foregoing reasons, American Blind requests that the Court compel Google to label the 110,033 pages of documents produced to correspond to each request or, in the alternative, provide an index to the 24 boxes and 10 CDs that designates the origin of the file for each box

///

///

///

///

///

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
Defendant's Motion to Compel
- 6 -
DM_US\8294156.v1

1  and/or CD produced and indicates whether the boxes and/or CDs contain documents from
2  multiple files.
3
4  Dated: December 23, 2005                    HOWREY LLP
5
6
                                               By:  /s/ Ethan B. Andelman
7                                                   ROBERT N. PHILLIPS
                                                    ETHAN B. ANDELMAN
8
                                               David A. Rammelt
9                                              Susan J. Greenspon
                                               Dawn M. Beery
10                                             KELLEY DRYE & WARREN LLP
                                               333 West Wacker Drive, Suite 2600
11                                             Chicago, IL  60606

12                                             Attorneys for Defendant/Counter-Plaintiff
                                               AMERICAN BLIND AND WALLPAPER
13                                             FACTORY, INC.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL  60606

Case No. C03-5340
Defendant's Motion to Compel                  - 7 -

DM_US\8294156.v1