1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5
   Attorneys for Plaintiff and Counterdefendant
6  GOOGLE INC. and Third-Party Defendants
   ASK JEEVES, INC. and EARTHLINK, INC.
7

**FILE COPY**

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  GOOGLE INC., a Delaware corporation,      Case No. C 03-5340-JF (EAI)

12                          Plaintiff,        **GOOGLE INC.'S RESPONSES AND
                                              OBJECTIONS TO DEFENDANT AND
13        v.                                  COUNTER-PLAINTIFF AMERICAN
                                              BLIND & WALLPAPER FACTORY,
14  AMERICAN BLIND & WALLPAPER               INC.'S FIRST SET OF
    FACTORY, INC., a Delaware corporation     INTERROGATORIES**
15  d/b/a decoratetoday.com, Inc. and DOES 1-
    100, inclusive,
16
                          Defendants.
17

18  AMERICAN BLIND & WALLPAPER
    FACTORY, INC., a Delaware corporation
19  d/b/a decoratetoday.com, Inc.,

20                      Counter Plaintiff,

21        v.

22  GOOGLE INC., AMERICA ONLINE, INC.,
    NETSCAPE COMMUNICATIONS
23  CORPORATION, COMPUSERVE
    INTERACTIVE SERVICES, INC., ASK
24  JEEVES, INC., and EARTHLINK, INC.,

25                  Counter Defendants/
                    Third-Party Defendants.
26

27

28

**EXHIBIT
E**

351264.01         Google's Responses and Object...        First Set of Interrogatories
                  Case...

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff/Counter-Defendant Google Inc. ("Google") hereby responds to Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc.'s ("American Blind") First Set of Interrogatories to Google as follows:

## GENERAL OBJECTIONS

1. Google objects to each instruction, definition, or interrogatory that attempts to impose any requirement or discovery obligation greater than or different from those imposed by the Federal Rules of Civil Procedure or any applicable rules or orders of the Court. Google will not comply with any attempt to impose obligations not required by the above provisions. In responding to these interrogatories, Google will make a diligent search and reasonable inquiry. Google will not, however, search every file in its possession or speak to every person in its employ. Google reserves the right to supplement or correct its responses.

2. Google objects to American Blind's definition of the phrase "AdWords Program" as "the advertising program operated by Google and described at its Internet website and in various filings with the Securities Exchange Commission," on the ground that the definition is vague, ambiguous, and overbroad.

3. Google objects to American Blind's definition of the words "Keyword" and "Keywords" as having "the same meaning as the terms 'keyword' or 'search query' used by Google as part of its AdWords Program," on the ground that the definition is vague, ambiguous, and overbroad.

4. Google objects to American Blind's definition of the phrase "American Blind Marks" as "shall include any one of, and all of, the terms American Blind & Wallpaper Factory, American Blind Factory, American Blind, American Blinds, Decoratetoday, decoratetoday, and decoratetoday.com" on the ground that the definition is vague, ambiguous, and overbroad, and to the extent that the term "American Blind Marks" ascribed any legal significance to these terms.

5. Google objects to these interrogatories to the extent they seek information protected by the attorney-client privilege, the work-product doctrine, or any other applicable protection from disclosure. Any inadvertent disclosure of such information does not constitute a waiver of any such privilege or protection.

1

351264.01

1    6.  Google objects to these interrogatories to the extent they are oppressive, overly broad,

2  vague, ambiguous, unduly burdensome, or not reasonably calculated to lead to the discovery of

3  admissible evidence.

4    7.  Google objects to these interrogatories to the extent they purport to request

5  information that is readily obtainable from American Blind or from other sources which are less

6  burdensome or less expensive.

7    8.  Google objects to these interrogatories to the extent they purport to give meaning or

8  legal significance to a document, fact or purported fact, whose meaning or significance is the

9  subject of dispute between the parties.  Google's responses to these interrogatories will not

10  constitute any admissions or concessions to the definitions used in the interrogatories.

11    9.  Google objects to these interrogatories to the extent they seek confidential and/or

12  proprietary information.  Google will not disclose any such information until an appropriate

13  protective order has been entered in this lawsuit.

14    10.  Google reserves the right to use or introduce, for any hearing or trial, information not

15  known to exist at this time, including information obtained through discovery in this litigation.

16    11.  Google incorporates these General Objections into each specific objection below.  A

17  specific objection may restate an objection for emphasis or some other reason.  The failure to

18  restate any General Objection in a specific objection shall not constitute a waiver of the

19  objection.

