1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff and Counter Defendant
6  GOOGLE INC. and Third-Party Defendants
   ASK JEEVES, INC. and EARTHLINK, INC.
7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

11 | GOOGLE INC., a Delaware corporation,          | Case No. C 03-5340-JF (EAI)

12 |                              Plaintiff,        | **GOOGLE'S OPPOSITION TO**
                                                    | **DEFENDANT'S MOTION TO ENFORCE**
13 |        v.                                      | **STIPULATED PROTECTIVE ORDER**
                                                    | **AND TO DEDESIGNATE DOCUMENTS**
14 | AMERICAN BLIND & WALLPAPER
   | FACTORY, INC., a Delaware corporation          | Date:     January 27, 2006
15 | d/b/a decoratetoday.com, Inc., and DOES 1-     | Time:     TBA
   | 100, inclusive,                                | Dept:     TBA
16 |                                                | Judge:    TBA
   |                              Defendants.
17 |----------------------------------------
   | AMERICAN BLIND & WALLPAPER
18 | FACTORY, INC., a Delaware corporation
   | d/b/a decoratetoday.com, Inc.,
19 |
   |                        Counter Plaintiff,
20 |
   |        v.
21 |
   | GOOGLE INC., AMERICA ONLINE, INC.,
22 | NETSCAPE COMMUNICATIONS
   | CORPORATION, COMPUSERVE
23 | INTERACTIVE SERVICES, INC., ASK
   | JEEVES, INC. and EARTHLINK, INC.,
24 |
   |                    Counter Defendant/
25 |                  Third-Party Defendants.

26

                   **REDACTED VERSION**
27

28

---

364691.01

GOOGLE'S OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE STIPULATED PROTECTIVE ORDER AND
TO DEDESIGNATE DOCUMENTS
CASE NO. C 03-5340-JF (EAI)

Dockets.Justia.com

## I.    INTRODUCTION

1
2          This is an entirely unnecessary motion.  American Blind, hoping to "piggyback" on the

3   efforts of counsel in an entirely different lawsuit against Google, included in its documents

4   requests a request for *all* "documents produced by Google in the case captioned *Government*

5   *Employees Insurance Co. v. Google, Inc, et al.*"  That request is, of course, grossly overbroad:

6   American Blind cannot possibly claim that every document relevant in a completed, unrelated

7   case brought by an insurance company (Geico) is also relevant to American Blind's claims

8   against Google.  But because the litigation files for the Geico case were located in a single

9   storage location, it was easier for Google to give American Blind what it asked for—every

10  document produced in the Geico matter—than to argue about the overbreadth of the request.

11  Google therefore produced precisely the documents requested, in the manner in which they were

12  kept, complete with the Bates numbering and confidentiality designations from the *Geico v.*

13  *Google* case.

14         No good deed goes unpunished.  Having requested a mountain of paper, American Blind

15  now complains that it received what it asked for, and asks this Court to order Google to go back

16  and redo its *Geico v. Google* document production, re-reviewing every confidentiality

17  designation of every document produced in that case to conform to the protective order in *this*

18  case.  In so doing, American Blind converts its document request from merely overbroad to

19  burdensome.  Undoubtedly, there are documents designated "Confidential-Attorneys' Eyes

20  Only" in the *Geico v. Google* document production that—whether because of passage of time, or

21  differences between the terms of the two protective orders, or simple error—should be

22  redesignated "Confidential," and Google has no objection to doing so.  The protective order has

23  a simple procedure whereby American Blind can request redesignation of specific documents,

24  and Google has repeatedly advised American Blind of its willingness to respond expeditiously to

25  such requests.  Instead, American Blind filed this motion.

26         In its motion, filed on December 23, 2005, American Blind finally identifies for the first

27  time documents that it believes that Google improperly designated as "Attorneys' Eyes Only."  If

28  American Blind wanted Google to redesignate these documents, all it had to do was ask.  But

1

GOOGLE'S OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE STIPULATED PROTECTIVE ORDER AND
TO DE-DESIGNATE DOCUMENTS
CASE NO. C 03-5340-JF (EAI)

364691.01

1   despite Google's repeated entreaties that it do so, it never did.  Instead, it waited for nearly a

2   month from the last time it raised this issue with Google—until two days before Christmas—to

3   file a motion that specifies for the first time the documents that it believes Google improperly

4   designated.  For the vast majority of those documents, Google has no problem with allowing

5   American Blind to treat them as "Confidential" as it has requested.  It is unfortunate that

6   American Blind chose not to bring these documents to Google's attention before turning to the

7   Court.

8          American Blind's motion, however, also makes the particularly burdensome demand that

9   Google review confidentiality designations on approximately 100,000 pages of documents that

10  American Blind demanded even though Google already applied confidentiality designations to

11  these documents pursuant to a protective order similar to the protective order in place in this

12  case.  American Blind ostensibly wants Google to conduct this re-review so that its attorneys can

13  discuss documents produced by Google "with their client and other third parties."  (Mot. 4.)  But

14  under the terms of the protective order, two in-house attorneys from American Blind and

15  American Blind's independent experts already have the right to view documents designated

16  "Confidential – Attorneys' Eyes Only."  (Protective Order ¶ 2(b).)

