**EXHIBIT A**

Dockets.Justia.com

Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
Dawn M. Beery (Admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 857-7070
Facsimile: (312) 857-7095

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C 03-5340-JF (EAI)<br><br>**AMERICAN BLIND & WALLPAPER FACTORY, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM GOOGLE, INC.** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>GOOGLE, INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC., and EARTHLINK, INC.<br><br>Counter-Defendants/<br>Third-Party Defendants | |

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO GOOGLE

PROPOUNDING PARTY:   DEFENDANT/COUNTER-PLAINTIFF AMERICAN BLIND & WALLPAPER FACTORY, INC.

RESPONDING PARTY:   PLAINTIFF/COUNTER-DEFENDANT GOOGLE, INC.

SET NUMBER:   ONE

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. hereby propounds its First Set Of Interrogatories To Plaintiff/Counter-Defendant Google, Inc. A written response is required within 30 days of the service of these interrogatories.

I.

**DEFINITIONS**

A. The term "person" or "persons" includes both natural persons and legal entities, including without limitation, firms, associations, organizations, partnerships, businesses, trusts, corporations or public entities, and the acts and knowledge of a person are defined to also include the acts and knowledge of that person's directors, officers, members, employees, representatives, agents, partners and attorneys.

B. The terms "you," "your," and "Google" refer to Google, Inc., its predecessors, its present and former officers, directors, employees, agents, attorneys, representatives, and other person(s) acting on its behalf.

C. The term "American Blind" refers to American Blind & Wallpaper Factory, Inc., its predecessors, its present and former officers, directors, employees, agents, attorneys, representatives, and other person(s) acting on its behalf.

D. The term "document" is synonymous with the definition used in Rule 34 of the Federal Rules of Civil Procedure, and shall mean each original writing and each non-identical copy thereof (whether different from the original because of any notes or otherwise) of any nature whatsoever, including all drafts thereof, in your possession, custody, or control regardless of where located and includes, but is not limited to, each letter, memorandum, communication, report, study, photograph, drawing, plan, graph, chart, data compilation of every kind, computer printout, digital recording, electronic record, summary, minute, financial statement, accounting ledger, accounting

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO GOOGLE

-2-

journal, accounting sheet, contract, agreement, purchase order, invoice, work sheet, diary, calendar, notice, announcement, instruction, statement, schedule, check, negotiable draft, check stub, voucher, bank statement, receipt, list, telegram, telex, teletype, telecopy, wire funds transfer application, file label, file folder or envelope, file divider, or any other means or methods of recording, transcribing, disclosing, or producing any information.

  E. The phrase "relating to" includes concerning, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, touching upon, constituting and being. A document may "concern" a certain person or subject without that person or subject being the sole, or even the most significant topic of that document.

  F. The term "evidence" means constitute, mention, describe, concern, refer to, relate to, supplement, amend, supersede, replace, modify, or pertain to, in whole or in part, the subject matter of the particular requests.

  G. The singular shall include the plural, and the past tense shall include the present tense, and vice versa.

  H. The words "and" and "or" shall be both conjunctive and disjunctive.

  I. The word "all" shall mean "any and all."

  J. The word "any" shall mean "any and all."

  K. The word "including" shall mean "including without limitation."

  L. The terms "identify" and "state the identity of":

   1. when used in reference to a natural person, mean to state his or her (i) full name, (ii) present or last known residential address, (iii) present or last known business affiliation and position (including a description of his or her duties and responsibilities) at the time or during the period of time at question;

   2. when used in reference to a corporation, partnership, firm, association, or other business organization, mean to state the full name and principal address thereof, to

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO GOOGLE

-3-

identify any and all directors, officers, members or shareholders thereof, and its affiliation or relationship to plaintiff and/or defendants;

    3.    when used in reference to a communication or document, mean to state whether the communication was oral or written, and if an oral communication, to (i) state the date, time, place (or places, if it was by telephone) and mode thereof, (ii) identify each person making and/or receiving it and each other person who was present (in person, conference, by telephone or otherwise) when it was made, and (iii) state the nature, subject matter and substance thereof; or if a written communication, to (i) state the date, nature (e.g., letter, memorandum, contract, etc.), subject matter and substance thereof, (ii) identify the author or authors (and, if different, the signer and signers) thereof, (iii) identify the addressee or addressees (and, if different, the recipient or recipients, including all persons who received copies) thereof, and (iv) state the present location and identify the custodian or custodians thereof. In lieu of stating the substance of a written communication or document, a true, complete, and legible copy thereof may be attached to the answers to the interrogatories.

