**EXHIBIT B**

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE, INC., and OVERTURE SERVICES, INC., <br><br> Defendants. | Civil Action No. 1:04cv507 <br> LMB / TCB |

## STIPULATED PROTECTIVE ORDER

The parties, by counsel, hereby stipulate to the entry of the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 501:

1. **Designated Material.** Any information or documents produced, including any information or documents produced by a third party, formally or informally, in response to a discovery request or deposition in this action may be designated as confidential by the person or entity producing or filing it (the "Designating Party"). Information and material shall include magnetic media, electronic media and any material derived from magnetic media. All such information and material and all information or material derived from it constitutes "Designated Material" under this Order. The designation may be made to avoid invasions of individual privacy and to protect proprietary information, confidential business or financial information, and/or trade

secrets relating to the Designating Party's business, personal, or financial affairs. The designation shall be either "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    a.    <u>Materials that may be marked "CONFIDENTIAL."</u> Any information, documents, testimony or materials that the Designating Party properly regards as proprietary, confidential, as implicating privacy concerns, or as business information not disclosed in the ordinary course of business may be designated as "CONFIDENTIAL."

    b.    <u>Materials that may be marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY."</u> Any information, documents, testimony or materials that the Designating Party properly regards as relating to (i) revenues, costs, profits, or other financial matters; (ii) bids, proposals, offers or other documents relating to the acquisition of or competition for business; (iii) business, sales or marketing plans or activities; or (iv) a trade secret, may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.    <u>Access.</u> Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

    a.    <u>Disclosure of CONFIDENTIAL Designated Material.</u> Material designated "CONFIDENTIAL" may be disclosed to (i) no more than three current officers, directors, or employees of a party (other than of the party producing the document) who are personally involved in the administration, supervision or decision-making activities associated with this litigation and have agreed in writing to be bound by

the Order, and (ii) those individuals to whom Designated Materials may be disclosed under the terms of paragraphs (b), (c), and (f) below.

      b.      Disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY Designated Material.

(i) Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to outside counsel of record for parties to this action, their legal associates and their regularly employed office staffs.

(ii) Subject to paragraph 2(b)(iv), material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may also be disclosed to one in-house attorney, whose primary responsibilities are related to litigation ("Designated Counsel") for each Party. Such Designated Counsel shall be designated by each Party in a letter sent to all Parties in advance of such disclosure. Should the attorney serving as Designated Counsel leave the employment of a Party, that Party may designate a new attorney to serve as Designated Counsel in the manner described above.

(iii) Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may also be disclosed to Independent Experts pursuant to paragraph (c) below or other persons pursuant to paragraph (e) below.

(iv) Notwithstanding paragraph 2(b)(ii) of this Order, no materials designated by Co-Defendant Overture Services, Inc. as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed to any officers, directors, or employees of Google, Inc., and no materials designated by Co-Defendant Google, Inc. as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be disclosed to any officers, directors or employees of Overture Services, Inc.

- 3 -

c. <u>Disclosure to Independent Experts</u>. Designated Material may be disclosed to Independent Experts designated pursuant to subsections (d) and (e), below. For purposes of this Protective Order, "Independent Expert" means an expert or independent consultant or contractor who is not an employee of the party retained for the purposes of advising and assisting counsel in the preparation or trial of this action or retained to give expert testimony or retained for both purposes, and his or her assistants, to whom it is necessary to disclose Designated Material for the purpose of this action.

d. <u>Designation of Independent Experts</u>. Designated Material may be made available to Independent Experts, provided that the following information is made known in writing to the Designating Party and received no less than four business days before the intended date of disclosure to that Independent Expert:

- the identity of that Independent Expert, by name and brief description, including education, present and past employment, and general areas of expertise; and
- all other present and all prior relationships of that Independent Expert with any of the parties.

