**EXHIBIT C**

Dockets.Justia.com

LAW OFFICES
# KEKER & VAN NEST
LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

KLAUS H. HAMM
KHAMM@KVN.COM

December 5, 2005

VIA FACSIMILE AND U.S. MAIL

David A. Rammelt, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606

Re:   **Google Inc. v. American Blind & Wallpaper Factory, Inc.,**
      **SDC ND Cal. Case No. C-03-5340**

Dear David:

I write in response to your letters and emails regarding the confidentiality designations on documents produced by Google.

In your November 29, 2005 email you wrote that "literally tens of thousands of pages of documents produced to us . . . have been marked 'Confidential - Attorneys' Eyes Only' even though they do not . . . qualify for this heightened level of protection." Yet, you have not identified what documents you believe are improperly designated. It follows naturally from your refusal to identify the supposedly misdesignated documents that you have not explained why these documents "do not fall within one of the four narrow categories of material" that qualify for the "Confidential - Attorneys' Eyes" designation.

If you let me know what documents you are complaining about, I will gladly consider your complaint. For example, a month ago, when you identified 338 pages that you believed we had misdesignated, I considered your complaint. Although I did not agree with your argument that we had misdesignated these pages under the protective order, in the interest of not wasting the parties' resources debating designations, I agreed that you could treat them as if we had designated them "Confidential." As I have previously informed you, and as my actions have demonstrated, we will quickly and reasonably consider additional complaints that we have misdesignated specific documents. You have not made any such complaints.

As for your protestation in your November 22, 2005 letter that it would be unfair to burden you with "wad[ing] through tens, if not hundreds, of thousands of pages of Google

363368.01

David A. Rammelt, Esq.
December 5, 2005
Page 2

documents" in order to determine if Google misdesignated the documents, I don't see the burden. I assume that you requested these documents because you wanted to review them, and that you plan to do so.

In your November 29, 2005 email you made numerous requests that Google provide details about its document production. You asked us to:

- "identify specifically which documents Google has produced . . . in this case in response to our specific document requests;"

- "identify for me, by box of Bates number, which documents were being produced in response to each specific request in this case;" and/or

- "identify the source for each of the documents, or boxes."

Leaving aside the fact that I don't understand the difference between your first two requests, it is clear that we have no obligation to provide this level of detail. You didn't do so when you provided us with the one box of documents that you have produced thus far. Nor do the rules, which allow us to produce documents "as they are kept in the usual course of business," require us to do so.

Finally, when do you plan to produce to us a privilege log? I asked that you do so in my November 8, 2005 letter to you, and I have received no response. Also, when do you plan on fully responding to Google's first set of interrogatories? I identified specific deficiencies in your responses in my November 10, 2005 letter to you, and I have received no response. The date for our mediation is rapidly approaching, and if you're in possession of relevant information that we've requested, you must produce it.

As always, I am available if you would like to discuss any of these issues.

Very truly yours,

Klaus H. Hamm

KHH:daf

363368.01