1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  710 Sansome Street
   San Francisco, CA  94111-1704
4  Telephone:  (415) 391-5400
   Facsimile:  (415) 397-7188
5

6  Attorneys for Plaintiff and Counter Defendant
   GOOGLE INC. and Third-Party Defendants
7  ASK JEEVES, INC. and EARTHLINK, INC.

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11

12  GOOGLE INC., a Delaware corporation,        Case No. C 03-5340-JF (EAI)

13                              Plaintiff,      **GOOGLE INC.'S OPPOSITION TO
                                                DEFENDANT'S MOTION TO COMPEL
                                                COMPLIANCE WITH F.RC.P. 34(b)**
14          v.

15  AMERICAN BLIND & WALLPAPER               Date:       February 3, 2006
    FACTORY, INC., a Delaware corporation    Time:       9:30 a.m.
16  d/b/a decoratetoday.com, Inc., and DOES 1-  Courtroom: 4
    100, inclusive,                           Judge:      Hon. Richard Seeborg
17                              Defendants.

18  AMERICAN BLIND & WALLPAPER
    FACTORY, INC., a Delaware corporation
19  d/b/a decoratetoday.com, Inc.,

20                       Counter Plaintiff,

21          v.

22  GOOGLE INC., AMERICA ONLINE, INC.,
    NETSCAPE COMMUNICATIONS
23  CORPORATION, COMPUSERVE
    INTERACTIVE SERVICES, INC., ASK
24  JEEVES, INC. and EARTHLINK, INC.,

25                  Counter Defendant/
                   Third-Party Defendants.
26

27

28

## I.    INTRODUCTION

American Blind has insisted on persisting with this motion even though it already has obtained the relief it requested.  In its motion American Blind states that if all of the documents at issue were produced by Google in response to American Blind's request for documents that Google produced in *Government Employees Ins. Co. v. Google, Inc.*, "than so be it."  (Mot. 6.)  It argued that if Google did not provide this information, "American Blind has no way to decipher which documents were originally produced in *GEICO* and which documents are being produced for the first time here."  (*Id.*)  Google responded by informing American Blind that all the documents at issue were produced in *GEICO*.  But even though American Blind now has the information to decipher which documents were originally produced in *GEICO*, it insists on bringing this matter before the Court.  It has taken the position that Rule 34(b) requires Google, for each document it has produced, to identify each and every document request to which that document responds.

Putting aside for the moment the merits of this interpretation, the requirement of Rule 34(b) that a party organize and label documents produced to correspond with the categories in a document request simply does not apply when a party produces documents as they are kept in the usual course of business.  And though this is exactly what Google has done, American Blind barely confronts this fact.  American Blind requested documents produced by Google in *GEICO*—in other words, American Blind requested a portion of Google's litigation files—and Google produced these documents ordered by Bates number, which is exactly the manner in which Google keeps them.

Furthermore, when Google originally produced these documents in *GEICO*, it produced them as they are kept in the usual course of business.  In fact, many of the document are alphabetized (just as these documents were kept in Google's filing cabinets), and contain corresponding pages to assist in navigating these documents, such as "EH-EN."  As a result, from <u>two</u> perspectives, Google produced the documents as they are kept in the usual course of business:  Google produced the requested litigation materials as it keeps them in the usual course of its business, and these litigation materials were originally organized (and remain organized) as

1  Google maintained them in the usual course of its business.  In short, American Blind's vague

2  and unsupported contention that Google has not produced the documents as they are kept in the

3  usual course of business is flat wrong.

4  The real purpose of American Blind's motion appears to be an attempt to impose an

5  unfair burden on Google.  American Blind served 51 overlapping document requests that seek

6  hundreds of different categories of documents.  Some of the requests are nearly word-for-word

7  repetitions of others.  Its request for documents produced by Google in *GEICO* multiplies this

8  duplication since American Blind copied 17 document request that GEICO served on Google.

