RECEIVED
JUL 1 2 2004
KEKER & VAN NEST

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|   |   |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GOOGLE, INC., and<br>OVERTURE SERVICES, INC.,<br><br>　　　　　　　　Defendants. | Civil Action No. 1:04cv507<br>LMB / TCB |

**PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS
TO DEFENDANT GOOGLE, INC. (REQUEST NOS. 1 - 42)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Government Employees Insurance Company ("GEICO" or "Plaintiff") hereby requests that Defendant Google, Inc. ("Google" or "Defendant") produce for inspection and copying the documents and things set forth below within 30 days of service at the offices of Arnold & Porter, 555 12th Street, NW, Washington, DC 20004, unless another time and location are mutually agreed to by counsel.

These Document Requests shall be answered in accordance with the Instructions and Definitions set forth below. The full text of the Instructions and Definitions shall be deemed incorporated by reference into each Request.

### DEFINITIONS

1.　"You", "your" and "Google" refer to Google, Inc., its predecessors, its present and former officers, directors, employees, agents, attorneys, representatives, and any other person(s) acting on its behalf.

2. "Relating to" means concerning, referring to, describing, evidencing, or constituting.

3. "Including" means "including, but not limited to".

4. "Document" means all written, typed, printed, photocopied, photographed, or recorded matter of any kind, including but not limited to all originals, masters, drafts, and non-identical copies of any labels, packaging, invoices, advertisements, catalogs, letters, envelopes, forms, affidavits, correspondence, telegraphs, telecopies, telefaxes, paper communications, resolutions, minutes of meetings, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or other transcripts (by mechanical device, by longhand or shorthand recording, tape recording, or by electronic or any other means), computer-generated information, computer software, information stored or recorded by electronic means (including by a computer, server, hard drive, compact disk, floppy disk, diskette, tape, record, cassette, electronic mail, voice mail, and any other electronic recording or data compilation from which information can be obtained or translated), intraoffice communications, interoffice communications, all summaries of oral communications (telephonic or otherwise) microfiche, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, contracts, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, worksheets, telexes, cables, any matters defined in Federal Rule of Evidence 1001, and all other graphic materials, writings, and instruments, however produced or reproduced. A document includes all documents appended thereto.

5. "Person" means any natural person or any business, corporation, association, partnership, governmental entity, or other legal entity.

6. "Communication" means any conveyance or exchange of thoughts, ideas, or information, whether oral, non-verbal, electronic, memorialized in a document, or otherwise conveyed.

7. "AdWords Program" shall mean the advertising program described by Google at the Web site *adwords.google.com*.

8. "Keyword" or "Keywords" shall have the same meaning as the term "keyword" or "search query" used by Google as a part of its AdWords program.

9. The "GEICO Marks" shall include the terms "GEICO," "GEICO DIRECT" and any variation thereof.

10. "Trademark" or "trademarks" shall also include service marks and trade names.

## INSTRUCTIONS

1. Whenever appropriate, the singular form of a word shall be interpreted in the plural, or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any documents that might otherwise be construed as outside its scope; and words in the masculine, feminine, or neuter form include the others.

2. Any reference to a person, corporation, association, partnership, company or joint venture shall mean that person or entity, any parents, affiliates, divisions, controlled companies, subsidiaries, or otherwise related persons or entities, and all of his,

her, or its current or former agents, representatives, employees, attorneys, accountants, officers, directors, auditors, and consultants, or other persons or entities acting or purporting to act on his, her or its behalf.

3. You are requested to furnish all responsive documents in your possession, custody, or control, or otherwise known and available to you, regardless of whether such documents are possessed directly by you or by your agents, officers, directors, employees, representatives, or investigators, or by your attorneys or their agents, employees, representatives or investigators.

4. You are requested to produce all copies of each document requested, together with all nonidentical copies and drafts thereof.

5. All documents should be produced in the same order as they are kept or maintained by you in the normal course of business or in a manner that makes clear the precise request to which the document is responsive.

6. Documents attached to each other should not be separated.

7. If a document once existed, but has been lost, destroyed, or otherwise is no longer in your possession, please identify the document and state the details concerning the loss or destruction of such document, including the name and address of the present custodian of any such document, if known to you.

8. All documents are to be produced in their entirety, without redaction, including all attachments and enclosures. If, for any reason, a document cannot be produced in full, please state with particularity the reason or reasons it is not produced in full, and describe, to the best of your knowledge, information, and belief and with as much particularity as possible those portions of the document which are not produced.

