Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
Dawn M. Beery (Admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 857-7070
Facsimile: (312) 857-7095

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (RS) |
| Plaintiff, | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH F.R.C.P. 34(b)** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive, | Date: February 3, 2006 Time: 9:30 a.m. Courtroom: #4 |
| Defendants. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | |
| Counter-Plaintiff, | |
| v. | |
| GOOGLE, INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC., and EARTHLINK, INC., | |
| Counter-Defendants/Third-Party Defendants. | |

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Compel

Dockets.Justia.com

Google's Opposition provides explanations and excuses for the deficiencies in its production that ultimately do not relieve Google of its burden under Rule 34(b) and merely serve as examples of the gamesmanship it has employed throughout the discovery process. American Blind brought this motion because, in October 2005, Google produced over 110,000 pages of documents to American Blind without any indication as to which document requests these documents were responsive. Undoubtedly, Google knew back in October 2005 that all of its documents were produced only in response to <u>one</u> document request. Despite repeated opportunities to explain just that to American Blind, Google evaded, stalled and ultimately did not respond to American Blind's very basic questions concerning Google's production. It was not until Google was forced to respond to this motion, in January 2006, that Google first admitted that all of the documents it produced were in response to Request No. 44 only, i.e., that they were solely from the *Geico v. Google* case. Google also claims that the documents were produced as they were kept in the ordinary course of business. (Opp. at 1). Google's admissions not only fail to moot this motion, they create further issues concerning Google's deficient discovery responses that will require the Court's attention and intervention. Rather than accept its burden and concede that it has disregarded the basic rules of discovery, Google points the finger at American Blind – claiming it is justified in failing to respond to the remaining document requests because it considers some of them repetitive. Any objections that Google now has to American Blind's discovery requests are both late and improperly presented to this Court at this time. Google has repeatedly attempted to avoid its burdens in discovery, and should not be allowed to continue to do so.

## I.    GOOGLE HAS NOT COMPLIED WITH RULE 34(B).

Google's argument that it complied with Rule 34(b) by producing documents as they are kept in the ordinary course of business and organized and labeled its production to indicate that it

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Compel

- 2 -

was all in response to one request, Request No. 44, is contrary to the law and merely emphasizes Google's failure to properly respond to the 46 other document requests to which Google indicated it would produce responsive documents. (*See* Plater Decl. Ex. B).[1]  Although Google has argued that it is not required to do any more in responding to American Blind's document requests, the relevant case law has interpreted Rule 34(b) to require more of Google. (*See Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611, 618 (D. Kan. 2005) (statement that documents were produced in the ordinary course of business does not explain "where these documents were maintained or who maintained them, and whether the documents in each category came from one single source or file or from multiple sources or files").

In *Cardenas*, the defendant claimed in its response to the plaintiff's motion to compel that it had produced its documents as they were kept in the ordinary course of business.  The court, however, looked beyond this statement to the information and evidence provided by the parties to determine if the documents were actually produced in the ordinary course of business.  *Id*.  The *Cardenas* court determined that the information submitted did not support the claim that the documents were produced in the ordinary course of business and, as a result, the defendant was required "to organize and label[] them to correspond with the categories in each request as required by Rule 34(b)."  *Id*.  *Cardenas* recognized that Rule 34 clearly requires something more than simply producing the documents without any labels, indices or guides.  *See id*.  "A mere assertion that they were produced is not sufficient to carry the burden.  In addition, merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business."  *Id*.

Google has cited no controlling law that supports its actions and relieves its obligation

---

[1]  Google's Responses and Objections to American Blind & Wallpaper Factory Inc.'s First Set of Requests For Production of Documents and Things From Google indicated that it would provide responsive documents for Request Nos. 1-44 and 49-51, and indicated that it would not be producing documents in response to Request Nos. 45-48.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum                - 3 -
ISO Motion to Compel

under Rule 34(b). Moreover, the cases relied upon by Google actually support American Blind's contention that underlining producing documents as they are kept in the ordinary course of business requires something more that simply underlining claiming the documents were produced as they were kept in the ordinary course of business. As noted in *G-I Holdings, Inc.* 218 F.R.D. 428, 439 (D.N. J. 2003), it is contrary to Rule 34(b) to "arrange[] documents in bundles without designating the origin of the file, the name of the file, or whether the bundle contained documents from multiple files." (citing *Scripps Clinic & Research Found. v. Baxter Travenol Labs., Inc.*, 1988 WL 70013 (D. Del. June 21, 1988) (court granted motion to compel defendant to label the 45,000 documents produced to correspond to each request where defendant had produced documents in fifteen boxes and documents were arranged in each box in bundles with no designations).

