KELLEY DRYE &
WARREN LLP
333 WEST S ˆÄ"q{05d1.· ' 054¤4 *dLY %E1 %01Ä"ªcPc6

1   Google's Opposition confirms that it knowingly chose not to comply with the terms of
2   the Protective Order entered in this case. Google admits that it did not review the documents it
3   produced to American Blind for purposes of this case, and thus it did not designate the documents
4   produced in accordance with the Protective Order entered in this case. Nonetheless, Google
5   makes the incredible demand that American Blind review the production for compliance with the
6   Protective Order and then ask Google to redesignate documents to comply with the
7   confidentiality provisions of the Protective Order on a piecemeal basis. With over 110,000 pages
8   of documents in the production thus far, this proposal is onerous to say the least and demonstrates
9   Google's bad faith.

## I.  GOOGLE HAS NOT COMPLIED WITH THE PROTECTIVE ORDER.

11   Following the filing of this motion and its Opposition, Google admitted that its ***entire***
12   document production was only in response to one of American Blind's document requests,
13   Request No. 44, which sought all documents produced in *Geico v. Google*. (*See* Andelman Decl.,
14   Ex. A). Putting aside the fact that this admission reveals Google's failure to produce documents
15   in response to the other 50 requests and 10 interrogatories for which it indicated it would produce
16   responsive documents, Google also admitted in its Opposition that it ignored the terms of the
17   Protective Order when it produced these documents. (Opp. at 4). According to Google, "[w]hen
18   Google produced to American Blind…24 boxes and 10 CDs that it had reviewed, designated and
19   produced one year prior in *Geico v. Google*, it did not re-review them for the purpose of
20   reconsidering what type of confidentiality designations to apply." (Opp. at 4) (emphasis added).
21   Google further acknowledged, "[u]ndoubtedly, there are documents designated 'Confidential-
22   Attorneys' Eyes Only' in the *Geico v. Google* document production that – whether because of
23   passage of time, or differences between the terms of the two protective orders, or simple error –
24   should be redesignated 'Confidential,' and Google has no objection to doing so." (Opp. at 1)
25   (emphasis added).
26   But Google cannot dismiss the basis for this motion so easily. Under the terms of the
27   Protective Order entered in this case, Google had an obligation to review every document it
28   produced in this litigation, whether it was from *Geico v. Google* or produced originally in this

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Enforce
DM_US\8302598.v1

- 2 -

1  case. Even though Google claims to have reviewed and designated the produced documents
2  under the protective order in *Geico v. Google*, those designation are meaningless in this case
3  unless the relevant terms of the protective order in *Geico v. Google* are <u>identical</u> to those of the
4  Protective Order in effect in this litigation.

5  Google has not and cannot demonstrate that the two protective orders are identical,
6  because they are not. As it admitted in the first page of its Opposition, certain documents "should
7  be redesignated" because of "differences between the terms of the two protective orders". (Opp.
8  at 1). Google further acknowledged that the relevant terms "differ in some respects". (Opp. at 7).
9  Inexplicably, although conceding the differences between the two protective orders, Google
10 justifies its failure to re-review and re-designate the production pursuant the Protective Order in
11 this case because the "protective orders from *Geico v. Google* and from the current case are <u>so</u>
12 <u>similar</u>, Google <u>reasonably believed</u> that the vast majority of the documents bore the appropriate
13 designations…" (Opp. at 7) (emphasis added). No matter how "similar" the provisions or how
14 "reasonable" Google's belief that the designations were proper, Google has admitted that the two
15 protective orders contain different terms.

16 Furthermore, Google could not even reasonably believe that the Attorney's Eyes Only
17 designations it made in *Geico v. Google* were appropriate in this case. The negotiation history of
18 the Protective Order in this case demonstrates this clearly. After rejecting American Blind's
19 original proposed protective order, Google sent a wholly new proposal which included an
20 Attorney's Eyes Only provision. (Rammelt Decl., ¶ 3.) American Blind, believing the
21 Attorney's Eyes Only provision was much too broad, significantly limited the types of documents
22 which could be designated Attorney's Eyes Only and specified that the Attorney's Eyes Only
23 designation would be used only in "limited circumstances." (Rammelt Decl., ¶ 4; *see also*
24 Protective Order.) Google agreed to these limitations on its original draft. (*Id.*) Now that Google
25 has provided a copy of the *Geico* protective order as part of its Opposition to this motion, it is
26 clear that the protective order Google sent American Blind — the protective order American
27 Blind clearly and specifically limited — was the *Geico* protective order. (*Compare* Andelman
28 Decl., Ex. B, *with* Hamm Decl., Ex. B.) In other words, Google initially proposed the lax

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum                - 3 -
ISO Motion to Enforce
DM_US\8302598.v1

Attorney's Eyes Only standards applicable in the *Geico* case to American Blind, and American Blind rejected them. Google thus clearly understood that, under the Protective Order in this case, the Attorney's Eyes Only designation could not be used as broadly as it had been in the *Geico* case, and it could not reasonably believe otherwise.

Google's willingness to "dedesignate any documents that it designated incorrectly" (Opp. at 7) or "treat [American Blind's] requests for de-designation in a reasonable and expeditious manner" (Opp. at 8) are not at issue and do not absolve Google for failing to comply with the Protective Order in the first place. American Blind brought this motion so that it would not have to scrutinize the designation of every document and then meet and confer with Google, challenging the accuracy of the designations. Because of the vast number of documents produced - and potentially improperly designated - American Blind identified a small fraction of the documents in its motion as a representative sample of Google's failure to comply with the Protective Order. Tellingly, Google has conceded to dedesignate (or undesignate) every single document that American Blind has identified in this motion. (Opp. at 5). However, that leaves untold thousands (or tens of thousands) of pages of documents overdesignated by Google, which Google does not dispute. All of these overdesignated documents should be de-designated by the Court to Confidential, as requested in American Blind's motion.

