## Andelman, Ethan

| | |
|---|---|
| **From:** | Klaus Hamm [KHamm@kvn.com] |
| **Sent:** | Tuesday, June 14, 2005 5:55 PM |
| **To:** | Michael Page; Beery Dawn M.; Stephen Taylor |
| **Cc:** | Rammelt David A.; Greenspon, Susan; Phillips, Rob; Andelman, Ethan |
| **Subject:** | RE: Google, Inc. v. American Blind & Wallpaper Factory, Inc. |
| **Attachments:** | BLIND-P-STIPULATED PROTECTIVE ORDER(v1).DOC¤ |

Please find attached a draft protective order. Among other differences from the version circulated earlier, this version has two tiers of confidentiality, requires parties to inform the other parties before showing deignated materials to outside experts, and allows parties to not produce certain draft expert reports. Because American Blind has requested information that Google considers to be highly sensitive, it is critical that we have the ability to designate appropriate materials for attorneys' eyes only. Please let me know if this version is acceptable, or if you have any suggestions.

Thanks,

Klaus Hamm
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA  94111
(415) 391-5400
(415) 397-7188 (fax)

> -----Original Message-----
> **From:** Michael Page
> **Sent:** Tuesday, June 14, 2005 9:54 AM
> **To:** 'Beery Dawn M.'; Stephen Taylor
> **Cc:** Rammelt David A.; Greenspon, Susan; Phillips, Rob; Ethan Andelman; Klaus Hamm
> **Subject:** RE: Google, Inc. v. American Blind & Wallpaper Factory, Inc.
>
> We have it, thanks; will be getting edits back to you shortly.
> We have some issues with the draft, chief of which is the absence of an attorneys'-eyes-only category, but can discuss when we get our version to you.
>
>> -----Original Message-----
>> **From:** Beery Dawn M. [mailto:DBeery@KelleyDrye.com]
>> **Sent:** Tuesday, June 14, 2005 9:44 AM
>> **To:** Michael Page; Stephen Taylor
>> **Cc:** Rammelt David A.; Greenspon, Susan; Phillips, Rob; Ethan Andelman
>> **Subject:** FW: Google, Inc. v. American Blind & Wallpaper Factory, Inc.
>>
>> Steve and Michael,
>> Since we have not heard from you with regard to the draft of the proposed Stipulated Protective Order, I wanted to confirm that you received my e-mail from last Thursday attaching the draft Stipulated Protective Order (a copy of which is below). As you know, we served our responses to Google's discovery requests last Friday. We did not, however, produce any documents because we have a number of confidential documents that need to be produced. Before we can produce these confidential documents, we will need to have an agreement regarding the terms of an acceptable protective order. Even if you have not had a chance to review the proposed Stipulated Protective Order, please confirm that you got my e-mail.

Thanks very much,
Dawn Beery
Kelley Drye & Warren LLP
T: 312-857-2507
F: 312-857-7095

-----Original Message-----
**From:** Beery Dawn M.
**Sent:** Thursday, June 09, 2005 2:40 PM
**To:** 'staylor@teolaw.com'; 'Mhp@KVN.com'
**Cc:** Rammelt David A.; Greenspon, Susan; 'Phillips, Rob'; 'Andelman, Ethan'; Orr, Paula
**Subject:** Google, Inc. v. American Blind & Wallpaper Factory, Inc.

Stephen and Michael,
As you discussed with my colleague, David Rammelt, following the last status conference in the above-referenced case, we believe that all parties in this case will be producing documents that they would like treated as confidential. As a result, I have attached a proposed Stipulated Protective Order for your review and consideration. Please let us know at your earliest convenience whether you have any suggested revisions to this Stipulated Protective Order.

Thank you for your attention to this matter,
Dawn Beery
Kelley Drye & Warren LLP
T: 312-857-2507
F: 312-857-7095

<<DOC.PDF>>

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender. This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use. * * * * * * * * * For more information about KELLEY DRYE & WARREN LLP please visit our website at http://www.kelleydrye.com.

