*E-FILED 2/8/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE, INC., | NO. 03-cv-5340 JF (RS) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTIONS TO ENFORCE PROTECTIVE ORDER AND TO COMPEL DESIGNATION AND CLASSIFICATION OF DOCUMENTS** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., ET AL., | |
| Defendants. | |

## I. INTRODUCTION

Defendant American Blind and Wallpaper Factory, Inc. ("American") moves to compel plaintiff Google, Inc. ("Google") to de-classify various documents which American argues have been improperly afforded the highest level of confidentiality under the stipulated protective order entered in this case. American also moves to compel Google to comply with Fed. R. Civ. Pro. 34(b) by either labeling the documents produced to correspond with specific discovery requests or by providing an index which designates the source and origin of each of the 24 boxes and 10 compact discs thus far provided by Google.

The motions were fully briefed and heard by the Court on February 3, 2006. Based on all papers filed to date, as well as on the oral argument of counsel, the Court grants the motion regarding document classification and further grants the motion to compel regarding compliance

with Rule 34(b).

## II. BACKGROUND

Google filed this declaratory relief action against American to determine Google's rights to sell keyword-triggered advertising that includes descriptive terms such as "blind," "wallpaper," and "factory"; words which are also component parts of American's trademarks. Although Google has agreed to prevent entities from using American's registered marks, it argues that descriptive terms such as "blind" are not entitled to protection under the Lanham Act.

As part of its discovery requests, specifically Document Request No. 44, American requested and Google produced all of the documents Google previously produced in a prior action, *Geico v. Google* ("*Geico*"). Google contends that, although American's request for such documents was overbroad, since it posed no burden to Google to provide copies of the *Geico* documents to American, it did so without objection. Those documents were produced to American, however, without any additional review or re-classification by Google. American now contends that, under the terms of the stipulated protective order entered in this action, Google is obliged to review the *Geico* documents and, if necessary, de-designate various documents which were classified in that case as "Confidential - Attorneys' Eyes Only," and which are not entitled to that designation under the stipulated protective order. Google responds that such a review is overly burdensome and notes that it is simply easier for the parties to proceed as American has thus far; namely for American to present to Google those documents which it contends need to be de-designated.

In addition to re-classifying various documents contained in the *Geico* production, American requests that Google be compelled to identify with specificity the discovery requests to which those documents respond. While Google has stated that the documents respond to Request No. 44, American argues that the documents may also be responsive to additional requests and, if so, asks Google to identify those requests, or submit a verified response that the documents are responsive solely to Request No. 44.

\\\

\\\

2

### III.  STANDARDS

#### A. Stipulated Protective Order

In granting a stipulated protective order, the court delegates to the litigants significant discretion to decide what shall be treated as confidential. In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation, 101 F.R.D. 34, 41 (C.D. Cal. 1984). It is the designating party's burden to show that the documents it seeks to keep confidential are entitled to protection from disclosure. Verizon California, Inc. v. Ronald Katz Technology Licensing, L.P., 214 F.R.D. 583, 586 (C.D. Cal. 2003).  "A problem arises if it later appears that the parties have abused their authority to designate documents 'Confidential' or that, for some reason, some of the sealed information should not legitimately remain closed to the public." In re Petroleum Products, 101 F.R.D. at 41.  Under such circumstances, the court must balance the interests of confidentiality with the interests of access to the information. Id.  The weight to be accorded to each may vary according to the purposes the documents serve in the litigation. Id.

#### B. Motion to Compel

Fed. R. Civ. Pro. 34 permits a party to serve on any other party a request to produce and copy designated documents. In answering a request for production, the responding party shall state, with respect to each item or category requested, whether production shall occur or whether an objection exists and, if so, shall state such objection.  Fed. R. Civ. Pro. 34(b).  If documents are produced, they must be provided as they are kept in the usual course of business or organized and labeled to correspond with the categories in the request. Id.  The party submitting the request may move for an order under Rule 37(a) with respect to any request or objection thereto. Id.

Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure:

> [If] a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

1  Fed. R. Civ. P. 37(a)(2)(B).

## IV. DISCUSSION

### A. Stipulated Protective Order

American moves to compel Google's compliance with the stipulated protective order, which provides that the "Confidential -Attorneys' Eyes Only" designation will be used only in "limited circumstances."[1] See Declaration of Caroline Plater, Exh. A at ¶ 1. Despite its agreement to limit such designation of documents, Google concedes that it simply provided the *Geico* documents to American without any review or re-classification based on the fact that the designations which had been made in the prior case were "very similar" to those agreed to by the parties in this action.[2]

While Google's notion of streamlining the discovery process by producing readily available responsive materials is certainly understandable, that does not relieve it of the obligation to comply with the terms of the protective order in this particular case. Google, therefore, must review and classify all documents it produces here, independent of what may have been done in any prior separate action. Once designation and production has occurred, the protective order provides a mechanism whereby the receiving party, in this instance American, may challenge the designations. Google concedes that it did not comply with this procedure and admits that it produced documents which may carry improper classifications under the terms of the present protective order. See Opposition at pp. 1, lines 19-22; 4, lines 3-7.  As a result, Google must review and re-classify the *Geico* documents it produced to American in this action based on the understandings reflected in the parties' stipulated protective order.

