1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6

7  Attorneys for Plaintiff and Counter Defendant
   GOOGLE INC.

8

                    UNITED STATES DISTRICT COURT

9
                    NORTHERN DISTRICT OF CALIFORNIA
10

11

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (EAI) |
| Plaintiff, | **COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive, | |
| Defendants. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | Date: TBD<br>Time: TBD<br>Courtroom: 4<br>Judge: Hon. Richard Seeborg |
| Counter-Plaintiff, | |
| v. | |
| GOOGLE INC., | |
| Counter-Defendant. | |

374197.02

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT
DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTS ..................................................................................................................................2

    A. ABWF has engaged in a consistent stalling tactic of raising objections, abandoning them, promising to produce documents, and then failing to do so. ....................................................................................................................2

    B. ABWF has been canceling and postponing the deposition of its Rule 30(b)(6) designee for nearly three months ..................................................................4

    C. Citing its change of management, ABWF still has not suggested possible dates for the depositions of other key individuals. ...................................5

    D. In contrast to ABWF's behavior, Google has conscientiously responded to ABWF's many discovery requests well before the June 27, 2006 discovery cut-off ........................................................................................6

III. ARGUMENT .......................................................................................................................7

    A. ABWF should be compelled to produce immediately the eleven categories of documents listed in Google's May 12th letter, as ABWF has abandoned its objections to those documents and has promised to produce them. ..........................................................................................................7

    B. ABWF should be compelled to produce immediately an affidavit describing its document collection efforts because ABWF's document production thus far suggests either inadequate search efforts or intentional withholding of documents ......................................................................7

        1. Google's document requests concerning the selection of ABWF's claimed trademarks evidence either a lack of diligence or a lack of good faith by ABWF .................................................8

        2. Google's document requests concerning ABWF's advertising and promotional expenditures evidence either a lack of diligence or a lack of good faith by ABWF ...............................................10

    C. ABWF should be compelled to schedule the depositions Google has noticed. ........................................................................................................12

IV. CONCLUSION ..................................................................................................................12

i

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Buchanan v. Consol. Stores Corp.,
   206 F.R.D. 123, (D. Md. 2002) .................................................................................................... 7

Gray v. Faulkner,
   148 F.R.D. 220 (N.D. In. 1992) ......................................................................................... 7, 8, 10

Hagemayer N. Am., Inc. v. Gateway Data Scis. Corp.,
   222 F.R.D. 594 (E.D. Wis. 2004) ................................................................................................ 7

**Rules**

Federal Rule of Civil Procedure 30(b)(6) ......................................................................................... 4

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT
DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

## I.     INTRODUCTION

Google brings this motion to compel counter-plaintiff American Blind & Wallpaper Factory, Inc. ("ABWF") to (1) produce documents, (2) produce an affidavit detailing ABWF's document collection efforts, and (3) schedule depositions after prolonged stonewalling by ABWF). For months, ABWF has repeatedly promised this discovery and has repeatedly broken these promises. With the June 27, 2006 cut-off for fact discovery approaching, Google can no longer suffer ABWF's consistent stalling tactics.

First, Google seeks to compel immediate production of documents responsive to its first set of document requests. ABWF has evinced a consistent delay tactic with regard to these document requests. Initially, ABWF raised blatantly unmeritorious objections or simply failed to produce the documents it promised to produce. After letters from Google addressing these shortcomings, ABWF simply abandoned its objections and promised to produce the documents. Finally, ABWF failed to produce all of the documents it promised to produce. Eleven categories of documents are at issue in this motion. When Google notified ABWF that Google would file this motion to compel, ABWF again abandoned its objections and promised "to produce all responsive documents" by next week. But because of ABWF's track record and the approaching discovery cut-off, Google cannot afford to wait and see whether ABWF will actually produce the documents this time before moving to compel. If ABWF does not produce the documents soon, Google will be unable to prepare for and take necessary depositions prior to the discovery cut-off.

Second, Google seeks to compel disclosure of ABWF's search efforts. A serious question exists as to whether ABWF is producing "all" documents responsive to Google's document requests. The paucity of documents ABWF has produced in response to some requests and express statements by ABWF's counsel suggest that either (1) ABWF has not performed a diligent search effort, or (2) ABWF is intentionally withholding some responsive documents.

