# EXHIBIT K

Dockets.Justia.com

LAW OFFICES
# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

AJAY S. KRISHNAN
AKRISHNAN@KVN.COM

February 15, 2006

**VIA FACSIMILE**

Caroline C. Plater, Esq.  
David A. Rammelt, Esq.  
Kelley Drye & Warren LLP  
333 West Wacker Drive  
Chicago, IL 60606

Robert N. Phillips, Esq.  
Howrey Simon Arnold & White, LLP  
525 Market Street, Suite 3600  
San Francisco, CA 94105-2708

Re:  *Google Inc. v. American Blind & Wallpaper Factory, Inc.*

Dear Counsel:

Please find attached Google's notice for a Rule 30(b)(6) deposition of American Blind and Wallpaper Factory, Inc. We have noticed the deposition for March 15, 2006. We are willing, however, to try to find a mutually agreeable date. Please feel free to contact me with any questions you might have.

Sincerely,

Ajay S. Krishnan

ASK/rwt

Enclosure

367428.01

1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Plaintiff and Counterdefendant
   GOOGLE INC. and
7  Third-Party Defendants ASK JEEVES, INC.
   and EARTHLINK, INC.

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   GOOGLE INC., a Delaware corporation,          Case No. C 03-5340-JF (EAI)
12
                        Plaintiff,               NOTICE OF 30(b)(6) DEPOSITION OF
13                                               AMERICAN BLIND AND WALLPAPER
         v.                                      FACTORY, INC.
14
   AMERICAN BLIND & WALLPAPER
15 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc. and DOES 1-
16 100, inclusive,

17                      Defendants.

18 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
19 d/b/a decoratetoday.com, Inc.,

20                      Counter Plaintiff,

21       v.

22 GOOGLE INC., AMERICA ONLINE, INC.,
   NETSCAPE COMMUNICATIONS
23 CORPORATION, COMPUSERVE
   INTERACTIVE SERVICES, INC., ASK
24 JEEVES, INC., and EARTHLINK, INC.,

25                      Counter Defendants/
                        Third-Party Defendants.
26

27

28

1   PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil
2   Procedure, Google Inc. ("Google"), will take the deposition upon oral examination of a
3   representative of Defendant/Counter-Plaintiff American Blind and Wallpaper Factory, Inc.
4   ("American Blind"). The topics to be covered are listed in Schedule A attached hereto.
5   The deposition shall take place at the offices of Pepper Hamilton, LLP, 100 Renaissance
6   Center # 3600, Detroit, MI 48243, beginning on March 15, 2006, at 9:30 a.m., and shall continue
7   from day-to-day until completed. The testimony shall be recorded by stenographic and sound
8   and visual (videotaping) means.

10  DATED: February 15, 2006                KEKER & VAN NEST, LLP

                                            By: _____
                                            AJAY S. KRISHNAN
                                            Attorney for Plaintiff and Counter-Defendant
                                            GOOGLE INC. and Third-Party Defendants
                                            ASK JEEVES, INC. and EARTHLINK, INC.

## SCHEDULE A

As used herein, "the AMERICAN BLIND MARKS" shall refer to any and/or all trademarks alleged to be infringed or diluted by Counter-Defendants and/or Third Party Defendants.

Topics to be covered are:

1. American Blind's acquisition, selection, ownership, adoption, clearance, and use of each of the AMERICAN BLIND MARKS;

2. The validity of each of the AMERICAN BLIND MARKS and registrations;

3. Any trademark searches which were conducted by or for American Blind in connection with each of the AMERICAN BLIND MARKS;

4. American Blind's first use of each of the AMERICAN BLIND MARKS;

5. Every name that American Blind has used to identify its website;

6. For each instance in which American Blind has changed the name of its website, its reasons for so doing;

7. American Blind's products and services offered in connection with each of the AMERICAN BLIND MARKS;

8. Market research, consumer surveys, or consumer studies relating to each of the AMERICAN BLIND MARKS or products and services sold in connection with each of the AMERICAN BLIND MARKS;

9. American Blind's volume of sales, in units and dollar amounts, or products and services sold in connection with each of the AMERICAN BLIND MARKS;

10. American Blind's advertising and promotional activities and expenditures in connection with products and services sold under each of the AMERICAN BLIND MARKS;

11. American Blind's methodology for bidding on keywords in Google's Adwords advertising program;

12. American Blind's methodology for determining the value of a click-through[1] for

---

[1] A "click-through" refers to a single instance of a Google web search user clicking on the internet link located in a sponsored advertisement triggered by the user's web search

1 | an American Blind advertisement in Google's Adwords advertising program;

2 |     13.    Licensing of the AMERICAN BLIND MARKS;

3 |     14.    Third party use of each of the AMERICAN BLIND MARKS in connection with goods and services of the type sold by American Blind;

5 |     15.    Channels of trade for American Blind's goods and services sold in connection with the AMERICAN BLIND MARKS;

7 |     16.    Purchasers of American Blind's goods and services sold in connection with the AMERICAN BLIND MARKS;

9 |     17.    The strength, consumer recognition and fame of each of the AMERICAN BLIND MARKS;

11 |     18.    Any alleged confusion or dilution of each of the AMERICAN BLIND MARKS caused by Google's actions;

13 |     19.    The injuries and damages allegedly suffered by American Blind as a result of Google's actions;

15 |     20.    The average number of visitors to American Blind's website(s) per day, month, and year;

17 |     21.    The average number of visitors to American Blind's website(s) per day, month, and year, who purchase products and services through the website(s).

19 |     22.    American Blind's net profit for each product or service purchased though American Blind's website(s);

21 |     23.    American Blind's Affliate Program.

22 |     24.    American Blind's relationship or business dealings with any person or entity that purchased a keyword that consists in whole or in part of AMERICAN BLIND MARKS in Google's Adwords advertising program;

25 |     25.    American Blind's relationship or business dealings with any person or entity that American Blind allows to use the AMERICAN BLIND MARKS in the text or title of Sponsored Links appearing on Google.

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111. On **February 15, 2006**, I served the following document:

**Notice of 30(b)(6) Deposition of American Blind and Wallpaper Factory, Inc.**

☑   by **FACSIMILE TRANSMISSION (IKON)**, by placing a true and correct copy with IKON Office Solutions, the firm's in-house facsimile transmission center provider, for transmission on this date. The transmission was reported as complete and without error.

| | |
|---|---|
| Robert N. Phillips, Esq. | Caroline C. Plater, Esq. |
| Howrey Simon Arnold & White, LLP | David A. Rammelt, Esq. |
| 525 Market Street, Suite 3600 | Kelley Drye & Warren LLP |
| San Francisco, CA 94105-2708 | 333 West Wacker Drive |
| *Facsimile:*   415/848-4999 | Chicago, IL 60606 |
| | *Facsimile:*   312/857-7095 |

Executed on February 15, 2006, at San Francisco, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Robert W. Thomas