| | |
|---|---|
| 1 | Robert N. Phillips (SBN 120970) |
| | Ethan B. Andelman (SBN 209101) |
| 2 | HOWREY SIMON ARNOLD & WHITE, LLP |
| | 525 Market Street, Suite 3600 |
| 3 | San Francisco, CA 94105 |
| | Telephone: (415) 848-4900 |
| 4 | Facsimile: (415) 848-4999 |
| 5 | David A. Rammelt (Admitted *Pro Hac Vice*) |
| | Susan J. Greenspon (Admitted *Pro Hac Vice*) |
| 6 | Dawn M. Beery (Admitted *Pro Hac Vice*) |
| | KELLEY DRYE & WARREN LLP |
| 7 | 333 West Wacker Drive, Suite 2600 |
| | Chicago, IL 60606 |
| 8 | Telephone: (312) 857-7070 |
| | Facsimile: (312) 857-7095 |
| 10 | Attorneys for Defendant/Counter-Plaintiff |
| | AMERICAN BLIND AND WALLPAPER |
| | FACTORY, INC. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (EAI) |
| Plaintiff, | |
| v. | **AMERICAN BLIND & WALLPAPER, INC.'S NOTICE OF MOTION AND MOTION TO AMEND AND EXTEND CASE MANAGEMENT ORDER DATES** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive, | |
| Defendants. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | Date: June 23, 2006<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Hon. Jeremy Fogel |
| Counter-Plaintiff, | |
| v. | |
| GOOGLE, INC., | |
| Counter-Defendant. | |

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209968.2

Dockets.Justia.com

TO ALL PARTIES OF RECORD AND THEIR COUNSEL

PLEASE TAKE NOTICE that on June 23, 2006 at 9:00 a.m. or as soon as counsel may be heard, Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("American Blind") will and hereby does move this Court to amend and extend the current case management order dates in this matter.

The motion will be based on this Notice, the attached Motion, the accompanying Declaration of Caroline C. Plater and exhibits, the pleadings and papers on file in this action, the arguments of counsel, and upon such other evidence as may be presented at the hearing on this matter.

**I.   INTRODUCTION**

In the midst of completing fact discovery in this matter, negotiations were taking place between the then current management of American Blind and its then current Board of Directors and shareholders with respect to the potential sale of the company. As a result, the then current management of American Blind was unable to respond to the supplemental interrogatories and document production requests as well as not having the time necessary to prepare for and attend depositions. On May 18, 2006, the company's ownership was sold and American Blind unexpectedly underwent a change in the management of the company. Because of the transition in management and ownership, American Blind was unable respond to Google's discovery requests in the time frame originally anticipated, the deposition of American Blind's corporate representative was canceled, due to the subsequent resignation of American Blind's corporate designee and no new corporate designee has yet to be appointed by the company.

Since May 18, 2006, the primary focus of American Blind's new management and its attorneys has been on transitioning and educating the new management team on various matters and maintaining the day to day operations. As a result of this development and the previous delays and unanticipated obstacles caused by Google in the production of its documents, it is has become impracticable, if not impossible, to meet the current deadlines set in the Court's case management order dated February 16, 2006, a copy of which is attached hereto as Exhibit A. Counsel for American Blind has apprised counsel for Google of these developments and has

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209968.2                - 2 -

1  requested that Google agree to an extension of the discovery and subsequent deadlines, but
2  Google has refused to agree to such a voluntary extension, despite the fact that much of the delay
3  prior to April 18, 2006 was caused by Google.  Accordingly, American Blind respectfully
4  requests that the Court grant its motion to amend and extend the case management order dates an
5  additional 90 days for each deadline.[1]

## II.   DISCUSSION

Although it would be easy and reasonable to claim that the need for additional time is solely predicated on the change in management at American Blind, this alone is not the reason for the delay in completing discovery.  In fact, since the Court ordered Google to respond to American Blind's Request for Production following American Blind's Motion to Compel, Google has been producing documents on a piecemeal basis and often strategically timed to be produced just days before a scheduled deposition of Google's witnesses.  Among other things, this type of production and the timing of the productions have hindered American Blind's ability to properly prepare for certain of the Google depositions and have resulted in the need for additional depositions of the same individuals.   In addition, Google has still not provided the identities of its other 30(b)(6) witnesses despite the discovery cut off which Google so vehemently does not want to extend expires in a mere two weeks.

