KEKER & VAN NEST, LLP
MICHAEL H. PAGE - #154913
MARK A. LEMLEY - #155830
KLAUS H. HAMM - #224905
AJAY S. KRISHNAN - #222476
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>                     Plaintiff,<br><br>     v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>                  Defendants. | Case No. C 03-5340-JF<br><br>**GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND & WALLPAPER, INC.'S [SIC] MOTION TO AMEND AND EXTEND CASE MANAGEMENT ORDER**<br><br>Date:      June 23, 2006<br>Time:     9:00 a.m.<br>Dept:     3<br>Judge:   Honorable Jeremy Fogel<br><br>Date Comp. Filed:    November 26, 2003<br><br>Trial Date: March 16, 2007 |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>               Counter Plaintiff,<br><br>     v.<br><br>GOOGLE INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC. and EARTHLINK, INC.,<br><br>             Counter Defendant/<br>          Third-Party Defendants. | |

375300.02

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND & WALLPAPER, INC.'S [SIC]
MOTION TO AMEND AND EXTEND CASE MANAGEMENT ORDER
CASE NO. C 03-5340-JF

Dockets.Justia.com

## I.    INTRODUCTION

This Court should not reward American Blind & Wallpaper Factory, Inc.'s ("ABWF") ongoing campaign of delay by further delaying a case that has already been pending for two and half years.  For months, Google Inc. has asked ABWF to provide outstanding documents and dates for depositions of ABWF personnel.  For months, ABWF has strung Google along, by ignoring Google's requests, then providing belated promises to comply with them, then breaking those promises, and then repeating the cycle.  Apparently, ABWF would like to continue indefinitely on its course of neither seriously prosecuting this case nor dismissing it.  ABWF has already requested and received one extension of the case deadlines.  Now as fact discovery is again about to close, it requests another extension.

The criterion for a motion to extend time is the diligence of the party seeking the extension, and if that party "was not diligent, the inquiry should end and the motion should not be granted."  *Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotations and citations omitted).  ABWF's motion repeatedly acknowledges its lack of diligence: it states that from mid-April to May 18, 2006, it "was unable to dedicate time" to providing Google with discovery and that since May 19, 2006, it "has simply been unable to respond to Google's request" that ABWF fulfill its discovery obligations.  Mot. 3-4.

While ABWF blames its lack of diligence on its own change of management and on Google, neither excuse is valid.  ABWF's lack of diligence began well before it claims that its management change began distracting it.  Indeed, ABWF admits that it still has not fully responded to document requests that Google served more than two years ago and to which ABWF promised it would produce documents more than a year ago.  ABWF's attempt to blame Google falls even flatter.  Not only are ABWF's assertions irrelevant, most of them aren't even true.  For example, ABWF claims that "Google has not provided the names" of its remaining 30(b)(6) designees, even though on April 18, 2006, Google sent ABWF an email stating: "The three other witnesses that will address topics set forth in American Blind's two 30(b)(6) notices are Prashant Fuloria, Rose Hagan and Michael Kwun."  *Compare* Mot. 6 *with* Declaration of Klaus H. Hamm ("Hamm Decl."), filed herewith, Ex. Q.  Two of Google's four 30(b)(6)

1    witnesses have already been deposed, while the deposition of the third was scheduled and then

2    cancelled by ABWF along with the cancellation of its own 30(b)(6) deposition. *See* Declaration

3    of Michael H. Page ("Page Decl."), filed herewith, ¶ 3. In contrast, ABWF has yet to produce a

4    single witness for deposition, and has only offered dates for those depositions <u>after</u> filing this

5    motion. Hamm Decl. Ex. L. Those dates, however, are a classic case of self-help discovery, as

6    they fall outside of the existing discovery cutoff.

