Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
HOWREY SIMON ARNOLD & WHITE, LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
Dawn M. Beery (Admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 857-7070
Facsimile: (312) 857-7095

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BLIND AND WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. C 03-5340-JF (EAI)<br><br>**AMERICAN BLIND & WALLPAPER FACTORY, INC.'S REPLY IN SUPPORT OF MOTION TO AMEND AND EXTEND CASE MANAGEMENT ORDER DATES**<br><br><br><br><br><br>**Date:     June 23, 2006**<br>**Time:    9:30 a.m.**<br>**Courtroom: 3**<br>**Hon. Jeremy Fogel** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.<br><br>Counterclaimant,<br><br>v.<br><br>GOOGLE INC.,<br><br>Counterdefendants. | |

Google's Opposition is an exercise in futility and a waste of the Court's time that only

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/210300.2

Dockets.Justia.com

1  serves to highlight Google's unreasonableness. Google is well aware of the corporate disruption
2  and attendant issues that American Blind has gone through to date and that the delays on
3  American Blind's side were due to matters completely out of counsel's control. Yet, Google
4  takes the untenable position in its Opposition that the Court should deny the motion to extend,
5  while admitting it would still like additional time to complete discovery. Unwilling to
6  acknowledge that an extension is necessary and in its own best interest, Google instead has
7  treated its Opposition largely as an opportunity to regurgitate is Motion to Compel that was
8  recently taken off-calendar given that Google unnecessarily sought to have the motion heard on
9  shortened time. American Blind has been diligent in addressing its discovery obligations prior to
10 the close of discovery. This diligence is demonstrated in the fact that as of the date of this filing,
11 Google's Motion to Compel has been essentially mooted. As set forth in the motion and herein,
12 American Blind has established its diligence and concomitant good cause for granting an
13 extension of the case management order dates.

**I.     American Blind Has Been Diligent.**

Given the circumstances, American Blind has been diligent and thus good cause exists for amending the scheduling order. When examining whether good cause has been shown for an extension of a scheduling order, courts look at the diligence of the party prior to the discovery cutoff date which is sought to be extended. *See Crosthwaite v. Celik Engineering Corp.*, 2006 WL 1050157 (N.D. Cal. April 20, 2006). ("The threshold issue is whether the plaintiffs were diligent prior to the …discovery cutoff.") The courts also look to the reasons given for seeking modification of the scheduling order. *Id.; citing Johnson v. Mammoth Recreations , Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The current situation is distinguishable from the cases cited by Google, where the courts found that diligence had not been established because the movant was in control of the circumstances that necessitated a modification of the courts' case management orders.[1] Here, the events that derailed the continuation of discovery as planned was an

---

[1] For example in *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080 (9th Cir. 2002), the movant sought to re-open discovery over four months after it had been closed because he claimed he was not sent a copy of the scheduling order until after most of the dates had past; in *Crosthwaite*, the movant failed to explain why its attorneys did not propound certain discovery despite movant's knowledge months before the action was commenced

1  unforeseen and uncontrollable event that was out of American Blind's counsel's control.  (*See*
2  Declaration of Susan Greenspon, ("Greenspon Decl."), ¶¶ 6-24.)  During the last two months,
3  American Blind underwent a battle for control of the company and then a change of management
4  and ownership of the company.  (*Id*., ¶ __.)  As a result, several of the employees who were
5  assisting with responses to discovery either left the company or were completely consumed with
6  addressing urgent company business.  (*Id*., ¶¶5-6, 16, 23-24.)  Despite this major upheaval,
7  American Blind has fulfilled nearly all of its discovery obligations to Google as of the date of this
8  filing as more thoroughly discussed in detail below.

9  Consistent with what American Blind had told Google it would do once the company was
10  on surer footing, American Blind produced thousands of additional documents to Google,
11  answered Google's Second Set of Interrogatories, Requests for Production, Requests for
12  Admission and provided dates for all of the witnesses noticed by Google, for whom American
13  Blind's counsel was providing representation.  By letter dated June 6, 2006, American Blind
14  indicated it would produce its responsive documents the following week and it did just that on
15  June 14, 2006.  (*See* Declaration of Caroline C. Plater, ("Plater Decl."), Exs. A and B.).  There
16  has been a steady stream of documents and discovery responses sent to Google since June 9,
17  2006.  (Plater Decl., Exs. C, D, E, F, G and H).  In particular, American Blind has completed the
18  following discovery since June 9, 2006:

- All outstanding documents that are responsive to the first set of document requests;

- Documents responsive to the second set of document requests, including additional productions of documents as of the date of this filing;

- Answers to the Second Set of Interrogatories, Requests for Production, and Requests for Admission;

- Available deposition dates for Joe Charno, June 29-30; Scot Powers and Jeff Alderman, July 10-12;

---

that the subject discovery was an issue in the case; and in *Johnson*, the movant sought to amend its complaint and the scheduling order because it failed to pay attention to the responses they received from opposing counsel, which raised the fact that plaintiff had failed to name a necessary party.

