# Exhibit F

CH01/PLATC/210357.1

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  Dawn M. Beery (Admitted *Pro Hac Vice*)
   KELLEY DRYE & WARREN LLP
7  333 West Wacker Drive, Suite 2600
   Chicago, IL 60606
8  Telephone: (312) 857-7070
   Facsimile: (312) 857-7095

9
   Attorneys for Defendant/Counter-Plaintiff
10 AMERICAN BLIND AND WALLPAPER
   FACTORY, INC.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

15 | GOOGLE INC., a Delaware corporation,          CASE NO. C 03-5340-JF (EAI)

16 |         Plaintiff,

17 | v.                                            **AMERICAN BLIND & WALLPAPER
                                                   FACTORY, INC.'S RESPONSES TO
18 | AMERICAN BLIND AND WALLPAPER                  GOOGLE INC.'S SECOND SET OF
     FACTORY, INC., a Delaware corporation         REQUESTS FOR PRODUCTION OF
19 | d/b/a decoratetoday.com, Inc.; and DOES       DOCUMENTS AND THINGS**
     1-100, inclusive,

20 |         Defendants.

21 | AMERICAN BLIND & WALLPAPER
     FACTORY, INC., a Delaware corporation
22 | d/b/a decoratetoday.com, Inc.

23 |         Counterclaimant,

24
     v.
25
     GOOGLE INC.,
26           Counterdefendants.

27

28

KELLEY DRYE &
WARREN LLP
33 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1

NOW COMES Defendant/Counter-Plaintiff, AMERICAN BLIND & WALLPAPER FACTORY, INC., by and through its attorneys, KELLEY DRYE & WARREN LLP, and in response to Plaintiff's Second Set of Requests for Production of Documents and Things, states as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO analysis or quantification of internet traffic to any AMERICAN BLIND DOMAIN NAME.

**RESPONSE:** American Blind objects to this request because it is vague, over broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it has produced and will produce responsive documents in it possession regarding the analysis or quantification of internet traffic to any American Blind Domain Name.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO strategies and/or methods for increasing internet traffic to any AMERICAN BLIND WEBSITE.

**RESPONSE:** American Blind objects to this request because it is vague, over broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it will produce any responsive documents in its possession regarding strategies and/or methods for increasing internet traffic to any American Blind Website.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO strategies and/or methods for advertising with search engines.

**RESPONSE:** American Blind objects to this request because it is vague, over broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it will produce any responsive documents in its possession regarding strategies and/or methods for advertising with search engines.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO AMERICAN BLIND's valuation of internet traffic to any AMERICAN BLIND WEBSITE, including but not limited AMERICAN BLIND's valuation of CLICKS.

**RESPONSE:** American Blind objects to this request because it is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it will produce any responsive documents in its possession regarding valuation of internet traffic to any of its websites.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO each and every instance where AMERICAN BLIND has set its maximum cost-per-click for each DISPUTED KEYWORD in GOOGLE's AdWords program.

**RESPONSE:** American Blind objects to this request because it is over broad,

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1

- 3 -

1  unduly burdensome and not reasonably calculated to lead to the discovery of relevant or
2  admissible evidence. American Blind also objects to this request to the extent that it calls for the
3  production of documents protected by the attorney client privilege or the attorney work product
4  doctrine. Subject to and without waiving these objections, American Blind states that it has
5  produced and will produce responsive documents in its possession regarding American Blind's
6  maximum cost-per-click for each disputed keyword in Google's AdWords program.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO each and every instance where AMERICAN BLIND has set its maximum cost-per-click for each DISPUTED KEYWORD in any Internet search engine advertising program.

**RESPONSE:** American Blind objects to this request because it is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it will produce any responsive documents in its possession regarding American Blind's maximum cost-per-click for each disputed keyword in any internet search engine advertising program.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO each and every instance where AMERICAN BLIND has set its maximum daily budget for each of its advertising campaigns in GOOGLE's AdWords program that include any DISPUTED KEYWORD.

