# Exhibit I

CH01/PLATC/210357.1

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

KLAUS H. HAMM
KHAMM@KVN.COM

January 3, 2006

**VIA FACSIMILE AND U.S. MAIL**

David A. Rammelt, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606

    Re:    <u>Google Inc. v. American Blind & Wallpaper Factory, Inc.</u>,
             SDC ND Cal. Case No. C-03-5340

Dear David:

      I write to request that American Blind withdraw its Motion To Compel Compliance With F.R.C.P. 34(b). On page six, that motion states: "If it is Google's contention that some or all of the 110,330 pages of materials are responsive to Request No. 44, than so be it. But Google is still under an obligation to identify with specificity which documents are responsive to Request No. 44, not to mention which documents are responsive to any other specific requests. Otherwise, American Blind has no way to decipher which documents were originally produced in *GEICO* and which documents are being produced for the first time here."

      All of the documents referred to in American Blind's motion were produced in the *GEICO* case, and were produced to you as responsive to, *inter alia*, document request No. 44. Accordingly, your motion is moot.

      I add the following notes about our document production with the hopes that we may avoid unnecessary disputes in the future. As you surely know, 16 of the document requests that you served on Google were taken verbatim from document requests served on Google in *GEICO*. For example, American Blind's request No. 3, for "[a]ll documents that refer to the selling or marketing of trademarks in connection with the AdWords Program" is exactly the same as Geico's request No. 5 to Google in *GEICO*. Because this word-for-word repetition of document requests from *GEICO* takes place 16 times (a 17th American Blind document request contains a nearly verbatim request from *GEICO*), I assume that this is not a coincidence and that you intentionally used document requests from *GEICO*. Thus, it should not surprise you, that in responding to your request No. 44, which included the demand that Google produce

364634.01

David A. Rammelt, Esq.
January 3, 2006
Page 2

all documents that it produced in *GEICO*, that many of the documents we produced are responsive to request No. 44 and to one or more of your other document requests.

When your colleague Dawn Beery and I discussed the simultaneous document productions by American Blind and Google this fall, each of us made it clear to the other that the productions were initial productions and that more documents would follow. At this point it is my belief that you already have received the majority of documents called for by your document requests. But we are not finished. Today or tomorrow, by separate cover, our paralegal Doris Joos will send your firm an additional production. Further, we continue to gather responsive documents and will make one or more additional productions. By the same token, I gather that American Blind will produce more than the one box of documents produced thus far in response to the 41 document requests that Google has made.

I would appreciate it if you could let me know by tomorrow morning at the latest whether American Blind will withdraw its Motion To Compel Compliance With F.R.C.P. 34(b).

Very truly yours,

Klaus H. Hamm

KHH:daf