1  ROBERT N. PHILLIPS, SBN 120970
   ETHAN B. ANDELMAN, SBN 209101
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, California 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  DAVID A. RAMMELT (Admitted *Pro Hac Vice*)
   SUSAN J. GREENSPON (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff AMERICAN BLIND
   & WALLPAPER FACTORY, INC.

10

11                      UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 13  GOOGLE INC., a Delaware corporation,, | Case No. C 03-5340-JF (RS) |
| 14           Plaintiff, | **DEFENDANT AMERICAN BLIND & WALLPAPER FACTORY, INC.'S RE-NOTICE OF MOTION AND MOTION TO COMPEL AND FOR SANCTIONS PURSUANT TO F.R.C.P. 37(a)** |
| 15       vs. | |
| 16  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc; and DOES 1-100, inclusive, | |
| 18           Defendant; | |
| 19 | Date:     August 9, 2006<br>Time:    9:30 a.m.<br>Ctrm:    4<br>Hon. Richard Seeborg |
| 20  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,, | |
| 22           Counter-Plaintiff, | |
| 23       vs. | |
| 24  GOOGLE, INC., | |
| 25           Counter-Defendants. | |

**HOWREY LLP**

Case No. C 03-5340-JF (EAI)
DEFENDANT AMERICAN BLIND & WALLPAPER FACTORY,
INC.'S NOTICE & MOTION TO COMPEL AND FOR SANCTIONS
DM_US\8358541.v1

Dockets.Justia.com

PLEASE TAKE NOTICE that on August 9, 2006 or as soon as counsel may be heard, Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("American Blind") will and hereby does move this Court for an order compelling Plaintiff/Counter-Defendant Google, Inc. ("Google") to present for deposition the person most knowledgeable to testify as to certain topics enumerated in American Blind's 30(b)(6) Notice of Deposition and for sanctions pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.

The motion will be based on this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of David A. Rammelt and its exhibits ("Rammelt Decl."), the pleadings and papers on file in this action, the arguments of counsel, and upon such other evidence as may be presented at the hearing on this matter.

## I.  SUMMARY OF ARGUMENT

Three business days before the deposition of Google's very first 30(b)(6) deponent, Google at the last minute produced over 2,600 pages of documents, more than 2,200 of which were in electronic form. Buried among the electronic documents in an unreadable form was a 278-page spreadsheet[1] that Google now claims reflects, *inter alia*, all of the revenues generated by Google's sale of American Blind's trademarks. Of course, at the time of production, Google did nothing to signal the significance of this document from among the over 115,000 pages of documents that Google sporadically had produced prior to that date. Importantly, nowhere did Google's lawyers hint that any of these newly-produced documents were being provided in anticipation of, or would be necessary for, any impending 30(b)(6) deposition, let alone the deposition scheduled to commence in San Francisco a few days later.

As American Blind's counsel would soon learn, the timing of this production was not mere coincidence. Although unbeknownst to American Blind's attorneys at the time, apparently these documents (and in particular the unreadable 278-page spreadsheet) were vital to Google's upcoming deposition. More specifically, counsel learned during the 30(b)(6) deposition of Google's

---

[1] A duplicate copy of the CD that American Blind's counsel received late in the day on April 6, 2006, is provided herewith and filed under seal as Exhibit B to the Declaration of David A. Rammelt ("Rammelt Decl."). The Bates range of the document at issue is GGLE0020905-0021227. The data were so difficult to read that American Blind's lawyers sent the disk to an outside vendor.

representative, Alana Karen, that she could not answer questions about one of her designated topic areas without the 278-page spreadsheet. In fact, when Ms. Karen answered "I don't know" a couple of dozen times in response to questions about one of her designated topic areas,[2] counsel for Google insisted that she could have answered the questions if she had the spreadsheet, even though counsel would later concede that he had never alerted American Blind to this dependence:

> MR RAMMELT: *Did you ever tell me anywhere that any of her testimony today was going to depend on any document produced by Google in this case?*
>
> MR. PAGE: Did I tell you. *No.*
>
> MR. *RAMMELT*: Did you suggest that anywhere?
>
> MR. *PAGE:* *No.*

(Rammelt Decl., Ex. C at 23:24-231:4.)

It is well established that under Rule 30(b)(6), a corporation has an obligation and a duty to educate witnesses so that they are fully prepared to answer the questions posed at their depositions. Even if documents are voluminous and the review of them would be burdensome, deponents who are corporate designees are still required to review them in order to prepare themselves to be deposed, because the deponent is testifying to the knowledge of the corporation, not their own personal knowledge. While American Blind does not contend that a 30(b)(6) deposition is a "memory test," the issue is whether a corporate designee can hide behind a mountain of documents and claim the "answer must be in there."

Common sense and the Federal Rules require that, at a minimum, if a corporate designee cannot memorize a document, but cannot answer a single question without it, the document must be brought to the deposition. It is not enough to say "I don't know." It is not incumbent upon the party taking the deposition to guess which of over 115,000 pages of documents the deponent might need to answer a question. What Google has done here – withhold a document until the last-minute, produce it

---

[2] *See* Rammelt Decl. Ex. C, Karen Dep. Tr. at pp. 222, ll.14 through 232, ll.10.

in a useless form, and then claim ignorance because the document was not available– is the very sort of trial by ambush the Federal Rules prohibit. Accordingly, Google should be required to re-produce Ms. Karen to answer all question about her designated topic areas and to reimburse American Blind for all of the travel costs and attorneys' fees incurred in connection therewith.

## II.  FACTUAL BACKGROUND

On January 31, 2006, American Blind served Google with a Notice of 30(b)(6) deposition, which was amended to include document requests on February 14, 2006 (hereinafter collectively referred to as "Notice"). (*See* Rammelt Decl. Ex. D.) The Rider to the Notice identified thirteen subject matters to be addressed by Google in deposition(s). Google subsequently indicated that it would be producing several witnesses to address all of the topics listed in the Notice. (*See* Rammelt Decl. Ex. E and F.) Google identified Alana Karen to testify as to topics four, six and twelve. *See Id*. More specifically, Google designated Ms. Karen as the corporate representative to address the following:

> (a) The display, bidding, sale, purchase or other use (or claimed use) of American Blind's trademarks, as identified in the counterclaims, in connection with Google's Adwords program, including the purchase of such trademarks by any American Blind competitor or by any Google advertiser or bidder other than American Blind. (Notice topic #4.)
>
> (b) Google's "Keyword Suggestion Tool" (now changed to Keyword Tool). (Notice topic #6.)
>
> (c) How Google's Adwords program works from a technical perspective, including what algorithmic factors are considered, how ads are ranked, how ads appear on the screen, how the bidding process operates, whether the highest bidder always appears at the top of the Sponsored Links and, if not, why not. (Notice topic #12.)

Pursuant to the agreement of counsel, the deposition was noticed to take place on April 12, 2006, in San Francisco – a place convenient to the witness. Even though Ms. Karen's deposition had been noticed for over 3 months, just three business days before Ms. Karen's deposition, Google for the first time provided to American Blind approximately 2,200 pages of documents in electronic form.[3]

---

[3] Deliberately or not, the manner in which the documents were produced in electronic form maximized the difficulty reading and managing them. Each page of each document was produced as its own separate TIFF image, which presents several problems. First, because each page is a separate image, there is no way to tell where a particular multi-page

(Continued...)

Included in this heap was an unusable spreadsheet that, when the font was increased to a legible size, printed out over 1080 pages in distorted columns. In the illegible size the document was produced in, it still printed out on 278 pages. (*See* Rammelt Decl. Ex. B.) Importantly, Google's lawyers gave no hint that any of these newly-produced 2,600 pages of documents were being produced in connection with Alana Karen's deposition set to take place in three business days. No e-mail was sent, no phone call made, and no voicemail message left.

Ms. Karen was deposed on April 12, 2006. (*See* Rammelt Decl. Ex. D.) During the deposition, it became clear that, contrary to the requirements of Rule 30(b)(6), Ms. Karen was not prepared to address one of the principal topics for which she was being offered as a corporate designee. When asked about specific sales of American Blinds' trademarks and the revenues generated in connection therewith, Ms. Karen could not answer a single question. More than two dozen times, Ms. Karen testified "I don't know" when asked about this subject.[4] Instead, she claimed that she had no independent memory of the topic and that she would need to rely on some or all of the documents – *i.e.,* 2,600 pages of newly-produced documents and over 115,000 pages of materials previously provided – produced by Google to answer the questions. Unfortunately, although Ms. Karen admitted to having prepared for the deposition with Google's counsel just the day before, neither she nor counsel had bothered to bring any documents with them.

Even if Google had provided some hint that Ms. Karen would require one or more of the 2,600 pages of documents produced the eve of the deposition – which it did not – it is doubtful that this would have been enough time to read and analyze the document and have it prepared as an exhibit. It ultimately took American Blind several days and the assistance of outside technical personnel to produce a legible version of this document. First, it was sent to American Blind's technical support, who indicated that they could not format the document to print on one page, left to right. Then the

---

(...Continued)

document ends. Second, to view a 40-page document, for example, each image must be clicked, separately opened and then separately printed. This is a particularly time-consuming and laborious task for an over 2,200-page production.

[4] *See* Rammelt Decl. Ex. C, Karen Dep. Tr. at pp. 222, ll.14 through 232, ll.10.

1  document was sent to an outside vendor for printing, who also responded that they were unable to
2  adjust the pages.  Finally, the document was manually reformatted by paralegals in the office of
3  American Blind's counsel to achieve a legible copy that was 463 pages long.  By this time the
4  deposition was over.

5       Once it became clear that Ms. Karen could not answer any questions without the spreadsheet in
6  question, American Blind's lawyer reserved the right to continue the deposition.  Despite repeated
7  attempts by telephone and in writing, Google has refused American Blind's request that Ms. Karen be
8  produced for a second deposition.  The need for a second deposition of Ms. Karen is the direct result of
9  Google's dilatory behavior in the discovery process.

10 **III.    ARGUMENT**

11      Because a corporation cannot be deposed, it must appear vicariously through its designee.  *See*
12 *Resolution Trust Corp. v. Southern Union Co.,* 985 F.2d 196, 197 (5th Cir. 1993).  If the persons
13 designated by the corporation do not possess personal knowledge of the matters set out in the
14 deposition notice, the corporation is obligated to prepare the designees so that they may give
15 knowledgeable and binding answers for the corporation.  *Dravo Corp. v. Liberty Mut. Ins. Co.,* 164
16 F.R.D. 70, 75 (D.Neb. 1995) (citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126
17 (M.D.N.C. 1989).  Thus, the duty to present and prepare a Rule 30(b)(6) designee goes beyond matters
18 personally known to that designee or to matters in which that designee was personally involved.
19 *Buycks-Roberson v. Citibank Federal Sav. Bank,* 162 F.R.D. 338, 343 (N.D.Ill. 1995);  *S.E.C. v.*
20 *Morelli,* 143 F.R.D. 42, 45 (S.D.N.Y. 1992).

21      A witness designated by a corporation to testify on its behalf pursuant to Rule 30(b)(6) must be
22 adequately prepared "so that they may give complete, knowledgeable and binding answers on behalf of
23 the corporation."  *United States v. Taylor,* 166 F.R.D. 356, 360-61 (M.D.N.C. 1996) (quoting *Marker,*
24 125 F.R.D. at 126).  The corporation must provide its interpretation of documents and events.  *See*
25 *Ierardi v. Lorillard, Inc.,* 1991 WL 158911 (E. D.Pa. Aug. 13, 1991).

26      Rule 30(b)(6) requires that a party "prepare deponents by having them review prior fact witness
27 deposition testimony as well as documents and deposition exhibits."  *Taylor,* 166 F.R.D. at 362.  The
28 rule "explicitly requires [a corporation] to have persons testify on its behalf as to all matters known or

1  reasonably available to it and, therefore, implicitly requires such persons to review all matters known
2  or reasonably available to it in preparation for the Rule 30(b)(6) deposition.  This interpretation is
3  necessary in order to make the deposition a meaningful one and to prevent the 'sandbagging' of an
4  opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one
5  before the trial.  This would totally defeat the purpose of the discovery process."  *Id.*  "[P]reparing for
6  a Rule 30(b)(6) deposition can be burdensome.  However, this is merely the result of the concomitant
7  obligation from the privilege of being able to use the corporate form in order to conduct business."  *Id.*
8  The failure to adequately prepare a Rule 30(b)(6) witness is tantamount to failing to appear for a
9  deposition and warrants the imposition of sanctions.  *Id.* at 363 (citing cases); *see also International*
10 *Ass'n of Machinists v. Werner-Masuda,* 390 F. Supp. 2d 479, 488 (D. Md. 2005).

11        It is not uncommon to have a situation, as in the instant case, where a corporation indicates that
12 it no longer employs individuals who have memory of a distant event or that such individuals are
13 deceased.  *See Dravo Corp.,* 164 F.R.D. at 75;  *United States v. Massachusetts Indus. Finance Agency,*
14 162 F.R.D. 410, 412 (D. Mass. 1995).  These problems do not relieve a corporation from preparing its
15 Rule 30(b)(6) designee to the extent matters are reasonably available, whether from documents, past
16 employees, or other sources.  *See Taylor,* 166 F.R.D. at 361 (citing *Ierardi v. Lorillard, Inc.,*1991 WL
17 158911).  Although a corporation may plead lack of memory during the deposition, the consequence of
18 this course is profound – it may bar a corporation from presenting evidence at trial on the topic for
19 which ignorance is claimed.  *Taylor,* 166 F.R.D at 363-65.

20        Here, sanctions are appropriate because Google failed to present at the deposition a Rule
21 30(b)(6) prepared to answer questions on one of the designated topics.  To be sure, Google had every
22 right – indeed, it had a duty – to use documents to prepare its witness, and it would have been perfectly
23 appropriate for the witness to refer to and rely upon those documents during the deposition.  But if a
24 witness is going to rely upon a document – and if that document is used specifically to prepare the
25 witness on a designated topic – then the document must be brought to the deposition.  Otherwise, every
26 corporate witness in complex case like this one, with hundreds of thousands of pages of documents,
27 could neatly avoid giving testimony or being pinned down on any subject simply by claiming, in
28 effect, that "the answer is somewhere in one of our documents."  The result would be that the party

seeking discovery from the 30(b)(6) witness would be put in a position of having to try and memorize and mark as exhibits thousands (or tens of thousands) of documents just to guard against this kind of tactic.

Even putting aside the inherent unfairness of producing a document critical to a 30(b)(6) witness' testimony on the eve of the deposition – which obviously is designed to hinder preparation – the equities sharply disfavor Google's tactics here. If Ms. Karen really needed a document to testify, it easily could have been provided by Google at the start of the deposition. Instead, Google adopted the following position: Ms. Karen cannot answer your question without relying on one of Google's documents, and we want you to guess which one. This kind of guesswork and "hide the ball" strategy is precisely what the Federal Rules prohibit.

## IV.   CONCLUSION

Google should not be allowed to play discovery games and thereby reap the benefits of presenting an unprepared 30(b)(6) witness who cannot commit the company to any particular position because of her lack of independent knowledge. Google should be required to re-produce Ms. Karen to answer all questions about her designated topic areas or present for deposition the person most knowledgeable to testify as to topics 4, 6 and 12 as enumerated in American Blind's 30(b)(6) Notice of Deposition if Ms. Karen is not properly designated as Google's 30(b)(6) witness on these topics. Google should also be ordered to reimburse American Blind for all of the travel costs and attorneys' fee incurred in connection therewith.

Dated: June 22, 2006

HOWREY LLP

By:   /s/ Robert N. Phillips
ROBERT N. PHILLIPS
ETHAN B. ANDELMAN

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL  60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

HOWREY LLP

Case No.  C 03-5340-JF (EAI)                                      -8-
DEFENDANT AMERICAN BLIND & WALLPAPER
FACTORY. INC.'S MOTION TO COMPEL
DM_US\8358541.v1