1    Robert N. Phillips (SBN 120970)
     Ethan B. Andelman (SBN 209101)
2    HOWREY, LLP
     525 Market Street, Suite 3600
3    San Francisco, CA 94105
     Telephone: (415) 848-4900
4    Facsimile:  (415) 848-4999

5    David A. Rammelt (Admitted *Pro Hac Vice*)
     Susan J. Greenspon (Admitted *Pro Hac Vice*)
6    KELLEY DRYE & WARREN LLP
     333 West Wacker Drive, Suite 2600
7    Chicago, IL 60606
     Telephone: (312) 857-7070
8    Facsimile:  (312) 857-7095

9    Attorneys for Defendant/Counter-Plaintiff
     AMERICAN BLIND AND WALLPAPER
10   FACTORY, INC.

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13    GOOGLE INC., a Delaware corporation,       Case No. C 03-5340-JF (RS)

14            Plaintiff,                    **DEFENDANT AMERICAN BLIND AND**
                                        **WALLPAPER FACTORY, INC.'S NOTICE**
15         v.                           **OF MOTION AND MOTION TO COMPEL**
                                        **GOOGLE TO RESPOND TO DISCOVERY**
16    AMERICAN BLIND & WALLPAPER         **TIMELY SERVED GIVEN THE CURRENT**
       FACTORY, INC., a Delaware corporation      **CUTOFF DATE OF AUGUST 26, 2006**
17    d/b/a decoratetoday.com, Inc.; and DOES 1-
       100, inclusive,
18
             Defendants.                   Date:  TBD
19                                            Time:  TBD.
                                           Courtroom: 4
20                                            Hon. Richard Seeborg

21    AMERICAN BLIND & WALLPAPER
       FACTORY, INC., a Delaware corporation
22    d/b/a decoratetoday.com, Inc.,

23           Counter-Plaintiff,

24         v.

25    GOOGLE, INC.

26          Counter-Defendants.

27                               **PUBLIC VERSION**

28

Case No.: C-03-5340-JF (RS)
DEFENDANT AMERICAN BLIND AND
WALLPAPER FACTORY, INC.'S NOTICE OF
MOTION & MOTION TO COMPEL

DM_US\8366072.v1

Dockets.Justia.com

1    PLEASE TAKE NOTICE that as soon as counsel may be heard, Defendant/Counter-

2    Plaintiff American Blind and Wallpaper Factory, Inc. ("American Blind") will and hereby does

3    move this Court for an order compelling Plaintiff/Counter-Defendant Google Inc. ("Google") to

4    respond to all discovery issued by American Blind that is timely served given the current

5    discovery cutoff date of August 26, 2006.

6    The motion will be based on this Notice and Motion, the accompanying exhibits, the

7    pleadings and papers on file in this action, the arguments of counsel, and upon such other

8    evidence as may be presented at the hearing on this matter.

9    **I.    BACKGROUND**

10    During the two months prior to the originally scheduled close of discovery, American

11    Blind underwent a battle for control of the company and then a change of management and

12    ownership of the company. (*See generally* Dkt. No. 137 ("Greenspon Decl.").) As a result,

13    several of the employees who were assisting with discovery either left the company or were

14    completely consumed with addressing urgent company business. Upon application of American

15    Blind, Judge Fogel recognized that these facts justified a 60-day extension of all case

16    management dates, including the discovery cutoff date. (*See* Dkt. No. 133.) Judge Fogel noted

17    that:

18    > the extension of case management dates is intended only to allow
19    > the parties to complete discovery that is within the previously
     > established scope of discovery. If during the remaining period of
20    > discovery a party believes that additional discovery is necessary,
     > the parties should attempt resolve the matter between themselves.
21    > However, if an agreement cannot be reached, permission to conduct
     > additional discovery shall be sought from Magistrate Judge
22    > Seeborg.

23    (*Id.*; *see also* Plater Declaration ("Plater Decl.") Ex. A (transcript of hearing).)

24    Unfortunately, the recent change of ownership at American Blind severely disrupted its

25    ability not only to respond to discovery (as recognized by Judge Fogel) but also to propound

26    discovery. After Judge Fogel's ruling, American Blind issued the following discovery to Google:

27    First Set of Requests for Admission, Notice of Deposition of Larry Page and Notice of Deposition

28    of Sergey Brin. (Plater Decl., Ex, B, C, D.) Google objected and refused to respond to any of the

1  newly issued discovery from American Blind on the sole ground of untimeliness.  (Plater Decl.

2  Ex. E, F.)  As instructed by Judge Fogel, prior to filing this motion, American Blind corresponded

3  with Google on several occasions in an attempt to resolve the dispute.  (Plater Decl. Ex. G, H, I)

4  However, the parties were unable to reach an agreement.  American Blind now seeks an order

5  compelling Google to respond to this discovery and any other discovery American Blind may

6  serve that is timely given the current discovery cutoff date of August 26, 2006.

7  **II.      ARGUMENT**

8          The question posed by this motion is whether American Blind's new management and

9  ownership, now fully aware of and engaged in this litigation, should be allowed to utilize the

10  additional time Judge Fogel granted for the completion of discovery to take minimal discovery

11  based upon information American Blind learned during its change of management and ownership,

12  when (as Judge Fogel noted), the company was understandably preoccupied.  Given the new

13  discovery cutoff date of August 26, 2006, there is no prejudice at all to Google to respond to this

14  discovery — Google will not be forced to respond on shortened time, and the additional

15  discovery will not disrupt the rest of the present schedule.  Moreover, the additional discovery

16  served thus far (3 requests for admissions and two deposition notices) is minimal.  American

17  Blind should be allowed to take this recently served discovery, and Google should be compelled

18  to respond to it.

19  **A.      The Brin and Page Depositions are Necessitated by Facts Disclosed in Google's
20          30(b)(6) Depositions, During American Blind's Ownership Change.**

21          As stated above, during the two months leading up to the original close of discovery,

22  American Blind's sole focus was on the continuing operations and successful transition of the

23  company's management and ownership.  During that time period, American Blind could not

24  adequately digest discovery requests, or information gleaned from its own discovery.  Once

25  American Blind was once again able to turn its attention to this litigation, it realized that the

26  depositions of Sergey Brin and Larry Page were critical to this case.

27          Although American Blind placed Messrs. Brin and Page on its Initial Disclosures early in

28  this case (Plater Decl. Ex. K), it did not seek their deposition, recognizing the general rule that top

1    executives at a company are not generally subject to deposition unless they have specific

2    knowledge relevant to the case.[1]  In Google's 30(b)(6) depositions held April 12, 2006 and May

3    18, 2006 (thus occurring during the time American Blind was preoccupied with its management

4    change), Google's representatives noted that ███████████████████████████████

5    ████████████████████████████████████████████████████████████████████████

6    ███████████████████████████████████████████████.  (*See* Plater Decl., Ex. M

7    at 98:5-99:13; *see also* Plater Decl., Ex. L at 122:12-123:12.)  These are crucial issues in this

8    case, which centers around Google's trademark policy, and American Blind should be allowed to

9    discovery this specific knowledge known by Messrs. Brin and Page.

10         Given the ownership and management change, American Blind's new management was

11    not able to sit down and discuss this case with counsel until close to the original discovery cutoff

12    date.  It was not until that point that American Blind was able to review the information in the

13    April and May depositions and determine that Messrs. Brin and Page have information that was

14    necessary for American Blind's defense.  The deposition notices were issued on June 26, 2006

15    (which, in any event, was prior to the original close of discovery).

16         In addition to the Brin and Page depositions, American Blind wishes to maintain the

17    flexibility to take depositions of additional witnesses or serve additional written discovery should

18    it become necessary.  Two more depositions of Google personnel remain (apart from Messrs Page

19    and Brin).[2] American Blind may uncover information in these previously-noticed depositions that

20    suggests additional witnesses need to be deposed or additional discovery needs to be served.  This

21    is common discovery practice — additional discovery is issued based on the continuing stream of

22    information that comes in during the completion of fact discovery.[3]  This Court should permit

---

[1]    Because Google has solely objected to these depositions on timeliness grounds, American
Blind does not address this issue here.  Should Google later seek a protective order on the
grounds that Messrs. Brin and Page are not subject to deposition in this case, American
Blind will address the issue at that time.

[2]    Notably, the remaining depositions of Google's witnesses have not proceeded due to
Google's counsel's insistence that American Blind's witnesses be deposed before Google
will produce its remaining witnesses.

[3]    Google likewise still has to take the depositions of five American Blind's representatives,
which may or may not disclose new information or avenues that Google would need to
pursue.  Of course, should the Court rule that Google must respond to all timely

1   American Blind to serve any additional discovery and take additional depositions so long as all

2   discovery is completed by the discovery cutoff date of August 26, 2006.

3   **B.     The Requests For Admission Are Minimal And Will Cause No Prejudice To Google If Compelled To Answer Them.**

4           Instead of answering the three simple requests contained in American Blind's First Set of

5   Requests For Admission, Google objected and forced American Blind to seek the Court's

6   intervention to obtain this limited discovery.  These requests raise no new issues and thus would

7   not require Google to undertake any new efforts to address them.  Moreover, answering these

8   three requests would cause no prejudice to Google.  The requests state as follows:

9
10          **Request No. 1:**  Admit that Google has produced all settlement
            agreements confidential or otherwise between Google and any
            third party(s) regarding any claims arising out of Google's sale of
11          keywords as part of its AdWords Program and/or any claims that
            allege that Google has engaged in trademark infringement,
12          including but not limited to those arising as a result of Google's
            sale of keywords as part of its AdWords Program.
13

14          **Request No. 2:**  Admit that Google has produced to American
            Blind all responsive, non-privileged documents requested in
15          American Blind's First Set of Requests for Production of
            Documents and Things from Google.
16

17          **Request No. 3:**  Admit that, as of the date of answering this
            request, Google continues to sell keywords as part of its AdWords
18          Program that incorporate the American Blind Marks.

19   (Plater Decl. Ex. B.)

20          Requests Nos. 1 and 2 address Google's compliance with discovery issued prior to the

21   extension of fact discovery.  American Blind must know whether it is in possession of all of the

22   requested discovery to which it is entitled.  Because Google has failed to respond to American

23   Blind's correspondence regarding matters contained in the requests for admission, American

24   Blind sought to confirm the status of Google's compliance with discovery through its First Set of

25   Requests For Admission.  Notably, on June 23, 2006, the date of the hearing on the motion to

26   extend the scheduling order, Google was still producing documents to American Blind.  And as

27
28          discovery, American Blind would apply that ruling in a reciprocal manner to allow
            Google additional discovery should it deem it necessary.

1  recently as July 11, 2006, Google has indicated, anecdotally, that it has in fact not produced all

2  requested documents, such as all relevant settlement agreements. (Plater Decl. Ex. J.) With

3  Google still producing documents and having not confirmed that it has completed its production,

4  it is extremely prejudicial to American Blind to be foreclosed from issuing new discovery to

5  Google that is timely given the August 26, 2006 close of fact discovery.

6        Moreover, Google will suffer no prejudice to its case or any defense maintained if it is

7  required to answer the requests for admission. The first two requests pertain to Google's

8  discovery compliance. The third request simply seeks confirmation that Google continues to

9  maintain the same trademark policy as it did as when it filed its Complaint and American Blind

10  filed its Answer and Counterclaim. The subject matters of these requests are consistent with the

11  scope of the initial discovery period and do not open up any new issues which might expose

12  Google to any new defense or claim.

13        Finally, answering these three requests will not substantially detract from the time Google

14  would otherwise devote to other matters in this case. Requests for admission, by their very

15  nature, are the least onerous of discovery requests for the respondent. Google need only state

16  "admitted" or "denied."

17  **III.    CONCLUSION**

18        American Blind has issued limited additional discovery (3 requests for admissions and

19  two deposition notices) since the fact discovery cutoff was extended to August 26, 2006. Google

20  will not be prejudiced if this and other additional discovery is allowed that is timely given the

21  new cutoff date; conversely, given the circumstances, American Blind would be prejudiced by

22  being unable to obtain all relevant discovery. In granting an extension of time to complete fact

23  discovery, Judge Fogel implicitly found that American Blind had demonstrated good cause for an

24  extension. This Court should likewise find that American Blind has established good cause for

25  issuing additional discovery under these circumstances and order Google to respond to this

26  discovery.

27  ///

28  ///

Case No.: C-03-5340-JF (RS)
DEFENDANT AMERICAN BLIND AND WALLPAPER
FACTORY, INC.'S NOTICE OF MOTION & MOTION TO
COMPEL- PUBLIC VERSION

- 5 -

DM_US\8366072.v1

1    WHEREFORE, American Blind and Wallpaper Factory Respectfully requests that the

2    Court grant its Motion to Compel Google To Respond To Discovery Timely Served Given The

3    Current Cutoff Date Of August 26, 2006.

4    Dated: July 13, 2006                          HOWREY, LLP

5

6

7                                                 By: _____
                                                      ROBERT N. PHILLIPS
8                                                     ETHAN B. ANDELMAN

9                                                     David A. Rammelt
                                                      Susan J. Greenspon
10                                                    KELLEY DRYE & WARREN LLP
                                                      333 West Wacker Drive, Suite 2600
11                                                    Chicago, IL  60606

12                                                    Attorneys for Defendant/Counter-Plaintiff
                                                      AMERICAN BLIND AND WALLPAPER
13                                                    FACTORY, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28