# Exhibit B

CH01/PLATC/210357.1

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  GOOGLE INC., a Delaware corporation,<br><br>14         Plaintiff,<br><br>15         v.<br><br>16  AMERICAN BLIND & WALLPAPER<br>    FACTORY, INC., a Delaware corporation<br>    d/b/a decoratetoday.com, Inc.; and DOES 1-<br>17  100, inclusive,<br><br>18         Defendants.<br><br>19  AMERICAN BLIND & WALLPAPER<br>    FACTORY, INC., a Delaware corporation<br>20  d/b/a decoratetoday.com, Inc.,<br><br>21         Counter-Plaintiff,<br><br>22         v.<br><br>23  GOOGLE, INC.,<br>           Counter-Defendants.<br>24 | Case No. C 03-5340-JF (RS)<br><br>**AMERICAN BLIND AND WALLPAPER FACTORY INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO GOOGLE INC.** |

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE    CH01/PLATC/210520.1
SUITE 2600
CHICAGO, IL 60606

| | |
|---|---|
| PROPOUNDING PARTY: | Defendant/Counter-Plaintiff American Blind and Wallpaper Factory, Inc. |
| RESPONDING PARTY: | Plaintiff/Counter-Defendant Google Inc. |
| SET NO.: | One |

Pursuant to Fed. R. Civ. P. 36, defendant/counter-plaintiff American Blind and Wallpaper Factory, Inc. ("American Blind") serves the following request for admissions on plaintiff Google Inc. ("Google"). The written responses to the requests shall be served within thirty (30) days of service.

## I. DEFINITIONS

A. The terms "you," "your," and "Google" refer to Google Inc., its predecessors, its present and former officers, directors, employees, agents, attorneys, representatives, and other person(s) acting on its behalf.

B. The term "American Blind" refers to American Blind and Wallpaper Factory, Inc., its predecessors, its present and former officers, directors, employees, agents, attorneys, representatives, and other person(s) acting on its behalf.

C. The term "document" is synonymous with the definition used in Rule 34 of the Federal Rules of Civil Procedure, and shall mean each original writing and each non-identical copy thereof (whether different from the original because of any notes or otherwise) of any nature whatsoever, including all drafts thereof, in your possession, custody, or control regardless of where located and includes, but is not limited to, each letter, memorandum, communication, report, study, photograph, drawing, plan, graph, chart, data compilation of every kind, computer printout, digital recording, electronic record, summary, minute, financial statement, accounting ledger, accounting journal, accounting sheet, contract, agreement, purchase order, invoice, work sheet, diary, calendar, notice, announcement, instruction, statement, schedule, check, negotiable draft, check stub, voucher, bank statement, receipt, list, telegram, telex, teletype, telecopy, wire funds transfer application, file label, file folder or envelope, file divider, or any other means or

methods of recording, transcribing, disclosing, or producing any information.

D. The phrase "relating to" includes concerning, alluding to, responding to, relating to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, touching upon, constituting and being. A document may "concern" a certain person or subject without that person or subject being the sole, or even the most significant topic of that document.

E. The singular shall include the plural, and the past tense shall include the present tense, and vice versa.

F. The words "and" and "or" shall be both conjunctive and disjunctive.

G. The word "all" shall mean "any and all."

H. The word "any" shall mean "any and all."

I. The word "including" shall mean "including without limitation."

J. "AdWords Program" shall mean the advertising program described by Google at the Website adwords.google.com.

L. "Keyword" or "Keywords" shall have the same meaning as the terms "keyword" or "search query" used by Google as part of its AdWords Program.

M. The "American Blind Marks" shall include any one of, and all of, the terms American Blind and Wallpaper Factory, American Blind Factory, American Blind, American Blinds, Decoratetoday, decoratetoday, and/or decoratetoday.com.

N. "Trademark" or "trademarks" shall also include service marks and trade names.

## II. INSTRUCTIONS

In addition to the specific instructions enumerated below, the instructions set forth in Fed. R. Civ. P. 36 are incorporated herein by reference.

1. In answering this request for admission, you must (a) admit the matter, (b) specifically deny the matter, or (c) set forth the legal objection which supports why you cannot

1  truthfully admit or deny the matter.

2.  If, after a reasonable and thorough investigation exercising due diligence, you are unable to answer any part of this request for admission because of a lack of available information, specify in full and complete detail the type of information which is claimed to be unavailable and what has been done to locate that information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the request for admission, set forth the facts upon which such knowledge or belief is based, and identify the person who has, or is likely to have, the information which is claimed to be unavailable.

3.  If, in answering this request, you claim that the request, or a definition or instruction applicable thereto, is ambiguous, do not use such claim as a basis for refusing to respond, but rather set forth as part of the response the language you claim is ambiguous and the interpretation you have used to respond to the request.

4.  If, in answering these requests, you object to any part of the request, each part of the request shall be treated separately. If an objection is made to one subpart, the remaining subpart(s) shall be answered. If an objection is made on the basis that the request or subpart thereof calls for information which is beyond the scope of discovery, the request or subpart thereof shall be answered to the extent that it is not objectionable.

## REQUEST FOR ADMISSIONS

**Request No. 1:** Admit that Google has produced all settlement agreements confidential or otherwise between Google and any third party(s) regarding any claims arising out of Google's sale of keywords as part of its AdWords Program and/or any claims that allege that Google has engaged in trademark infringement, including but not limited to those arising as a result of Google's sale of keywords as part of its AdWords Program.

**Response:**

1
2  **Request No. 2:** Admit that Google has produced to American Blind all responsive, non-
3  privileged documents requested in American Blind's First Set of Requests for Production of
4  Documents and Things from Google.
5
6  **Response:**
7
8  **Request No. 3:** Admit that, as of the date of answering this request, Google continues to
9  sell keywords as part of its AdWords Program that incorporate the American Blind Marks.
10 **Response:**
11
12 Dated: June 28, 2006                           KELLEY DRYE & WARREN LLP
13
14
15
16                                              By: _____
17                                              David A. Rammelt
                                                Susan J. Greenspon
18                                              KELLEY DRYE & WARREN LLP
                                                333 West Wacker Drive, Suite 2600
19                                              Chicago, IL 60606
                                                Telephone: (312) 857-7070
20                                              Facsimile: (312) 857-7095
21                                              Robert N. Phillips
                                                Ethan B. Andelman
22                                              HOWREY SIMON ARNOLD & WHITE, LLP
                                                525 Market Street, Suite 3600
23                                              San Francisco, CA 94105
                                                Telephone: (415) 848-4900
24                                              Facsimile: (415) 848-4999
25                                              Attorneys for Defendant/Counter-Plaintiff
                                                AMERICAN BLIND AND WALLPAPER
26                                              FACTORY, INC.
27
28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/210520.1                    - 5 -

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

**NOTICE OF DEPOSITION AND DOCUMENT REQUESTS**

XX   (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

Michael H. Page
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Facsimile: (415) 397-7188

Executed on June 28, 2006, at Chicago, Illinois. I declare under penalty of perjury under the applicable laws that the above is true and correct.

_____
Caroline C. Plater