**Exhibit G**

CH01/PLATC/210357.1

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-7077

EMAIL: drammell@kelleydrye.com

June 30, 2006

**VIA FACSIMILE**

Klaus Hamm
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

                Re:     Google Inc. v. American Blind & Wallpaper Factory Inc.

Dear Klaus:

        This is in response to your letters of June 26 and June 28, 2006, that respectively
object to the deposition notices and Requests for Admission recently served on Google.  Your
objections are improper and I ask that you withdraw them and timely respond to American
Blind's discovery.

        In your letters you state that your objections are based on Judge Fogel's June 23,
2006 order that allegedly issued a limited extension of fact discovery and provided that
additional discovery could only be issued with leave of court.  Your interpretation of this order is
not an accurate representation of what Judge Fogel stated at the hearing.  Judge Fogel's June 23rd
order merely extended all deadlines for an additional 60 days and does not provide any explicit
limitations on depositions or other discovery.  I specifically addressed the fact that American
Blind would need to issue additional discovery as a result of Google's recent productions and
Judge Fogel indicated that he would not address this issue, but would leave it to the parties to
work out.  Judge Fogel also indicated that in the event that the parties could not reach an
agreement with regard to the scope of discovery, the dispute should be presented to Judge
Seeborg.

        Furthermore, the deposition notices and Requests for Admission are related to the
initial scope of discovery in that they were generated in response to issues presented by Google
in its responses to American Blind's discovery, which were received prior to the original close of
fact discovery.  Thus, your objections as to scope are improper.

CH01/RAMMD/210689.2

KELLEY DRYE & WARREN LLP

Klaus Hamm
June 30, 2006
Page Two

Please note, in addition to the notices that you received for Mr. Brin and Mr. Page, there are a number of individuals that we will need to depose between now and the close of discovery based upon the documents that Google produced and your Rule 26 disclosures. We will be sending out deposition notices for the individuals disclosed on your Rule 26 initial disclosures early next week.

Given that Mr. Page's name is identified on numerous documents that Google has produced and was identified by Ms. Karen at her deposition as being directly involved in the decisions by Google on it's trademark policies, we have every right to take Mr. Page's deposition. As an accommodation and attempt to compromise, we would be willing to not pursue taking Mr. Brin's deposition at this time if you are willing to agree to our right to take Mr. Page's deposition.

We are still waiting to hear from you as to deposition dates for Michael Kwun. In your correspondence to Carrie Plater of our office, dated June 26, 2006, you stated that you would be getting us dates for his deposition. To date we have not heard anything further from you. Since we have a relatively short time frame with many depositions to cover between now and the close of fact discovery, please let me know what dates he is available for his deposition.

If you intend to maintain your objections and do not respond to the recent discovery served on Google, we will be forced to file a motion with Judge Seeborg to address these matters. In that case, we will no doubt address Google's blatant tactic of sending out a flurry of deposition notices just before the previously set fact discovery cut off date in a transparent attempt to make sure that you would not be bound by your current attempt to limit the scope of discovery. Please respond to this letter by 5:00 p.m. CST, July 3, 2006.

Sincerely,

David A Rammelt (ccp)

David A. Rammelt

DAR:ccp

CH01/RAMMD/210689.2