1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. C 03-5340-JF (RS)<br><br>**REPLY IN SUPPORT OF AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO COMPEL AND FOR SANCTIONS PURSUANT TO F.R.C.P. 37(a)** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Counter-Defendants. | Date: August 9, 2006<br>Time: 9:30 a.m.<br>Courtroom: 4<br>Hon. Richard Seeborg |

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1

Dockets.Justia.com

1  Google produced a virtually-illegible 278 page document ("the spreadsheet") to American
2  Blind less than two working days before the deposition of a corporate 30(b)(6) witness who,
3  apparently, was going to rely heavily upon this document for a significant part of her testimony.
4  To compound matters, the document was buried among over 2600 pages of other materials
5  produced that same day as part of Google's never-ending trickle of documents in this case. There
6  was no suggestion whatsoever that any of these over 2600 pages, let alone the specific
7  spreadsheet itself, were necessary for, or being produced in connection with, the 30(b)(6)
8  deposition. Not a peep was uttered by Google – not a letter, not an email, not a phone call.
9  Although the witness apparently reviewed the document with her counsel the day before the
10 deposition, they deliberately did not bring the document to the deposition, nor was any
11 announcement made at the beginning of the deposition that the spreadsheet or any other
12 document was necessary for the witness's testimony (which at least would have given American
13 Blind time to try to find a copy).

14 Google's attempt to mount a defense by taking the offensive and blaming American Blind
15 for not discovering the document itself and guessing it would be relevant misses the mark. Even
16 with the short notice, American Blind might have been able to locate and use the document at the
17 deposition if it had *any* notice that the document would be necessary, but Google never gave any
18 such notice. This is the kind of sharp practice that the Federal Rules are designed to prevent, and
19 sanctions against Google are warranted.

## ARGUMENT

**I.  The Timing of Google's Production Is Suspect And Was Designed To Obstruct American Blind.**

23 The deposition notice for which Ms. Karen was presented was served on January 31,
24 2006. Ms. Karen's deposition had been scheduled for April 12, 2006, since March 1, 2006.
25 Why, then, did Google wait until two working days prior to her deposition to produce the
26 spreadsheet on which she would rely? More important, even if one excuses this last-minute
27 production, why did Google not spend the thirty seconds it would have taken to place a phone
28 call, leave a message or draft an email advising American Blind that the spreadsheet contained

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION     - 2 -
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1

within the over 2200 pages of other materials being produced on a disk was going to be relied upon by the witness?

As earlier described, the subject spreadsheet at issue was received by American Blind in Illinois in the afternoon of Friday, April 7, 2006, as part of a rolling production from Google. It was produced on CD along with a total of over 2600 pages of documents, over 2200 of which were in electronic form. Ms. Karen's deposition was set for Wednesday, April 12, 2006 at 9:00 a.m., in California. In order for counsel for American Blind to attend Ms. Karen's deposition, counsel had to depart Chicago on Tuesday, April 11, 2006, in the morning, with the entire day devoted to travel cross country. Accordingly, by apparent design, there was little (if any) time to review all of the 2600 pages to determine if something *might* be relevant and to digest and formulate questions based on any of the documents. To be sure, Google did nothing to alert American Blind to the fact that among this morass it was producing a document that was necessary to Ms. Karen's deposition.

Instead of explaining the importance of this document to Ms. Karen's deposition when it produced it, Google downplayed the importance in the cover letter accompanying the documents. Google simply indicated that the bates range that contained the spreadsheet at issue was responsive to certain of American Blind's discovery requests and was quick to point out that "Google, however, does not intend to give significance, legal or otherwise, to the terminology used in these requests" in producing responsive documents, including the spreadsheet materials. (Hamm Decl. Ex. B.) However, these highly disclaimed materials turned out to be necessary to Ms. Karen's testimony.

**II.    Ms. Karen Was Obligated To Be Better Prepared On The Topics For Which She Was Designated.**

A witness designated by a corporation to testify on its behalf pursuant to Rule 30(b)(6) must be adequately prepared "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *United States v. Taylor,* 166 F.R.D. 356, 360-61 (M.D.N.C. 1996) (citing cases). The corporation must provide its <u>interpretation of documents</u>

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION           - 3 -
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1

1  and events. *See Ierardi v. Lorillard, Inc.,* 1991 WL 158911 (E.D. Pa. Aug. 13, 1991) (emphasis
2  added).

3  Without any citation to authority, Google proclaims, "[I]f a party wants highly detailed
4  information that is found in a particular document, it is sufficient to provide that party with the
5  document." (Opp. at 8.) Google's position, if taken literally, would virtually obviate the need for
6  oral discovery and foreclose asking deponents about documents. American Blind, however,
7  should not be forced to use the document as the source of its answers to its questions without any
8  analysis from Google's 30(b)(6) witness. American Blind did not seek to have Ms. Karen recite
9  the data verbatim – it sought her analysis and interpretation of the data. (Opp. at 8-9 "the data are
10  the data, and nothing Google's witness could have said if presented with the data would have
11  changed those data.") Ms. Karen was the 30(b)(6) witness presented for this topic and should be
12  required to provide testimony in this regard. American Blind should not be forced to rely on data
13  in a document without further questioning.

14  Faced with Ms. Karen's obvious lack of independent knowledge on the contents of the
15  spreadsheet, Google's Opposition struggles to present a position that justifies Ms. Karen's
16  inability to testify on all of the topics for which she was designated. Initially, Google asserts that
17  Ms. Karen was prepared to testify to the contents of the spreadsheet. ("Ms. Karen was familiar
18  with the contents of the spreadsheet, and was specifically prepared to answer the sorts of
19  questions one would expect to be asked, such as what each column of the spreadsheet meant, how
20  the data was collected, and the like.") (Opp. at 3.) This statement is remarkable in that Google
21  appears to have prepared Ms. Karen to testify on the discrete topics that Google <u>presumed</u> would
22  be asked, but she was not prepared to answer any substantive questions concerning the contents
23  of the spreadsheet.

24  Later, in its Opposition, Google admits that Ms. Karen could not testify from memory
25  about the data in this document even if she had the spreadsheet in front of her. ("Regardless
26  whether Ms. Karen (or anyone else) had the hundreds of data before her at deposition, her
27  answers would not change: no one at Google knows the answers to American Blind's
28  questions…") (Opp. at 8.) Again, Google's argument rests on the presumption that it knows all

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION      - 4 -
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1

1  the questions American Blind would pose to Ms. Karen regarding the data, if the document was
2  before her in a deposition.  Google also presumes that Ms. Karen would always respond "I don't
3  know" to all of the questions that could be posed to her about the data in the document.
4  American Blind is entitled to ask any questions regarding the spreadsheet—not just what Google
5  expected or presumed would be asked – and it would have done so, if the spreadsheet had been
6  properly produced before the deposition or even brought to the deposition by Google.

7        Google's first two positions are in stark contrast to its third position that "American Blind
8  was free to seek [information regarding the spreadsheet] at Ms. Karen's deposition had its counsel
9  brought the documents he had questions about." (Opp. at 8).  Google's facile argument that
10  American Blind's counsel should have brought the document with him if he wanted to question
11  Ms. Karen on it is only relevant if there had been adequate time to review the over 2600 pages of
12  documents produced shortly before Ms. Karen's deposition.  As demonstrated above and in the
13  motion, there was not nearly enough time to discover and reproduce this document in a legible
14  form prior to Ms. Karen's deposition.

15        Ultimately, it is impossible to reconcile Google's positions.  Does Google wants the Court
16  to believe (1) that Ms. Karen was prepared on certain topics that it presumed would be asked
17  regarding the spreadsheet but American Blind did not ask these presumed questions, or (2) that
18  Ms. Karen could never provide answers to American Blind's presumed questions regarding the
19  contents of the spreadsheet regardless of whether or not it was in front of her, or (3) that
20  American Blind would have gotten what it asked for if it had just brought the document to the
21  deposition.  Regardless of which, if any, of these arguments is to be believed, Google is
22  essentially admitting that Ms. Karen is either a useless witness on this topic or was not properly
23  prepared.

24  **III.  Google Has Provided No Controlling And On-Point Authority For Its Positions**.

25        Google has failed to cite a single case that is on-point and controlling in this jurisdiction,
26  which justifies its behavior in producing Ms. Karen and the spreadsheet that was necessary for
27  her testimony.  The only reported case relied upon by Google, *Alexander v. F.B.I*, 186 F.R.D. 137
28  (D.D.C 1998), is distinguishable on its facts as it dealt with a much broader scope of inquiry than

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION      - 5 -
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1

1  is at issue here.  The plaintiff in *Alexander* sought testimony on "the computer system commonly
2  known as 'Big Brother' and/or WHODB'" *Id*. at 139.  The *Alexander* court found that the
3  designated deponent's inability to answer all questions regarding the Office of Administration,
4  Executive Office of the President's ("EOP") computer databases was not grounds for re-
5  designation of a new witness and did not constitute a failure to appear because, while the scope
6  was broad, the deponent was still able to testify adequately in numerous respects.  *See Id*. at 140-
7  141.  *Alexander* also found that the deponent was not able to testify as to certain topics for which
8  the EOP should be required to provide responses.  Therefore, the court ordered the EOP to answer
9  in writing specific questions that went unanswered and, if those answers were not sufficient, the
10 plaintiff could seek to compel re-deposition on these subjects.  *Id*. at 142.

11         In contrast, the scope of inquiry which American Blind pursued with Ms. Karen was
12 limited and was directly related to her narrowly designated 30(b)(6) topics:

   (a)  The display, bidding, sale, purchase or other use (or claimed use) of American Blind's trademarks, as identified in the counterclaims, in connection with Google's Adwords program, including the purchase of such trademarks by any American Blind competitor or by any Google advertiser or bidder other than American Blind. (Notice topic #4.)

   (b)  Google's "Keyword Suggestion Tool" (now changed to Keyword Tool).  (Notice topic #6.)

   (c)  How Google's Adwords program works from a technical perspective, including what algorithmic factors are considered, how ads are ranked, how ads appear on the screen, how the bidding process operates, whether the highest bidder always appears at the top of the Sponsored Links and, if not, why not.  (Notice topic #12.)

22         Ms. Karen was never able to testify competently to Notice topic #4 in regard to the
23 spreadsheet.  When asked about the spreadsheet at her deposition, Google's counsel repeatedly
24 interjected that the information was in the document or Ms. Karen replied "I don't know."
25         Furthermore, the cases relied upon by Google to justify Ms. Karen's inability to answer
26 questions regarding the spreadsheet from memory actually support American Blind's position.
27 Google cites *Alexander*, and two unreported decisions from the Southern District of New York,

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION          - 6 -
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1

*Zappia Middle East Construction Co. v. Emirate of Abu Dhabi*, 1995 WL 68715 (S.D.N.Y Nov. 17, 1995)[1] and *Equal Employment Opportunity Comm'n v. Am. Int'l Group, Inc.*, 1994 WL 376052 (S.D.N.Y. July 18, 1994) for the proposition that a Rule 30(b)(6) deponent need not be subjected to a memory test. However, all of these cases premise this point on the condition that the deponent must be "both knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." *Zappia*, 1995 WL 68715 at *4.

Ms. Karen, however, was not prepared to testify on her designated topics either with or without the aid of the document, as Google asserts, and provided no binding answers on behalf of Google in this regard.[2] (*See* Opp. at 8-9.) The failure to adequately prepare a Rule 30(b)(6) witness is tantamount to failing to appear for a deposition and warrants the imposition of sanctions. *Taylor,* 166 F.R.D. at 363 (citing cases); *see also International Ass'n of Machinists v. Werner-Masuda,* 390 F. Supp. 2d 479, 488 (D. Md. 2005). Google failed to present a prepared witness who could bind Google with her answers regarding the spreadsheet and failed to timely provide the spreadsheet in a manner that would have resulted in its witness being able to answer questions regarding it. This behavior should not be tolerated.

## CONCLUSION

Google has presented no credible argument in response to American Blind's motion. Google has taken a variety of irreconcilable positions in its Opposition in an attempt to justify Ms. Karen's inability to testify regarding one of her designated topics. But, ultimately, Google provides no excuse for the timing and method of its production of the document that allegedly could have cured Ms. Karen's faulty testimony (if you ascribe to the third position taken by Google). Regardless of which of Google's positions, if any, the Court is inclined to believe, the

---

[1] *Zappia* is likewise factually distinguishable in that one of the witnesses at issue, for whom plaintiff sought additional depositions as a result of his inability or failure to address certain topics, was found by the court to possess "ample personal knowledge on the topics about which he was supposed to testify." *Id*. at *5. Here, Ms. Karen, did not demonstrate such personal knowledge on all the topics about which she was supposed to testify.

[2] Ms. Karen answered "I don't know" a couple of dozen times in response to questions about one of her designated topic areas. *See* Rammelt Decl. Ex. C, Karen Dep. Tr. at pp. 222, ll.14 through 232, ll.10.

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION         - 7 -
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1

result should be the same based on the suspect timing of the production of the document at issue. Google should be required to re-produce Ms. Karen to answer all questions about her designated topic areas, in particular the spreadsheet, and to reimburse American Blind for all of the travel costs and attorneys' fees incurred in connection therewith or present for deposition the person most knowledgeable to testify to Ms. Karen's designated topic areas, in particular the spreadsheet, if Ms. Karen is not properly designated as Google's 30(b)(6) witness on these topics.

Dated: July 26, 2006                                           HOWREY LLP


By:      /s/ Ethan B. Andelman
ROBERT N. PHILLIPS
ETHAN B. ANDELMAN

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CASE NO. C03-5340-JF (RS)
REPLY ISO AMERICAN BLIND'S MOTION         - 8 -
TO COMPEL & FOR SANCTIONS
DM_US\8369946.v1