*E-FILED 8/10/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GOOGLE INC.,

    Plaintiff,

v.

AMERICAN BLIND & WALLPAPER FACTORY, INC.,

    Defendant.

NO. C 03-5340 JF (RS)

**ORDER DENYING MOTION TO COMPEL AND REQUEST FOR SANCTIONS.**

## INTRODUCTION

Defendant American Blind & Wallpaper Factory, Inc. moves to compel plaintiff Google, Inc. to produce a witness for further deposition under Federal Rules of Civil Procedure, Rule 30 (b) (6) on grounds that the witness previously presented was, in American Blind's view, inadequately prepared to testify on the topics for which she had been designated. Google contends, as it did at the prior deposition, that the information American Blind is seeking is contained in a spreadsheet produced to American Blind, and that no live witness could be expected to have performed the calculations or retained in memory the information necessary to answer the kinds of questions American Blind is asking.

Although American Blind may have some basis for complaining about the timing and manner in which the spreadsheet was produced, it has failed to show any basis for requiring a further deposition. American Blind has not identified any particular questions, or type of questions, that the witness was unable to answer as the result of inadequate preparation. Whatever problems may have existed with the way the spreadsheet was produced, American Blind has not demonstrated that additional testimony is now necessary regarding the spreadsheet, or that there is any information that

1

is more readily obtainable from a live witness than from the spreadsheet. Even though American Blind has failed to specify what information it still seeks, it appears that the most critical information it wants is data and numerical totals that could *only* be derived from the data in the spreadsheet, and not from the memory of any live witness. Accordingly, the motion will be denied, as will the request for sanctions.

## BACKGROUND

This lawsuit arises from American Blind's contention that Google's "AdWords" program violates American Blind's trademark rights by allowing American Blind's competitors to purchase advertisements that will appear with the search results when a user enters search terms that include American Blinds' trademarks. Google contends its practices do not implicate the Lanham Act at all, but it concedes that for purposes of discovery in this action "evidence of which advertisers have triggered which ads off which keywords is discoverable."

The present motion relates to the deposition of Alana Karen, who was produced by Google in response to American Blind's deposition notice under Rule 30 (b) (6). Karen was designated to testify about, among other things, "[t]he display, bidding, sale, purchase or other use (or claimed use) of American Blind's trademarks . . . in connection with Google's Adwords program . . . ." (Topic No. 4). At the deposition, American Blind asked various questions about revenues Google had generated through the sales of terms claimed by American Blind as trademarks. Karen responded that she did not have such information at hand, but that it was all shown on, or could be calculated from, the entries in a spreadsheet that Google had produced to American Blind.

Although Google had produced similar data earlier in the litigation, the spreadsheet to which Karen was referring had been produced as part of a several thousand page document production only three business days before Karen's deposition. The document production was made under a cover letter that specifically noted that Google was producing "data from AdsDB, which is a Google database for ad serving and reporting." It is apparent that American Blind's counsel, not surprisingly, did not discover the potential relevance of this spreadsheet to the Karen deposition

2

upon initial review of the produced material.[1] Neither side took a copy of the spreadsheet to the deposition.

DISCUSSION

A. Scope of Motion

American Blind's motion requests that Karen be compelled to give further testimony on all three of the subject areas on which she was designated to testify.[2] Nowhere in American Blind's discussion, however, does it point to any deficiencies in Karen's testimony with respect to topic 6 ("Google's 'Keyword Suggestion Tool' (now changed to Keyword Tool)") or topic 12 ("How Google's Adwords program works from a technical perspective . . . .").[3] Nor does American Blind suggest that the spreadsheet at the center of this controversy would have anything to do with either of those topics. Thus, despite its reference to all three topics, American Blind effectively has only challenged the adequacy of Karen's testimony as to topic 4.

B. Adequacy of the testimony

Google contends that Karen appeared at her deposition fully prepared to testify competently concerning any general questions American Blind might have regarding the spreadsheet, "such as what each column of the spreadsheet meant, how the data was collected, and the like." Google further contends that *no one* could have answered from memory the kinds of questions American

---

[1] The Court does not presume, as does American Blind, that Google deliberately "buried" the spreadsheet or that Google had an obligation to bring the spreadsheet to Karen's deposition. The Court has been presented with no reason to doubt good faith on the part of all the parties, and while the result may have been unfortunate, there does not appear to have been any unreasonable conduct, neglect, or malice on either side.

[2] Google designated Karen as its witness as to topic numbers 4, 6, and 12 listed in American Blind's deposition notice under Rule 30 (b) (6).

[3] Indeed, in its reply brief, American Blind sets out the three topics and then says only "Ms. Karen was never able to testify competently as to Notice topic #4 in regard to the spreadsheet." (Reply at p. 6.) At the hearing, American Blind acknowledged that it does not seek a further deposition as to topic 12. American Blind orally offered citations to Karen's deposition transcript to support its argument that her testimony on topic 6 was inadequate, but because that argument and those citations were not presented in the papers, the Court declines to consider them at this time.

3

1 Blind was asking, which would have required tallying of the data shown on the spreadsheet, in ways
2 that Google has had no reason to do on its own.

3 American Blind argues that these two contentions are contradictory and that they are further
4 at odds with Google's additional argument that American Blind could have obtained all the
5 information it wants if it had brought the spreadsheet to the deposition.  Google's arguments are not
6 inconsistent.  There is no reason to doubt that Karen was prepared to answer any general questions
7 regarding the format of the spreadsheet, how it had been prepared, and any similar questions.  There
8 is also no reason to doubt that, with the spreadsheet in front of her, Karen could have answered a
9 question, for example, about revenues generated from a certain purported trademark term during a
10 certain time period by pointing counsel to the columns and pages on the spreadsheet where that
11 information is contained.  It is likely that Karen still would have been unable to answer with specific
12 dollar figures, unless counsel handed her a calculator and waited for her to do the math.

13 The parties are in agreement that, "[d]eponents under Rule 30(b)(6) must be prepared and
14 knowledgeable, but they need not be subjected to a 'memory contest.'" *Alexander v. Federal*
15 *Bureau of Investigation*, 186 F.R.D. 137, 143 (D.D.C. 1998).  Here, it appears that Karen was
16 generally prepared and knowledgeable, but that American Blind was looking for specific detailed
17 data that she could not reasonably be expected to provide from memory–and that in some cases
18 could not reasonably have been expected even to have calculated prior to the deposition.

19 As noted above, it is understandable that American Blind's counsel did not recognize the
20 significance of the spreadsheet before the deposition.  American Blind is also correct that as a
21 general rule, it is entitled to live witness testimony *regarding* documents, and Google could not
22 avoid a deposition simply by relying on a document production.  It is certainly unfortunate that
23 neither side brought this particular document to Karen's deposition, without regard to whether there
24 was any obligation to do so.  At this juncture, however, American Blind has not advanced any
25 questions that it suggests were not answered adequately, or that it failed to ask as a result of the
26
27
28

4

circumstances.[4] The Court must therefore look to the transcript, and in particular to the questions identified in Google's briefing, that Karen was unable to answer in the prior deposition. As Google points out, those questions all appear to call for calculations and detailed data that a live witness cannot reasonably be expected to provide from memory. See, e.g., Karen Deposition Transcript at 222:14-223:22; 226:23-228:9. American Blind has made no showing that such information is unavailable to it in the spreadsheet or that it needs any other information that only a live witness could provide. At the hearing, American Blind stressed that as a result of Karen's inability to answer certain questions without reference to the spreadsheet, it lost the opportunity to pose follow up questions that might have been presented. While that may be true, it does not change the fact that by the time it brought this motion, American Blind did have full access to the spreadsheet and was aware of its apparent importance. Because it is seeking a further deposition, it was incumbent on American Blind to identify with some specificity the nature of the information it believes it cannot obtain from the spreadsheet. American Blind has not done so.

C. Production of the spreadsheet

Much of American Blind's briefing is focused on the timing of the production of the spreadsheet and on the form in which it was produced. These arguments suffice as an explanation for why American Blind did not realize that it would have been helpful to have a copy of the spreadsheet at Karen's deposition, but otherwise have little bearing on whether a further deposition is now appropriate.[5] Google represents that American Blind has been provided an electronic copy of the Excel spreadsheet itself, which will allow American Blind to manipulate the data in whatever fashion it chooses to answer quickly and conveniently the precise types of questions it was asking

---

[4] On reply, American Blind criticizes Google for "presuming" what questions American Blind would ask Karen if given the chance. Because American Blind is seeking a further deposition, however, it has the burden of informing the Court what areas of inquiry remain. American Blind, as noted above, has not met that burden.

[5] American Blind makes much of the efforts it had to go to produce a written copy in a legible font size. Given when and how the document was produced, it was not unreasonable for American Blind to fail to recognize its importance by the time of the deposition, *regardless* of whether it was easy or difficult to obtain a legible print out. It is unclear, however, why American Blind found it laborious to produce *any* printout, as the entire production can be printed without "clicking" on each page.

5

Karen at the prior deposition.

As noted, both sides appear to have acted in good faith in this instance. Nevertheless, the parties are cautioned that when and if a situation arises in the future that a particular document is likely to be of particular importance to a witnesses ability to testify on a subject area in a 30 (b) (6) deposition, it behooves the producing party to ensure that a copy of that document is available at the deposition, even in the absence of any obligation to do so.

D. Sanctions

Given the denial of the motion to compel, American Blind's request for sanctions must also be denied. Counsel are further advised, however, that Local Civil Rule 7-8 requires all sanctions requests to be made by separately noticed motion. This rule, which the Court diligently enforces, is designed to ensure that counsel exercise caution and restraint in seeking sanctions, and that sanctions requests do not become routine.

IT IS SO ORDERED.

Dated: August 10, 2006

RICHARD SEEBORG
United States Magistrate Judge

C 03-5340 JF (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Ethan B. Andelman    andelmane@howrey.com, gagnons@howrey.com

Dawn Beery    dbeery@kelleydrye.com

Susan Jean Greenspon    sgreenspon@kelleydrye.com, cplater@kelleydrye.com; vallen@kelleydrye.com; sdunlap@kelleydrye.com

Ravind Singh Grewal    rsg@kvn.com

Klaus Hemingway Hamm    khamm@kvn.com, efiling@kvn.com; wik@kvn.com

Ajay Krishnan    akrishnan@kvn.com, efiling@kvn.com; rthomas@kvn.com

Mark A. Lemley    mlemley@kvn.com, srosen@kvn.com

Michael H. Page    mhp@kvn.com, efiling@kvn.com; sjr@kvn.com; nsn@kvn.com

Robert Nathan Phillips    phillipsr@howrey.com, gagnons@howrey.com

David A. Rammelt    drammelt@kelleydrye.com, sdunlap@kelleydrye.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/10/06**                                              **Chambers of Judge Richard Seeborg**

                                                              **By:        /s/ BAK**

C 03-5340 JF (RS)