1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Plaintiff and Counter Defendant
   GOOGLE INC.
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 GOOGLE INC., a Delaware corporation,        Case No. C 03-5340-JF (RS)

11                           Plaintiff,         **GOOGLE INC.'S OPPOSITION TO**
                                                **AMERICAN BLIND AND WALLPAPER**
12        v.                                    **FACTORY, INC.'S MOTION TO**
                                                **COMPEL GOOGLE TO RESPOND TO**
13 AMERICAN BLIND & WALLPAPER                   **DISCOVERY TIMELY SERVED GIVEN**
   FACTORY, INC., a Delaware corporation        **THE CURRENT CUTOFF DATE OF**
14 d/b/a decoratetoday.com, Inc., and DOES 1-   **AUGUST 26, 2006**
   100, inclusive,
15                                              Date:      September 6, 2006
                             Defendants.        Time:      9:30 am
16 _____         Dept:      4
   AMERICAN BLIND & WALLPAPER                   Judge:     Hon. Richard Seeborg
17 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.,               Date Comp. Filed:   November 26, 2003
18
                       Counter Plaintiff,       Trial Date: May 15, 2007
19
          v.
20
   GOOGLE INC., AMERICA ONLINE, INC.,
21 NETSCAPE COMMUNICATIONS
   CORPORATION, COMPUSERVE
22 INTERACTIVE SERVICES, INC., ASK
   JEEVES, INC. and EARTHLINK, INC.,
23
                     Counter Defendant/
24                 Third-Party Defendants.
   _____
25
                        **REDACTED VERSION**
26

27

28

─────────────────────────────────────────────────
GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO
COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF
DATE OF AUGUST 26, 2006
CASE NO. C 03-5340-JF (RS)

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................................................... 1

II.  BACKGROUND ..................................................................................................... 2

    A.   Except for a limited extension to complete discovery "already in the pipeline," the fact discovery cut-off was June 27, 2006. ....................................... 2

    B.   American Blind's attempts to seek discovery after the discovery cut-off. ......................................................................................................................... 3

III. ARGUMENT ........................................................................................................... 4

    A.   American Blind has not complied with the Court's order requiring it to meet and confer and seek leave from the Court before serving discovery. ............................................................................................................... 5

    B.   American Blind has not shown good cause for its late-served discovery. ................................................................................................................ 6

        1.   American Blind has not shown good cause for noticing the depositions of Google's presidents after the discovery cut-off. ................. 7

        2.   American Blind has not shown good cause for why it could not have served its RFAs earlier. ....................................................................... 10

        3.   American Blind's additional deposition notices are improper. ................. 11

IV.  CONCLUSION....................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Baine v. General Motors Corp.,*
    141 F.R.D. 332..................................................................................................10

*Consolidated Rail Corp. v. Primary Indus. Corp.,*
    1993 WL 364471, 1...........................................................................................9

*Folwell v. Hernandez,*
    210 F.R.D. 169..................................................................................................10

*Lewelling v. Farmers Insurance of Columbus, Inc.,*
    879 F.2d 212.....................................................................................................10

*Miller v. International Business Machines,*
    2006 WL 1141090.........................................................................................5, 6

*Milt's Flying Service, Inc. v. AV Finance, Inc.,*
    2002 WL 31975066, at 3....................................................................................6

*Mulvey v. Chrysler Corp.,*
    106 F.R.D. 364.................................................................................................10

*Padgett v. City of Monte Sereno,*
    2006 WL 1141265, 1.............................................................................5, 7, 9, 10, 11

ii

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF DATE OF AUGUST 26, 2006
CASE NO. C 03-5340-JF (RS)

378949.01

1

**I.    INTRODUCTION**

2      Two months ago, on the eve of an already extended fact discovery cutoff, American

3  Blind & Wallpaper Factory, Inc. ("American Blind") came before Judge Fogel to request yet

4  another extension in this three year old case.  The reason, American Blind averred, was that a

5  management change at the company prevented it from being able to timely *respond* to discovery

6  Google had served more than a year earlier.  American Blind—which at the time had noticed

7  only a single Rule 30(b)(6) deposition in the entire life of the case—made no claim that the

8  recent management changes had interfered in its outside counsel's ability to *take* discovery, only

9  to *respond* to pending discovery.

10      Google responded that it recognized that American Blind's failure to respond to pending

11  discovery or produce any deposition witnesses made an extension for that long-pending

12  discovery a *fait accompli*.  Google opposed, however, a general extension in which American

13  Blind could propound new discovery—discovery that it could and should have conducted long

14  ago.  Judge Fogel ruled in Google's favor, in the most unambiguous terms:

15      Mr. Page:  We don't object to extending the time to handle the discovery that has
       been held up by the ownership change.  Our concern is that the schedule should
16      not be reopened for new discovery. . . . .

17      The Court:  **The point is to allow the parties to complete discovery, not to do
       new discovery.**

18

19      That hearing occurred on Friday, June 23.  Notwithstanding Judge Fogel's clear directive,

20  however, American Blind on Monday, June 26—with no effort to either meet and confer or seek

21  leave of Court—served purported deposition notices for Google's two founders, Larry Page and

22  Sergey Brin.  Putting aside the obvious harassment value of choosing two of the busiest and most

23  prominent executives in America as their *first* individual deponents, those notices clearly violate

24  both the June 27 discovery cut-off and Judge Fogel's express order.  In the ensuing weeks,

25  American Blind proceeded to notice seven additional depositions, all in violation of those orders.

26      The fact discovery cut-off in this case was June 27, and American Blind can show no

27  good cause for relief from that cut-off for discovery it could have taken any time in the past 16

28

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO
COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF
DATE OF AUGUST 26, 2006
CASE NO. C 03-5340-JF (RS)

378949.01

1   months. Since Civil Local Rule 26-2 states that "[d]iscovery requests that call for responses or

2   depositions after the applicable cut-off are not enforceable, except by order of the Court for good

3   cause shown," this discovery was not timely served, and the Court should deny this motion.

## II.    BACKGROUND

**A.    Except for a limited extension to complete discovery "already in the pipeline," the fact discovery cut-off was June 27, 2006.**

7       This case is nearly three years old. Google filed its complaint seeking declaratory relief

8   on November 26, 2003.[1] On June 21, 2004, the Court stayed discovery.[2] The stay lifted on

9   April 20, 2005. At a May 13, 2005 case management conference, the Court set a February 27,

10  2006 fact discovery cut-off.[3] On February 3, 2006, over Google's objection, American Blind

11  requested a six-month extension of all case deadlines and the Court extended the schedule by

12  four months.[4] That extension pushed the close of fact discovery to June 27, 2006.

13      On June 9, 2006, with fact discovery set to close in "a mere two weeks," American Blind

14  filed a motion seeking to extend the case deadlines an additional 90 days.[5] Google opposed the

15  request. After full briefing and a June 23, 2006 hearing, Judge Fogel extended the schedule for

16  60 days so the parties could complete discovery already served. At the hearing he stated: *"The*

17  *point is to allow the parties to complete discovery, not to do new discovery. . . .* So the blanket

18  order is simply the *time to complete discovery that's already underway,* 30(b)(6) depositions,

19  other depositions[,] document discovery. If you need another two months, I understand."[6] The

20  Court's written order that issued the same day likewise stated that "the extension of case

21  management dates is intended *only to allow the parties to complete discovery that is within the*

---

[1] Complaint For Declaratory Judgment of Non-Infringement.

[2] Stipulation and Order Setting Hearing on Motion to Dismiss and Extending Time for Case Management Conference.

[3] Amended Civil Minute Order re May 13, 2005 Further Case Management Conference.

[4] Civil Minutes re February 3, 2006 Further Case Management Conference.

[5] American Blind & Wallpaper [sic], Inc.'s Motion To Amend And Extend Case Management Order Dates at 3.

[6] Declaration of Klaus H. Hamm, filed herewith ("Hamm Decl."), Ex. A (June 23 Tr.) at 3 (emphasis added).

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF DATE OF AUGUST 26, 2006
CASE NO. C 03-5340-JF (RS)

378949.01

1   *previously established scope of discovery.*"[7]

2       Consistent with the Civil Local Rules' requirement regarding discovery after the cut-off,

3   Judge Fogel stated that "if there is something that comes up in completing the pending discovery

4   that leads either party to think that there's something further they need to do, then you should go

5   to Magistrate Seeborg . . . *If you want to initiate something that's not already in the pipeline,*

6   *then you need to go to the magistrate judge and show good cause.*"[8]  The written order similarly

7   stated that if "a party believes that additional discovery is necessary, the parties should attempt to

8   resolve the matter between themselves.  However, if an agreement cannot be reached, permission

9   to conduct additional discovery shall be sought from Magistrate Judge Seeborg."[9]

10  **B.    American Blind's attempts to seek discovery after the discovery cut-off.**

11      The next day business after the Court prohibited American Blind from serving additional

12  discovery, American Blind served two deposition notices.  The "Notice of Deposition of Larry

13  Page" set an August 8, 2006 deposition date and the "Notice of Deposition for Sergey Brin" set

14  an August 10, 2006 deposition date.[10]  Two days later, American Blind served by fax "American

15  Blind and Wallpaper Factory Inc.'s First Set of Requests For Admission To Google Inc."

16  ("RFAs").[11]  Under Federal Rules of Civil Procedure 6(e) and 36(a), Google's deadline for

17  responding to the RFAs was July 31, 2006.

18      When Google pointed out that the deposition notices and RFAs violated Judge Fogel's

19  June 23, 2006 Order, American Blind took the following two positions: (1) that "Judge Fogel's

20  June 23rd order merely extended all deadlines for an additional 60 days and does not provide any

21  explicit limitations on depositions or other discovery"; and (2) that "the deposition notices and

22  Requests for Admission are related to the initial scope of discovery in that they were generated in

23  response to issues presented by Google in its responses to American Blind's discovery, which

24

25  [7] Order Granting in Part Defendant's Motion to Extend Case Management Deadlines ("June 23 Order") at 2 (emphasis added).

26  [8] Hamm Decl. Ex A (June 23 Tr.) at 3 (emphasis added).

27  [9] June 23 Order at 2.

28  [10] Hamm Decl. Exs. B (Page Dep. Notice), C (Brin Dep. Notice).

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO
COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF
DATE OF AUGUST 26, 2006
CASE NO. C 03-5340-JF (RS)

378949.01

1    were received prior to the original close of fact discovery."[12]  On July 31, 2006, Google served

2    objections to the deposition notices and RFAs, objecting on the ground the discovery was

3    untimely and reserving Google's right to make additional objections.[13]

4         In correspondence faxed on June 30, 2006, American Blind stated that it would serve

5    deposition notices for individuals listed on Google's initial disclosures "early" in the week of

6    July 2, 2006.[14]  Instead, American Blind waited another month to send out further deposition

7    notices.  When it finally did, it served deposition notices that purported to cram seven

8    depositions into the final week of the extended fact discovery period.  On August 7-8, 2006,

9    American Blind served notices for the August 21, 2006 deposition of Britton Mauchline

10   Picciolini;[15] the August 22, 2006 deposition of Jessica Bluett;[16] the August 23, 2006 deposition

11   of Jane Butler;[17] the August 23, 2006 deposition of Rick Steele;[18] the August 24, 2006 deposition

12   of Bismark Lepe;[19] the August 25, 2006 deposition of Leshika Samarasinghe;[20] and the August

13   25, 2006 deposition of Salar Kamangar.[21]

14                         **III.    ARGUMENT**

15        American Blind does not cite any statutes, rules or case law in support of its motion.  The

16   applicable authority is the Northern District's Civil Local Rules.  They define the "discovery cut-

17   off" as "the date by which all responses to written discovery are due and by which all depositions

18

19

---

20   [11] Hamm Decl. Ex. D (RFAs).

     [12] Hamm Decl. Ex. E (June 30, 2006 letter from Rammelt).

21   [13] Hamm Decl. Exs. F (Objections to Page Dep. Notice), G (Objections to Brin Dep. Notice), H
22   (Objections to RFAs).

     [14] Hamm Decl. Ex. E (June 30, 2006 letter from Rammelt).
23
     [15] Hamm Decl. Ex. I (Picciolini Dep. Notice).
24
     [16] Hamm Decl. Ex. J (Bluett Dep. Notice).
25
     [17] Hamm Decl. Ex. K (Butler Dep. Notice).
26   [18] Hamm Decl. Ex. L (Steele Dep. Notice).

27   [19] Hamm Decl. Ex. M (Lepe Dep. Notice).

     [20] Hamm Decl. Ex. N (Samarasinghe Dep. Notice).
28   [21] Hamm Decl. Ex. O (Kamangar Dep. Notice).

                                    4

378949.01

1   must be concluded."[22]  As a result, "[d]iscovery requests that call for responses or depositions

2   after the applicable discovery cut-off are not enforceable, except by order of the Court for good

3   cause shown."[23]  The Commentary to Civil Local Rule 26-2 provides the further, blunt reminder

4   that "[c]ounsel should initiate discovery requests and notice depositions sufficiently in advance

5   of the cut-off date to comply with this local rule."

6          Even though this Rule is clear, parties occasionally test it.  In *Miller v. International*

7   *Business Machines*, 2006 WL 1141090 (N.D. Cal. May 1, 2006), the plaintiff mailed a document

8   request on November 7, 2005, when the discovery cut-off date was November 18, 2005.  Citing

9   Rule 26-2, the Court noted that to be timely the "request would have to be mailed no later than

10  October 14, 2005."[24]  It then held that because the plaintiff "did not seek leave of the District

11  Court to propound discovery that called for responses after the cut-off date, [defendant] has no

12  obligation to respond to this untimely request." *Id.*  Similarly, in *Padgett v. City of Monte*

13  *Sereno*, 2006 WL 1141265, *1 (N.D. Cal. May 1, 2006) (Seeborg, M.J.), when the plaintiff

14  mailed discovery requests before the discovery cut-off but without providing time for responses,

15  the Court denied plaintiff's motion to compel "[i]n view of the fact that the responses to the

16  written discovery were not due until after the discovery cutoff."

17  **A.     American Blind has not complied with the Court's order requiring it to meet and
           confer and seek leave from the Court before serving discovery.**
18

19         Judge Fogel's June 23, 2006 order was clear: to serve additional discovery, a party must

20  meet and confer with the other side and, if that fails, seek "permission to conduct additional

21  discovery . . . from Magistrate Judge Seeborg."[25]  American Blind has defied this ruling.  It did

22  not meet and confer or seek the Court's permission before serving additional discovery.  Instead,

23  the next business day after the Court's order it, without any warning, served notices for the

24  _____

    [22] Civil L.R. 26-2.

25  [23] *Id.*

26  [24] *Miller*, 2006 WL 1141090, at *4.

27  [25] June 23 Order at 2; *see also* Hamm Decl. Ex. A (June 23 Tr.) at 3 ("If you want to initiate
    something that's not already in the pipeline, then you need to go to the magistrate judge and
28  show good cause.").

                                                    5

378949.01

1    depositions of Google's two founders. Two days later, again without meeting and conferring or

2    seeking leave from the Court, American Blind served RFAs on Google. Then, two days after

3    that, American Blind declared that the Court's "June 23rd order . . . does not provide any explicit

4    limitations on depositions or other discovery."[26]

5          Even now, American Blind is not seeking leave to file additional discovery; it instead

6    moves to compel discovery based on the erroneous premise that it was timely served (its Motion

7    is titled "Motion To Compel Google To Respond To Discovery Timely Served Given The

8    Current Cutoff Date of August 26, 2006"). American Blind should have sought leave from the

9    Court *before* serving the discovery. In *Miller*, when a party served discovery that called for

10   responses after the cutoff and then moved to compel, the Court simply ruled that the responding

11   party "has no obligation to respond to this untimely request" and denied the motion to compel.[27]

12   The Court should reach the same conclusion here. Since American Blind has failed to follow the

13   Civil Local Rules or the Court's June 23 Order, the Court should deny its motion to compel.

14   **B.      American Blind has not shown good cause for its late-served discovery.**

15          Although American Blind moves to compel discovery, rather than to serve additional

16   discovery, even if it had presented the latter motion, it would fail. American Blind has not

17   shown good cause for serving late discovery, as required by the Court's June 23 order and the

18   Civil Local Rules. Judge Fogel ordered that any late discovery must focus on matters "that

19   come[] up in completing the pending discovery that leads either party to think that there's

20   something further they need to do."[28] Further, before serving this discovery a party must show

21   "good cause."[29] As Judge Seeborg recently ruled, good cause "requires not only that there be

22   good reason for the questions in the abstract, but *good reasons that they could not have been*

23

24   _____

   [26] Hamm Decl. Ex. E (June 30 letter from Rammelt).

25   [27] *Miller*, 2006 WL 1141090, at *4; *see also Milt's Flying Service, Inc. v. AV Finance, Inc.*, 2002
     WL 31975066, at *3 (D. Or. Dec. 2, 2002) (the "Court did not even have to require Defendants
26   to respond to the Motion [to Compel]" made after close of discovery).

27   [28] Hamm Decl. Ex. A (June 23 Tr.) at 3.

28   [29] *Id.*; *see also* Civil L.R. 26-2.

                                            6

1   *propounded within the normal time requirements."*[30]

2       **1.    American Blind has not shown good cause for noticing the depositions of**
        **Google's presidents after the discovery cut-off.**
3

4       American Blind cannot show good cause for why it did not serve the notices for the

5   depositions of Mr. Page and Mr. Brin "within the normal time requirements."  American Blind

6   primarily argues that it should be allowed to take the depositions of Mr. Page and Mr. Brin now

7   because it was too busy to conduct discovery this spring due to the ownership and management

8   change at American Blind.  The Court already has considered and rejected this excuse when

9   American Blind moved to extend fact discovery.[31]  After considering American Blind's detailed

10  recitation of its supposed inability to conduct discovery, the Court extended fact discovery only

11  "to allow the parties to complete discovery, not to do new discovery."[32]  American Blind has not

12  requested leave to file a motion for reconsideration and thus should not be permitted to make this

13  argument anew.[33]  As a result, American Blind must show good cause—apart from any

14  _____

15  [30] *Padgett*, 2006 WL 1141265, *1 (emphasis added).

16  [31] In any case, American Blind's oft-repeated argument is based on the false claim that "during
    the two months leading up to the original close of discovery [sic], American Blind's sole focus"
17  was on its management change.  Mot. 2.  The truth is that during this time American Blind
    engaged in all manner of discovery, including scheduling depositions, taking a deposition,
18  appearing at Google's deposition of one its former employees, serving written discovery, and
    responding to written discovery.  For example, on April 18, American Blind requested that
    Google identify its remaining 30(b)(6) witnesses (Hamm Decl. ¶ 2); on April 26, American
19  Blind served an amended deposition notice and an amended version of its third set of document
    requests (Hamm Decl. Ex. P); on May 1, American Blind suggested that Google depose
20  American Blind's 30(b)(6) witness on June 6 (Hamm Decl. ¶ 3); on May 9, American Blind
    asked whether Google had produced certain documents (Hamm Decl. ¶ 4); on May 11, American
21  Blind inquired about scheduling the deposition of Rose Hagan on June 13 (Hamm Decl. ¶ 5); on
    May 17, American Blind complained that Google's timely objections to American Blind's third
22  set of document requests were untimely (Hamm Decl. ¶ 6); on May 18, American Blind deposed
    Google Rule 30(b)(6) designee Prashant Fuloria (Hamm Decl. ¶ 7); on May 26,
23
                    (Hamm Decl. Ex.Q); on June 9, American Blind served its responses
24  and objections to Google's second set of requests for admissions (Hamm Decl. Ex. R); on June
    19, American Blind served its responses and objections to Google's second set of requests for
25  production and second set of interrogatories (Hamm Decl. Exs. S and T); and on June 22,
    American Blind attended Google's deposition of William Smith (Declaration of Ajay S.
26  Krishnan, filed herewith, ¶ 2).

27  [32] Hamm Decl. Ex. A (June 23 Tr.) at 3.

28  [33] In fact, the Civil Local Rule regarding motions for reconsideration requires the sanctioning of

                                              7

378949.01

1    distractions caused by its management change—for its failure to take these depositions during

2    the more than one-year period in which discovery was open.

3         Neither can American Blind claim that it did not know about Mr. Page or Mr. Brin until

4    after it was too late to notice their depositions for dates within the discovery period.  Both

5    Google co-founders are celebrities in the business world, and American Blind itself

6    acknowledges that it listed both as people who "may have information that American Blind may

7    use to support its case" in its initial disclosures served more than a year ago, on April 27, 2005.[34]

8    Instead, American Blind claims that it delayed for more than a year out of respect for the rule

9    that it first confirm that Mr. Page and Mr. Brin have knowledge relevant to this lawsuit.

10   American Blind claims that a deposition on April 12, 2006 and another on May 18, 2006 first

11   revealed this knowledge.  And then—still needing to explain its more than one month of inaction

12   between May 18 and June 26—American Blind claims it took another five weeks from the

13   *second* deposition for American Blind to process the information and to conclude that it should

14   depose Mr. Page and Mr. Brin.[35]  This story has three huge flaws.

15        **First**, if the April and May depositions truly were the "eureka" moments that caused

16   American Blind to believe that Mr. Page and Mr. Brin have relevant knowledge, American Blind

17   could have made this determination during the April and May depositions.  American Blind's

18   lead trial counsel took the April and May depositions and even if American Blind's management

19   was busy with an ownership change, American Blind has offered no explanation about why its

20   lead trial counsel or other litigation counsel was so overwhelmed that it could not conduct this

21   analysis.[36]

22

23   a party who violates the prohibition against the repetition of "any oral or written argument made
     . . . in support of or in opposition to the interlocutory order which the party now seeks to have

24   reconsidered." Civil L.R. 7.9(c).

     [34] Hamm Decl. Ex. U at 5. These disclosures stated that Page and Brin have "knowledge
25   regarding Google's advertising policies, Google's corporate philosophy, pending litigation,
     advertising revenues, and profits[.]" *Id.*

26   [35] Mot. 3.

27   [36] American Blind states that it took another month after the second deposition to "review the
     information in the April and May depositions and determine that Messrs. Brin and Page have
28   information that was necessary for American Blind's defense." Mot. 3.  If this statement means

1    **Second**, emails produced by Google in October 2005, show that Mr. Page was copied on

2  emails, along with dozens of other people at Google, regarding the change to Google's trademark

3  policy.[37]  Indeed, American Blind itself has acknowledged that "Mr. Page's name is identified on

4  numerous documents that Google has produced."[38]  Thus, by American Blind's own admission,

5  it knew about (or should have known about) Mr. Page's limited involvement in the trademark

6  policy change before the close of discovery.  As a result, American Blind has not presented

7  "good reasons that the" notice for Mr. Page's deposition "could not have been propounded

8  within the normal time requirements."[39]

9    **Third**, American Blind has not shown that either Mr. Page or Mr. Brin "have some

10  unique knowledge pertinent to the issues" in this case, as it must do before gaining the right to

11  depose Google's co-presidents.[40]  The emails on which Mr. Page are copied include 47 other

12  recipients; American Blind cannot point to any pertinent emails listing Mr. Brin as a recipient.

13  Moreover, American Blind has made no showing that it has recently discovered information that

14  Mr. Brin possesses information relevant to this lawsuit.  To support its argument that it should

15  depose Mr. Brin, American Blind cites the following deposition testimony:

16

17

18

19

20

21

22  that American Blind's attorneys reviewed the transcript with American Blind's management,
then American Blind has violated the Protective Order since Google has designated the sections

23  of transcript at issue "Attorneys' Eyes Only."  If, on the other hand, only American Blind's
outside counsel conducted this review, there is no reason why outside counsel delayed for more

24  than a month before conducting the review.

25  [37] *See, e.g.,* Hamm Decl. Exs. V (GOOGLE 005127-GOOGLE 005128.), W (GOOGLE 004761-
GOOGLE 004762).

26  [38] Hamm Decl. Ex. E (June 30, 2006 letter from Rammelt).

27  [39] *Padgett*, 2006 WL 1141265, *1.

28  [40] *Consolidated Rail Corp. v. Primary Indus. Corp.*, 1993 WL 364471, *1 (S.D.N.Y. Sept. 10, 1993).

9

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO
COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF
DATE OF AUGUST 26, 2006
CASE NO. C 03-5340-JF (RS)

378949.01

1

2

3

4     If anything, this testimony reveals Mr. Brin's *lack* of knowledge about relevant events.

5          Nor can American Blind demonstrate that it has made an effort to exhaust other sources

6     for the information it seeks.  In fact, American Blind thus far has taken only one three-part Rule

7     30(b)(6) deposition of Google's corporate representatives.  Until August 7, 2006, it had not

8     noticed the individual deposition of *any* Google employees except for Mr. Page or Mr. Brin.[42]

9     Since American Blind has not made a showing that Mr. Page or Mr. Brin possess unique

10    knowledge unavailable from other sources, it cannot take their depositions.[43]

11         **2.    American Blind has not shown good cause for why it could not have served
            its RFAs earlier.**

12

13         American Blind does not attempt to show that it has good cause for serving its RFAs

14    more than a month too late.  Instead, it argues that responding to these RFAs will not prejudice

15    Google, even though it must show "good reasons" why it could not have served the RFAs

16    "within the normal time requirements."[44]  American Blind makes the vague allegation that

17    "Google has failed to respond to American Blind's correspondence regarding matters contained

18

19    [41] Mot. 3 (citing Declaration of Caroline C. Plater In Support of American Blind And Wallpaper
      Factory Inc.'s Motion To Compel Google To Respond To Discovery Timely Served Given The

20    Current Cutoff Date of August 26, 2006, Ex. M at 98:5-99:13).  Moreover, American Blind fails
      to complete its argument:  even if one or both gentlemen had unique information concerning

21    Google's decision to change its trademark policy, there is no showing that the reasons for that
      change have any bearing on this case.  Google's policy does, or does not, violate trademark law,

22    regardless of the process by which it was promulgated.

23    [42] In addition, once Google had identified Prashant Fuloria as a Rule 30(b)(6) deponent,
      American Blind served an individual deposition notice for him at the same date and time, under

24    the mistaken impression that doing so would double the federal 7-hour limitation.

25    [43] *Id; see also Mulvey v. Chrysler Corp.*, 106 F.R.D. 364, 366 (D.R.I. 1985); *Baine v. General
      Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Al. 1991); *Folwell v. Hernandez*, 210 F.R.D. 169, 174

26    (M.D.N.C. 2002); *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir.
      1989).  Moreover, American Blind acknowledges Google's right to "later seek a protective order

27    on the grounds that Messrs. Brin and Page are not subject to deposition in this case" and Google
      hereby reserves its right to do so.  Mot. 3 n. 1.

28    [44] *Padgett*, 2006 WL 1141265, *1.

                                        10
      ──────────────────────────────────────────────────────────
      GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO
      COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF
                          DATE OF AUGUST 26, 2006
                          CASE NO. C 03-5340-JF (RS)

1   in the requests for admission[.]"[45]  But this contention is not true, and American Blind provides

2   no support for it.  As a result, the Court should deny American Blind's motion to compel

3   responses to its late-served RFAs.

4         **3.**    **American Blind's additional deposition notices are improper.**

5       Since filing this motion, American Blind has attempted to cram seven more depositions

6   into the last week of the extended fact discovery period.  American Blind has not shown good

7   cause for why it did not serve these deposition notices "within the normal time requirements."[46]

8   Nor can it, since each of the seven individuals were listed on either American Blind's or

9   Google's initial disclosures, which the parties exchanged exactly 14 months before the June 27,

10  2006 close of discovery.[47]

11                    **IV.**    **CONCLUSION**

12      For the foregoing reasons, the Court should deny American Blind's motion to compel.

13  Dated:  August 16, 2006               KEKER & VAN NEST, LLP

14

15

                                  By:  /s/  Klaus H. Hamm

16                                        KLAUS H. HAMM

17                                        Attorneys for Plaintiff and Counter Defendant
                                          GOOGLE INC.

18

19

20

21

22

23

24  [45] Mot. 4.

25  [46] *Padgett*, 2006 WL 1141265, *1.

    [47] Hamm Decl. Exs. U (American Blind's Initial Disclosures), X (Google's Initial Disclosures).

26

27

28

GOOGLE INC.'S OPPOSITION TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S MOTION TO
COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF
DATE OF AUGUST 26, 2006
CASE NO. C 03-5340-JF (RS)

378949.01