# EXHIBIT M

Dockets.Justia.com

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
12

13 GOOGLE INC., a Delaware corporation,          Case No. C 03-5340-JF (RS)

14         Plaintiff,                            **NOTICE OF DEPOSITION OF
                                                BISMARK LEPE**
15         v.

16 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18
           Defendants.
19
   AMERICAN BLIND & WALLPAPER
20 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.,
21
           Counter-Plaintiff,
22
           v.
23
   GOOGLE, INC.,
24         Counter-Defendants.

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/211773.1

1     PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2   BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3   & Warren LLP, will take the deposition upon oral examination of **Bismark Lepe**, on August 24,

4   2006, at 9:00 a.m., continuing day-to-day until completed, at the offices of HOWREY SIMON

5   ARNOLD & WHITE, LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105, (415) 848-

6   4900.

7     The deposition will be held before a Notary Public or before some other person

8   authorized by law to administer oaths and will be recorded stenographically in accordance with

9   Federal Rule 30.

10

Dated: August 7, 2006                                    KELLEY DRYE & WARREN LLP

11

12

13

14                                                       By: _____

15                                                       David A. Rammelt
                                                         Susan J. Greenspon
16                                                       KELLEY DRYE & WARREN LLP
                                                         333 West Wacker Drive, Suite 2600
17                                                       Chicago, IL 60606
                                                         Telephone: (312) 857-7070
18                                                       Facsimile: (312) 857-7095

19                                                       Robert N. Phillips
                                                         Ethan B. Andelman
20                                                       HOWREY SIMON ARNOLD & WHITE, LLP
                                                         525 Market Street, Suite 3600
21                                                       San Francisco, CA 94105
                                                         Telephone: (415) 848-4900
22                                                       Facsimile: (415) 848-4999

23                                                       Attorneys for Defendant/Counter-Plaintiff
                                                         AMERICAN BLIND AND WALLPAPER
24                                                       FACTORY, INC.

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606          CH01/PLATC/211773.1                    - 2 -

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

**NOTICE OF DEPOSITION OF BISMARK LEPE**

**XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

Michael H. Page
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Facsimile: (415) 397-7188

Executed on August 7, 2006, at Chicago, Illinois. I declare under penalty of perjury under the applicable laws that the above is true and correct.

_Caroline C. Plater_
Caroline C. Plater

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/211773.1                    - 3 -

# EXHIBIT N

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA  94105
   Telephone:  (415) 848-4900
4  Facsimile:  (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL  60606
   Telephone:  (312) 857-7070
8  Facsimile:  (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                     UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF CALIFORNIA
12

13 GOOGLE INC., a Delaware corporation,        Case No. C 03-5340-JF (RS)

14            Plaintiff,                        **NOTICE OF DEPOSITION OF
                                               LASHIKA SAMARASINGHE**
15       v.

16 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18
              Defendants.
19 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
20 d/b/a decoratetoday.com, Inc.,

21            Counter-Plaintiff,

22       v.

23 GOOGLE, INC.,
              Counter-Defendants.
24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL  60606     CH01/PLATC/211775.1

1        PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2    BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3    & Warren LLP, will take the deposition upon oral examination of **Leshika Samarasinghe**, on

4    August 25, 2006, at 9:00 a.m., continuing day-to-day until completed, at the offices of HOWREY

5    SIMON ARNOLD & WHITE, LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105,

6    (415) 848-4900.

7        The deposition will be held before a Notary Public or before some other person

8    authorized by law to administer oaths and will be recorded stenographically in accordance with

9    Federal Rule 30.

10   Dated: August 7, 2006                                       KELLEY DRYE & WARREN LLP

11

12

13

14   By: _____

15   David A. Rammelt
     Susan J. Greenspon
16   KELLEY DRYE & WARREN LLP
     333 West Wacker Drive, Suite 2600
17   Chicago, IL 60606
     Telephone: (312) 857-7070
18   Facsimile: (312) 857-7095

19   Robert N. Phillips
     Ethan B. Andelman
20   HOWREY SIMON ARNOLD & WHITE, LLP
     525 Market Street, Suite 3600
21   San Francisco, CA 94105
     Telephone: (415) 848-4900
22   Facsimile: (415) 848-4999

23   Attorneys for Defendant/Counter-Plaintiff
     AMERICAN BLIND AND WALLPAPER
24   FACTORY, INC.

25

26

27

28

1

**PROOF OF SERVICE**

2      I am a citizen of the United States and a resident of the State of Illinois. I am employed in

3 Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose
direction the service was made. I am over the age of eighteen years, and not a party to the within

4 action. My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the
date set forth below, I served the document(s) described below in the manner described below:

5

6      **NOTICE OF DEPOSITION OF LESHIKA SAMARASINGHE**

7      **XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice
of Kelley Drye & Warren, LLP for collection and processing of document(s) to be

8 transmitted by facsimile and I caused such document(s) on this date to be transmitted by

9 facsimile to the offices of addressee(s) at the numbers listed below.

10 Michael H. Page
Klaus H. Hamm

11 Ajay S. Krishnan
Keker & Van Nest, LLP

12 710 Sansome Street

13 San Francisco, CA 94111
Facsimile: (415) 397-7188

14

15      Executed on August 7, 2006, at Chicago, Illinois. I declare under penalty of
perjury under the applicable laws that the above is true and correct.

16

17

18      _Caroline Plater_

19 Caroline C. Plater

20

21

22

23

24

25

26

27

28

# EXHIBIT O

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11              UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA

13 GOOGLE INC., a Delaware corporation,          Case No. C 03-5340-JF (RS)

14              Plaintiff,                        **NOTICE OF DEPOSITION OF**
                                                 **SALAR KAMANGAR**
15        v.

16 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18
                Defendants.
19
   AMERICAN BLIND & WALLPAPER
20 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.,
21
                Counter-Plaintiff,
22
          v.
23
   GOOGLE, INC.,
24              Counter-Defendants.

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606    CH01/RAMMD/211831.1

1    PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2    BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3    & Warren LLP, will take the deposition upon oral examination of **Salar Kamangar**, on August

4    25, 2006, at 9:00 a.m., continuing day-to-day until completed, at the offices of HOWREY

5    SIMON ARNOLD & WHITE, LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105,

6    (415) 848-4900.

7        The deposition will be held before a Notary Public or before some other person

8    authorized by law to administer oaths and will be recorded stenographically in accordance with

9    Federal Rule 30.

10

11   Dated: August 8, 2006                    KELLEY DRYE & WARREN LLP

12

13

14                              By: David Rammelt /std

15                                  David A. Rammelt
16                                  Susan J. Greenspon
                                    KELLEY DRYE & WARREN LLP
17                                  333 West Wacker Drive, Suite 2600
                                    Chicago, IL 60606
18                                  Telephone: (312) 857-7070
                                    Facsimile: (312) 857-7095
19
                                    Robert N. Phillips
20                                  Ethan B. Andelman
                                    HOWREY SIMON ARNOLD & WHITE,
21                                  LLP
                                    525 Market Street, Suite 3600
22                                  San Francisco, CA 94105
                                    Telephone: (415) 848-4900
23                                  Facsimile: (415) 848-4999

24                                  Attorneys for Defendant/Counter-Plaintiff
                                    AMERICAN BLIND AND WALLPAPER
25                                  FACTORY, INC.

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/RAMMD/211831.1                    - 2 -

1

## PROOF OF SERVICE

2

3

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, my business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

4

5

6

## NOTICE OF DEPOSITION OF SALAR KAMANGAR

7

**XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

8

9

10

Michael H. Page
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Facsimile: (415) 397-7188

11

12

13

14

15

Executed on August 8, 2006, at Chicago, Illinois. I declare under penalty of perjury under the applicable laws that the above is true and correct.

16

17

18

_Susannah Dunlap_
Susannah Dunlap

19

20

21

22

23

24

25

26

27

28

# EXHIBIT P

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA  94105
   Telephone:  (415) 848-4900
4  Facsimile:  (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  Dawn M. Beery (Admitted *Pro Hac Vice*)
   KELLEY DRYE & WARREN LLP
7  333 West Wacker Drive, Suite 2600
   Chicago, IL  60606
8  Telephone:  (312) 857-7070
   Facsimile:  (312) 857-7095

9

   Attorneys for Defendant/Counter-Plaintiff
10 AMERICAN BLIND AND WALLPAPER
   FACTORY, INC.
11

                   UNITED STATES DISTRICT COURT
12                 NORTHERN DISTRICT OF CALIFORNIA

13 GOOGLE INC., a Delaware corporation,          Case No. C 03-5340-JF (RS)

14              Plaintiff,                        **AMENDED NOTICE OF DEPOSITION
                                                  AND DOCUMENT REQUESTS**
15       v.

16 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18

19              Defendants.

20 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
21 d/b/a decoratetoday.com, Inc.,

22              Counter-Plaintiff,

23       v.

24 GOOGLE, INC., AMERICA ONLINE, INC.,
   NETSCAPE COMMUNICATIONS
25 CORPORATION, COMPUSERVE
   INTERACTIVE SERVICES, INC., ASK
26 JEEVES, INC., and EARTHLINK, INC.

27              Counter-Defendants/
                Third-Party Defendants
28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606     CH01/PLATC/208493.1

1           PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2    BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3    & Warren LLP, will take the deposition upon oral examination of **Prashant Fuloria**, on May 18,

4    2006, at 9:00 a.m., continuing day-to-day until completed, at the offices of HOWREY SIMON

5    ARNOLD & WHITE, LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105, (415) 848-

6    4900.

7           The deposition will be held before a Notary Public or before some other person

8    authorized by law to administer oaths and will be recorded stenographically in accordance with

9    Federal Rule 30.

10           All documents requested in connection herewith must be produced to the offices of

11    Kelley Drye & Warren LLP, 333 West Wacker Drive, Suite 2600, Chicago, Illinois 60606,

12    attention David Rammelt, seven (7) days prior to the deposition date.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/208493.1    - 2 -

## Document Requests

1.     All documents relating to modifications, including any analysis, consideration or contemplation of modifications, to Google's trademark policy on or about 2004, including without limitation all documents generated in connection with, further to, or that reflect any ad hoc team(s) assembled to analyze or consider Google's trademark policies.

2.     All documents concerning user surveys or experiments conducted by Google or at its direction that relate, either directly or indirectly, to user confusion in connection with Google's search engine or AdWords program.

3.     All documents that relate to any changes to Google's "Keyword Suggestion Tool", including the name change to "Keyword Tool".

4.     All documents relating to the financial impact of any modification to Google's trademark policy, including without limitation any analysis performed by Google or at its direction relating to revenues, profits, return on investment (ROI), or any other financial matter or issue pertaining to Google or Google's customers in connection with the modification, or proposed modification, to Google's trademark policy on or about 2004.

5.     All documents relating to any analysis performed by Google or at its direction relating to the blocking or disapproval of Keywords by potential advertisers because such Keywords constituted, or were alleged to constitute, trademarks.

6.     All documents that relate to the number of terms that Google had reason to believe were trademarks that were for this reason blocked or disapproved for use as Keywords in connection with the AdWords advertising program for each year from 2000 to the present.

7.     All documents that relate to the policy reasons concerning Google's trademark policy in effect until it was modified in or about 2004.

8.     All documents relating to the list of terms being "monitored" by Google for trademark reasons for each year from 2000 to the present.

9.     All documents relating to the public announcement by Google of the modification to its trademark policy on our about 2004, including communications with customers or partners, such as eBay, or the media concerning the modification to Google's trademark policy on or about April 2004.

1
2
3    Dated: April 26, 2006

KELLEY DRYE & WARREN LLP

4
5
6

By: _____

7
8    David A. Rammelt
     Susan J. Greenspon
     Dawn M. Beery
9    KELLEY DRYE & WARREN LLP
     333 West Wacker Drive, Suite 2600
10   Chicago, IL 60606
     Telephone: (312) 857-7070
11   Facsimile: (312) 857-7095

12   Robert N. Phillips
     Ethan B. Andelman
13   HOWREY SIMON ARNOLD & WHITE, LLP
     525 Market Street, Suite 3600
14   San Francisco, CA 94105
     Telephone: (415) 848-4900
15   Facsimile: (415) 848-4999

16   Attorneys for Defendant/Counter-Plaintiff
     AMERICAN BLIND AND WALLPAPER
17   FACTORY, INC.

18
19
20
21
22
23
24
25
26
27
28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/208493.1                      - 4 -

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

## AMENDED NOTICE OF DEPOSITION AND DOCUMENT REQUESTS

**XX**   (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

Michael H. Page
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Facsimile: (415) 397-7188

Executed on April 26, 2006, at Chicago, Illinois. I declare under penalty of perjury under the applicable laws that the above is true and correct.

Caroline C. Plater

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/208493.1                    - 5 -

# EXHIBIT Q

MANUAL FILING NOTIFICATION


Regarding Exhibit Q to the DECLARATION OF KLAUS H. HAMM IN SUPPORT OF GOOGLE'S OPPOSITION TO AMERICAN BLIND & WALLPAPER FACTORY, INC.'S MOTION TO COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF DATE OF AUGUST 26, 2006.

This filing is in paper form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly.

This document was not electronically filed because it is under seal.

376905.01

# EXHIBIT R

1   Robert N. Phillips (SBN 120970)
    Ethan B. Andelman (SBN 209101)
2   HOWREY SIMON ARNOLD & WHITE, LLP
    525 Market Street, Suite 3600
3   San Francisco, CA  94105
    Telephone:  (415) 848-4900
4   Facsimile:  (415) 848-4999

5   David A. Rammelt (Admitted *Pro Hac Vice*)
    Susan J. Greenspon (Admitted *Pro Hac Vice*)
6   Dawn M. Beery (Admitted *Pro Hac Vice*)
    KELLEY DRYE & WARREN LLP
7   333 West Wacker Drive, Suite 2600
    Chicago, IL  60606
8   Telephone:  (312) 857-7070
    Facsimile:  (312) 857-7095

9
    Attorneys for Defendant/Counter-Plaintiff
10  AMERICAN BLIND AND WALLPAPER
    FACTORY, INC.
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15  GOOGLE INC., a Delaware corporation,        CASE NO. C 03-5340-JF (EAI)

16              Plaintiff,

17       v.                                      **AMERICAN BLIND & WALLPAPER
                                                 FACTORY, INC.'S RESPONSES TO
18  AMERICAN BLIND AND WALLPAPER                 GOOGLE INC.'S SECOND SET OF
    FACTORY, INC., a Delaware corporation        REQUESTS FOR ADMISSION**
19  d/b/a decoratetoday.com, Inc.; and DOES
    1-100, inclusive,

20
                Defendants.
21
    AMERICAN BLIND & WALLPAPER
22  FACTORY, INC., a Delaware corporation
    d/b/a decoratetoday.com, Inc.
23
                Counterclaimant,
24
         v.
25
    GOOGLE INC.,
26              Counterdefendants
27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606      CH01/PLATC/209902.2

1    PROPOUNDING PARTY:    PLAINTIFF GOOGLE INC.

2    RESPONDING PARTY:    DEFENDANT/COUNTER-PLAINTIFF AMERICAN BLIND &
                          WALLPAPER FACTORY, INC.
3

4    SET NUMBER:    TWO

5         Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc.

6    ("American Blind") hereby answers Plaintiff Google Inc.'s ("Google") Second Set Of Requests

7    For Admission To American Blind & Wallpaper Factory, Inc. as follows:

8    **REQUEST FOR ADMISSION NO. 1:**

9
          Admit that AMERICAN BLIND has produced to Google all non-privileged
10
     documents in its possession, custody, or control constituting or referring to any communications
11
     or analysis of the names or trademarks it uses or has considered using in communications with
12
     customers or potential customers or potential customers (including but not limited to
13
     advertisements and information on AMERICAN BLIND's website(s)) to refer to AMERICAN
14
     BLIND's retail business.
15
          **RESPONSE:** Denied.  Answering further, American Blind objects to this request
16
     for admission as premature.  American Blind is its in the process of compiling additional
17
     documents for production to Google the week of June 12, 2006.  American Blind further objects
18
     to this request because it is vague, ambiguous, overly broad and unduly burdensome, and not
19
     reasonably calculated to lead to the discovery or admissible evidence.  Literally interpreted, a
20
     request for "any communications ... of the names ... it uses ... in communications with
21
     customers ....." would call for the production of every document sent to a customer or potential
22
     customers since all, or virtually all, such communications would include the company logo and
23
     name.  Such a request is either indecipherable or so broad as to be absurd.
24
     **REQUEST FOR ADMISSION NO. 2:**
25
          Admit that, apart from any expert opinion(s) commissioned or prepared for the
26
     purpose of this litigation, American Blind has never commissioned or performed any studies or
27
     surveys of consumer perception or consumer recognition of the AMERICAN BLIND MARKS.
28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209902.2                    - 2 -

1    **RESPONSE:** Denied.

2

3    Dated: June 9, 2006                              KELLEY DRYE & WARREN LLP

4

5

6    By: _____

7    David A. Rammelt
     Susan J. Greenspon
8    Dawn M. Beery
     KELLEY DRYE & WARREN LLP
9    333 West Wacker Drive, Suite 2600
     Chicago, IL 60606

10   Robert N. Phillips
     Ethan B. Andelman
11   HOWREY SIMON ARNOLD &
     WHITE, LLP
12   525 Market Street, Suite 3600
     San Francisco, CA 94105
13   Telephone: (415) 848-4900
     Facsimile: (415) 848-4999
14

15   Attorneys for Defendant/Counter-
     Plaintiff AMERICAN BLIND
16   AND WALLPAPER FACTORY,
     INC.

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209902.2                          - 3 -

1

2

## PROOF OF SERVICE

3

4

5

6

I am a citizen of the United States and a resident of the State of Illinois.  I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made.  I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606.  On the date set forth below, I served the document(s) described below in the manner described below:

7

**AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S RESPONSE TO PLAINTIFF GOOGLE INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

8

**VIA FACSIMILE and U.S. MAIL**

9

10

11

12

13

Michael H. Page
Mark A. Lemley
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

14

15

16

17

18

19

20

21

22

**XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

(BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

**XX**    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Chicago, Illinois.

Executed on June 9, 2006, at Chicago, Illinois.

23

24

Caroline C. Plater

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209902.2                    - 4 -

# EXHIBIT S

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  Dawn M. Beery (Admitted *Pro Hac Vice*)
   KELLEY DRYE & WARREN LLP
7  333 West Wacker Drive, Suite 2600
   Chicago, IL 60606
8  Telephone: (312) 857-7070
   Facsimile: (312) 857-7095
9
   Attorneys for Defendant/Counter-Plaintiff
10 AMERICAN BLIND AND WALLPAPER
   FACTORY, INC.
11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15  GOOGLE INC., a Delaware corporation,       CASE NO. C 03-5340-JF (EAI)

16              Plaintiff,

17       v.                                     **AMERICAN BLIND & WALLPAPER
                                                FACTORY, INC.'S RESPONSES TO**
18  AMERICAN BLIND AND WALLPAPER               **GOOGLE INC.'S SECOND SET OF**
    FACTORY, INC., a Delaware corporation       **REQUESTS FOR PRODUCTION OF**
19  d/b/a decoratetoday.com, Inc.; and DOES     **DOCUMENTS AND THINGS**
    1-100, inclusive,
20
                Defendants.
21
    AMERICAN BLIND & WALLPAPER
22  FACTORY, INC., a Delaware corporation
    d/b/a decoratetoday.com, Inc.
23
                Counterclaimant,
24
         v.
25
    GOOGLE INC.,
26              Counterdefendants.

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1

1   NOW COMES Defendant/Counter-Plaintiff, AMERICAN BLIND &

2 WALLPAPER FACTORY, INC., by and through its attorneys, KELLEY DRYE & WARREN

3 LLP, and in response to Plaintiff's Second Set of Requests for Production of Documents and

4 Things, states as follows:

5   **REQUEST FOR PRODUCTION NO. 1:**

6

7   All DOCUMENTS RELATING TO analysis or quantification of internet traffic to

8 any AMERICAN BLIND DOMAIN NAME.

9   **RESPONSE:** American Blind objects to this request because it is vague, over

10 broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

11

12 American Blind also objects to this request to the extent that it calls for the production of

13 documents protected by the attorney client privilege or the attorney work product doctrine.

14 Subject to and without waiving these objections, American Blind states that it has produced and

15 will produce responsive documents in it possession regarding the analysis or quantification of

16 internet traffic to any American Blind Domain Name.

17

18   **REQUEST FOR PRODUCTION NO. 2:**

19   All DOCUMENTS RELATING TO strategies and/or methods for increasing

20 internet traffic to any AMERICAN BLIND WEBSITE.

21   **RESPONSE:** American Blind objects to this request because it is vague, over

22 broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

23 American Blind also objects to this request to the extent that it calls for the production of

24 documents protected by the attorney client privilege or the attorney work product doctrine.

25 Subject to and without waiving these objections, American Blind states that it will produce any

26 responsive documents in its possession regarding strategies and/or methods for increasing internet

27 traffic to any American Blind Website.

28

1

## REQUEST FOR PRODUCTION NO. 3:

2

3

All DOCUMENTS RELATING TO strategies and/or methods for advertising with

search engines.

4

**RESPONSE:** American Blind objects to this request because it is vague, over

5

broad and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

6

American Blind also objects to this request to the extent that it calls for the production of

7

documents protected by the attorney client privilege or the attorney work product doctrine.

8

Subject to and without waiving these objections, American Blind states that it will produce any

9

responsive documents in its possession regarding strategies and/or methods for advertising with

10

search engines.

11

## REQUEST FOR PRODUCTION NO. 4:

12

13

All DOCUMENTS RELATING TO AMERICAN BLIND's valuation of internet

14

traffic to any AMERICAN BLIND WEBSITE, including but not limited AMERICAN BLIND's

15

valuation of CLICKS.

16

**RESPONSE:** American Blind objects to this request because it is over broad,

17

unduly burdensome and not reasonably calculated to lead to the discovery of relevant or

18

admissible evidence.  American Blind also objects to this request to the extent that it calls for the

19

production of documents protected by the attorney client privilege or the attorney work product

20

doctrine.  Subject to and without waiving these objections, American Blind states that it will

21

produce any responsive documents in its possession regarding valuation of internet traffic to any

22

of its websites.

23

## REQUEST FOR PRODUCTION NO. 5:

24

25

All DOCUMENTS RELATING TO each and every instance where AMERICAN

26

BLIND has set its maximum cost-per-click for each DISPUTED KEYWORD in GOOGLE's

AdWords program.

27

**RESPONSE:** American Blind objects to this request because it is over broad,

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1                                     - 3 -

1  unduly burdensome and not reasonably calculated to lead to the discovery of relevant or

2  admissible evidence. American Blind also objects to this request to the extent that it calls for the

3  production of documents protected by the attorney client privilege or the attorney work product

4  doctrine. Subject to and without waiving these objections, American Blind states that it has

5  produced and will produce responsive documents in its possession regarding American Blind's

6  maximum cost-per-click for each disputed keyword in Google's AdWords program.

### REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS RELATING TO each and every instance where AMERICAN

BLIND has set its maximum cost-per-click for each DISPUTED KEYWORD in any Internet

search engine advertising program.

**RESPONSE:** American Blind objects to this request because it is over broad,

unduly burdensome and not reasonably calculated to lead to the discovery of relevant or

admissible evidence. American Blind also objects to this request to the extent that it calls for the

production of documents protected by the attorney client privilege or the attorney work product

doctrine. Subject to and without waiving these objections, American Blind states that it will

produce any responsive documents in its possession regarding American Blind's maximum cost-

per-click for each disputed keyword in any internet search engine advertising program.

### REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS RELATING TO each and every instance where AMERICAN

BLIND has set its maximum daily budget for each of its advertising campaigns in GOOGLE's

AdWords program that include any DISPUTED KEYWORD.

**RESPONSE:** American Blind objects to this request because it is over broad,

unduly burdensome and not reasonably calculated to lead to the discovery of relevant or

admissible evidence. American Blind also objects to this request to the extent that it calls for the

production of documents protected by the attorney client privilege or the attorney work product

doctrine. Subject to and without waiving these objections, American Blind states that it will

produce any responsive documents in its possession regarding American Blind's maximum daily

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1                                    - 4 -

budget for each of its advertising campaigns in Google's AdWords program that include any disputed keyword.

## REQUEST FOR PRODUCTION NO. 8:

All DOCUMENTS RELATING TO AMERICAN BLIND's expenditures on developing and maintaining each AMERICAN BLIND WEBSITE.

**RESPONSE:** American Blind objects to this request because it is vague, over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it has produced and will produce responsive documents in its possession regarding American Blind's expenditures on developing and maintaining its websites.

## REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS RELATING TO AMERICAN BLIND's return on investment for search engine advertising, including but not limited to advertising with GOOGLE.

**RESPONSE:** American Blind objects to this request because it is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or admissible evidence. American Blind also objects to this request to the extent that it calls for the production of documents protected by the attorney client privilege or the attorney work product doctrine. Subject to and without waiving these objections, American Blind states that it will produce any responsive documents in its possession regarding American Blind's return on investment for search engine advertising, including but not limited to advertising with Google.

## REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS RELATING TO AMERICAN BLIND's use of the marks "American Blind" or "American Blinds," as STAND-ALONE MARKS, in connection with AMERICAN BLIND's sale of products or services.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1                                    - 5 -

1  **RESPONSE**: American Blind objects to this request because it is vague, over

2  broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

3  American Blind also objects to this request to the extent that it calls for the production of

4  documents protected by the attorney client privilege or the attorney work product doctrine.

5  Subject to and without waiving these objections, American Blind states that it has produced all

6  responsive documents to this request.

7  **REQUEST FOR PRODUCTION NO. 11:**

8
9  All DOCUMENTS RELATING TO AMERICAN BLIND's decisions to use

10  www.decoratetoday.com as the destination to which most, if not all, AMERICAN BLIND

    WEBSITES refer visitors.

11
12  **RESPONSE**: American Blind objects to this request because it is vague, over

13  broad, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

14  American Blind also objects to this request to the extent that it calls for the production of

15  documents protected by the attorney client privilege or the attorney work product doctrine.

16  Subject to and without waiving these objections, American Blind states that it has produced and

17  will produce responsive documents in it possession to this request.

18  **REQUEST FOR PRODUCTION NO. 12:**

19  All DOCUMENTS RELATING TO AMERICAN BLIND's decision to use the

20  phrase "American Blinds, Wallpaper & More" to refer to AMERICAN BLIND on the cover of

21  some, if not all, of AMERICAN BLIND's customer catalogs.

22  **RESPONSE**: American Blind objects to this request because it is over broad,

23  unduly burdensome and not reasonably calculated to lead to the discovery of relevant or

24  admissible evidence.  American Blind also objects to this request to the extent that it calls for the

25  production of documents protected by the attorney client privilege or the attorney work product

26  doctrine.  Subject to and without waiving these objections, American Blind states that it has

27  produced and will produce responsive documents in its possession regarding American Blind's

28  decision to use the phrase "American Blinds, Wallpaper & More" to refer to American Blind on

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1                                      - 6 -

1    the cover of some, if not all, of American Blind's customer catalogs; see also, American Blind's

2    Answer to Google's Second Set of Interrogatories, Interrogatory No.1.

3

4    Dated: June 19, 2006

KELLEY DRYE & WARREN LLP

By: _____

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Robert N. Phillips
Ethan B. Andelman
HOWREY SIMON ARNOLD &
WHITE, LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendant/Counter-
Plaintiff AMERICAN BLIND
AND WALLPAPER FACTORY,
INC.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209903.1

- 7 -

1

2

## PROOF OF SERVICE

3

4

5

6

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

7

8

9

**AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S RESPONSES TO PLAINTIFF GOOGLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**
<u>**VIA FACSIMILE and U.S. MAIL**</u>

10

11

12

13

Michael H. Page
Mark A. Lemley
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

14

15

16

**XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

17

18

19

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

(BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

20

21

22

23

**XX**    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Chicago, Illinois.
Executed on June 19, 2006, at Chicago, Illinois.

24

Caroline C. Plater

25

26

27

28

# EXHIBIT T

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA  94105
   Telephone:  (415) 848-4900
4  Facsimile:  (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  Dawn M. Beery (Admitted *Pro Hac Vice*)
   KELLEY DRYE & WARREN LLP
7  333 West Wacker Drive, Suite 2600
   Chicago, IL  60606
8  Telephone:  (312) 857-7070
   Facsimile:  (312) 857-7095

9
   Attorneys for Defendant/Counter-Plaintiff
10 AMERICAN BLIND AND WALLPAPER
   FACTORY, INC.

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15 GOOGLE INC., a Delaware corporation,        CASE NO. C 03-5340-JF (EAI)

16              Plaintiff,

17      v.                                      **AMERICAN BLIND & WALLPAPER**
                                                **FACTORY, INC.'S ANSWER TO**
18 AMERICAN BLIND AND WALLPAPER                 **GOOGLE INC.'S SECOND SET OF**
   FACTORY, INC., a Delaware corporation        **INTERROGATORIES**
19 d/b/a decoratetoday.com, Inc.; and DOES
   1-100, inclusive,

20
                Defendants.
21
   AMERICAN BLIND & WALLPAPER
22 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.
23
                Counterclaimant,
24
        v.
25
   GOOGLE INC.,
26              Counterdefendants.

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606     CH01/PLATC/209901.1

1    NOW COMES Defendant/Counter-Plaintiff, AMERICAN BLIND &

2  WALLPAPER FACTORY, INC., by and through its attorneys, KELLEY DRYE & WARREN

3  LLP, and in response to Plaintiff's Interrogatories, states as follows:

4  **INTERROGATORY NO. 1:**

5

6    For each name that AMERICAN BLIND has used, in communications with

7  customers and/or potential customers, to refer to its retail business, STATE the name that was

8  used, the dates the AMERICAN BLIND began and ceased using the name, and the reasons for

9  adopting and ceasing to use each name.

10    **ANSWER:**    American Blind objects to this interrogatory because it is over

11  broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant or

12  admissible evidence.  American Blind also objects to this request to the extent that it calls for the

13  production of documents protected by the attorney client privilege or the attorney work product

14  doctrine.  Subject to and without waiving these objections, American Blind states that the name

15  changes that American Blind has undergone reflect the changes in the products being sold by

16  American Blind at any given time and changes in the marketplace in general.  By way of

17  example, as the company expanded from selling window treatments to selling wall coverings and

18  window treatments, the name was changed from "American Blind" to "American Blind and

19  Wallpaper Factory."  When the company decided to expand its product offerings to include light

20  fixtures, pictures and throw rugs, the company changed its name to "American Blind &

21  Wallpaper & More."  During the late 1990's, the company changed its corporate name to

22  "decoratetoday.com" to include additional products and services then being offered by the

23  Company and to evidence its strong internet presence.  It was subsequently determined that

24  customers identified with the "American Blind" names too strongly to fully cross over to the

25  "decoratetoday.com" brand name as the sole brand name.  As a result, the name was changed

26  back to "American Blind, Wallpaper & More" to incorporate the "American Blind" names while

27  signifying that the company sold more than window treatments and wall coverings.  American

28  Blind refers to documents Bates range ABWF 003054-003772 for a complete list of all the names

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209901.1                    - 2 -

1    under which American Blind has done business, including corporate minutes regarding name

2    changes, corporate name change information and assumed name filings.

3

4    Dated:  June 19, 2006                                    KELLEY DRYE & WARREN LLP

5

6

7                                                            By: _____

8                                                            David A. Rammelt
                                                             Susan J. Greenspon
9                                                            Dawn M. Beery
                                                             KELLEY DRYE & WARREN LLP
10                                                           333 West Wacker Drive, Suite 2600
                                                             Chicago, IL  60606
11
                                                             Robert N. Phillips
12                                                           Ethan B. Andelman
                                                             HOWREY SIMON ARNOLD &
13                                                           WHITE, LLP
                                                             525 Market Street, Suite 3600
14                                                           San Francisco, CA  94105
                                                             Telephone:  (415) 848-4900
15                                                           Facsimile:  (415) 848-4999

16                                                           Attorneys for Defendant/Counter-
                                                             Plaintiff AMERICAN BLIND
17                                                           AND WALLPAPER FACTORY,
                                                             INC.

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209901.1                          - 3 -

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

**AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S ANSWER TO PLAINTIFF GOOGLE INC.'S SECOND SET OF INTERROGATORIES VIA FACSIMILE and U.S. MAIL**

Michael H. Page
Mark A. Lemley
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

**XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

(BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

**XX**    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Chicago, Illinois. Executed on June 19, 2006, at Chicago, Illinois.

_Caroline C. Plater_
Caroline C. Plater

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/209901.1                                    - 4 -

# EXHIBIT U

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA  94105
   Telephone:  (415) 848-4900
4  Facsimile:  (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  Dawn M. Beery (Admitted *Pro Hac Vice*)
   KELLEY DRYE & WARREN LLP
7  333 West Wacker Drive, Suite 2600
   Chicago, IL  60606
8  Telephone:  (312) 857-7070
   Facsimile:  (312) 857-7095

9

   Attorneys for Defendant/Counter-Plaintiff
10 AMERICAN BLIND AND WALLPAPER
   FACTORY, INC.

11

12                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA

13 GOOGLE INC., a Delaware corporation,          Case No. C 03-5340-JF (EAI)

14              Plaintiff,
                                                 **AMERICAN BLIND & WALLPAPER**
15      v.                                       **FACTORY, INC.'S INITIAL**
                                                 **DISCLOSURES PURSUANT TO**
16 AMERICAN BLIND & WALLPAPER                    **FEDERAL RULE OF CIVIL**
   FACTORY, INC., a Delaware corporation         **PROCEDURE 26**
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18
                Defendants.
19

20 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
21 d/b/a decoratetoday.com, Inc.,

22              Counter-Plaintiff,

23      v.

24 GOOGLE, INC., AMERICA ONLINE, INC.,
   NETSCAPE COMMUNICATIONS
25 CORPORATION, COMPUSERVE
   INTERACTIVE SERVICES, INC., ASK
26 JEEVES, INC., and EARTHLINK, INC.

27              Counter-Defendants/
                Third-Party Defendants
28

HOWREY
SIMON
ARNOLD &
WHITE, LLP

AMERICAN BLIND'S INITIAL DISCLOSURES

1    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff

2    American Blind & Wallpaper Factory, Inc. ("American Blind") hereby makes the following Initial

3    Disclosures as follows:

## GENERAL OBJECTIONS

6    1.   The following disclosures are based upon information reasonably available to, and currently

7    in the possession, custody or control of, American Blind.  To the best of American Blind's knowledge,

8    information and belief, these disclosures are complete and correct as of the date they are made.

9    American Blind anticipates that it will obtain additional facts, identify additional persons who may

10   have knowledge relevant to the issues in this action, and identify additional documents relevant to the

11   factual disputes in this action through their continuing pre-trial research, investigation and analysis and

12   through discovery of Plaintiff/Counter-Defendant Google, Inc., the Third-Party Defendants, and/or

13   other third parties.  American Blind expressly reserves its rights:  (a) to make subsequent revision,

14   supplementation or amendment to these disclosures based upon any information, evidence, documents,

15   facts and things which hereafter may be discovered, or the relevance of which may hereafter be

16   discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or

17   discovered writings, evidence and information at trial or in any pre-trial proceedings held herein.

18   2.   American Blind objects to producing any documents or other tangible things that are, or

19   fairly constitute, trade secrets or that otherwise contain confidential, proprietary or sensitive

20   information until the entry of an appropriate Protective Order governing the disclosure and

21   dissemination of such information.

## WITNESSES

24   As of the date of these Initial Disclosures, American Blind believes, based on information

25   reasonably available to it, that the following individuals may have information that American Blind

26   may use to support its case:

27   1.   Steve Katzman, CEO & President, American Blind

1             Mr. Katzman can be contacted through counsel for American Blind.

2             Mr. Katzman has knowledge regarding American Blind's trademarks, the amount of

3 time and money spent by American Blind building up the value of its trademarks, American Blind's ad

4 campaign with Google, Google's sale of American Blind's trademarks as Keywords to American

5 Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

6 due to the "Sponsored Links" posted by Google in response to a search for American Blind's

7 trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

8 trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

9 American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

10 Google's AdWords Program.

11

12     2.   Joe Charno, Vice President of Marketing, Advertising & E-Commerce, American Blind

13             Mr. Charno can be contacted through counsel for American Blind.

14             Mr. Charno has knowledge regarding American Blind's trademarks, the amount of time

15 and money spent by American Blind building up the value of its trademarks, American Blind's ad

16 campaign with Google, Google's sale of American Blind's trademarks as keywords to American

17 Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

18 due to the "Sponsored Links" posted by Google in response to a search for American Blind's

19 trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

20 trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

21 American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

22 Google's AdWords Program.

23     3.   Bill Smith, Ecommerce Advisor, American Blind

24             Mr. Smith can be contacted through counsel for American Blind.

25             Mr. Smith has knowledge regarding American Blind's trademarks, the amount of time

26 and money spent by American Blind building up the value of its trademarks, American Blind's

27 campaign with Google, Google's sale of American Blind's trademarks as keywords to American

28 Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

1  due to the "Sponsored Links" posted by Google in response to a search for American Blind's

2  trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

3  trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

4  American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

5  Google's AdWords Program.

6

7      4.  Jeff Alderman, Ecommerce Relationship Manager, American Blind

8          Mr. Alderman can be contacted through counsel for American Blind.

9          Mr. Alderman has knowledge regarding American Blind's trademarks, the amount of

10 time and money spent by American Blind building up the value of its trademarks, American Blind's ad

11 campaign with Google, Google's sale of American Blind's trademarks as keywords to American

12 Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

13 due to the "Sponsored Links" posted by Google in response to a search for American Blind's

14 trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

15 trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

16 American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

17 Google's AdWords Program.

18     5.  Scott Powers, Ecommerce Coordinator, American Blind

19          Mr. Powers can be contacted through counsel for American Blind.

20          Mr. Powers has knowledge regarding American Blind's trademarks, the amount of time

21 and money spent by American Blind building up the value of its trademarks, American Blind's ad

22 campaign with Google, Google's sale of American Blind's trademarks as keywords to American

23 Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

24 due to the "Sponsored Links" posted by Google in response to a search for American Blind's

25 trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

26 trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

27 American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

28 Google's AdWords Program.

6.  Rick Steele, Select Blinds

American Blind believes that Mr. Steele has knowledge regarding Google's sale of American Blind's trademarks as keywords to American Blind's competitors, Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

7.  Sergey Brin, Google

Mr. Brin has knowledge regarding Google's advertising policies, Google's corporate philosophy, pending litigation, advertising revenues, and profits, including statements made on a 60 Minutes segment aired on January 2, 2005, in Playboy Magazine, in corporate filings, and elsewhere.

8.  Larry Page, Google

Mr. Page has knowledge regarding Google's advertising policies, Google's corporate philosophy, pending litigation, advertising revenues, and profits, including statements made on a 60 Minutes segment aired on January 2, 2005, in Playboy Magazine, in corporate filings, and elsewhere.

9.  Eric Schmidt, Google

Mr. Schmidt has knowledge regarding Google's advertising policies, Google's corporate philosophy, pending litigation, advertising revenues, and profits, including statements made on a 60 Minutes segment aired on January 2, 2005, in Playboy Magazine, in corporate filings, and elsewhere.

10. Kristina C., Google

American Blind believes that Kristina C. has knowledge regarding American Blind's ad campaign with Google, the amount of money American Blind pays Google for American Blind's own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as Keywords to American Blind's competitors.

11. Jill Randell, Google

1    American Blind believes that Ms. Randell has knowledge regarding American Blind's

2  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

3  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

4  competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization

5  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

6  Keywords to American Blind's competitors.

7
      12. Carrie Chung, Google
8

9      American Blind believes that Ms. Chung has knowledge regarding American Blind's ad

10  campaign with Google, the amount of money American Blind pays Google for American Blind's own

11  ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

12  competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization

13  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

14  Keywords to American Blind's competitors.

15      13. Allison Maranz, Google

16      American Blind believes that Ms. Maranz has knowledge regarding American Blind's

17  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

18  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

19  competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization

20  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

21  Keywords to American Blind's competitors.

22
      14. Laura Balkovich, Google
23

24      American Blind believes that Ms. Balkovich has knowledge regarding American

25  Blind's ad campaign with Google, the amount of money American Blind pays Google for American

26  Blind's own ad campaign, Google's sale of American Blind's trademarks as Keywords to American

27  Blind's competitors, Google's AdWords Keywords Suggestions feature, the American Blind

28  optimization campaign, and the amount of revenue earned by Google by selling American Blind's

1  trademarks as Keywords to American Blind's competitors.

2

3      15. Kulpreet Rana, Google

4          American Blind believes that Kulpreet Rana has knowledge regarding Google's

5  AdWords program, Google's policy regarding the sale of trademarks as keywords to advertisers as part

6  of the AdWords program, Google's broad matching algorithm, other lawsuits against Google for sale

7  of a party's trademarks as Keywords as part of the AdWords program, and Google's settlement with

8  other trademark owners regarding the use of trademarks as Keywords.

9      16. Britton Mauchline (n/k/a Britton Picciolini), Google

10         Ms. Picciolini was one of American Blind's primary contacts with Google regarding

11  American Blind's own AdWords campaign, and American Blind's complaints regarding Google's sale

12  of American Blind's trademarks to other as Keywords.  American Blind believes that Ms. Picciolini

13  has knowledge regarding American Blind's ad campaign with Google, the amount of money American

14  Blind pays Google for American Blind's own ad campaign, Google's sale of American Blind's

15  trademarks as Keywords to American Blind's competitors, Google's AdWords Keywords Suggestions

16  feature, the American Blind optimization campaign, and the amount of revenue earned by Google by

17  selling American Blind's trademarks as Keywords to American Blind's competitors.

18

19      17. Rose A. Hagan, Google

20         American Blind believes that Ms. Hagan has knowledge regarding Google's AdWords

21  program, Google's policy regarding the sale of trademarks as keywords to advertisers as part of the

22  AdWords program, Google's broad matching algorithm, other lawsuits against Google for sale of a

23  party's trademarks as Keywords as part of the AdWords program, and Google's settlement with other

24  trademark owners regarding the use of trademarks as Keywords.

25      18. K. Robertson, Google

26         American Blind believes that K. Robertson has knowledge regarding American Blind's

27  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

28  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

1 | competitors, and the amount of revenue earned by Google by selling American Blind's trademarks as

2 | Keywords to American Blind's competitors.

3

4 |      19. Charles A. Kilmer, Advertiser on Google

          7008 Tyndale Street, Mclean, VA  22101

5

6 |      American Blind believes that Mr. Kilmer has knowledge regarding Google's sale of

7 | American Blind's trademarks as Keywords to American Blind's competitors as part of Google's

8 | AdWords Program, Google's AdWords Keywords Suggestions feature, and the American Blind

9 | optimization campaign.

10 |      20. Evan Scott, Advertiser on Google

11 |           1466 Laurel Oaks Drive, Streamwood, IL  60107

12 |      American Blind believes that Mr. Scott has knowledge regarding Google's sale of

13 | American Blind's trademarks as Keywords to American Blind's competitors as part of Google's

14 | AdWords Program, Google's AdWords Keywords Suggestions feature, and the American Blind

15 | optimization campaign.

16

17 |      21. Jeff Edwards, Google

18 |      American Blind believes that Mr. Edwards has knowledge regarding American Blind's

19 | ad campaign with Google, the amount of money American Blind pays Google for American Blind's

20 | own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

21 | competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

22 | campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

23 | Keywords to American Blind's competitors.

24 |      22. Kimberli Heard, Google

25 |      American Blind believes that Ms. Heard has knowledge regarding American Blind's ad

26 | campaign with Google, the amount of money American Blind pays Google for American Blind's own

27 | ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

28 | competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

1  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

2  Keywords to American Blind's competitors.

3      23. A. Dimarco, Google

4          American Blind believes that A. Dimarco has knowledge regarding American Blind's

5  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

6  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

7  competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

8  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

9  Keywords to American Blind's competitors.

10

11     24. John DiCola, Google

12         American Blind believes that Mr. DiCola has knowledge regarding American Blind's

13 ad campaign with Google, the amount of money American Blind pays Google for American Blind's

14 own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

15 competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

16 campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

17 Keywords to American Blind's competitors.

18     25. Caroline Escobar, Google

19         American Blind believes that Ms. Escobar has knowledge regarding American Blind's

20 ad campaign with Google, the amount of money American Blind pays Google for American Blind's

21 own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

22 competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

23 campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

24 Keywords to American Blind's competitors.

25

26     26. Emily Nichols, Google

27         American Blind believes that Ms. Nichols has knowledge regarding American Blind's

28 ad campaign with Google, the amount of money American Blind pays Google for American Blind's

own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as Keywords to American Blind's competitors.

27. Hema Prashad, Google

American Blind believes that Hema Prashad has knowledge regarding American Blind's ad campaign with Google, the amount of money American Blind pays Google for American Blind's own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's competitors, and the amount of revenue earned by Google by selling American Blind's trademarks as Keywords to American Blind's competitors.

28. A corporate representative of eRank.com

American Blind believes that this corporate representative has knowledge regarding Google's sale of American Blind's trademarks as keywords to American Blind's competitors, Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

29. A corporate representative of The Blind Factory

American Blind believes that this corporate representative has knowledge regarding Google's sale of American Blind's trademarks as keywords to American Blind's competitors, Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

30. A corporate representative of wallpaperstore.com

American Blind believes that this corporate representative has knowledge regarding Google's sale of American Blind's trademarks as keywords to American Blind's competitors, Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

31. A corporate representative of SelectBlinds.com

American Blind believes that this corporate representative has knowledge regarding Google's sale of American Blind's trademarks as keywords to American Blind's competitors,

HOWREY
SIMON
ARNOLD &
WHITE, LLP

Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

32. A corporate representative of America Online, Inc.

American Blind believes that this corporate representative has knowledge regarding America Online, Inc.'s relationship with Google, the revenues and profits earned by America Online, Inc. from posting Google's "Sponsored Links" in response to searches on its website, America Online, Inc.'s policy regarding the sale of trademarks as Keywords, and damages suffered by American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of Google's AdWords Program.

33. A corporate representative of Netscape Communications Corp.

American Blind believes that this corporate representative has knowledge regarding Netscape Communications Corp.'s relationship with Google, the revenues and profits earned by Netscape Communications Corp. from posting Google's "Sponsored Links" in response to searches on its website, Netscape Communications Corp.'s policy regarding the sale of trademarks as Keywords, and damages suffered by American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of Google's AdWords Program.

34. A corporate representative of Compuserve Interactive Services, Inc.

American Blind believes that this corporate representative has knowledge regarding Compuserve Interactive Services, Inc.'s relationship with Google, the revenues and profits earned by Compuserve Interactive Services, Inc. from posting Google's "Sponsored Links" in response to searches on its website, Compuserve Interactive Services, Inc.'s policy regarding the sale of trademarks as Keywords, and damages suffered by American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of Google's AdWords Program.

35. A corporate representative of Ask Jeeves, Inc.

American Blind believes that this corporate representative has knowledge regarding Ask Jeeves, Inc.'s relationship with Google, the revenues and profits earned by Ask Jeeves, Inc. from posting Google's "Sponsored Links" in response to searches on its website, Ask Jeeves, Inc.'s policy

HOWREY
SIMON
ARNOLD &
WHITE, LLP

1  regarding the sale of trademarks as Keywords, and damages suffered by American Blind as a result of

2  Google's sale of American Blind's trademarks as Keywords as part of Google's AdWords Program.

3
4      36. A corporate representative of Earthlink, Inc.

5          American Blind believes that this corporate representative has knowledge regarding

6  Earthlink, Inc.'s relationship with Google, the revenues and profits earned by Earthlink, Inc. from

7  posting Google's "Sponsored Links" in response to searches on its website, Earthlink, Inc.'s policy

8  regarding the sale of trademarks as Keywords, and damages suffered by American Blind as a result of

9  Google's sale of American Blind's trademarks as Keywords as part of Google's AdWords Program.

10     37. A corporate representative of Overture Services Inc. n/k/a Yahoo! Search Marketing Group

11 ("Overture")

12         American Blind believes that this corporate representative has knowledge regarding

13 Overture's policy regarding the sale of trademarks as keywords or search terms, the confusion suffered

14 by Internet users that results from the sale of trademarks as keywords or search terms, revenues and

15 profits derived from the sale of keywords and search terms, and the technology used to prevent

16 advertisers from bidding on and/or purchasing the trademarks of others.

17                          **DOCUMENTS**

18     Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure and subject to the General

19 Objections stated above, American Blind identifies the following category of documents that American

20 Blind may use to support its case:

21
22     38. Screen prints of the Google search results page showing that American Blind's competitors'

23 advertisements appear in response to searches for American Blind's trademarks.

24     39. Screen prints of the Google search results page from September 17, 2004 from users

25 performing searches for American Blind's trademarks in San Jose, California and other geographic

26 locations in the United States.

27
28     40. Google's past and present printed trademark policies.

HOWREY
SIMON
ARNOLD &
WHITE, LLP

-12-

41. Documents filed by Google with the Securities and Exchange Commission in connection with and subsequent to Google's initial public offering.

42. Various e-mail and letter communications between American Blind and Google regarding American Blind's advertising campaign.

43. Various e-mail and letter communications between American Blind and Google regarding American Blind's competitors' use of American Blind's trademarks as Keywords.

44. Communications between American Blind and some of American Blind's competitors regarding the competitors' use of American Blind's trademarks as keywords for Google's AdWords Program.

45. Assorted financial data from American Blind to prove the damages suffered by American Blind as a result of Google's sale of American Blind's trademarks as Keywords.

46. Communications between Google and its advertisers illustrating the advertisers' purchase of American Blind's trademarks as Keywords.

47. Overture Services, Inc. n/k/a Yahoo! Search Marketing Group's policy regarding the sale of trademarks as keywords or search terms.

48. The transcript of a 60 Minutes segment aired on January 2, 2005 regarding Google.

49. The Playboy magazine article regarding Google and its founders.

50. Documents evidencing American Blind's rights to the American Blind federally registered and common law trademarks.

51. The Permanent Injunction Order issued by the United States District Court for the Eastern District of Michigan permanently enjoining a competitor from using American Blind's "trademarks, service marks or the word 'American' in any variation or combination with the word "Blinds" either singular or plural...."

52. Documents evidencing the strength of American Blind's federally registered and common law trademarks.

53. Documents evidencing the proximity and/or similarity of the goods sold by American Blind and American Blind's competitors to whom Google sells American Blind's trademarks as keywords.

54. Documents evidencing the similarity between the American Blind trademarks and the keywords sold by Google to American Blind's competitors.

55. Documents evidencing confusion by customers and potential customers as a result of Google's sale of American Blind's federally registered and common law trademarks to American Blind's competitors as keywords.

56. Research and studies indicating that consumers are confused by the sale of trademarks as keywords.

57. Documents evidencing that American Blind  and American Blind's competitors to whom Google sells American Blind's federally registered and common law trademarks as keywords are using the same marketing channels.

58. Documents evidencing the type of goods sold by American Blind and the degree of care likely to be exercised by the purchaser of American Blind's goods.

## DAMAGES

American Blind is unable to quantify its damages at this early stage of this litigation. American Blind's damages result from lost Internet traffic, lost sales, and lost visibility because customers and potential customers are diverted to competitors' websites due to Google's illegal sale of American Blind's trademarks to American Blind's competitors.  American Blind is also damaged because its brand name is diluted and tarnished, which has resulted in further lost sales.  However, much of the information that American Blind (and its expert witnesses) will require for American Blind's damages computation is in Google's possession and has not been produced to American Blind.

1  Until American Blind obtains discovery from Google, for example, it cannot know how much Internet

2  traffic has been diverted to its competitors' websites by Google's "Sponsored Links" that were

3  triggered by searches for American Blind's trademarks.

## INSURANCE

5  American Blind believes that it does not have insurance coverage covering the types of

6  claims asserted in this case.

7

Dated: April 27, 2005

8  

HOWREY SIMON ARNOLD & WHITE, LLP

9

10

11  By: _____

ROBERT N. PHILLIPS

12  David A. Rammelt

13  Susan J. Greenspon

Dawn M. Beery

KELLEY DRYE & WARREN LLP

14  333 West Wacker Drive, Suite 2600

Chicago, IL 60606

15

16  Attorneys for Defendant/Counter-Plaintiff

AMERICAN BLIND AND WALLPAPER

FACTORY, INC.

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

1

2      I am a citizen of the United States and a resident of the State of California. I am employed in
San Francisco County, State of California, in the office of a member of the bar of this Court, at whose
3   direction the service was made. I am over the age of eighteen years, and not a party to the within
action. My business address is 525 Market Street, Suite 3600, San Francisco, CA 94105. On the date
4   set forth below, I served the document(s) described below in the manner described below:

5

**AMERICAN BLIND & WALLPAPER FACTORY, INC.'S INITIAL DISCLOSURES**
6   **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26**

7
        **VIA FACSIMILE & U.S. MAIL**
8       Michael H. Page
        Mark A. Lemley
9       Ravind S. Grewal
        Keker & Van Nest, LLP
10      710 Sansome Street
        San Francisco, CA 94111
11      Facsimile: (415) 397-7188

12      **VIA FACSIMILE & U.S. MAIL**
        Stephen E. Taylor
13      Jan J. Klohonatz
        Taylor & Company Law Offices, Inc.
14      One Ferry Building, Suite 355
        San Francisco, CA 94111
15      Facsimile: (415) 788-8208

16   **XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Howrey Simon
Arnold & White, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused
17   such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed
below.

18          (BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Howrey
Simon Arnold & White, LLP for collection and processing of correspondence for overnight delivery, and I
19   caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by
Federal Express for overnight delivery.
20

21          (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier
and/or process server for hand delivery on this date.

22   **XX**    (BY U.S. MAIL) I am personally and readily familiar with the business practice of Howrey
Simon Arnold & White, LLP for collection and processing of correspondence for mailing with the
23   United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be
placed in the United States Postal Service at San Francisco, California.
24

25      Executed on April 27, 2005, at San Francisco, California.

26                                          _Patricia Cranmer_

27   _____              _____
        Patricia Cranmer                        (Signature)
28

HOWREY
SIMON
ARNOLD &
WHITE

# EXHIBIT V

MANUAL FILING NOTIFICATION


Regarding Exhibit V to the DECLARATION OF KLAUS H. HAMM IN SUPPORT OF GOOGLE'S OPPOSITION TO AMERICAN BLIND & WALLPAPER FACTORY, INC.'S MOTION TO COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF DATE OF AUGUST 26, 2006.

This filing is in paper form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly.

This document was not electronically filed because it is under seal.

376905.01

# EXHIBIT W

MANUAL FILING NOTIFICATION


Regarding Exhibit W to the DECLARATION OF KLAUS H. HAMM IN SUPPORT OF GOOGLE'S OPPOSITION TO AMERICAN BLIND & WALLPAPER FACTORY, INC.'S MOTION TO COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF DATE OF AUGUST 26, 2006.

This filing is in paper form only, and is being maintained in the case file in the Clerk's office. If you are a participant in this case, this filing will be served in hard-copy shortly.

This document was not electronically filed because it is under seal.

376905.01

# EXHIBIT X

1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff and Counterdefendant
6  GOOGLE INC. and Third-Party Defendants
   ASK JEEVES, INC. and EARTHLINK, INC.
7

8                 UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT OF CALIFORNIA
10
                    SAN JOSE DISTRICT
11

12 GOOGLE INC., a Delaware corporation,    Case No. C 03-5340-JF (EAI)

13                          Plaintiff,     **PLAINTIFF/COUNTERDEFENDANT
                                           GOOGLE INC. and THIRD-PARTY
14        v.                               DEFENDANTS ASK JEEVES, INC. and
                                           EARTHLINK, INC.'s INITIAL
15 AMERICAN BLIND & WALLPAPER              DISCLOSURES PURSUANT TO RULE 26
   FACTORY, INC., a Delaware corporation   OF THE FEDERAL RULES OF CIVIL
16 d/b/a decoratetoday.com, Inc.; and DOES 1-  PROCEDURE**
   100, inclusive,
17
                          Defendants.
18 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
19 d/b/a decoratetoday.com, Inc.

20                      Counterclaimant,

21        v.

22 GOOGLE, INC., AMERICA ONLINE, INC.,
   NETSCAPE COMMUNICATIONS
23 CORPORATION, COMPUSERVE
   INTERACTIVE SERVICES, INC., ASK
24 JEEVES, INC., and EARTHLINK, INC.,

25                   Counterdefendants/
                     Third-Party Defendants.
26

27

28

350184.01

1      Plaintiff/Counterdefendant Google Inc. and Third-Party Defendants Ask Jeeves, Inc. and

2    EarthLink, Inc. (collectively, the "Responding Parties") hereby make their initial disclosures

3    pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

4      The Responding Parties' investigation is continuing, and this disclosure provides

5    information currently known and available to the Responding Parties after a good-faith inquiry

6    and investigation. By identifying witnesses in this initial disclosure who are likely to have non-

7    privileged, discoverable information, the Responding Parties make no representation or

8    admission concerning the knowledge or competence of any individual identified. Likewise, by

9    identifying documents in this initial disclosure, the Responding Parties make no representation or

10    admission concerning the documents' relevance to matters to be decided in this case. This

11    disclosure is not intended, and should not be construed, as a waiver of privilege, or as a waiver of

12    any objections to the production, use, or admission into evidence, of any document or

13    information that the Responding Parties may be legally entitled to assert during the discovery or

14    trial of this action. No incidental or implied admissions are intended by this disclosure. The

15    Responding Parties reserve the right to supplement and/or amend this disclosure and to produce

16    subsequent discovery or other information relevant to this case.

17                      **a. Witnesses – FRCP 26(a)(1)(A)**

18      At this time, the Responding Parties believe that the following individuals are likely to

19    have non-privileged, discoverable information that the Responding Parties may use to support

20    their claims or defenses, exclusive of information used solely for impeachment:

21      1.    Tim Armstrong:      Information concerning Google advertisers and Google

22    advertisements.

23      2.    Jessica Bluett:      Information concerning Google advertisers and Google

24    advertisements.

25      3.    Jane Butler:      Information concerning Google advertisers and Google

26    advertisements.

27      4.    Peter Chane:      Information concerning Google advertisers and Google

28    advertisements.

---

1

1    5.    John DiCola:    Information concerning Google advertisers and Google

2    advertisements.

3    6.    Eric Filler:    Information concerning Google advertisers and Google

4    advertisements.

5    7.    Prashant Fuloria:    Information concerning Google policies relating to

6    trademarks, and the implementation of the Google AdWords service.

7    8.    Matt Gilbert:    Information concerning Ask Jeeves advertisers, Ask

8    Jeeves advertisements, Ask Jeeves policies relating to trademarks, and the implementation of

9    the Ask Jeeves advertising products.

10    9.    Mort Greenberg:    Information concerning Ask Jeeves advertisers, Ask

11    Jeeves advertisements, Ask Jeeves policies relating to trademarks, and the implementation of

12    the Ask Jeeves advertising products.

13    10.    Shannon Handegan:    Information concerning the relationship between EarthLink

14    and Google.

15    11.    Salar Kamangar:    Information concerning the design and implementation of

16    the Google AdWords service.

17    12.    Dara Kao:    Information concerning Google advertisers and Google

18    advertisements.

19    13.    Alana Karen:    Information concerning Google advertisers, Google

20    advertisements, Google policies relating to trademarks, and the implementation of the Google

21    AdWords service.

22    14.    Ross Koningstein:    Information concerning the design and implementation of

23    the Google AdWords Service.

24    15.    David Krane:    Information concerning Google policies relating to

25    trademarks.

26    16.    Bismarck Lepe:    Information concerning Google advertisers and Google

27    advertisements.

28    17.    Chad Lester:    Information concerning the design and implementation of

2

350184.01

1  the Google AdWords service.

2      18.    Kabir Masson:        Information concerning the implementation of the Google

3  AdWords service.

4      19.    Michael Mayzel:     Information concerning Google policies relating to

5  trademarks.

6      20.    Leshika Samarasinghe:       Information concerning Google policies relating to

7  trademarks.

8      21.    David Shipps:       Information concerning the relationship between EarthLink

9  and Google.

10      22.    Ted Souder:        Information concerning Google advertisers and Google

11  advertisements.

12      23.    Miriam Wynn:       Information concerning the implementation of the Google

13  AdWords service.

14      The above individuals may be contacted only through counsel at Keker & Van Nest LLP,

15  710 Sansome Street, San Francisco, California 94111, (415) 391-5400.

16      The following individuals are also likely to have discoverable information that the

17  Responding Parties may use to support their claims or defenses, exclusive of information used

18  solely for impeachment:

19      24.    Current and prior employees of American Blind & Wallpaper Factory, Inc.,

20  ("American Blind") who were involved in selling goods or services sold under the American

21  Blind marks.

22      25.    Current and prior American Blind employees who were involved in advertising

23  and promoting goods and services sold or intended to be sold under the American Blind marks.

24      26.    Current and prior American Blind employees who were involved in market

25  research or other investigations relating to the American Blind marks.

26      The Responding Parties are informed and believe that American Blind is aware of the

27  whereabouts and contact information for the individuals listed in items 24 through 26 above.

28      The Responding Parties reserve the right to identify other individuals who may have

3

350184.01

1    discoverable information that the Responding Parties may use to support their claims or

2    defenses, exclusive of information used solely for impeachment.

3                        **b. Documents – FRCP 26(a)(1)(B)**

4            Google may use the following documents in its possession, custody, or control to support

5    its claims or defenses in this action:

6        1.        Documents that are publicly available at the Internet addresses

7    http://adwords.google.com, http://ask.com, and http://earthlink.com.

8        2.        Documents relating to the use of trademarks as keywords in connection with the

9    AdWords program. These documents are located at the offices of: Google, 1600 Amphitheatre

10   Parkway, Mountain View, CA 94043; Ask Jeeves, 555 12th Street, Suite 500, Oakland, CA

11   94607; and EarthLink, 1375 West Peachtree Street, Atlanta, GA 30309.

12       3.        Documents relating to the use of the American Blind marks in connection with

13   the AdWords program. These documents are located at the offices of: Google, 1600

14   Amphitheatre Parkway, Mountain View, CA 94043; Ask Jeeves, 555 12th Street, Suite 500,

15   Oakland, CA 94607; and EarthLink, 1375 West Peachtree Street, Atlanta, GA 30309.

16       4.        Documents relating to the relationship between Google and Ask Jeeves, as it

17   concerns the AdWords program. These documents are located at the offices of: Google, 1600

18   Amphitheatre Parkway, Mountain View, CA 94043; and Ask Jeeves, 555 12th Street, Suite 500,

19   Oakland, CA 94607.

20       5.        Documents relating to the relationship between Google and EarthLink, as it

21   concerns the AdWords program. These documents are located at the offices of: Google, 1600

22   Amphitheatre Parkway, Mountain View, CA 94043; and EarthLink, 1375 West Peachtree Street,

23   Atlanta, GA 30309.

24           The Responding Parties reserve the right to identify other documents that it may use to

25   support its claims or defenses in this action.

26                        **c. Computation of Damages – FRCP 26(a)(1)(C)**

27           The Responding Parties do not currently claim any damages.

28

4

350184.01

1

### d.  Insurance – FRCP 26(a)(1)(D)

2      Each of the Responding Parties are currently investigating whether coverage is available

3  under any applicable policy of insurance.  In the event any of the Responding Parties determine

4  such coverage is available, that party will make appropriate disclosures.

5  DATED:  April 27, 2005

               KEKER & VAN NEST, LLP

6

7

8  By: _____

               MICHAEL H. PAGE

9                 Attorneys for Plaintiff and Counterdefendant
GOOGLE INC. and Third-Party Defendants
ASK JEEVES, INC. and EARTHLINK, INC.,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

350184.01

1

## PROOF OF SERVICE

2

I am employed in the City and County of San Francisco, State of California in the office of a
3  member of the bar of this court at whose direction the following service was made. I am over the
age of eighteen years and not a party to the within action. My business address is Keker & Van
4  Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

5  On April 27, 2005, I served the following document(s):

6  **PLAINTIFF/COUNTERDEFENDANT GOOGLE INC. and THIRD-**
**PARTY DEFENDANTS ASK JEEVES, INC. and EARTHLINK, INC.'s**
7  **INITIAL DISCLOSURES PURSUANT TO RULE 26 OF THE FEDERAL**
**RULES OF CIVIL PROCEDURE**
8

9  ☑  by **PDF TRANSMISSION AND UNITED STATES MAIL,** by transmitting via PDF on this date. A true
and correct copy of same was placed in a sealed envelope addressed as shown below. I am readily familiar
10  with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing.
According to that practice, items are deposited with the United States Postal Service at San Francisco,
California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party
11  served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one
day after the date of deposit for mailing stated in this affidavit.
12

13  Susan J. Greenspon                          Robert N. Phillips
David A. Rammelt                            Howrey Simon Arnold & White, LLP
14  Kelley Drye & Warren LLP                    525 Market Street, Suite 3600
333 West Wacker Drive                       San Francisco, CA 94105-2708
15  Chicago, IL 60606                           Telephone:    415/848-4900
Telephone:    312/857-7070                   Facsimile:    415/848-4999
16  Facsimile:    312/857-7095

17
Stephen E. Taylor
18  Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355
19  San Francisco, CA 94111-4209
Telephone:    415/788-8200
20  Facsimile:    415/788-8208

21
Executed on April 27, 2005, at San Francisco, California.
22

I declare under penalty of perjury under the laws of the State of California that the above is true
23  and correct.

24

25

26  _____
NOELLE S. NICHOLS
27

28