1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                 UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (RS) |
| 14      Plaintiff, | **DEFENDANT AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL GOOGLE TO RESPOND TO DISCOVERY TIMELY SERVED GIVEN THE CURRENT CUTOFF DATE OF AUGUST 26, 2006** |
| 15      v. | |
| 16  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive, | |
| 17 | |
| 18      Defendants. | Date: September 6, 2006<br>Time: 9:30 a.m.<br>Courtroom: 4<br>Hon. Richard Seeborg |
| 19 | |
| 20  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | |
| 21 | |
| 22      Counter-Plaintiff, | |
| 23      v. | |
| 24  GOOGLE, INC. | |
| 25      Counter-Defendants. | |

26

27              **<u>REDACTED PUBLIC COPY</u>**

28

DM_US\8380489.v1

Dockets.Justia.com

**INTRODUCTION**

The instant motion involves two issues, which Google's opposition tends to blur. The first, and overriding, issue is whether American Blind should have been permitted to depose certain Google employees before the discovery cut-off. On this point, the parties concede that the deposition notices were served <u>before</u> the current discovery deadline (and in the case of Mr. Page and Mr. Brin, the notices were served over two months before the current cut-off). Nor is there any question that the discovery sought is relevant and that, by the time this motion is heard, the depositions would have been over and completed – by the deadline. Instead, this dispute arises solely because the parties differ in their interpretation of Judge Fogel's Order of June 23, 2006, extending the discovery schedule by 60 days.

American Blind understood Judge Fogel's Order to mandate that any further depositions or written discovery fall within the "scope" of discovery (as that phrase is contemplated by Rule 26(b))[1] existing at the time – meaning that any depositions or written discovery had to relate to the issues already in the case at the time.[2] Google, on the other hand, adopts a far more restrictive position that elevates form over substance. Google argues that, although he granted American Blind's request for an extension, Judge Fogel actually was restricting any further discovery to that which had already been served by the parties.

For the reasons set forth below, American Blind submits that Google's interpretation is incorrect. But even if American Blind's good faith interpretation is wrong, American Blind ought to be permitted to conduct the discovery at issue for three reasons. First, Google does not, and in good faith cannot, contest the relevancy of each of the depositions. Second, Google can show no prejudice or burden – particularly in a case of this size and complexity – from having to produce the limited number of employees at issue for depositions. Third, the depositions at issue would

---

[1] Rules 26 defines the "scope" of discovery as "any matter, not privileged, that is relevant to the claim or defense of any party …." The term "relevant," in turn, is described as any information that is "reasonably calculated to lead to the discovery or admissible evidence." Fed. R. Civ. P. 26(b).

[2] Judge Fogel's Order reads: "As the Court indicated to counsel during oral argument, the extension of the case management dates is intended only to allow the parties to complete discovery that is within the previously established ***scope of discovery.***" (Plater Supp. Decl. Ex. A.)

- 2 -

DM_US\8380489.v1

have been completed within Judge Fogel's cut-off, so Google can show no delay. In short, if American Blind misunderstood the June 23rd Order and a showing of "good cause" was required, American Blind would have met that burden.

What makes Google's opposition all the more remarkable is that, even today, Google is still producing documents that it ought to have produced long ago. Just yesterday, Google produced an additional 53 pages of documents, which is yet another example of the thousands of pages that have trickled in during the last few months. The suggestion that American Blind has had a year or more to take discovery is just plain wrong. Google demanded that discovery be stayed until its motion to dismiss was decided, and even after the stay was lifted, Google did not properly produce the bulk of its documents, as required by the Federal Rules and as ordered by this Court until March 10, 2006 – a little over four months ago. Google lacks the clean hands necessary to adopt the lofty position it now portrays to this Court.

The second issue involves the deposition of Larry Page. It is true that American Blind noticed the depositions of Google's founders, Larry Page and Sergey Brin. But Google carefully avoids telling this Court that American Blind offered to forgo deposing Mr. Brin. Moreover, Google omits telling this Court that Google's own in-house counsel recently conceded that [REDACTED] American Blind is respectful of Mr. Page's position and importance and has offered to work anywhere and anytime around his schedule, but the fact is that he is a central player in the events underlying this litigation.

## ARGUMENT

### A. American Blind Properly Met And Conferred With Google Prior To Filing This Motion.

In claiming that American Blind was required to meet and confer with Google <u>prior</u> to issuing additional discovery, Google has created an additional requirement that was never intended nor ordered by any court, rule or statute. Judge Fogel was informed of both parties' positions at the hearing on the Motion to Extend; namely, that American Blind wanted to issue additional discovery and that Google objected to any new discovery being served during the

extension of fact discovery. The parties established their positions on the issue of new discovery in open court and on the record. Thus, there was no need for further meeting or conferring – the parties knew each others' positions.

Contrary to Google's argument, American Blind did not defy Judge Fogel's order or any other rule or statute. There is nothing in Judge Fogel's order that states American Blind cannot serve additional discovery, or that American Blind was obligated to meet and confer before serving additional discovery. If that were a requirement, it would have been a simple matter to include language in the Order that the extension applied "only to discovery previously served." No such language is found anywhere in the Order or in Judge Fogel's comments on the record.

Google places much emphasis on a remark made by Judge Fogel concerning any discovery "that's not already in the pipeline." (Opp. at 3.) American Blind submits that this partial sentence is taken out of context. The quotation supplied by Google fails to indicate that it was made before American Blind had an opportunity to explain its position regarding the need for additional discovery that was not already in the pipeline and why it was not in the pipeline. (*Id*.; *see also* Plater Decl. Ex. A.) After American Blind informed Judge Fogel of its need for additional discovery, Judge Fogel indicated as follows:

> [B]ecause I have no idea as to the merit of any particular request – try to work it out. That's always the first thing. And if you can't, then ask Judge Seeborg for relief…I have no idea what else you want to do. So all I'm doing is extending the framework by 60 days and, if you need to do anything further within that, then just ask the magistrate if you want [to] work it out.

(Plater Decl. Ex. A, at 4.)

Google's theory that American Blind was obligated to seek Google's permission to serve discovery defies common sense. Just as Judge Fogel could not state whether certain discovery was allowed to proceed without knowing what was being sought, how could American Blind meet and confer with Google on the discovery it sought without presenting Google with the discovery requests themselves? The parties could not meet and confer as to whether Google would agree to respond to the new discovery or object to it until that discovery was served upon Google. Furthermore, after the discovery at issue was served, Google and American Blind did

- 4 -

1  meet and confer regarding whether Google would voluntarily respond to the new discovery.
2  (Plater Decl. Ex. G, H, I.)³ Google made it clear that any efforts at a compromise would be futile
3  and that Google would not voluntarily respond. Accordingly, American Blind has met and
4  conferred, and it has sought the appropriate order from this Court for the relief it now seeks.

5  Moreover, nothing in Local Rule 26-2 requires that "American Blind should have sought
6  leave from the Court *before* serving the discovery" (Opp. at 6.) Rather, L.R. 26-2 simply states,
7  "Discovery requests that call for responses or depositions after the applicable discovery cut-off
8  are not enforceable, except by order of the Court for good cause shown" L.R. 26-2. The
9  language of this rule is not consistent with Google's interpretation that American Blind was
10 required to meet and confer prior to issuing additional <u>timely</u> discovery requests.

11 Finally, Google makes much of the fact that American Blind has not cited any case law in
12 support of its arguments. However, this is a matter that is both discretionary for this Court and
13 based on the facts of the case, with regard to establishing good cause consistent with the Local
14 Rules. Therefore, it is not surprising that no case law is necessary to present this motion.
15 Although Google purports to draw support for its argument from the *Miller*⁴ and *Padgett*⁵ cases,
16 they are inapposite. Neither case involved discovery that was timely served prior to the close of
17 discovery, following an extension. In both *Miller* and *Padgett* the discovery was served so late
18 that responses were due after the discovery cut off date. Here, in contrast, all additional discovery
19 was timely served so as to be due prior to the close of discovery, August 26, 2006.

20 **B.  American Blind Has Demonstrated Good Cause For Its Additional Discovery.**

21 Judge Fogel found good cause existed for extending the discovery cut off based on the
22 diversion caused by the change of management at American Blind during the last months of the
23 initial discovery deadline. American Blind sought an extension of time precisely because it
24 needed extra time for discovery. While Google is quick to point out that American Blind could

---

25  ³ American Blind is cognizant of the Court's preference that "meet and confer letters" need
26  not be submitted and that an affidavit suffices. However, these exhibits were submitted
    prior to the Court's instructions at the last hearing in this matter.
27  ⁴ *Miller v. Int'l Bus. Machines*, 2006 WL 1141090 (N.D. Cal. May 1, 2006).
28  ⁵ *Padgett v. City of Monte Sereno*, 2006 WL 1141265 (N.D. Cal. May 1, 2006).

- 5 -
DM_US\8380489.v1

1  have served the discovery at issue during this period of change or even prior to that time, this is a
2  over-simplification of matters. American Blind acted in good faith and has good cause for
3  seeking new discovery in this matter.



17  (Plater Supp. Decl. Ex. B, p. 37.)

19  (*Id.* at 163.)

22  These are crucial issues in this case, which centers around Google's
23  decision to change its trademark policy and the legality of the new policy.

---

[6]  American Blind indicated to Google, prior to the filing of Google's Opposition, that American Blind would not pursue the deposition of Sergey Brin. Therefore, American Blind will not respond to any argument made by Google with regard to Mr. Brin as moot.

DM_US\8380489.v1

1  ███████████████████████████████████████

2  ███████████ Thus, the deposition of Mr. Page would not be redundant and the information

3  he possesses could not be supplied by someone else. *See Consolidated Rail Corp. v. Primary*

4  *Industries Corp.*, 1993 WL 364471 (S.D.N.Y. Sept. 10, 1993) (deposition of top executives who

5  submitted affidavits attesting to no personal knowledge of the facts underlying the claims

6  deferred "until it has been demonstrated that they have some unique knowledge pertinent to the

7  issues in these cases.").

8  ████████████████████████████████████████

9  ████████████████████████████████████████

10 ████[7]███████████████████████████████████

11 █████████████████ These documents were contained on a CD, labeled GGLE

12 0005, produced by Google on June 22, 2006 – five days before the initial cut off of fact

13 discovery, which was delivered to counsel for American Blind <u>the day of</u> the hearing on the

14 Motion to Extend. (Plater Supp. Decl. Ex. D.)[8] The documents contained in the June 22, 2006

15 production reveal that ████████████████████████

16 ████████████████████████████ (Plater Supp. Decl. Ex. C

17 (GGLE0025333-GGLE0025339).) █████████████████

18 ████████████████████████████████████████

19 ████████ (*See Id.* at GGLE0025338.) ██████████████

20 ████████████████████████████████████████

21 ████████████████████████████████████████

22 ████████████████████████████████████████

23 ████████████████████████████████████████

24 █████ (Plater Supp. Decl., Ex. C (GGLE0025333).) The timing of Google's last production, and

25 the information contained therein, supports the conclusion that good cause exists for allowing

---

[7] *See* Hamm Decl. Ex. V (GOOGLE 005127-005128), and W (GOOGLE 004761-004762).

[8] The emails which contained references to Larry Page were also buried at the end of the CD, containing over 5700 pages of documents.

DM_US\8380489.v1

American Blind to proceed with its new discovery, including but not limited to the deposition of Larry Page, during the extension of fact discovery.

### 2. Google Has Continued To Produce Responsive Documents As Recently As August 22, 2006.

American Blind should not be foreclosed from seeking additional discovery from Google, given the timing of Google's document production. As of August 22, 2006 – the day before this reply was due – Google produced additional documents to American Blind, which were allegedly discovered after Google received the deposition notice for third party witness, Rick Steele. (Plater Supp. Decl. Ex. E.) This, along with the fact that Google was still producing documents as late as June 22, 2006, when it had not produced anything since May 5, 2006 and had not indicated prior to that time that the production was continuing, supports American Blind's argument that Google should be required to respond to the First Set of Requests For Admission. As previously discussed, the Requests for Admission are simple, straight forward and merely seek to confirm discrete issues regarding Google's compliance with American Blind's original discovery requests. There is nothing new in the Requests for Admission that would justify the intractable stance Google has taken in refusing to respond to this discovery. Furthermore, the fact that Google is still producing documents as of yesterday's date should weigh in favor or ordering Google to comply with the limited additional discovery issued during the extension.

### 3. The Change In Management Suffices As Good Cause For The Delay In Issuing Additional Discovery.

During and immediately following the change in management at American Blind, the only time that the company could devote to this litigation was exclusively focused on locating and producing responsive documents to Google's discovery requests. In fact, during this time, Google repeatedly threatened to file a motion to compel against American Blind and ultimately did file a motion to compel that was never re-noticed, likely because of American Blind's compliance with Google's discovery requests. Accordingly, American Blind rightly focused on responding to Google's discovery and mooting Google's motion to compel rather than serving its own discovery.

1    Notwithstanding the foregoing, American Blind's new management should not now be
2    foreclosed from participating in discovery decisions simply because it devoted what little time it
3    had at the end of the original fact discovery period to responding to Google's discovery. As of
4    mid-May 2006, American Blind had new management in control and the new team had a
5    different approach to this litigation than prior management, whose approach was largely based on
6    its desire to settle this matter.[9] Once other matters were in order, such as the day to day business
7    operations and responding to Google's discovery, new management decided that the direction it
8    wanted take in this litigation was to be more proactive than prior management; thus, the
9    additional depositions were noticed and additional discovery served. American Blind's new
10   management and ownership, now fully aware of and engaged in this litigation, should be allowed
11   to utilize the additional time Judge Fogel granted for the completion of discovery to take minimal
12   discovery based upon information American Blind learned during and after its change of
13   management and ownership, when (as Judge Fogel noted), the company was understandably
14   preoccupied.

### 4.    Google's Sense of Urgency Is Disingenuous.

16   Google's Opposition harps on the fact that this case is "nearly three years old" and paints
17   a picture that the advanced age of this case is all American Blind's making. (Opp. at 3.) That is,
18   however, not a fair or accurate picture. As Google notes, there was a nearly year-long stay of
19   discovery in this case while the motion to dismiss was being briefed. It was not until after this
20   stay was lifted and a protective order was in place that, in October 2005, Google began producing
21   documents in this case. However, the nearly 115,000 pages of discovery produced by Google in
22   October 2005 turned out to be responsive to only one of American Blind's document requests and
23   did not comply with Fed. R. Civ. P. 34. Google had simply dumped its production from another
24   case on American Blind with the hope that American Blind would not notice this maneuver or the
25   fact that the entire production was not designated in accordance with the protective order in place
26   in this case. American Blind did notice these deficiencies and was required to file two separate

---

[9] In fact, the parties were engaged in settlement discussions just prior to the change in management.

- 9 -

DM_US\8380489.v1

motions against Google, heard in January 2006, to correct these gross abuses of discovery. It was not until March 2006, by this Court's order, that American Blind had a proper set of Google's initial production – not to mention that American Blind had not received any documents specific to this case until well into 2006. Based on this timeline, it is not surprising that the parties both agreed to seek an extension of the initial fact discovery cut off in February 2006. While Google requested a shorter extension than American Blind at that time, Google was a party to the request for extension (a fact Google omits from its rendition of the background.) Until April to May 2006, Google did nothing to materially advance this case. Thus, Google's current sense of urgency in moving this case forward is self-serving at best.

**5.     Google Will Suffer No Prejudice If Required To Respond To The Additional Discovery**.

Google would not be prejudiced by the completion of additional discovery during the extended fact discovery period. As previously discussed, the discovery sought was limited and directly connected to the original scope of discovery. The time to complete fact discovery was already built into the schedule set by Judge Fogel, and therefore, Google cannot complain that completing American Blind's additional discovery would have caused additional delay. There would be no issue of delay if Google had not objected to the additional discovery, which was timely served. Furthermore, Google's Complaint against American Blind seeks a declaratory judgment that Google is not engaging in trademark infringement. Google does not seek any damages and is not incurring any damages or prejudice while the case remains active. In fact, for the duration of this litigation, Google has been proceeding with business as usual with its new trademark policy that American Blind contends constitutes trademark infringement.

**6.     American Blind Issued The Additional Deposition Notices To Preserve Its Rights**.

Aware of Google's refusal to answer or comply with any additional discovery requests absent a Court order, American Blind served additional deposition notices, which are also within the previously established scope of discovery,[10] prior to the close of fact discovery to preserve its

---

[10]     The notices served are for the following Google employees: Jessica Bluett, Jane butler, Bismark Lepe, Leshika Samarasinghe, Salar Kamangar, and third party witness, Rick Steele.

- 10 -
DM_US\8380489.v1

1  right to take these depositions in the event that the Court grants this motion.  The current motion
2  seeks to compel Google to respond to all timely served discovery (including the discovery served
3  prior to and while the motion to compel has been pending) given the current discovery cut off of
4  August 26, 2006.

## CONCLUSION

American Blind properly issued limited additional discovery that could have been timely answered during the extension of fact discovery and attempted to resolve the dispute over answering this discovery with Google prior to seeking the Court's intervention.  Google will not be prejudiced if additional timely discovery is allowed given the new cutoff date; conversely, given the circumstances, American Blind would be prejudiced by being unable to obtain all relevant discovery.  In granting an extension of time to complete fact discovery, Judge Fogel implicitly found that American Blind had demonstrated good cause for an extension.  This Court should likewise find that American Blind has established good cause for issuing additional discovery under these circumstances and order Google to comply with all timely served discovery.

Dated: August 23, 2006

HOWREY SIMON ARNOLD & WHITE, LLP

By:  ___/s/ Ethan B. Andelman___
ROBERT N. PHILLIPS
ETHAN B. ANDELMAN

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL  60606

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER FACTORY, INC.

- 11 -

DM_US\8380489.v1