1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6
   Attorneys for Plaintiff and Counter Defendant
7  GOOGLE INC.

8
                   UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   GOOGLE INC., a Delaware corporation,         Case No. C 03-5340-JF (EAI)
12
                              Plaintiff,        **DECLARATION OF AJAY S. KRISHNAN
13                                              IN SUPPORT OF COUNTER-
        v.                                      DEFENDANT GOOGLE INC.'S MOTION
14                                              TO COMPEL COUNTER-PLAINTIFF
   AMERICAN BLIND & WALLPAPER                   ABWF TO SATISFY OUTSTANDING
15 FACTORY, INC., a Delaware corporation        DISCOVERY OBLIGATIONS**
   d/b/a decoratetoday.com, Inc., and DOES 1-
16 100, inclusive,                              Date:      October 18, 2006
                                                Time:      9:30 a.m.
17                            Defendants.       Courtroom: 4
                                                Judge:     Hon. Richard Seeborg
18
   AMERICAN BLIND & WALLPAPER
19 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.,
20
                              Counter-Plaintiff,
21
        v.
22
   GOOGLE INC.,
23
                              Counter-Defendant.
24

25

26

27

28

379943.01
DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF COUNTER-DEFENDANT GOOGLE INC.'S
MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO SATISFY OUTSTANDING DISCOVERY
OBLIGATIONS
CASE NO. C 03-5340-JF (EAI)

1  I, Ajay S. Krishnan, declare as follows:

2  1. I am an attorney duly licensed to practice before this Court and an associate at the
3  law firm of Keker & Van Nest LLP in San Francisco. I represent Plaintiff Google Inc. in the
4  above-captioned litigation. Unless otherwise specified, I have knowledge of the facts set forth
5  herein, and if called to testify as a witness thereto, could do so competently under oath.

6  **List of Attached Exhibits**

7  2. Attached hereto as **EXHIBIT A** is a true and correct copy of Google Inc.'s First
8  Set of Requests for Production of Documents and Things from American Blind & Wallpaper
9  Factory, Inc. (the "Document Requests"). It is dated May 21, 2004.

10  3. Attached hereto as **EXHIBIT B** is a true and correct copy of American Blind &
11  Wallpaper Factory, Inc.'s Responses to Google Inc.'s First Set of Requests for Production of
12  Documents and Things. It is dated June 10, 2005.

13  4. Attached hereto as **EXHIBIT C** is a true and correct copy of Google Inc.'s
14  Second Set of Requests for Production of Documents and Things from American Blind &
15  Wallpaper Factory, Inc. (the "Document Requests"). It is dated May 10, 2006.

16  5. Attached hereto as **EXHIBIT D** is a true and correct copy of American Blind &
17  Wallpaper Factory, Inc.'s Responses to Google Inc.'s Second Set of Requests for Production of
18  Documents and Things. It is dated June 19, 2006.

19  6. Attached hereto as **EXHIBIT E** is a true and correct copy of Google Inc.'s First
20  Set of Requests for Admission to American Blind & Wallpaper Factory. It is dated January 26,
21  2006.

22  7. Attached hereto as **EXHIBIT F** is a true and correct copy of American Blind &
23  Wallpaper Factory, Inc.'s Response to Plaintiff Google Inc.'s First Set of Requests for
24  Admission. It is dated February 27, 2006.

25  8. Attached hereto as **EXHIBIT G** is a true and correct copy of Google Inc.'s
26  Second Set of Interrogatories to American Blind & Wallpaper Factory, Inc. It is dated May 10.
27  2006.

28

1

DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF COUNTER-DEFENDANT GOOGLE INC.'S
MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO SATISFY OUTSTANDING DISCOVERY
OBLIGATIONS
CASE NO. C 03-5340-JF (EAI)

379943.01

9. Attached hereto as **EXHIBIT H** is a true and correct copy of American Blind & Wallpaper Factory, Inc.'s Answer to Google Inc.'s Second Set of Interrogatories. It is dated June 19, 2006.

10. Attached hereto as **EXHIBIT I** is a true and correct copy of the Amended Notice of 30(b)(6) Deposition of American Blind and Wallpaper Factory, Inc. It is dated July 12, 2006.

11. Attached hereto as **EXHIBIT J** is a true and correct copy of documents Bates labeled ABWF48851 – ABWF48860, ABWF48864 - ABWF48873, and ABWF48988 – ABWF48997. Google Inc. has under separate cover requested that these documents be filed under seal.

12. Attached hereto as **EXHIBIT K** is a true and correct copy of pages from the deposition transcript of Jeffrey A. Alderman, taken on August 4, 2006.

13. Attached hereto as **EXHIBIT L** is a true and correct copy of documents Bates labeled ABWF005530 – ABWF005534, and ABWF005605 - ABWF005609. Google Inc. has under separate cover requested that these documents be filed under seal.

14. Attached hereto as **EXHIBIT M** is a true and correct copy of pages from the deposition transcript of Gerald B. Curran, taken on August 3, 2006.

15. Attached hereto as **EXHIBIT N** is a true and correct copy of a document a document Bates labeled ABWF 047376 – ABWF 047377. Google Inc. has under separate cover requested that this document be filed under seal.

16. Attached hereto as **EXHIBIT O** is a true and correct copy of a letter from Caroline Plater to myself, dated August 14, 2006, and attached documents Bates labeled ABWF 049364 – ABWF 049369. Google Inc. has under separate cover requested that these documents be filed under seal.

17. Attached hereto as **EXHIBIT P** is a true and correct copy of a document labeled ABWF 001308 – ABWF 001310.

18. Attached hereto as **EXHIBIT Q** is a true and correct copy of document production enclosure letters from Dawn Beery and Caroline Plater to Klaus Hamm and myself,

1  with dates ranging from October 26, 2005 – September 6, 2006.

2      19.    Attached hereto as **EXHIBIT R** is a true and correct copy of a document Bates
3  labeled ABWF 046106 – ABWF 046114. Google Inc. has under separate cover requested that
4  this document be filed under seal.

5      20.    Attached hereto as **EXHIBIT S** is a true and correct copy of a document Bates
6  labeled ABWF 043139 – ABWF 043140. Google Inc. has under separate cover requested that
7  this document be filed under seal.

8  **Facts Related to the Online Customer Satisfaction Survey**

9      21.    On August 1, 2006, ABWF produced documents that it described, in the cover
10 letter accompanying the production, as "an online customer survey conducted by American
11 Blind regarding customer satisfaction with the products and services of American Blind" (the
12 "Online Customer Satisfaction Survey").   The Online Customer Satisfaction Survey actually
13 consists of three documents: a 13-page file entitled "survey data comments 2001.txt" (Bates
14 Range ABWF 48851 - 48863), a 125-page file entitled "product surveys.txt" (Bates Range
15 ABWF 48864 – 48987), and a 247-page file entitled "customer surveys.txt" (Bates Range
16 ABWF 48988 – 49232).

17     22.    On August 2, 2006, I wrote a letter to Caroline Plater, counsel for ABWF, asking
18 for more readable versions of the Online Customer Satisfaction Survey, and all documents
19 associated with the survey, including the survey results, analysis, questions, and methodology.
20 On August 3, 2006, Ms. Plater conceded that the survey documents were "difficult to read," and
21 stated that if better versions of the survey exist or if any of the associated documents were found,
22 ABWF would produce them.  On August 14, Ms. Plater represented in a letter that more readable
23 versions of the survey did not exist, and that there were no documents associated with the survey.

24     23.    Ms. Plater confirmed this position in a September 5, 2006 letter.

25 **Facts Related to the Improperly Printed Spreadsheets**

26     24.    On July 21, 2006, I wrote Ms. Plater a letter in which I requested copies of
27 ABWF 5530 – 5534 and ABWF 5605 – 7802 in a readable format such that all of the

28

3

DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF COUNTER-DEFENDANT GOOGLE INC.'S
MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO SATISFY OUTSTANDING DISCOVERY
OBLIGATIONS
CASE NO. C 03-5340-JF (EAI)

379943.01

information in the individual cells was readable. Ms. Plater responded in a letter on July 26, 2006, "I suggest you review the manner in which Google produced its spreadsheets and charts before you demand that we provide our documents in special formats." She then listed several Bates ranges and noted, "These are just a sampling of the numerous charts that Google produced in the exact manner that American Blind produced the charts you refer to in your letter." After reviewing these charts, I explained to Ms. Plater, in a letter dated August 29, 2006, that Google's charts did not appear to be deficient, and repeated my request for more readable versions of the two sets of documents. In a letter dated September 5, 2006, Ms. Plater announced, "unless and until Google agrees to reproduce all of its spreadsheets in electronic or more readable form, we will not be doing the same." In a letter dated September 6, 2006, I repeated my request for complete versions of the spreadsheets, and I stated, "If there are specific charts that we have produced that likewise appear to omit information or contain misaligned headings, we will of course attempt to provide you with the missing information."

**Facts Related to ABWF's Inadequately Prepared 30(b)(6) Witness**

25.   On June 22, 2006, Ms. Plater wrote a letter to Klaus Hamm, an attorney at my law firm. In that letter Ms. Plater announced that Gerald Curran had been designated as ABWF's corporate representative with regard to Topic 19 of Google's 30(b)(6) Deposition Notice of ABWF.

**Facts Related to Google's First Set of Requests for Admissions**

26.   In a letter dated September 5, 2006, Ms. Plater cited the following cases in support of the accompanying objections to Google's First Set of Requests for Admissions: *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (cited for the proposition that requests for admission cannot be used to compel an admission on a question of law); *Abbott v. United States*, 177 F.R.D. 92, 93 (N.D. N.Y. 1997) (cited for the proposition that hypothetical questions are not within the purview of Rule 36); *California v. The Joules Fribourg*, 19 F.R.D. 432, 436 (N.D. Cal. 1955) (cited for the proposition that requests for admission cannot be applied to controverted legal issues that lie at the heart of a case); *Herrera v. Scully*, 143

4

DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF COUNTER-DEFENDANT GOOGLE INC.'S MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO SATISFY OUTSTANDING DISCOVERY OBLIGATIONS
CASE NO. C 03-5340-JF (EAI)

379943.01

F.R.D. 545, 549 (S.D.N.Y. 1992) (cited for the proposition that requests for admission must be direct, simple and limited to a singular relevant fact so that it can be admitted or denied without explanation). Ms. Plater did not re-assert ABWF's objection that it had no readily available information that would permit it to admit or deny the request.

### Facts Related to Google's Interrogatory Concerning ABWF's Names for Itself

27. With regard to Interrogatory No. 1 in Google's Second Set of Interrogatories, on August 29, 2006, I wrote a letter to Ms. Plater asking her, *inter alia*, to specify the dates that ABWF had used the names "American Blind," "American Blind and Wallpaper Factory," "American Blinds, Wallpaper & More," and "decoratetoday.com." I explained that the 700 pages of documents to which ABWF's interrogatory response referred were not responsive to the interrogatory. In a responsive letter on September 5, 2007, Ms. Plater referred me, once more, to the 700 pages of documents.

### Facts Related to the Kaden Company Questionnaires

28. ABWF has produced reports in this litigation from the Kaden Company. Those reports indicate that the Kaden Company conducted three focus groups on behalf of ABWF in the past several years. The reports offered to provide ABWF with the questionnaires that accompanied these focus groups.

29. In a letter dated July 21, 2006, I asked Ms. Plater to produce these questionnaires. In a responsive letter on July 26, 2006, she refused to do so without legal authority showing that ABWF was obligated to produce documents in the possession of third parties. I provided her that legal authority in a letter on August 29, 2006. In a September 5, 2007 letter, Ms. Plater agreed to produce the Kaden information "if it still exists."

### Facts Related to the American Wallpaper Survey

30. ABWF has produced a document in this litigation showing that it conducted an online survey of those individuals who visited ABWF's website after performing an internet search for the phrase "american wallpaper" (the "American Wallpaper Survey"). According to the document, which is attached as Exhibit N, individuals were asked why they visited ABWF's

5
DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF COUNTER-DEFENDANT GOOGLE INC.'S MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO SATISFY OUTSTANDING DISCOVERY OBLIGATIONS
CASE NO. C 03-5340-JF (EAI)

379943.01

1  website.  The survey appears to have been conducted by Michael Layne, ABWF's Vice-
2  President of Internet Content.

3      31.    At the time of Google's deposition of Mr. Layne (who was testifying on behalf of
4  ABWF), ABWF had only produced two sets of documents associated with the American
5  Wallpaper Survey: (1) four CDs containing the raw data from the survey, which consisted of
6  captured screenshots indicating how the survey participants navigated the online survey, which
7  was placed on ABWF's website, and (2) an 8-line e-mail from May 2006—two years after the
8  survey was conducted—in which Mr. Layne explained the survey results that were obtained in
9  July 2004, using very specific numbers (*i.e.*, Exhibit N).

10      32.    In two letters on August 2, 2006, I requested that ABWF produce *all* documents
11  related to the American Wallpaper Survey, including any documents discussing the survey
12  methodology or analyzing the results.  I pointed out that there must at least have been a
13  document from July 2004 describing the survey results, because Mr. Layne could not have
14  possibly remembered the precise results of the survey two years after the fact.  Ms. Plater
15  responded on August 3, 2006, that she had produced all documents received from her client, but
16  that she would check for further documents from Mr. Layne.

17      33.    Roughly one week later, ABWF produced only one additional document—a July
18  2004 email to which Mr. Layne had referred when he drafted his May 2006 email (*i.e.*, Exhibit
19  O).  This July 2004 email was sent to at least seven non-lawyers at ABWF.  ABWF's position
20  was, therefore, that it had no other documents related to the American Wallpaper Survey.

21  **Facts Related to ABWF 1308 – 1310**

22      34.    The top portion of a document produced by ABWF, ABWF 1308 – 1310, was
23  redacted on the basis of attorney-client privilege.  On August 29, 2006, I wrote a letter to Ms.
24  Plater asking why this portion of the document was redacted.  Ms. Plater responded, "at this
25  time, I can only speculate as to why ABWF 1308 was redacted because we have been unable to
26  locate the original.  We are continuing to look for it."

27  **Facts Related to the Form of ABWF's Production**

28

6
DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF COUNTER-DEFENDANT GOOGLE INC.'S
MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO SATISFY OUTSTANDING DISCOVERY
OBLIGATIONS
CASE NO. C 03-5340-JF (EAI)

379943.01

1    35.    On July 7, ABWF produced documents with Bates ranges ABWF 044473 – 045522 and 046457 – 046870.    These 1500 pages are simply a compilation of loose-leaf papers without any divisions, tabs, or indices.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of September, 2006, in San Francisco, California.

      /s/  Ajay Krishnan
      AJAY S. KRISHNAN

7

DECLARATION OF AJAY S. KRISHNAN IN SUPPORT OF COUNTER-DEFENDANT GOOGLE INC.'S MOTION TO COMPEL COUNTER-PLAINTIFF ABWF TO SATISFY OUTSTANDING DISCOVERY OBLIGATIONS
CASE NO. C 03-5340-JF (EAI)

379943.01