# Exhibit A

1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   RAVIND S. GREWAL - #220543
3  710 Sansome Street
   San Francisco, CA 94111-1704
4  Telephone: (415) 391-5400
   Facsimile: (415) 397-7188
5
   Attorneys for Plaintiff and Counterdefendant
6  GOOGLE INC. and Third-Party Defendants
   ASK JEEVES, INC. and EARTHLINK, INC.
7

8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (EAI) |
| 13                    Plaintiff, | **GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM AMERICAN BLIND & WALLPAPER FACTORY, INC.** |
| 14             v. | |
| 15  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive, | |
| 16 | |
| 17 | |
| 18                    Defendant. | |
| 19  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc. | |
| 20 | |
| 21                    Counterclaimant, | |
| 22             v. | |
| 23  GOOGLE, INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC., and EARTHLINK, INC., | |
| 24 | |
| 25 | |
| 26                    Counterdefendants/ Third-Party Defendants. | |

27

28

332247.01

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff GOOGLE INC. |
| RESPONDING PARTY: | Defendant AMERICAN BLIND & WALLPAPER FACTORY, INC. |
| SET NO.: | ONE |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Google Inc. ("Google") requests that Defendant American Blind & Wallpaper Factory, Inc. ("American Blind") produce for inspection and copying the documents and other tangible things described below. The documents shall be produced for inspection and copying at the offices of Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111, or at such other location as the parties may mutually agree, within thirty days of service of these requests.

## DEFINITIONS

1. "AMERICAN BLIND" means American Blind, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. "GOOGLE" means Google, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

3. The "THIRD PARTY DEFENDANTS" include each of America Online, Inc., Netscape Communications Corporation, Compuserve Interactive Services, Inc., Ask Jeeves, Inc., and Earthlink, Inc., and each of their subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which they may be a party, and/or each of their employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

4. The phrase "AMERICAN BLIND MARKS" means the marks AMERICAN BLIND & WALLPAPER FACTORY (generally, and as further identified in U.S. Trademark Reg. No. 2,022,925), AMERICAN BLIND FACTORY (generally, and as further identified in

1

332247.01

GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM
AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

1 U.S. Trademark Reg. No. 1,463,548) and DECORATETODAY (generally, and as further
2 identified in U.S. Trademark Reg. No. 2,470,542).
3     5.     The phrase "AMERICAN BLIND DOMAIN NAMES" means
4 www.americanblind.com, www.americanblindandwallpaper.com,
5 www.americanblindandwallpaperfactory.com, www.americanblindfactory.com,
6 www.americanblinds.com, www.americanblindsandmore.com,
7 www.americanblindsandwallpaper.com, www.americanblindsandwallpaperfactory.com,
8 www.americanblindswallpaperandmore.com, www.americanblindwallpaper.com,
9 www.americanwallpaperandblind.com, www.americanwallpaperandblinds.com,
10 and any other Internet domain name owned by or on behalf of American Blind through which
11 customers may purchase American Blind's products or services.
12     6.     The term "DOCUMENT(S)" is used in the broadest possible sense as interpreted
13 under the Federal Rules of Civil Procedure and includes, without limitation, all originals and
14 copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded
15 matter, however produced or reproduced, and all "writings" as defined in Federal Rule of
16 Evidence 1001, including, without limitation, the following: abstracts, advertisements, agendas,
17 agreements, analyses of any kind, appointment calendars, articles, assignments, blueprints,
18 books, brochures, charts, circulars, compilations, computer programs, runs and printouts,
19 computer data files in machine readable form, contracts, diaries, letters, email, reports (including
20 reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers,
21 drawings, photographs, specifications, drafts, catalogs, instructions, invoices, bills of materials,
22 minutes, orders, publications, purchase orders, proposals, working papers, and other writings of
23 whatsoever nature, whether on paper, magnetic tape or other information storage means,
24 including film and computer memory devices; all drafts prepared in connection with any such
25 writings, whether used or not, regardless of whether the document still exists, and regardless of
26 who has maintained custody of such documents; and where any such items contain any marking
27 not appearing on the original or are altered from the original, then such items shall be considered
28 to be separate original documents.

2
GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM
AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

332247.01

7.  The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

8.  The term "COMMUNICATION(S)" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone, mail, personal delivery or otherwise.

9.  The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

10. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1.  AMERICAN BLIND is required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 34(b), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2.  If AMERICAN BLIND cannot respond to a document request fully, after a diligent attempt to attain the requested information, AMERICAN BLIND must answer the document request to the extent possible, specify the portion of the document request AMERICAN BLIND is unable to answer, and provide whatever information AMERICAN BLIND has regarding the unanswered portion.

3.  In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in AMERICAN BLIND's possession, custody or control, AMERICAN BLIND shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

3
GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

332247.01

4. In the event any information is withheld on a claim of attorney-client privilege or work product doctrine, AMERICAN BLIND shall provide a privilege log which includes at least the following information: the nature of the information contained in the withheld DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that information was disclosed, such as would enable the privilege claim to be adjudicated, and any authority which AMERICAN BLIND asserts supports any claim of privilege.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO AMERICAN BLIND's selection, adoption and clearance of each of the AMERICAN BLIND MARKS, including, but not limited to, searches, investigations, reports and opinions.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS demonstrating that AMERICAN BLIND owns the AMERICAN BLIND MARKS.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO AMERICAN BLIND's first commercial use of each of the AMERICAN BLIND MARKS.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO AMERICAN BLIND's first use of each of the AMERICAN BLIND DOMAIN NAMES.

**REQUEST FOR PRODUCTION NO. 5:**

Copies of all advertising and promotional materials featuring the AMERICAN BLIND MARKS or AMERICAN BLIND DOMAIN NAMES.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO AMERICAN BLIND's efforts to defend its trademarks and domain names.

**REQUEST FOR PRODUCTION NO. 7:**

All business plans, reports, analyses and research RELATING TO the AMERICAN

BLIND MARKS and AMERICAN BLIND DOMAIN NAMES, including, but not limited to, strategic plans, forecasts, or projections.

**REQUEST FOR PRODUCTION NO. 8:**

All of AMERICAN BLIND's quarterly and annual audited financial statements and annual reports from 1997 to the present, including all corresponding notes and schedules.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS demonstrating AMERICAN BLIND's monthly gross revenues from products and services sold under the AMERICAN BLIND MARKS from the first use of those marks to the present.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS demonstrating AMERICAN BLIND's monthly gross revenues from products and services sold through the AMERICAN BLIND DOMAIN NAMES on a monthly basis from the first use of those domain names to the present.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS demonstrating AMERICAN BLIND's monthly profits and/or losses for products and services sold under the AMERICAN BLIND MARKS from the first use of those marks to the present.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS demonstrating AMERICAN BLIND's monthly profits and/or losses for products and services sold through the AMERICAN BLIND DOMAIN NAMES on a monthly basis from the first use of those domain names to the present.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS demonstrating AMERICAN BLIND's monthly advertising and promotional expenditures for products or services marketed under the AMERICAN BLIND MARKS from the first use of those marks to the present.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS demonstrating AMERICAN BLIND's monthly advertising and promotional expenditures for products and services sold through the AMERICAN BLIND

5
GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

332247.01

DOMAIN NAMES from the first use of those domain names to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS identifying the weekly number of hits received by each of the websites reachable through the AMERICAN BLIND DOMAIN NAMES from the first use of those domain names to the present.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS identifying the weekly number of unique users accessing the websites reachable through the AMERICAN BLIND DOMAIN NAMES from the first use of those domain names to the present.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO COMMUNICATIONS between AMERICAN BLIND and GOOGLE.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO COMMUNICATIONS between AMERICAN BLIND and the THIRD-PARTY DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS RELATING TO any trademark, servicemark, trade name, Internet domain name, or any other application/registration owned by or on behalf of AMERICAN BLIND, through assignment or otherwise, for any name, mark, or designation comprised of or containing the AMERICAN BLIND MARKS, or any variation thereof.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS RELATING TO any research, reports, surveys, investigations, or studies conducted by or on behalf of AMERICAN BLIND relating to consumer or customer perception, understanding or recognition of any name, mark or designation comprised of or containing the AMERICAN BLIND MARKS, or any variation thereof.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS RELATING TO GOOGLE or any of the THIRD-PARTY DEFENDANTS.

6

GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

332247.01

1 | **REQUEST FOR PRODUCTION NO. 22:**

2     DOCUMENTS identifying AMERICAN BLIND's corporation structure, including
3 divisions and departments.

4 | **REQUEST FOR PRODUCTION NO. 23:**

5     DOCUMENTS identifying AMERICAN BLIND's employees and their job descriptions.

6 | **REQUEST FOR PRODUCTION NO. 24:**

7     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Defendant
8 Google actively solicits others to purchase not only American Blind's registered and unregistered
9 trademarks, but also virtually every conceivable iteration of these marks."

10 | **REQUEST FOR PRODUCTION NO. 25:**

11     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Defendants
12 have deliberately manipulated their search engine 'results' so that, when consumers use these
13 search engines to find American Blind's products and services, the consumers are unwittingly
14 diverted to competitors' products and services."

15 | **REQUEST FOR PRODUCTION NO. 26:**

16     All DOCUMENTS RELATING TO AMERICAN BLIND's contention that "the
17 American Blind Marks have acquired an outstanding celebrity as a source of quality home
18 decorating products and related services."

19 | **REQUEST FOR PRODUCTION NO. 27:**

20     All DOCUMENTS RELATING TO AMERICAN BLIND's contention that "[t]he public
21 has used and now uses the American Blind Marks to identify American Blind and its home
22 decorating products and related services from the home decorating products and related services
23 offered by others[.]"

24 | **REQUEST FOR PRODUCTION NO. 28:**

25     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "[t]he
26 designation 'Sponsored Link' is itself confusing and misleading."

27 | **REQUEST FOR PRODUCTION NO. 29:**

28     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Google has

7
GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM
AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

332247.01

1  sold many keywords comprised, in whole or in part, of the American Blind marks, to competitors
2  of American Blind."
3  **REQUEST FOR PRODUCTION NO. 30:**
4      All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Google . . .
5  actively promotes and encourages competitors to embark on a sweeping competitive raid on the
6  American Blind Marks and virtually every conceivable, though indistinguishable, iteration of
7  those marks."
8  **REQUEST FOR PRODUCTION NO. 31:**
9      All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Google
10 intentionally has designed its financially lucrative 'AdWords' program to maximize the
11 infringement and dilution of American Blind's marks."
12 **REQUEST FOR PRODUCTION NO. 32:**
13     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Google has
14 knowingly sold the American Blind Marks in commerce and included them in Google's search
15 engine for Google's own profit and to increase the competitive advantage of American Blind's
16 competitors."
17 **REQUEST FOR PRODUCTION NO. 33:**
18     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Google
19 adopted and used this former trademark policy because it believed it would be, or could be,
20 found liable for trademark infringement or other related claims if it did not block such
21 purchases."
22 **REQUEST FOR PRODUCTION NO. 34:**
23     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Defendants
24 and their advertisers are wrongfully profiting off of the goodwill and reputation of trademark
25 owners such as American Blind."
26 **REQUEST FOR PRODUCTION NO. 35:**
27     All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Defendants'
28 search engines are deceptive and mislead consumers into believing falsely that the website links

8

GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM
AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

332247.01

1  to which they are directed via manipulated search 'results' links are sponsored or authorized by
2  and/or originat[e] from American Blind[.]"
3  **REQUEST FOR PRODUCTION NO. 36:**
4  All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "[t]he
5  manipulated search engine 'results,' ... dilute the ability of the American Blind Marks to
6  identify American Blind as a source of its goods and services."
7  **REQUEST FOR PRODUCTION NO. 37:**
8  All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "American
9  Blind's customers have been and will likely continue to be confused about the origin and
10 sponsorship of the companies other than American Blind listed by the Defendants in their
11 deceptive search engine 'results.'"
12 **REQUEST FOR PRODUCTION NO. 38:**
13 All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Defendants'
14 actions steal customers from American Blind's website, divert consumers to inferior products
15 and services, erode the distinctiveness of American Blind's Marks, and impair American Blind's
16 honest and good faith efforts to promote and sell its products on the Internet."
17 **REQUEST FOR PRODUCTION NO. 39:**
18 All DOCUMENTS RELATING TO AMERICAN BLIND's allegation that "Defendants'
19 actions have caused damage and irreparable injury to American Blind."
20 **REQUEST FOR PRODUCTION NO. 40:**
21 All DOCUMENTS identified in, RELATING TO, or which were relied upon in
22 responding to Google's First Set of Interrogatories to American Blind.
23 **REQUEST FOR PRODUCTION NO. 41:**
24 All DOCUMENTS upon which AMERICAN BLIND will rely in this lawsuit.
25
26
27
28

1  Dated: May 21, 2004                    KEKER & VAN NEST, LLP

                                          By: _____
                                             MICHAEL H. PAGE
                                             Attorneys for Plaintiff and Counterdefendant
                                             GOOGLE INC. and Third-Party Defendants
                                             ASK JEEVES, INC. and EARTHLINK, INC.,

332247.01

10
GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM
AMERICAN BLIND & WALLPAPER FACTORY, INC.
CASE NO. C 03-5340-JF (EAI)

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On May 21, 2004, I served the following document(s):

**GOOGLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM AMERICAN BLIND & WALLPAPER FACTORY, INC.**

☒ by **PDF TRANSMISSION AND UNITED STATES MAIL**, by transmitting via PDF on this date. A true and correct copy of same was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

| | |
|---|---|
| Susan J. Greenspon<br>David A. Rammelt<br>Kelley Drye & Warren LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Telephone: 312/857-7070<br>Facsimile: 312/857-7095 | Robert N. Phillips<br>Howrey Simon Arnold & White, LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105-2708<br>Telephone: 415/848-4900<br>Facsimile: 415/848-4999 |

Stephen E. Taylor
Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355
San Francisco, CA 94111-4209
Telephone: 415/788-8200
Facsimile: 415/788-8208

Executed on May 21, 2004, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_signature_
NOELLE S. NICHOLS

332455.01

PROOF OF SERVICE
CASE NO. C 03-5340-JF (EAI)