# Exhibit F

Dockets.Justia.com

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  Dawn M. Beery (Admitted *Pro Hac Vice*)
   KELLEY DRYE & WARREN LLP
7  333 West Wacker Drive, Suite 2600
   Chicago, IL 60606
8  Telephone: (312) 857-7070
   Facsimile: (312) 857-7095
9
   Attorneys for Defendant/Counter-Plaintiff
10 AMERICAN BLIND AND WALLPAPER
   FACTORY, INC.
11

12                UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA

13 | GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (RS) |
|---|---|
| Plaintiff, | **AMERICAN BLIND & WALLPAPER FACTORY, INC.'S RESPONSE TO PLAINTIFF GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive, | |
| Defendants. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | |
| Counter-Plaintiff, | |
| v. | |
| GOOGLE, INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC., and EARTHLINK, INC. | |
| Counter-Defendants/ Third-Party Defendants | |

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/206172.1

PROPOUNDING PARTY: PLAINTIFF GOOGLE INC.

RESPONDING PARTY: DEFENDANT/COUNTER-PLAINTIFF AMERICAN BLIND & WALLPAPER FACTORY, INC.

SET NUMBER: ONE

Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("American Blind") hereby answers Plaintiff Google Inc.'s ("Google") First Set Of Requests For Admission To American Blind & Wallpaper Factory, Inc. as follows:

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that if an ad appears on a Google search results page when a user searched for "American Blind & Wallpaper Factory" only because the advertisers has selected "blind" as a BROAD MATCH KEY WORD, and that if the ad does not include any variant of the ALLEGED AMERICAN BLINDS MARKS in its text, no ALLEGED AMERICAN BLINDS MARKS has [sic] been "used" within the meaning of the Lanham Act.

**RESPONSE:** Objection. This request for admission (a) improperly seeks conclusions and/or admissions of law that do not relate to the facts of this case, (b) presents a hypothetical question which is not within the purview of Fed. R. Civ. P. 36, (c) improperly seeks to compel American Blind to prove Google's legal position in this case, and (d) could not be answered even with reasonable inquiry because no information known or readily obtainable by American Blind could allow it to fairly admit or deny the request. Furthermore, this request contains vague and ambiguous wording which fails to comply with Fed. R. Civ. P. 36 in that it does not present simple concise statements of facts which would allow American Blind to fairly admit or deny the statements without explanation or qualification.

**REQUEST FOR ADMISSION NO. 2**

Admit that if an ad appears on a Google search results page when a user searches for

"american blind," the user has no way to determine for certain whether the ad's appearance was triggered by the phrase "american blind" or some other word or phrase.

**RESPONSE**: Objection. This request for admission (a) presents a hypothetical question which is not within the purview of Fed. R. Civ. P. 36, and (b) could not be answered even with reasonable inquiry because no information known or readily obtainable by American Blind could allow it to fairly admit or deny the request. Furthermore, this request contains vague and ambiguous wording which fails to comply with Fed. R. Civ. P. 36 in that it does not present simple concise statements of facts which would allow American Blind to fairly admit or deny the statements without explanation or qualification.

Dated: February 27, 2006

KELLEY DRYE & WARREN LLP

By: _____

David A. Rammelt
Susan J. Greenspon
Dawn M. Beery
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Robert N. Phillips
Ethan B. Andelman
HOWREY SIMON ARNOLD &
WHITE, LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendant/Counter-Plaintiff AMERICAN BLIND AND WALLPAPER FACTORY, INC.

# PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

**AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S RESPONSE TO PLAINTIFF GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

**VIA FACSIMILE and U.S. MAIL**

Michael H. Page
Mark A. Lemley
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

XX (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

(BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

XX (BY U.S. MAIL) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Chicago, Illinois.

Executed on February 27, 2006, at Chicago, Illinois.

_____
Caroline C. Plater