# Exhibit I

| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
|   | MICHAEL H. PAGE - #154913 |
| 2 | MARK A. LEMLEY - #155830 |
|   | KLAUS H. HAMM - #224905 |
| 3 | AJAY S. KRISHNAN - #222476 |
|   | 710 Sansome Street |
| 4 | San Francisco, CA 94111-1704 |
|   | Telephone: (415) 391-5400 |
| 5 | Facsimile: (415) 397-7188 |
| 6 | Attorneys for Plaintiff and Counterdefendant |
|   | GOOGLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (RS) |
| Plaintiff, | **AMENDED NOTICE OF 30(b)(6) DEPOSITION OF AMERICAN BLIND AND WALLPAPER FACTORY, INC.** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc. and DOES 1-100, inclusive, | |
| Defendants. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | |
| Counter Plaintiff, | |
| v. | |
| GOOGLE INC., | |
| Counter Defendants. | |

1  PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil
2  Procedure, Google Inc. ("Google"), will take the deposition upon oral examination of a
3  representative of Defendant/Counter-Plaintiff American Blind and Wallpaper Factory, Inc.
4  ("American Blind"). The topics to be covered are listed in Schedule A attached hereto.
5  By agreement of counsel, the deposition shall take place at the Inn at St. John's, 44045
6  Five Mile Road, Plymouth Michigan 48170, on August 2-4, 2006, beginning at 9:00 a.m. each
7  day. The testimony will be recorded by stenographic means and will also be recorded by sound-
8  and-visual means, including videotape and interactive real-time (*i.e.*, simultaneous display of the
9  transcript on a laptop through LiveNote or similar software.
10
11 DATED: July 12, 2006                KEKER & VAN NEST, LLP
12
13                                     By: _____
14                                         KLAUS H. HAMM
15                                         Attorney for Plaintiff and Counter-Defendant
                                           GOOGLE INC.

366791.02

1
AMENDED NOTICE OF 30(b)(6) DEPOSITION
Case No. C-03-5340-JF (RS)

## SCHEDULE A

As used herein, "the AMERICAN BLIND MARKS" shall refer to any and/or all trademarks alleged to be infringed or diluted by Counter-Defendants and/or Third Party Defendants.

Topics to be covered are:

1. American Blind's acquisition, selection, ownership, adoption, clearance, and use of each of the AMERICAN BLIND MARKS;

2. The validity of each of the AMERICAN BLIND MARKS and registrations;

3. Any trademark searches which were conducted by or for American Blind in connection with each of the AMERICAN BLIND MARKS;

4. American Blind's first use of each of the AMERICAN BLIND MARKS;

5. Every name that American Blind has used to identify its website;

6. For each instance in which American Blind has changed the name of its website, its reasons for so doing;

7. American Blind's products and services offered in connection with each of the AMERICAN BLIND MARKS;

8. Market research, consumer surveys, or consumer studies relating to each of the AMERICAN BLIND MARKS or products and services sold in connection with each of the AMERICAN BLIND MARKS;

9. American Blind's volume of sales, in units and dollar amounts, or products and services sold in connection with each of the AMERICAN BLIND MARKS;

10. American Blind's advertising and promotional activities and expenditures in connection with products and services sold under each of the AMERICAN BLIND MARKS;

11. American Blind's methodology for bidding on keywords in Google's Adwords advertising program;

12. American Blind's methodology for determining the value of a click-through[1] for

---

[1] A "click-through" refers to a single instance of a Google web search user clicking on the internet link located in a sponsored advertisement triggered by the user's web search

an American Blind advertisement in Google's Adwords advertising program;

13. Licensing of the AMERICAN BLIND MARKS;

14. Third party use of each of the AMERICAN BLIND MARKS in connection with goods and services of the type sold by American Blind;

15. Channels of trade for American Blind's goods and services sold in connection with the AMERICAN BLIND MARKS;

16. Purchasers of American Blind's goods and services sold in connection with the AMERICAN BLIND MARKS;

17. The strength, consumer recognition and fame of each of the AMERICAN BLIND MARKS;

18. Any alleged confusion or dilution of each of the AMERICAN BLIND MARKS caused by Google's actions;

19. The injuries and damages allegedly suffered by American Blind as a result of Google's actions;

20. The average number of visitors to American Blind's website(s) per day, month, and year;

21. The average number of visitors to American Blind's website(s) per day, month, and year, who purchase products and services through the website(s).

22. American Blind's net profit for each product or service purchased though American Blind's website(s);

23. American Blind's Affiliate Program.

24. American Blind's relationship or business dealings with any person or entity that purchased a keyword that consists in whole or in part of AMERICAN BLIND MARKS in Google's Adwords advertising program;

25. American Blind's relationship or business dealings with any person or entity that American Blind allows to use the AMERICAN BLIND MARKS in the text or title of Sponsored Links appearing on Google.

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On July 12, 2006, I served the following document(s):

**AMENDED NOTICE OF 30(b)(6) DEPOSITION OF AMERICAN BLIND AND WALLPAPER FACTORY, INC.**

by FACSIMILE TRANSMISSION (IKON) AND UNITED STATES MAIL, by placing a true and correct copy with IKON Office Solutions, the firm's in-house facsimile transmission center provider, for transmission on this date. The transmission was reported as complete and without error. Additionally, a true and correct copy of same was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Caroline C. Plater, Esq.
David A. Rammelt, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL 60606

Robert N. Phillips, Esq.
Howrey Simon Arnold & White, LLP
525 Market Street
Suite 3600
San Francisco, CA 94105-2708

Executed on July 12, 2006, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
WANDA KRAWCZYK

373473.02

NOTICE OF 30(b)(6) DEPOSITION
Case No. C 03-5340-JF (EAI)