KEKER & VAN NEST, LLP
MICHAEL H. PAGE - #154913
MARK A. LEMLEY - #155830
KLAUS H. HAMM - #224905
AJAY S. KRISHNAN - #222476
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>         Plaintiff,<br><br> v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>         Defendants. | Case No. C 03-5340-JF (RS)<br><br>**GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE**<br><br>Judge: Hon. Jeremy Fogel<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date Comp. Filed: November 26, 2003<br><br>Trial Date: May 15, 2007 |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>         Counter-Plaintiff,<br><br> v.<br><br>GOOGLE INC.,<br><br>         Counter-Defendant. | |

380378.01

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

Dockets.Justia.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   INTRODUCTION ................................................................................................................1

II.  BACKGROUND .................................................................................................................3

    A.   American Blind's failure to take any individual depositions in the 31 months before the June 27, 2006 close of discovery. .............................................3

    B.   The Court's June 23, 2006 Order providing the parties with an additional 60 days to complete pending discovery, and American Blind's immediate violation of that order. ...........................................................3

    C.   The Magistrate Judge's September 6, 2006 Order granting American Blind's "Motion To Compel Google To Respond To Discovery Timely Served Given The Current Cutoff Date of August 26, 2006." ...................4

III. ARGUMENT.......................................................................................................................6

    A.   The Magistrate Judge's Order was contrary to law because it *sua sponte* decided an issue not before the Court.............................................................7

    B.   American Blind has not shown that Mr. Page is subject to deposition in this case........................................................................................................8

    C.   American Blind does not have good cause to take any depositions after the close of fact discovery, much less the deposition of Google's co-founder and president..........................................................................................11

IV.  CONCLUSION..................................................................................................................13

i

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Baine v. General Motors*
    141 F.R.D. 332 (M.D. Ala. 1991) ..................................................................................9

*Buckingham v. United States*,
    998 F.2d 735 (9th Cir. 1993) .......................................................................................7

*Cardenas v. The Prudential Ins. Co. of America*
    2003 WL 21293757, *1 (D. Minn. 2003) ...................................................................8

*Cornwell v. Electra Central Credit Union*
    439 F.3d 1018 (9th Cir. 2006) ...................................................................................12

*Day v. McDonough*
    126 S.Ct. 1675 (2006) .................................................................................................7

*Folwell v. Hernandez*
    210 F.R.D. 169 (M.D.N.C. 2002) ................................................................................9

*Ibarra v. Sunset Scavenger Co.*
    2003 WL 21244096, *4 (N.D. Cal. 2003) .................................................................12

*Padgett v. City of Monte Serno*
    2006 WL 1141265, *1 (N.D. Cal. May 1, 2006) ......................................................12

*Rosario v. Livaditis*
    963 F.2d 1013 (7th Cir. 1992) ...................................................................................12

*Thomas v. International Business Machines*
    48 F.3d 478 (10th Cir. 1995) ......................................................................................9

*Verizon Delaware, Inc. v. Covad Communications Co.*
    377 F.3d 1081 (9th Cir. 2004) ....................................................................................7

ii
GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

1   TO DEFENDANT and COUNTERPLAINTIFF AMERICAN BLIND & WALLPAPER
2   FACTORY, INC. AND TO ITS ATTORNEYS OF RECORD:
3       PLEASE TAKE NOTICE that pursuant to Rule 72(a) of the Federal Rules of Civil
4   Procedure, Plaintiff and Counterdefendant Google Inc. will and hereby does object to the Order
5   Granting In Part And Denying In Part Motion To Compel of the Magistrate Judge dated
6   September 6, 2006.  Google asks that the matter be heard as soon as possible in the above-
7   captioned Court, located at 280 South 1st Street, San Jose, California.  Pursuant to the Court's
8   Local Rules, oral argument may not be required in this matter.
9       This Motion is brought on the grounds that, contrary to law, the Magistrate Judge *sua*
10  *sponte* ruled that Google's president and co-founder Larry Page is subject to deposition even
11  though *both parties* asked the Magistrate Judge not to rule on that issue and even though the
12  Magistrate Judge ruled that movant American Blind and Wallpaper Factory, Inc. ("American
13  Blind") was not entitled to the relief that it actually sought.  This Motion is also brought on the
14  grounds that the Magistrate Judge's Order was contrary to law and clearly erroneous because Mr.
15  Page is not subject to deposition in this case and American Blind does not have good cause to
16  reopen discovery.  This Motion is based upon this Notice of Motion, the Memorandum of Points
17  and Authorities included herein, the Declarations of Michael S. Kwun and Klaus H. Hamm filed
18  herewith, all pleadings, papers and files in this action, such oral documentary evidence as may be
19  presented at the hearing, and any other factors that this Court may wish to consider.

20      **MEMORANDUM OF POINTS AND AUTHORITIES**
21      **I.     INTRODUCTION**
22      The question presented by this Objection is whether it is error for a magistrate judge to
23  *sua sponte* order the post-cutoff deposition of the senior executive of one of America's largest
24  corporations, when the moving party bases its motion solely on the contention that the deposition
25  notice was "timely served," and the magistrate judge correctly finds that the discovery at issue
26  was *not* timely served.  The answer to this question, of course, is "yes."  But this is exactly what
27  the Magistrate Judge did when he held that Google's co-founder and president Larry Page is
28

1

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

1  subject to deposition in this case.  In fact, not only did Defendant American Blind and Wallpaper
2  Factory, Inc. ("American Blind") not present the issue of whether Mr. Page is "subject to
3  deposition in this case" in its Motion To Compel Google To Respond To Discovery Timely
4  Served, it explicitly *disclaimed* any intent to present that issue.  Relying on that express
5  disclaimer, Google in turn did not address the issue in opposition.

6  Because neither party presented the issue whether Mr. Page is subject to deposition, the
7  Magistrate Judge decided the issue without affording Google any opportunity to present evidence
8  in opposition.  The Magistrate Judge found that Mr. Page could be deposed because of his
9  "possible personal involvement" with issues relevant to this case.  Had Google been afforded the
10 opportunity to brief that question, it would have established that Mr. Page's only connection to
11 this case is that he approved a policy that others at the company formulated and which allows
12 Google's advertisers to display ads on pages that display search results relevant to searches
13 containing their competitors' trademarks.  Google and American Blind are litigating whether this
14 policy—as applied to American Blind's alleged trademarks—violates trademark laws.  But Mr.
15 Page does not have any non-privileged information about American Blind or how this policy
16 applies to American Blind's alleged trademarks, and Mr. Page's limited knowledge of the
17 *formation* of Google's trademark policy is wholly irrelevant to the question of  that policy's
18 *legality*, either as regards American Blind or generally.  In short, if American Blind can depose
19 Mr. Page in this case, executives of corporations are subject to deposition in virtually every case
20 involving their companies:  lawsuits against corporations inevitably touch upon corporate
21 policies, and senior executives inevitably play a role in formulating those policies.

22 It is also important to keep in mind that American Blind not only seeks to depose a top
23 executive at one of America's largest corporations, but that it seeks to do so *after* the close of a
24 lengthy discovery period.  During this discovery period, American Blind did little to prosecute its
25 case.  It did not depose a single individual and it has even admitted its own lack of diligence to
26 this Court.  Rather than systematically deposing lower level individuals at Google to determine
27 whether Mr. Page has knowledge unique to this case—as the case law requires parties seeking an
28

2

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

apex deposition to do—American Blind wants to start at the top. The Court should not allow this transparent ploy to harass Google.

## II.    BACKGROUND

**A.    American Blind's failure to take any individual depositions in the 31 months before the June 27, 2006 close of discovery.**

This case is now almost three years old. Google filed its complaint seeking declaratory relief on November 26, 2003. Seven months later, discovery was stayed from June 21, 2004 until April 20, 2005. On February 3, 2006, the Court extended discovery from its February 27, 2006 cutoff until June 27, 2006. During the 31 months between when Google filed suit and the close of discovery—including, obviously, the 14 months between when discovery re-opened and the close of discovery—American Blind did not take a single individual deposition.[1] Indeed, the only depositions that American Blind took during the lengthy discovery period were pursuant to a single deposition notice it served on Google under Rule 30(b)(6).

**B.    The Court's June 23, 2006 Order providing the parties with an additional 60 days to complete pending discovery, and American Blind's immediate violation of that order.**

On June 9, 2006, with fact discovery set to close in "a mere two weeks," American Blind filed a motion seeking to extend the case deadlines an additional 90 days.[2] Google opposed the request. After full briefing and a June 23, 2006 hearing, this Court extended the schedule for 60 days so the parties could complete discovery already served. At the hearing the Court stated: "*The point is to allow the parties to complete discovery, not to do new discovery. . . .* So the blanket order is simply the *time to complete discovery that's already underway*, 30(b)(6) depositions, other depositions[,] document discovery. If you need another two months, I understand."[3] The Court's written order that issued the same day likewise stated that "the

---

[1] Once Google had identified Prashant Fuloria as a Rule 30(b)(6) deponent, American Blind served an individual deposition notice for him at the same date and time, under the mistaken impression that doing so would double the federal 7-hour limitation.

[2] American Blind & Wallpaper [sic], Inc.'s Motion To Amend And Extend Case Management Order Dates at 3.

[3] Declaration of Klaus H. Hamm, filed herewith ("Hamm Decl."), Ex. A (June 23 Tr.) at 3 (emphasis added).

3
GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

extension of case management dates is intended *only to allow the parties to complete discovery that is within the previously established scope of discovery*."[4]

Consistent with the Civil Local Rules' requirement regarding discovery after the cut-off, this Court stated that "if there is something that comes up in completing the pending discovery that leads either party to think that there's something further they need to do, then you should go to Judge Seeborg . . . *If you want to initiate something that's not already in the pipeline, then you need to go to the magistrate judge and show good cause*."[5]  The written order similarly stated that if "a party believes that additional discovery is necessary, the parties should attempt to resolve the matter between themselves.  However, if an agreement cannot be reached, permission to conduct additional discovery shall be sought from Magistrate Judge Seeborg."[6]

Despite this Court's clear Order, the next business day American Blind served deposition notices for Google's two co-founders, Larry Page and Sergey Brin, without attempting to meet and confer with Google.[7]  American Blind also served untimely Requests for Admission, and over the next few weeks proceeded to notice seven *additional* depositions.[8]

**C.   The Magistrate Judge's September 6, 2006 Order granting American Blind's "Motion To Compel Google To Respond To Discovery Timely Served Given The Current Cutoff Date of August 26, 2006."**

American Blind's "Motion To Compel Google To Respond To Discovery Timely Served Given The Current Cutoff Date of August 26, 2006," sought among other things to compel the deposition of Google's co-founder Mr. Page.  As the Motion's title makes clear, the Motion was based on American Blind's perceived right to issue new discovery within the 60-day limited-in-scope extension of the discovery period, notwithstanding this Courts' Order to the contrary.  The

---

[4] Order Granting in Part Defendant's Motion to Extend Case Management Deadlines ("June 23 Order") at 2 (emphasis added).

[5] Hamm Decl. Ex A (June 23 Tr.) at 3 (emphasis added).

[6] June 23 Order at 2.

[7] Hamm Decl. Exs. B (Page Depo. Notice), C (Brin Depo. Notice).

[8] Hamm Decl. Exs. D - K.  Google objected to those depositions as well, and Judge Seeborg denied leave to take them.  Nonetheless, American Blind proceeded to take the deposition in Arizona on September 14, 2006 of a third party (Rick Steele), a deposition that Google had no choice but to attend despite the discovery cutoff.

4

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

1   Notice Of Motion confirmed the relief sought, providing notice only of American Blind's pursuit
2   of an order compelling Google "to respond to all discovery issued by American Blind that is
3   timely served given the current discovery cutoff date of August 26, 2006."[9]  Moreover, the
4   memorandum of points and authorities stated that because "Google has solely objected to these
5   depositions on timeliness grounds, American Blind does not address" the issue of whether Mr.
6   Page is subject to deposition in this case.[10]  It continued that if "Google later seek[s] a protective
7   order on that ground[] that . . . Page [is] not subject to deposition in this case, American Blind
8   will address the issue at the time."[11]

9       Google opposed American Blind's motion to compel, arguing that the Court's order
10  extending the discovery period only for already pending discovery unambiguously prevented
11  American Blind from serving new discovery without first meeting and conferring with Google
12  and seeking leave of Court.  In its brief, Google noted American Blind's acknowledgement that
13  Google has the right to later seek a protective order on the ground that Mr. Page is not subject to
14  deposition and stated that "Google hereby reserves its right to do so."[12]

15      In his September 6, 2006 order on American Blind's motion to compel, the Magistrate
16  Judge acknowledged that American Blind "characterized the relief it was seeking as an order to
17  compel compliance with timely-served discovery requests."[13]  The Magistrate Judge's Order
18  explained that American Blind argued that the Court's June 23 Order gave it "the right to . . .
19  serve *new* deposition notices without seeking an agreement from Google or leave from this
20  Court, as long as the new requests were within the 'scope' of prior discovery issues."[14]  The
21  Magistrate Judge's Order ruled that this "interpretation was plainly incorrect," particularly since

---

[9] Motion To Compel Google To Respond To Discovery Timely Served Given The Current Cutoff Date of August 26, 2006 ("Motion To Compel Discovery Timely Served") at 1.
[10] *Id.* at 3 n.1.
[11] *Id.*
[12] Google's Opposition to Motion To Compel Discovery Timely Served at 10 n. 43.
[13] Order Granting In Part And Denying In Part Motion To Compel ("September 6, 2006 Order") at 1.
[14] *Id.* at 3.

28                                  5
GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

1  this Court's comments during the hearing on American Blind's motion to extend discovery
2  "expressly rejected American Blind's attempt to obtain advance permission to serve any new
3  discovery requests."[15] The Magistrate Judge's Order further noted that American Blind failed to
4  follow the required meet and confer process.[16]

5  Despite recognizing that American Blind sought an order based on the erroneous premise
6  that American Blind timely noticed Mr. Page's deposition, the Magistrate Judge proceeded to
7  rule *sua sponte* that the "real issue" was "whether there is good cause to reopen discovery[.]"[17]
8  He then held that American Blind had shown good cause to take Mr. Page's deposition because
9  of his "personal involvement in the policy changes," which allowed Google advertisers to
10  display ads on pages displaying results relevant to a search for the trademark of the advertiser's
11  competition, "did not come to full light until August 10, 2006."[18] At that time, Google's Rule
12  30(b)(6) witness "disclosed that the policy change was the result of a concern that 'I think . . .
13  came from Larry Page.'"[19]

### III.     ARGUMENT

Under Rule 72(a), a district court should vacate the ruling of a Magistrate Judge upon a showing that the order was clearly erroneous or contrary to law. Here, the Magistrate Judge's Order was contrary to law because it *sua sponte* decided an issue—whether Mr. Page is subject to deposition—that was not before it and that *both* parties reserved. Moreover—perhaps because Magistrate Judge decided an issue neither party had briefed—the Magistrate Judge's Order ruling that Mr. Page is subject to deposition and that American Blind has good cause to reopen discovery to take it was clearly erroneous and contrary to law.

---

[15] *Id.* at 3-4.
[16] *Id.* at 4.
[17] *Id.*
[18] *Id.* at 5.
[19] *Id.* (alterations in original).

6
GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

### A. The Magistrate Judge's Order was contrary to law because it *sua sponte* decided an issue not before the Court.

The Magistrate Judge's order was contrary to law because it decided an important issue that both parties reserved from the Magistrate Judge's consideration and that Google did not have the opportunity to fully brief. It is a fundamental premise of our legal system that parties are entitled to receive notice before a court decides an important issue against it. This principle holds true even for matters which court may decide *sua sponte*. Indeed, just this spring, the United States Supreme Court ruled that even though courts may *sua sponte* consider the timeliness of a habeas petition "[o]f course, before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."[20]

Instead of limiting his order to the timeliness issue, *i.e.*, whether American Blind timely noticed Mr. Page's deposition, the Magistrate Judge also ruled that Mr. Page is subject to deposition in this case. The Magistrate Judge made this ruling *sua sponte* even though American Blind did not move on this issue, even though both parties reserved this question and even though the Magistrate Judge himself acknowledged that American Blind was not entitled to the relief it actually sought. American Blind moved to compel discovery "timely served," arguing that it had received open-ended permission to conduct discovery until August 26, 2006. In so moving, American Blind reserved the issue of whether Mr. Page is "subject to deposition in this case[.]"[21] In its opposition, Google explained why American Blind was wrong about timely serving the deposition notice and Google reserved its right to later address the issue of whether Mr. Page is subject to deposition in this case.[22] Likewise, in his ruling, the Magistrate Judge recognized that American Blind sought "an order to compel compliance with timely-served

---

[20] *Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006); *see also Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1092 (9th Cir. 2004) ("Before a court makes a *sua sponte* grant of summary judgment, 'a litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue.'") (quoting *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993)).

[21] Motion To Compel Discovery Timely Served at 3 n.1.

[22] Google's Opposition To Motion To Compel Discovery Timely Served at 10 n.43.

1  discovery responses."[23]  On this point, the Magistrate Judge held that American Blind was
2  "plainly incorrect" that discovery closed on August 26 rather than June 27.[24]  Nevertheless, the
3  Magistrate Judge went on to rule that even though American Blind did not timely notice Mr.
4  Page's deposition, American Blind "made an adequate showing that good cause exists to permit
5  such deposition[.]"[25]  In making this ruling, the Magistrate Judge relied upon facts and argument
6  that American Blind presented for the first time in its reply brief.

7  Because the Magistrate Judge reached out and decided *sua sponte* an issue that was not
8  before him—indeed, an issue that the parties specifically reserved—his order compelling Mr.
9  Page's declaration was contrary to law and should be set aside.

**B.     American Blind has not shown that Mr. Page is subject to deposition in this case.**

Mr. Page is not subject to deposition in this case since American Blind has not made the necessary showing for deposing one of America's busiest executives.  Pursuant to Rule 26(b)(2) a court *shall* limit discovery if the discovery sought is (1) unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive, or (2) if the burden or expense of the proposed discovery outweighs its likely benefit.

Since the objective of this rule is to guard against redundant, disproportionate or oppressive discovery, "courts frequently restrict efforts to depose senior executives where the party seeking the deposition can obtain the same information through a less intrusive means, or when the party has not established that the executive has some unique knowledge pertinent to the issues in the case."[26]  Courts have used Rule 26 to limit depositions of executives when it is plain that the party seeking the deposition views it more as a vehicle for harassment and exerting settlement pressure rather than as a means of gathering information.  Specifically,

Rule 26(b) gives the court power to regulate harassing or burdensome depositions

---

[23] September 6, 2006 Order at 1.
[24] *Id.* at 3.
[25] *Id.* at 5.
[26] *Cardenas v. The Prudential Ins. Co. of America*, 2003 WL 21293757, *1 (D. Minn. 2003).

8
GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

> . . . unless a high level executive has unique personal knowledge about the controversy, the court should regulate the discovery process to avoid oppression, inconvenience, and burden to the corporation and to the executive. Furthermore, the court must be attuned to the possibility that the noticing of the deposition of a high level executive may have the potential for harassment. . . . Moreover, the oral deposition of a high level corporate executive should not be freely granted when the subject of the deposition will be only remotely relevant to the issues of the case.[27]

The Tenth Circuit's *Thomas v. International Business Machines*, 48 F.3d 478 (10th Cir. 1995), provides an illuminating example of the policy of restricting depositions of high level executives who, at most, have peripheral knowledge of relevant facts. In this age discrimination case, at the end of an already extended discovery period, plaintiffs sought to depose John F. Akers, the Chairman of the Board of Directors of IBM. The plaintiff argued that Akers authored an IBM policy at issue that incentivized employees to voluntarily retire.[28] The court nevertheless rejected the plaintiffs' attempt to depose Akers because "the genesis" of the policy was not at issue and, in any case, the plaintiff "made no attempt to demonstrate that the information she seeks to obtain from Akers could not be gathered from other IBM personnel, for whom a deposition might have been less burdensome."[29]

Of course, it makes sense that a party must show more than that an executive approved a policy at issue or provided the directive that led to its creation. Otherwise, every time someone sued a major corporation he could depose their executives, since executives almost always play a role in setting major policies and a plaintiff can almost always show that a major policy is at issue. If the rule were otherwise, Mr. Page could have spent a month in deposition this year, and a second month in preparation: Google has been a party to 35 lawsuits in 2006 alone, most of which relate to company policies or decisions that were initiated by, discussed with, and/or

---

[27] *Folwell v. Hernandez*, 210 F.R.D. 169, 173-74 (M.D.N.C. 2002).

[28] *Thomas*, 48 F.3d at 483.

[29] *Id*; *see also Baine v. General Motors*, 141 F.R.D. 332, 334 (M.D. Ala. 1991) (because "legal authority is fairly unequivocal in circumstances such as these," court issued protective order barring deposition of top executive of GM's Buick division until and unless depositions of lower-ranking executives had been taken and a showing of necessity made even though he authored memorandum at issue).

9

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

approved by company executives.[30]

Here, American Blind has not made a sufficient showing to depose Mr. Page. If allowed to proceed, Mr. Page will be the first individual at Google that American Blind deposes in three years of litigation (American Blind has deposed only the three corporate representatives that Google designated in response to a Rule 30(b0(6) deposition notice). Rather than starting with any of the 20 lower level employees that Google listed in its initial disclosures as having direct knowledge of the facts at issue, American Blind wants to start at the top.[31] And it wants to start at the top even though Mr. Page has no non-privileged knowledge about American Blind's account with Google, or of Google's handling of American Blind's trademark complaints.[32] This would be insufficient basis to depose Mr. Page *before* the discovery cutoff: it is even less sufficient to justify an out-of-time deposition.

Neither can American Blind justify its belated desire to depose Mr. Page: American Blind listed Mr. Page *in its initial disclosures* as an individual who "may have information that American Blind may use to support its case," including information about "Google's advertising policies."[33] It had ample time to seek discovery from other witnesses, but failed to do so. Indeed, the only reason that American Blind could cite "recently discovered" testimony concerning Mr. Page to the Magistrate Judge is that it failed to take *any* depositions until the eleventh hour.

Moreover, deposing Mr. Page would be burdensome, oppressive and harassing since Mr. Page typically works long work days, rarely taking a day off, and often travels for business, sometimes for extended periods of time.[34]

Aside from its obvious harassment value, deposing Mr. Page will do little to help American Blind advance this case. The only knowledge even arguably related to this case that

---

[30] Declaration of Michael S. Kwun, filed herewith ("Kwun Decl."), ¶ 2.
[31] Hamm Decl. Ex. L (Google's Initial Disclosures).
[32] Kwun Decl. ¶ 6.
[33] Hamm Decl. Ex. M (American Blind's Initial Disclosures).
[34] Kwun Decl. ¶ 5.

10

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

1 American Blind has shown that Mr. Page possesses is about the origin and approval of Google's
2 trademark policy regarding keyword advertising.  But the "genesis" of this policy has little
3 relevance to this case.  Instead, the key question in this case is whether this policy is consistent
4 with trademark law.  Even if the genesis of the policy were relevant, Mr. Page does not uniquely
5 possess this knowledge.  Testimony cited by American Blind that it obtained more than a month
6 before the close of discovery shows that Mr. Page considered the policy together with a team of
7 people that included lower level personnel:

> Q.  Ultimately Mr. Page or Mr. Brin had to approve the change in trademark policy; is that correct?
>
> A.  I am not sure that is correct.
>
> Q.  Do you know one way or the other?
>
> A.  I believe that our executive team is authorized to make, to approve or disapprove these sorts of policy changes and the composition of that executive team includes our CEO, Eric Schmidt, as well as Larry Page and Sergey Brin, our presidents, *as well as other executives*.[35]

In short, this case presents a textbook example of when the deposition of a high level executive should be prohibited.  Mr. Page does not have any non-privileged information about any aspect of American Blind's relationship with Google.  The only vague connection he has to this case is that he provided the directive that led to a policy at issue in this case and was a member of a team that approved that policy.  But, as the case law (and common sense) demonstrates, the fact that an executive helped formulate a policy at issue in litigation does not subject that executive to deposition.  If the rule were otherwise, executives at America's largest corporations would be deposed dozens of times every year.  The Magistrate Judge's Order was thus clearly erroneous and contrary to law.

**C.    American Blind does not have good cause to take any depositions after the close of fact discovery, much less the deposition of Google's co-founder and president.**

The Magistrate Judge's Order was also clearly erroneous and contrary to law because it allowed American Blind to reopen discovery without good cause to do so.  When a party "fails to

---

[35] Hamm Decl. Ex. N (May 18, 2006 Fuloria Depo.) (emphasis added).

11

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

1  pursue discovery in the face of a court ordered cut-off," it "cannot plead prejudice from his own

2  inaction."[36]  The Ninth Circuit has held that a party does not diligently conduct discovery if it

3  fails "to depose a witness during the twenty-seven months between the start of litigation and the

4  discovery cut-off" or if "he failed to conduct discovery despite a one month continuance."[37]

5  Once discovery has closed, a party must show good cause for re-opening, which requires not

6  only "good reason for the question in the abstract, but good reasons that they could not have been

7  propounded within the normal time requirements."[38]

8      During the 31 months between the start of litigation and the discovery cut-off, American

9  Blind did not take the deposition of a single individual witness.  The only depositions it took at

10  all were at the tail end of discovery, after one extension had been granted, pursuant to a single

11  deposition notice that it served on Google.  American Blind has acknowledged its own lack of

12  diligence.  When American Blind moved the Court for an extension of the June 27, 2006 fact

13  discovery cut-off, it relied on its own lack of diligence in conducting discovery.  American Blind

14  again emphasized its own lack of diligence when it moved to compel Mr. Page's deposition,

15  arguing that the its ownership change, taking place from April to June of this year, "severely

16  disrupted its ability . . . to propound discovery."[39]  A party should not be permitted to wait until

17  the end of a more than one year long discovery period to take depositions and then insist that it

18  needs additional time to do so.

19      The Court's ruling also was clearly erroneous because it ruled that "Page's possible

20  personal involvement in the policy changes did not come to full light until August 10, 1006."[40]

21  In fact, as American Blind itself argued in its motion that depositions taken on April 12, 2006

---

[36] *Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir. 1992).

[37] *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (collecting cases); *Ibarra v. Sunset Scavenger Co.*, 2003 WL 21244096, *4 (N.D. Cal. 2003) (when party had "from the fall of 2001 to March 31, 2003 to conduct discovery," during that time it "should have determined whom to depose and conducted those depositions").

[38] *Padgett v. City of Monte Serno*, 2006 WL 1141265, *1 (N.D. Cal. May 1, 2006).

[39] Motion To Compel Discovery Timely Served at 1.

[40] September 6, 2006 Order at 5.

12
GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01

1  and May 18, 2006 demonstrated that "Mr. Page had knowledge of decisions regarding the change in the trademark policy at Google," and the deposition testimony it cites shows that, as part of a team that included at least six people, Mr. Page approved the policy change.[41] The only new piece of information that came to light on August 10, 2006 was that Google considered changing its trademark policy in response to a directive to "explore ways that we could provide users with more choices and more ads" that emanated from Mr. Page.[42]  This testimony is entirely cumulative to information that American Blind possessed much earlier:  indeed, that it possessed so early that it was able to identify Mr. Page as a witness in its initial disclosures.  The fact that Google's top executives are informed about Google's core business decisions and policies is hardly breaking news.

American Blind knew that Mr. Page was involved with the decision to change Google's trademark policy long ago.  But American Blind waited until after the Court denied its motion to extend discovery and the day before discovery closed to notice Mr. Page's deposition.  As a result, American Blind does not have good cause to reopen discovery and the Magistrate Judge's Order to the contrary was clearly erroneous and contrary to law.

## IV.    CONCLUSION

For the foregoing reasons, the Court should vacate the Magistrate Judge's September 6, 2006 order compelling the deposition of Mr. Page.

Dated:  September 20, 2006                     KEKER & VAN NEST, LLP


By: /s/ Klaus H. Hamm
    KLAUS H. HAMM
    Attorneys for Plaintiff and Counter
    Defendant GOOGLE INC.

---

[41] Motion To Compel Discovery Timely Served at 3.

[42] American Blind's Reply In Support of Motion To Compel Discovery Timely Served at 6.

13

GOOGLE INC.'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF
GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

380378.01