# Exhibit H

Dockets.Justia.com

1   Robert N. Phillips (SBN 120970)
    Ethan B. Andelman (SBN 209101)
2   HOWREY SIMON ARNOLD & WHITE, LLP
    525 Market Street, Suite 3600
3   San Francisco, CA 94105
    Telephone: (415) 848-4900
4   Facsimile: (415) 848-4999

5   David A. Rammelt (Admitted *Pro Hac Vice*)
    Susan J. Greenspon (Admitted *Pro Hac Vice*)
6   KELLEY DRYE & WARREN LLP
    333 West Wacker Drive, Suite 2600
7   Chicago, IL 60606
    Telephone: (312) 857-7070
8   Facsimile: (312) 857-7095

9   Attorneys for Defendant/Counter-Plaintiff
    AMERICAN BLIND AND WALLPAPER
10  FACTORY, INC.

11                  UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
12

13  GOOGLE INC., a Delaware corporation,        Case No. C 03-5340-JF (RS)

14          Plaintiff,                          **NOTICE OF DEPOSITION OF
                                                BISMARK LEPE**
15      v.

16  AMERICAN BLIND & WALLPAPER
    FACTORY, INC., a Delaware corporation
17  d/b/a decoratetoday.com, Inc.; and DOES 1-
    100, inclusive,
18
            Defendants.
19
    AMERICAN BLIND & WALLPAPER
20  FACTORY, INC., a Delaware corporation
    d/b/a decoratetoday.com, Inc.,
21
            Counter-Plaintiff,
22
        v.
23
    GOOGLE, INC.,
24          Counter-Defendants.

25

26

27

28

CH01/PLATC/211773.1

1    PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2  BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3  & Warren LLP, will take the deposition upon oral examination of **Bismark Lepe**, on August 24,

4  2006, at 9:00 a.m., continuing day-to-day until completed, at the offices of HOWREY SIMON

5  ARNOLD & WHITE, LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105, (415) 848-

6  4900.

7    The deposition will be held before a Notary Public or before some other person

8  authorized by law to administer oaths and will be recorded stenographically in accordance with

9  Federal Rule 30.

10
      Dated: August 7, 2006                          KELLEY DRYE & WARREN LLP
11

12

13

14                                       By: _____

15                                       David A. Rammelt
                                         Susan J. Greenspon
16                                       KELLEY DRYE & WARREN LLP
                                         333 West Wacker Drive, Suite 2600
17                                       Chicago, IL 60606
                                         Telephone:  (312) 857-7070
18                                       Facsimile:  (312) 857-7095

19                                       Robert N. Phillips
                                         Ethan B. Andelman
20                                       HOWREY SIMON ARNOLD & WHITE, LLP
                                         525 Market Street, Suite 3600
21                                       San Francisco, CA 94105
                                         Telephone:  (415) 848-4900
22                                       Facsimile:  (415) 848-4999

23                                       Attorneys for Defendant/Counter-Plaintiff
                                         AMERICAN BLIND AND WALLPAPER
24                                       FACTORY, INC.

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/211773.1                        - 2 -

1

## PROOF OF SERVICE

2      I am a citizen of the United States and a resident of the State of Illinois. I am employed in

3  Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose

   direction the service was made. I am over the age of eighteen years, and not a party to the within

4  action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the

   date set forth below, I served the document(s) described below in the manner described below:

5

6  **NOTICE OF DEPOSITION OF BISMARK LEPE**

7      **XX.**    (BY FACSIMILE) I am personally and readily familiar with the business practice

          of Kelley Drye & Warren, LLP for collection and processing of document(s) to be

8         transmitted by facsimile and I caused such document(s) on this date to be transmitted by

          facsimile to the offices of addressee(s) at the numbers listed below.

9

10 Michael H. Page
   Klaus H. Hamm
11 Ajay S. Krishnan
   Keker & Van Nest, LLP
12 710 Sansome Street
   San Francisco, CA 94111
13 Facsimile: (415) 397-7188

14

15      Executed on August 7, 2006, at Chicago, Illinois. I declare under penalty of

   perjury under the applicable laws that the above is true and correct.

16

17

18  _Caroline C. Plater_ (signature)
   _____
19 Caroline C. Plater

20

21

22

23

24

25

26

27

28

# Exhibit I

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA  94105
   Telephone:  (415) 848-4900
4  Facsimile:  (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL  60606
   Telephone:  (312) 857-7070
8  Facsimile:  (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
12

13 GOOGLE INC., a Delaware corporation,        | Case No. C 03-5340-JF (RS)

14           Plaintiff,                         | **NOTICE OF DEPOSITION OF
                                                | LASHIKA SAMARASINGHE**
15      v.

16 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18
             Defendants.
19
   AMERICAN BLIND & WALLPAPER
20 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.,
21
             Counter-Plaintiff,
22
        v.
23
   GOOGLE, INC.,
24           Counter-Defendants.

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606

CH01/PLATC/211775.1

1           PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2    BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3    & Warren LLP, will take the deposition upon oral examination of **Leshika Samarasinghe**, on

4    August 25, 2006, at 9:00 a.m., continuing day-to-day until completed, at the offices of HOWREY

5    SIMON ARNOLD & WHITE, LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105,

6    (415) 848-4900.

7           The deposition will be held before a Notary Public or before some other person

8    authorized by law to administer oaths and will be recorded stenographically in accordance with

9    Federal Rule 30.

10

11   Dated: August 7, 2006                    KELLEY DRYE & WARREN LLP

12

13

14   By:

15   David A. Rammelt
     Susan J. Greenspon

16   KELLEY DRYE & WARREN LLP
     333 West Wacker Drive, Suite 2600

17   Chicago, IL 60606
     Telephone: (312) 857-7070

18   Facsimile: (312) 857-7095

19   Robert N. Phillips
     Ethan B. Andelman

20   HOWREY SIMON ARNOLD & WHITE, LLP
     525 Market Street, Suite 3600

21   San Francisco, CA 94105
     Telephone: (415) 848-4900

22   Facsimile: (415) 848-4999

23   Attorneys for Defendant/Counter-Plaintiff
     AMERICAN BLIND AND WALLPAPER

24   FACTORY, INC.

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/211775.1                - 2 -

## PROOF OF SERVICE

    I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

### NOTICE OF DEPOSITION OF LESHIKA SAMARASINGHE

    **XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

Michael H. Page
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Facsimile: (415) 397-7188

    Executed on August 7, 2006, at Chicago, Illinois. I declare under penalty of perjury under the applicable laws that the above is true and correct.

Caroline C. Plater

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/211775.1

- 3 -

# Exhibit J

1   Robert N. Phillips (SBN 120970)
    Ethan B. Andelman (SBN 209101)
2   HOWREY SIMON ARNOLD & WHITE, LLP
    525 Market Street, Suite 3600
3   San Francisco, CA  94105
    Telephone:  (415) 848-4900
4   Facsimile:  (415) 848-4999

5   David A. Rammelt (Admitted *Pro Hac Vice*)
    Susan J. Greenspon (Admitted *Pro Hac Vice*)
6   KELLEY DRYE & WARREN LLP
    333 West Wacker Drive, Suite 2600
7   Chicago, IL  60606
    Telephone:  (312) 857-7070
8   Facsimile:  (312) 857-7095

9   Attorneys for Defendant/Counter-Plaintiff
    AMERICAN BLIND AND WALLPAPER
10  FACTORY, INC.

11              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
12

13  GOOGLE INC., a Delaware corporation,        Case No. C 03-5340-JF (RS)

14          Plaintiff,                          **NOTICE OF DEPOSITION OF**
                                                **RICK STEELE**
15      v.
                                                Date: August 23, 2006
16  AMERICAN BLIND & WALLPAPER                  Time: 9:00 a.m.
    FACTORY, INC., a Delaware corporation       Location:
17  d/b/a decoratetoday.com, Inc.; and DOES 1-
    100, inclusive,
18
            Defendants.
19
    AMERICAN BLIND & WALLPAPER
20  FACTORY, INC., a Delaware corporation
    d/b/a decoratetoday.com, Inc.,
21
            Counter-Plaintiff,
22
        v.
23
    GOOGLE, INC.,
24          Counter-Defendants.

25

26

27

28

CH01/PLATC/211796.1

1         PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2    BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3    & Warren LLP, will take the deposition upon oral examination of **Rick Steele**, on August 23,

4    2006, at 9:00 a.m., continuing day-to-day until completed, at the Holiday Inn, 1600 S. Country

5    Club Drive, Mesa, AZ 85210, (480) 964-7000.

6         The deposition will be held before a Notary Public or before some other person

7    authorized by law to administer oaths and will be recorded stenographically in accordance with

8    Federal Rule 30.

9

10    Dated: August 7, 2006              KELLEY DRYE & WARREN LLP

11

12

13                      By: _____

14                      David A. Rammelt

15                      Susan J. Greenspon
                  KELLEY DRYE & WARREN LLP

16                      333 West Wacker Drive, Suite 2600
                  Chicago, IL 60606

17                      Telephone: (312) 857-7070
                  Facsimile: (312) 857-7095

18

19                      Robert N. Phillips
                  Ethan B. Andelman

20                      HOWREY SIMON ARNOLD & WHITE, LLP
                  525 Market Street, Suite 3600

21                      San Francisco, CA 94105
                   Telephone: (415) 848-4900
                  Facsimile: (415) 848-4999

22

23                      Attorneys for Defendant/Counter-Plaintiff
                  AMERICAN BLIND AND WALLPAPER
                  FACTORY, INC.

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/211796.1             - 2 -

## PROOF OF SERVICE

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action, My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

## SUBPOENA and NOTICE OF DEPOSITION OF RICK STEELE

**XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

Michael H. Page
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111
Facsimile: (415) 397-7188

Executed on August 7, 2006, at Chicago, Illinois. I declare under penalty of perjury under the applicable laws that the above is true and correct.

_Caroline C. Plater_
Caroline C. Plater

# Exhibit K

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA  94105
   Telephone:  (415) 848-4900
4  Facsimile:  (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL  60606
   Telephone:  (312) 857-7070
8  Facsimile:  (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
12

13 GOOGLE INC., a Delaware corporation,        Case No. C 03-5340-JF (RS)

14              Plaintiff,                      **NOTICE OF DEPOSITION OF**
                                               **SALAR KAMANGAR**
15         v.

16 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18
              Defendants.
19
   AMERICAN BLIND & WALLPAPER
20 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.,
21
              Counter-Plaintiff,
22
          v.
23
   GOOGLE, INC.,
24              Counter-Defendants.

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/RAMMD/211831.1

1            PLEASE TAKE NOTICE THAT Defendant/Counter-Plaintiff AMERICAN

2    BLIND AND WALLPAPER FACTORY, INC., ("American Blind") by its attorneys Kelley Drye

3    & Warren LLP, will take the deposition upon oral examination of **Salar Kamangar**, on August

4    25, 2006, at 9:00 a.m., continuing day-to-day until completed, at the offices of HOWREY

5    SIMON ARNOLD & WHITE, LLP, 525 Market Street, Suite 3600, San Francisco, CA 94105,

6    (415) 848-4900.

7            The deposition will be held before a Notary Public or before some other person

8    authorized by law to administer oaths and will be recorded stenographically in accordance with

9    Federal Rule 30.

10

11    Dated: August 8, 2006                 KELLEY DRYE & WARREN LLP

12

13

14                             By: David Rammelt /std

15

16                        David A. Rammelt
                      Susan J. Greenspon

17                        KELLEY DRYE & WARREN LLP
                    333 West Wacker Drive, Suite 2600

18                        Chicago, IL 60606
                    Telephone:  (312) 857-7070

19                        Facsimile:  (312) 857-7095

20                        Robert N. Phillips
                    Ethan B. Andelman

21                        HOWREY SIMON ARNOLD & WHITE, LLP

22                        525 Market Street, Suite 3600
                    San Francisco, CA 94105
                    Telephone:  (415) 848-4900

23                        Facsimile:  (415) 848-4999

24                        Attorneys for Defendant/Counter-Plaintiff
                    AMERICAN BLIND AND WALLPAPER

25                        FACTORY, INC.

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/RAMMD/211831.1                    - 2 -

1

### PROOF OF SERVICE

2    I am a citizen of the United States and a resident of the State of Illinois. I am employed in
3  Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose
   direction the service was made. I am over the age of eighteen years, and not a party to the within
4  action, my business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date
   set forth below, I served the document(s) described below in the manner described below:
5

6    ### NOTICE OF DEPOSITION OF SALAR KAMANGAR

7
     **XX**    (BY FACSIMILE) I am personally and readily familiar with the business practice
8  of Kelley Drye & Warren, LLP for collection and processing of document(s) to be
   transmitted by facsimile and I caused such document(s) on this date to be transmitted by
9  facsimile to the offices of addressee(s) at the numbers listed below.

10  Michael H. Page
    Klaus H. Hamm
11  Ajay S. Krishnan
    Keker & Van Nest, LLP
12  710 Sansome Street
    San Francisco, CA 94111
13  Facsimile: (415) 397-7188

14

15    Executed on August 8, 2006, at Chicago, Illinois. I declare under penalty of
16  perjury under the applicable laws that the above is true and correct.

17

18  _Susannah Dunlap_
    Susannah Dunlap
19

20

21

22

23

24

25

26

27

28

# Exhibit L

KEKER & VAN NEST, LLP
MICHAEL H. PAGE - #154913
MARK A. LEMLEY - #155830
KLAUS H. HAMM - #224905
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counterdefendant
GOOGLE INC. and Third-Party Defendants
ASK JEEVES, INC. and EARTHLINK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DISTRICT

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>                              Plaintiff,<br><br>      v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>                              Defendants. | Case No. C 03-5340-JF (EAI)<br><br>**PLAINTIFF/COUNTERDEFENDANT GOOGLE INC. and THIRD-PARTY DEFENDANTS ASK JEEVES, INC. and EARTHLINK, INC.'s INITIAL DISCLOSURES PURSUANT TO RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.<br><br>                              Counterclaimant,<br><br>      v.<br><br>GOOGLE, INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC., and EARTHLINK, INC.,<br><br>                              Counterdefendants/<br>                              Third-Party Defendants. | |

Plaintiff/Counterdefendant Google Inc. And Third-Party Defendants Ask Jeeves, Inc.
And EarthLink, Inc.'s Initial Disclosures
Case No. C 03-5340-JF (EAI)

350184.01

1    Plaintiff/Counterdefendant Google Inc. and Third-Party Defendants Ask Jeeves, Inc. and

2    EarthLink, Inc. (collectively, the "Responding Parties") hereby make their initial disclosures

3    pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

4    The Responding Parties' investigation is continuing, and this disclosure provides

5    information currently known and available to the Responding Parties after a good-faith inquiry

6    and investigation. By identifying witnesses in this initial disclosure who are likely to have non-

7    privileged, discoverable information, the Responding Parties make no representation or

8    admission concerning the knowledge or competence of any individual identified. Likewise, by

9    identifying documents in this initial disclosure, the Responding Parties make no representation or

10   admission concerning the documents' relevance to matters to be decided in this case. This

11   disclosure is not intended, and should not be construed, as a waiver of privilege, or as a waiver of

12   any objections to the production, use, or admission into evidence, of any document or

13   information that the Responding Parties may be legally entitled to assert during the discovery or

14   trial of this action. No incidental or implied admissions are intended by this disclosure. The

15   Responding Parties reserve the right to supplement and/or amend this disclosure and to produce

16   subsequent discovery or other information relevant to this case.

17                     **a. Witnesses – FRCP 26(a)(1)(A)**

18   At this time, the Responding Parties believe that the following individuals are likely to

19   have non-privileged, discoverable information that the Responding Parties may use to support

20   their claims or defenses, exclusive of information used solely for impeachment:

21   1.    Tim Armstrong:          Information concerning Google advertisers and Google

22   advertisements.

23   2.    Jessica Bluett:         Information concerning Google advertisers and Google

24   advertisements.

25   3.    Jane Butler:            Information concerning Google advertisers and Google

26   advertisements.

27   4.    Peter Chane:            Information concerning Google advertisers and Google

28   advertisements.

1

Plaintiff/Counterdefendant Google Inc. And Third-Party Defendants Ask Jeeves, Inc.
And EarthLink, Inc.'s Initial Disclosures
Case No. C 03-5340-JF (EAI)

1    5.    John DiCola:    Information concerning Google advertisers and Google

2  advertisements.

3    6.    Eric Filler:    Information concerning Google advertisers and Google

4  advertisements.

5    7.    Prashant Fuloria:    Information concerning Google policies relating to

6  trademarks, and the implementation of the Google AdWords service.

7    8.    Matt Gilbert:    Information concerning Ask Jeeves advertisers, Ask

8  Jeeves advertisements, Ask Jeeves policies relating to trademarks, and the implementation of

9  the Ask Jeeves advertising products.

10    9.    Mort Greenberg:    Information concerning Ask Jeeves advertisers, Ask

11  Jeeves advertisements, Ask Jeeves policies relating to trademarks, and the implementation of

12  the Ask Jeeves advertising products.

13    10.    Shannon Handegan:    Information concerning the relationship between EarthLink

14  and Google.

15    11.    Salar Kamangar:    Information concerning the design and implementation of

16  the Google AdWords service.

17    12.    Dara Kao:    Information concerning Google advertisers and Google

18  advertisements.

19    13.    Alana Karen:    Information concerning Google advertisers, Google

20  advertisements, Google policies relating to trademarks, and the implementation of the Google

21  AdWords service.

22    14.    Ross Koningstein:    Information concerning the design and implementation of

23  the Google AdWords Service.

24    15.    David Krane:    Information concerning Google policies relating to

25  trademarks.

26    16.    Bismarck Lepe:    Information concerning Google advertisers and Google

27  advertisements.

28    17.    Chad Lester:    Information concerning the design and implementation of

2

350184.01

1    the Google AdWords service.

2        18.    Kabir Masson:        Information concerning the implementation of the Google

3    AdWords service.

4        19.    Michael Mayzel:      Information concerning Google policies relating to

5    trademarks.

6        20.    Leshika Samarasinghe:        Information concerning Google policies relating to

7    trademarks.

8        21.    David Shipps:        Information concerning the relationship between EarthLink

9    and Google.

10        22.    Ted Souder:        Information concerning Google advertisers and Google

11    advertisements.

12        23.    Miriam Wynn:        Information concerning the implementation of the Google

13    AdWords service.

14        The above individuals may be contacted only through counsel at Keker & Van Nest LLP,

15    710 Sansome Street, San Francisco, California 94111, (415) 391-5400.

16        The following individuals are also likely to have discoverable information that the

17    Responding Parties may use to support their claims or defenses, exclusive of information used

18    solely for impeachment:

19        24.    Current and prior employees of American Blind & Wallpaper Factory, Inc.

20    ("American Blind") who were involved in selling goods or services sold under the American

21    Blind marks.

22        25.    Current and prior American Blind employees who were involved in advertising

23    and promoting goods and services sold or intended to be sold under the American Blind marks.

24        26.    Current and prior American Blind employees who were involved in market

25    research or other investigations relating to the American Blind marks.

26        The Responding Parties are informed and believe that American Blind is aware of the

27    whereabouts and contact information for the individuals listed in items 24 through 26 above.

28        The Responding Parties reserve the right to identify other individuals who may have

3

350184.01

1    discoverable information that the Responding Parties may use to support their claims or

2    defenses, exclusive of information used solely for impeachment.

### b. Documents – FRCP 26(a)(1)(B)

4        Google may use the following documents in its possession, custody, or control to support

5    its claims or defenses in this action:

6        1.      Documents that are publicly available at the Internet addresses

7    http://adwords.google.com, http://ask.com, and http://earthlink.com.

8        2.      Documents relating to the use of trademarks as keywords in connection with the

9    AdWords program.  These documents are located at the offices of: Google, 1600 Amphitheatre

10   Parkway, Mountain View, CA 94043; Ask Jeeves, 555 12th Street, Suite 500, Oakland, CA

11   94607; and EarthLink, 1375 West Peachtree Street, Atlanta, GA 30309.

12       3.      Documents relating to the use of the American Blind marks in connection with

13   the AdWords program.  These documents are located at the offices of: Google, 1600

14   Amphitheatre Parkway, Mountain View, CA 94043; Ask Jeeves, 555 12th Street, Suite 500,

15   Oakland, CA 94607; and EarthLink, 1375 West Peachtree Street, Atlanta, GA 30309.

16       4.      Documents relating to the relationship between Google and Ask Jeeves, as it

17   concerns the AdWords program.  These documents are located at the offices of: Google, 1600

18   Amphitheatre Parkway, Mountain View, CA 94043; and Ask Jeeves, 555 12th Street, Suite 500,

19   Oakland, CA 94607.

20       5.      Documents relating to the relationship between Google and EarthLink, as it

21   concerns the AdWords program.  These documents are located at the offices of: Google, 1600

22   Amphitheatre Parkway, Mountain View, CA 94043; and EarthLink, 1375 West Peachtree Street,

23   Atlanta, GA 30309.

24       The Responding Parties reserve the right to identify other documents that it may use to

25   support its claims or defenses in this action.

### c. Computation of Damages – FRCP 26(a)(1)(C)

27       The Responding Parties do not currently claim any damages.

28

4

350184.01

1

### d. Insurance – FRCP 26(a)(1)(D)

2          Each of the Responding Parties are currently investigating whether coverage is available

3   under any applicable policy of insurance.  In the event any of the Responding Parties determine

4   such coverage is available, that party will make appropriate disclosures.

5   DATED:  April 27, 2005                          KEKER & VAN NEST, LLP

6

7

8                                          By: _____

9                                             MICHAEL H. PAGE
                                              Attorneys for Plaintiff and Counterdefendant
                                              GOOGLE INC. and Third-Party Defendants
10                                             ASK JEEVES, INC. and EARTHLINK, INC.,

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

350184.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

On April 27, 2005, I served the following document(s):

**PLAINTIFF/COUNTERDEFENDANT GOOGLE INC. and THIRD-PARTY DEFENDANTS ASK JEEVES, INC. and EARTHLINK, INC.'s INITIAL DISCLOSURES PURSUANT TO RULE 26 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

☑    **by PDF TRANSMISSION AND UNITED STATES MAIL,** by transmitting via PDF on this date. A true and correct copy of same was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

| | |
|---|---|
| Susan J. Greenspon<br>David A. Rammelt<br>Kelley Drye & Warren LLP<br>333 West Wacker Drive<br>Chicago, IL 60606<br>Telephone:    312/857-7070<br>Facsimile:    312/857-7095 | Robert N. Phillips<br>Howrey Simon Arnold & White, LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105-2708<br>Telephone:    415/848-4900<br>Facsimile:    415/848-4999 |

Stephen E. Taylor
Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355
San Francisco, CA 94111-4209
Telephone:    415/788-8200
Facsimile:    415/788-8208

Executed on April 27, 2005, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

NOELLE S. NICHOLS

350824.01

# Exhibit M

1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY SIMON ARNOLD & WHITE, LLP
   525 Market Street, Suite 3600
3  San Francisco, CA  94105
   Telephone:  (415) 848-4900
4  Facsimile:  (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  Dawn M. Beery (Admitted *Pro Hac Vice*)
   KELLEY DRYE & WARREN LLP
7  333 West Wacker Drive, Suite 2600
   Chicago, IL  60606
8  Telephone:  (312) 857-7070
   Facsimile:  (312) 857-7095

9
   Attorneys for Defendant/Counter-Plaintiff
10 AMERICAN BLIND AND WALLPAPER
   FACTORY, INC.

11

12                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

13 GOOGLE INC., a Delaware corporation,      | Case No. C 03-5340-JF (EAI)

14              Plaintiff,                     | **AMERICAN BLIND & WALLPAPER
                                               | FACTORY, INC.'S INITIAL
15        v.                                   | DISCLOSURES PURSUANT TO
                                               | FEDERAL RULE OF CIVIL
16 AMERICAN BLIND & WALLPAPER               | PROCEDURE 26
   FACTORY, INC., a Delaware corporation
17 d/b/a decoratetoday.com, Inc.; and DOES 1-
   100, inclusive,
18

19              Defendants.

20 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
21 d/b/a decoratetoday.com, Inc.,

22              Counter-Plaintiff,

23        v.

24 GOOGLE, INC., AMERICA ONLINE, INC.,
   NETSCAPE COMMUNICATIONS
25 CORPORATION, COMPUSERVE
   INTERACTIVE SERVICES, INC., ASK
26 JEEVES, INC., and EARTHLINK, INC.

27              Counter-Defendants/
                Third-Party Defendants

28

1    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant/Counter-Plaintiff

2  American Blind & Wallpaper Factory, Inc. ("American Blind") hereby makes the following Initial

3  Disclosures as follows:

4

## GENERAL OBJECTIONS

5

6    1.    The following disclosures are based upon information reasonably available to, and currently

7  in the possession, custody or control of, American Blind.  To the best of American Blind's knowledge,

8  information and belief, these disclosures are complete and correct as of the date they are made.

9  American Blind anticipates that it will obtain additional facts, identify additional persons who may

10  have knowledge relevant to the issues in this action, and identify additional documents relevant to the

11  factual disputes in this action through their continuing pre-trial research, investigation and analysis and

12  through discovery of Plaintiff/Counter-Defendant Google, Inc., the Third-Party Defendants, and/or

13  other third parties.  American Blind expressly reserves its rights:  (a) to make subsequent revision,

14  supplementation or amendment to these disclosures based upon any information, evidence, documents,

15  facts and things which hereafter may be discovered, or the relevance of which may hereafter be

16  discovered; and (b) to produce, introduce or rely upon additional or subsequently acquired or

17  discovered writings, evidence and information at trial or in any pre-trial proceedings held herein.

18

19    2.    American Blind objects to producing any documents or other tangible things that are, or

20  fairly constitute, trade secrets or that otherwise contain confidential, proprietary or sensitive

21  information until the entry of an appropriate Protective Order governing the disclosure and

22  dissemination of such information.

23

## WITNESSES

24    As of the date of these Initial Disclosures, American Blind believes, based on information

25  reasonably available to it, that the following individuals may have information that American Blind

26  may use to support its case:

27

28    1.    Steve Katzman, CEO & President, American Blind

1    Mr. Katzman can be contacted through counsel for American Blind.

2    Mr. Katzman has knowledge regarding American Blind's trademarks, the amount of

3    time and money spent by American Blind building up the value of its trademarks, American Blind's ad

4    campaign with Google, Google's sale of American Blind's trademarks as Keywords to American

5    Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

6    due to the "Sponsored Links" posted by Google in response to a search for American Blind's

7    trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

8    trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

9    American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

10    Google's AdWords Program.

11    2.   Joe Charno, Vice President of Marketing, Advertising & E-Commerce, American Blind

12

13    Mr. Charno can be contacted through counsel for American Blind.

14    Mr. Charno has knowledge regarding American Blind's trademarks, the amount of time

15    and money spent by American Blind building up the value of its trademarks, American Blind's ad

16    campaign with Google, Google's sale of American Blind's trademarks as keywords to American

17    Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

18    due to the "Sponsored Links" posted by Google in response to a search for American Blind's

19    trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

20    trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

21    American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

22    Google's AdWords Program.

23    3.   Bill Smith, Ecommerce Advisor, American Blind

24    Mr. Smith can be contacted through counsel for American Blind.

25    Mr. Smith has knowledge regarding American Blind's trademarks, the amount of time

26    and money spent by American Blind building up the value of its trademarks, American Blind's ad

27    campaign with Google, Google's sale of American Blind's trademarks as keywords to American

28    Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

1  due to the "Sponsored Links" posted by Google in response to a search for American Blind's

2  trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

3  trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

4  American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

5  Google's AdWords Program.

6

7      4.  Jeff Alderman, Ecommerce Relationship Manager, American Blind

8          Mr. Alderman can be contacted through counsel for American Blind.

9          Mr. Alderman has knowledge regarding American Blind's trademarks, the amount of

10  time and money spent by American Blind building up the value of its trademarks, American Blind's ad

11  campaign with Google, Google's sale of American Blind's trademarks as keywords to American

12  Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

13  due to the "Sponsored Links" posted by Google in response to a search for American Blind's

14  trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

15  trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

16  American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

17  Google's AdWords Program.

18      5.  Scott Powers, Ecommerce Coordinator, American Blind

19          Mr. Powers can be contacted through counsel for American Blind.

20          Mr. Powers has knowledge regarding American Blind's trademarks, the amount of time

21  and money spent by American Blind building up the value of its trademarks, American Blind's ad

22  campaign with Google, Google's sale of American Blind's trademarks as keywords to American

23  Blind's competitors, the confusion suffered by American Blind's customers and prospective customers

24  due to the "Sponsored Links" posted by Google in response to a search for American Blind's

25  trademarks, American Blind's negotiations with Google regarding halting the sale of American Blind's

26  trademarks as Keywords as part of Google's AdWords Program, and the damages suffered by

27  American Blind as a result of Google's sale of American Blind's trademarks as Keywords as part of

28  Google's AdWords Program.

6.  Rick Steele, Select Blinds

American Blind believes that Mr. Steele has knowledge regarding Google's sale of American Blind's trademarks as keywords to American Blind's competitors, Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

7.  Sergey Brin, Google

Mr. Brin has knowledge regarding Google's advertising policies, Google's corporate philosophy, pending litigation, advertising revenues, and profits, including statements made on a 60 Minutes segment aired on January 2, 2005, in Playboy Magazine, in corporate filings, and elsewhere.

8.  Larry Page, Google

Mr. Page has knowledge regarding Google's advertising policies, Google's corporate philosophy, pending litigation, advertising revenues, and profits, including statements made on a 60 Minutes segment aired on January 2, 2005, in Playboy Magazine, in corporate filings, and elsewhere.

9.  Eric Schmidt, Google

Mr. Schmidt has knowledge regarding Google's advertising policies, Google's corporate philosophy, pending litigation, advertising revenues, and profits, including statements made on a 60 Minutes segment aired on January 2, 2005, in Playboy Magazine, in corporate filings, and elsewhere.

10. Kristina C., Google

American Blind believes that Kristina C. has knowledge regarding American Blind's ad campaign with Google, the amount of money American Blind pays Google for American Blind's own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as Keywords to American Blind's competitors.

11. Jill Randell, Google

1     American Blind believes that Ms. Randell has knowledge regarding American Blind's

2  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

3  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

4  competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization

5  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

6  Keywords to American Blind's competitors.

7
        12. Carrie Chung, Google
8
9          American Blind believes that Ms. Chung has knowledge regarding American Blind's ad

10 campaign with Google, the amount of money American Blind pays Google for American Blind's own

11 ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

12 competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization

13 campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

14 Keywords to American Blind's competitors.

15        13. Allison Maranz, Google

16         American Blind believes that Ms. Maranz has knowledge regarding American Blind's

17 ad campaign with Google, the amount of money American Blind pays Google for American Blind's

18 own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

19 competitors, Google's AdWords Keywords Suggestions feature, the American Blind optimization

20 campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

21 Keywords to American Blind's competitors.

22
        14. Laura Balkovich, Google
23
24         American Blind believes that Ms. Balkovich has knowledge regarding American

25 Blind's ad campaign with Google, the amount of money American Blind pays Google for American

26 Blind's own ad campaign, Google's sale of American Blind's trademarks as Keywords to American

27 Blind's competitors, Google's AdWords Keywords Suggestions feature, the American Blind

28 optimization campaign, and the amount of revenue earned by Google by selling American Blind's

1  trademarks as Keywords to American Blind's competitors.

2      15. Kulpreet Rana, Google

3

4          American Blind believes that Kulpreet Rana has knowledge regarding Google's

5  AdWords program, Google's policy regarding the sale of trademarks as keywords to advertisers as part

6  of the AdWords program, Google's broad matching algorithm, other lawsuits against Google for sale

7  of a party's trademarks as Keywords as part of the AdWords program, and Google's settlement with

8  other trademark owners regarding the use of trademarks as Keywords.

9      16. Britton Mauchline (n/k/a Britton Picciolini), Google

10         Ms. Picciolini was one of American Blind's primary contacts with Google regarding

11  American Blind's own AdWords campaign, and American Blind's complaints regarding Google's sale

12  of American Blind's trademarks to other as Keywords.  American Blind believes that Ms. Picciolini

13  has knowledge regarding American Blind's ad campaign with Google, the amount of money American

14  Blind pays Google for American Blind's own ad campaign, Google's sale of American Blind's

15  trademarks as Keywords to American Blind's competitors, Google's AdWords Keywords Suggestions

16  feature, the American Blind optimization campaign, and the amount of revenue earned by Google by

17  selling American Blind's trademarks as Keywords to American Blind's competitors.

18

19      17. Rose A. Hagan, Google

20         American Blind believes that Ms. Hagan has knowledge regarding Google's AdWords

21  program, Google's policy regarding the sale of trademarks as keywords to advertisers as part of the

22  AdWords program, Google's broad matching algorithm, other lawsuits against Google for sale of a

23  party's trademarks as Keywords as part of the AdWords program, and Google's settlement with other

24  trademark owners regarding the use of trademarks as Keywords.

25      18. K. Robertson, Google

26         American Blind believes that K. Robertson has knowledge regarding American Blind's

27  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

28  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

1  competitors, and the amount of revenue earned by Google by selling American Blind's trademarks as

2  Keywords to American Blind's competitors.

3  

4  19. Charles A. Kilmer, Advertiser on Google

5      7008 Tyndale Street, Mclean, VA 22101

6      American Blind believes that Mr. Kilmer has knowledge regarding Google's sale of

7  American Blind's trademarks as Keywords to American Blind's competitors as part of Google's

8  AdWords Program, Google's AdWords Keywords Suggestions feature, and the American Blind

9  optimization campaign.

10  20. Evan Scott, Advertiser on Google

11      1466 Laurel Oaks Drive, Streamwood, IL 60107

12      American Blind believes that Mr. Scott has knowledge regarding Google's sale of

13  American Blind's trademarks as Keywords to American Blind's competitors as part of Google's

14  AdWords Program, Google's AdWords Keywords Suggestions feature, and the American Blind

15  optimization campaign.

16  21. Jeff Edwards, Google

17      American Blind believes that Mr. Edwards has knowledge regarding American Blind's

18  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

19  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

20  competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

21  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

22  Keywords to American Blind's competitors.

23  

24  22. Kimberli Heard, Google

25      American Blind believes that Ms. Heard has knowledge regarding American Blind's ad

26  campaign with Google, the amount of money American Blind pays Google for American Blind's own

27  ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

28  competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

1  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

2  Keywords to American Blind's competitors.

3

4  23. A. Dimarco, Google

5       American Blind believes that A. Dimarco has knowledge regarding American Blind's

6  ad campaign with Google, the amount of money American Blind pays Google for American Blind's

7  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

8  competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

9  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

10 Keywords to American Blind's competitors.

11      24. John DiCola, Google

12      American Blind believes that Mr. DiCola has knowledge regarding American Blind's

13 ad campaign with Google, the amount of money American Blind pays Google for American Blind's

14 own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

15 competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

16 campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

17 Keywords to American Blind's competitors.

18      25. Caroline Escobar, Google

19      American Blind believes that Ms. Escobar has knowledge regarding American Blind's

20 ad campaign with Google, the amount of money American Blind pays Google for American Blind's

21 own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

22 competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

23 campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

24 Keywords to American Blind's competitors.

25

26      26. Emily Nichols, Google

27      American Blind believes that Ms. Nichols has knowledge regarding American Blind's

28 ad campaign with Google, the amount of money American Blind pays Google for American Blind's

AMERICAN BLIND'S INITIAL DISCLOSURES

1  own ad campaign, Google's sale of American Blind's trademarks as Keywords to American Blind's

2  competitors, Google's AdWords Keywords Suggestion feature, the American Blind optimization

3  campaign, and the amount of revenue earned by Google by selling American Blind's trademarks as

4  Keywords to American Blind's competitors.

5
     27. Hema Prashad, Google
6
          American Blind believes that Hema Prashad has knowledge regarding American
7
   Blind's ad campaign with Google, the amount of money American Blind pays Google for American
8
   Blind's own ad campaign, Google's sale of American Blind's trademarks as Keywords to American
9
   Blind's competitors, and the amount of revenue earned by Google by selling American Blind's
10
   trademarks as Keywords to American Blind's competitors.
11

12     28. A corporate representative of eRank.com

13          American Blind believes that this corporate representative has knowledge regarding

14  Google's sale of American Blind's trademarks as keywords to American Blind's competitors,

15  Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

16
       29. A corporate representative of The Blind Factory
17
          American Blind believes that this corporate representative has knowledge regarding
18
   Google's sale of American Blind's trademarks as keywords to American Blind's competitors,
19
   Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.
20

21     30. A corporate representative of wallpaperstore.com

22          American Blind believes that this corporate representative has knowledge regarding

23  Google's sale of American Blind's trademarks as keywords to American Blind's competitors,

24  Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

25
       31. A corporate representative of SelectBlinds.com
26
          American Blind believes that this corporate representative has knowledge regarding
27
   Google's sale of American Blind's trademarks as keywords to American Blind's competitors,
28

1 | Google's AdWords Keywords Suggestions feature, and the American Blind optimization campaign.

2

3 |     32. A corporate representative of America Online, Inc.

4 |     American Blind believes that this corporate representative has knowledge regarding

5 | America Online, Inc.'s relationship with Google, the revenues and profits earned by America Online,

6 | Inc. from posting Google's "Sponsored Links" in response to searches on its website, America Online,

7 | Inc.'s policy regarding the sale of trademarks as Keywords, and damages suffered by American Blind

8 | as a result of Google's sale of American Blind's trademarks as Keywords as part of Google's

9 | AdWords Program.

10 |     33. A corporate representative of Netscape Communications Corp.

11 |     American Blind believes that this corporate representative has knowledge regarding

12 | Netscape Communications Corp.'s relationship with Google, the revenues and profits earned by

13 | Netscape Communications Corp. from posting Google's "Sponsored Links" in response to searches on

14 | its website, Netscape Communications Corp.'s policy regarding the sale of trademarks as Keywords,

15 | and damages suffered by American Blind as a result of Google's sale of American Blind's trademarks

16 | as Keywords as part of Google's AdWords Program.

17 |     34. A corporate representative of Compuserve Interactive Services, Inc.

18 |     American Blind believes that this corporate representative has knowledge regarding

19 | Compuserve Interactive Services, Inc.'s relationship with Google, the revenues and profits earned by

20 | Compuserve Interactive Services, Inc. from posting Google's "Sponsored Links" in response to

21 | searches on its website, Compuserve Interactive Services, Inc.'s policy regarding the sale of

22 | trademarks as Keywords, and damages suffered by American Blind as a result of Google's sale of

23 | American Blind's trademarks as Keywords as part of Google's AdWords Program.

24

25 |     35. A corporate representative of Ask Jeeves, Inc.

26 |     American Blind believes that this corporate representative has knowledge regarding

27 | Ask Jeeves, Inc.'s relationship with Google, the revenues and profits earned by Ask Jeeves, Inc. from

28 | posting Google's "Sponsored Links" in response to searches on its website, Ask Jeeves, Inc.'s policy

HOWREY
SIMON
ARNOLD &
WHITE, LLP

-11-

1  regarding the sale of trademarks as Keywords, and damages suffered by American Blind as a result of

2  Google's sale of American Blind's trademarks as Keywords as part of Google's AdWords Program.

3

4      36. A corporate representative of Earthlink, Inc.

5          American Blind believes that this corporate representative has knowledge regarding

6  Earthlink, Inc.'s relationship with Google, the revenues and profits earned by Earthlink, Inc. from

7  posting Google's "Sponsored Links" in response to searches on its website, Earthlink, Inc.'s policy

8  regarding the sale of trademarks as Keywords, and damages suffered by American Blind as a result of

9  Google's sale of American Blind's trademarks as Keywords as part of Google's AdWords Program.

10     37. A corporate representative of Overture Services Inc. n/k/a Yahoo! Search Marketing Group

11 ("Overture")

12         American Blind believes that this corporate representative has knowledge regarding

13 Overture's policy regarding the sale of trademarks as keywords or search terms, the confusion suffered

14 by Internet users that results from the sale of trademarks as keywords or search terms, revenues and

15 profits derived from the sale of keywords and search terms, and the technology used to prevent

16 advertisers from bidding on and/or purchasing the trademarks of others.

17                          **DOCUMENTS**

18     Pursuant to Rule 26(a)(1)(B) of the Federal Rules of Civil Procedure and subject to the General

19 Objections stated above, American Blind identifies the following category of documents that American

20 Blind may use to support its case:

21

22     38. Screen prints of the Google search results page showing that American Blind's competitors'

23 advertisements appear in response to searches for American Blind's trademarks.

24     39. Screen prints of the Google search results page from September 17, 2004 from users

25 performing searches for American Blind's trademarks in San Jose, California and other geographic

26 locations in the United States.

27

28     40. Google's past and present printed trademark policies.

41. Documents filed by Google with the Securities and Exchange Commission in connection with and subsequent to Google's initial public offering.

42. Various e-mail and letter communications between American Blind and Google regarding American Blind's advertising campaign.

43. Various e-mail and letter communications between American Blind and Google regarding American Blind's competitors' use of American Blind's trademarks as Keywords.

44. Communications between American Blind and some of American Blind's competitors regarding the competitors' use of American Blind's trademarks as keywords for Google's AdWords Program.

45. Assorted financial data from American Blind to prove the damages suffered by American Blind as a result of Google's sale of American Blind's trademarks as Keywords.

46. Communications between Google and its advertisers illustrating the advertisers' purchase of American Blind's trademarks as Keywords.

47. Overture Services, Inc. n/k/a Yahoo! Search Marketing Group's policy regarding the sale of trademarks as keywords or search terms.

48. The transcript of a 60 Minutes segment aired on January 2, 2005 regarding Google.

49. The Playboy magazine article regarding Google and its founders.

50. Documents evidencing American Blind's rights to the American Blind federally registered and common law trademarks.

51. The Permanent Injunction Order issued by the United States District Court for the Eastern District of Michigan permanently enjoining a competitor from using American Blind's "trademarks, service marks or the word 'American' in any variation or combination with the word "Blinds" either singular or plural...."

HOWREY
SIMON
ARNOLD &
WHITE, LLP

-13-

1      52. Documents evidencing the strength of American Blind's federally registered and common

2   law trademarks.

3

4      53. Documents evidencing the proximity and/or similarity of the goods sold by American Blind

    and American Blind's competitors to whom Google sells American Blind's trademarks as keywords.

5

6      54. Documents evidencing the similarity between the American Blind trademarks and the

7   keywords sold by Google to American Blind's competitors.

8

9      55. Documents evidencing confusion by customers and potential customers as a result of

    Google's sale of American Blind's federally registered and common law trademarks to American

10  Blind's competitors as keywords.

11

12     56. Research and studies indicating that consumers are confused by the sale of trademarks as

13  keywords.

14

15     57. Documents evidencing that American Blind  and American Blind's competitors to whom

    Google sells American Blind's federally registered and common law trademarks as keywords are using

16  the same marketing channels.

17

18     58. Documents evidencing the type of goods sold by American Blind and the degree of care

19  likely to be exercised by the purchaser of American Blind's goods.

20

## DAMAGES

21     American Blind is unable to quantify its damages at this early stage of this litigation.

22  American Blind's damages result from lost Internet traffic, lost sales, and lost visibility because

23  customers and potential customers are diverted to competitors' websites due to Google's illegal sale of

24  American Blind's trademarks to American Blind's competitors.  American Blind is also damaged

25  because its brand name is diluted and tarnished, which has resulted in further lost sales.  However,

26  much of the information that American Blind (and its expert witnesses) will require for American

27  Blind's damages computation is in Google's possession and has not been produced to American Blind.

28

1   Until American Blind obtains discovery from Google, for example, it cannot know how much Internet

2   traffic has been diverted to its competitors' websites by Google's "Sponsored Links" that were

3   triggered by searches for American Blind's trademarks.

### INSURANCE

5           American Blind believes that it does not have insurance coverage covering the types of

6   claims asserted in this case.

Dated: April 27, 2005                    HOWREY SIMON ARNOLD & WHITE,
                                         LLP


By: _____
    ROBERT N. PHILLIPS

    David A. Rammelt
    Susan J. Greenspon
    Dawn M. Beery
    KELLEY DRYE & WARREN LLP
    333 West Wacker Drive, Suite 2600
    Chicago, IL  60606

    Attorneys for Defendant/Counter-Plaintiff
    AMERICAN BLIND AND WALLPAPER
    FACTORY, INC.

1

### PROOF OF SERVICE

2      I am a citizen of the United States and a resident of the State of California. I am employed in
San Francisco County, State of California, in the office of a member of the bar of this Court, at whose

3 direction the service was made. I am over the age of eighteen years, and not a party to the within
action. My business address is 525 Market Street, Suite 3600, San Francisco, CA 94105. On the date

4 set forth below, I served the document(s) described below in the manner described below:

5

**AMERICAN BLIND & WALLPAPER FACTORY, INC.'S INITIAL DISCLOSURES**

6 **PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26**

7

**VIA FACSIMILE & U.S. MAIL**

8 Michael H. Page
Mark A. Lemley

9 Ravind S. Grewal
Keker & Van Nest, LLP

10 710 Sansome Street
San Francisco, CA 94111

11 Facsimile: (415) 397-7188

**VIA FACSIMILE & U.S. MAIL**

12 Stephen E. Taylor
Jan J. Klohonatz

13 Taylor & Company Law Offices, Inc.
One Ferry Building, Suite 355

14 San Francisco, CA 94111
Facsimile: (415) 788-8208

15

16 **XX**   (BY FACSIMILE) I am personally and readily familiar with the business practice of Howrey Simon
Arnold & White, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused

17 such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed
below.

18      (BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Howrey

19 Simon Arnold & White, LLP for collection and processing of correspondence for overnight delivery, and I
caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by

20 Federal Express for overnight delivery.

21      (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier
and/or process server for hand delivery on this date.

22 **XX**   (BY U.S. MAIL) I am personally and readily familiar with the business practice of Howrey

23 Simon Arnold & White, LLP for collection and processing of correspondence for mailing with the
United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be

24 placed in the United States Postal Service at San Francisco, California.

25      Executed on April 27, 2005, at San Francisco, California.

26

27 _____    _____
         Patricia Cranmer                 (Signature)

28

HOWREY
SIMON
ARNOLD &
WHITE

# Exhibit N

1          IN THE UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3                    ---o0o---

4
                                   CERTIFIED COPY
5

6    GOOGLE, INC., a Delaware Corporation,

7          Plaintiff,

8                              No. C03-5340 JF(RS)
           vs.
9

10   AMERICAN BLIND and WALLPAPER
     FACTORY, INC., a Delaware Corporation,
11   dba decoratetoday.com, Inc.,
     and DOES 1 through 100, Inclusive,
12

13         Defendants.
     _____/
14   AND RELATED CROSS-ACTION
     _____/
15

16

17               DEPOSITION OF

18             PRASHANT FULORIA
            SAN FRANCISCO, CALIFORNIA
19
                MAY 18, 2006
20

21

     ATKINSON-BAKER, INC.
22   COURT REPORTERS
     (800) 288-3376
23   www.depo.com

24   REPORTED BY:  JEAN M. FERRARIO, CSR NO. 5655

25   FILE NO.:  A003B8B

                                                      1

1      A.    I don't recall any communications or

2  discussions with Sergey.

3      Q.    Ultimately Mr. Page or Mr. Brin had to

4  approve the change in trademark policy; is that

5  correct?

6      A.    I am not sure that is correct.

7      Q.    Do you know one way or the other?

8      A.    I believe that our executive team is

9  authorized to make, to approve or disapprove these

10  sorts of policy changes and the composition of that

11  executive team includes our CEO, Eric Schmidt, as

12  well as Larry Page and Sergey Brin, our presidents,

13  as well as other executives.

14      Q.    Who else is on that team?

15      A.    The executive management team or EMG has

16  these three executives as well as our SVP of product

17  management, Jonathan Rosenberg, SVP of engineering,

18  at that time Wayne Rosing but now somebody else.

19      As well as our SVP and general counsel David

20  Drummond and potentially -- and our SVP of sales and

21  operations Omid Kordestani, and maybe a number of

22  other people as well.

23      There are a number of people on the executive

24  team that meet as a group to review and approve or

25  disapprove proposals.

1                    REPORTER'S CERTIFICATE

2

3          I, JEAN M. FERRARIO, CSR No. 5655,

4    Certified Shorthand Reporter, certify:

5          That the foregoing proceedings were taken

6    before me at the time and place therein set forth,

7    at which time the witness was put under oath by me;

8          That the testimony of the witness and all

9    objections made at the time of the examination were

10   recorded stenographically by me and were thereafter

11   transcribed;

12         That the foregoing is a true and correct

13   transcript of my shorthand notes so taken.

14         I further certify that I am not a relative

15   or employee of any attorney or of any of the

16   parties, nor financially interested in the action.

17         I declare under penalty of perjury under the

18   laws of California that the foregoing is true and

19   correct.

20         Dated this 30th day of May 2006.

21

22         _____

23         JEAN M. FERRARIO, CSR No. 5655

24

25