1 | Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
2 | HOWREY LLP
525 Market Street, Suite 3600
3 | San Francisco, CA 94105
Telephone: (415) 848-4900
4 | Facsimile: (415) 848-4999

5 | David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
6 | KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
7 | Chicago, IL 60606
Telephone: (312) 857-7070
8 | Facsimile: (312) 857-7095

9 | Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
10 | FACTORY, INC.

11 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
12 |

13 | GOOGLE INC., a Delaware corporation,      | Case No. C 03-5340-JF (RS)

14 |              Plaintiff,      | **COUNTER-PLAINTIFF AMERICAN
BLIND AND WALLPAPER FACTORY,
15 |      v.      | INC.'S OPPOSITION TO COUNTER-
DEFENDANT GOOGLE INC.'S MOTION
16 | AMERICAN BLIND & WALLPAPER      | TO COMPEL COUNTER-PLAINTIFF
FACTORY, INC., a Delaware corporation      | ABWF TO SATISFY ITS OUTSTANDING
17 | d/b/a decoratetoday.com, Inc.; and DOES 1-      | DISCOVERY OBLIGATIONS
100, inclusive,
18 |
             Defendants.      |
19 |      | Date: October 18, 2006
Time: 9:30 a.m.
20 |      | Courtroom: 4
Hon. Richard Seeborg
21 | AMERICAN BLIND & WALLPAPER      |
FACTORY, INC., a Delaware corporation
22 | d/b/a decoratetoday.com, Inc.,      |

23 |              Counter-Plaintiff,      |

24 |      v.      |

25 | GOOGLE, INC.      |

26 |              Counter-Defendants.      |

27 |

28 |

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

## <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

1     I.     INTRODUCTION ................................................................................. 1

2     II.     ARGUMENT ........................................................................................ 2

3

       A.     American Blind has agreed to produce a more readable version of the
4             Online Customer Satisfaction survey and has produced all documents that
            currently exist regarding the same. ......................................................... 2

5        B.     American Blind has agreed to produce more readable copies of the
            spreadsheets requested by Google. ........................................................ 3
6

7        C.     Google is not entitled to an additional deposition on the issue of damages. .......... 3

       D.     Google is not entitled to re-depose Jeffery Alderman and American Blind
8             has produced all documents on which Mr. Alderman relied for his
            testimony. ............................................................................................. 5
9

10       E.     American Blind has provided legally sufficient responses to Google's First
            Set of Requests For Admission. ............................................................. 6

11       F.     American Blind will provide Google with the requested information
            regarding Google's Second Set of Interrogatories. ................................. 8
12

13       G.     All Kaden documents have been produced. ............................................. 8

14       H.     American Blind has produced all documents regarding the "American
            Wallpaper Survey." ............................................................................... 9

15       I.     The issue regarding ABWF 1308-1310 has been withdrawn. ................. 9

16       J.     American Blind's document production complies with Fed. R. Civ. P.
            34(b). ..................................................................................................... 9
17

    III.    CONCLUSION ................................................................................... 11
18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

Page No.

### CASES

*Abbott v. U.S.,* 177 F.R.D.
   (N.D. N.Y. 1997) ............................................................................... 6, 7

*Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 137 ................................................ 3, 5

*Booth Oil Site Admin. Group v. Safety Kleen Corp,* 194 F.R.D.
   (W.D. N.Y 2000) .................................................................................. 7

*Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D.
   (D. Kan. 2005) ...................................................................................... 10

*Goldberg v. Int'l Testing Corp.,* 30 F.R.D.
   (S.D. Cal. 1962) .................................................................................... 7

*Herrera v. Scully,* 143 F.R.D.
   (S.D. N.Y. 1992) .................................................................................. 6, 7

*People v. The Jules Fribourg,* 19 F.R.D.
   (N.D. Cal. 1955) ................................................................................... 7

*Playboy Enterprises, Inc. v. Welles,* 60 F. Supp. 2d
   (S.D. Cal. 1999) ................................................................................... 7

*Williams v. Taser Int'l Inc.,* 2006 WL 1835437
   (N.D. Ga. June 30, 2006) ................................................................... 10

### STATUTES

Fed. R. Civ. P. 30(b)(6) ......................................................................... 2, 3, 11

Fed. R. Civ. P. 34(b) ............................................................................. 9, 10

1    I.    **INTRODUCTION**

2         Google's Motion to Compel unnecessarily seeks the Court's intervention on issues that

3    either were resolved or could be resolved by the parties.  As the Court implicitly recognized when

4    it ordered the parties to further meet and confer, Google's motion is not only premature, but it is

5    also, on a large scale, a waste of this Court's time.  American Blind has made every reasonable

6    effort to moot the need for a decision on the Motion to Compel.  Notwithstanding the Court's

7    Order directing the parties to further meet and confer to resolve some or all of the issues raised in

8    the Motion to Compel, Google has remained intractable in its positions and has not offered to

9    compromise on a single issue.  Indeed, Google did not reach out to American Blind to further

10   meet and confer as per the Court's order.  Instead, American Blind took the initiative to try to

11   resolve the matters raised in the motion prior to filing the instant Opposition by making numerous

12   offers to compromise by letter dated September 19, 2006.[1]  (See Declaration of Caroline C.

13   Plater, ("Plater Decl."), Exhibit A.)

14        On September 21, 2006, Google responded to American Blind's numerous concessions,

15   with no concessions of its own.  (Plater Decl. Ex. B.).  Rather, Google's positions became even

16   more combative and intractable.  Google did not make any good faith effort to compromise, even

17   on the most minor points.  For example, after American Blind had offered to produce the items

18   Google sought in electronic form, Google objected to the suggestion that each side should pay for

19   the cost of conversions from a document's native form if that conversion cannot be done in house.

20   (Plater Decl. Ex. A and B).  Google did not even acknowledge that it had gotten what it asked for

21   – it just found another point of contention.

22        As set forth below, most of the practical issues have been resolved by virtue of American

23   Blind's willingness to compromise.  The only remaining points, on which American Blind cannot

24   further compromise, are legal issues for which American Blind has a good faith basis for its

25   positions. American Blind has presented Google with its supporting legal authority on these

26

27   [1]    American Blind sent its further meet and confer letter to Google on September 19, 2006,
         because the prior week the parties had a settlement conference on September 13, 2006 and
28       counsel was attending an out of town deposition in this matter on September 14, 2006.

1  positions.  Google, however, has refused to recognize the legal authority provided and has not

2  extended any offers of compromise.

3  **II.**    **ARGUMENT**

4      **A.**    **American Blind has agreed to produce a more readable version of the Online**
            **Customer Satisfaction survey and has produced all documents that currently**
5            **exist regarding the same.**

6      Google's request with regard to the Online Customer Satisfaction Survey is moot.

7  American Blind has agreed to produce this survey and its associated documents in more readable

8  form.  In fact, American Blind does not have a more readable version for the full range of the data

9  that was produced in raw format to Google.  Yet, its has agreed to produce this information to

10  Google in a format that will allow Google to run it on a spreadsheet program (such as Excel) to

11  create a more readable document.

12      With regard to the associated documents to this survey, American Blind has repeatedly

13  assured Google that it did not have any other documentation associated with this survey.  Google,

14  never one to concede, has continued to insist that other documents must exist regarding this

15  survey based on the testimony of one of American Blind's 30(b)(6) designee, Jeffery Alderman.

16  Specifically, with regard to that survey, Mr. Alderman testified that American Blind would run

17  weekly spreadsheets in Excel from the raw data contained in the survey.  When Google requested

18  these weekly spreadsheets following Mr. Alderman's testimony, counsel for American Blind

19  inquired and was told that American Blind did not generally retain these weekly spreadsheets

20  generated off the raw data, but that they could be recreated if necessary.

21      Notwithstanding that American is not obligated to create documents that do not exist, in

22  an effort to show its good faith in complying with Google's discovery requests, American Blind

23  has informed Google that it can recreate these weekly spreadsheets from the raw data, and will

24  produce these recreated spreadsheets in electronic form prior to the date Google's reply is due.[2]

25      Based on the foregoing, American Blind has fulfilled its discovery obligations to Google

26

27  _____

[2]  With regard to providing the raw data of the survey in a more readable form, this is a
28  technical issue that must be addressed between the parties with regard to what is
    compatible or useful.  American Blind has indicated its willingness to address that issue.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC                - 2 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1   regarding the Online Customer Satisfaction Survey and Google's Motion to Compel regarding

2   this issue is moot.

3       **B.      American Blind has agreed to produce more readable copies of the**
            **spreadsheets requested by Google.**

4

5       Again, Google's motion to compel is moot on this issue.  American Blind has agreed to

6   produce the two identified sets of spreadsheets requested by Google in the form requested.  The

7   one spreadsheet, ABWF 5530-5534, will be produced electronically prior to the date Google's

8   reply on this motion is due.  The other spreadsheet, ABWF 5605-7802, was produced to counsel

9   for American Blind in paper form and is quite voluminous.  Therefore, American Blind cannot, as

10  of the date of this filing, assure that this material will be produced in electronic form prior to

11  Google's reply.

12      **C.      Google is not entitled to an additional deposition on the issue of damages.**

13      Google received adequate testimony from American Blind's 30(b)(6) designee, Gerald

14  Curran, on the injuries or damages suffered by American Blind as a result of Google's trademark

15  policy.  Re-deposition on this issue should be denied.  Re-deposition on a 30(b)(6) topic should

16  only be ordered in the most extreme cases.  *See, e.g., Alexander v. Federal Bureau of*

17  *Investigation,* 186 F.R.D. 137, 142-43 (re-deposition denied where 30(b)(6) deponent was unable

18  to testify to several lines of inquiry by opposing counsel for which opposing counsel was entitled

19  to answers; responding to written questions was sufficient).  Google has failed to demonstrate that

20  Mr. Curran failed to adequately address Topic 19 of Google's Notice of 30(b)(6) Deposition

21  ("Topic 19").[3]

22      Topic 19 states: "The injuries and damages allegedly suffered by American Blind as a

23  result of Google's actions."  (Plater Decl. Ex. C.)  Mr. Curran provided testimony on the damages

24  or "harm American Blind claims to have suffered as a result of Google's actions," (Plater Decl.

25  Ex. D, 13:17-2; *see also id.*, 14:1-13, 20-24).  Mr. Curran specifically testified regarding the

26

27  _____
    [3]      Notably, it was not until Google's September 6, 2006 letter that Google clarified which
28           30(b)(6) topic was at issue.  Initially, Google had identified Topic 22, only to admit the
             day before it filed its Motion to Compel that it meant Topic 19, not 22.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC          - 3 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1   financial injury of American Blind as a result of Google's trademark policy. (*Id.*). Thus, Topic

2   19 has been adequately addressed.

3          Google's only claim regarding the alleged deficiency of Mr. Curran's testimony is that he

4   was unable to testify as to the exact <u>calculation</u> of potential damages to American Blind as a

5   result of Google's trademark policy. Topic 19, however, does not ask for any calculations – just

6   "injuries and damages". Moreover, Google's motion fails to include Mr. Curran's explanation

7   why no one at American Blind has performed the calculation. Mr. Curran testified that American

8   Blind would have a difficult time calculating that figure because it was dependant on information

9   that Google — not American Blind — possessed. (*Id.* at 15:13-19.) Though this is not the

10  answer that Google wanted, it is an answer and, in total, Mr. Curran provided adequate testimony

11  on the Topic 19.

12         Nonetheless, after Google objected and sought re-deposition on this issue, American Blind

13  offered to answer written questions submitted by Google on the issue of the calculation of

14  potential damages. (Plater Decl. Ex. A.). American Blind suggested this as the most expedient

15  and comprehensive way for addressing this issue, especially in light of the fact that Mr. Curran is

16  no longer with the company. (*Id.*). Google refused this offer by letter on September 21, 2006 and

17  in the conference call conducted on September 25, 2006. (Plater Decl. Ex. B.)

18         Finally, Google is not prejudiced by the lack of live testimony on this issue. The issue of

19  American Blind's calculation of potential damages is for American Blind to prove at trial.

20         Despite American Blind's objection that it is not legally obligated to produce another

21  witness on the issue of damages, American Blind has offered a reasonable compromise. Google,

22  however, has made no attempt to compromise. Based on the foregoing, Google has failed to

23  establish a compelling reason why it is entitled to re-deposition on Topic 19. Google's motion on

24  this issue should be denied in full.[4]

25

26

27
_____

28  [4]        Because Google has insisted on pursuing this issue, American Blind has withdrawn its
            prior offer to compromise on this issue by answering the written questions.

KELLEY DRYE &
WARREN LLP
333 West Wacker Drive
Suite 2600
Chicago, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC                - 4 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1

**D.    Google is not entitled to re-depose Jeffery Alderman and American Blind has produced all documents on which Mr. Alderman relied for his testimony.**

2

3    Google is not entitled to re-depose Mr. Alderman regarding American Blind's Affiliate

4    Program simply because Google did not have at his deposition 11 pages of documents on which

5    he relied for his testimony regarding this issue.  Again, re-deposition is an extreme request and

6    should not be ordered absent compelling circumstances.  *See, e.g., Alexander v. Federal Bureau*

7    *of Investigation,* 186 F.R.D. at 142-43.  American Blind has offered to answer written questions

8    submitted by Google on the 11 pages produced after Mr. Alderman's deposition.  Google, of

9    course, declined this offer and chose to pursue this issue with the Court.  (Plater Decl. Ex. A and

10    B.)  Google's position, as set forth in its motion and correspondence regarding the same, is

11    unreasonable and does not justify its request for re-deposition of Mr. Alderman.

12    First, it is important to note that counsel for American Blind has asked Mr. Alderman no

13    less than four times what he relied upon in providing the testimony at issue.  Each time, he

14    indicated that he relied on the Coremetrics and Commission Junction materials, which Google

15    had at the time of his deposition, absent the 11 pages that were subsequently produced.  Despite

16    having informed Google of Mr. Alderman's response, Google repeatedly refers to

17    Mr. Alderman's testimony that he relied upon "an analysis of ABWF's natural search results" —

18    a "document" Google insists American Blind must have, but has not produced.  Mr. Alderman

19    has assured counsel that there is no specific document which contains the "analysis of ABWF's

20    natural search results."  Mr. Alderman has surmised that his testimony was likely based on an

21    *analysis* he ran from the data (data Google has) but never saved in any form.

22    Second, the 11 pages must be viewed in context.  The additional pages produced after

23    Mr. Alderman's deposition are only 11 out of more than 35,000 pages of Coremetrics materials

24    that were produced <u>prior</u> to Mr. Alderman's deposition.

25    Third, the explanation that Google is seeking with regard to why these 11 pages were not

26    originally produced is neither suspect nor a secret.  Upon further inquiry following Google's

27    request, it was determined that not all documents had been collected and produced.  Therefore,

28    American Blind produced those pages to Google belatedly, but immediately upon their discovery.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC                - 5 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1    Given that Google provided the same explanation to American Blind when it belatedly produced

2    responsive documents that it had in its possession for over two years (and since it began its

3    production in this matter), it would seem reasonable that Google would accept this as something

4    that happens from time to time in litigation.

5    American Blind objects to Google's request to re-depose Mr. Alderman. Google's only

6    legitimate questions for Mr. Alderman are based on the 11 pages of documents that were

7    produced after Mr. Alderman's deposition. Written questions more than adequately address

8    issues Google may have regarding the 11 pages of documents. Notably, Google offered this same

9    compromise when American Blind sought to re-depose Google's witness Alana Karen on a

10   document that was not properly available prior to or at her deposition. As has been the theme of

11   Google's current motion, it does not expect to be held to the same standard to which it seeks to

12   hold American Blind.

13   Google should not be rewarded for it obstinate behavior and unreasonable demands.

14   Google has failed to establish a compelling reason why it is entitled to re-depose Jeffery

15   Alderman. Google's motion on this issue should be denied.

16   **E.    American Blind has provided legally sufficient responses to Google's First Set
17        of Requests For Admission.**

18   As Google acknowledges in its motion, American Blind provided Google with legal

19   support for the objections it made the two requests for admission contained in Google's First Set

20   of Requests for Admission. (Plater Decl. Ex. E and F.) American Blind did not make any

21   boilerplate objections and has not waived any properly stated objection by virtue of any

22   correspondence with Google.

23   Request for Admission No. 1 is improper for a number of reasons. First, it poses a

24   hypothetical question that is not proper material for a request for admission. *See Abbott v. U.S.,*

25   177 F.R.D. 92, 93 (N.D. N.Y. 1997) (hypothetical questions are not within the purview of Rule

26   36). Second, the hypothetical posed is compound. *See Herrera v. Scully*, 143 F.R.D. 545, 549

27   (S.D. N.Y. 1992) (request for admission must be direct, simple and limited to singular relevant

28   fact so that it can be admitted or denied without explanation; requests should not require the

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

- 6 -

1    answering party to qualify responses).  Third, the compound hypothetical posed improperly seeks

2    a legal conclusion.  *See Playboy Enterprises, Inc. v. Welles,* 60 F. Supp. 2d 1050, 1057 (S.D. Cal.

3    1999) (requests for admission cannot be used to compel an admission on a question of law).

4    Request No. 1 contains two causative "if" phrases and then asks for an admission on whether

5    those two "ifs" together result in a violation of the Lanham Act.  This is neither direct nor factual

6    and asks American Blind to make a legal conclusion regarding the key issue in this case —

7    whether Google's actions violate the Lanham Act.  *See Goldberg v. Int'l Testing Corp.,* 30 F.R.D.

8    367, 368 (S.D. Cal. 1962) (plaintiff not allowed to use requests for admission to compel

9    defendant to prove plaintiff's case); *People v. The Jules Fribourg*, 19 F.R.D. 432, 435-36 (N.D.

10   Cal. 1955) (cannot apply requests for admission to controverted legal issues lying at the heart of

11   the case).  Request No. 1 is improper for the foregoing reasons and, therefore, American Blind

12   should not be compelled to further answer this request for admission.

13           With regard to Request for Admission No. 2, similar issues exist on Google's improper

14   phrasing.  First, Request No. 2 seeks a factual conclusion that American Blind cannot make based

15   on the incomplete hypothetical posed.  *See Abbott,* 177 F.R.D. at 93.  Second, the use of such

16   phrases as "no way to determine for certain" and "some other word or phrase" are so ambiguous

17   that there is no way this request could be answered with out qualification or explanation.  *See*

18   *Herrera*, 143 F.R.D. at 549.  Third, American Blind cannot ascertain from any information at its

19   disposal what a hypothetical Google user would know "for certain"; particularly without

20   knowledge of the "other word or phrase" that may or may not have been used by this hypothetical

21   Google user when conducting the hypothetical search posed in Request No. 2.  *See Booth Oil Site*

22   *Admin. Group v. Safety Kleen Corp*, 194 F.R.D. 76, 79 (W.D. N.Y 2000) ("Ambiguous and vague

23   requests which cannot be fairly answered will not be enforced…Absent a statement 'that the party

24   has made a reasonable inquiry and that the information known or readily obtainable to by the

25   party is insufficient to enable the party to admit or deny,' the request is to be answered by its

26   admission or denial.")  Request No. 2 is improper for the foregoing reasons and, therefore,

27   American Blind should not be compelled to further answer this request for admission.

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC                     - 7 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1

2

**F.    American Blind will provide Google with the requested information regarding Google's Second Set of Interrogatories.**

3

4

5

American Blind has agreed to provide Google with the dates that correspond to the name changes referred to in American Blind's Answer to Google's First Interrogatory in its Second Set of Interrogatories.  This will be done prior to the due date for Google's reply.

6

**G.    All Kaden documents have been produced.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

As of September 19, 2006, American Blind had produced all Kaden documents in its possession and control and assured Google that The Kaden Company ("Kaden") had confirmed that it did not possess any additional materials.  (*See* Plater Decl. Ex. A.)  At Google's request, American Blind contacted Kaden to determine if Kaden had any additional materials regarding the studies it had conducted for American Blind.  (Plater Decl. Ex. G.)  Kaden responded that it did not have anything other than the DVDs of the session — which have already been produced to Google.  (*Id.*)  This, however, did not satisfy Google.  Google continued to raise this as an issue in its September 21, 2006 correspondence.  American Blind went one step further to assure Google that it had asked Kaden to provide anything and everything regarding the American Blind studies.  To that end, Jeffery Alderman of American Blind spoke with Kaden by telephone, again asking Kaden to review all of its files (electronic and paper) to look for any additional documentation regarding the focus groups conducted on American Blind's behalf.  Mr. Alderman informed Kaden that it was critical that Kaden send American Blind any documents, including but not limited to meeting notes, phone call notes and interview screening questionnaires.  Kaden again stated the only thing the company sometimes keeps is the tapes or DVDs of the focus groups.  This information was all conveyed to Google by telephone conference on September 25, 2006.  Google, however, refused to withdraw this issue from submission to the Court.

24

25

26

Based on the foregoing, American Blind has more than fulfilled its discovery obligation regarding the Kaden Studies.  There is nothing further American Blind can provide, and nothing more to compel.

27

28

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

- 8 -

1

2

**H.**      **American Blind has produced all documents regarding the "American Wallpaper Survey."**

3

4

5

6

American Blind has repeatedly conveyed to Google, in multiple letters and by telephone conference on September 25, 2006, that it does not possess any additional materials regarding the American Wallpaper Survey. Google, however, refuses to accept this answer and likewise refused to withdraw this issue from submission to the Court.

7

8

9

10

11

12

13

14

15

16

As of September 25, 2006, American Blind has indicated that it has again searched for any additional materials regarding this survey and none were turned up. This is at least the third time a search has been conducted to locate any additional documents regarding this survey. It was explained to Google that American Blind had concluded that the survey questions and methodology was most likely created by a number of ex-employees including Steve Katzman, Sam Stephens and possibly Ron Myers and that was why no additional materials could be located. As of the date of this filing, counsel for American Blind has requested that American Blind search the email of these departed employees for any responsive material, if that is possible and if that was not done in the prior three searches. If any additional materials are recovered, they will be produced immediately.

17

**I.**      **The issue regarding ABWF 1308-1310 is moot.**

18

19

In its September 21, 2006 letter, Google agreed that this issue is now moot. (*See* Plater Decl., Ex. B at p. 4.)

20

**J.**      **American Blind's document production complies with Fed. R. Civ. P. 34(b).**

21

22

23

24

25

American Blind has informed Google that it has produced its documents as they are kept in the usual course of business and has provided an index and description of the documents, by Bates range, for the documents produced.[5] This is more than sufficient under Rule 34(b), which allows American Blind to either produce documents "as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed.

26

27

28

---

[5] American Blind acknowledges that it did not provide an index or description by Bates range for one shipment of document to Google in October 2005. American Blind maintains that this is not explicitly required by Rule 34(b). If, however, the Court requires, American Blind will do so.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC     - 9 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1   R. Civ. P. 34(b).

2          Courts have noted that Rule 34 does not explain what it means to produce documents "as

3   they are kept in the usual course of business." *See Cardenas v. Dorel Juvenile Group, Inc.*, 230

4   F.R.D. 611, 618 (D. Kan. 2005); *Williams v. Taser Int'l Inc.*, 2006 WL 1835437 (N.D. Ga. June

5   30, 2006). The fact that American Blind produced its documents as they are kept in the usual

6   course of business and also provided an index and description of the documents, by Bates range,

7   is in accord with what courts have required when the organization of a production has been

8   challenged. *See Williams*, 2006 WL 1835437 *7 (while party had the option to produce

9   documents as they are kept in the ordinary course of business, it also had an obligation to

10  organize the documents in such a manner that other party may obtain, with reasonable effort, the

11  documents responsive to their requests). American Blind has produced its documents in such a

12  manner that Google can easily obtain the documents responsive to their requests.

13         In contrast to Google's evasive behavior, which the Court will no doubt recall from its

14  Feburary 8, 2006 discovery order (Docket Item No. 94), American Blind has always stated that it

15  was producing its documents as they are kept in the ordinary course of business and along with

16  each production, has provided a guide and description of each distinct Bates range. (*See* Plater

17  Decl. Ex. H.) In doing so, American Blind has complied with Rule 34(b), as well as the spirit of

18  the Court's Discovery Order.[6]

19         American Blind has provided a great deal more organization and relevant categorization

20  in its production than Google. For every Bates range American Blind has produced since April

21

22  [6]    Google's position that American Blind must heed the Court's Discovery Order is at odds
        with Google's position that the Court's Discovery Order did not extend to its further
23      productions, which it has apparently produced as they are maintained in the ordinary
        course of business. This issue was addressed via email and telephone conversations
24      between counsel for American Blind, Caroline Plater, and counsel for Google, Klaus
        Hamm on or about March 27, 2006. In these exchanges, American Blind objected to the
25      manner in which Google produced documents on or about March 23, 2006, following this
        Court's Order. American Blind believed Google was under a continuing obligation to
26      produce its documents in the manner instructed by the Court's Discovery Order. Google
        disagreed. In compromise, Google sent American Blind a new and more detailed
27      explanation of the production, which American Blind accepted as sufficient. (Plater Decl.
        Ex. I.) Thereafter, American Blind produced its documents in the ordinary course and
28      with similar descriptions.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC                    - 10 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1    2006, nearly 47,000 pages of documents, American Blind has provided Google with a detailed

2    description of the type of documents produced, in addition to producing them as they were kept

3    by American Blind.  For example, correspondence dated June 30, 2006, from Caroline Plater to

4    Ajay Krishnan, its states:

5            Bates ranges ABWF 008806- 042980, produced on CD, and ABWF 043173-
             044471, produced on paper, contain information regarding Coremetrics' analysis
6            of the American Blind internet search engine results and other data regarding
             online searches for American Blind.  Bates range ABWF 042981-043172 are
7            documents which contain information regarding keyword and search engine
             analysis and strategy, including financial analysis regarding the same.
8

9    (Plater Decl. Ex. H.)  This is more than adequate to comply with Rule 34.  The same or greater

10   level of specificity has been employed by American Blind in every other description provided.[7]

11   (*See Id.*)

12           Finally, Google does not claim that it has had difficultly searching and using the American

13   Blind's documents for purposes of conducting depositions and further discovery.  Given that the

14   descriptions provided by American Blind can easily be correlated to Google's 30(b)(6) topics and

15   document requests, it is hard to imagine that Google cannot determine which witness should be

16   questioned about which documents.

17           Google has failed to demonstrate that American Blind's production does not comply with

18   Rule 34(b) and, therefore, its Motion to Compel should be denied.

19   **III.    CONCLUSION**

20           Google's Motion to Compel should not be before the Court.  Google has obtained or

---

21
[7]      Google, on the other hand, has provided far less useful descriptions of the documents it
22       has produced "in the ordinary course of business."  For example, by letter dated March 20,
         2006, Google provided the following descriptions of its production: "GGL002855-
23       GGL002868 consists of settlement agreements with third parties regarding AdWords;
         GGL002869-GGL002904 consists of documents regarding the appearance of the alleged
24       ABWF marks in the text of Sponsored Links or as keywords; GGL002905-GGL002912
         consists of financial documents regarding Google's AdWord's program…"  (Plater Decl.
25       Ex. I.)  In a letter dated March 23, 2006, described its production as: "GGLE00000001-
         00006523 [sic] and GGLE00006259-GGLE00017351 are documents from Britton
26       Picciolini's files; GGLE0001756-00018767 are documents from Carrie Chung's files;
         GGLE00018768-00018861 are documents from Rose Hagan's files…."  (*Id.*)  These
27       descriptions in the March 23, 2006 letter provided no guidance and, therefore, American
         Blind requested further descriptions of what was in these individuals' files.  On March 28,
28       2006, Google provided the further descriptions.  (*Id.*)

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL  60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC                    - 11 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1

1   shortly will obtain all documents in the form it has requested.  Google's requests for additional

2   depositions and for American Blind to re-produce its documents are not grounded in law or

3   reason.  Google's actions in bringing this motion and its failure to compromise despite this

4   Court's order to further meet and confer, demonstrate Google's lack of good faith.  Google's

5   Motion to Compel should be denied in its entirety as moot and/or unsubstantiated.

6

7   DATED:  September 27, 2006                         HOWREY LLP

8

9                                                      By:    /s/ Ethan B. Andelman
10                                                            ROBERT N. PHILLIPS
                                                              ETHAN B. ANDELMAN
11
                                                              David A. Rammelt
12                                                            Susan J. Greenspon
                                                              KELLEY DRYE & WARREN LLP
13                                                            333 West Wacker Drive, Suite 2600
                                                              Chicago, IL  60606
14
                                                              Attorneys for Defendant/Counter-Plaintiff
15                                                            AMERICAN BLIND AND WALLPAPER
                                                              FACTORY, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL  60606

Case No. C03-5340
AMERICAN BLIND'S OPP. TO GOOGLE'S MTC                         - 12 -
ABWF TO SATISFY ITS DISCOVERY OBLIGATIONS
DM_US\8393128.v1