# Exhibit A

CH01/PLATC/210357.1

Dockets.Justia.com

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

SUITE 2600

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

September 19, 2006

VIA FACSIMILE

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:    Google, Inc. v. American Blind and Wallpaper Factory, Inc.

Dear Ajay:

I am writing to you in compliance with the Court's order dated September 11, 2006 requiring the parties to further meet and confer on the matters raised in Google's Motion to Compel and in response to your letter dated September 6, 2006. I will first respond to the items in your letter to which I was unable to respond prior to your filing the Motion to Compel and will then address the remaining matters raised in your motion.

**Matters Raised in September 6, 2006 Correspondence**

With regard to the second item of your original letter, I would suggest that if either party asks that a document be produced in a more readable form, which is not its native form, the requesting party should bear the cost of that reproduction if it cannot be done in-house. This is consistent with the Court's reception to American Blind's complaints regarding the form in which Google produced certain documents relevant to Alana Karen's deposition. That said, please specify the Bates range of the documents regarding the online customer satisfaction survey that you want produced electronically. It is my understanding that you would also like Bates ranges ABWF 5530-5534 and ABWF 5605-7082 produced electronically. We will produce the referenced documents and those identified by you regarding the customer satisfaction survey in electronic form at your cost (in the event that we must send it to a vendor), if this is an acceptable solution to you.

With regard to the third item of your original letter, as you are obviously aware, the first time you indicated that you were seeking to re-depose Gerry Curran on topic 19 and not

KELLEY DRYE & WARREN LLP

Ajay S. Krishnan
September 19, 2006
Page Two

topic 22 was in your letter of September 6, 2006. All prior correspondence from you and Michael Page had referenced topic 22. Thus, this issue has never been the subject of any meet and confer exchange. As Google suggested in response to our similar complaints regarding Alana Karen's deficient testimony, we propose that you submit written questions on topic 19 that you would like answered by American Blind. This way we can seek responsive information from sources in addition to Mr. Curran if he does not possess the information needed to answer your inquiries on topic 19 and since Mr. Curran is no longer an employee of American Blind; thus, ensuring the most comprehensive answer possible with the least amount of time and expense for both parties.

With regard to the fourth item from your original letter, we have already disclosed what Jeff Alderman relied upon for the testimony with which you are concerned—the Coremetrics data (which consists of thousands of pages other than the later produced 11 pages) and the Commission Junction materials. It is understood that you did not have the last 11 pages of Coremetrics data at Mr. Alderman's deposition. That is a very insignificant amount of documents in comparison to the whole of the Coremetrics production and does not justify re-deposing Mr. Alderman. Therefore, I would also propose that Google submit written questions on the 11 pages at issue for Mr. Alderman to answer; again enabling Google to obtain the information that it seeks without wasting time and expenses of either party.

Your letter also questions whether we produced all documents about which Mr. Alderman testified. We have told you repeatedly that we have. In order to draft my last response letter to you dated September 5, 2006, we contacted Mr. Alderman and asked him what he was relying upon in his testimony at pages 106-107. He stated that he was testifying about the Coremetrics data originally produced, the 11 additional pages produced and the Commission Junction materials. Just because the documents produced do not contain the analyses of natural search results does not mean that Mr. Alderman could not glean that information from the documents.

With regard to the fifth item of your original letter, as of September 15, 2006, we have produced all additional Kaden materials in our custody and control. As you requested, American Blind contacted Kaden regarding your request. We were assured by Kaden that they no longer possessed any other responsive materials in their long term files.

With regard to the seventh item of your original letter, regarding the redaction on ABWF1308, it appears that the redactions were original and not from American Blind or its counsel. To explain the initial confusion regarding this document, I was not involved in the original production in this matter, which included ABWF1308. Therefore, I assumed (in error) any redactions were our own. After much searching, it is now apparent that we did locate the original and the original was redacted when we received it from a third party. As you may have noticed, that document bears another stamp on the bottom, which appears to be a Bates stamp

**KELLEY DRYE & WARREN** LLP

Ajay S. Krishnan
September 19, 2006
Page Three

from another litigation, *American Blind v. USA Wallpaper*. That document was produced by the defendant in that matter and was produced to us with the redactions. Thus, the redactions are original to the copy we possess.

## Matters Raised in Google's Motion to Compel

First, with regard to your request that we serve a revised response to Google's First Set of Requests for Admission, you did not mention this in your last correspondence prior to filing the Motion to Compel. However, we have discussed this at length and I have provided you with ample legal authority supporting our answer to that request for admission. If you have legal authority to the contrary, please provide me with the same and we can revisit this issue.

Second, with regard to your request that we serve a revised answer to Google's Second Set of Interrogatories, you also failed to mention that in your last correspondence prior to filing the Motion to Compel. Again, we have discussed this at length and I have provided you with ample legal authority supporting the adequacy of our answer to that interrogatory. If you have legal authority to the contrary, please provide me with the same and we can revisit this issue.

Third, with regard to your request for all non-privileged documents related to the July 2004 "American Wallpaper" survey, I have told you repeatedly that we have produced everything in our possession. In our last go around, I informed you that I went back to Michael Layne and asked him to search for additional materials and all he found was the email string that we produced to you on August 14, 2006. There is nothing more to compel.

Fourth, with regard to your request that we re-produce all documents thus far produced to Google, identifying which document requests they respond to, this is simply not required under F.R.C.P. 34 or by any Court order. Time and again, I have explained that we produced our documents in the ordinary course as is allowed by F.R.C.P. 34 and have provided detailed descriptions for each Bates range. American Blind, unlike Google, was never under any Court order to link up our documents to the requests to which they responded. Is it your position that you cannot understand the nature or origin of the documents from the descriptions provided? Please reconsider this very untenable position you are taking.

Our opposition to the Motion to Compel is due on September 27, 2006. I am hopeful that we can come to an acceptable resolution of these matters prior to that time but would request a response from you by no later than September 21, 2006 so that I can adequately prepare our opposition if necessary.

KELLEY DRYE & WARREN LLP

Ajay S. Krishnan
September 19, 2006
Page Four

Sincerely,

Caroline C. Plater

CCP:ccp

# Exhibit B

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

AJAY S. KRISHNAN
AKRISHNAN@KVN.COM

September 21, 2006

**VIA FACSIMILE**

Caroline C. Plater, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Re:     *Google Inc. v. American Blind & Wallpaper Factory, Inc.*

Dear Carrie:

I have received your September 19th letter concerning ABWF's discovery obligations. As our correspondence only pertains to issues raised in Google's pending motion to compel, I will address the issues in the order they are raised in the motion.

As a preliminary matter, though, I note that you had eight business days (twelve calendar days) to address the issues in my September 6th letter and Google's motion to compel, whereas I have taken, per your request, only two days to respond to your letter. At this rate, we're not going to get very far in terms of resolving issues before your opposition (and our reply) is due. So as to ensure that we have a sufficient opportunity to meet and confer, I will be available to discuss these matters by telephone tomorrow, September 22nd, and Monday, September 25th. Feel free to contact me via email to set up a specific time.

With regard to the issues in the motion:

**With regard to the first item in our motion to compel** — issues concerning the Online Customer Satisfaction Survey — you do not appear to have provided a response. Your position thus far has been that ABWF does not itself possess a readable version of the survey documents. As I stated in my motion, Jeffrey Alderman testified otherwise. He testified that the data from the surveys are printed in spreadsheets that are distributed to management. We asked for these spreadsheets, any other readable version of the surveys, and all associated documents. I do not believe you addressed these points in your September 19th letter.

**With regard to the second item in our motion to compel** — readable versions of certain spreadsheets — Google will not pay for ABWF to perform its basic discovery obligations. ABWF has produced print-outs that do not display all of the information contained in the actual spreadsheets. Thus, ABWF has simply failed to produce responsive information contained in documents that do exist. When producing documents, the parties in this litigation

380897.01

Caroline C. Plater, Esq.
September 21, 2006
Page 2

have typically paid for their own copying and printing costs. This should be no exception. With regard to the "documents relevant to Alana Karen's deposition," I don't understand what you are trying to say. Google voluntarily produced to ABWF an electronic version of the spreadsheet at issue, and Google paid for the cost of that production. In any event, I don't understand why the cost of producing these spreadsheets electronically (or otherwise, so long as all of the information contained in the spreadsheet is visible) is even an issue. Isn't the cost of copying a file to a CD simply the cost of the CD (i.e., roughly a dollar)? What costs are you referring to?

**With regard to the third item in our motion to compel** — producing an adequately prepared 30(b)(6) designee on the issue of damages — we do not accept your offer to submit written questions instead. Mr. Curran was quite clear that he could not testify as to damages. The issue of damages is a broad one. We have a lot to cover, and we are entitled to do so by deposition.

As for your observation that we repeatedly referred to the wrong topic number (we incorrectly referred to topic 22 instead of topic 19) in our correspondence, that is only half the story. In Mike Page's very first letter on the subject — an August 8th letter to David Rammelt — Mike Page incorrectly referred to topic 22, but he also made it clear that he was referring to "[t]he injuries and damages allegedly suffered by American Blind as a result of Google's actions." Indeed, he quoted that language from the 30(b)(6) notice. If you or David were unclear on what Mike was referring to, you could have asked at that time. Instead, you just ignored Mike's August 8th letter. This prompted Mike to write a follow-up letter on August 14th, again addressed to David, in which he wrote, "please advise (per my earlier request) whether ABWF intends to make a properly-prepared Rule 30(b)(6) witness available on topic 22 of Google's 30(b)(6) notice." Again, David, completely ignored this issue. Finally, it was only when I raised the issue a third time—in a letter to you on August 29, in which I referenced Mike's August 14th letter—that you responded that ABWF had testified adequately on topic 22. Once you responded, I was able to rectify the miscommunication. But this did not excuse David's complete failure to respond to Mike's two prior letters, particularly since Mike's initial letter (to which the later letters would have referred you) made it clear that we were talking about the issue of damages. In any event, the topic-19-topic-22 miscommunication is of little import now, as we are still at an impasse on the substantive issue of whether ABWF will produce a designee on damages.

**With regard to the fourth item in our motion to compel** — producing Mr. Alderman for a follow-up deposition and producing the associated documents — your response only heightens our need to have an in-person deposition of Mr. Alderman. If it is your position that you have produced all documents that Mr. Alderman relied on to arrive at his conclusions on natural search results to which he testified, you are welcome to make that representation to the Court. But your position and Mr. Alderman's position still make no sense and are becoming increasingly convoluted. First, at the deposition itself, Paul Garrity said he would try to identify these documents, because Mike Page raised the concern that they had not been produced. Then, on August 30, David Rammelt took the position that Mr. Alderman relied on certain

Caroline C. Plater, Esq.
September 21, 2006
Page 3

"Commission Junction" documents, ABWF 47273-47370. We reviewed these and determined that these could not have been the documents Mr. Alderman relied on because they did not include analysis of organic search results. Next, you took the position on September 5 that the eleven new pages of documents, ABWF 49370-49380, were the remaining documents that Mr. Alderman relied on. We reviewed these documents and again concluded that these could not have been the documents that Mr. Alderman testified about because they contained no information about organic search results. Now, in your September 19th letter, you state that the documents Mr. Alderman relied on were, "the Coremetrics documents originally produced, the 11 additional pages produced and the Commission Junction materials." Which "Coremetrics documents originally produced" are you talking about now? Several thousands of pages of Coremetrics reports have been produced so far; which are the ones that Mr. Alderman claims to have relied on? You state in your latest letter, "Just because the documents produced do not contain the analyses of natural search results does not mean that Mr. Alderman could not glean that information from the documents." That may be true. But if Mr. Alderman has a method of analyzing natural search results by reviewing documents that analyze paid search results, we are entitled to learn what that method is, via deposition. Google has never had the opportunity, either at the deposition or since, to know with any consistency which documents Mr. Alderman actually relied on. As your story evolves, the need to re-depose Mr. Alderman grows.

     <u>With regard to the fifth item in our motion to compel</u> — further responses to Google's First Set of Requests for Admissions — you asked for legal support for our position. Please see the motion to compel.

     <u>With regard to the sixth item in our motion to compel</u> — further responses to Google's first interrogatory in its Second Set of Interrogatories — you asked for further legal support for our position. But our dispute is factual, not legal. Our position, as laid out in our motion to compel, is that the documents you refer us to do not say what you claim they say. Our interrogatory asks for the dates that ABWF used the four business names ABWF identified in its extant response. The 700 pages of documents you identified—contrary to your suggestion—do not contain this information.

     <u>With regard to the seventh item in our motion to compel</u> — the Kaden Company documents — your position is that you have produced all responsive documents in Kaden Company's possession. You state in your September 19th letter that you "were assured by Kaden that they no longer possessed any other responsive materials in their long term files." This is a difficult sentence to unravel. Did Kaden review Google's document requests and make their own judgment as to what responsive documents were? What about Kaden documents that are not in their long term files?

     Importantly, as far as I can tell, we still do not have documents concerning ABWF's contract with Kaden and any communications between ABWF and Kaden either before or after the study was conducted. Please point me to the relevant Bates numbers if I am incorrect. Does

Caroline C. Plater, Esq.
September 21, 2006
Page 4

Kaden have any such documents? If ABWF and Kaden do not have such documents, please explain why these documents no longer exist.

**With regard to the eighth item in our motion to compel** — documents associated with the "American Wallpaper" survey — we are at an impasse. You claim that there are no more documents, but you do not explain what happened to the documents that must have existed at some point. I raised many reasons in the motion to compel and in past correspondence as to why, based on documents we have seen, further responsive documents must exist. If you cannot provide a satisfactory explanation, Google will persist in requesting that the Court compel such an explanation.

**With regard to the ninth item in our motion to compel** — the reasons for redacting a portion of ABWF 1308-1310 — your explanation is satisfactory. The issue is now moot.

**With regard to the tenth item in our motion to compel** — whether ABWF must re-produce its production either in the usual course of business or with designations indicating which document requests the documents respond to — we are, again, at an impasse. As you have stated in prior correspondence, we have discussed this issue "ad nauseum." I understand your position, and it remains in conflict with ours. To answer your question, yes, we do not understand the nature and origin of many of the documents that were produced based on the descriptions provided. The motion to compel provides examples of such documents (although there are numerous others). Additionally, as I have stated repeatedly (in correspondence and in the motion to compel), and as Judge Seeborg has stated in his prior discovery order, the perceived "usefulness" of your designations is not the legal issue.

As stated above, I will be available to continue this discussion over the phone tomorrow and Monday.

Sincerely,

Ajay S. Krishnan

ASK/rwt

cc:   David A. Rammelt, Esq.

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

September 21, 2006

| To | Telephone | Facsimile |
|---|---|---|
| Caroline C. Plater | 312/857-7070 | 312/857-7095 |
| David A. Rammelt | | |
| Kelley Drye & Warren LLP | | |

| From | Telephone | Code |
|---|---|---|
| Ajay S. Krishnan | (415) 391-5400 | **6004/rwt** |

Re    **Google, Inc. v. American Blind & Wallpaper Factory, Inc.**

### Number of Pages (Including Cover): 5

### ORIGINAL WILL <u>NOT</u> FOLLOW THIS TRANSMISSION

### <u>COMMENTS</u>

Please see attached.

Operator _____

Time Sent _____

## IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION, PLEASE CALL (415) 676-2277 OR (415) 391-5400

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

322635.01

**Exhibit C**

1   KEKER & VAN NEST, LLP
     MICHAEL H. PAGE - #154913
2   MARK A. LEMLEY - #155830
     KLAUS H. HAMM - #224905
3   AJAY S. KRISHNAN - #222476
     710 Sansome Street
4   San Francisco, CA 94111-1704
     Telephone: (415) 391-5400
5   Facsimile: (415) 397-7188

6   Attorneys for Plaintiff and Counterdefendant
     GOOGLE INC.

7

               UNITED STATES DISTRICT COURT
8
             NORTHERN DISTRICT OF CALIFORNIA
9

10  GOOGLE INC., a Delaware corporation,     Case No. C 03-5340-JF (RS)

11                   Plaintiff,  **AMENDED NOTICE OF 30(b)(6)**
                              **DEPOSITION OF AMERICAN BLIND**
12                           **AND WALLPAPER FACTORY, INC.**
      v.
13
     AMERICAN BLIND & WALLPAPER
14  FACTORY, INC., a Delaware corporation
     d/b/a decoratetoday.com, Inc. and DOES 1-
15  100, inclusive,

16                  Defendants.

17  AMERICAN BLIND & WALLPAPER
     FACTORY, INC., a Delaware corporation
18  d/b/a decoratetoday.com, Inc.,

19               Counter Plaintiff,

20      v.

21  GOOGLE INC.,

22             Counter Defendants.

23

24

25

26

27

28

1        PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

2    Procedure, Google Inc. ("Google"), will take the deposition upon oral examination of a

3    representative of Defendant/Counter-Plaintiff American Blind and Wallpaper Factory, Inc.

4    ("American Blind"). The topics to be covered are listed in Schedule A attached hereto.

5        By agreement of counsel, the deposition shall take place at the Inn at St. John's, 44045

6    Five Mile Road, Plymouth Michigan 48170, on August 2-4, 2006, beginning at 9:00 a.m. each

7    day. The testimony will be recorded by stenographic means and will also be recorded by sound-

8    and-visual means, including videotape and interactive real-time (*i.e.*, simultaneous display of the

9    transcript on a laptop through LiveNote or similar software.

10

11   DATED: July 12, 2006              KEKER & VAN NEST, LLP

12

13

14                                       By: _____

KLAUS H. HAMM
Attorney for Plaintiff and Counter-Defendant
15   GOOGLE INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

                            1

SCHEDULE A

As used herein, "the AMERICAN BLIND MARKS" shall refer to any and/or all trademarks alleged to be infringed or diluted by Counter-Defendants and/or Third Party Defendants.

Topics to be covered are:

1.    American Blind's acquisition, selection, ownership, adoption, clearance, and use of each of the AMERICAN BLIND MARKS;

2.    The validity of each of the AMERICAN BLIND MARKS and registrations;

3.    Any trademark searches which were conducted by or for American Blind in connection with each of the AMERICAN BLIND MARKS;

4.    American Blind's first use of each of the AMERICAN BLIND MARKS;

5.    Every name that American Blind has used to identify its website;

6.    For each instance in which American Blind has changed the name of its website, its reasons for so doing;

7.    American Blind's products and services offered in connection with each of the AMERICAN BLIND MARKS;

8.    Market research, consumer surveys, or consumer studies relating to each of the AMERICAN BLIND MARKS or products and services sold in connection with each of the AMERICAN BLIND MARKS;

9.    American Blind's volume of sales, in units and dollar amounts, or products and services sold in connection with each of the AMERICAN BLIND MARKS;

10.    American Blind's advertising and promotional activities and expenditures in connection with products and services sold under each of the AMERICAN BLIND MARKS;

11.    American Blind's methodology for bidding on keywords in Google's Adwords advertising program;

12.    American Blind's methodology for determining the value of a click-through[1] for

---

[1] A "click-through" refers to a single instance of a Google web search user clicking on the internet link located in a sponsored advertisement triggered by the user's web search

2

366791.02

1    an American Blind advertisement in Google's Adwords advertising program;

2        13.    Licensing of the AMERICAN BLIND MARKS;

3        14.    Third party use of each of the AMERICAN BLIND MARKS in connection with

4    goods and services of the type sold by American Blind;

5        15.    Channels of trade for American Blind's goods and services sold in connection

6    with the AMERICAN BLIND MARKS;

7        16.    Purchasers of American Blind's goods and services sold in connection with the

8    AMERICAN BLIND MARKS;

9        17.    The strength, consumer recognition and fame of each of the AMERICAN BLIND

10    MARKS;

11        18.    Any alleged confusion or dilution of each of the AMERICAN BLIND MARKS

12    caused by Google's actions;

13        19.    The injuries and damages allegedly suffered by American Blind as a result of

14    Google's actions;

15        20.    The average number of visitors to American Blind's website(s) per day, month,

16    and year;

17        21.    The average number of visitors to American Blind's website(s) per day, month,

18    and year, who purchase products and services through the website(s).

19        22.    American Blind's net profit for each product or service purchased though

20    American Blind's website(s);

21        23.    American Blind's Affiliate Program.

22        24.    American Blind's relationship or business dealings with any person or entity that

23    purchased a keyword that consists in whole or in part of AMERICAN BLIND MARKS in

24    Google's Adwords advertising program;

25        25.    American Blind's relationship or business dealings with any person or entity that

26    American Blind allows to use the AMERICAN BLIND MARKS in the text or title of Sponsored

27    Links appearing on Google.

28

AMENDED NOTICE OF 30(b)(6) DEPOSITION
Case No. C 03-5340-JF (RS)

1

PROOF OF SERVICE

2   I am employed in the City and County of San Francisco, State of California in the office of a
member of the bar of this court at whose direction the following service was made. I am over the
3   age of eighteen years and not a party to the within action. My business address is Keker & Van
Nest, LLP, 710 Sansome Street, San Francisco, California 94111.

4

5   On July 12, 2006, I served the following document(s):

6   **AMENDED NOTICE OF 30(b)(6) DEPOSITION OF AMERICAN BLIND
AND WALLPAPER FACTORY, INC.**

7

8   by FACSIMILE TRANSMISSION (IKON) AND UNITED STATES MAIL, by placing a true
and correct copy with IKON Office Solutions, the firm's in-house facsimile transmission center
provider, for transmission on this date. The transmission was reported as complete and without
9   error. Additionally, a true and correct copy of same was placed in a sealed envelope addressed
as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection
10  and processing of correspondence for mailing. According to that practice, items are deposited
with the United States Postal Service at San Francisco, California on that same day with postage
11  thereon fully prepaid. I am aware that, on motion of the party served, service is presumed
invalid if the postal cancellation date or the postage meter date is more than one day after the
12  date of deposit for mailing stated in this affidavit.

13

14  Caroline C. Plater, Esq.                    Robert N. Phillips, Esq.
David A. Rammelt, Esq.                       Howrey Simon Arnold & White, LLP
15  Kelley Drye & Warren LLP                    525 Market Street
333 West Wacker Drive                        Suite 3600
16  Chicago, IL 60606                           San Francisco, CA 94105-2708

17  Executed on July 12, 2006, at San Francisco, California.

18  I declare under penalty of perjury under the laws of the State of California that the above is true
and correct.

19

20  _Wanda Krawczyk_

21                              WANDA KRAWCZYK

22

23

24

25

26

27

28

NOTICE OF 30(b)(6) DEPOSITION
Case No. C 03-5340-JF (EAI)

**Exhibit D**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

GOOGLE, INC., a Delaware corporation,

                    Plaintiff,

          vs.                    Case No. C 03-5340-JF

AMERICAN BLIND & WALLPAPER
FACTORY, INC., a Delaware corporation
d/b/a decoratetoday.com, Inc., and
DOES 1 -- 100, inclusive,

                    Defendants.
_____/

AMERICAN BLIND & WALLPAPER
FACTORY, INC., a Delaware corporation
d/b/a decoratetoday.com, Inc.,

                    Counter-Plaintiff,

          vs.

GOOGLE, INC.,

                    Counter-Defendant.
_____/

**CERTIFIED
COPY**

          The video deposition of GERALD B. CURRAN,
taken pursuant to the Rules of the State of California,
before Lana Kia Haws, CRR, CM, RPR, CSR-0995, a Notary
Public in the County of Oakland, Acting in the County
of Wayne, State of Michigan, at the Inn at Saint John's,
44045 Five Mile Road, Plymouth Michigan, on August 3,
2006, commencing at or about the hour of 9:30 a.m.

APPEARANCES:
     Keker & Van Nest, LLP
     BY:  MR. MICHAEL H. PAGE
     710 Sansome Street
     San Francisco, CA  94111-1704
     (415) 391-5400
          Appearing on behalf of the Plaintiff.

     Kelley Drye & Warren, LLP
     BY:  MR. PAUL W. GARRITY
     101 Park Avenue
     New York, New York  10178
     (212) 808-7613
          Appearing on behalf of the Defendants.

**U.S. LEGAL**

*Certified Shorthand Reporters*

180 Montgomery Street, Suite 2180
San Francisco, CA  94104

888-575-3376 • Fax 888-963-3376
www.uslegalsupport.com

*Los Angeles • Orange County • San Diego • Inland Empire • Ventura • San Jose • San Francisco • Sacramento . . . and across the nation*

1    Q.   That's about a year.  If you could take a look

2    to your left, there is a pile of exhibits from

3    yesterday's depo.

4            If you could take a look at the first

5    one, Layne Exhibit 1, the Amended Notice of 30(b)(6)

6    Deposition of American Blind and Wallpaper Factory.

7            Is it your understanding that you have

8    been designated by American Blind to testify concerning

9    a number of the topics on this notice?

10   A.   Yes.

11   Q.   Okay.  And which topics have you been

12   designated to testify concerning?

13   A.   I might need some help with this as to which

14   numbers I am actually working on.

15   Q.   Actually, let me -- perhaps I can help.

16           My understanding is that you have been

17   designated to testify on topics 9, 10, 19, and 22; and

18   that of those topics, Mr. Alderman will also be

19   addressing topic 10.

20           Does that match your understanding?

21   A.   Yes.

22   Q.   What, if anything, have you done to prepare for

23   today's deposition?

24   A.   Spent probably one half hour with Paul just

25   discussing the approach and the logic of a deposition.

10

1          Previously, spent time assembling

2   documents and requested materials that were sent to

3   our attorneys, Kelley Drye, relative to the Google

4   litigation.

5       Q.   Okay.  When you say previously spent time

6   assembling documents, when was that?

7       A.   Oh, I think I've really been working in one

8   way or another on the Google case since my arrival at

9   American Blinds.

10      Q.   I see.  Can you estimate how much time total

11  you have spent, as you described it, working in one

12  way or another on the Google case since you joined the

13  company?

14      A.   It would certainly vary by week, but a number

15  of hours per week.

16      Q.   I see, and what sorts of tasks have you been

17  performing in connection with the Google litigation?

18      A.   Primarily record report requisition, assembly,

19  mailing.

20      Q.   So, by that, do you mean assembling financial

21  information and forwarding it?

22      A.   Correct.

23      Q.   Other than meeting with Mr. Garrity yesterday,

24  did you meet with anyone else in preparation for this

25  deposition?

11

1     A. No.

2     Q. Have you met with, at any time, with attorneys

3 for American Blind, other than Mr. Garrity?

4     A. Yes.

5     Q. Who else have you met with?

6     A. Our main contact at Kelley Drye is Ms. Susan

7 Greenspon. She is our normal day-to-day attorney.

8     Q. Okay. Anyone else?

9     A. No.

10    Q. Have you, at any time, met with any experts or

11 consultants in connection with the Google matter?

12    A. No.

13       MR. PAGE: Mark as -- I'm sorry. I

14 didn't get exhibit tabs from you. I'm sorry. It will

15 be one minute.

16       (Mark'd for identification

17       was Deposition Exhibit No. 1.)

18    Q. (BY MR. PAGE) Mark as Curran Exhibit 1 a

19 two-page document produced to us in this litigation,

20 Bates number ABWF007803 through 4.

21      Do you recognize this document?

22    A. No.

23    Q. Sorry. I didn't hear your answer. Do you know

24 who created this document?

25    A. No.

            12

1       Q.  Great.  Put that aside.  Topic 19 on the

2  deposition notice is the injuries and damages allegedly

3  suffered by American Blind as a result of Google's

4  actions.

5          Have you done anything to attempt to

6  calculate the damages American Blind has suffered as a

7  result of Google's actions?

8       A.  No.

9       Q.  Have you done anything to prepare to testify

10  on topic 19?

11       A.  No.

12       Q.  Okay.  Are you aware of any calculations that

13  anyone at American Blind has done in attempt to quantify

14  the damages American Blind contends it's suffered at

15  Google's hands?

16       A.  No.

17       Q.  Do you have an understanding of what harm

18  American Blind claims it has suffered as a result

19  of Google's actions?

20       A.  Yes.

21       Q.  What is that understanding?

22       A.  The understanding that I have is that, as a

23  result of Google selling the names that rightfully

24  belong to American Blinds to the highest bidder, it has

25  caused several actions to take place.

13

1      One, American Blinds is required to pay

2  Google higher fees, search engine fees, in order to get

3  placement on the Google sites.

4      Two, it directs sales or, I should say,

5  interested parties in blinds, wallpaper, and related

6  home interior type products to other sites besides

7  the American Blinds' site; and, as a result of that,

8  American Blinds has suffered a very difficult loss

9  of sales, loss of profits; and it would be a difficult

10  calculation to come up with that number; but, indeed,

11  there is a direct correlation between the start of

12  Google's sites, if you will, and the downturn in

13  revenue sales for American Blinds.

14    Q.  Let me unpack a few of those things.

15      You said there is a direct correlation

16  between the start of Google's site and a downturn in

17  revenue for American Blind.

18      When precisely did American Blinds suffer

19  a downturn in revenue?

20    A.  In 2002, the revenue for American Blinds was

21  approximately 125 million dollars.

22      Since that time, the revenue has

23  decreased to 92 million dollars for the year ended 2005,

24  gradually decreasing each year.

25    Q.  I see.  And is it your belief that that gradual

14

1    decrease each year in revenue is attributable to the

2    existence of the Google website?

3        A.   Some portion of it, certainly.

4        Q.   What portion?

5        A.   It would be hard to calculate.

6        Q.   Have you made any attempt to calculate?

7        A.   No.

8        Q.   Do you have any belief as to what percentage of

9    that downturn in revenue is traceable to the existence

10   of Google?

11       A.   Couldn't calculate that.

12       Q.   Okay.  How would anyone calculate that?

13       A.   I believe that one would have to look at

14   Google's information as to the amount of inquiries that

15   were directed to sites other than American Blinds using

16   the American Blind keywords and attempt to do some

17   reasonable calculation of the conversion that took

18   place from those inquiries on the site that were

19   directed to other sites.

20       Q.   Would you also have to look at what inquiries

21   were directed -- were directed from American Blinds'

22   competitors to American Blind via Google and back that

23   out?

24       A.   Yes.  Yes, sir.

25       Q.   Okay.  Do you have a reason to think that the

15

1  net on that is a net loss rather than gain for American

2  Blind?

3     A.   Yes.

4     Q.   Why?

5     A.   Just because of the issue of placement on the

6  Google site, the cost of that placement, and the fact

7  that American Blinds has a complete advertising program

8  outside of the search engine cost, which is effectively

9  supporting our competitors when they go to the Google

10  site and get directed other than to American Blinds.

11     Q.   What mark -- how would you describe the market

12  in which American Blinds competes?

13          MR. GARRITY:  Object to the question to

14  the extent to which it's outside the scope of the

15  notice.

16          MR. PAGE:  Okay.

17          MR. GARRITY:  With that objection, you

18  can answer.

19          THE WITNESS:  Repeat the question.

20     Q.   (BY MR. PAGE)  Let me explain.  I am just

21  trying to figure out what you would -- what market I

22  would talk about in comparing decline in American

23  Blinds' revenue to the decline of the overall market?

24          I am trying to get your sense of what

25  market you are in.

16

1

2                          CERTIFICATE OF NOTARY

3

4
   STATE OF MICHIGAN      )
5                         )  ss.
6  COUNTY OF OAKLAND      )

7

8                    I, Lana Kia Haws, Certified

9  Shorthand Reporter and Notary Public in and for the

10  above county and state, do hereby certify that the

11  deposition of GERALD B. CURRAN was taken before me

12  at the time and place hereinbefore set forth; that

13  the witness was by me first duly sworn to testify

14  to the truth, the whole truth and nothing but the

15  truth; that thereupon the foregoing questions were

16  asked and foregoing answers made by the witness

17  which were duly recorded by me stenographically and

18  later reduced to computer transcription; and I certify

19  that this is a true and correct transcript of my

20  stenographic notes so taken.

21

22

23

24

25

                                                    49

1

2

3

4          I further certify that I am not Of

5  Counsel to either party nor interested in the event of

6  this cause.

7

8

9  Lana Kia Haws, CM, RPR, CSR-0995

10  Notary Public

11  State of Michigan

12  County of Oakland

13  Acting in the County of Wayne

14

15

16  My Commission Expires:

17  September 29, 2011

18

19

20

21

22

23

24

25

**Exhibit E**

1   Robert N. Phillips (SBN 120970)
    Ethan B. Andelman (SBN 209101)
2   HOWREY SIMON ARNOLD & WHITE, LLP
    525 Market Street, Suite 3600
3   San Francisco, CA 94105
    Telephone: (415) 848-4900
4   Facsimile: (415) 848-4999

5   David A. Rammelt (Admitted *Pro Hac Vice*)
    Susan J. Greenspon (Admitted *Pro Hac Vice*)
6   Dawn M. Beery (Admitted *Pro Hac Vice*)
    KELLEY DRYE & WARREN LLP
7   333 West Wacker Drive, Suite 2600
    Chicago, IL 60606
8   Telephone: (312) 857-7070
    Facsimile: (312) 857-7095

9

10  Attorneys for Defendant/Counter-Plaintiff
    AMERICAN BLIND AND WALLPAPER
    FACTORY, INC.

11

                    UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA

13  GOOGLE INC., a Delaware corporation,          Case No. C 03-5340-JF (RS)

14              Plaintiff,                         AMERICAN BLIND & WALLPAPER
                                                   FACTORY, INC.'S RESPONSE TO
15                                                 PLAINTIFF GOOGLE INC.'S FIRST SET
          v.                                       OF REQUESTS FOR ADMISSION
16
    AMERICAN BLIND & WALLPAPER
17  FACTORY, INC., a Delaware corporation
    d/b/a decoratetoday.com, Inc.; and DOES 1-
18  100, inclusive,

19              Defendants.

20  AMERICAN BLIND & WALLPAPER
    FACTORY, INC., a Delaware corporation
21  d/b/a decoratetoday.com, Inc.,

22              Counter-Plaintiff,

23        v.

24  GOOGLE, INC., AMERICA ONLINE, INC.,
    NETSCAPE COMMUNICATIONS
25  CORPORATION, COMPUSERVE
    INTERACTIVE SERVICES, INC., ASK
26  JEEVES, INC., and EARTHLINK, INC.

27              Counter-Defendants/
                Third-Party Defendants

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/206172.1

PROPOUNDING PARTY:   PLAINTIFF GOOGLE INC.

RESPONDING PARTY:    DEFENDANT/COUNTER-PLAINTIFF AMERICAN BLIND &
                     WALLPAPER FACTORY, INC.

SET NUMBER:          ONE

Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc.

("American Blind") hereby answers Plaintiff Google Inc.'s ("Google") First Set Of Requests For

Admission To American Blind & Wallpaper Factory, Inc. as follows:

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that if an ad appears on a Google search results page when a user searched for

"American Blind & Wallpaper Factory" only because the advertisers has selected "blind" as a

BROAD MATCH KEY WORD, and that if the ad does not include any variant of the ALLEGED

AMERICAN BLINDS MARKS in its text, no ALLEGED AMERICAN BLINDS MARKS has

[sic] been "used" within the meaning of the Lanham Act.

**RESPONSE:**    Objection. This request for admission (a) improperly seeks conclusions and/or

admissions of law that do not relate to the facts of this case, (b) presents a hypothetical question

which is not within the purview of Fed. R. Civ. P. 36, (c) improperly seeks to compel American

Blind to prove Google's legal position in this case, and (d) could not be answered even with

reasonable inquiry because no information known or readily obtainable by American Blind could

allow it to fairly admit or deny the request. Furthermore, this request contains vague and

ambiguous wording which fails to comply with Fed. R. Civ. P. 36 in that it does not present

simple concise statements of facts which would allow American Blind to fairly admit or deny the

statements without explanation or qualification.

### REQUEST FOR ADMISSION NO. 2

Admit that if an ad appears on a Google search results page when a user searches for

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/206172.1                    - 2 -

1    "american blind," the user has no way to determine for certain whether the ad's appearance was

2    triggered by the phrase "american blind" or some other word or phrase.

3    RESPONSE:    Objection.  This request for admission (a) presents a hypothetical question

4    which is not within the purview of Fed. R. Civ. P. 36, and (b) could not be answered even with

5    reasonable inquiry because no information known or readily obtainable by American Blind could

6    allow it to fairly admit or deny the request.  Furthermore, this request contains vague and

7    ambiguous wording which fails to comply with Fed. R. Civ. P. 36 in that it does not present

8    simple concise statements of facts which would allow American Blind to fairly admit or deny the

9    statements without explanation or qualification.

10

11

12

13    Dated: February 27, 2006                                KELLEY DRYE & WARREN LLP

14

15

16                                                By: _____

17                                                David A. Rammelt
                                                  Susan J. Greenspon
18                                                Dawn M. Beery
                                                  KELLEY DRYE & WARREN LLP
19                                                333 West Wacker Drive, Suite 2600
                                                  Chicago, IL  60606
20
                                                  Robert N. Phillips
21                                                Ethan B. Andelman
                                                  HOWREY SIMON ARNOLD &
22                                                WHITE, LLP
                                                  525 Market Street, Suite 3600
23                                                San Francisco, CA  94105
                                                  Telephone:  (415) 848-4900
24                                                Facsimile:  (415) 848-4999

25                                                Attorneys for Defendant/Counter-
                                                  Plaintiff AMERICAN BLIND
26                                                AND WALLPAPER FACTORY,
                                                  INC.

27

28

**PROOF OF SERVICE**

I am a citizen of the United States and a resident of the State of Illinois. I am employed in Cook County, State of Illinois, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is 333 W. Wacker Drive, Suite 2600, Chicago, IL 60606. On the date set forth below, I served the document(s) described below in the manner described below:

**AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S RESPONSE TO PLAINTIFF GOOGLE INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

**VIA FACSIMILE and U.S. MAIL**

Michael H. Page
Mark A. Lemley
Klaus H. Hamm
Ajay S. Krishnan
Keker & Van Nest, LLP
710 Sansome Street
San Francisco, CA 94111

XX (BY FACSIMILE) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of document(s) to be transmitted by facsimile and I caused such document(s) on this date to be transmitted by facsimile to the offices of addressee(s) at the numbers listed below.

(BY FEDERAL EXPRESS) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for overnight delivery, and I caused such document(s) described herein to be deposited for delivery to a facility regularly maintained by Federal Express for overnight delivery.

(BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier and/or process server for hand delivery on this date.

XX (BY U.S. MAIL) I am personally and readily familiar with the business practice of Kelley Drye & Warren, LLP for collection and processing of correspondence for mailing with the United States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States Postal Service at Chicago, Illinois.

Executed on February 27, 2006, at Chicago, Illinois.

Caroline C. Plater

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/206172.1

- 4 -

**Exhibit F**

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

September 5, 2006

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:     <u>Google Inc. v. American Blind and Wallpaper Factory, Inc.</u>

Dear Ajay:

This responds to your letter of August 29, 2006. I apologize for the delayed response. As David explained, I was out all week and given our back and forth on these matters, I am really the only person who could address your issues. I will address each item in the order you raised it.

First, I already explained in my letter dated August 14, 2006, that (a) no more readable version exists and (b) we have produced all documents regarding this survey. We have no further obligation to you in this regard.

Second, unless and until Google agrees to reproduce all of its spreadsheets in electronic or more readable form, we will not be doing the same.

Third, although Google has claimed that Gerry Curran (the witness produced for the topic) did not adequately address topic 22 of Google's 30(b)(6) notice, I have not seen any reference to his testimony where he was asked questions related to topic 22 and where he was unable to or failed to adequately answer. Please provide us with such evidence.

Fourth, we have been advised by Jeff Alderman that he relied upon the Coremetrics materials as well as the Commission Junction materials in providing his testimony that is cited in Michael Page's letters of August 28 and 31, 2006. We previously produced all of those materials to you already, with the exception of eleven additional pages of Coremetrics documents obtained after his deposition. We will shortly provide you the additional documents under separate cover.

KELLEY DRYE & WARREN LLP

Ajay S. Krishnan
September 5, 2006
Page Two

Fifth, we will follow up with our client and ask that they check with Kaden to see if any additional documentation exists regarding the Kaden Studies and will produce whatever responsive information is obtained – that is, if it still exists.

Sixth, we will not produce any attorney-client or attorney work product privileged documents and do not concede a waiver of these privileges based on the timing of our responses to your requests. Please see my letter dated July 26, 2006 for further explanation of our position.

Seventh, at this time, I can only speculate as to why ABWF 1308 was redacted because we have been unable to locate the original. We are continuing to look for it. However, if I were to guess, it was a forwarding email from our client to one of its attorneys at Kelley Drye that was redacted. I realize this is not the answer you were looking for, but that is all I can currently tell you.

Eighth, our answers and objections to Google's First Set of Requests for Admission are proper under the law and are not frivolous. *See Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) (requests for admission cannot be used to compel an admission on a question of law); *Abbott v. U.S.*, 177 F.R.D. 92, 93 (N.D. N.Y. 1997) (hypothetical questions are not within the purview of Rule 36); *Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D. N.Y. 1992) (request for admission must be direct, simple and limited to singular relevant fact so that it can be admitted or denied without explanation; requests should not require the answering party to qualify responses); *People v. Fribourg*, 19 F.R.D. 432, 435-36 (N.D. Cal. 1955) (cannot apply requests for admission to controverted legal issues lying at the heart of the case). Your requests do not comply with the legal principals addressed in the foregoing cases. Therefore, we will not be amending these answers.

Ninth, I assume you are referring to our answer to Interrogatory No. 1 of Google's Second Set of Interrogatories -- not Requests for Admission as you state. Our answer to that Interrogatory is proper and reference to documents for the relevant dates is sufficient, particularly since we refer to the exact Bates range. *See* F.R.C.P. 33(d); *Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 322-23 (C.D. Cal. 2004). If you are confused by the phrase "By way of example", you can consider it deleted. The names listed are the only names which American Blind has used in communications with customers and/or potential customers.

Sincerely,

Caroline C. Plater

cc:    David A. Rammelt

# Exhibit G

## Plater, Caroline C.

**From:** Jeffrey Alderman [jeffa@americanblinds.com]
**Sent:** Wednesday, September 13, 2006 2:48 PM
**To:** Plater, Caroline C.; Greenspon, Susan
**Subject:** FW: Kaden Files

FYI...

-----Original Message-----
**From:** The Kaden Company [mailto:thekadencompany@sbcglobal.net]
**Sent:** Wednesday, September 13, 2006 3:15 PM
**To:** Jeffrey Alderman
**Subject:** Kaden Files

Sorry Jeff. There is nothing in my long term files that would be of any use to you. The DVD and videotapes that you have are a total chronology of what was discussed in the groups. Since focus group research is qualitative in nature and certainly open to interpretation, my reports are written as objectively as I can yet they can only represent my opinions and interpretations of what was said. By listening and watching the tapes from the various studies you or anyone else could form different opinions or put emphasis elsewhere and it would be difficult to argue with alternative conclusions.

I wish you success in your lawsuit with Google.

Bob


The Kaden Company
6677 N. Lincoln Ave.
Lincolnwood, IL 60712
(847) 933-9400
Fax: (847) 679-2101
www.kadencompany.com
www.guerrillamarketingresearch.com
* * * * * * * *

The information contained in this E-mail message is privileged, confidentia=r> l, and may be protected from disclosure; please be aware that any other use=r> , printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If y=r> ou think that you have received this E-mail message in error, please reply =r> to the sender and delete it from your computer. T hank you.

9/15/2006

## Plater, Caroline C.

| | |
|---|---|
| **From:** | Jeffrey Alderman [jeffa@americanblinds.com] |
| **Sent:** | Friday, September 08, 2006 7:35 AM |
| **To:** | Ron Myers |
| **Cc:** | Plater, Caroline C. |
| **Subject:** | RE: FW: Google - follow up re: documents |

Ron - Does Kaden have any paper work, written questionnaires, phone interviews, meeting notes, etc?  Need to make sure we cover all bases.

Thanks,
Jeff


-----Original Message-----
**From:** Ron Myers
**Sent:** Friday, September 08, 2006 8:23 AM
**To:** Jeffrey Alderman
**Subject:** FW: FW: Google - follow up re: documents

FYI


**From:** The Kaden Company [mailto:thekadencompany@sbcglobal.net]
**Sent:** Thursday, September 07, 2006 10:29 PM
**To:** Ron Myers
**Subject:** Re: FW: Google - follow up re: documents

Got your phone message Ron.  Let's talk on Monday.  I'll tell you that the only thing Ithat I might have from any focus group studies are the tapes of the sessions.  Usually I toss those after 12 months so depending on the studies you want, the tapes may or may not be available.  Two sets of tapes are always made for my groups and I always give one to my client.  That means you may have the tapes as well...if that will do you any good.

Bob

***Ron Myers <ronm@americanblinds.com>*** wrote:

> Bob,
>
> Can you give me a call to discuss
>
> Ron
> 847-707-7871
>
> ---
>
> **From:** Jeffrey Alderman
> **Sent:** Thursday, September 07, 2006 11:03 AM
> **To:** Ron Myers
> **Cc:** 'Greenspon, Susan'
> **Subject:** FW: Google - follow up re: documents

9/25/2006

**Importance:** High

Ron - Can you please look into this?

Thanks,
Jeff

-----Original Message-----
**From:** Plater, Caroline C. [mailto:CPlater@KelleyDrye.com]
**Sent:** Thursday, September 07, 2006 11:02 AM
**To:** Jeffrey Alderman
**Cc:** Greenspon, Susan
**Subject:** Google - follow up re: documents

REDACTED

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this communication, unless otherwise stated, is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosure; please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction. If you think that you have received this E-mail message in error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley Drye & Warren LLP for any loss or damage arising in any way from its use.

\* \* \* \* \* \* \* \* \*

The information contained in this E-mail message is privileged, confidentia=
l, and may be protected from disclosure; please be aware that any other use=
, printing, copying, disclosure or dissemination
of this communication may be subject to legal restriction or sanction. If y=
ou think that you have received this E-mail message in error, please reply =
to the sender and delete it from your computer. T
hank you.

The Kaden Company
6677 N. Lincoln Ave.
Lincolnwood, IL 60712
(847) 933-9400
Fax: (847) 679-2101
www.kadencompany.com
www.guerrillamarketingresearch.com

**Exhibit H**

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(312) 857-7095
www.kelleydrye.com

DIRECT LINE: (312) 857-2501
EMAIL: cplater@kelleydrye.com

April 21, 2006

**Vɪᴀ UPS**

Klaus Hamm
Ajay Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:    Google Inc. v. American Blind & Wallpaper Factory Inc.

Dear Klaus and Ajay:

Enclosed please find documents bearing Bates numbers ABWF 002791-002926, which are responsive to your discovery requests.

Bates range – ABWF 002791-002820 consist of the audited financials for American Blind for December 31, 19 90, and May 31, 1989 and 1988.

Bates range – ABWF 002821-002839 consist of the audited financials for American Blind for October 31, 1993 and December 31, 1992 and 1991.

Bates range – ABWF 002840-002850 consists of documents pertaining to American Blind's URLs and references the creation date for each URL.

Bates range – ABWF 002851-002892 consist of financial documents including monthly P&L statements; monthly sales data broken down by product category; and monthly sales broken out between the internet, phone and local sales.

Bates range – ABWF 002894-002926 consist of documents regarding the applications and registration of American Blind's trademarks. This Bates range contains some gaps, which are documents that are subject to the attorney-client privilege and will be placed on an updated privilege log.

CH01/PLATC/208356.1

KELLEY DRYE & WARREN LLP

Klaus Hamm
Ajay Krishnan
April 21, 2006
Page Two

We will continue to supplement our production in the event that any additional responsive documents are discovered.

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosures

cc:    David A. Rammelt (w/o encl.)

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

June 14, 2006

**VIA UPS**

Ajay Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Dear Ajay:

Enclosed please find the following documents, Bates range ABWF 002926 – 007802. These documents are responsive to Google's initial and second set of document requests.

Bates range ABWF 002926-002936 contains trademark information;

Bates range ABWF 002937-002949 contains information concerning website visits;

Bates range ABWF 002950-003017 contains consumer and advertising research and analysis information;

Bates range ABWF 003018-003053 contains advertising costs and spending information;

Bates range ABWF 003054-003772 contains information regarding the name(s) under which American Blind has done business; 003164-65 is website page from a competitor of American Blind;

Bates range ABWF 003773-003800 contains information regarding American Blind's use of Google's AdWords Program;

Bates range ABWF 0038001-005496 contains American Blind advertising materials, including catalogs;

Bates range ABWF 005497-005498 pertains to consumer confusion;

KELLEY DRYE & WARREN LLP

Ajay Krishnan
June 14, 2006
Page Two

Bates ranges ABWF 05498-005508 and 005523-005524 contain various screen shots;

Bates range ABWF 05509-005522 contains various e-mails regarding the American Blind marks;

Bates range ABWF 005525-005536 contains financial information regarding American Blind.

Bates range ABWF 005537-005544 contains cease and desist letters;

Bates range ABWF 005545-005546 contains employee information;

Bates range ABWF 005547-005604 contains market research and demographic analysis materials;

Bates range ABWF 005605-007802 contains annual financial information broken down by product.

I anticipate that I will be providing you with another production within the next couple days.

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosures

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

———

(312) 857-7070

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
STAMFORD, CT
PARSIPPANY, NJ
———
BRUSSELS, BELGIUM
———
AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

June 30, 2006

**VIA UPS**

Ajay Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re: Google Inc. v. American Blind and Wallpaper Factory, Inc.

Dear Ajay:

      Enclosed please find documents Bates range ABWF 008806-044471, produced on CD and paper.

      Bates ranges ABWF 008806- 042980, produced on CD, and ABWF 043173-044471, produced on paper, contain information regarding Coremetrics' analysis of the American Blind internet search engine results and other data regarding online searches for American Blind.

      Bates range ABWF 042981-043172 are documents which contain information regarding keyword and search engine analysis and strategy, including financial analysis regarding the same.

      I anticipate that I will be sending out another production by the end of next week.

      Sincerely,

Caroline C. Plater

Enclosures

CH01/PLATC/210685.1

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ
———
BRUSSELS, BELGIUM
———
AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

July 7, 2006

**Via UPS**

Ajay Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re: Google Inc. v. American Blind and Wallpaper Factory, Inc.

Dear Ajay:

Enclosed please find materials Bates range ABWF 044473-046879, produced on DVD and paper.

Bates ranges ABWF 044473-045522 and 046457-46870 contain annual capitalization documentation for the payroll expenses attributable to the maintenance of American Blind's website for the years 2000-2006.

Bates range ABWF 045523-046456 contains information regarding American Blind's internet search engine marketing, including financial analyses (e-commerce reviews), search engine results analyses and other data regarding internet searches for American Blind.

Bates range ABWF 046871-046879 are 8 DVD's which contain video footage of focus groups that were conducted by American Blind regarding, among other things, its name, products and services as perceived by its customers. Each DVD is labeled with the group number, date and time when the focus group was conducted.

I believe this is our last production. I will of course promptly supplement our production in the event that additional responsive materials are discovered.

CH01/PLATC/210797.1

KELLEY DRYE & WARREN LLP

Ajay Krishnan
July 7, 2006
Page Two

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosures

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

July 26, 2006

**VIA UPS**

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re: <u>Google Inc. v. American Blind and Wallpaper Factory, Inc.</u>

Dear Ajay:

Enclosed please find materials Bates range ABWF 046880-0048811, produced on DVD and paper.

Bates range ABWF 046880-046883 are four DVDs that contain on-line surveys regarding American Blind. We have had some difficulty with running these DVD's, depending on the computer used to open them. So, please contact me if you have problems with them and I will work with you to get you a format that is compatible with your system.

Bates range ABWF 046884-047264 contains information concerning the usability studies referenced by Bill Smith in his deposition. This includes the contract for usability consulting services, plan for conducting usability work, user testing tasks/task analysis items, usability inspection, task analysis and storyboards, user testing round 1, and user testing round 2.

Bates range ABWF 047265 is a facsimile received by American Blind that is an example of confusion

Bates range ABWF 047266- 047612 contains information regarding American Blind's Affiliate Program. This includes License Agreements, terms and conditions and other correspondence regarding the implementation of the Affiliate Program.

Bates range ABWF 047616-048811 contains the litigation files from the law firm of Dawda Mann Mulcahy & Sadler, which pertain to the efforts taken to protect the American

KELLEY DRYE & WARREN LLP

Ajay S. Krishnan
July 26, 2006
Page Two

Blind marks. This includes complaints and other court papers, cease and desists letters and all responses to the foregoing.

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosures

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

————

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

————

BRUSSELS, BELGIUM

————

AFFILIATE OFFICES

JAKARTA, INDONESIA

MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

July 28, 2006

**VIA E-MAIL**
**VIA FACSIMILE**

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:  <u>Google Inc. v. American Blind and Wallpaper Factory, Inc.</u>

Dear Ajay:

Enclosed please find documents Bates labeled ABWF 048812-048834.  These are copies of all of the versions of American Blinds' home page that the client was able to retrieve.

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosures

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**
———
(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ
———
BRUSSELS, BELGIUM
———
AFFILIATE OFFICES

JAKARTA, INDONESIA

MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

August 1, 2006

**VIA UPS**

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:  <u>Google Inc. v. American Blind and Wallpaper Factory, Inc.</u>

Dear Ajay:

      Enclosed please find documents Bates labeled ABWF 048834-049294.

      Bates range ABWF 048835-048840 contains information regarding sales for 1998 through 2006, broken down by method of sale, i.e. internet, 1-800 number, etc.

      Bates range ABWF 048841-048850 contains an e-mail discussion regarding the "branding" used at American Blind in 2004.

      Bates range ABWF 048851-049234 contains an online customer survey conducted by American Blind regarding customer satisfaction with the products and services of American Blind.

      Bates range ABWF 049235-049294 contains recent filings and cease and desist letters on behalf of American Blind, which pertain to the efforts taken to protect the American Blind marks.

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosures

CH01/PLATC/211603.1

# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

————

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

————

BRUSSELS, BELGIUM

————

AFFILIATE OFFICES

JAKARTA, INDONESIA

MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

August 2, 2006

**VIA E-MAIL**
**VIA FACSIMILE**

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re: <u>Google Inc. v. American Blind and Wallpaper Factory, Inc.</u>

Dear Ajay:

Enclosed please find documents Bates labeled ABWF 049295-049363, which contain additional affiliate, licensing and promotional agreements between American Blind and third parties that were recently discovered.

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosures

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**333 WEST WACKER DRIVE**

**SUITE 2600**

**CHICAGO, ILLINOIS 60606**

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES

JAKARTA, INDONESIA

MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

August 14, 2006

**VIA UPS**

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

> Re:  <u>Google Inc. v. American Blind and Wallpaper Factory, Inc.</u>

Dear Ajay:

This follows up on your prior request for any additional documents and/or more readable versions with regard to the American Wallpaper Survey and the customer and product survey data produced by American Blind. Michael Layne has responded regarding the issues you raised regarding both surveys.

As to the American Wallpaper Survey, I have enclosed an email string, Bates range ABWF 049364-049369, that Mr. Layne discovered after we asked that he search for any additional documents. This contains the "report" to Joe Charno and Steve Katzman of which you inquired. The redacted portions of the email string contain discussions between American Blind and its counsel, Susan Greenspon, and thus, are covered by attorney client privilege. This is the only additional material Mr. Layne has found that pertains to the American Wallpaper Survey.

As to the customer and product survey data that you found was not sufficiently readable, the version we produced is the only version that currently exists. We are not under an obligation to create documents in response to discovery requests. Therefore, we have complied with our discovery obligations with regard to this survey. In the event that any more readable versions of the survey data are created, we will promptly provide you with copies.

Finally, enclosed are all confidential settlement agreements that were previously withheld pending court order. We will be revising our privilege log accordingly.

CH01/PLATC/211905.1

KELLEY DRYE & WARREN LLP

Ajay S. Krishnan
August 14, 2006
Page Two

Sincerely,

Caroline C. Plater

CCP:ccp

Enclosures

KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

———

(312) 857-7070

NEW YORK, NY

WASHINGTON, DC

TYSONS CORNER, VA

STAMFORD, CT

PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

AFFILIATE OFFICES

JAKARTA, INDONESIA

MUMBAI, INDIA

FACSIMILE

(312) 857-7095

www.kelleydrye.com

DIRECT LINE: (312) 857-2501

EMAIL: cplater@kelleydrye.com

September 6, 2006

VIA FACSIMILE AND MAIL

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re:  Google Inc. v. American Blind and Wallpaper Factory, Inc.

Dear Ajay:

Enclosed please find documents Bates labeled ABWF049370-049380 that contain information provided by Coremetrics regarding American Blind's internet search engine marketing for the week of June 25, 2006 through July 1, 2006.

Sincerely,

Caroline C. Plater

CCP:ccp
Enclosure

CH01/PLATC/212598.1

**Exhibit I**

LAW OFFICES

# KEKER & VAN NEST
### LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

KLAUS H. HAMM
KHAMM@KVN.COM

March 20, 2006

**FEDERAL EXPRESS**

David A. Rammelt, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606

Re:  **Google Inc. v. American Blind & Wallpaper Factory, Inc.,**
     **SDC ND Cal. Case No. C-03-5340**

Dear David:

Please find documents bearing Bates numbers GGL002855 - GGL003403 enclosed:

- GGL002855 – GGL002868 consists of settlement agreements with third parties regarding AdWords;

- GGL002869 – GGL002904 consists of documents regarding the appearance of the alleged ABWF marks in the text of Sponsored Links or as keywords;

- GGL002905 – GGL002912 consists of financial documents regarding Google's AdWords program;

- GGL002913 – GGL002969 consists of documents regarding Google's policies concerning trademarks in the text of Sponsored Links and as keywords; and

- GGL002970 – GGL003403 consists of financial reports that Google has filed with the SEC.

Very truly yours,

Klaus H. Hamm

KHH:daf
Enclosures

369403.01

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

KLAUS H. HAMM
KHAMM@KVN.COM

March 23, 2006

**FEDERAL EXPRESS**

David A. Rammelt, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
26th Floor
Chicago, IL 60606

**Re:** **Google Inc. v. American Blind & Wallpaper Factory, Inc.,**
        **SDC ND Cal. Case No. C-03-5340**

Dear David:

Enclosed please find a CD of electronic documents bearing Bates numbers
GGLE00000001- GGLE00018861:

- GGLE00000001-00006523 and GGLE00006259-GGLE00017351 are documents
  from Britton Picciolini's files;

- GGLE00017506-00018767 are documents from Carrie Chung's files;

- GGLE00018768-00018861 are documents from Rose Hagan's files;

- GGLE00006254-GGLE00006258, GGLE00017352-00017438, GGLE00017447-
  GGLE00017455, GGLE00017459-GGLE00017461, GGLE00017468-
  GGLE00017469, GGLE00017474-GGLE00017495, GGLE00017497-
  GGLE00017502 are communications between Google and American Blind;

- GGLE00017439-GGLE00017446, GGLE00017456-GGLE00017458,
  GGLE00017462-GGLE00017467, GGLE00017470-GGLE00017473,
  GGLE00017496, GGLE00017503-GGLE00017505 are documents that relate to
  the involvement of American Blind's alleged trademarks in the AdWords
  program.

369672.01

David A. Rammelt, Esq.
March 23, 2006
Page 2


Please feel free to contact me with any questions.

                                    Very truly yours,

                                    Klaus H. Hamm


KHH:daj
Enclosures

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

KLAUS H. HAMM
KHAMM@KVN.COM

March 28, 2006

**VIA FACSIMILE**

Caroline C. Plater, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Re: *Google Inc. v. American Blind & Wallpaper Factory, Inc.*

Dear Caroline,

I am surprised that American Blind is taking the position that Judge Seeborg's February 8, 2006 Order forbids Google from producing documents—other than those documents Google produced on October 26, 2005—as they are kept in the usual course of business. On March 17, 2006, when I spoke on the telephone with your colleague David Rammelt, we discussed the mechanics of how Google could produce documents as they are kept in the ordinary course of business in a manner that would satisfy American Blind. Your current interpretation thus is an about face from Mr. Rammelt's position of less than two weeks ago. I'm also surprised by your position because American Blind's motion to compel and Judge Seeborg's ruling addressed only Google's October 26, 2006 document production. It would be curious, to say the least, if his ruling silently or implicitly closed off one of Rule 34(b)'s two options for producing all of Google's supplemental document productions, including those productions that Google had not even made at the time of the order.

As I told you during our phone conversation yesterday, Google produced the documents you referred to in your March 27, 2006 email (i.e., the January 3 and March 23 productions) as they are kept in the usual course of business. So that you may satisfy yourself that Google did so, I provide the following additional information:

- GGLE00000001-GGLE00006253 and GGLE00006259-00006262 are from Britton Picciolini's folder called "Britton's work/Google/Clients/ABWF." This file contains no further sub-folders. The documents have the following names:

03/28/2006 17:25 FAX 415 394 3494

Caroline C. Plater, Esq.
March 28, 2006
Page 2

| BATES NUMBER | FILE NAME |
|---|---|
| GGLE00000001-GGLE00000337 | 04.12.05 – new cpcs – ABWF.txt |
| GGLE00000338-GGLE00000596 | 05.03.05 – kw_url list – ABWF.txt |
| GGLE00000597-GGLE00000770 | 08.25.04 – Bulksheet – ABWF.xls |
| GGLE00000771-GGLE00000916 | 08.25.04 – Site Map Coverage – ABWF.xls |
| GGLE00000917-GGLE00000922 | 09.13.04 – Search_Content CTRs – ABWF.xls |
| GGLE00000923-GGLE00000953 | 10.12.04 – Site Map Coverage – ABWF.xls |
| GGLE00000954-GGLE00001100 | 10.12.04 – Site Map Coverage2– ABWF.xls |
| GGLE00000101-GGLE00001457 | 11.09.04 – Account Restructure – ABWF.xls |
| GGLE00001458-GGLE00001744 | 11.1.04 – blinds expansion – ABWF.xls |
| GGLE00001745-GGLE00002203 | 12.05.04 – Account Restructure – ABWF.xls |
| GGLE00002204-GGLE00002482 | 12.15.04 – Account Restructure – ABWF.xls |
| GGLE00002483-GGLE00003945 | 12.15.04 – current cpcs – ABWF.xls |
| GGLE00003946-GGLE00004671 | 12.2.04 – interim campaigns – ABWF.xls |
| GGLE00004672-GGLE00005141 | 12.29.04 – Account Restructure – ABWF.xls |
| GGLE00005142-GGLE00005216 | 12.29.04 – current cpcs – ABWF.xls |
| GGLE00005217-GGLE00005272 | 7.26.05 – 7-04 kw report – ABWF.xls |
| GGLE00005273-GGLE00005594 | 7.26.05 – cpc change – ABWF.xls |
| GGLE00005595-GGLE00005933 | 7.29.05 – cpc change – ABWF.xls |
| GGLE00005934-GGLE00005993 | 9.12.05 – expanded curtains_brands – ABWF.xls |

Caroline C. Plater, Esq.
March 28, 2006
Page 3

| BATES NUMBER | FILE NAME |
|---|---|
| GGLE00005994-GGLE00006251 | 9.7.05 – reload disabled kws – ABWF.xls |
| GGLE00006252-GGLE00006253 | American Blinds – Addendum to Standard AdWords TsCs – 29 Sept 2005.pdf |
| GGLE00006259-GGLE00006260 | RE American BlindDecorate Today Addendum – client approval.msg |
| GGLE00006261-GGLE00006262 | RE New Campaign Settings.msg |

- GGLE00006263-00017351 are from Ms. Picciolini's folder called "Transitional clients/ABWF." This folder contains one sub-folder, but none of the documents produced were in that subfolder. These documents are organized in reverse alphabetical order by subject name, which is how Ms. Picciolini has the documents organized on her computer.

- GGLE00017352-GGLE00017352 are from Google's customer service interface program. We have produced these documents organized by search term. Each group of documents organized by search term is further organized by ticket number (generally visible in the subject line), which is how Google's customer service interface program organizes these documents:

| BATES NUMBER | SEARCH TERM |
|---|---|
| GGLE00017352-GLE000017369 | decoratetoday.com |
| GGLE00017370-GGLE00017440 | americanblinds |
| GGLE00017441 | americanblind |
| GGLE00017442-GGLE00017463 | american blinds |
| GGLE00017464-GGLE00017465 | american blind |
| GGLE00017466-GGLE00017505 | decoratetoday |

Caroline C. Plater, Esq.
March 28, 2006
Page 4

- GGLE00017506-GGLE00018767 are from Carrie Chung's folder "Storage(3)/zArchives/American Blind & Wallpaper." This file contains no further sub-folders. These documents are organized in reverse chronological order, which is how Ms. Chung organizes these documents on her computer.

- GGL002347-GGL002808 are from Google's customer service interface program and are organized by tracking number, which is how Google's customer service interface program organizes these documents.

- GGL002809-GGL002850 are communications between Google and American Blind, or documents that relate to such communications.

   Finally, regarding the request in your email for the exhibits referred to in the deposition transcripts that we produced: none of your document requests call for these exhibits and you already possess these documents. But, in the interest of avoiding unnecessary wrangling, we will produce those exhibits in our possession.

   Please let me know if you have any questions.

                                     Very truly yours,

                                     Klaus H. Hamm