**Exhibit D**

CH01/PLATC/210357.1

Dockets.Justia.com

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN JOSE DIVISION)


------------------------------X

GOOGLE, INC.,

a Delaware corporation,

      Plaintiff,

v.          Case No. 5-03-cv-05340-JF(RS)

AMERICAN BLIND & WALLPAPER FACTORY, INC.,

a Delaware corporation, d/b/a

Decoratetoday.com, Inc.

      Defendant.

------------------------------X

    280 South 1st Street

    San Jose, California

    September 6, 2006


HEARING OF DEFENDANT'S MOTION TO COMPEL

PLAINTIFF TO RESPOND TO DISCOVERY TIMELY

          SERVED


Before:

HON. RICHARD SEEBORG, U.S. Magistrate Judge

```
1
2    A P P E A R A N C E S :
3
4    KEKER & VAN NEST, LLP
5         Attorneys for Plaintiff
6         710 Sansome Street
7         San Francisco, CA 94111
8
9    BY:  MICHAEL H. PAGE, ESQ.
10
11   KELLEY DRYE & WARREN, LLP
12        Attorneys for Defendant
13        333 West Wacker Drive
14        26th Floor
15        Chicago, IL 60606
16
17   BY:  DAVID A. RAMMELT, ESQ.
18
19
20
21
22
23
24
25
```

Google v. American Blind & Wallpaper Factory

P R O C E E D I N G S

MR. RAMMELT:  Good morning, Your Honor,
David Rammelt on behalf of American Blind.

THE COURT:  Good morning Mr. Rammelt.

MR. PAGE:  Good morning, Your Honor,
Michael Page on behalf of Google.

THE COURT:  Good morning, Mr. Page.  I
had taken a look through the materials you
submitted.  I'll tell you what my tentative
conclusion is.  I am inclined to deny the
motion except with respect to possibly a
limited deposition of Mr. Page that I would
think would be -- should be able to be
completed in about three hours on the issue of
trademark policy.

The general -- my general view of this is
that it seems to me to be pretty clear that
Judge Fogel -- when he made his sixty day
extension order -- did not intend for that
period to encompass new discovery -- that you
needed to show good cause if you wanted
something new and bring that to me and to the
extent -- as I see it and look through the
papers, the only area where I really think

1   Google v. American Blind & Wallpaper Factory

2   that good cause has been shown is possibly

3   with respect to the deposition of Mr. Page.

4   So, that's my tentative conclusion.  So, Mr.

5   Rammelt, I guess it's your turn.

6       MR. RAMMELT:  Well, Your Honor I would

7   address two issues.  We raised the issue with

8   Judge Fogel and there clearly was, perhaps a

9   misunderstanding about what his ruling was.

10  We believed that we needed an extra two months

11  and we didn't believe that there was a limit

12  on that.  When his written order came out, it

13  said that discovery could continue within the

14  pre-existing scope of discovery which, under

15  Rule 26, we interpreted to mean the relevant

16  issues at the time, so we --

17      THE COURT:  Well, that's a pretty

18  meaningless period.  If you're right about

19  that, that's just saying -- why does he even

20  have to say that?  If it's going to be -- he

21  obviously intended some limits on this or else

22  he would have said -- sent something along the

23  lines of -- he's expecting there to be some

24  limitation.  If all you're saying is sixty

25  days and you can -- and you're only

1   Google v. American Blind & Wallpaper Factory

2   constrained by Rule 26 -- you're always

3   constrained by Rule 26.

4       MR. RAMMELT:  What I understood his

5   ruling to mean, Your Honor, was that you have

6   to stay within the issues that have been

7   raised in this litigation to date through the

8   pleading practice and then through discovery.

9   You can't keep branching into new issues,

10  raising new theories, seeking discovery about

11  new facts and issues that hadn't been raised

12  yet.  That is the way that we interpreted it.

13  If we are wrong, Your Honor, and we ought to

14  have come to this Court for good cause, I

15  would submit that it is a mistake to suggest

16  that we had three years of discovery.  As Your

17  Honor knows, we were before the Court in

18  January -- we did not get until March of this

19  year, the 110,000 pages of documents that

20  Google had produced in the Geico Case.  We

21  didn't get until March 23rd of this year,

22  American Blind-specific documents.  Literally

23  the next month, April and May is when we hit

24  this management turnover within the company

25  and it was during that period -- April and May

1    Google v. American Blind & Wallpaper Factory

2    that we literally didn't know the direction of

3    this ca --

4        THE COURT:  Yeah but that -- I think that

5    that plainly is an issue that impacts your

6    ability to respond to discovery.  I don't see

7    why the lawyers -- outside lawyers for the

8    company can't propound discovery.  I mean,

9    management upheaval in the client doesn't --

10   you know, client's boardroom doesn't -- I mean

11   it's apples and oranges.  I don't understand

12   the problem.  Companies go through changes all

13   the time and it may well -- as I understand

14   it -- have some impact on their ability to get

15   organized and produce materials -- and that's

16   what I think Judge Fogel was looking at.  But

17   there's no constraint on the outside counsel

18   to propound appropriate discovery.

19       MR RAMMELT:  Well, there was, I mean,

20   Your Honor, there is, to the extent that we

21   had to go through all of these documents.

22   Now, at this point, by the end of March we

23   have been newly produced and can share with

24   our client 130,000 pages.  As these come in

25   and we begin to go through them, we now face a

1   Google v. American Blind & Wallpaper Factory

2   situation where we don't know what the future

3   of the company is going to be, whether we are

4   going to continue to be retained in this case,

5   whether the company was going to continue this

6   case and we -- this is a small company that

7   doesn't have an inside counsel.  We were

8   dealing with the CEO at the time for direction

9   about how much he was willing to spend, who he

10  wanted to depose based on the documents that

11  we were bringing to him and case strategies

12  that we were explaining -- yes, I want you to

13  pursue this area or no, for various reasons we

14  don't want you to pursue this area.

15      Now, we truly were looking to management

16  and guided by management about how extensive

17  discovery would or would not be in this case.

18  I would say, we couldn't do that until we went

19  through all of the documents because as we

20  know from the last time we were here before

21  Your Honor, to the extent that the answer was

22  located somewhere in the documents, we've been

23  told -- well, you should have known that it

24  was in the documents -- it was there for you.

25  So, before we realized which of the forty or

1    Google v. American Blind & Wallpaper Factory

2    fifty Google employees who may have touched

3    this, we had to get through all those

4    documents and narrow that down to the number

5    that we would depose, which is the manageable

6    level that we have now, I believe it's five.

7         THE COURT:  So what you're proposing to

8    do is-- although it's not entirely clear on

9    the face of what you've got -- you initially

10   asked for Mr. Brin and Mr. Page's depositions

11   and now you're acknowledging you don't want

12   to -- you are not pursuing Mr. Brin's

13   deposition?

14        MR. RAMMELT:  Correct, Your Honor.

15        THE COURT:  Then you've got five

16   additional depositions you want?

17        MR. RAMELT:  Correct, Your Honor, five

18   employees.

19        THE COURT:  Right, and then you had three

20   Requests for Admission --

21        MR. RAMMELT:  Correct.

22        THE COURT:  Now, I have to tell you, two

23   of those three -- I don't think are proper

24   Requests for Admission.  I mean, I don't think

25   that Requests for Admission about litigation

1    Google v. American Blind & Wallpaper Factory

2    facts is an appropriate use of Requests for

3    Admission --

4        MR. RAMMELT:  Right.

5        THE COURT:  -- so I have substantive

6    problems with those, although I recognize that

7    the principal objection from your counterparts

8    was a timing objection rather than an

9    objection to the particular requests.  But --

10   well, let me ask you, Mr. Page, with respect

11   to -- well, anything you want to tell me, but

12   in particular with respect to Larry Page's

13   deposition --

14       MR. PAGE:  Yes, Your Honor.  First, let

15   me correct an impression counsel made -- they

16   didn't get these documents this year.  They

17   got these documents last year in production.

18   What they got this year was when they came to

19   Your Honor and asked to compel us to identify

20   which of the many requests they had served

21   they were responsive to --

22       THE COURT:  Right.

23       MR. PAGE:  So, when he says he got them

24   this year, he means he got them with that

25   index this year.  But, putting that aside --

Google v. American Blind & Wallpaper Factory

1

2      THE COURT:  Right.  Mr. Rammelt is saying

3   he got it in -- from his point of view -- a

4   larger than usable form and then he got it in

5   usable form once we had our discussion.

6      MR. PAGE:  Nonetheless, that was a long

7   time ago.  But as to Mr. Page, this is not a

8   motion for leave to take his deposition after

9   the cutoff of discovery.  They have not made

10  that motion.  They have not, therefore,

11  presented the Court with any cause -- good

12  cause why that deposition should be taken

13  after --

14     THE COURT:  But they -- in their papers,

15  whether or not they presented it in the proper

16  form or not, they did include arguments in the

17  paperwork -- in particular in the Reply

18  Brief -- that's why I want you to have an

19  opportunity to respond to it -- that

20  identified a basis for concluding that Mr.

21  Page is a deponent who has something to say on

22  the subject.

23     MR. PAGE:  And because we have not had

24  an -- because that motion was not made and we

25  did not have an opportunity to oppose it --

1    Google v. American Blind & Wallpaper Factory

2    the problem with that motion is that they put

3    Mr. Page in their initial disclosures as a

4    witness with relevant evidence nearly a year

5    ago -- months ago -- or actually, over a year

6    ago.  He was in their initial disclosures.

7    They haven't just discovered the existence of

8    one of the most prominent businessmen in

9    America, right?  While they could have been

10   taking his deposition he was on the cover of

11   Time, Newsweek, Fortune.  There's no question

12   that Larry Page is a significant player at

13   Google, right?

14        THE COURT:  Well, what's the prejudice to

15   you --

16        MR. PAGE:  The prejudice --

17        THE COURT:  -- for you to have his

18   deposition taken now?

19        MR. PAGE:  The prejudice is, one:  it

20   takes the -- you know -- the senior executive

21   at one of the largest companies in America and

22   requires him to take a day off to prep for a

23   deposition and another day off to attend the

24   deposition --

25        THE COURT:  But you admit that --

Google v. American Blind & Wallpaper Factory

1

2      MR. PAGE:  -- on an issue that isn't

3  relevant.  That's the next issue.

4      THE COURT:  All right.  That's the one I

5  want to hear about because --

6      MR. PAGE:  Right.

7      THE COURT:  -- your timing issue, I hear

8  it -- but had they then noticed it as you

9  think would have been more appropriate a year

10  ago -- the same day off to prepare would have

11  been -- would have been there, so --

12      MR. PAGE:  And we would have, at that

13  time said, Your Honor, they should first take

14  the depositions of more junior employees --

15  which they hadn't done either.  This is going

16  to be the first individual deposition they

17  have taken in this entire case.  But, more

18  importantly, they claim they needed to talk to

19  Mr. Page because he -- among many other

20  people -- were involved in Google's decision

21  as to what its trademark policy would be.

22      THE COURT:  Uh-huh.

23      MR. PAGE:  They don't connect the next

24  step.  They don't suggest any relevance to

25  their claims in this case of the reasons that

1   Google v. American Blind & Wallpaper Factory

2   Google chose that policy.  The question is

3   real simple:  does that policy violate the

4   trademark laws or does it not?  And Google's

5   reasons for choosing it have nothing to do

6   with that question.  The policy is what it is,

7   there is no dispute about what that policy is

8   and it either does or doesn't violate the

9   trademark laws.  The reasons that Google chose

10  to change its policy -- the process it went

11  through in studying that change doesn't change

12  the question, whether what Google does

13  violates the trademark laws in a way that

14  injures their client.  It has nothing to do

15  with that.  The policy is what it is.

16      THE COURT:  Mr. Rammelt, do you want to

17  respond to that?

18      MR RAMMELT:  Yeah I guess, on that point,

19  Your Honor, the change in policy from the old

20  policy to the new policy was a fundamental

21  change and we would argue that the prior

22  policy, in effect, was an admission that what

23  we're claiming, legally, Google had an

24  obligation to do -- they did, in fact have an

25  obligation to do.  Once we filed this lawsuit,

1    Google v. American Blind & Wallpaper Factory

2    Google changed its policy and opened up,

3    basically, free bidding on all key words.  We

4    learned, three weeks ago from Miss Hagen, that

5    that impetus, that direction came from Mr.

6    Page.  He was the one who wanted the old

7    policy changed subsequent to this lawsuit.

8    The reasons for the policy change -- the

9    reasons for the old policy formulation and

10    what went into the decision-making are highly

11    relevant to this case, we would submit.  I

12    mean, this case is about whether their current

13    policy violates the trademark laws or not.

14    And the change in trademark policy is

15    fundamental to that, I would submit.  I would

16    just add two points, Your Honor.

17        THE COURT:  Okay.

18        MR. RAMMELT:  The Requests for Admissions

19    we would withdraw.  What we are trying to

20    focus on here are the depositions of the

21    additional five employees.  That's what we're

22    concerned about.  And we worked to schedule

23    the 30(b)(6) depositions first so we would

24    know precisely which employees we had to

25    depose, so that hopefully, we could narrow.

```
 1      Google v. American Blind & Wallpaper Factory
 2    That's why we did it in the order that we did.
 3    And we couldn't have started any earlier than
 4    the end of March -- it just -- it has not been
 5    years and years and years.  This has been a
 6    limited amount of time in this case.
 7          THE COURT:  Mr. Page?
 8          MR. PAGE:  To respond briefly, discovery
 9    was open for fourteen months, all right?  The
10    fact that they had a management change in the
11    last two months, when they had not chosen to
12    take any individual depositions for the
13    previous year, explains why they need more
14    time to respond and not to take discovery.
15          More importantly, I've heard nothing
16    either in this reply or in what Mr. Rammelt
17    said that answers the question:  what is the
18    relevance to their claims of the reasons
19    Google changed its trademark policy?  It's not
20    rel -- there's no dispute what the policy is.
21    We allow anyone to bid on trademark terms --
22    we do not block that.  That is what they claim
23    violates the trademark laws.
24          THE COURT:  No.  But I mean the process
25    by which the company got to that --
```

1    Google v. American Blind & Wallpaper Factory

2    discussions that might have taken place or

3    factors that they considered might implicate

4    some of the things that American Blind is

5    saying are important. Were they even

6    considered by Google? I mean, I don't know --

7    I'm not going to speculate what the facts

8    would be, but I'm not sure I'm with you that

9    there's no relevance at all to the change of

10   policy or the factors that went into it.

11          MR. PAGE: But it's certainly tenuous, at

12   best, all right? It's a very thin reed to

13   come along after the close of discovery and

14   say, we want to go straight to the CEO of the

15   company and ask him questions about policies,

16   because it might kind of, have something to do

17   with it, all right? It's not self-evidently

18   irrelevant, but it's a very tenuous reed to be

19   able to jump straight to the apex of a

20   corporation after the close of discovery and

21   go -- you know, we want to put the leverage on

22   you, of forcing your CEO to show up for

23   deposition. We have dozens of these cases,

24   Your Honor.

25          THE COURT: Oh, I know. And I'm not -- I

1    Google v. American Blind & Wallpaper Factory

2    understand very well, because I deal with it

3    all the time -- the whole apex witness issue.

4    And you know, on the one hand I'm very aware

5    of those concerns, on the other hand, I'm also

6    aware that if some -- the test for me is, does

7    somebody have particular relevant information

8    that pertains to the lawsuit.  If they do, it

9    doesn't matter who they are.  But if, in fact,

10   I get the flavor that it's being requested for

11   purposes other than getting relevant

12   information, I agree with you, and I have to

13   be attuned to that.  So that's what I'm trying

14   to figure out.

15       MR. PAGE:  As we noted, the e-mails that

16   they cite that were copied to Mr. Page on this

17   policy change involved forty-seven separate

18   people at Google.  He's the only one that they

19   noticed a deposition of, all right?

20       THE COURT:  Uh-huh.

21       MR. PAGE:  You know GM, when they make

22   policy decisions as to overall concepts of the

23   company; the CEO is involved, right?  The

24   reasons they made those policy changes may

25   very well have some tenuous relevance to every

1    Google v. American Blind & Wallpaper Factory

2    rollover case.  It doesn't mean that you get

3    to bring the CEO in over and over and over.

4         THE COURT:  Well, but they do give me

5    Miss Hagen's deposition that -- where she

6    identifies Mr. Page.  I mean, it's not -- they

7    didn't force her into it, she said Mr. Page.

8         MR. PAGE:  Correct.  They're missing the

9    question that led to that discussion.  The

10   discussion was:  where was the idea to study

11   the trademark policy and decide whether it

12   needed to be changed, all right?  And she said

13   that that came from Mr. Page.

14        But so what?  We know they changed the

15   policy, we know what it was, we know what it

16   is now.  The fact that the CEO said "I want

17   you to look at this policy and decide whether

18   to change it," doesn't change whether the

19   current policy violates the trademark law or

20   whether the prior one did.  It won't inform

21   that.  It will only harass.

22        THE COURT:  Okay.  The other five you

23   were talking about -- who are these people,

24   just generally, who are they?

25        MR. PAGE:  The gentleman who was the boss

1    Google v. American Blind & Wallpaper Factory

2    of Mr. Faloria, [phonetic] whose deposition we

3    finished on August 9th;  a woman named Brittan

4    Mashlein [phonetic] who apparently was one of

5    the key account supervisors between American

6    Blind and Google;  and then the two other

7    people were mentioned during Mr. Faloria's and

8    Miss Karen's deposition as being folks were

9    part of a small nucleus of the management team

10   that evaluated the change in trademark policy,

11   the change in the key -- naming the key word

12   suggestion tool, which we touched on briefly

13   during the last hearing --

14        THE COURT:  -- All right.

15        MR. PAGE: -- and then also the surveys --

16   to the extent there were any done -- internal

17   experiments analyzing consumer confusion,

18   consumer behavior on the Google Website.

19        THE COURT:  Okay.  All right.  I'll take

20   the matter under submission, I'll give you an

21   order -- it should be in the next couple of

22   days.

23        MR. PAGE:  Thank you, Your Honor.

24        MR. RAMMELT:  Thank you.

25        THE COURT:  Thank you.

```
1    Google v. American Blind & Wallpaper Factory
2           (Whereupon the proceedings were
3       concluded.)
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

## A

ability 6:6,14
able 3:14 16:19
account 19:5
acknowledging 8:11
add 14:16
additional 8:16 14:21
address 4:7
admission 8:20,24,25
  9:3 13:22
Admissions 14:18
admit 11:25
ago 10:7 11:5,5,6 12:10
  14:4
agree 17:12
allow 15:21
America 11:9,21
American 1:10 3:1,4 4:1
  5:1,22 6:1 7:1 8:1 9:1
  10:1 11:1 12:1 13:1
  14:1 15:1 16:1,4 17:1
  18:1 19:1,5 20:1
amount 15:6
analyzing 19:17
answer 7:21
answers 15:17
apex 16:19 17:3
apparently 19:4
apples 6:11
appropriate 6:18 9:2
  12:9
April 5:23,25
area 3:25 7:13,14
argue 13:21
arguments 10:16
aside 9:25
asked 8:10 9:19
attend 11:23
Attorneys 2:5,12
attuned 17:13
August 19:3
aware 17:4,6

## B

based 7:10
basically 14:3
basis 10:20
behalf 3:4,7
behavior 19:18
believe 4:11 8:6
believed 4:10
best 16:12
bid 15:21
bidding 14:3
Blind 1:10 3:1,4 4:1 5:1
  6:1 7:1 8:1 9:1 10:1
  11:1 12:1 13:1 14:1

15:1 16:1,4 17:1 18:1
  19:1,6 20:1
Blind-specific 5:22
block 15:22
boardroom 6:10
boss 18:25
branching 5:9
Brief 10:18
briefly 15:8 19:12
Brin 8:10
bring 3:23 18:3
bringing 7:11
Brin's 8:12
Brittan 19:3
businessmen 11:8

## C

C 2:2 3:2
ca 2:7 6:3
California 1:2,16
case 1:9 5:20 7:4,6,11,17
  12:17,25 14:11,12
  15:6 18:2
cases 16:23
cause 3:22 4:2 5:14
  10:11,12
CEO 7:8 16:14,22 17:23
  18:3,16
certainly 16:11
change 13:10,11,11,19
  13:21 14:8,14 15:10
  16:9 17:17 18:18,18
  19:10,11
changed 14:2,7 15:19
  18:12,14
changes 6:12 17:24
Chicago 2:15
choosing 13:5
chose 13:2,9
chosen 15:11
cite 17:16
claim 12:18 15:22
claiming 13:23
claims 12:25 15:18
clear 3:18 8:8
clearly 4:8
client 6:9,24 13:14
client's 6:10
close 16:13,20
come 5:14 6:24 16:13
companies 6:12 11:21
company 5:24 6:8 7:3,5
  7:6 15:25 16:15 17:23
compel 1:19 9:19
completed 3:15
concepts 17:22
concerned 14:22
concerns 17:5

concluded 20:3
concluding 10:20
conclusion 3:11 4:4
confusion 9:17
connect 12:23
considered 16:3,6
constrained 5:2,3
constraint 6:17
consumer 19:17,18
continue 4:13 7:4,5
copied 17:16
corporation 1:7,11
  16:20
correct 8:14,17,21 9:15
  18:8
counsel 6:17 7:7 9:15
counterparts 9:7
couple 19:21
Court 1:1 3:5,8 4:17
  5:14,17 6:4 8:7,15,19
  8:22 9:5,22 10:2,11,14
  11:14,17,25 12:4,7,22
  13:16 14:17 15:7,24
  16:25 17:20 18:4,22
  19:14,19,25
cover 11:10
current 14:12 18:19
cutoff 10:9

## D

D 3:2
date 5:7
David 2:17 3:4
day 3:19 11:22,23 12:10
days 4:25 19:22
deal 17:2
dealing 7:8
decide 18:11,17
decision 12:20
decisions 17:22
decision-making 14:10
Decoratetoday.com
  1:12
Defendant 1:13 2:12
DEFENDANT'S 1:19
Delaware 1:7,11
deny 3:11
deponent 10:21
depose 7:10 8:5 14:25
deposition 3:13 4:3 8:13
  9:13 10:8,12 11:10,18
  11:23,24 12:16 16:23
  17:19 18:5 19:2,8
depositions 8:10,16
  12:14 14:20,23 15:12
direction 6:2 7:8 14:5
disclosures 11:3,6
discovered 11:7

discovery 1:20 3:21 4:13
  4:14 5:8,10,16 6:6,8
  6:18 7:17 10:9 15:8,14
  16:13,20
discussion 10:5 18:9,10
discussions 16:2
dispute 13:7 15:20
DISTRICT 1:1,2
DIVISION 1:3
documents 5:19,22 6:21
  7:10,19,22,24 8:4 9:16
  9:17
dozens 16:23
Drive 2:13
DRYE 2:11
d/b/a 1:11

## E

E 2:2,2 3:2,2
earlier 15:3
effect 13:22
either 12:15 13:8 15:16
employees 8:2,18 12:14
  14:21,24
encompass 3:21
entire 12:17
entirely 8:8
ESQ 2:9,17
evaluated 19:10
evidence 11:4
executive 11:20
existence 11:7
expecting 4:23
experiments 19:17
explaining 7:12
explains 15:13
extension 3:20
extensive 7:16
extent 3:24 6:20 7:21
  19:16
extra 4:10
e-mails 17:15

## F

face 6:25 8:9
fact 13:24 15:10 17:9
  18:16
factors 16:3,10
Factory 1:10 3:1 4:1 5:1
  6:1 7:1 8:1 9:1 10:1
  11:1 12:1 13:1 14:1
  15:1 16:1 17:1 18:1
  19:1 20:1
facts 5:11 9:2 16:7
Faloria 19:2
Faloria's 19:7
fifty 8:2
figure 17:14

filed 13:25
finished 19:3
first 9:14 12:13,16 14:23
five 8:6,15,17 14:21
   18:22
flavor 17:10
Floor 2:14
focus 14:20
Fogel 3:19 4:8 6:16
folks 19:8
force 18:7
forcing 16:22
form 10:4,5,16
formulation 14:9
Fortune 11:11
forty 7:25
forty-seven 17:17
fourteen 15:9
Francisco 2:7
free 14:3
fundamental 13:20
   14:15
future 7:2

**G**

G 3:2
Geico 5:20
general 3:17,17
generally 18:24
gentleman 18:25
getting 17:11
give 18:4 19:20
GM 17:21
go 6:12,21,25 16:14,21
going 4:20 7:3,4,5 12:15
   16:7
good 3:3,5,6,8,22 4:2
   5:14 10:11
Google 1:6 3:1,7 4:1 5:1
   5:20 6:1 7:1 8:1,2 9:1
   10:1 11:1,13 12:1 13:1
   13:2,9,12,23 14:1,2
   15:1,19 16:1,6 17:1,18
   18:1 19:1,6,18 20:1
Google's 12:20 13:4
guess 4:5 13:18
guided 7:16

**H**

H 2:9
Hagen 14:4
Hagen's 18:5
hand 17:4,5
harass 18:21
hear 12:5,7
heard 15:15
hearing 1:19 19:13
highly 14:10

hit 5:23
HON 1:24
Honor 3:3,6 4:6 5:5,13
   5:17 6:20 7:21 8:14,17
   9:14,19 12:13 13:19
   14:16 16:24 19:23
hopefully 14:25
hours 3:15

**I**

idea 18:10
identified 10:20
identifies 18:6
identify 9:19
IL 2:15
impact 6:14
impacts 6:5
impetus 14:5
implicate 16:3
important 16:5
importantly 12:18 15:15
impression 9:15
inclined 3:11
include 10:16
index 9:25
individual 12:16 15:12
inform 18:20
information 17:7,12
initial 11:3,6
initially 8:9
injures 13:14
inside 7:7
intend 3:20
intended 4:21
internal 19:16
interpreted 4:15 5:12
involved 12:20 17:17,23
irrelevant 16:18
issue 3:15 4:7 6:5 12:2,3
   12:7 17:3
issues 4:7,16 5:6,9,11

**J**

January 5:18
Jose 1:3,16
Judge 1:24 3:19 4:8
   6:16
jump 16:19
junior 12:14

**K**

Karen's 19:8
keep 5:9
KEKER 2:4
KELLEY 2:11
key 14:3 19:5,11,11
kind 16:1
know 6:2,10 7:2,20

11:20 14:24 16:6,21
16:25 17:4,21 18:14
18:15,15
known 7:23
knows 5:17

**L**

larger 10:4
largest 11:21
Larry 9:12 11:12
law 18:19
laws 13:4,9,13 14:13
   15:23
lawsuit 13:25 14:7 17:8
lawyers 6:7,7
learned 14:4
leave 10:8
led 18:9
legally 13:23
level 8:6
leverage 16:21
limit 4:11
limitation 4:24
limited 3:13 15:6
limits 4:21
lines 4:23
literally 5:22 6:2
litigation 5:7 8:25
LLP 2:4,11
located 7:22
long 10:6
look 3:9,24 18:17
looking 6:16 7:15

**M**

Magistrate 1:24
manageable 8:5
management 5:24 6:9
   7:15,16 15:10 19:9
March 5:18,21 6:22
   15:4
Mashlein 19:4
materials 3:9 6:15
matter 17:9 19:20
mean 4:15 5:5 6:8,10,19
   8:24 14:12 15:24 16:6
   18:2,6
meaningless 4:18
means 9:24
mentioned 19:7
Michael 2:9 3:7
missing 18:8
mistake 5:15
misunderstanding 4:9
month 5:23
months 4:10 11:5 15:9
   15:11
morning 3:3,5,6,8

motion 1:19 3:12 10:8
   10:10,24 11:2

**N**

N 2:2 3:2
named 19:3
naming 19:11
narrow 8:4 14:25
nearly 11:4
need 15:13
needed 3:22 4:10 12:18
   18:12
NEST 2:4
new 3:21,23 5:9,10,11
   13:20
newly 6:23
Newsweek 11:11
NORTHERN 1:2
noted 17:15
noticed 12:8 17:19
nucleus 19:9
number 8:4

**O**

O 3:2
objection 9:7,8,9
obligation 13:24,25
obviously 4:21
Oh 16:25
Okay 14:17 18:22 19:19
old 13:19 14:6,9
once 10:5 13:25
open 15:9
opened 14:2
opportunity 10:19,25
oppose 10:25
oranges 6:11
order 3:20 4:12 15:2
   19:21
organized 6:15
ought 5:13
outside 6:7,17
overall 17:22

**P**

P 2:2,2 3:2
Page 2:9 3:6,7,8,13 4:3
   9:10,14,23 10:6,7,21
   10:23 11:3,12,16,19
   12:2,6,12,19,23 14:6
   15:7,8 16:11 17:15,16
   17:21 18:6,7,8,13,25
   19:15,23
pages 5:19 6:24
Page's 8:10 9:12
papers 3:25 10:14
paperwork 10:17
part 19:9

particular 9:9,12 10:17
  17:7
people 12:20 17:18
  18:23 19:7
period 3:21 4:18 5:25
pertains 17:8
phonetic 19:2,4
place 16:2
plainly 6:5
Plaintiff 1:8,20 2:5
player 11:12
pleading 5:8
point 6:22 10:3 13:18
points 14:16
policies 16:15
policy 3:16 12:21 13:2,3
  13:6,7,10,15,19,20,20
  13:22 14:2,7,8,9,13,14
  15:19,20 16:10 17:17
  17:22,24 18:11,15,17
  18:19 19:10
possibly 3:12 4:2
practice 5:8
precisely 14:24
prejudice 11:14,16,19
prep 11:22
prepare 12:10
presented 10:11,15
pretty 3:18 4:17
previous 15:13
pre-existing 4:14
principal 9:7
prior 13:21 18:20
problem 6:12 11:2
problems 9:6
proceedings 20:2
process 13:10 15:24
produce 6:15
produced 5:20 6:23
production 9:17
prominent 11:8
proper 8:23 10:15
proposing 8:7
propound 6:8,18
purposes 17:11
pursue 7:13,14
pursuing 8:12
put 11:2 16:21
putting 9:25

**Q**

question 11:11 13:2,6,12
  15:17 18:9
questions 16:15

**R**

R 2:2 3:2
raised 4:7 5:7,11

raising 5:10
RAMELT 8:17
Rammelt 2:17 3:3,4,5
  4:5,6 5:4 6:19 8:14,21
  9:4 10:2 13:16,18
  14:18 15:16 19:24
real 13:3
realized 7:25
really 3:25
reasons 7:13 12:25 13:5
  13:9 14:8,9 15:18
  17:24
recognize 9:6
reed 16:12,18
rel 15:20
relevance 12:24 15:18
  16:9 17:25
relevant 4:15 11:4 12:3
  14:11 17:7,11
reply 10:17 15:16
requested 17:10
requests 8:20,24,25 9:2
  9:9,20 14:18
requires 11:22
respect 3:12 4:3 9:10,12
respond 1:20 6:6 10:19
  13:17 15:8,14
responsive 9:21
retained 7:4
RICHARD 1:24
right 4:18 8:19 9:4,22
  10:2 11:9,13 12:4,6
  15:9 16:12,17 17:19
  17:23 18:12 19:14,19
rollover 18:2
Rule 4:15 5:2,3
ruling 4:9 5:5

**S**

S 2:2 3:2
San 1:3,16 2:7
Sansome 2:6
saying 4:19,24 10:2 16:5
says 9:23
schedule 14:22
scope 4:14
see 3:24 6:6
SEEBORG 1:24
seeking 5:10
self-evidently 16:17
senior 11:20
sent 4:22
separate 17:17
September 1:17
served 1:21 9:20
share 6:23
show 3:22 16:22
shown 4:2

significant 11:12
simple 13:3
situation 7:2
sixty 3:19 4:24
small 7:6 19:9
somebody 17:7
South 1:15
speculate 16:7
spend 7:9
started 15:3
STATES 1:1
stay 5:6
step 12:24
straight 16:14,19
strategies 7:11
Street 1:15 2:6
study 18:10
studying 13:11
subject 10:22
submission 19:20
submit 5:15 14:11,15
submitted 5:15
subsequent 14:7
substantive 9:5
suggest 5:15 12:24
suggestion 19:12
supervisors 19:5
sure 16:8
surveys 19:15

**T**

take 10:8 11:22 12:13
  15:12,14 19:19
taken 3:9 10:12 11:18
  12:17 16:2
takes 11:20
talk 12:18
talking 18:23
team 19:9
tell 3:10 8:22 9:11
tentative 3:10 4:4
tenuous 16:11,18 17:25
terms 15:21
test 17:6
Thank 19:23,24,25
theories 5:10
thin 16:12
things 16:4
think 3:14,25 6:4,16
  8:23,24 12:9
three 3:15 5:16 8:19,23
  14:4
time 4:16 6:13 7:8,20
  10:7 11:11 12:13 15:6
  15:14 17:3
TIMELY 1:20
timing 9:8 12:7
told 7:23

tool 19:12
touched 8:2 19:12
trademark 3:16 12:21
  13:4,9,13 14:13,14
  15:19,21,23 18:11,19
  19:10
truly 7:15
trying 14:19 17:13
turn 4:5
turnover 5:24
two 4:7,10 8:22 14:16
  15:11 19:6

**U**

Uh-huh 12:22 17:20
understand 6:11,13
  17:2
understood 5:4
UNITED 1:1
upheaval 6:9
usable 10:4,5
use 9:2
U.S 1:24

**V**

v 1:9 3:1 4:1 5:1 6:1 7:1
  8:1 9:1 10:1 11:1 12:1
  13:1 14:1 15:1 16:1
  17:1 18:1 19:1 20:1
VAN 2:4
various 7:13
view 3:17 10:3
violate 13:3,8
violates 13:13 14:13
  15:23 18:19

**W**

Wacker 2:13
Wallpaper 1:10 3:1 4:1
  5:1 6:1 7:1 8:1 9:1
  10:1 11:1 12:1 13:1
  14:1 15:1 16:1 17:1
  18:1 19:1 20:1
want 7:12,14 8:11,16
  9:11 10:18 12:5 13:16
  16:14,21 18:16
wanted 3:22 7:10 14:6
WARREN 2:11
way 5:12 13:13
Website 19:18
weeks 14:4
went 7:18 13:10 14:10
  16:10
West 2:13
we're 13:23 14:21
we've 7:22
willing 7:9
withdraw 14:19

witness 11:4 17:3
woman 19:3
word 19:11
words 14:3
worked 14:22
written 4:12
wrong 5:13

---

**X**

X 1:5,14

---

**Y**

Yeah 6:4 13:18
year 5:19,21 9:16,17,18
 9:24,25 11:4,5 12:9
 15:13
years 5:16 15:5,5,5

---

**1**

1st 1:15
110,000 5:19
130,000 6:24

---

**2**

2006 1:17
23rd 5:21
26 4:15 5:2,3
26th 2:14
280 1:15

---

**3**

30(b)(6) 14:23
333 2:13

---

**5**

5-03-cv-05340-JF(RS)
 1:9

---

**6**

6 1:17
60606 2:15

---

**7**

710 2:6

---

**9**

9th 19:3
94111 2:7