## INTERROGATORIES AND RESPONSES

## INTERROGATORY NO. 1:

Please state by fiscal quarter, from January 1, 2000 to the present, the following;

(a)  Google's revenues from its AdWords program;

(b)  Percentage of Google's total revenues from its AdWords Program;

(c)  Google's profits from its AdWords Program;

(d)  Percentage of Google's total profits from its AdWords Program; and

(e)  With respect to the profits identified in l(c), the percentage of those profits that were

from the sale of trademarks or terms claimed to be trademarks.

2

351264.01

1   **RESPONSE TO INTERROGATORY NO. 1:**

2          Google objects to this interrogatory to the extent it seeks confidential or proprietary

3   information.  Google will not disclose any such information until an appropriate protective order

4   has been entered in this lawsuit.  Google further objects to the interrogatory as vague,

5   ambiguous, and overbroad.  Google further objects to the interrogatory to the extent that it seeks

6   information neither relevant to the claim or defense of any party, nor reasonably calculated to

7   lead to the discovery of admissible evidence.  Google further objects to the interrogatory to the

8   extent it seeks information protected by the attorney-client privilege or work-product doctrine.

9   Google further objects to this interrogatory on the ground that it contains multiple discrete

10  subparts, in that it requests Google to provide five distinct items of information about its

11  financial results from the last 21 fiscal quarters.  Google further objects to this interrogatory on

12  the ground that it is unduly burdensome.  In particular, Google does not report or track

13  profitability by business segment, and, as a result, no practicable method exists for gathering the

14  information called for by subparts (c)-(e).  Google will not provide the information requested by

15  these subparts.  Google further objects to subpart (e) of this interrogatory on the ground that it is

16  incomprehensible since Google does not sell trademarks or "terms claimed to be trademarks."

17  As a result, Google will provide no information in response to subparts (c)-(e).  Subject to and

18  without waiving the foregoing objections, Google responds as follows:

19         Once an appropriate protective order has been entered in this lawsuit, Google will

20  produce a document describing its quarterly AdWords and total revenues and profits from

21  January 1, 2000 to the present.

22  **INTERROGATORY NO. 2:**

23         In the last five years, has Google ever sold to a company other than American Blind, or

24  allowed a company other than American Blind to bid on, purchase or use, a Keyword that is

25  defined herein as an American Blind Mark?  If so, please state the following:

26         (a)  The total revenues to Google from such sales;

27         (b)  The total profits to Google from such sales;

28         (c)  The identities of each of the persons or entities that have purchased such Keywords;

3

351264.01

1  and

2      (d) For each person or entity identified above, please state the Keyword(s) purchased, the

3  price paid per click for each such Keyword, the number of click-throughs that resulted for each

4  such Keyword, and the total amount paid for each such Keyword.

5  **RESPONSE TO INTERROGATORY NO. 2:**

6      Google objects to this interrogatory to the extent it seeks confidential or proprietary

7  information. Google will not disclose any such information until an appropriate protective order

8  has been entered in this lawsuit. Google further objects to the interrogatory to the extent it seeks

9  information protected by the attorney-client privilege or work-product doctrine. Google further

10  objects to the phrases "price paid per click for each such Keyword," and "the number of click-

11  throughs that resulted for each such Keyword" as overbroad, vague and ambiguous. Google

12  further objects to the interrogatory to the extent that it seeks information neither relevant to the

13  claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

14  evidence. Google further objects to this interrogatory on the ground that it seeks to cram into a

15  single interrogatory, through the use of the defined term "American Blind Mark," multiple

16  interrogatories. This interrogatory contains at least 42 multiple discrete subparts because it

17  requests at least six items of information about seven different terms alleged to be protected

18  marks (American Blind & Wallpaper Factory, American Blind Factory, American Blind,

19  American Blinds, Decoratetoday, decoratetoday, and decoratetoday.com), including Google's

20  revenues from the sales of each of these seven terms as keywords, Google's profits from the

21  sales of each of these seven terms as keywords, the identity of each person that has purchased

22  any of these seven terms as keywords,  the price paid to use each of these seven terms as

23  keywords, the number of click-throughs for each of these seven terms when used as keywords,

24  and the total amount paid for the use of each of these seven terms as keywords. Google further

25  objects to this interrogatory on the ground that it is unduly burdensome. In particular, Google

26  does not report or track profitability by sale, and, as a result, no practicable method exists for

27  gathering the information called for by subpart (b). Subject to and without waiving the foregoing

28  objections, Google responds as follows:

351264.01

1    Once an appropriate protective order has been entered in this lawsuit, Google will

2  produce a document listing advertiser accounts, other than American Blind's own accounts, that

3  have selected American Blind & Wallpaper Factory, American Blind Factory, American Blind,

4  American Blinds, Decoratetoday, decoratetoday, and decoratetoday.com—or any variation of

5  these terms that replaces uppercase letter with lowercase letters, lowercase letters with uppercase

6  letters, or the ampersand symbol with the word "and"—as a keyword trigger; the revenues

7  generated from these selections; the number of clicks that each resulting advertisement has

8  received; and the average price paid per click.

9  **INTERROGATORY NO. 3:**

10    Do paid advertisements or placements with Google (i.e., using Google's AdWords

11  program to be listed as a "Sponsored Link") influence, directly or indirectly, Google's organic or

12  natural search results?  If so, please describe the effect.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14    Google objects to this interrogatory to the extent it seeks confidential or proprietary

15  information.  Google will not disclose any such information until an appropriate protective order

16  has been entered in this lawsuit.  Google further objects to the phrases "paid advertisements or

17  placements with Google" and "using Google's AdWords program to be listed as a 'Sponsored

18  Link'" as overbroad, vague and ambiguous.  Google further objects to the interrogatory to the

19  extent that it seeks information neither relevant to the claim or defense of any party, nor

20  reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

21  waiving the foregoing objections, Google responds as follows:

22    Paid advertisements generated by the AdWords program do not influence Google's

23  natural search results.

24  **INTERROGATORY NO. 4:**

25    Does Google currently have or has it ever had a policy(ies) concerning the purchase, sale

26  or use of terms as Keywords in the AdWords program that are trademarks or claimed to be

27  trademarks?  If so please describe each such policy, the date such policy was in effect, and the

28  reason for any change(s) in policy.

5

**Google's Responses and Objections to American Blind's First Set of Interrogatories
Case No. C 03-5340-JF (EAI)**

**RESPONSE TO INTERROGATORY NO. 4:**

1. 
2.       Google objects to this interrogatory to the extent it seeks confidential or proprietary
3. information.  Google will not disclose any such information until an appropriate protective order
4. has been entered in this lawsuit.  Google further objects to the interrogatory as vague,
5. ambiguous, overbroad, unduly burdensome, and compound.  Subject to and without waiving the
6. foregoing objections, Google responds as follows:
7.       Under Google's past U.S. trademark policy, advertisers were responsible for the
8. keywords and the ad text they chose to use.  As a courtesy to trademark owners, however,
9. Google was willing to perform a limited investigation of reasonable complaints.  When Google
10. received a complaint from a trademark owner, Google limited its review to ensuring that the
11. advertisements at issue did not use the trademarked term as a keyword trigger.  If they did,
12. Google disabled those keywords from the ad campaign.  This investigation only affected ads
13. served on or by Google.  Google did not take any action in situations where an advertisement
14. was being triggered by non-trademarked terms even though the search query contained a
15. trademarked term.
16.       Google changed this policy on or about June 19, 2004.  Under Google's current U.S.
17. trademark policy, when Google receives a complaint from a trademark owner, Google will only
18. investigate whether the advertisements at issue are using terms corresponding to the trademarked
19. term in the advertisement's content.  If they are, Google will require the advertiser to remove the
20. trademarked term from the content of the ad and prevent the advertiser from using the
21. trademarked term in ad content in the future.  Google will not disable keywords in response to a
22. trademark complaint.  Any such investigation will only affect ads served on or by Google.
23.       Google revised its U.S. trademark policy to re-balance the interests of trademark owners,
24. advertisers, its own interests, and the interests of internet users.  Google's key reason for
25. changing the U.S. trademarks policy was to provide internet users with more choices when
26. performing keyword searches.

**INTERROGATORY NO. 5:**

28.       Identify all persons involved in the decision(s) to change, modify or revise Google

351264.01

1    policy(ies) relating to the use of trademarks as Keywords in the AdWords Program.  For each

2    such person include a description of each such person's role in and contribution to such

3    decision(s).

4    **<u>RESPONSE TO INTERROGATORY NO. 5:</u>**

5        Google objects to this interrogatory to the extent it seeks confidential or proprietary

6    information.  Google will not disclose any such information until an appropriate protective order

7    has been entered in this lawsuit.  Google further objects to the interrogatory as vague,

8    ambiguous, overbroad, unduly burdensome and compound, as well as cumulative of the

9    preceding interrogatory.  Google further objects to the interrogatory to the extent it seeks

10   information protected by the attorney-client privilege or work-product doctrine.  Subject to and

11   without waiving the foregoing objections, Google responds as follows:

12       Prashant Fuloria, Business Product Manager, was involved in the development of policies

13   for the AdWords service and implementation of the AdWords service.  Mr. Fuloria was the

14   product manager responsible for coordinating the various departments involved in implementing

15   Google's change in trademark policy.

16       Alana Karen, Policy Manager, Online Sales and Operations, was involved in the

17   development of policies for the AdWords service and implementation of the AdWords service.

18   Ms. Karen oversaw operations relating to Google's change in trademark policy.

19       Michael Mayzel, PR Manager, was involved in the development of policies for the

20   AdWords service.

21       David Krane, Corporate Communications Director, was involved in the development of

22   policies for the AdWords service.

23       Leshika Samarasinghe, Associate Product Marketing Manager, was involved in the

24   development of policies for the AdWords service.  Ms. Samarasinghe was responsible for

25   developing the marketing messaging regarding the change in trademark policy.

26       Rose Hagan, Senior Trademark Counsel, was involved in the development of policies for

27   the AdWords service and the legal analysis of the proposed change in trademark policy.

28       Kulpreet Rana, Director of Intellectual Property, was involved in the development of

**Google's Responses and Objections to American Blind's First Set of Interrogatories
Case No. C 03-5340-JF (EAI)**

1  policies for the AdWords service and the legal analysis of the proposed change in trademark

2  policy.

3       Ramsey Homsany, Corporate Counsel, was involved in the development of policies for

4  the AdWords service and the legal analysis of the proposed change in trademark policy.

5       The Operations Management Group approved the change in trademark policy.

6  **INTERROGATORY NO. 6:**

7       Does Google have the ability to prevent the bidding, purchase, sale or other use of a

8  trademark term in connection with Google's AdWords programs?  If so, please describe how this

9  can be accomplished.

10  **RESPONSE TO INTERROGATORY NO. 6:**

11       Google objects to this interrogatory to the extent it seeks confidential or proprietary

12  information.  Google will not disclose any such information until an appropriate protective order

13  has been entered in this lawsuit.  Google further objects to the interrogatory as vague,

14  ambiguous, overbroad, unduly burdensome and compound, and to the extent it is duplicative of

15  Interrogatory No. 5.  Google further objects to the interrogatory to the extent it seeks information

16  protected by the attorney-client privilege or work-product doctrine.  Subject to and without

17  waiving the foregoing objections, Google responds as follows:

18       Trademark holders may notify Google of any concerns via Google's trademark complaint

19  process, which is described at http://www.google.com/tm_complaint.html.  Once notified by a

20  trademark holder of concerns, Google has the ability to place the relevant trademark on its

21  monitor list.  Google has the ability to disapprove of the use of trademarks on its monitor list for

22  use in both ad text and as keywords.

23  **INTERROGATORY NO. 7:**

24       Since May 1, 2004, has Google prevented the bidding, purchase, sale or use of any

25  Keyword, in whole or in part, because such Keyword was claimed to be a trademark owned or

26  controlled by another party?  If so, please identify each such instance.

27  **RESPONSE TO INTERROGATORY NO. 7:**

28       Google objects to this interrogatory to the extent it seeks confidential or proprietary

1  information.  Google will not disclose any such information until an appropriate protective order

2  has been entered in this lawsuit.  Google further objects to the interrogatory as vague,

3  ambiguous, unduly burdensome and compound, as well as cumulative of the preceding

4  interrogatory.  Google further objects to this interrogatory on the ground that it is overly broad to

5  the extent it seeks information about foreign trademarks or about Google's practices regarding

6  U.S. trademarks between May 1, 2004 and June 19, 2004.  Google further objects to the

7  interrogatory to the extent it seeks information protected by the attorney-client privilege or work-

8  product doctrine.  Subject to and without waiving the foregoing objections, Google responds as

9  follows:

10        Since changing its U.S. trademark policy on June 19, 2004, Google has not disabled

11  keywords in response to a U.S. trademark complaint except insofar as it was required to do so

12  under preexisting contractual terms.  Pursuant to Rule 33(d) of the Federal Rules of Civil

13  Procedure, Google will produce any such contracts once an appropriate protective order has been

14  entered in this lawsuit.

15        For trademark rights outside the U.S. and Canada, Google will disable keywords in

16  response to verified complaints that Google is using a trademarked term as a keyword.  Pursuant

17  to this policy, Google does not take any action in situations where an advertisement is being

18  triggered by non-trademarked terms even though the search query contains a trademarked term.

19  **INTERROGATORY NO. 8:**

20        Identify persons with knowledge regarding Google's "AdWords Keywords Suggestions"

21  feature and the "American Blind" optimization campaign.  For each such person, include a

22  description of each person's role in and contribution to the "AdWords Keywords Suggestions"

23  feature.

24  **RESPONSE TO INTERROGATORY NO. 8:**

25        Google objects to this interrogatory to the extent it seeks confidential or proprietary

26  information.  Google will not disclose any such information until an appropriate protective order

27  has been entered in this lawsuit.  Google further objects to the interrogatory as unduly

28  burdensome in that its request for the identity of "persons with knowledge regarding Google's

1   "AdWords Keywords Suggestions" feature and the 'American Blind' optimization campaign"

2   seeks information about hundreds, or even thousands of people, including not only numerous

3   Google employees but also anyone who has ever learned about these matters on Google's

4   website. Google further objects to the interrogatory to the extent that it seeks information neither

5   relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery

6   of admissible evidence. Google further objects to the interrogatory because it contains multiple

7   discrete subparts, in that it requires information regarding two different topics: "AdWords

8   Keywords Suggestions" feature and the "'American Blind' optimization campaign." Subject to

9   and without waiving the foregoing objections, Google refers to the Google employees listed in

10  its Initial Disclosures and in its response to Interrogatory No. 5.

11

12  **INTERROGATORY NO. 9:**

13      To the extent not already set forth above, please identify all persons or entities that have

14  in the past or currently incorporate, use or include the American Blind Marks as a Keyword in

15  the AdWords Program. For each such person, state which of the American Blind Marks such

16  person incorporated, used or included as Keywords, and the time period during which such

17  person incorporated, used or included such Keywords.

18  **RESPONSE TO INTERROGATORY NO. 9:**

19      Google objects to this interrogatory to the extent it seeks confidential or proprietary

20  information. Google will not disclose any such information until an appropriate protective order

21  has been entered in this lawsuit. Google further objects to the interrogatory as unduly

22  burdensome. Google further objects to the phrase "incorporate, use or include the American

23  Blind Marks as a Keyword in the AdWords Program" as overbroad, vague and ambiguous.

24  Google further objects to this interrogatory as unduly burdensome to the extent it requests

25  Google to provide information about advertisers who bid on certain keywords, but whose ads

26  never ran as part of Google's Adwords program. Google further objects to this interrogatory to

27  the extent it calls for information about American Blind's use of American Blind Marks as

28  keyword triggers since that information is equally available to American Blind. Google further

351264.01

1  objects to the interrogatory to the extent that it seeks information neither relevant to the claim or

2  defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

3  Google further objects to this interrogatory on the ground that it seeks to cram into a single

4  interrogatory, through the use of the defined term "American Blind Mark," multiple

5  interrogatories. This interrogatory contains at least seven multiple discrete subparts because it

6  requests information about seven different terms alleged to be protected marks (American Blind

7  & Wallpaper Factory, American Blind Factory, American Blind, American Blinds,

8  Decoratetoday, decoratetoday, and decoratetoday.com). Subject to and without waiving the

9  foregoing objections, Google responds as follows:

10      Once an appropriate protective order has been entered in this lawsuit, Google will

11  produce a document listing advertiser accounts that have selected American Blind & Wallpaper

12  Factory, American Blind Factory, American Blind, American Blinds, Decoratetoday,

13  decoratetoday, and decoratetoday.com—or any variation of these terms that replaces uppercase

14  letter with lowercase letters, lowercase letters with uppercase letters, or the ampersand symbol

15  with the word "and"—as a keyword trigger, and the approximate time periods during which any

16  corresponding advertisements appeared.

17  **INTERROGATORY NO. 10:**

18      Identify all websites, applications or other properties owned or operated by third persons

19  upon which Google has placed or does place AdWords advertisements or advertisements

20  triggered by Keywords.

21  **RESPONSE TO INTERROGATORY NO. 10:**

22      Google objects to this interrogatory to the extent it seeks confidential or proprietary

23  information. Google will not disclose any such information until an appropriate protective order

24  has been entered in this lawsuit. Google further objects to the phrase "AdWords advertisements

25  or advertisements triggered by Keywords" as vague, and ambiguous. Google further objects to

26  this Interrogatory as unduly burdensome to the extent that it requires Google to identify websites,

27  applications or other properties upon which Google places advertisements when doing so

28  generates revenues of less than $1.50 per week. Google further objects to the interrogatory as

351264.01

1  compound.  Google further objects to the interrogatory to the extent that it seeks information

2  neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the

3  discovery of admissible evidence.  Subject to and without waiving the foregoing objections,

4  Google responds as follows:

5       Once an appropriate protective order is in place in this lawsuit, Google will produce a

6  document listing third-party websites and/or the operators of third-websites upon which Google

7  places advertisements triggered by keywords that generate revenues of at least $1.50 per week

8  **INTERROGATORY NO. 11:**

9       Identify all communications, including the identity of the person(s) engaged in such

10 communications, that Google has had with American Blind regarding Google's sale of the

11 American Blind Marks as Keywords as part of the AdWords Program.

12 **RESPONSE TO INTERROGATORY NO. 11:**

13      Google objects to this interrogatory to the extent it seeks confidential or proprietary

14 information.  Google will not disclose any such information until an appropriate protective order

15 has been entered in this lawsuit.  Google further objects to the interrogatory as unduly

16 burdensome.  Google further objects to the interrogatory to the extent that it seeks information

17 neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the

18 discovery of admissible evidence.  Google further objects to this interrogatory on the ground that

19 it calls for information that is equally available to American Blind.  Google further objects to this

20 interrogatory on the ground that it seeks to cram into a single interrogatory, through the use of

21 the defined term "American Blind Marks," multiple interrogatories.  This interrogatory contains

22 at least seven multiple discrete subparts because it requests information about seven different

23 terms alleged to be protected marks (American Blind & Wallpaper Factory, American Blind

24 Factory, American Blind, American Blinds, Decoratetoday, decoratetoday, and

25 decoratetoday.com).  Subject to and without waiving the foregoing objections, Google responds

26 as follows:

27      Pursuant to Federal Rule of Civil Procedure 33(d), Google will produce written

28 communications that it has had with American Blind regarding the use of the American Blind

351264.01

1  Marks as keyword triggers.

2  **INTERROGATORY NO. 12:**

3      Identify all communications with advertisers or potential advertisers in which Google has

4  suggested, recommended, encouraged or required the advertiser to use the American Blind

5  Marks as Keywords for the AdWords Program.

6  **RESPONSE TO INTERROGATORY NO. 12:**

7      Google objects to this interrogatory to the extent it seeks confidential or proprietary

8  information.  Google will not disclose any such information until an appropriate protective order

9  has been entered in this lawsuit.  Google further objects to the interrogatory as unduly

10  burdensome.  Google further objects to the interrogatory to the extent that it seeks information

11  neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Google further objects to this interrogatory on the ground that

13  it seeks to cram into a single interrogatory, through the use of the defined term "American Blind

14  Mark," multiple interrogatories.  This interrogatory contains at least seven discrete subparts

15  because it requests information about seven different terms alleged to be protected marks

16  (American Blind & Wallpaper Factory, American Blind Factory, American Blind, American

17  Blinds, Decoratetoday, decoratetoday, and decoratetoday.com).  Subject to and without waiving

18  the foregoing objections, Google responds as follows:

19      Pursuant to Federal Rule of Civil Procedure 33(d), once an appropriate protective order is

20  in place in this lawsuit, Google will produce communications, if any, that it has had with its

21  advertisers or potential advertisers in which Google has advocated the use of the American Blind

22  Marks as keyword triggers.

23  **INTERROGATORY NO. 13:**

24      Identify other past or present or threatened lawsuits (by case name, number, Court)

25  against or involving Google for trademark infringement, dilution, contributory trademark

26  infringement, contributory trademark dilution, or unfair competition based on Google's practice

27  of permitting advertisers to purchase as Keywords the trademarks of others as part of the

28  AdWords Program.

351264.01

1  **RESPONSE TO INTERROGATORY NO. 13:**

2      Google objects to this interrogatory to the extent it seeks confidential or proprietary

3  information. Google will not disclose any such information until an appropriate protective order

4  has been entered in this lawsuit. Google further objects to the interrogatory as unduly

5  burdensome and compound. Google further objects to the interrogatory to the extent that it seeks

6  information neither relevant to the claim or defense of any party, nor reasonably calculated to

7  lead to the discovery of admissible evidence. In particular, Google objects to this interrogatory

8  to the extent it seeks information about foreign lawsuits or lawsuits involving foreign

9  trademarks. Google further objects to this interrogatory on the ground that its use of the terms

10  "threatened lawsuit" and "involving" is vague and ambiguous. Subject to and without waiving

11  the foregoing objections, Google responds that it is or has been a party in the following U.S.

12  lawsuits related to Google's use of alleged U.S. trademarks as keywords:

13  - *RE/MAX International, Inc. v. Google Inc. and HomeGain.com, Inc.*, Case No. 01-Z-1460, United States District Court ofr the District of Colorado;

14
15  - *Government Employees Insurance Co. v. Google Inc. and Overture Services, Inc.*, Caase No. 1: 04-CV-507, United States District Court for the Eastern District of Virginia;

16
17  - *Google Inc. v. American Blind & Wallpaper Factory, Inc.*, Case No. C 03-5340-JF, United States District Court for the Northern District of California;

18  - *American Blind & Wallpaper Factory, Inc. v. Google Inc.*, Case No. 04 CV 642, United States District Court for the Southern District of New York.

19
20  - *True & Dorin Medical Group, P.C. v. Leavitt Medical Assocs. et al*, Case No. 05 CV 4036, United States District Court for the Southern District of New York.

21
22  - *Robert Novak d/b/a Pets Warehouse et al. v. Overture Services, Inc.,et al.*, Case No. CV 02-5164, United States District Court for the Southern District of New York.

23  - *Rescuecom Corp. v. Google Inc.*, Case No. 5:04-CV-1055, United States District Court for the Northern District of New York.

24
25  - *JTH Tax, Inc. d/b/a Liberty Tax Service v. Google Inc. et al.*, Case No. 05-CV-200, United States District Court for the Eastern District of Virginia.

26  **INTERROGATORY NO. 14:**

27      Identify and describe any settlement agreement and/or other arrangement whereby

28  Google has agreed not to permit advertisers or potential advertisers to purchase the trademarks of

14

351264.01

1  another as part of the AdWords Program.

2  **RESPONSE TO INTERROGATORY NO. 14:**

3       Google objects to this interrogatory to the extent it seeks confidential or proprietary

4  information.  Google will not disclose any such information until an appropriate protective order

5  has been entered in this lawsuit.  Google further objects to the interrogatory as vague,

6  ambiguous, overbroad, unduly burdensome and compound.  Google further objects to the

7  interrogatory to the extent that it seeks information neither relevant to the claim or defense of any

8  party, nor reasonably calculated to lead to the discovery of admissible evidence.  In particular,

9  Google objects to this interrogatory to the extent it seeks information about settlements involving

10  foreign trademarks.  Subject to and without waiving the foregoing objections, Google responds

11  as follows:

12       Pursuant to Federal Rule of Civil Procedure 33(d), once an appropriate protective order is

13  in place in this lawsuit, Google will produce any settlement agreements pursuant to which

14  Google agreed to prohibit advertisers from using U.S. trademarks as keyword triggers.

15  **INTERROGATORY NO. 15:**

16       Describe the relationship between Google and each of the Third-Party Defendants, and

17  identify any documents that memorialize this relationship.

18  **RESPONSE TO INTERROGATORY NO. 15:**

19       Google objects to this interrogatory to the extent it seeks confidential or proprietary

20  information.  Google will not disclose any such information until an appropriate protective order

21  has been entered in this lawsuit.  Google further objects to the phrase "AdWords advertisements

22  or advertisements triggered by Keywords" as overbroad, vague, and ambiguous.  Google further

23  objects to the interrogatory as unduly burdensome.  Google further objects to the interrogatory to

24  the extent that it seeks information neither relevant to the claim or defense of any party, nor

25  reasonably calculated to lead to the discovery of admissible evidence.  Google further objects to

26  the interrogatory because it contains multiple discrete subparts, in that its requests information

27  about Google's relationship with five different entities: America Online, Inc., Netscape

28  Communications Corp. Compuserve Interactive Services, Inc., Ask Jeeves, Inc., and Earthlink,

351264.01

1  Inc. Subject to and without waiving the foregoing objections, Google responds as follows:

2       Pursuant to Federal Rule of Civil Procedure 33(d), once an appropriate protective order is

3  in place in this lawsuit, Google will produce agreements, which speak for themselves,

4  memorializing its relationship with these five entities.

5  **INTERROGATORY NO. 16:**

6       Identify and describe any research, studies or other analyses performed or considered by

7  Google regarding Internet users' understanding of, preferences regarding, reactions to [or

8  confusion regarding] paid advertising and search engine results, including without limitation

9  Google Sponsored Links.

10  **RESPONSE TO INTERROGATORY NO. 16:**

11       Google objects to this interrogatory to the extent it seeks confidential or proprietary

12  information. Google will not disclose any such information until an appropriate protective order

13  has been entered in this lawsuit. Google further objects to the phrases "AdWords advertisements

14  or advertisements triggered by Keywords" and "reactions to [or confusion regarding]" as

15  overbroad, vague, and ambiguous. Google further objects to the interrogatory as unduly

16  burdensome and compound. Google further objects to the interrogatory to the extent that it seeks

17  information neither relevant to the claim or defense of any party, nor reasonably calculated to

18  lead to the discovery of admissible evidence. Subject to and without waiving the foregoing

19  objections, Google responds as follows:

20       Pursuant to Federal Rule of Civil Procedure 33(d), Google will produce non-privileged

21  studies it has conducted regarding Internet users' reactions to paid advertising appearing on the

22  same webpage as search engine results.

23  **INTERROGATORY NO. 17:**

24       Describe how Google manipulates which Sponsored Links appear in response to a search

25  depending on the geographic location of the person performing the search, including what factors

26  influence where certain Sponsored Links appear.

27  **RESPONSE TO INTERROGATORY NO. 17:**

28       Google objects to this interrogatory to the extent it seeks confidential or proprietary

1  information.  Google will not disclose any such information until an appropriate protective order

2  has been entered in this lawsuit.  Google further objects to the phrases "AdWords advertisements

3  or advertisements triggered by Keywords" and "what factors influence where certain Sponsored

4  Links appear" as vague and ambiguous.  Google further objects to the interrogatory as overbroad

5  and unduly burdensome.  Google further objects to the interrogatory to the extent that it seeks

6  information neither relevant to the claim or defense of any party, nor reasonably calculated to

7  lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing

8  objections, Google responds as follows:

9       Google's advertisers have the option of targeting their advertisements to specific

10  geographic regions, including one or more entire countries, or regions and cities within certain

11  countries.  If a Google advertiser selects this option, its advertisement will appear on a Google

12  searcher's results page only if that searcher is using a computer within the advertiser's targeted

13  area or is interested in that targeted area.  Google determines a searcher's location based on the

14  searcher's IP address; Google determines that a searcher is interested in a particular area if the

15  searcher uses location-specific search terms (e.g., "San Francisco pizza") or if the user enters a

16  specific location on Google Local.

17  DATED:  June 21, 2005                    KEKER & VAN NEST, LLP

18

19

20                                      By: _____
                                           MICHAEL H. PAGE

21                                         Attorneys for Plaintiff and Counterdefendant
                                           GOOGLE INC.

22                                         and Third-Party Defendants
                                           ASK JEEVES, INC. and EARTHLINK, INC.

23

24

25

26

27

28

                                      17

351264.01

1    I, NOELLE NICHOLS, declare and state as follows:

2    I am employed in the City and County of San Francisco, State of California in the office
3    of a member of the bar of this court at whose direction the following service was made. I am
     over the age of eighteen years and not a party to the within action. My business address is
4    Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111. On June 21,
     2005, I served the following document(s):

5    
6    GOOGLE INC.'S RESPONSES AND OBJECTIONS TO DEFENDANT AND
     COUNTER-PLAINTIFF AMERICAN BLIND & WALLPAPER FACTORY, INC.'S
7    FIRST SET OF INTERROGATORIES

8    ☑    by **PDF TRANSMISSION AND UNITED STATES MAIL**, by transmitting via PDF on this date. A true
          and correct copy of same was placed in a sealed envelope addressed as shown below. I am readily familiar
9         with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing.
          According to that practice, items are deposited with the United States Postal Service at San Francisco,
10        California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party
          served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one
11        day after the date of deposit for mailing stated in this affidavit.

12   Robert N. Phillips, Esq.                    Stephen E. Taylor, Esq.
     Howrey Simon Arnold & White, LLP            Taylor & Company Law Offices, Inc.
13   525 Market Street                           One Ferry Building
     Suite 3600                                  Suite 355
14   San Francisco, CA 94105-2708                San Francisco, CA 94111-4209

15   phillipsr@howrey.com                        staylor@tcolaw.com

16   Susan J. Greenspon, Esq.
     David A. Rammelt, Esq.
17   Kelley Drye & Warren LLP
18   333 West Wacker Drive
     Chicago, IL 60606
19
     sgreenspon@kelleydrye.com
20   drammelt@kellydrye.com

21
22   Executed on June 21, 2005, at San Francisco, California. I declare under penalty of perjury
     under the laws of the State of California that the above is true and correct.
23
24
25                                                  NOELLE NICHOLS
26
27
28