17         To the extent American Blind wants to share documents with its "principal," presumably

18  its CEO and president Steve Katzman, American Blind has identified no legitimate need for him

19  to have blanket access to Google's confidential records.  This Court has held that a party's ability

20  to litigate a case is not impaired when its outside attorneys, but not its business people, have

21  access to documents obtained in discovery.  Indeed, that case specifically holds that restricting a

22  party's access to documents and requiring it to rely on American Blind's outside counsel Howrey

23  Simon Arnold & White "does not create an undue and unnecessary burden."  *Intel Corp. v. Via*

24  *Techs., Inc.*, 198 F.R.D. 525, 529 (N.D. Cal. 2000) (internal quotations omitted).  On the other

25  hand, requiring Google to review the "mountain of paper" that American Blind demanded to

26  determine confidentiality designations when Google already has reviewed those same documents

27  for confidentiality designations under a similar protective order is quintessentially an undue and

28  unnecessary burden.  (Mot. 4.)

2

364691.01

1

## II.    RELEVANT FACTS

2      American Blind has requested a vast amount of documents in this litigation.  Notably, its

3    44th document request calls for, among other things, all "documents produced by Google in the

4    case captioned *Government Employees Insurance Co. v. Google, Inc, et al.*, Case No. 1:04cv507

5    (LMB/TCB) (E.D.Va. filed May 4, 2004)."  (Declaration of Klaus H. Hamm ("Hamm Decl.")

6    Ex. A.)  In *Geico v. Google*, Google produced 24 boxes and 10 CDs of documents between

7    August and November, 2004.  Pursuant to American Blind's document request, in October,

8    2005, Google produced to American Blind these 24 boxes and 10 CDs of documents.

9          In both *Geico v. Google* and in this case, Google produced the documents pursuant to a

10    protective order.  Both protective orders allow the parties to restrict access to certain classified

11    documents that they produce by designating them "Confidential – Attorneys' Eyes Only."

12    (Protective Order ¶ 1; Hamm Decl. Ex. B at ¶ 1.)  In the current case, the Court's Protective

13    Order allows the party receiving such documents to disclose the documents to its outside

14    counsel, two in-house attorneys, independent experts and certain other people.  (Protective Order

15    ¶ 2(b).)

16          The two protective orders have similar provisions regarding which documents the parties

17    may designate as "Confidential – Attorneys' Eyes Only."  In *Geico v. Google*, the protective

18    order provides that a party could so designate documents relating to "(i) revenues, costs, profits,

19    or other financial matters; (ii) bids, proposals, offers or other documents relating to the

20    acquisition of or competition for business; (iii) business, sales or marketing plans or activities; or

21    (iv) a trade secret[.]"  (Hamm Decl. Ex. B at ¶ 1(b).)  In the current case, the Protective Order

22    provides that a party can designate documents as "Confidential – Attorneys' Eyes Only" if they

23    relate to "(i) current or future revenues, costs, profits, or other highly-sensitive, non-public

24    financial matters; (ii) bids, proposals, offers or other documents relating to attempts to acquire a

25    competing business; (iii) future strategic business, sales or marketing plans or activities; or

26    (iv) non-public patent applications or other highly-sensitive trade secrets, the disclosure of which

27    would irreparably harm the Designating Party."  (Protective Order ¶ 1(b).)  The Protective Order

28    in the current case also provides that parties may designate documents as "Confidential –

3

364691.01

1    Attorneys' Eyes Only" or "Confidential" only if they believe the documents in "good faith []

2    contain or reflect confidential, proprietary or other sensitive material[.]"  (Protective Order ¶ 1.)

3    When Google produced to American Blind the documents contained in 24 boxes and 10

4    CDs that it had reviewed, designated and produced one year prior in *Geico v. Google*, it did not

5    re-review them for the purpose of reconsidering what type of confidentiality designations to

6    apply.  Instead, it used the confidentiality designations that it already determined apply to those

7    documents.

8    Shortly after Google produced the documents to American Blind, it received a letter from

9    American Blind complaining that Google had designated too many documents "Confidential –

10    Attorneys' Eyes Only."  (Declaration Of Caroline C. Plater ("Plater Decl.") Ex. F.)  American

11    Blind's November 3, 2005 letter identified 338 pages of documents that it believed Google had

12    incorrectly designated.  (*Id.*)  Google's response explained that, as called for by American

13    Blind's document requests, Google had produced documents produced in *Geico v. Google* and

14    had retained the confidentiality designations applied in that case.  (Plater Decl. Ex. G.)  Google

15    also agreed to dedesignate the 338 pages of documents identified by American Blind in its letter.

16    (*Id.*)  Finally, in light of the circumstances, Google promised to deal with any future American

17    Blind de-designation requests "expeditiously and in a reasonable manner."  (*Id.*)

18    This offer did not satisfy American Blind, who continually demanded that Google instead

19    re-review the entire *Geico* production.  (Plater Decl. Exs. H, I, K.)  In response, Google

20    repeatedly urged American Blind to identify those documents it believes do not warrant

21    heightened protection under the Protective Order and promised to consider those requests.

22    (Plater. Decl. Ex. J ("If there are documents from *Government Employees Ins. Co. v. Google Inc.*

23    that you have a legitimate need to use outside of the protective order, and you believe are

24    improperly designated, we'll be happy to address them."); Hamm Decl. Ex. C ("we will quickly

25    and reasonably consider additional complaints that we have misdesignated specific documents.")

26    Aside from the 338 pages of documents that American Blind specified in its November 3, 2005

27    letter, and which Google agreed to de-designate, until now American Blind has not brought any

28    documents that it believes to be improperly designated to Google's attention.

4

GOOGLE'S OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE STIPULATED PROTECTIVE ORDER
AND TO DEDESIGNATE DOCUMENTS
CASE NO. C 03-5340-JF (EAI)

364691.01

1      Instead, nearly one month after its last communication regarding this issue, it filed on

2   December 23, 2005 the motion now before this Court.[1]  In this motion, American Blind identifies

3   for the first time tens of thousands of documents that it believes that Google improperly

4   designated as "Confidential – Attorneys' Eyes Only."  With regard to those identifications,

5   Google responds as follows:

6   •      American Blind has identified GOOGLE 19971-19996.  (Plater Decl. Ex. B.)  In its
         November 8, 2005 letter, Google had already agreed to designate these documents
7        "Confidential."  (Plater Decl. Ex. G.)

8   •      American Blind has identified GOOGLE 8990-8993.  (Plater Decl. Ex. C.)  Google
         agrees to dedesignate these documents.
9

    •      American Blind has identified GOOGLE 5313-5617.  (Plater Decl. Ex. D.)  Google
10       agrees to dedesignate these documents.

11  •      American Blind has identified GOOGLE 2717-2723.  (Plater Decl. Ex. E.)  Google
         agrees to dedesignate these documents.
12

    •      American Blind has identified GOOGLE 10001-23369 and GOOGLE 25385-27523.
13       (Plater Decl. ¶ 13.)  Google agrees to designate these documents "Confidential."

14  •      American Blind has identified GGE 423-56829.  (Plater Decl. ¶ 13.)  This appears to be a
         typographical error and that American Blind intended to identify GGE 6423-56829.
15       Google agrees to designate GGE 6423-50038 "Confidential."[2]

16      While Google is willing to allow American Blind personnel (other than the two in-house

17  attorneys described in paragraph 2(b)(ii) of the Protective Order who may see every document

18  _____

    [1] It appears that American Blind waited to file its motion until Friday, December 23, 2005
19  because it believed that Google would have to prepare its opposition over the Christmas holiday
    and file it on December 28, 2005.  Paragraph 7 of the Protective Order requires Google to file its
20  opposition within five days.  Of course, under Federal Rule of Civil Procedure 6, the time period
    is five business days and not five calendar days.   But American Blind's past actions indicate that
21  it was under the impression that Google would have to file its opposition within five calendar
    days.  In a November 22, 2005 letter, American Blind noted that the terms of the Protective
22  Order "require a written response . . . within five days" and purported to extend the deadline for
    a response to November 29, when in fact the deadline was December 1, 2005.  (Plater Decl. Ex.
23  H.)

24  [2] In a November 15, 2005 email, as a courtesy, Google provided American Blind with a detailed
    description of the documents produced on 10 CDs.  (Hamm Decl. Ex. D.)  In that email, Google
25  identified GGE 6423-56829 as "Electronic TM complaint correspondence," presumably forming
    the basis for American Blind's statement that "Google has identified the bates range GGE 423-
26  56829 as third party trademark complaints and related materials."  (Plater Decl. ¶ 13.)  Google's
    email inadvertently overlooked the fact that a small portion of the identified documents, i.e.,
27  GGE 50039-56829, consists of internal emails between Google personnel containing highly
    sensitive information about it advertising policies, analysis about its advertising policies and
28  detailed customer information.  Google is not willing to dedesignate GGE 50039-56829 and
    these documents should retain their "Confidential – Attorneys' Eyes Only" designation.

5

GOOGLE'S OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE STIPULATED PROTECTIVE ORDER
AND TO DEDESIGNATE DOCUMENTS
CASE NO. C 03-5340-JF (EAI)

364691.01

1   that Google produces) to view its "Confidential" documents pursuant to the terms of the

2   Protective Order, it is concerned that certain documents be treated more stringently.

3

4

5

6

7

8

9

10          Google does not accuse American Blind of improperly seeking de-

11  designations for competitive purposes.  Nevertheless, Google is concerned that only those people

12  who absolutely need to see certain sensitive documents see them and that American Blind's

13  business people do not see them.

14                              **III.    ARGUMENT**

15  **A.    Google Has Complied With The Protective Order**

16          Google has followed its discovery obligations in this case without engaging in

17  gamesmanship and it is committed to continue to do so.  When American Blind requested

18  approximately 100,000 pages of documents in a single document request, Google produced the

19  documents.  The burden of producing these documents was manageable because Google had

20  produced this same set of documents a year earlier in a different litigation.  That litigation had a

21  protective order in place that permitted Google to designate sensitive documents as

22  "Confidential" or "Confidential – Attorneys' Eyes Only."  As a result, a year prior to producing

23  the documents in the current case, Google's counsel reviewed the approximately 100,000

24  documents to determine, among other things, whether they contained privileged information and

25  what confidentiality designations to apply.  When Google produced the documents in this case, it

26  did not repeat this burdensome exercise.  Instead it copied the documents, including their pre-

27  existing Bates labels and confidentiality designations, and produced them to American Blind.

28          In following the above process, Google has followed the good faith provision contained

                                              6

364691.01

1  in the Protective Order entered by the Court in this case.  The Protective Order defines

2  "designated material" as material designated as either "Confidential" or "Confidential –

3  Attorneys' Eyes Only."  (Protective Order ¶ 1.)  It also requires parties to designate only those

4  documents that it "believe[s] in good faith to contain or reflect confidential, proprietary or other

5  sensitive matter[.]"  (*Id.*)  Because Google reviewed and designated this precise set of documents

6  a year earlier under a protective order that provides parties can designate documents "to protect

7  proprietary information, confidential business or financial information, and/or trade secrets

8  related to the Designating Party's business, personal, or financial affairs," Google had a good

9  faith basis for believing that the designated documents "contain or reflect confidential,

10 proprietary or other sensitive matter," as the current Protective Order requires.  (Hamm Decl. Ex.

11 B ¶ 1.)

12      Moreover, because the protective orders from *Geico v. Google* and from the current case

13 are so similar, Google reasonably believed that the vast majority of the documents bore the

14 appropriate designations as between "Confidential" and "Confidential – For Attorneys' Eyes

15 Only."  The two protective orders have identical descriptions of what documents parties may

16 mark as "Confidential," i.e., "information, documents, testimony or materials that the

17 Designating Party properly regards as proprietary, confidential, as implicating privacy concerns,

18 or as business information not disclosed in the ordinary course of business."  (Protective Order ¶

19 1(a); Hamm Decl. Ex. B ¶ 1(a).)  Similarly, the two protective orders contain four parallel

20 provisions regarding which documents may mark as "Confidential – For Attorneys' Only": one

21 regarding financial matters, one regarding acquisitions of a competing business, one regarding

22 business activities, and one regarding trade secrets.  While these four provisions differ in some

23 respects, overall they are very similar.  (*Compare* Protective Order ¶ 1(b) *with* Hamm Decl. Ex.

24 B ¶ 1(b).)

25      Google has repeatedly demonstrated, by both word and action, its willingness to

26 dedesignate any documents that it designated incorrectly or that it has determined it is willing to

27 designate as "Confidential" even it qualifies for a "Confidential – Attorneys' Eyes Only"

28 designation.  Google acknowledges that in the course or reviewing approximately 100,000 pages

7

364691.01

1  of documents, it may have made mistakes.  It also acknowledges that because the protective

2  orders in this case and in *Geico v. Google* have small differences, some documents may not bear

3  the appropriate designation.  As a result, it has repeatedly informed American Blind that it will

4  treat its requests for de-designation in a reasonable and expeditious manner.  Whether American

5  Blind has initiated a request by letter or by motion to this Court, Google has responded

6  reasonably by honoring the vast majority of American Blind's requests.

7      In conclusion, Google has substantially complied with the Protective Order.  To the

8  extent that it has not, Google is willing to take reasonable remedial steps.

9  **B.      Requiring Google To Review 100,000 That It Has Already Reviewed, While Very
            Burdensome To Google, Will Provide Little Benefit To American Blind**

10     A district court "has wide discretion in controlling discovery."  *Little v. City of Seattle*,

11  863 F.2d 681, 685 (9th Cir. 1989).  As reflected in Federal Rule of Civil Procedure 26(b)(2),

12  chief among the considerations in guiding a court's discretion is the balancing of the benefits and

13  burdens of the proposed discovery, taking into account, among other things, "the needs of the

14  case" and the "importance of the proposed discovery in resolving the issues."

15     American Blind wants to impose a heavy burden on Google by requesting that it review

16  for confidentiality designations approximately 100,000 documents that American Blind already

17  possesses and that Google has already reviewed for confidentiality designations.  On the other

18  hand, aside from burdening its adversary, the benefit to American Blind is non-existent.  A re-

19  review may result in a handful of de-designations.  But as Google's actions have demonstrated,

20  American Blind can achieve this same result simply by requesting Google to reconsider the

21  designations on selected documents.

22     Further, the increased ability of American Blind's "principal," presumably its CEO and

23  President Steve Katzman, to view documents is not a cognizable benefit.  In the first place, even

24  though American Blind's motion refers to Katzman as "the ultimate client," he is not a party in

25  this case.  (Mot. 2.)  American Blind is the relevant party, and under the Protective Order, two of

26  its in-house attorneys already have the ability to view each and every document that Google has

27  produced.  Moreover, this Court in *Intel* ruled that restricting a party's access—but not its

28

8

364691.01

1  outside counsel's access—to documents obtained through discovery does not impair its ability to

2  litigate, holding that "[r]equiring a party to rely on its competent outside counsel does not create

3  an undue and unnecessary burden." *Intel*, 198 F.R.D. at 528-29 (internal quotations omitted).

4  Coincidentally, in reaching this decision, this Court specifically remarked on the experience of

5  American Blind's local counsel Howrey Simon Arnold & White in handling intellectual property

6  litigation. *Id.* at 529.[3]

7      In short, while the burden on Google of reviewing approximately 100,000 documents that

8  it has already reviewed is great, the benefit for American Blind is non-existent. As a result, the

9  Court should deny American Blind's motion.

10  **IV.    CONCLUSION**

11      For the foregoing reasons, the Court should deny American Blind's motion.

12

13  Dated: January 3, 2005[4]          KEKER & VAN NEST, LLP

14

15

16  By: _____/s/ Klaus H. Hamm_____
    KLAUS H. HAMM
    Attorneys for Plaintiff and Counter Defendant
17      GOOGLE INC.
    and Third-Party Defendants
18      ASK JEEVES, INC. and EARTHLINK, INC.

19

20

21

22  [3] American Blind's lead outside counsel, Kelley Drye & Warren LLP, also has considerable experience in intellectual property litigation. Its website states: "We have extensive experience
23  in litigating copyright, patent, trademark and unfair competition disputes in state and federal courts and before the U.S. Patent and Trademark Office."
24  http://www.kelleydrye.com/practice_areas/10 (last visited December 28, 2005).

25  [4] Google submits its opposition today because American Blind moved pursuant to paragraph 7 of the Protective Order, which requires Google to file an opposition within five days. Paragraph 7
26  does not grant American Blind the right to file a reply brief. Nor, in light of the fact that the Protective Order shortens Google's time to file an opposition from the time allotted in Civil
27  Local Rule 7-3(a), would it be reasonable to allow American Blind to file a reply brief pursuant to Civil Local Rule 7-3(c) or any other provision. Nevertheless, American Blind has insisted
28  upon its right to file one. Hamm Decl. Ex. H. If it does, Google reserves the right to move to strike the brief and to move for sanctions to recover its costs in so moving.

9

GOOGLE'S OPPOSITION TO DEFENDANT'S MOTION TO ENFORCE STIPULATED PROTECTIVE ORDER
AND TO DEDESIGNATE DOCUMENTS
CASE NO. C 03-5340-JF (EAI)

364691.01