M.    "AdWords Program" shall mean the advertising program described by Google at the Website adwords.google.com.

N.    "Keyword" or "Keywords" shall have the same meaning as the terms "keyword" or "search query" used by Google as part of its AdWords Program.

O.    The "American Blind Marks" shall include any one of, and all of, the terms American Blind & Wallpaper Factory, American Blind Factory, American Blind, American Blinds, Decoratetoday, decoratetoday, and/or decoratetoday.com.

P.    "Trademark" or "trademarks" shall also include service marks and trade names.

## II.

## INSTRUCTIONS

Please adhere to the following instructions in answering these requests:

A. If you object to, or otherwise decline to respond to any portion of a request, please answer that portion to which you do not object or to which you do not decline to answer. If you object to a request on the ground that it is too broad (i.e., that it calls both for information which is relevant to the subject matter of the action and information which is not), please respond with concededly relevant information. If you object to a request on the ground that it constitutes an undue burden, please provide such information as can be supplied without undertaking an undue burden.

B. All objections or answers to these requests which fail or refuse fully to respond on the ground of any claim of privilege of any kind shall:

    i. state the nature of the claim of privilege;

    ii. state all facts relied upon in support of the claim of privilege or related thereto;

    iii. identify all documents related to the claim of privilege;

    iv. identify all persons having knowledge of any facts related to the claim of privilege; and

    v. provide a description of each document withheld sufficient to validate the privilege claims, including the date of each document, its author and all recipients.

C. For each and every document, or portion thereof, which you refuse to produce on the ground of any claim of privilege of any kind, prepare a privilege log setting forth the following:

    i. the date of the document, if any;

    ii. all persons who participated in the creation of the document;

    iii. all persons who received the document;

    iv. the nature of the document (i.e. letter, contract, etc);

    v. a general description of the subject matter of the document; and

    vi. all bases for your claim(s) of privilege as to the document.

D. These requests are deemed to be continuing, and should you obtain other information which would add to or change your answers to these requests, then you are directed to

furnish the undersigned with such additional or different information immediately upon your discovery or receipt of such information.

      E.      Documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs and subparagraphs set forth below.

      F.      These requests are intended to cover all information and documents in the possession of Google or its attorneys, or subject to the custody or control of Google or its attorneys. If any document described in the requests or responses thereto was, but no longer is in the recipient's custody or control, or is no longer in existence, state whether:

      i.      it is missing or lost;

      ii.      it has been destroyed;

      iii.      it has been transferred, voluntarily or involuntarily, to others; or

      iv.      it has been disposed of otherwise.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, the author's address, type of document, date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

      G.      A masculine, feminine, or gender neutral pronoun shall not exclude the other genders.

      H.      Unless otherwise specified, the documents requested are for the time period January 1, 1999 to the present.

///

///

///

## III.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

All documents referring or relating to the marketing, bidding, sale or other use of any of the American Blind Marks in connection with the AdWords Program.

**REQUEST NO. 2:**

All documents referring or relating to the use of the American Blind Marks as Keywords, search terms, or AdWords in the AdWords Program.

**REQUEST NO. 3:**

All documents that refer to the selling or marketing of trademarks in connection with the AdWords Program.

**REQUEST NO. 4:**

All documents referring or relating to Google's suggestions, recommendations or other communications to its advertising customers that they consider the use or purchase of one or more of the American Blind Marks as Keywords, search terms or AdWords.

**REQUEST NO. 5:**

All documents directed to or received from Google's sales or account representatives referring to the selling or marketing of trademarks in general, or the American Blind Marks in particular, as Keywords, search terms or AdWords.

**REQUEST NO. 6:**

All documents referring or relating to the selection, use or purchase of one or more of the American Blind Marks as Keywords, search terms or AdWords by Google's advertising customers.

**REQUEST NO. 7:**

All documents referring to, reflecting, or relating to communications between Google and any third person regarding Google's sale of that party's trademarks as Keywords, including but not limited to cease and desist letters received by Google from trademark owners.

REQUEST NO. 8:

All documents referring to, relating to, or consisting of settlement agreements or any other documents memorializing settlement arrangements between Google and a third-party relating to Google's sale of the third-party's trademarks as Keywords.

REQUEST NO. 9:

All documents relating or referring to the appearance of any American Blind Mark as one of the "More Specific Keywords" or "Similar Keywords" in the Google AdWords Keyword Suggestions part of the Google website.

REQUEST NO. 10:

All documents referring or relating to any consideration by Google of the possibility of removing the American Blind Marks from the AdWords Program.

REQUEST NO. 11:

All documents referring or relating to any consideration by Google of the possibility of prohibiting advertisers or potential advertisers from bidding on, purchasing, or otherwise using the trademarks of others as part of the AdWords Program.

REQUEST NO. 12:

All documents that you considered, that reflect, or that otherwise relate to your response to Interrogatory No. 1.

REQUEST NO. 13:

All documents referring or relating to any financial or other impact on Google that it identified as a potential outcome of the removal of the American Blind Marks from the AdWords Program.

REQUEST NO. 14:

All documents referring or relating to, reflecting, considering, or analyzing any financial or other impact on Google that it identified as a potential outcome of prohibiting advertisers from purchasing the trademarks of others as part of the AdWords Program.

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO GOOGLE

-8-

REQUEST NO. 15:

All documents referring or relating to any Google policies, guidelines or other written guidance concerning the use of trademarks as Keywords, search terms or AdWords in the AdWords Program, including all documents referring or relating to any change in or modification to such policies, guidelines or other written guidance.

REQUEST NO. 16:

Documents sufficient to show the revenues and profits, or any estimates of revenues or profits, earned or expected to be earned by Google from the AdWords Program from its inception to the date Google produces documents responsive to this request, including documents that substantiate such earnings and profits.

REQUEST NO. 17:

All documents relating to any revenues and profits, or any estimates of revenues or profits, earned or expected to be earned by Google from the sale of the American Blind Marks as Keywords, search terms or AdWords in the AdWords Program.

REQUEST NO. 18:

All documents relating to any revenues and profits, or any estimates of revenues or profits, earned or expected to be earned by Google from the sale of trademarks as Keywords, search terms or AdWords in the AdWords Program.

REQUEST NO. 19:

All reports, disclosure statements, and other documents relating to any submission by Google to any regulatory or governmental agency referring or relating to the AdWords Program.

REQUEST NO. 20:

All non-privileged documents relating to any analysis, review, or consideration of any legal issue by any person relating in any way to the use of trademarks in the AdWords Program.

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO GOOGLE

-9-

REQUEST NO. 21:

All non-privileged documents referring or relating to any legal opinion obtained by Google regarding the use or inclusion of trademarks as Keywords, search terms or AdWords in Google's AdWords Program.

REQUEST NO. 22:

All non-privileged documents referring or relating to any legal opinion obtained by Google in connection with the change in its AdWords Program to allow use of trademarks as Keywords, search terms or AdWords.

REQUEST NO. 23:

All documents on which Google intends to rely to defend against the claims of willful infringement and other intentional violations of law as alleged by American Blind in this lawsuit.

REQUEST NO. 24:

All documents referring or relating to every instance in which any of the American Blind Marks has been offered for sale or has been sold as a Keyword, search term or AdWord in Google's AdWords Program.

REQUEST NO. 25:

All documents referring or relating to every instance in which Google has included one or more of the American Blind Marks as a "More Specific Keywords" or "Similar Keywords" in the Google AdWords Keyword Suggestions.

REQUEST NO. 26:

Documents relating to any instance in which Google has declined to allow an advertiser or AdWords customer to use, or continue to use, another person's trademark as a Keyword, search term or AdWord.

REQUEST NO. 27:

All documents that you considered, that reflect, or that otherwise relate to your response to

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO GOOGLE

-10-

Interrogatory No. 2.

**REQUEST NO. 28:**

To the extent not already produced in response to the preceding requests, for each and every sponsored listing that has been triggered by one or more of the American Blind Marks, or that included one or more of the American Blind Marks in the text of the sponsored listing, documents reflecting:

- The advertiser responsible for such sponsored listing;
- The total number of clicks registered on or through each such sponsored listing; and
- The total amount of revenue to Google, or if no such documents are available the estimated amount of revenue to Google, generated by the total number of clicks registered on each such sponsored listing.

**REQUEST NO. 29:**

To the extent not already produced in response to the preceding requests, for each of the American Blind Marks, documents reflecting the total number of the following, by month and year, when each such mark was used as a Keyword, search term or AdWord, whether alone or in conjunction with other words as part of a search query:

- Impressions;
- Clicks on or through sponsored listings triggered by such search queries; and
- The total number of searches on Google or any third-party website initiated with one or more of the American Blind Marks as one of the words used in the search request.

**REQUEST NO. 30:**

All agreements and amendments or modifications thereto between Google and third-party websites or Internet service providers relating or referring to the AdWords Program.

**REQUEST NO. 31:**

Documents regarding the relationships between Google and each of the Third-Party Defendants in this case.

**REQUEST NO. 32:**

All documents that refer or relate to correspondence or communications between Google and

any expert whom Google intends to call as a witness in connection with this action or any other litigation relating to the AdWords Program.

REQUEST NO. 33:

All documents relied upon or referred to in preparation of Google's response to American Blind's First Set of Interrogatories.

REQUEST NO. 34:

All insurance policies or agreements that may be available to satisfy all or part of any judgment that may be rendered against Google in this matter.

REQUEST NO. 35:

All communications between Google and American Blind.

REQUEST NO. 36:

All communications between Google and The Blind Factory or any of its affiliates.

REQUEST NO. 37:

All communications between Google and SelectBlinds.com or any of its affiliates

REQUEST NO. 38:

All communications between Google and wallpaperstore.com or any of its affiliates.

REQUEST NO. 39:

All communications between Google and Blinds.com or any of its affiliates.

REQUEST NO. 40:

All documents consisting of, or referring or relating to, Google's communications with third parties referring or relating to American Blind or American Blind's products.

REQUEST NO. 41:

All documents sufficient to show any change in Google's gross or net revenue from the sale of Keywords between (i) the three-month period preceding Google's sale of trademarks as Keywords; and (ii) the three-month period immediately after Google began selling trademarks as Keywords.

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO GOOGLE

-12-

REQUEST NO. 42:

All documents consisting of, or referring or relating to, public inquiries regarding Google's trademark policy as it relates to its sale of trademarks as Keywords, including the interpretation and application of that policy.

REQUEST NO. 43:

All documents sufficient to show the date on which Google changed its policy regarding use of trademarks in its AdWords program to allow advertisers to select trademarks as Keyword triggers for their advertisements.

REQUEST NO. 44:

All transcripts of depositions, hearings, or other proceedings, Orders entered, and/or documents produced by Google in the case captioned *Government Employees Insurance Co. v. Google, Inc, et al.*, Case No. 1:04cv507 (LMB/TCB) (E.D. Va. filed May 4, 2004).

REQUEST NO. 45:

All transcripts of depositions, hearings, or other proceedings, Orders entered, and/or documents produced by Google in the case captioned *Louis Vuitton v. Google*, pending in France and filed on August 6, 2003.

REQUEST NO. 46:

All transcripts of depositions, hearings, or other proceedings, Orders entered, and/or documents produced by Google in the case captioned *AXA v. Google*, pending in France.

REQUEST NO. 47:

All transcripts of depositions, hearings, or other proceedings, Orders entered, and/or documents produced by Google in the case captioned *Metaspinner Media GmbH v. Google, Inc.*, pending in Germany as Case No. 312 O 887/03.

REQUEST NO. 48:

All transcripts of depositions, hearings, or other proceedings, Orders entered, and/or documents

1 | produced by Google in the case captioned *Viaticum & Luteciel v. Google,* pending in France.

**REQUEST NO. 49:**

All documents referring to, relating to, or referencing research done by or for Google regarding consumer's or user's preferences regarding the presentation or display of "Sponsored Links."

**REQUEST NO. 50:**

All documents referring to, relating to, or referencing research done by or for Google regarding consumer's or user's understanding or perception of "Sponsored Links."

**REQUEST NO. 51:**

All documents that you considered, that reflect, or that otherwise relate to your response to Interrogatory No. 16.

Dated: April 25, 2005

HOWREY LLP

By: _____
ROBERT N. PHILLIPS

David A. Rammelt
Susan J. Greenspon
Dawn M. Beery
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of California. I am employed in San Francisco County, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 525 Market Street, Suite 3600, San Francisco, CA 94105. On the date set forth below, I served the document(s) described below in the manner described below:

**AMERICAN BLIND & WALLPAPER FACTORY, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM GOOGLE, INC.**

**VIA FACSIMILE & U.S. MAIL**
Michael H. Page
Mark A. Lemley
Ravind S. Grewal
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Facsimile: (415) 397-7188

**VIA FACSIMILE & U.S. MAIL**
Stephen E. Taylor
Jan J. Klohonatz
Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355
San Francisco, CA 94111
Facsimile: (415) 788-8208

**XX** (BY FACSIMILE) I am personally and readily familiar with the business practice of Howrey Simon Arnold & White, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Howrey Simon Arnold & White, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

(BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

**XX** (BY U.S. MAIL) I am personally and readily familiar with the business practice of Howrey Simon Arnold & White, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at San Francisco, California.

Executed on April 25, 2005, at San Francisco, California.

Patricia Cranmer          /s/ Patricia Cranmer
                              (Signature)

HOWREY
SIMON
ARNOLD &
WHITE