Prior to any Independent Expert reviewing or receiving any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials, he or she must (i) execute a copy of the Declaration as set forth in paragraph 17 of this Order, (ii) agree to retain any Designated Materials without making any further copies thereof, and (iii) agree to return all copies of Designated Materials at the conclusion of his/her services.

e. <u>Objection to Independent Experts</u>. If the opposing party objects to disclosure of Designated Material to an Independent Expert, that party shall serve written objections, identifying with particularity the basis for the objection. Such objections shall

- 4 -

not be unreasonably made. Service of the objections shall be by personal delivery, overnight courier, facsimile, or certified or registered mail, return/receipt requested, and received within three business days after the date of receipt of the identification of an Independent Expert. If the parties cannot agree on disclosure of Designated Material to the proposed Independent Expert, the objecting party shall promptly file and serve a motion for an Order forbidding disclosure to the proposed Independent Expert. On any such motion, the objecting party shall have the burden of proof. No Designated Material shall be disclosed to that Independent Expert until the validity of the objection has been resolved, either by negotiation or by the Court.

    f.    <u>Disclosure by Stipulation</u>. Material designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed upon stipulation by all of the parties to this action to any other person who agrees in writing to be bound by this Order.

    g.    <u>Disclosure to Court</u>. Except as provided in paragraph 5, this Order shall not apply to disclosures of Designated Material to the Court or its staff in connection with the Court's administration and adjudication of this action, or to Court reporters.

    h.    <u>Copies</u>. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. The Parties may utilize third-party copying and imaging providers. All copies and extracts are subject to paragraph 9 of this Order.

   i.  <u>Custody of Designated Materials</u>. A person with custody of Designated Materials shall maintain them in a manner that limits access only to those persons who have agreed to be bound by this Order.

   j.  <u>Authors and Addressees</u>. The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document; provided, however, that if: (1) the document has been annotated by another person; and (2) the annotations are designated as confidential, then the annotations shall be redacted from the copy of the document shown to the author, addressee or recipient, unless the annotations were made by someone employed by the Designating Party and the person to whom the document will be shown is also employed by the Designating Party.

  3.  <u>Designating Documents</u>. When a party producing documents wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," such designation shall be made by placing an appropriate legend on each page of the document prior to production. This designation of confidential information need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection by a party's counsel shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the time of the inspection. When a party wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL –

- 6 -

ATTORNEYS' EYES ONLY" a document produced by someone other than the Designating Party, such designation shall be made within ten business days from the date that the Designating Party receives notice that the document has been produced by notice to all parties, identifying with particularity the designated documents.

   4.   Designating Depositions.

      a.   Timing. Deposition transcripts or portions thereof may be designated as 'CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a party either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten business days after the reporter sends written notice that the transcript or portion thereof in their possession or control as directed by the Designating Party. Pending expiration of the ten business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      b.   Exclusion of Persons. Where testimony is designated at a deposition, the Designating Party may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this Order.

      c.   Exhibits. Any party may mark a deposition exhibit as Designated Material and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and

related transcript pages receive the same confidentiality designation as the exhibit.

5. **Court Procedures.** Should a party desire to include or make specific reference to Designated Material, designated by another party, in a submission to the Court, that party shall follow the procedures set forth in Local Civil Rule 5 to request that the papers including such Designated Material be sealed.

6. **Subpoena By Other Courts or Agencies.** If a third party, another court or an administrative agency subpoenas or orders production of documents or information or materials, designated for protection under this Protective Order, that a party has obtained under the terms of this Order, such party shall promptly notify the Designating Party of the pendency of such subpoena or order.

7. **Objections.** A party challenging a "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation shall do so in writing and shall state the basis for the challenge. The Designating Party shall, within 5 days after receiving such notice, respond in writing. If the Designating Party fails to respond timely in writing, then the Designating Party shall be deemed to have waived the claim of confidentiality. The Challenging Party may move the Court for an order that the material is not confidential. Before filing such a motion, counsel shall meet and confer in a good faith effort to resolve their differences. The Designating Party may file a brief in opposition to the Challenging Party's motion within 5 days. Pending a decision from the Court, the information shall be treated as properly designated under this Order.

8. **No Prejudice.**

   a. Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

   b. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

   c. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

   d. A party may seek to make late designations of information and materials by stipulation or Court Order if the party failed to make a timely designation through mistake or inadvertence.

9. **Final Disposition.** Upon final termination of the action, all Designated Material, including all copies, abstracts, summaries, documents or materials containing information taken from them (but excluding any materials which in the judgment of counsel are work product materials), shall be returned to counsel for the person that produced the material or destroyed. If a Receiving Party destroys material in accordance with this paragraph, that Receiving Party shall notify the Designating Party in writing within ten business days of the destruction. In the case of materials designated under this Order by someone other than the Designating Party, the materials shall be returned to counsel for the Designating Party, or destroyed. Outside counsel, however, may retain pleadings, attorney and consultant work product, and depositions, including one copy of

- 9 -

any designated exhibits, solely for archival purposes.

10. <u>Modification and Survival</u>. The restrictions imposed by this Order may be modified or terminated only by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

11. <u>Expert Discovery</u>. A testifying expert is not required to retain, and a party is not required to disclose, intermediate drafts of the expert's report, so long as such drafts are: (a) prepared solely by the expert while formulating the proper language in which to articulate his own, ultimate opinion; (b) arrived at by his own work or of those working at his personal direction; and (c) not provided to or discussed with anyone else.

12. <u>No Contract</u>. This proposed Order is for the Court's consideration and approval as an Order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

13. <u>Inadvertent Disclosure of Designated Material</u>. If any party inadvertently discloses Designated Material to a person or persons other than those designated under paragraph 2 of this Order, that party promptly shall notify the Designating Party of the disclosure and undertake all reasonable efforts to retrieve the Designated Material.

14. <u>Attorney-Client and Work-Product Material</u>. If any party inadvertently produces materials protected by the attorney-client or work-product doctrines, that party may notify counsel to whom the material was produced and the material will be returned. Inadvertent production of such privileged material will not constitute a waiver of the

- 10 -

attorney-client privilege or work-product privilege. The parties agree that upon notification of such an inadvertent production, any copies already made of the privileged material will either be returned or destroyed.

15. **Designations Not Admissions.** Nothing in this Protective Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

16. **Privileged Log.** No party need identify on its privileged log any attorney-client communications or work product materials created on or after the filing of this suit, i.e., May 4, 2004, because to do so would be unduly burdensome given the volume of such attorney-client communications and work product materials.

17. **Declarations.** To become entitled to review materials designated as "CONFIDENTIAL" and/or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided in paragraph 1, the person identified in paragraphs 2(a), (2)(b)(i) and 2(b)(iii) shall first be provided with a copy of this Protective Order and shall be required to sign a Declaration in the form set forth as Exhibit A hereto. None of the other persons listed in paragraph 2 shall be required to sign such a Declaration. The party on whose behalf the Declaration is signed shall retain the original Declaration and shall serve a copy thereof, and, in case of an outside expert or consultant, a copy of the person's curriculum vitae, on the producing party, who shall have four business days from the date of receipt of such notice to object to the disclosure by providing the other party written notice of the objection. No disclosure of materials designated "CONFIDENTIAL" or

- 11 -

"CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be made to any such person until the four-day period has passed without objection. For purposes of this order, "outside expert" means a person who is not an employee, officer, or director of a party or a subsidiary or affiliate of a party.

SO ORDERED this 15th day of October, 2004.

United States District Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC. and OVERTURE SERVICES, INC.,<br><br>Defendants. | Civil Action No. 1:04cv 507 LMB/TCB |

### DECLARATION

I, _____, declare as follows:

1. I have received and carefully read a copy of the Stipulated Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and to comply with all the terms of the Stipulated Protective Order, and by such other orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. Specifically, I agree to hold in confidence and not to disclose any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shown to me in the course of this litigation.

4. I agree to return all documents containing materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to outside counsel by whom I have been retained at the conclusion of this litigation.

5. I acknowledge that the Court may sanction me in the event that I violate

- 13 -

the provisions of the Stipulated Protective Order, and I hereby agree to submit to the jurisdiction of this Court for said purpose.

6. I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this ____ day of _____, 2004.

_____
Signature

_____

- 14 -

WE ASK FOR THIS:

**ARNOLD & PORTER LLP**
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

By: _____
Charles D. Ossola
*Counsel to Government Employees Insurance Company*

**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, California 94111-1704
(415) 391-5400

By: _____
Michael H. Page
*Counsel to Google, Inc.*

**TROUTMAN SANDERS LLP**
1660 International Drive, Suite 600
McLean, VA 22102
Phone: (703) 734-4356

By: _____
John Anderson
*Counsel to Government Employees Insurance Company*

**WILMER CUTLER PICKERING HALE and DORR LLP**
1600 Tysons Blvd., Suite 1000
McLean, Virginia 22102
(703) 251-9700

By: _____
David P. Donovan
*Counsel to Google, Inc.*

**BRINKS HOFER GILSON & LIONE, P.C.**
455 North Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611
(312) 321-4200

By: _____
~~David S. Fleming~~ / Philip A. Jones
*Counsel to Overture Service, Inc.*

**REED SMITH LLP**
3110 Fairview Park Drive, Suite 1400
Falls Church, Virginia 22042
703-641-4200

By: _____
Richard C. Sullivan, Jr.
*Counsel to Overture Service, Inc.*

- 15 -