9  Thus, American Blind <u>knew</u> when it crafted and served its requests that many of the documents

10  that Google produced in *GEICO* would respond not only to its request for documents produced

11  in *GEICO* but also to one or more of its other requests.  In that light, the implications of

12  American Blind's argument—that Google should have produced these documents organized to

13  correspond to each request to which they respond—is ridiculous.  To comply with American

14  Blind's tortured reading of Rule 34(b), Google would have had to make multiple copies of the

15  more than 100,000 documents that American Blind requested and then organize these documents

16  into bundles corresponding to the categories in each of American Blind's 51 document requests.

17  Google would have had this burden because American Blind crafted extremely duplicative

18  document requests.  The law, let alone common sense, does not impose this burden and the Court

19  should deny American Blind's motion.

20  ## II.    RELEVANT FACTS

21  American Blind's 51 document requests constitute a web of overlapping and duplicative

22  requests seeking a vast amount of documents.  American Blind's first six requests read like a

23  broken record, with each one seeking documents related to the use of American Blind's alleged

24  trademarks in Google's AdWords advertising program:

25  • Request No. 1 seeks, among other things, documents relating to the "marketing,
26  bidding, sale or other use . . . of the American Blind Marks in connection with the
   AdWords Program."

27  • Request No. 2 seeks, among other things, documents relating to the "use of the
   American Blind Marks as . . . AdWords in the AdWords Program."

28

2

GOOGLE INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WIT F.R.C.P. 34(b)
CASE NO. C 03-5340-JF (EAI)

- • Request No. 3 seeks, among other things, documents referring "to the selling or marketing of trademarks in connection with the AdWords program."

- • Request No. 4 seeks, among other things, documents relating to Google's "communications to its advertising customers that they consider the use . . . of one or more of the American Blind Marks as . . . AdWords."

- • Request No. 5 seeks, among other things, documents to or from "Googles's sales or account representatives referring to the selling or marketing of . . . the American Blind Marks . . . as . . . AdWords."

- • Request No. 6 seeks, among other things, all documents relating "to the selection, use or purchase of . . . the American Blind Marks as . . . AdWords by Google's advertising customers."

(Plater Decl. Ex. A.)

Request Nos. 9 and 25 provide an even more blatant display of American Blind's duplicative document requests:

- • Request No. 9 is for: "All documents relating or referring to the appearance of any American Blind Mark as one of the 'More Specific Keywords' or 'Similar Keywords' in the Google AdWords Keyword Suggestions part of the Google website."

- • Request No. 25 is for: "All documents referring or relating to every instance in which Google has included one or more of the American Blind Marks as a 'More Specific Keywords' or 'Similar Keywords' in the Google AdWords Keyword Suggestions."

(*Id.*)

American Blind's 44th document request, which seeks, among other things, all "documents produced by Google in the case captioned *Government Employees Insurance Co. v. Google, Inc.*" also contains built-in duplication. Although the complaint in *GEICO* was filed after Google filed the complaint in this case, *GEICO* went to trial more than a year ago. When American Blind served its document requests—well after the trial in *GEICO* had ended—it copied, word-for-word, numerous requests that GEICO had served on Google. For example, GEICO's fifth document request and American Blind's third document request both seek: "All documents that refer to the selling or marketing of trademarks in connection with the AdWords program." (Compare Hamm Decl. Ex. A *with* Plater Decl. Ex A.) In all, American Blind repeats verbatim 10 different requests that GEICO made.[1] It also repeats almost word-for-word four

---

[1] American Blind's Request Nos. 3, 15, 16, 18, 19, 26, 30, 34, 42, and 43 are identical to

3

other requests and borrows heavily from three more requests.[2]  Thus by seeking all documents produced by Google in *GEICO* and also duplicating 17 requests made to Google in *GEICO*, American Blind multiplies the redundancy of its requests.

In mid-October, 2005, Google and American Blind agreed that they would make simultaneous initial document productions to each other on October 26, 2005.  (Hamm Decl. ¶ 2.)  On October 26, 2005, Google produced 24 boxes of paper documents and 10 CDs of electronic documents to American Blind.  (Hamm Decl. Exs. B & C.)  The documents were the same set of documents that Google produced in *GEICO*.  Google has since produced to American Blind an approximately 400-page privilege log, data compilations in response to certain American Blind interrogatories, and an additional box of documents.  (Hamm Decl. Exs. D - F.)  The data compilations are responsive to Interrogatories Nos. 1, 2, 9 and 10, and are clearly labeled as such.  (Hamm Decl. Ex E.)  In addition, upon American Blind's request and as a courtesy, Google provided American Blind with information about the source of documents produced on the 10 CDs.  (Hamm Decl. Ex. G.)

Soon after Google made its initial production of documents, Google received one box of documents from American Blind.  (Hamm Decl. ¶ 2.)  Google has not received any discovery from American Blind since.  (*Id*.)

On December 23, American Blind served the current motion, which states:

> If it is Google's contention that some or all of the 110,330 pages of materials are responsive to Request No. 44, than so be it.  But Google is still under an obligation to identify with specificity which documents are responsive to Request No. 44, not to mention which documents are responsive to any of the other specific requests.  Otherwise, American Blind has no way to decipher which documents were originally produced in *GEICO* and which documents are being produced for the first time here.

(Mot. 6.)

---

GEICO's Request Nos. 5, 16, 17, 19, 20, 27, 31, 34, 37, and 40.  (*Compare* Plater Decl. Ex A *with* Hamm Decl. Ex. A.)

[2] American Blind's Request Nos. 20, 21, 22, and 41 are identical to GEICO's Request Nos. 21, 22, 23, and 36 except that American Blind has either added the word "non-privileged" or substituted the word "Google" for "Defendant."  And American Blind's Request Nos. 7, 11, and 14 borrow heavily from GEICO's Request Nos. 9, 13, and 15 and are substantially similar. (*Compare* Plater Decl. Ex. A *with* Hamm Decl. Ex. A.)

4

After receiving this motion, Google sent a letter to American Blind containing the information that American Blind demanded. The letter stated: "All of the documents referred to in American Blind's motion were produced in the *GEICO* case, and were produced to you as responsive to, *inter alia*, document request No. 44." (Hamm Decl. Ex. H.) As a result, American Blind possesses information with which it can determine "which documents were originally produced in *GEICO* and which documents are being produced for the first time here." (Mot. 6.) Given that American Blind thus possessed the information it purported to seek with its motion, Google requested American Blind to withdraw its motion. (Hamm Decl. Ex. H.)

American Blind refused to withdraw its motion. (Hamm Decl. Ex. I.) It complained that it still could not determine "whether any of these documents are responsive to any other requests." (*Id.*) It also complained that it could not tell if any of the documents produced are documents that Google referred to in its response to Interrogatory Nos. 1 and 2.

### III.   ARGUMENT

Rule 34(b) states that: "A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Although this requirement is stated in the disjunctive, providing Google with the option of how to produce its documents, Google has gone beyond the rule's requirement by both producing the documents as they are kept in the usual course of business and by organizing and labeling them to correspond with the categories in American Blind's requests.

**A.   Google Produced Documents To American Blind As They Are Kept In The Usual Course Of Business**

The first option provided by Rule 34(b) for the production of documents is that a party may produce the documents as they are kept in the usual course of business. "If the producing party produces documents in the order in which they were kept in the usual course of business, the Rule imposes no duty to organize and label the documents." *In re G-I Holdings Inc.*, 218 F.R.D. 428, 439 (D.N.J. 2003). "[T]he pivotal consideration" for determining if a party has produced documents as they are kept in the usual course of business "is whether the filing system

1   for the produced documents 'is so disorganized that it is unreasonable for the [party to whom the

2   documents have been produced] to make [its] own review.'"  *Renda Marine, Inc. v. U.S.*, 58

3   Fed.Cl. 57, 64 (2003) (alterations in the original).

4       American Blind's 44th document request, for all "documents produced by Google in the

5   case captioned *Government Employees Insurance Co. v. Google, Inc.*," is essentially a request

6   for a portion of Google's litigation files.  (Plater Decl. Ex. A.)  In response to this request,

7   Google produced the documents it had produced in *GEICO* in the same manner that Google

8   keeps these documents itself.  Google did not mix up these documents up or produce them in a

9   random jumble.  Instead, it produced these documents, which consisted of approximately

10   100,000 pages, ordered by their Bates number.  As a result, Google produced the requested

11   litigation materials as they are kept in the usual course of business, and for this reason alone

12   American Blind's contention that Google has not complied with Rule 34(b) is without merit.

13       It is also important to note that when Google produced documents to GEICO, it produced

14   them as they are kept in the usual course of business.  For example, part of its production

15   included files containing trademark complaints from third parties.  These files are organized

16   alphabetically, as they are in the usual course of Google's business.  Google's production even

17   included pages indicating how the files were organized.  For example, the document bearing the

18   Bates number Google 10000 says "EH-EN," and the documents that follow are regarding

19   companies whose names start with the letters "Eh" through "En."  (Hamm Decl. Ex. J.)  These

20   alphabetized dividers were produced to American Blind on green paper to make them easier to

21   distinguish.  (Hamm Decl. ¶ 12.)  In addition, Google used blue pieces of paper to separate each

22   individual file.  Since Google produced these documents to American Blind in the same manner

23   that it produced them to GEICO, American Blind also has the benefit of this organization.  In

24   other words, American Blind's claim that Google "failed to produce these documents as they are

25   'kept in the usual course of business'" and that Google produced "110,0333 pages of documents

26   in no apparent order" is wildly inaccurate.  (Mot. 3, 6.)

27       Because Google produced the documents at issue as they are kept in the usual course of

28   business—both by producing its litigation files as they are kept in the usual course of business

1  and by further organizing the documents contained in these litigation files as they are kept in the

2  usual course of business—American Blind's motion for relief under Rule 34(b) fails.

3  **B.      Google Produced Documents To American Blind Organized And Labeled To
          Correspond With The Categories In The Request**

4

5      The second option available to parties producing documents is "to organize and label

6  them to correspond with the categories in the request." F.R.C.P. 34(b).  In applying this rule, a

7  Court should consider whether "the breadth and duplicative nature of [the] requests," make it

8  "difficult and not very useful for [the responding party] to identify to which requests each

9  document was responsive."  *Washington v. Thurgood Marshall Academy*, 232 F.R.D. 6, 10

10  (D.D.C. 2005); *see also* 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L.

11  MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2213 (because document request categories

12  "are devised by the propounding party and often overlap or are elastic" requiring the producing

13  party to decide which document it should cosign to which batch "would usually not serve any

14  substantial purpose, and it could become quite burdensome if considerable numbers of

15  documents were involved").

16      Further, the "objection to the production of requested documents based on the volume

17  alone is insufficient to trigger relief from the court."  *Renda Marine*, 58 Fed. Cl. at 64; *see also*

18  *In re G-I Holdings Inc.*, 218 F.R.D. at 440 (D. N.J. 2003) (a motion under Rule 34(b) that

19  focuses on "the sheer volume of the production" is "erroneous[]" and "fail[s] in light on the plain

20  phrasing of Rule 34(b)").   Indeed, the law is the opposite.  When a party requests "everything

21  under the sun," the producing party is "not obligated to wrap up the volumes of data into neat

22  little packages[.]" *Liddell v. Bd. of Educ.*, 771 F.Supp. 1496, 1499 (E.D. Mo. 1991).

23      Google easily satisfies the option to organize and label the documents it produced to

24  correspond with the categories of American Blind's documents requests, because all of the

25  produced documents respond to a single category of a single document request.  American

26  Blind's 44th request is for all "transcripts of depositions, hearings, or other proceedings, Orders

27  entered, and/or documents produced by Google in the case captioned *Government Employees*

28  *Insurance Co. v. Google, Inc.*"  (Plater Decl. Ex. A.)  Since the documents Google produced

---

7

365014.01

1  responded to the category "documents produced by Google," Google produced these documents

2  organized "to correspond with the categories in the request." By informing American Blind that

3  these documents were produced in response to American Blind's 44th document request, Google

4  has effectively labeled these documents as well.

5      American Blind apparently believes that because many of the documents Google

6  produced are responsive to other of American Blind's document requests, Google should be

7  required to categorize these document according to all of the many requests to which they

8  respond. The plain reading of Rule 34(b) does not contain anything resembling this complicated

9  requirement. Moreover, American Blind's interpretation of the rule makes no practical sense. If

10  the rule was as American Blind argues, then a party propounding document requests could easily

11  create an enormous burden on the producing party simply by crafting duplicative and

12  overlapping document requests. To comply with this tortured interpretation, Google would have

13  to had made multiple copies of many, if not most, of the approximately 100,000 documents it

14  produced and then organize them into bundles for each category contained in American Blind's

15  51 requests.

16      As ridiculous as this burden is, it appears that by blatantly devising overlapping

17  document requests, American Blind has intentionally attempted to place this burden on Google.

18  American Blind propounded 51 document requests that are so duplicative that a single document

19  produced by Google could easily be responsive to half a dozen or more requests. In fact,

20  American Blind knew that by copying 17 requests from the completed *GEICO* case and then

21  further requesting all documents produced by Google in that case, that many of the documents

22  Google would produce would be responsive to multiple document requests. American Blind

23  likewise knew that documents responsive to its request for "documents relating or referring to

24  the appearance of any American Blind Mark as one of the 'More Specific Keywords' or 'Similar

25  Keywords' in the Google AdWords Keyword Suggestions part of the Google website," would

26  almost certainly also be responsive to its request for "documents referring or relating to every

27  instance in which Google has included one or more of the American Blind Marks as a 'More

28  Specific Keywords' or 'Similar Keywords' in the Google AdWords Keyword Suggestions."

1  (Plater Decl. Ex. A.)  The Court should not tolerate American Blind's attempt to both serve

2  Google with 51 overlapping requests for a massive amount of documents and insist that Google

3  indicate each of the many requests to which these documents respond.

4      American Blind's other arguments further reveal the extent to which it is willing to go in

5  its attempt to pose an unfair burden on Google.  American Blind complains that it cannot

6  determine which documents produced by Google respond to interrogatories for which Google

7  indicated it would respond with a document containing the requested information.  (Mot. 4.)

8  Yet, American Blind neglects to inform the Court that Google sent American Blind a packet of

9  documents with a cover letter stating that the documents are "responsive to American Blind's

10  Interrogatory Nos. 1, 2, 9, and 10."  (Hamm Decl. Ex. E.)  Nor does it inform the Court that each

11  of the enclosed documents bore a heading indicating to which interrogatory it responded.  For

12  example, the document responding to Interrogatory No. 1 has the heading "Data Responsive To

13  American Blind's Interrogatory No. 1."  (*Id.*)

14      Finally, the Court should reject American Blind's argument that "the voluminous nature

15  of this production warrants imposing an even greater duty to organize the documents with labels

16  and/or indices."  (Mot. 6.)  Google has not produced even a single document that does not

17  respond to one or more of American Blind's requests.  For American Blind to now run to the

18  Court because Google complied with its request for a mountain of documents is disingenuous.

19      Because Google produced the documents requested by American Blind as they are kept

20  in the usual course of business, Google had no obligation to additionally organize and label the

21  documents to correspond to the categories of American Blind's requests.  But Google did.  As a

22  result, Google's satisfaction of the second prong of Rule 34(b) provides yet another reason for

23  the Court to deny American Blind's motion.

24  ///

25  ///

26  ///

27  ///

28  ///

GOOGLE INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WIT F.R.C.P. 34(b)
CASE NO. C 03-5340-JF (EAI)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny American Blind's motion.


Dated:  January 13, 2006                    KEKER & VAN NEST, LLP



                                      By:    _____/s/ Klaus H. Hamm_____
                                            KLAUS H. HAMM
                                            Attorneys for Plaintiff and Counter Defendant
                                            GOOGLE INC.
                                            and Third-Party Defendants
                                            ASK JEEVES, INC. and EARTHLINK, INC.

GOOGLE INC.'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WIT F.R.C.P. 34(b)
CASE NO. C 03-5340-JF (EAI)

365014.01