When a document is only in part responsive to any request herein, it shall nevertheless be produced in its entirety. If documents that are produced are normally kept in a file or other folder, that file or folder must also be produced.

9. If any documents requested below are being withheld on the basis of a claim of privilege or legal protection, please provide the grounds for the assertion of such privilege, including but not limited to the author or speaker of any communication subject to the claim of privilege, the recipients of such communication, the date of such communication, the subject of such communication, and the specific basis for such privilege (*e.g.*, attorney-client communication, attorney work product).

10. When these requests do not specifically request a particular document but the document would help to make the production complete, comprehensible or not misleading, please produce the document.

11. Only nonidentical copies of a document or thing are to be considered separate documents.

12. When there are no documents in your custody, control or possession that are responsive to any paragraph hereof, please so state.

13. These requests for production shall be deemed continuing so as to require prompt supplemental responses if defendant obtains or discovers further documents requested herein between the time of responding to this Request and the time of any trial in this action.

14. Unless otherwise specified, the time period covered by the Requests is the period of January 1, 1999 to the present.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents referring or relating to the origin, development, modification and administration of the AdWords Program.

2. All documents referring or relating to the selling and marketing of the AdWords Program.

3. All documents referring or relating to the marketing, selling or use of any of the GEICO Marks in connection with the AdWords Program.

4. All documents referring or relating to the use of the GEICO Marks as Keywords, search terms or AdWords in the AdWords Program.

5. All documents that refer to the selling or marketing of trademarks in connection with the AdWords Program.

6. All documents referring or relating to Google's suggestions, recommendations or other communications to its advertising customers that they consider the use or purchase of one or more of the GEICO Marks as Keywords, search terms or AdWords.

7. All documents directed to or received from Google's sales or account representatives referring to the selling or marketing of trademarks in general, or the GEICO Marks in particular, as Keywords, search terms or AdWords.

8. All documents referring or relating to the selection, use or purchase of one or more of the GEICO Marks as Keywords, search terms or AdWords by Google's advertising customers.

9. All documents referring to or relating to communications between Google and any third person regarding that party's trademark rights.

10. Documents sufficient to show the design, structure and operation of the AdWords Program, including the policies, protocols and procedures used to show "More Specific Keywords" and "Similar Keywords" in that portion of the Google website entitled "Google AdWords Keyword Suggestions."

11. All documents relating or referring to the appearance of any GEICO Mark as one of the "More Specific Keywords" or "Similar Keywords" in the Google AdWords Keyword Suggestions part of the Google website.

12. All documents referring or relating to any consideration by Google of the possibility of removing the GEICO Marks from the AdWords Program.

13. All documents referring or relating to any consideration by Google of the possibility of removing trademarks from the AdWords Program.

14. All documents referring or relating to any financial or other impact on Google that it identified as a potential outcome of the removal of the GEICO Marks from the AdWords Program.

15. All documents referring or relating to any financial or other impact on Google that it identified as a potential outcome of the removal of trademarks from the AdWords Program.

16. All documents referring or relating to any Google policies, guidelines or other written guidance concerning the use of trademarks as Keywords, search terms or AdWords in the AdWords Program, including all documents referring or relating to any change in or modification to such policies, guidelines or other written guidance.

17. Documents sufficient to show the revenues and profits, or any estimates of revenues or profits, earned or expected to be earned by Google from the AdWords

Program from its inception to the date Google produces documents responsive to this request, including documents that substantiate such earnings and profits.

18. All documents relating to any revenues and profits, or any estimates of revenues or profits, earned or expected to be earned by Google from the sale of GEICO Marks as Keywords, search terms or AdWords in the AdWords Program.

19. All documents relating to any revenues and profits, or any estimates of revenues or profits, earned or expected to be earned by Google from the sale of trademarks as Keywords, search terms or Adwords in the AdWords Program.

20. All reports, disclosure statements, and other documents relating to any submission by Google to any regulatory or governmental agency referring or relating to the AdWords Program.

21. All documents relating to any analysis, review, or consideration of any legal issue by any person relating in any way to the use of trademarks in the AdWords Program.

22. All documents referring or relating to any legal opinion obtained by Google regarding the use or inclusion of trademarks as Keywords, search terms or AdWords in Google's AdWords Program.

23. All documents referring or relating to any legal opinion obtained by Google in connection with the change in its AdWords Program to allow use of trademarks as Keywords, search terms or AdWords.

24. All documents on which Google intends to rely to defend against the claims of willful infringement and other intentional violations of law as alleged by GEICO in this lawsuit.

25. All documents referring or relating to every instance in which any of the GEICO Marks has been offered for sale or has been sold as a Keyword, search term or AdWords in Google's AdWords Program.

26. All documents referring or relating to every instance in which Google has included one or more of the GEICO Marks as a "More Specific Keywords" or "Similar Keywords" in the Google AdWords Keyword Suggestions.

27. Documents relating to any instance in which Google has declined to allow an advertiser or AdWords customer to use, or continue to use, another person's trademark as a Keyword, search term or AdWord.

28. For each and every sponsored listing that has been triggered by one or more of the GEICO Marks, or that included one or more of the GEICO Marks in the text of the sponsored listing, documents reflecting:

    (i) The advertiser responsible for such sponsored listing;

    (ii) The total number of clicks registered on or through each such sponsored listing; and

    (iii) The total amount of revenue to Google, or if no such documents are available the estimated amount of revenue to Google, generated by the total number of clicks registered on each such sponsored listing.

29. For each of the GEICO Marks, documents reflecting the total number of the following, by month and year, when each such mark was used as a Keyword, search term or AdWord, whether alone or in conjunction with other words as part of a search query :

      (i)     Impressions;

      (ii)    Clicks on or through sponsored listings triggered by such search queries; and

      (iii)   The total number of searches on Google or any third-party website initiated with one or more of the GEICO Marks as one of the words used in the search request.

30.    Documents sufficient to show every third party with whom Google has in the past, or currently has, a contractual relationship whereby Adwords are displayed or used on or in connection with the third party's website.

31.    All agreements and amendments or modifications thereto between Google and third-party websites or Internet service providers relating or referring to the AdWords Program.

32.    All documents that refer or relate to correspondence or communications between Google and any expert whom Google intends to call as a witness in connection with this action or any other litigation relating to the AdWords Program.

33.    All documents relied upon or referred to in preparation of Google's response to Plaintiff's First Set of Interrogatories.

34.    All insurance policies or agreements that may be available to satisfy all or part of any judgment that may be rendered against Google in this matter.

35.    All documents consisting of, or referring or relating to, Google's communications with third parties referring or relating to GEICO or GEICO's auto insurance policies.

36. All documents sufficient to show any change in Defendant's gross or net revenue from the sale of Keywords between (i) the three-month period preceding Google's sale of trademarks as Keywords; and (ii) the three-month period immediately after Google began selling trademarks as Keywords.

37. All documents consisting of, or referring or relating to, public inquiries regarding Google's trademark policy as it relates to its sale of trademarks as Keywords, including the interpretation and application of that policy.

38. All documents referring and relating to Google's communications with third parties regarding its auction methodology by which third parties may bid to purchase Keywords.

39. All documents sufficient to show Google's auction methodology and procedures by which third parties may bid to purchase Keywords.

40. All documents sufficient to show the date on which Google changed its policy regarding use of trademarks in its AdWords program to allow advertisers to select trademarks as Keyword triggers for their advertisements.

41. All documents produced by Google in the case captioned *American Blind & Wallpaper Factory, Inc. v. Google, Inc., et al.*, Case No. 04 CV 00642 (S.D.N.Y. filed Jan. 27, 2004).

42. All documents referring or relating to, or consisting of, any communication by Google with any third party referring or relating to Google's possible affiliation or connection with GEICO and/or the possible affiliation or connection between Google's search engine services and GEICO's services.

Dated: July __, 2004				Respectfully submitted,


						_____
						John F. Anderson (VA Bar No. 20710)
						TROUTMAN SANDERS LLP
						1660 International Drive, Suite 600
						McLean, VA 22102
						Phone: (703) 734-4356
						Fax: (703) 448-6530


						_____
						Charles D. Ossola (VA Bar No. 18102)
						Roberta Horton
						Christopher Winters
						Catherine Rowland (VA Bar No. 47364)
						ARNOLD & PORTER LLP
						555 Twelfth Street, N.W.
						Washington, DC 20004
						Phone: (202) 942-5000
						Fax: (202) 942-5999

						*Attorneys for Plaintiff Government
						Employees Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __9th__ day of July, 2004, I caused to be served a copy of the foregoing Plaintiff's First Set of Document Requests to Defendant Google, Inc. (Request Nos. 1 - 42) on:

**VIA HAND DELIVERY:**  David P. Donovan
WILMER CUTLER PICKERING HALE and DORR LLP
1600 Tysons Blvd., Suite 1000
McLean, Virginia  22102

**VIA FEDERAL EXPRESS:** Michael H. Page
KEKER & VAN NEST LLP
701 Sansome Street
San Francisco, California  94111-1704

_____
Charles D. Ossola