Google's reliance on *Renda Marine, Inc.*, is also curious given that *Renda* recognized "there is a split in persuasive authorities concerning whether the option to produce documents as they are kept in the ordinary course of business is an absolute privilege belonging to the party producing documents." 58 Fed. Cl. 57, 63 (2003). *Renda* further recognized that when the producing party elects to produce documents as they are kept in the ordinary course of business, it may not produce them in a manner that "is so disorganized that it is unreasonable for the [party to whom the documents have been produced] to make [its] own review." *Id.* at 64 (citations omitted). Unlike the defendant in *Renda,* who only complained about the volume of documents produced, American Blind has complained about the great volume underlining and Google's failure to organize the documents in any reasonable fashion.

Google has failed to demonstrate that it produced its documents as they are kept in the ordinary course of business. As an initial matter, as recently as November 29, 2005, Google's did not claim that it had produced its documents in the ordinary course of business. (*See* Plater Decl. Ex. I). Specifically, when asked "whether, as an alternative, you could identify the source of each

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Compel

- 4 -

of the documents, or Bates ranges, or boxes, <u>assuming these documents are being produced in the</u> <u>ordinary course of business</u>", Google responded that they "did not know" and "are not sure that [they] are required to do this." (*Id.*) (emphasis added). Now, Google repeatedly claims that it produced its documents as they are kept in the ordinary course of business. Although Google is quick to point out that it placed blue sheets of paper between the bundles of documents produced – it did this for only a portion of the 24 boxes produced, without any explanation as to the significance of the blue sheets of paper. (Opp. at 6). Furthermore, these blue dividers did not contain any information that indicated file parameters, the origin of the file, the name of the file, or whether the bundle contained documents from multiple files. Google's production provides no information as to how these files were organized.[2] Similarly, the e-mail exchange between counsel for Google and for American Blind, wherein Google identified the "source" and nothing else regarding the 56,829 pages of documents on the 10 CDs, fails to satisfy Google's burden in that there is no indication of the names of any of the files from the "source" or whether the "source's" documents contain documents from multiple files. (*See* Hamm Decl. Ex. G).

Finally, Google's claim that it actually organized and labeled its production to correspond with the categories in the request is disingenuous and revisionist. Google never indicated that "all the produced documents respond to a single category of a single document request" until its Opposition brief. (Opp. at 7). If Google is to be believed -- that the entire production is in response to a single category of a single document request -- then it would have been a simple matter for Google to have conveyed this to American Blind months ago when the issue first arose. Google never did this because, in revealing that it had only responded to one document request, American Blind would have been alerted to the fact that Google failed to produce documents in

---

[2]     With regard to Google's claim that it provided alphabetized labels for certain files, that labeling was provided for only a small fraction of the 24 boxes, and still failed to indicate the origin of the file, the name of the file, or whether the bundle contained documents from multiple files. (*See* Opp. at 6).

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum                                    - 5 -
ISO Motion to Compel

1   response to the 46 other document requests.

2   **II.      GOOGLE ADMITS THAT IT FAILED TO INDICATE WHAT (IF ANY) OF THE**
3   **DOCUMENTS PRODUCED IN RESPONSE TO REQUEST NO. 44 WERE**
    **RESPONSIVE TO OTHER REQUESTS.**
4
5           Google is under the misapprehension that, because it dumped all of its litigation files from
6   *Geico v. Google* in response to Request No. 44, it has carried its burden in responding to all of
7   American Blind's document requests.  This is preposterous.  Google claims that it "has not
8   produced even a single document that does not respond to one or more of American Blind's
9   requests" (Opp. at 9).   However, the only document request to which Google has admitted it has
10  provided documents in response is Request No. 44.  Thus, Google is either admitting that it has
11  failed to produce the documents it is obligated to produce in response to all requests other than
12  Request No. 44, or it is admitting that it has failed to comply with the requirements of Rule 34(b),
13  because Google has not indicated where the documents corresponding to each of the remaining
14  46 document requests are located within the over 110,000 pages of documents produced in
15  response to Request No. 44.  Google cannot have it both ways — either it must produce
16  additional documents, or it must comply with Rule 34(b) and identify where documents
17  responsive to the other 46 requests have been produced.
18
19          Notwithstanding the fact that Google is the party that initiated this lawsuit, Google claims
20  that it should not be required to specify which documents contained in its production are also
21  responsive to other document requests because this is too burdensome.  It strains credulity to
22  accept Google's argument that it is an "unfair burden" for it to identify which documents already
23  produced respond to the remaining 46 document requests.  (Opp. at 2).  Thus far, the only burden
24  that Google has undertaken in responding to American Blind's document requests was to send
25  copies of its litigation files from the *Geico v. Google* case.  Google has admitted in other court
26  papers that it did not even re-review these documents or apply new confidentiality designations
27
28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum          - 6 -
ISO Motion to Compel

before shipping the copies to American Blind.[3]  Now, Google makes the incredible suggestion that the only way for it to answer the remaining 46 document requests would require it to assume the "unfair burden" of having "to make multiple copies of more than 100,000 documents" and "organize these documents into bundles corresponding to the categories in each of American Blind's 51 document requests."  (Opp. at 2).  This is manifestly not the case, nor is it the remedy American Blind seeks.  The documents Google produced all have bates numbers and over half of them were produced in electronic form.  Thus, Google could merely refer to the bates ranges for the documents that are responsive to the other 46 document requests.  This less burdensome approach has been endorsed by at least one court.  *See Cardenas*, 230 F.R.D. at 618-619 ("Since the documents have already been provided to Plaintiffs, the easiest way for [the defendant] to comply with the 'organize and label' requirement would be for [the defendant] to identify, by the Bates Numbers [its lawyers] have already stamped on the documents, which documents are responsive to each of the document requests, as Plaintiffs have requested.").

## III.    GOOGLE'S NEW OBJECTIONS TO AMERICAN BLIND'S DISCOVERY ARE IRRELEVANT AND IMPROPER.

The only discovery dispute properly before the Court is Google's failure to respond to American Blind's document requests in accordance with Rule 34(b).  Any issues regarding the alleged repetition in American Blind's document requests, deficiencies in American Blind's responses to Google's discovery or the sufficiency of Google's answers to American Blind's interrogatories are not properly before this Court and are not relevant to the present motion.[4]  Google's only motivation in raising these alleged issues is to lead the Court astray from the issue at hand – Google's failure to properly respond to American Blind's request for documents.

---

[3]      *See* Google's Opposition to Defendant's Motion to Enforce Stipulated Protective Order and to Dedesignate Documents.

[4] Of course, American Blind may be forced to bring a motion to compel additional document production from Google should it maintain its intransigence in discovery matters.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Compel

- 7 -

Google's objections regarding American Blind's allegedly repetitive document requests are inappropriate and contrary to the federal and local rules governing discovery disputes and should be disregarded by the Court. (*See* F.R.C.P. 34(b), Civ. L.R. 37-1). Google had ample opportunity to object to the alleged repetition of American Blind's discovery requests, but failed to do so until its shortcomings in responding to the same were brought to the Court's attention. While Google made boilerplate objections to nearly every document request and interrogatory, Google's written responses to the document requests indicated that Google would produce responsive documents, once a protective order was in place, to 47 of the 51 requests. (*See* Plater Decl. Ex. B).[5] It has therefore waived any other objections to the document requests.

## IV.    CONCLUSION

Putting aside all of the irrelevant distractions, Google's Opposition demonstrates that Google ignored the rules of discovery at every step of its production and never completed its discovery responses with regard to the remaining 46 document requests. It should be ordered to

---

[5] Even assuming Google's objections to the language of American Blind's document requests were properly before the Court, which they are not, Google has edited the language of a number of American Blind's document requests cited as evidence of the "duplicative" nature of the requests to create the appearance of greater similarities. (*See* Opp. 2-3). The first six requests, with the omitted words in bold face, read as follows:

Req. No. 1: All documents referring or relating to the marketing, bidding, sale or other use of any of the American Blind Marks in connection with the AdWords Program.

Req. No. 2: All documents referring or relating to the use of the American Blind Marks as **Keywords, search terms, or** AdWords in the AdWords Program.

Req. No. 3: All documents that refer to the selling or marketing of trademarks in connection with the AdWords Program.

Req. No. 4: All documents referring or relating to Google's **suggestions, recommendations or other** communications to its advertising customers that they consider the use **or purchase** of one or more of the American Blind Marks **as Keywords, search terms or** AdWords.

Req. No. 5: All documents directed to or received from Google's sales or account representatives referring to the selling or marketing of **trademarks in general, or** the American Blind Marks **in particular, as Keywords, search terms or** AdWords.

Req. No. 6: All documents referring or relating to the selection, use or purchase of one or more of the American Blind Marks as **Keywords, search terms or** AdWords by Google's advertising customers.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Compel

- 8 -

1  comply with Rule 34(b) and identify where the documents responsive to the remaining 46

2  documents requests exist in its production.

3

4  Dated: January 20, 2005                    HOWREY LLP

5

6

7                                            By:  /s/ Ethan B. Andelman
                                                 ROBERT N. PHILLIPS
8                                                ETHAN B. ANDELMAN

9                                                David A. Rammelt
                                                 Susan J. Greenspon
10                                               Dawn M. Beery
                                                 KELLEY DRYE & WARREN LLP
11                                               333 West Wacker Drive, Suite 2600
                                                 Chicago, IL  60606
12
                                                 Attorneys for Defendant/Counter-Plaintiff
13                                               AMERICAN BLIND AND WALLPAPER
                                                 FACTORY, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Compel

- 9 -