Essentially, Google's position is that it is too heavy of a burden to expect it to comply with the Protective Order in this case and, therefore, it should be allowed to produce documents without reviewing them or designating them pursuant to the Protective Order. But the Protective Order squarely places the burden on Google to designate documents "in limited circumstances" as "Confidential – Attorneys' Eyes Only" only if the party "believe[s] in good faith" that the information contained therein falls into one of four narrow categories of documents. (Protective Order, ¶ 1(b).) Google admits that it did not do this when it produced the documents to American Blind in this case because it believes it was too burdensome. (Opp. at 6 ("When Google produced the documents in this case it did not repeat this <u>burdensome</u> exercise [of re-reviewing the documents].") (emphasis added); Opp. at 8 ("American Blind wants to impose a <u>heavy burden</u> on Google by requesting that it review for confidentiality designations approximately 100,000

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Enforce
DM_US\8302598.v1

- 4 -

1  documents that American Blind already possesses…") (emphasis added)).  Yet Google, the
2  plaintiff in this case and a company with a market capitalization of close to $140 billion, has the
3  temerity to suggest that the appropriate burden is for American Blind to review over 110,000
4  pages of Google documents and determine whether the designations that Google applied in *Geico*
5  *v. Google* translate to this case, and then, if they do not, submit all inappropriately designated
6  documents pursuant to the challenge process outlined in Section 7 of the Protective Order.
7  Google cannot shift its burden to review and properly designate documents under the Protective
8  Order to American Blind.  Google's position essentially rewrites the Protective Order to allow the
9  producing party to designate any document as Attorney's Eyes Only when originally produced.
10 This is not what the parties intended when they negotiated the Protective Order.  (*See* Protective
11 Order, ¶7 ("[a]t all times, the burden shall remain on the Designating Party to sustain a claim of
12 confidentiality).  Google's actions and arguments demonstrate its lack of good faith and should
13 not be allowed.

## II. GOOGLE'S DEFENSES OF ITS ACTIONS ARE UNAVAILING.

15 The purpose of this motion is merely to obtain Google's compliance with the terms of the
16 Protective Order.  Google has attempted to divert the Court's attention from its abject failure to
17 comply by insinuating that American Blind is seeking to share competitive information with the
18 business persons at American Blind.  Not only is this incorrect and unsupported, but it is
19 irrelevant.  Google's improper behavior in this matter speaks for itself and requires redress for no
20 other reason than it violates the Protective Order.
21 Furthermore, Google's reliance on *Intel Corp. v. VIA Techs., Inc*., 198 F.R.D. 525 (N.D.
22 Cal. 2000), in support of this argument is entirely misplaced.  In *Intel*, the plaintiff was seeking to
23 modify the protective order so that one of its in-house counsel could have access to confidential
24 materials beyond the conditions addressed in the protective order.  *See id*. at 528.  Intel argued
25 that this individual needed access to this information so that she could advise Intel on all
26 important decisions.  The court rejected this argument as a valid basis for modifying the terms of
27 the protective order.  In refusing to modify the protective order, the *Intel* court also found
28 persuasive the fact that the plaintiff and defendant were direct competitors and defendant's

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Enforce
DM_US\8302598.v1

- 5 -

argument that disclosing its trade secrets to its competitor would cause it irreparable harm. *See id.* at 527.

Here, in contrast, American Blind seeks to <u>enforce</u> – not modify - the Protective Order. Specifically, American Blind does not seek to grant any non-attorneys or in-house counsel access to "Confidential – Attorney's Eyes Only" material, as did the movant in *Intel*. Moreover, Google and American Blind are not direct competitors and no trade secrets are sought to be divulged.

Finally, this motion was brought to enforce the very explicit terms of the Protective Order negotiated by the parties, not to enforce Rule 26 or the general discovery procedures. Thus, Google's reliance on the language of Rule 26(b)(2) is misplaced. Even assuming the Court conducts a burden versus benefit analysis, the burden to Google is minimal and the benefit to American Blind is great. It can hardly be considered a burden for Google to comply with the terms of the Protective Order that it freely negotiated. On the other hand, without the Court's intervention, American Blind will be forced to carry Google's burden and expend significant time and resources doing Google's work.

## III.  CONCLUSION

Google has admitted that it failed to comply with the terms of the Protective Order in producing Google's documents to American Blind. American Blind does not want Google to conduct a "re-review" of its production, as Google suggests. (Opp. at 2). Rather, it wants Google to review its documents <u>for the first time</u> in this case under the terms of the parties' Protective Order and properly designate its documents. Had Google simply carried its burden at the outset, the parties would not be before this Court with this dispute. Only if Google is ordered to comply with the Protective Order will American Blind be able to determine which materials are actually Confidential and were simply improperly marked "Confidential – Attorney's Eyes Only" and, as a result, can be shown to individuals outside the "Attorney's Eyes Only" group. American Blind respectfully requests that the Court grant its motion and order Google to comply with the terms of

///

///

///

WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Enforce
DM_US\8302598.v1

- 6 -

...

the Protective Order, and additionally de-designate all documents currently labeled as Attorney's Eyes Only to the Confidential designation.

Dated: January 20, 2006                                        HOWREY LLP


By:   /s/ Ethan B. Andelman
    ROBERT N. PHILLIPS
    ETHAN B. ANDELMAN

David A. Rammelt
Susan J. Greenspon
Dawn M. Beery
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340-JF
Defendant's Reply Memorandum
ISO Motion to Enforce
DM_US\8302598.v1

- 7 -