**DRAFT**
1/20/06 10:03 AM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>   v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>               Defendants. | Case No. C 03-5340-JF (EAI)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>               Counter Plaintiff,<br><br>   v.<br><br>GOOGLE INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC. and EARTHLINK, INC.,<br><br>               Counter Defendant/<br>               Third-Party Defendants. | |

1   The parties, by counsel, hereby stipulate to the entry of the following Protective Order
2   pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 501:

**1.     Designated Material**

Any information or documents produced, including any information or documents produced by a third party, formally or informally, in response to a discovery request or deposition in this action may be designated as confidential by the person or entity producing or filing it (the "Designating Party") Information and material shall include magnetic media, electronic media and any material derived from magnetic media.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Order.  The designation may be made to avoid invasions of individual privacy and to protect proprietary information, confidential business or financial information, and/or trade secrets relating to the Designating Party's business, personal, or financial affairs.  The designation shall be either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

    **a.     Materials That May Be Marked "CONFIDENTIAL"**

Any information, documents, testimony or materials that the Designating Party properly regards as proprietary, confidential, as implicating privacy concerns, or as business information not disclosed in the ordinary course of business may be designated as "CONFIDENTIAL."

    **b.     Materials That May Be Marked "CONFIDENTIAL — ATTORNEYS' EYES ONLY"**

Any information, documents, testimony or materials that the Designating Party properly regards as relating to (i) revenues, costs, profits, or other financial matters; (ii) bids, proposals, offers or other documents relating to the acquisition of or competition for business; (iii) business, sales or marketing plans or activities; or (iv) a trade secret, may be designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

**2.     Access**

Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

1 **a.    Disclosure Of CONFIDENTIAL Designated Material**

2 Material designated "CONFIDENTIAL" may be disclosed to (i) no more than three
3 current officers, directors or employees or a party (other than of the party producing the
4 document) who are personally involved in the administration, supervision or decision-making
5 activities associated with this litigation and have agreed in writing to be bound by the Order, and
6 (ii) those individuals to whom Designated Materials may be disclosed under the terms of
7 paragraphs (b), (c), and (f) below.

8 **b.    Disclosure Of CONFIDENTIAL – ATTORNEYS' EYES ONLY Designated Material**
9

10 (i.)   Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY"
11 may be disclosed to outside counsel of record for parties to this action.
12 their legal associates and their regularly employed office staffs.
13 (ii.)  Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY"
14 may also be disclosed to one in-house attorney, whose primary
15 responsibilities are related to litigation ("Designated Counsel") for each
16 Party.  Such Designated Counsel shall be designated by each Party in a
17 letter sent to all Parties in advance of such disclosure.  Should the attorney
18 serving as Designated Counsel leave the employment of a Party, that Party
19 may designate a new attorney to serve as Designated Counsel in the
20 manner described above.
21 (iii.) Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY"
22 may also be disclosed to Independent Experts pursuant to paragraph (c)
23 below or other persons pursuant to paragraph (f) below.

24 **c.    Disclosure To Independent Experts**

25 Designated Material may be disclosed to Independent Experts designated pursuant to
26 subsections (d) and (e), below.  For purposes of this Protective Order, "Independent Expert"
27 means an expert or independent consultant or contractor who is not an employee of the party
28 retained for the purposes of advising and assisting counsel in the preparation or trial of this

action or retained to give expert testimony or retained for both purposes, and his or her assistants, to whom it is necessary to disclose Designated Material for the purpose of this action.

### d. Designation Of Independent Experts

Designated Material may be made available to Independent Experts, provided that the following information is made known in writing to the Designating Party and received no less than four business days before the intended date of disclosure to that Independent Expert:

- the identity of that Independent Expert, by name and brief description including education, present and past employment, and general areas of expertise; and
- all other present and all prior relationships of that Independent Expert with any of the parties.

Prior to any Independent Expert reviewing or receiving any "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" materials, he or she must (i) execute a copy of the Declaration as set forth in paragraph 17 of this Order, (ii) agree to retain any Designated Materials without making any further copies thereof, and (iii) agree to return all copies of Designated Materials at the conclusion of his/her services.

### e. Objection To Independent Experts

If the opposing party objects to disclosure of Designated Material to an Independent Expert, that party shall serve written objections, identifying with particularity the basis for the objection. Such objections shall not be unreasonably made. Service of the objections shall be by personal delivery, overnight courier, facsimile, or certified or registered mail, return/receipt requested, and received within three business days after the date of receipt of the identification of an Independent Expert. If the parties cannot agree on disclosure of Designated Material to the proposed Independent Expert, the objecting party shall promptly file and serve a motion for an Order forbidding disclosure to the proposed Independent Expert. On any such motion, the objecting party shall have the burden of proof. No Designated Material shall be disclosed to that Independent Expert until the validity of the objection has been resolved, either by negotiation or by the Court.

### f. Disclosure By Stipulation

Material designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS'

3

EYES ONLY" may be disclosed upon stipulation by all of the parties to this action to any other person who agrees in writing to be bound by this Order.

### g. Disclosure To Court

Except as provided in paragraph 5, this Order shall not apply to disclosures of Designated Material to the Court or its staff in connection with the Court's administration and adjudication of this action, or to Court reporters.

### h. Copies

Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. The Parties may utilize third party copying and imaging providers. All copies and extracts are subject to paragraph 9 of this Order.

### i. Custody Of Designated Materials

A person with custody of Designated Materials shall maintain them in a manner that limits access only to those persons who have agreed to be bound by this Order.

### j. Authors And Addressees

The designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document; provided, however, that if: (i) the document has been annotated by another person; and (ii) the annotations are designated as confidential, then the annotations shall be redacted from the copy of the document shown to the author, addressee or recipient, unless the annotations were made by someone employed by the Designating Party and the person to whom the document will be shown is also employed by the Designating Party.

### k. Information Otherwise Available

The restrictions set forth in this Order shall not apply to information:

|     |        |                                                                                                                                                                                                                                                                                          |
| --- | ------ | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| 1   | (i.)   | Which is known to the receiving party or the public before the date of its |
| 2   |        | transmission to the receiving party; |
| 3   | (ii.)  | Which becomes publicly known after the date of its transmission to the |
| 4   |        | receiving party, provided however, that such information shall not have |
| 5   |        | become publicly known by any act or omission of the receiving party |
| 6   |        | which would constitute a breach of this Order; or |
| 7   | (iii.) | Which, after disclosure to the receiving party, is revealed to the public by |
| 8   |        | a person having the unrestricted right to do so. |

**l.     Information Obtained From Third Parties Other Than Through Discovery**

Nothing in this Order shall preclude any party herein, its attorneys or any other person from disclosing or using, in any manner or for any purpose, any Designated Materials if the same information or documents (i) are obtained lawfully from a third-party otherwise than through formal discovery in this proceeding; and (ii) were not subject to any restriction on disclosure while in the possession of such third-party (e.g., where the third party owed(es) no duty of non-disclosure to the party claiming confidentiality of the information).

**3.     Designating Documents**

When a party producing documents wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" such designation shall be made by placing an appropriate legend on each page of the document prior to production. This designation of confidential information need not be made until copies of the materials are requested after inspection and selection by counsel. Making documents and things available for inspection by a party's counsel shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's counsel shall be treated as though designated as "CONFIDENTIAL —- ATTORNEYS' EYES ONLY" at the time of the inspection. When a party wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" a document produced by someone other than the Designating Party, such designation shall be made within ten business days from the date that the Designating Party receives notice that the document has been produced by notice to all parties, identifying

1  with particularity the designated documents.

2  **4.    Designating Depositions**

3      **a.    Timing**

4  Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" or
5  "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by a party either: (i) before the testimony
6  is recorded, in which case the transcript of the designated testimony shall be bound in a separate
7  volume and marked by the reporter, as the Designating Party may direct, or (ii) by captioned,
8  written notice to the reporter and all counsel of record, given within ten business days after the
9  reporter sends written notice that the transcript or portion thereof in their possession or control as
10 directed by the Designating Party. Pending expiration of the ten business days, the deposition
11 transcript shall be treated as if it had been designated "CONFIDENTIAL — ATTORNEYS'
12 EYES ONLY."

13     **b.    Exclusion Of Persons**

14 Where testimony is designated at a deposition, the Designating Party may exclude from
15 the deposition all persons other that those to whom the Designated Material may be disclosed
16 under paragraph 2 of this Order.

17     **c.    Exhibits**

18 Any party may mark a deposition exhibit as Designated Material and examine any
19 witness thereon, provided that the deposition witness is one to whom the exhibit may be
20 disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the
21 same confidentiality designation as the exhibit.

22 **5.    Court Procedures**

23 Should a party desire to include or make specific reference to Designated Material,
24 designated by another party, in a submission to the Court, that party shall follow the procedures
25 set forth in Civil Local Rule 79.5 to request that the papers, including such Designated Material,
26 be sealed.

27 **6.    Subpoena By Other Courts Or Agencies**

28 If a third party, another Court or an administrative agency subpoenas or orders production

of documents or information or materials, designated for protection under this Protective Order, that a party has obtained under the terms of this Order, such party shall promptly notify the Designating Party of the pendency of such subpoena or order.

**7.  Objections**

A party challenging a "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation shall do so in writing and shall state the basis for the challenge. The Designating Party shall, within five days after receiving such notice, respond in writing. If the Designating Party fails to respond timely in writing, then the Designating Party shall be deemed to have waived the claim of confidentiality. The Challenging Party may move the Court for an order that the material is not confidential. Before filing such a motion, counsel shall meet and confer in a good faith effort to resolve their differences. The Designating Party may file a brief in opposition to the Challenging Party's motion within five days. Pending a decision from the Court, the information shall be treated as properly designated under this Order.

**8.  No Prejudice**

a.  Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

b.  This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

c.  Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

d.  A party may seek to make late designations of information and materials by stipulation or court order if the party failed to make a timely designation through mistake or inadvertence.

**9.  Final Disposition**

Within sixty days of final termination of this action (including any appeals), each party shall assemble and destroy or return all Designated Materials, including copies, abstracts,

1 summaries, documents or materials containing information taken from them (but excluding any
2 materials which in the judgment of counsel are work product materials) to counsel for the person
3 that produced the material. Each party shall further certify to the owner of the Designated
4 Materials that such destruction or return occurred. In the case of materials designated under this
5 Order by someone other than the Designating Party, the materials shall be returned to counsel for
6 the Designating Party, or destroyed.  The attorney of record may retain one copy of the
7 designated information, solely for archival purposes, attached to any pleading filed with the
8 Court or marked as an exhibit to a deposition, or which is part of deposition testimony,
9 interrogatory response(s), or response(s) to request(s) for admission.

10 **10.    Modification And Survival**

11     The restrictions imposed by this Order may be modified or terminated only by written
12 stipulation of all parties or by order of this Court.  This Order shall survive termination of this
13 action.

14 **11.    Expert Discovery**

15     A testifying expert is not required to retain, and a party is not required to disclose,
16 intermediate drafts of the expert's report, so long as such drafts are:  (a) prepared solely by the
17 expert while formulating the proper language in which to articulate his own, ultimate opinion;
18 (b) arrived at by his own work or of those working at his personal direction; and (c) not provided
19 to or discussed with anyone else.

20 **12.    No Contract**

21     This proposed Order is for the Court's consideration and approval as an Order.  It shall
22 not be construed to create a contract between the parties or between the parties and their
23 respective counsel.

24 **13.    Inadvertent Disclosure Of Designated Material**

25     If any party inadvertently discloses Designated Material to a person or persons other than
26 those designated under paragraph 2 of this Order, that party promptly shall notify the
27 Designating Party of the disclosure and undertake all reasonable efforts to retrieve the
28 Designated Material.

1  **14.     Attorney-Client And Work Product Material**

2          If any party inadvertently produces materials protected by the attorney-client or work
3  product doctrines, that party may notify counsel to whom the material was produced and the
4  material will be returned.  Inadvertent production of such privileged material will not constitute a
5  waiver of the attorney-client privilege or work product privilege.  The parties agree that upon
6  notification of such an inadvertent production, any copies already made of the privileged
7  material will either be returned or destroyed.

8  **15.     Designations Not Admissions**

9          Nothing in this Protective Order shall be construed as an admission or agreement that any
10 specific information is or is not confidential, subject to discovery, relevant, or admissible in
11 evidence in this litigation.

12 **16.     Privileged Log**

13         No party need identify on its privileged log any attorney-client communications or work
14 product materials created on or after the filing of this suit, *i.e.*, November 26, 2003, because to
15 do so would be unduly burdensome given the volume of such attorney-client communications
16 and work product materials.

17 **17.     Declarations**

18         To become entitled to review materials designated as "CONFIDENTIAL" and/or
19 "CONFIDENTIAL — ATTORNEYS' EYES ONLY" as provided in paragraph 1, the person
20 identified in paragraphs 2(a), (2)(b)(i) and 2(b)(iii) shall first be provided with a copy of this
21 Protective Order and shall be required to sign a Declaration in the form set forth as Exhibit A
22 hereto.  None of the other persons listed in paragraph 2 shall be required to sign such a
23 Declaration.  The party on whose behalf the Declaration is signed shall retain the original
24 Declaration and shall serve a copy thereof and, in case of an outside expert or consultant, a copy
25 of the person's curriculum vitae, on the producing party, who shall have four business days from
26 the date of receipt of such notice to object to the disclosure by providing the other party written
27 notice of the objection.  No disclosure of materials designated "CONFIDENTIAL" or
28 "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be made to any such person until the

1  four-day period has passed without objection. For purposes of this Order, "outside expert"
2  means a person who is not an employee, officer, or director of a party or a subsidiary or affiliate
3  of a party.

4  DATED: January 20, 2006                KEKER & VAN NEST, LLP

By: _____
MICHAEL H. PAGE
MARK A. LEMLEY
KLAUS H. HAMM
Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.
and Third-Party Defendants
ASK JEEVES, INC. and EARTHLINK, INC.

DATED: January 20, 2006                HOWREY SIMON ARNOLD & WHITE, LLP

By: _____
ROBERT N. PHILLIPS
ETHAN B. ANDELMAN
Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

DATED: January 20, 2006                TAYLOR & COMPANY LAW OFFICES, INC.

By: _____
STEPHEN E. TAYLOR
JAN J. KLOHONATZ
Attorneys for Third Party Defendants
AMERICA ONLINE, INC., NETSCAPE
COMMUNICATIONS CORPORATION and
COMPUSERVE INTERACTIVE SERVICES, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____, 2005

_____

| | |
|---|---|
| 1 | UNITED STATES DISTRICT COURT JUDGE |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (EAI) |
| Plaintiff, | **CONFIDENTIALITY AGREEMENT** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive, | |
| Defendants. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | |
| Counter Plaintiff, | |
| v. | |
| GOOGLE INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC. and EARTHLINK, INC., | |
| Counter Defendant/ Third-Party Defendants. | |

I, _____, declare as follows:

1. I have received and carefully read a copy of the Stipulated Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and comply with all of the terms of this Stipulated Protective Order, and by such orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. Specifically, I agree to hold in confidence and not to disclose any materials designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY"

1  shown to me during the course of this litigation.

2      4.  I agree to return all documents containing materials designated as

3  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shown to me in the

4  course of this litigation.

5      5.  I acknowledge that the Court may sanction me in the event that I violate the

6  provisions of the Stipulated Protective Order, and I hereby agree to submit to the jurisdiction of

7  this Court for said purposes.

8      6.  I declare under the penalty of perjury that the foregoing is true and correct, and that

9  this Declaration was executed this ___ day of _____, 2005.

10

11

                                       SIGNATURE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

353622.01

CASE NO. C 03-5340-JF (EAI)