### B. Motion to Compel

American also seeks to compel Google to comply with Fed. R. Civ. Pro. 34(b) with respect

---

[1] The "limited circumstances" delineated by the parties in the protective order are defined as materials reflecting: 1) current revenues, costs, profits, or other highly-sensitive, non-public financial matters; 2) bids, proposals, offers, or other documents relating to attempts to acquire a competing business; 3) future strategic business, sales or marketing plans or activities; or, 4) patents or other highly-sensitive trade secrets, the disclosure of which would irreparably harm the Designating Party. Id.

[2] While the two protective orders are similar, they are not identical. Compare, Andelman Decl., Exh. B with Hamm Decl., Exh. B. Google concedes this point. See Opposition at p. 7, lines 12-24.

to Google's production of the *Geico* files. Although Google argues that those files were produced in response to Document Request No. 44 as they are kept in the ordinary course of business, two problems arise concerning that argument. First, Google's statement does not satisfy the "certified response" requirement set forth in Fed. R. Civ. Pro. 26(g)(2). Accordingly, if it is Google's position that the *Geico* files are responsive solely to Request No. 44, Google must serve a certified response to American which so states. If, on the other hand, the *Geico* files are responsive to additional discovery requests, then Google must identify with specificity which documents correspond to which requests, in compliance with Fed. R. Civ. Pro. 34(b).

Second, Google's unsupported statement that the *Geico* files were produced "as they were kept in the usual course of business" similarly fails to fulfill the requirements set forth in Fed. R. Civ. Pro. 34(b). See e.g., Cardenas v. Dorel Juvenile Group, Inc., 230 F.R.D. 611 (D. Kan. 2005) (holding that a mere assertion that documents were produced as kept in ordinary course of business is insufficient to fulfill the requirements of Rule 34(b)). Moreover, a party's option to produce documents "as they are kept in the usual course of business" is not absolute. As the Cardenas court noted, "merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business." Id. at 618. Accord, Scripps Clinic and Research Foundation v. Baxter Travenol Labs, Inc., 1988 WL 70013 (D. Del. 1988) (motion to compel defendant to label and index 45,000 documents produced in 15 boxes with no designations as to the origins of the files granted since court had reason to doubt documents were produced as kept in ordinary course of business); T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 456 (W.D. N. C. 1991) (court stated it "doubt[ed] very much whether the Defendant complied with the command of Rule 34(b)...It is certainly improbable that [defendant] haphazardly store[d] documents in a cardboard box").

In support of its contention that the records were produced as maintained in the ordinary course of business, Google points out that the *Geico* files contain both colored and alphabetized pages to assist American in navigating the documents. See Klaus Hamm Declaration, Exh. J. There is no showing made by Google, however, that the colored and alphabetized pages, while perhaps

5

somewhat helpful, correspond to the manner in which those files were maintained.[3] "For this reason, Rule 34(b) places the obligation on the responding party to 'organize and label' the documents which are produced for inspection." Stiller v. Arnold, 167 F.R.D. 68, 71 (N.D. Ind. 1996). As a result, the motion to compel Google to comply with Fed. R. Civ. Pro. 34(b) by organizing and labeling the documents produced to American is granted.

## V.  CONCLUSION

For the reasons stated above, American's motion to compel Google to comply with the terms of the stipulated protective order is granted. Google is ordered to review and classify all documents produced to American to correspond with the requirements of the stipulated protective order within thirty (30) days of the date of this order.

In addition, American's motion to compel Google to comply with Fed. R. Civ. Pro. 34(b) is granted. Google shall provide a written response to American within thirty (30) days of the date of this order linking the documents produced by Google to the requests made by American, including, as appropriate, an indication that no documents are being produced in response to a particular request.

IT IS SO ORDERED.

Dated: February 8, 2006

_____
RICHARD SEEBORG
United States Magistrate Judge

---

[3] Google also advances the novel notion that as kept "in the usual course of business" may mean as documents have been compiled and maintained in response to discovery in a prior case, as litigation has become an integral part of its "business." The more reasonable reading of Rule 34, however, is that the "course of business" to which it refers concerns a party's substantive business operations.

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN DELIVERED TO:**

Nathan B. Andelman    andelmane@howrey.com, cranmerp@howrey.com

Ravind Singh Grewal    rsg@kvn.com

Klaus Hemingway Hamm    khamm@kvn.com, dmiller@kvn.com; dfox@kvn.com

Michael H. Page    mhp@kvn.com, sjr@kvn.com; nsn@kvn.com

Robert Nathan Phillips    phillipsr@howrey.com, cranmerp@howrey.com

Stephen E. Taylor    staylor@tcolaw.com, jklohonatz@tcolaw.com; swexler@tcolaw.com; tnewby@tcolaw.com; cdunbar@tcolaw.com; nfreese@tcolaw.com; sscoggins@tcolaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 2/8/06**                                             **Chambers of Judge Richard Seeborg**

                                                              **By:      /s/ BAK**

**United States District Court**
For the Northern District of California