1

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

1   Third, Google seeks to compel ABWF to schedule the depositions that Google has
2   noticed thus far. ABWF claims that it is currently unable to do so because of a change in
3   management. Be that as it may, with the approaching discovery cut-off, Google has no choice
4   but to ask the Court to compel the scheduling of the depositions immediately.

## II.    FACTS

**A.    ABWF has engaged in a consistent stalling tactic of raising objections, abandoning them, promising to produce documents, and then failing to do so.**

On May 21, 2004, Google propounded on ABWF a single, comprehensive set of 41 requests for production ("the Document Requests").[1] Discovery was then stayed for roughly one year, pending briefing and a ruling on Google's motion to dismiss.[2] ABWF served its responses to the Document Requests on June 10, 2005.[3] It produced one box of documents on October 26, 2005.[4]

On March 16, 2006, Google sent a letter to ABWF demanding certain financial documents covered by Document Requests 9-12, to which ABWF had objected earlier.[5] ABWF did not respond to this letter.[6]

On March 28, 2006, Google sent ABWF a letter containing six clearly-labeled issues, one of which was ABWF's failure to respond to Google's March 16th letter.[7] Although Google requested a response by April 3, 2006, ABWF requested a one-week extension, and Google granted it.[8] On April 10, 2006, ABWF responded to Google's March 28th letter.[9] For every category of documents Google had addressed, ABWF abandoned its objections, using the

---

[1] See Declaration of Ajay S. Krishnan ("Krishnan Decl."), Ex. A.
[2] Id., ¶ 16.
[3] Id., Ex. B.
[4] Id., Ex. C & ¶ 16.
[5] Id., ¶ D.
[6] Id., ¶17.
[7] Id., Ex. E.
[8] Id., ¶ 18.
[9] Id., ¶ F.

2
COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

consistent refrain, "ABWF will produce responsive, non-privileged documents."[10]  On April 21, 2006, ABWF mailed Google a supplemental document production, consisting of roughly 140 pages of documents.[11]  Although the April 21st production included a selection of responsive documents, as explained below, it did not contain "all" responsive, non-privileged documents.

On May 12, 2006, Google sent ABWF a letter containing eleven clearly-labeled issues pertaining to the Document Requests.[12]  Many of these issues pertained to deficiencies in ABWF's April 24th production.  Other issues were raised for the first time.  Without exception, these requests sought documents related to core issues in this trademark case, such as documents about consumer recognition of the asserted trademarks in this case and documents about products sold under the trademarks.

The eleven categories of documents are:

(1) Monthly financial information (including number of units sold, price per unit, gross revenues, and profits or losses) for each product that ABWF sells.  These documents are responsive to Document Requests 9-12.

(2) <u>All</u> documents <u>relating to</u> (as opposed to merely "illustrating") ABWF's first commercial use of each of its claimed marks.  These documents are responsive to Document Request 3.

(3) <u>All</u> <u>documents</u> <u>relating to</u> how ABWF selected all of its claimed marks.  These documents are responsive to Document Request 1.

(4) All non-privileged documents in ABWF's "trademark files."  These documents are responsive to a request made in Google's May 12th letter, and are likely responsive to Document Requests 1-7, 17-21, 26, 27, 36-38, and 41.

(5) <u>All</u> documents demonstrating ABWF's <u>monthly</u> expenditures on advertising or promoting any of ABWF's <u>products</u> or ABWF's website, from the time they were initially sold to the present.  These documents are responsive to Document Requests 13 and 14.

(6) All documents responsive to Document Requests 20, 26, and 27.  These requests pertain to any brand recognition surveys, customer perception surveys, or related research in ABWF's possession (but not expert witness research conducted for this litigation).  They also pertain to any customer feedback in ABWF's possession.

---

[10] Id.

[11] Id., Ex. H & ¶ 19.

[12] Id., Ex. I.

(7) All documents responsive to Document Requests 36-39. The requests pertain to ABWF's <u>allegations</u> about trademark dilution, consumer confusion, and website diversion. This would include documents about actual consumers who were confused by Google's advertising practices, brand recognition surveys, and any internal analysis of lost sales or lost internet traffic (but not expert witness research conducted for this litigation).

(8) All documents responsive to Document Requests 15 and 16. These requests pertain to documents <u>identifying</u> the amount of internet traffic on ABWF's websites.

(9) Documents responsive to Document Request 22, which asks for "Documents identifying American Blind's corporation structure, <u>including</u> divisions and departments."

(10) Documents responsive to Document Request 23, which asks for "Documents identifying American Blind's employees and their job descriptions."

(11) An update of ABWF's response to <u>Document</u> Request 41, which asks for "All documents upon which ABWF will rely in this lawsuit."

Google requested that ABWF respond by May 18, 2006. <u>ABWF asked for three extensions</u> and finally responded on June 6, 2006.[13] In that response, ABWF abandoned all of its objections that Google had challenged. Specifically, ABWF stated, "we will produce all responsive documents in our possession or indicate that none exist to you by next week."[14]

**B.   ABWF has been canceling and postponing the deposition of its Rule 30(b)(6) designee for nearly three months**

ABWF has employed a similar strategy of delay to push back the deposition of its 30(b)(6) witness by nearly three months, and counting. On February 15, 2006, Google first noticed a Federal Rule of Civil Procedure 30(b)(6) deposition of ABWF for March 15, 2006.[15] ABWF represented that its Rule 30(b)(6) designee, Steve Katzman, was unavailable on March 15, and asked Google to suggest alternative dates.[16] After Google suggested several other dates, ABWF agreed to make Katzman available on April 20.[17]

---

[13] <u>Id.</u>, Ex. J & ¶ 20.
[14] <u>Id.</u>, Ex. J at 1.
[15] <u>Id.</u>, Ex. K.
[16] <u>Id.</u>, ¶ 22.
[17] <u>Id.</u>

4

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

As the April 20 deposition date was approaching, ABWF forced Google to reschedule the deposition by withholding the documents requested in Google's March 28th letter. Without documents that Google had first requested in 2004, Google could not reasonably prepare for the 30(b)(6) deposition. Thus, ABWF asked for more time to respond to Google's March 28th letter with an understanding that this would postpone the 30(b)(6) deposition.[18] Google accommodated ABWF's request for postponement.[19] ABWF then promised to produce their Rule 30(b)(6) designee, Steve Katzman, on May 11.[20]

Just ten days before it was set to take place, ABWF cancelled the May 11th deposition. ABWF explained that its lead counsel, Mr. Rammelt, had to attend a hearing in a foreign court on May 11.[21] ABWF proposed rescheduling the deposition for June 6, and even though Google had requested an earlier date, it accepted.[22]

On May 22, ABWF cancelled the June 6th deposition. ABWF explained that it had just undergone a change in management, and as such, Katzman would no longer be its 30(b)(6) designee.[23] Google has pressed ABWF numerous times since May 22 to designate a new 30(b)(6) deponent and to offer deposition dates.[24] ABWF's current position is that due to the management change, it does not know when it will be able to designate a 30(b)(6) deponent.[25]

**C.  Citing its change of management, ABWF still has not suggested possible dates for the depositions of other key individuals.**

On May 19, 2006, Google issued deposition notices for four individuals listed in ABWF's initial disclosures: Joe Charno, Bill Smith, Jeff Alderman, and Scot Powers, along with

---

[18] Id., Ex. L.
[19] Id.
[20] Id.
[21] Id., ¶ 24.
[22] Id.
[23] Id., ¶ 25.
[24] Id.
[25] Id.

5
COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

a letter offering to schedule the depositions at a convenient time.[26] Although Charno no longer works at ABWF, ABWF has stated that it will represent him for this litigation. Additionally, when it was learned that Steve Katzman, who was previously ABWF's 30(b)(6) designee, was no longer at ABWF, Google served ABWF with Katzman's deposition subpoena. This happened on June 1.[27] Google has also served Katzman personally.[28]

As of the filing of this motion, ABWF has repeatedly stated that it will get back to Google about scheduling depositions, but it still has not done so.[29] Thus, ABWF has not informed Google when Charno, Smith, Alderman, or Powers will be available for depositions. Nor has ABWF stated whether or not it will represent Katzman.

**D.   In contrast to ABWF's behavior, Google has conscientiously responded to ABWF's many discovery requests well before the June 27, 2006 discovery cut-off**

While ABWF has produced a mere 3000 pages to date, seven months ago Google produced more than 100,000 pages of documents.[30] Since then, Google has continually supplemented its document production upon collecting and reviewing responsive documents, <u>without urging from ABWF</u>. All told, Google has made seven different productions that total roughly 137,000 pages.[31] Additionally, cover letters, which detail the sources of the documents, have accompanied Google's productions.

Google has produced two designees for Rule 30(b)(6) depositions. ABWF took the depositions of Google designees Alana Karen and Prashant Fuloria on April 12, 2006 and May 18, 2006, respectively.[32]

---

[26] Id., Ex. M.
[27] Id., Ex. N.
[28] Id., ¶ 26.
[29] Id., ¶ 27.
[30] Id., ¶ 29.
[31] Id.
[32] Id., ¶ 30.

6

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

## III.  ARGUMENT

**A.  ABWF should be compelled to produce immediately the eleven categories of documents listed in Google's May 12th letter, as ABWF has abandoned its objections to those documents and has promised to produce them.**

After hearing that Google would file this motion to compel, ABWF agreed to "produce all responsive documents in [ABWF's] possession or indicate that none exist to [Google] by next week [the week of May 12, 2006]."[33]  As such, there is no current dispute as to whether ABWF should produce these documents.  The only issue is when.  Given the upcoming discovery cut-off and ABWF's delay thus far, ABWF should be compelled to produce these documents immediately.

**B.  ABWF should be compelled to produce immediately an affidavit describing its document collection efforts because ABWF's document production thus far suggests either inadequate search efforts or intentional withholding of documents**

When a party propounding discovery can demonstrate a basis for disbelieving a responding party's representations "that it has produced all responsive documents," the Court may compel the responding party to prepare an affidavit documenting its efforts to search for and collect documents.  See Buchanan v. Consol. Stores Corp., 206 F.R.D. 123, 125 (D. Md. 2002); Hagemayer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004) ("In the face of denial by a party that it has possession, custody, or control of documents, the [requesting] party must make an adequate showing to overcome this assertion" (internal quotation marks omitted, alteration in original)) (citing cases).  The propounding party must show more than "mere suspicion that the response is incomplete or incorrect."  Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. In. 1992).

Here, there is a serious, documented concern either that ABWF's search efforts are inadequate or that ABWF is intentionally withholding responsive documents.  Despite its representations, it is not at all clear that ABWF is producing "all" responsive documents.  As a general point, thus far ABWF has only produced roughly 3000 pages of documents, which is roughly one box.  In its complaint, ABWF claims that it generates annual revenues in excess of

---

[33] Id., Ex. J.

7
COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

1  $100 million.[34]  Additionally, ABWF alleges that it has spent over $10 million developing its
2  website, which receives 30,000 visits by customers every day and processes over 400,000
3  transactions every year.[35]  That website is central to this case, because ABWF alleges that
4  Google diverted internet traffic from ABWF's website, thus causing ABWF lost sales.[36]  It is
5  suspicious, to say the least, that Google's comprehensive set of 41 document requests would only
6  have yielded 3000 pages of documents from such a large company with such an active website.
7  But ABWF's discovery shortcomings go beyond "mere suspicion."  Gray, 148 F.R.D. at 223.
8      Numerous examples exist of conduct that implicates either ABWF's diligence or good
9  faith in responding to Google's Document Requests.  In the interest of brevity, however, Google
10 will limit itself to two examples.

   **1.  Google's document requests concerning the selection of ABWF's claimed trademarks evidence either a lack of diligence or a lack of good faith by ABWF**

13     Google's propounded document requests concerning how ABWF <u>selected</u> the trademarks
14 that are at issue in this case.  In Document Request 1, Google asked for "All documents relating
15 to American Blind's <u>selection, adoption and clearance</u> of each of the American Blind Marks,
16 including, but not limited to, searches, investigations, reports, and opinions."[37]
17     Aside from boilerplate objections that ABWF no longer asserts, ABWF responded,
18 "American Blind states that it will produce any responsive documents in its possession regarding
19 the <u>adoption and clearance</u> of each of the American Blind Marks."[38]
20     What happened to documents relating to <u>selection</u>?  ABWF does not say.  Google pointed
21 this out in its March 28th letter, and then stated: "If it is ABWF's position that it has no

---

[34] Defendant American Blind & Wallpaper Factory, Inc.'s Answer, Affirmative Defenses, Counterclaims, and Third-Party Claims, ¶ 29.
[35] Id., ¶¶ 33-34.
[36] Id., ¶¶ 79-82.
[37] Krishnan Decl., Ex. B at 2 (emphasis added).
[38] Id. (emphasis added).

8

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

1 unprivileged documents regarding the selection of its marks, please state so.  Otherwise, please
2 produce all documents relating to ABWF's selection of each claimed ABWF trademark."[39]

3     ABWF responded on April 10, 2006:

> Fourth, with regard to American Blind's selection of the American Blind marks, the decision regarding American Blind's name was made many years ago and was not documented at that time.  The marks were selected based on the corporate name chosen.  Accordingly, no responsive documents exists [*sic*] as to the *selection* of the American Blind name and resulting marks.[40]

To be absolutely clear, ABWF's letter went on to state, with regard to a separate category of documents, "as addressed above, no responsive documents exist on name selection."[41]

    In a follow-up e-mail on April 13, Google asked:

> Also, I wanted to clarify something: you've taken the position (both with regard to items 4 and 6 in your April 10 letter) that ABWF has no documents as to (1) how it decided to name its business or (2) how it selected any of its trademarks.  Is that correct?  If this is so, could you please explain why no such documents exist?  You suggest in your April 10 letter (with regard to item 4) that this is because ABWF chose its name a long time ago.  But some of ABWF's claimed trademarks were only adopted or registered relatively recently.  I just want to be sure that I understand your position.[42]

To which ABWF responded, on April 18:

> I can confirm that we do not have any documents regarding the choice of the American Blind name.  I have explained why we have no documents regarding the name choice—and you are free to question our 30(b)(6) witness Steve Katzman, on why the company made this choice and did not generate any documents in making this choice.  However, I believe we have documentation regarding the selection of the trademarks, in so far as this is contained in the trademark files.  I will follow up on that aspect of your inquiry.[43]

ABWF has never followed up on this issue.  Google asked again about it in its May 12th letter,[44] with regard to which ABWF has merely responded that it will "produce all responsive documents" or "indicate that none exist."[45]

---

[39] Id., Ex. E at 2.
[40] Id., Ex. F at 2 (emphasis in original).
[41] Id.
[42] Id., Ex. G at 1.
[43] Id.
[44] Id., Ex. I at 2.
[45] Id., Ex. J at 1.

9

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

This episode raises many troubling questions about ABWF's document collection efforts and its good faith in responding to document requests. Why, as of April 18, had ABWF never searched its "trademark files"? This would appear to be the first place to search for documents related to a trademark dispute. Indeed, ABWF has now agreed to produce all non-privileged documents in its trademark file, presumably because all such documents are responsive to some Google document request. Why did ABWF initially omit the term "selection" from its response to Document Request 1? Was it intentional? Why did ABWF expressly represent in its April 18th e-mail that "no responsive documents exists [*sic*] as to the *selection* of the American Blind name and resulting marks"? Were these just a series of mistakes?

Neither Google nor the Court has any way to evaluate these questions unless ABWF produces an affidavit describing its document collection efforts to date. Permitting ABWF to proceed in the manner it has, with absolutely no transparency in its document collection process, will force Google to perform the foregoing labored analysis with regard to each of ABWF's evasive responses. This example of trademark-selection documents, standing alone, demonstrates more than a "mere suspicion that the response is incomplete or incorrect." See Gray, 148 F.3d at 223.

### 2. Google's document requests concerning ABWF's advertising and promotional expenditures evidence either a lack of diligence or a lack of good faith by ABWF

Google propounded requests for "All documents demonstrating American Blind's monthly advertising and promotional expenditures" for products ABWF sells under its claimed trademarks and for those products ABWF sells through its website. Google requested these documents in Document Requests 13 and 14.[46]

Aside from unmeritorious objections that ABWF has now abandoned, ABWF stated in its responses to Document Requests 13 and 14 that it would "produce documents generally evidencing annual advertising expenditures."[47] Notably, ABWF substantially narrowed the

---

[46] Krishnan Decl., Ex B at 9-11.

[47] Id.

10

COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

1  scope of these requests.  Nonetheless, ABWF still did not produce the documents in its April

2  supplemental production that it said it would produce in its responses.

3      In its March 28 letter, Google noted that ABWF had not produced any documents about

4  advertising expenditures.[48]  Google also complained that ABWF narrowed its request by (1)

5  stating it would produce "documents <u>generally evidencing</u>" expenditures instead of "<u>all</u>

6  documents demonstrating" expenditures; (2) omitting mention of documents pertaining to

7  <u>promotional</u> expenditures; (3) stating it would produce annualized figures instead of monthly

8  figures.[49]  In particular, Google explained that it was entitled to "whatever documents ABWF has

9  regarding ABWF's expenditures on advertising and promotional efforts," that documents ABWF

10  had produced earlier "make clear that ABWF has a great deal of nuanced financial information

11  on its advertising expenditures, and that this information has been or easily can be broken down

12  by product, by website, and by month."[50]

13      In its April 10th letter, ABWF responded, "with regard to American Blind's responses to

14  Requests 13 and 14, American Blind will produce responsive, non-privileged documents

15  regarding its advertising expenditures."[51]  Again, ABWF provided no explanation as to why it

16  refrained from promising to produce "all" documents or documents about "promotional"

17  expenditures.

18      Ultimately, in its April 21st supplemental production, ABWF simply produced monthly

19  income statements with a single line item for "advertising."[52]  Obviously, this production falls far

20  short of what ABWF suggested it would produce.  No company is capable of identifying it

21  monthly expenditures on advertising without supporting documents.  But where are these

22  documents?  Did ABWF ever perform a search for them?  Or are they being intentionally

---

[48] <u>Id.</u>, Ex. E at 2-3.
[49] <u>Id.</u>
[50] <u>Id.</u>
[51] <u>Id.</u>, Ex. F at 2.
[52] <u>Id.</u>, ¶ 21.

11
COUNTER-DEFENDANT GOOGLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO (1) PRODUCE DOCUMENTS, (2) PRODUCE AN AFFIDAVIT
DETAILING ABWF'S DOCUMENT COLLECTION EFFORTS, AND (3) SCHEDULE DEPOSITIONS
CASE NO. C 03-5340-JF (EAI)

374197.02

1 withheld? Again, these are all questions that can only be answered with an explanation, under
2 oath, of ABWF's search efforts.
3     The two foregoing examples demonstrate a need—beyond "mere suspicion"—to compel
4 ABWF to produce an affidavit describing its document collection efforts.

**C.    ABWF should be compelled to schedule the depositions Google has noticed.**

6     At this point, ABWF has postponed scheduling a 30(b)(6) deposition for nearly three
7 months. It has also delayed scheduling its other depositions. ABWF claims to be unable to
8 schedule any depositions at this time. Google understands that a change in management might
9 create difficulty in scheduling depositions. Nonetheless, the discovery cut-off is approaching,
10 and Google has no recourse but to ask the Court to compel ABWF to schedule the depositions.
11 ABWF should therefore be compelled to produce its 30(b)(6) designee without further delay.

## IV.    CONCLUSION

13     For the foregoing reasons, Google respectfully requests that Court (1) compel ABWF to
14 produce immediately the documents addressed in Google's May 12, 2006 letter, (2) compel
15 ABWF to produce an affidavit describing its document collection efforts and methodology, and
16 (3) compel ABWF to schedule all noticed depositions for which it will be representing the
17 deponent.

18 Dated: June 8, 2006                        KEKER & VAN NEST, LLP

By:      /s/ Ajay S. Krishnan
      AJAY S. KRISHNAN
      Attorneys for Plaintiff and Counter Defendant
      GOOGLE INC.