### A.   American Blind's Change in Management

From mid April, 2006 through May 18, 2006, the then current management of American Blind were engaged in negotiations regarding the sale of the company with the then current Board of Directors and shareholders of the company.  These negotiations were very protracted and time consuming to management.  Management was unable to dedicate time to the production responses and interrogatories from Google due to the time constraints from these negotiations. On May 18, 2006, the Board of Directors of the company determined it to be in the best interest of the company to sell the company to a third party.  Subsequent to the Board's decision, the then

---

[1] The current case management order dates are as follows: 6/27/06 Cutoff of fact discovery; 7/31/06 All parties' expert reports due; 9/15/06 Rebuttal expert reports due; 10/30/06 Cutoff of expert discovery; 11/30/06 Cutoff for filing dispositive motions; 12/1/06 Motion hearing; 2/2/07 Pretrial conference statements due; 3/2/07 Pretrial conference; 3/16/07 Jury Trial.

1   current CEO, Steven Katzman unexpectedly tendered his resignation.

2   On May 19, 2006, new management formally took control of American Blind. It should
3   be noted that the new management team was not previously employed by the company and had
4   no familiarity with the facts of this litigation. Since taking over the management of the company,
5   American Blind has simply been unable to respond to Google's request for additional responses
6   regarding its First Set of Interrogatories and First Set of Requests for Documents and Google's
7   Second Set of Interrogatories, Requests for Documents and Requests for Admissions, or produce
8   American Blind's corporate designee for deposition pursuant to Google's Fed. R. Civ. P., Rule
9   30(b)(6) Notice of Deposition. A combination of a lack of historical knowledge of the company
10  and the need to focus on the daily business initially prevented American Blind's new
11  management from addressing Google's fact discovery requests. American Blind is now ready to
12  deal with all outstanding discovery issues.

13  In addition, Steven Katzman, the former CEO of American Blind, had been designated as
14  American Blind's corporate designee and was scheduled to be deposed on June 6, 2006. Mr.
15  Katzman resigned from American Blind on May 18, 2006. Accordingly, American Blind
16  canceled this deposition. American Blind intends to provide a new date once the new designee is
17  determined and educated in compliance with requirements of Fed. R. Civ. P. 30(b)(6). Despite
18  the fact that American Blind informed Google about the impact of the change of management on
19  or about May 22, 2006 and repeatedly stressed the need for additional time to organize and
20  educate the new management at American Blind, Google pressed forward with new and
21  additional discovery burdens; noticing and then subpoenaing the depositions of four current and
22  former American Blind employees.

23  Just prior to and through the change of management, the parties were engaged in
24  settlement negotiations, which ultimately fell apart in the end of May and early June when new
25  management's settlement position was transmitted to Google. During this negotiation period,
26  neither party was pressing forward with discovery.

27  On June 6, 2006, American Blind assured Google that it would be producing additional
28  responsive documents to its first set of discovery in the week of June 12, 2006. (*See* June 6, 2006

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209968.2                - 4 -

1  correspondence from Caroline C. Plater to Klaus Hamm and Ajay Krishnan, attached hereto as
2  Exhibit B.) American Blind also separately requested that Google grant it an extension to
3  respond to Google's second set of discovery based of the recent changes at American Blind.
4  Google refused to agree to any extensions and refused to file a joint submission to extend the case
5  management order, even though its own actions have contributed to the need for additional time
6  to complete discovery.

### B.    Google's Dilatory Tactics

As the Court is well aware, Google did not properly respond to American Blind's First Request for Documents until it was compelled to do so by the Court by order dated February 8, 2006. The responses provided by Google on March 10, 2006, as required by the Court, addressed only a only a fraction of Google's document production. In the following months, Google produced approximately 25,000 pages of documents to American Blind – often timed so that it was impossible for American Blind to review Google's entire production prior to the depositions of Google representatives.[2] For example, the deposition of Alana Karen was taken on Wednesday, April 12, 2006. By letter dated April 6, 2006, Google produced approximately 3200 pages of documents, which were delivered to counsel for American Blind in the afternoon of Friday, April 7, 2006, leaving American Blind two business days to review over 3200 new pages of documents.[3]

Buried in Google's April 7, 2006 production was the document on which Ms. Karen relied for the bulk of her deposition testimony. Google never indicated prior to the deposition that Ms. Karen would be relying on a document rather than her memory or knowledge to address the topics for which she was designated a corporate representative. Google also never indicated that this key document was produced only two working days prior to Ms. Karen's deposition. Yet, even if American Blind was informed of the need for this document, it would have been unable to produce a legible version of it from the CD provided by Google in time for Ms. Karen's

---

[2]  American Blind first served Google with its Fed. R. Civ. P. 30(b)(6) Notice of Deposition on January 31, 2006.

[3]  One of these two business days was devoted to travel from Illinois to California for the deposition.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209968.2          - 5 -

1  deposition. It ultimately took American Blind several days and the assistance of outside technical
2  personnel to produce a legible version of this document. Instead, Google came to the deposition
3  without a copy of the document on which Ms. Karen planned to rely and without properly
4  preparing her to testify without the aid of the document. Accordingly, American Blind reserved
5  the right to re-depose Ms. Karen on the documents produced two days before her deposition and
6  in particular on the specific document that she referred to throughout her deposition. Google has
7  refused American Blind's request that Ms. Karen be produced for a second deposition.[4] The need
8  for a second deposition of Ms. Karen is the direct result of Google's dilatory behavior in the
9  discovery process.

10  Although Google produced a second Fed. R. Civ. P. 30(b)(6) designee, Prashant Fuloria,
11  for deposition on May 18, 2006, there was not enough time to complete Mr. Fuloria's deposition
12  because Mr. Fuloria was two hours late. Counsel for American Blind and Google agreed at the
13  conclusion of Mr. Fuloria's deposition that he would be produced again to complete his Fed. R.
14  Civ. R. 30(b)(6) testimony. Mr. Fuloria's deposition was also separately and individually noticed
15  on April 14, 2006. Google has provided no dates for the continuation of Mr. Fuloria's Fed. R.
16  Civ. P. 30(b)(6) deposition or for his individually noticed deposition. In addition, although the
17  parties had previously selected June 13, 2006 for the deposition of Rose Hagan, as a result of the
18  recent changes at American Blind and the cancellation of Mr. Katzman's deposition for June 6,
19  2006, it was agreed that Ms. Hagan's deposition would also be canceled. No new date has been
20  provided by Google for Ms. Hagan's deposition and counsel for Google, Michael Page, stated on
21  June 7, 2006, to counsel for American Blind that it will not produce any more of its witnesses
22  until Google has taken the depositions of American Blind's witnesses.

23  Finally, although asked repeatedly, Google has not provided the names or dates for the
24  designees who will address the remainder of the Fed. R. Civ. P. 30(b)(6) topics from American
25  Blind's Notice.

---

[4] American Blind will be separately filing a Motion to Compel the further deposition of Alana Karen for failure to comply with Fed. R. Civ. P. 30 (b)(6).

### III. CONCLUSION

Both parties bear the responsibility for the delay in completing discovery in this action. The delays perpetuated by Google are separate from and in addition to the delay caused by the change in management at American Blind. However, unlike Google, the delay attributable to American Blind was in large part out of counsel's hands and unavoidable. Google cannot claim that it does not need additional time to complete its discovery of American Blind or to fulfill its discovery obligations to American Blind. Both Google and American Blind require additional time to properly prepare and defend their positions in this matter. Both parties will be prejudiced if the current schedule is not extended.

WHEREFORE, American Blind respectfully requests that the Court grant its motion and extend the current case management dates by 90 days.

Dated: June 9, 2006

By:  /s/ Robert N. Phillips

Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
HOWREY SIMON ARNOLD & WHITE, LLP
525 Market Street, Suite 3600
San Francisco, CA  94105

David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
Dawn M. Beery (Admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL  60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER FACTORY, INC.