7         As ABWF has not yet produced documents that will be the basis for those depositions,

8    Google has no choice but to accept the *fait accompli* of further delays: it is inevitable that Google

9    will have to take some depositions after the June 27, 2006 close of fact discovery. And—

10   assuming that ABWF finally produces documents and presents its own witnesses for

11   deposition—Google is willing thereafter to permit ABWF to depose Google's remaining

12   30(b)(6) designees outside of the discovery cutoff. But any modification of the discovery

13   schedule should be limited in both scope and time, allowing only this handful of long-ago

14   noticed depositions to go forward in the next few weeks. *See, e.g., Juell v. Forest Pharm., Inc.*,

15   2006 WL 768722, *1 (E.D. Cal. March 24, 2006) (extending "discovery deadlines solely as they

16   apply to deposing plaintiff's belatedly disclosed experts and to designating a rebuttal expert").

17   The Court should not permit ABWF to parlay its own lack of diligence into a further delay in the

18   overall schedule of this case.

19              **II.    RELEVANT FACTS[1]**

20         This case is more than two and half years old, and even under the current schedule, the

21   trial will not take place until more than three years and three months after the case began on

22   November 26, 2003. On January 20, 2006—approximately five weeks before fact discovery was

23   previously scheduled to close—ABWF requested an extension of all case deadlines. Joint Fed.

24   R. Civ. P. 26(f) Report, Case Management Statement and Proposed Case Management Order,

25   filed January 20, 2006, 2-3. Although Google opposed this request, the Court extended the close

26

27   ─────────────────────
     [1] ABWF's brief contains many factual statements with no evidentiary support directly violating
     Civil Local Rule 7-5(a)'s requirement that "[f]actual contentions made in support of . . . any
28   motion must be supported by an affidavit or declaration and by appropriate references to the
     record." The Court should ignore the many unsupported factual assertions made by ABWF.

─────────────────────

of fact discovery, and the rest of the schedule, by four months.  The current schedule requires the completion of fact discovery by June 27, 2006.

**A.      ABWF did not inform Google that it was unable to conduct discovery until more than a month after the fact.**

Having obtained a four-month extension, ABWF then did little to advance this case to trial.  To date it has taken only two days of 30(b)(6) depositions, and has failed to produce a single witness for deposition by Google.  ABWF claims that beginning in mid-April 2006 it became so consumed with selling itself that it could not spend any time responding to Google's discovery.  But instead of notifying Google, it both ignored Google's requests and made promises that it would later break.  It was not until more than a month later, on May 22, 2006, that ABWF informed Google that it would be further delayed in responding to discovery, and would again need to cancel its own deposition, due to a management change.  *See* Page Decl. ¶ 3.  Even then, ABWF continued to make promises that it did not keep.  On May 22, ABWF promised that it would provide Google with a new schedule for responding to discovery in "a couple of days."  *Id.* ¶ 2.  On June 1, after first ignoring several inquiries, ABWF's counsel promised to provide Google with documents and deposition dates no later than June 5, but did not do so.  *Id.* ¶¶ 4, 5.  Indeed, it was not until June 7—just two days before it filed this motion—that ABWF informed Google that it would not be able to complete discovery within the time provided by the Court and requested that Google agree to another extension of the case deadlines.  *Id.* ¶ 6.

In the meantime, Google had informed ABWF of its intention to file a motion to compel and then did so on June 8, 2006.  Page Decl. Ex. A.  On June 12, 2006, Magistrate Judge Seeborg ordered the parties to meet and confer further and instructed Google that it may re-file its motion to compel up to seven days after the discovery cutoff.

**B.      By its own admission, ABWF has not fully responded to requests for production that Google served more than two years ago.**

On May 21, 2004—in other words, more than two years ago—Google served its first set of requests for production, to which ABWF now argues it requires more time to respond.  Hamm Decl. ¶ 2.  That same day, the parties agreed to stay discovery, and that stay remained in place

1   until May 11, 2005.  ABWF provided written responses to Google's first set of requests for

2   production and first set of interrogatories on June 10, 2005.  *Id.*

3         On October 26, 2005, ABWF produced one banker's box of documents that did not come

4   close to responding to Google's 41 requests for production.[2]  Hamm Decl. ¶ 2.  When months

5   went by and ABWF produced nothing more, it become apparent that ABWF would not produce

6   any more documents of its own accord.  On March 16, 2006, Google sent ABWF a letter

7   requesting that it respond more fully to the document requests served in May 2004.  *Id.* Ex. A

8   After two weeks passed without any response from ABWF, on March 28, 2006, Google sent

9   another letter to ABWF requesting that it respond more fully to Google's document requests.  *Id.*

10  Ex. B.  ABWF finally responded on April 10, 2006, with a promise that it would produce

11  documents "as soon as practicable."  *Id.* Ex. C.

12        On April 21, 2006, ABWF produced approximately 140 pages of documents.  Hamm

13  Decl. ¶ 4.  Google sent ABWF a letter on May 12, 2006, requesting that it further

14  supplement its production.  *Id.* Ex. D.  ABWF requested more time to respond to the letter,

15  explaining that its attorney had "been out of town," and promised to respond by May 22, 2006.

16  *Id.* Ex. E.  On June 6, 2006, ABWF finally responded to Google's May 12, 2006 letter, stating

17  that it would produce responsive documents by the "next week."  *Id.* Ex. F[3]

18        Nor has ABWF served Google with *any response* to Google's second set of

19  interrogatories and requests for production—not even objections prepared by its attorneys—even

20  though the deadline for doing so has passed.  *Id.* ¶ 6.

21  **C.    American Blind has not yet produced a designee in response to a Rule 30(b)(6)**
        **deposition notice that Google served on February 15, 2006.**

22

23        On February 15, 2006, Google served ABWF with a 30(b)(6) deposition notice, setting

24  [2] By contrast, Google has produced approximately 137,000 pages.  Hamm Decl. ¶ 15.

25  [3] On June 15, 2006—the day Google filed this opposition—Google received two boxes of
    documents from ABWF.  As a result, Google has not yet had the opportunity to review these

26  documents.  But given that this case revolves around ABWF's efforts to advertise and sell
    products on the Internet and that ABWF claims it conducts more than 400,000 Internet

27  transactions a year, that it has spent more than $10 million developing its website and that 50
    full-time employees work on its Internet operations, it is inconceivable that ABWF has produced

28  all documents in its possession that are responsive to Google's requests.  *See* ABWF's
    Counterclaims ¶¶ 33, 34.

1   the deposition for March 15, 2006.  Hamm Decl. Ex. G.  Despite its repeated efforts to do so,

2   Google has yet to take this deposition.  *Id.* ¶ 7.

3       ABWF first informed Google that its Rule 30(b)(6) designee, Steve Katzman, was

4   unavailable on March 15.  Hamm Decl. Ex. H.  As a result, the parties rescheduled the deposition

5   for April 20.  *Id.* Ex. I.  As the April 20 deposition date approached, it became clear that ABWF

6   would not produce documents in advance of the deposition (as described above) so Google again

7   was forced to reschedule the deposition, for May 11, under the mistaken belief that by that date

8   ABWF would have completed its document production.  *Id.* Ex. J.  Then, just ten days before it

9   was set to take place, ABWF cancelled the May 11th deposition.  *Id.* Ex. K.  But instead of

10  explaining—as it now claims—that ABWF could not produce its designee because ABWF was

11  too busy attempting to sell the company, it stated that one of its attorneys had a hearing on the

12  scheduled day and that another would be "out of town."  *Id.*

13      The parties then rescheduled the 30(b)(6) deposition yet again, for June 6.  On May 22,

14  ABWF unilaterally cancelled the June 6 deposition, finally explaining that the company was

15  undergoing a management change.  Page Decl. ¶ 3.  At the time, ABWF promised to notify

16  Google "in a couple of days" about rescheduling the deposition.  *Id.*  Despite multiple requests

17  from Google and a motion to compel the deposition, ABWF has yet to propose a new date.  Most

18  recently, it stated that it would propose dates by June 22, 2006.  Hamm Decl. Ex. L.

19  **D.    American Blind has prevented Google from so far taking the depositions of any**
        **other former or present American Blind employees.**

20      On May 19, 2006, three days <u>before</u> ABWF informed Google of its change in

21  management and cancellation of its 30(b)(6) deposition, Google notified ABWF of its intention

22  to depose four individuals listed in ABWF's initial disclosures and asked ABWF to notify

23  Google if any of the proposed dates were problematic.  Hamm Decl. Ex. M.  Thus, ABWF is

24  simply wrong when it claims that Google noticed those individual depositions opportunistically

25  after learning of ABWF's management change ("Google pressed forward with new and

26  additional discovery burdens; noticing and then subpoenaing the depositions of four current and

27  former American Blind employees.").  Mot. 4.

28

1    When ABWF did not respond to Google's May 19 letter, Google sent ABWF another

2  letter on June 1 regarding these depositions. Hamm Decl. Ex. N. That letter also included an

3  individual deposition notice for ABWF's now-former CEO, Mr. Katzman. Because ABWF had

4  previously signaled its intention to make him its 30(b)(6) designee on 25 topics, he clearly has

5  knowledge relevant to the case.

6    Of these five depositions, it appears that one will take place on June 22. Hamm Decl. Ex.

7  O. As for the other four, on June 13, 2006, after filing this motion, ABWF finally responded to

8  Google's attempts to meet and confer on scheduling, but all the dates it has proposed are after the

9  discovery cutoff. Hamm Decl. Ex. L.

10                          **III.    Argument**

11  **A.    Governing Standards**

12    A pretrial scheduling order "shall not be modified except upon a showing of good cause."

13  FRCP 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

14  seeking amendment." *Crosthwaite v. Celik Engineering Corp.*, 2006 WL 1050157, *1 (N.D.

15  Cal. April 20, 2006) (quoting *Johnson v. Mammouth Recreations, Inc.,* 975 F.2d 604, 609 (9 Cir.

16  1992)). While the Court may also examine prejudice to the non-moving party, the "threshold

17  issue" is whether the moving party was diligent and "[i]f that party was not diligent, the inquiry

18  should end." *Id.*

19    In general, extensions of established schedules are frowned upon because they hinder

20  judicial efficiency and the speedy resolution of cases:

21    In these days of heavy caseloads, trial courts in both the federal and state systems
      routinely set schedules and establish deadlines to foster the efficient treatment and
22    resolution of cases. Those efforts will be successful only if the deadlines are
      taken seriously by the parties, and the best way to encourage that is to enforce
23    deadlines.

24  *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9 Cir. 2005).

25  **B.    ABWF admits its own lack of diligence in discovery.**

26    ABWF admits that it has not diligently pursued or produced discovery. Indeed, ABWF's

27  motion is essentially a *mea culpa*. It states that from "mid April, 2006 through May 18, 2006,"

28  ABWF "was unable to dedicate time to the production responses and interrogatories from

                                    6

375300.02

1   Google" and that it did not have "the time necessary to prepare for and attend depositions." Mot.

2   2-3. It also states that between May 19, 2006 and the time it filed its motion on June 9, 2006, it

3   "has simply been unable to" to respond to Google's discovery requests. *Id.* at 4.[4]

4       ABWF's excuse that it was consumed with a change in management does not come close

5   to fully explaining its lack of diligence. ABWF has not completed its production of document

6   requests that ABWF responded to more than a year ago. Google sent meet and confer letters to

7   ABWF on March 16, 2006 and March 28, 2006, <u>before</u> ABWF claims it was too distracted to

8   diligently prosecute this case. ABWF ignored the first letter and responded to the second with a

9   still-unfulfilled promise that it would produce responsive documents. Nor does ABWF explain

10  with any particularity why its management change has undermined its ability to gather and

11  produce documents that Google requested two years ago. Typically, document collection efforts

12  are orchestrated by outside counsel and do not require much, if any, involvement from upper-

13  level management.

14      Similarly, Google noticed the 30(b)(6) deposition of American Blind on February 15,

15  2006, well before ABWF claims it became too distracted to fulfill its discovery obligations. That

16  deposition has had to be rescheduled four times: once because ABWF's designee was on his

17  honeymoon, once because ABWF admittedly failed to produce documents in advance of the

18  deposition, once because ABWF's attorneys realized just ten days before the deposition that they

19  would not be available and, finally, because the designee resigned two and half weeks before the

20  deposition. ABWF's lack of diligence continues to this day. Even though nearly a month has

21  passed since ABWF's designee resigned, ABWF still has not identified a new designee or

22  proposed a new date for the deposition.

23      ABWF's admits its lack of diligence in prosecuting this case. As a result, its motion for

24  an extension must be denied. *See Zikovic,* 302 F.3d at 1087 (if the party requesting an extension

25  "was not diligent, the inquiry should end and the motion should not be granted") (internal

26  quotations and citations omitted).

27

28

---

[4] The motion is silent as to why ABWF did so little to advance this case before April of this year.

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND & WALLPAPER, INC.'S [SIC]
MOTION TO AMEND AND EXTEND CASE MANAGEMENT ORDER
CASE NO. C 03-5340-JF (EAI)

375300.02

**C.    ABWF's attempts to blame Google are trivial, and most aren't even true.**

ABWF vainly attempts to blame several supposedly "dilatory" tactics employed by Google as an excuse for its lack of diligence.  It cites the Court's order granting ABWF's motions to compel in February and complains that Google supposedly "buried" a document that ABWF now wishes it had used as an exhibit at the April 12, 2006 deposition of one of Google's witnesses, that one of Google's witnesses arrived for his deposition two hours late, that the deposition of another Google witness was canceled, and that Google has not identified its remaining 30(b)(6) designees.  Mot. 5-6.  Each of these points is addressed below:

- ABWF does not explain how the Court's granting, on February 8, 2006, of ABWF's motions to compel accounts for any delay.  The Court issued its order more than four months ago, with a deadline taking into account the current schedule, and Google fully complied with that order.

- The document that ABWF claims was "buried" in Google's April 6, 2006 production was the subject of an entire paragraph in the cover letter that accompanied that production.  The explanation stated, in part, that the document contains "data from AdsDB, which is a Google database for ad serving and reporting.  This data is responsive to many of American Blind's document requests, including but not limited to request numbers 1-3, 6, 17, 18, 24, 28 and 29."  Hamm Decl. Ex. P.  Nor was the document produced in an unreadable format as ABWF suggests; instead, Google produced the document on a CD readable on a standard CD-ROM player.  Hamm Decl. ¶ 16.

- ABWF complains that Google witness Prashant Fuloria was two hours late for his deposition.  This isn't true, but in any case Google already has informed ABWF that it may complete the deposition at a mutually convenient time.  Page Decl. ¶ 2.  ABWF has made no attempt to schedule the deposition's completion.

- ABWF argues that discovery should be extended because Rose Hagan's deposition was canceled, but it does not point out that it was ABWF that canceled the deposition.  Page Decl. ¶ 3.

- ABWF's claim that Google has not identified its 30(b)(6) designees is wrong.  On April 18, 2006, Google sent ABWF an email identifying its witnesses.  Hamm Decl. Ex. Q.

Finally, ABWF's attempt to blame settlement negotiations for its lack of diligence also fails.  ABWF states that during the negotiations, which took place during May and June, "neither party was pressing forward with discovery."  Mot. 4.  This claim doesn't take into account that on May 10, 2006, Google served ABWF with requests for production, requests for admissions and interrogatories; that on May 12, 2006, Google sent ABWF a letter requesting that ABWF

8

375300.02

1  respond to Google's first set of requests for production; that on May 18, 2006, ABWF took the

2  deposition of Mr. Fuloria; and that on May 19, 2006, Google sent ABWF deposition notices and

3  subpoenas for four current and former ABWF employees.

4       In short, nothing Google has done explains why ABWF has lacked diligence in pursuing

5  discovery.

6                          **IV.    CONCLUSION**

7       For the foregoing reasons, ABWF's motion for an extension should be denied.  Google is

8  willing to take and defend already noticed depositions after the discovery cut-off, but no other

9  scheduling changes are warranted or should be provided.

10  Dated:  June 15, 2006                    KEKER & VAN NEST, LLP

11

12

13                          By:  /s/ Klaus H. Hamm
                                    KLAUS H. HAMM
14                                  Attorneys for Plaintiff and Counter Defendant
                                    GOOGLE INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND & WALLPAPER, INC.'S [SIC]
MOTION TO AMEND AND EXTEND CASE MANAGEMENT ORDER
CASE NO. C 03-5340-JF (EAI)