- Available deposition dates for Steve Katzman (who will not be represented by American Blind's counsel), July 17-21, 24 or 25;

- Deposition date for Bill Smith, set to proceed on June 22, 2006;

- Indicated that American Blind would provide firm dates for and the identity of American Blind's Fed.R.Civ.P. 30(b)(6) witness by June 22, 2006.[2]

As established above, American Blind has been diligent in addressing its discovery obligations prior to the close of discovery. This diligence, when taken in the context of the cause of the delay in initially responding to Google's discovery demands, demonstrates good cause for amending the current case management order. The current schedule simply cannot be met, despite the diligence of American Blind.

Google makes the absurd contention that American Blind has admitted that it did not act diligently by stating that it (i.e., the management of the company) could not dedicate time to Google's discovery while American Blind's management and ownership changed hands. (*See* Opp. 3-4, 6-7.) American Blind provides herewith a nearly day-to-day description of the matters that consumed American Blind's management for the last two months and which prevented it from addressing Google's discovery. (*See* Greenspon Decl., ¶¶ 6-24.) Google further questions American Blind's diligence in not "explain[ing] with any particularity why its management change has undermined its ability to gather and produce documents. Typically, document collection efforts are orchestrated by outside counsel and do not require much, if any, involvement from upper level management." (Opp. 8.) Google — a multi-billion dollar, Fortune 1000 company — appears to be unfamiliar with how a small, privately held company such as American Blind operates when it comes to litigation. In small, privately held companies, upper management is integrally involved in compiling documents and responding to discovery — that is the case here. (*See* Greenspon Decl., ¶4.) It is hard to imagine what Google expects counsel for

---

[2] In this regard, counsel for American Blind will be meeting with management of the company on June 21, 2006 to interview and determine who of the existing and new management is best suited to be the 30(b)(6) witness for American Blind. Thus, on June 13, 2006, American Blind informed Google that on June 22, 2006, it would provide Google the identity of and date for the deposition of American Blind's 30(b)(6) designee. (Greenspon Decl. ¶28.)

1  American Blind to have done when told by the company's management that they could not
2  address the litigation issues at that time.  Does Google expect counsel to have gone to American
3  Blind's offices and sift through their computers and files for responsive materials without any
4  direction from those who know the files?  Without upper management's participation, counsel for
5  American Blind simply could not complete much of the discovery sought by Google.  Google
6  also complains that American Blind waited "more than a month" to inform Google that discovery
7  would be further delayed.  In fact, Google was informed of the change in management on the first
8  business day after new management took control and two days after American Blind's CEO
9  tendered his resignation.  (*Id*. ¶¶ 16-17,19.)  Google cannot have been informed of the private and
10 highly sensitive corporate information of American Blind before it was made public, regardless of
11 the status of its litigation with American Blind, and there is no requirement that Google be given
12 such information, in any event.

13 **II.     Google Has Misstated Its Diligence In Completing Discovery.**

14         Contrary to Google's contention, the last case management order was extended by the
15 agreement of the parties, not a request by American Blind to the Court.  (Opp. 2, "ABWF has
16 already requested and received one extension of the case deadlines.")  In February 2006, when the
17 last extension was sought, both American Blind and Google agreed that an extension was
18 necessary.  This was due in large part to the one year stay of discovery that had been in place
19 while Google's Motion to Dismiss was addressed.  When the prior motion to extend was filed, the
20 only issue on which the parties could not agree was the amount of time needed for the extension.
21 American Blind rightly sought a greater amount of time for the extension than Google because, at
22 that time, American Blind had two discovery motions then pending concerning Google's failure
23 to properly respond to American Blind's discovery requests.  Though Google produced the bulk
24 of its production, over 110,000 pages of documents, in October 2005, this production was later
25 found by Magistrate Judge Seeborg to not be compliant with Fed. R. Civ. P. 34(b) and to have
26 been improperly designated for confidentiality purposes.  In addition, it was not discovered until
27 after the motion to compel was filed that the 110,000 pages of documents produced by Google
28 were only responsive to <u>one</u> of American Blind's <u>fifty-one</u> documents requests.  (*See* Plater Decl.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/210300.2                    - 5 -

Ex. I). On March 10, 2006, pursuant to Judge Seeborg's order, Google finally produced its initial production in a proper form and has only since then produced documents that are specifically relevant to American Blind.

Google's Opposition also misstates its diligence regarding the designation of its 30(b)(6) witnesses. (*See* Opp. 1.) The April 18, 2006 email string that Google refers to only states that Google has "three other witnesses that <u>will address topics set forth in Americana Blind's two 30(b)(6) notices</u>." (*Id.*) (emphasis added.) It does not state that these witnesses will address the remainder of the topics addressed in American Blind's 30(b)(6) Notices. American Blind's 30(b)(6) Notice dated January 31, 2006, and as amended on February 14, 2006, contains 13 topics to be addressed by Google. (*See* Plater Decl. Ex. J.) As of April 18, 2006, Google had presented one 30(b)(6) witness, Alana Karen, who was offered for topics 4, 6 and 12. On May 18, 2006, Prashant Fuloria was offered for topics 7, 9, 10 and 11. Neither Rose Hagen nor Michael Kwun have been identified for any specific topics. Thus, if Google is to be taken at its word, it must be assumed that between the two of them they will address the remaining 6 topics as well as American Blind's 30(b)(6) Notice dated February 14, 2006 for the person most knowledgeable of Google's document production. (*See* Plater Decl. Ex. K.) Google also fails to address why it has not presented Prashant Fuloria for his individual deposition originally noticed on April 14, 2006. (*See* Plater Decl. Ex. L.) Compounding the delays that had already occurred, Google improperly refuses to proceed with any depositions of its witnesses until American Blind's witnesses have been deposed. (Greenspon Decl. ¶ 22.)

**III.    Google Does Not Claim That It Will Be Prejudiced By The Extension**.

Google's Opposition does not state that is has been or will be prejudiced in any way as a result of the requested extension. That is because Google cannot suffer any prejudice if the order is amended. Google's complaint against American Blind seeks a declaratory judgment that Google is not engaging in trademark infringement. Google does not seek any damages and is not incurring any damages or prejudice while the case remains active. In fact, for the duration of this litigation, Google has been proceeding with business as usual with its new trademark policy that American Blind contends constitutes trademark infringement. If anything, a delay prejudices

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/210300.2                    - 6 -

1  American Blind, whose valuable trademarks are being sold for profit by Google during the
2  pendency of this action.

### IV. Google Acknowledges Its Need For Additional Time.

While simultaneously asking the Court to deny American Blind's motion to extend, Google admits that it requires additional time to complete the necessary discovery for its case and defense. Google states "it is inevitable that Google will have to take some depositions after the June 27, 2006 close of fact discovery" and "Google is willing to permit ABWF to depose Google's remaining 30 (b)(6) witnesses" and requests that the Court grant a limited extension to complete the select discovery that it requires. (Opp. 2). Then on page seven of its Opposition, Google insists that "the motion for an extension must be denied." (Opp. 7).

Google has been playing both sides of the game from the start of discovery, and it continues to do so. Google admits that more time is needed, and thus, American Blind's motion should be granted.

### V. Google Should Not Use This As A Platform To Raise Issues From Its Motion To Compel That Was Improperly Filed.

The majority of Google's opposition brief is dedicated to reasserting the arguments set forth in its recently filed Motion to Compel, which was taken off-calendar by Judge Seeborg as it was unnecessarily filed to be heard on shortened time. Currently, Google does not even have its Motion to Compel re-noticed and has not engaged American Blind in a meet and confer as instructed by the Court. (*See* Opp. 3.) Instead, it has used the current motion and this Court's time to get in the back door what it could not get before Judge Seeborg. As of the date of this filing, much of Google's complaints about American Blind's responses to its discovery are moot. This is not the forum to discuss discovery disputes and American Blind will not further waste this Court's time addressing Google's complaints in detail.

///
///
///
///
///

American Blind has been diligent in discharging its discovery obligations prior to the discovery cut off date. Good cause has been established and no prejudice will result to Google if the Court extends the current order.

Dated: June 20, 2006

By: /s/ Robert N. Phillips

Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105

David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
Dawn M. Beery (Admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/210300.2                                  - 8 -