**RESPONSE:** American Blind objects to this request because it is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it will produce any responsive documents in its possession regarding American Blind's maximum daily

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1

- 4 -

budget for each of its advertising campaigns in Google's AdWords program that include any disputed keyword.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO AMERICAN BLIND's expenditures on developing and maintaining each AMERICAN BLIND WEBSITE.

**RESPONSE:** American Blind objects to this request because it is vague, over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it has produced and will produce responsive documents in its possession regarding American Blind's expenditures on developing and maintaining its websites.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO AMERICAN BLIND's return on investment for search engine advertising, including but not limited to advertising with GOOGLE.

**RESPONSE:** American Blind objects to this request because it is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it will produce any responsive documents in its possession regarding American Blind's return on investment for search engine advertising, including but not limited to advertising with Google.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO AMERICAN BLIND's use of the marks "American Blind" or "American Blinds," as STAND-ALONE MARKS, in connection with AMERICAN BLIND's sale of products or services.

**RESPONSE:** American Blind objects to this request because it is vague, over broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it has produced all responsive documents to this request.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO AMERICAN BLIND's decisions to use www.decoratetoday.com as the destination to which most, if not all, AMERICAN BLIND WEBSITES refer visitors.

**RESPONSE:** American Blind objects to this request because it is vague, over broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it has produced and will produce responsive documents in it possession to this request.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO AMERICAN BLIND's decision to use the phrase "American Blinds, Wallpaper & More" to refer to AMERICAN BLIND on the cover of some, if not all, of AMERICAN BLIND's customer catalogs.

**RESPONSE:** American Blind objects to this request because it is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it has produced and will produce responsive documents in its possession regarding American Blind's decision to use the phrase "American Blinds, Wallpaper & More" to refer to American Blind on

the cover of some, if not all, of American Blind's customer catalogs; see also, American Blind's Answer to Google's Second Set of Interrogatories, Interrogatory No.1.

Dated: June 19, 2006

KELLEY DRYE & WARREN LLP

By: _____

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Robert N. Phillips
Ethan B. Andelman
HOWREY SIMON ARNOLD & WHITE, LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendant/Counter-Plaintiff AMERICAN BLIND AND WALLPAPER FACTORY, INC.

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

**AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S RESPONSES TO PLAINTIFF GOOGLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**
<u>**VIA FACSIMILE and U.S. MAIL**</u>

Michael H. Page
Mark A. Lemley
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

**XX** (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

(BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

**XX** (BY U.S. MAIL) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Chicago, Illinois.

Executed on June 19, 2006, at Chicago, Illinois.

_/s/ Caroline C. Plater_
Caroline C. Plater

```
** JOB STATUS REPORT **                AS OF  JUN 19 2006  4:20 PM  PAGE. 01
                                                KELLEY DRYE & WARREN

     JOB #270
     DATE  TIME      TO/FROM            MODE  MIN/SEC  PGS   STATUS
001  6/19  4:16P  14405002791415397718B EC--S  03'51"  013   OK  L1
```

# KELLEY
## DRYE

## FACSIMILE TRANSMISSION

| | |
|---|---|
| TO | Klaus Hamm |
| FIRM | Keker & Van Nest LLP |
| CITY | |
| FAX | (415) 397-7188 |
| PHONE | (415) 391-5400 |
| NO. OF PAGES | 13 (including this page) |
| DATE | June 19, 2006 |

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, ILLINOIS 60606
(312) 857-7070
FAX (312) 857-7095

MESSAGE: Please see attached.

| | |
|---|---|
| FROM | Caroline C. Plater |
| PHONE | (312) 857-2501 |
| E-MAIL | cplater@kelleydrye.com |
| TIMEKEEPER ID | 03971 |
| CLIENT NO. | 014405.0027 |

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ
BRUSSELS

AFFILIATE OFFICES
JAKARTA
MUMBAI

**IF PROBLEMS OCCUR DURING TRANSMISSION PLEASE CALL (312) 857-7070.**

The information contained in this facsimile message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any use, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction.