KEKER & VAN NEST, LLP
MICHAEL H. PAGE - #154913
MARK A. LEMLEY - #155830
KLAUS H. HAMM - #224905
AJAY S. KRISHNAN - #222476
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>                Defendants.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>                Counter-Plaintiff,<br><br>   v.<br><br>GOOGLE INC.,<br><br>                Counter-Defendant. | Case No. C 03-5340-JF (RS)<br><br>**GOOGLE INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE**<br><br>Judge:    Hon. Jeremy Fogel<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Date Comp. Filed: November 26, 2003<br><br>Trial Date: May 15, 2007 |

382284.01

GOOGLE INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

1  We are now well and truly down the rabbit hole.

2  When American Blind came before this Court on June 23, 2006, it was fully aware that,
3  unless it received an extension of the already-extended June 27, 2006 discovery cutoff, it could
4  not propound additional discovery.  That, after all, is why American Blind <u>sought</u> an extension.

5  Neither was there any confusion about this Court's ruling on that request.  This Court
6  expressly held that it was extending discovery <u>solely</u> to complete pending discovery, not to
7  propound new discovery:  "The point is to allow the parties to complete discovery, not to do new
8  discovery."[1]  Notwithstanding that clear directive, American Blind immediately (i.e., the next
9  business day) noticed new depositions of Google's two founders, and followed that up with
10  seven additional deposition notices.

11  When Google objected to those notices as untimely, American Blind took the position
12  that they were timely because this Court had in fact extended the discovery cutoff to August 26,
13  2006.  Lest there be any confusion about that position, American Blind placed it in the caption of
14  its motion to Judge Seeborg:  "Motion to Compel Google to Respond To Discovery Timely
15  Served <u>Given the Current Cutoff Date of August 26, 2006</u>."  Not surprisingly, Judge Seeborg
16  rejected American Blind's purported "misunderstanding" of this Court's unambiguous ruling,
17  holding that the discovery cutoff of June 27, 2006 remained in force except for already-pending
18  discovery.

19  Incredibly, American Blind has now reversed field entirely:  in its response to Google's
20  Objections, it now claims that it never actually needed an extension at all, arguing that its June
21  26, 2006 deposition notice of an August 8, 2006 deposition of Larry Page was timely all along
22  because it was served the day before the existing June 27, 2006 discovery cutoff![2]  This is

23

---

[1] Declaration of Klaus H. Hamm In Support Of Google Inc.'s Objections To Magistrate Judge's Order Compelling Deposition of Google Co-Founder and President Larry Page, Ex. A (June 23 Tr.) at 3.

[2] American Blind And Wallpaper Factory, Inc.'s Response to Google Inc.'s Objections To Magistrate Judge's Order Compelling Deposition of Google Co-Founder and President Larry Page ("Response") at 3, 5.  American Blind then takes the further position that, because its deposition notice was timely, Google's failure to move to quash that notice waived any objections. *Id.*

1

GOOGLE INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

382284.01

1  nonsense. Civil Local Rule 26-2 states that "[d]iscovery requests that call for responses or
2  depositions after the applicable discovery cut-off are not enforceable, except by order of the
3  Court for good cause shown."[3] Nor can this Rule come as a surprise to American Blind: Google
4  cited and quoted it in both the introduction and the argument section of its brief to Judge Seeborg
5  in the instant motion.[4] Once again, there is no possible ambiguity in this rule, and American
6  Blind's arguments to the contrary are utterly unsupportable and irresponsible.

7  Similarly, American Blind simply ignores the unambiguous language of its own and
8  Google's prior briefing in claiming that "it is clear that neither party had any intention of
9  reserving" the issue of the propriety of Mr. Page's deposition.[5] It is beyond comprehension how
10 one could square that statement with American Blind's opening brief to Judge Seeborg (because
11 "Google has solely objected to these depositions on timeliness grounds, American Blind <u>does not
12 address</u>" whether Mr. Page is subject to deposition; should "Google later seek a protective order
13 on that ground [] that . . . Page [is] not subject to deposition in this case, <u>American Blind will
14 address the issue at that time</u>")[6] or with Google's opposition ("Google hereby <u>reserves</u> the right
15 to do so.").[7] Of course, once Judge Seeborg announced his intention to reach the issue *sua
16 sponte* at oral argument, Google's counsel had no choice but to argue the matter, but had to do so
17 without having presented any evidence to the court.[8]

18 American Blind fares no better on the merits concerning the propriety of deposing Mr.
19 Page. Indeed, it fails to respond at all to two key points. First, American Blind cannot escape
20 the fact that it has known of Mr. Page's position, and his involvement in the formulation of

---

[3] The Commentary to Civil Local Rule 26-2 provides the further, blunt reminder that "[c]ounsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule."

[4] Google Inc.'s Opposition To Motion To Compel Google To Respond To Discovery Timely Served Given The Current Cutoff Date of August 26, 2006 ("Opp.") at 4-5.

[5] Response at 6.

[6] Motion To Compel Google To Respond To Discovery Timely Served Given The Current Cutoff Date of August 26, 2006 at 3 n.1.

[7] Opp. at 10 n.43.

[8] American Blind challenges Mr. Kwun's declaration as "hearsay." It is nothing of the sort: every statement contained therein is based on either his own personal knowledge or Google's business records.

2
GOOGLE INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

382284.01

1  Google's corporate policies, since the inception of this case.  Indeed, if the two senior executives
2  at Google were either unaware of or uninvolved in the design and operation of Google's primary
3  income source, this lawsuit would be the least of Google's worries.  Accordingly, American
4  Blind listed Mr. Page <u>in its initial disclosures</u> as a witness on the specific topic it now seeks to
5  depose him about: "Google's advertising policies."  American Blind offers no explanation for its
6  failure to timely pursue discovery in this case, from Mr. Page or anyone else, instead arguing that
7  bits and pieces of testimony from the one Rule 30(b)(6) deposition it finally took at the close of
8  discovery confirm that Mr. Page is involved in formulating Google policy.[9]

9  More fundamentally, American Blind fails utterly to explain why the process of
10 determining Google's trademark policy has any relevance to this case.  American Blind claims
11 that Google's conduct, in accordance with its trademark policy, violates trademark law.  Google
12 disagrees, and maintains that its conduct is lawful.  One of us is wrong, and either this Court or a
13 jury will tell us which one in due course.  But the process Google followed in <u>formulating</u> that
14 trademark policy will not change that outcome:  the policy is either legal or illegal, regardless of
15 how it was arrived at.  American Blind's only response to this is that "[s]imply put, the parties
16 would not be before the Court if Google had not changed its trademark policy."[10]  Putting aside
17 the patent falsity of that statement—American Blind began threatening the instant suit long
18 before Google changed its policy—so what?  If Ford hadn't decided to sell cars, no one would
19 ever sue for injuries caused by alleged defects in those cars.  That does not mean that every
20 plaintiff gets to depose the CEO of Ford, asking why he chose the automotive business.

21 Larry Page has no discoverable knowledge concerning American Blind or this lawsuit.
22 The only knowledge he has concerns the formulation of Google's corporate policy at the highest
23 level.  If that knowledge were sufficient to compel his deposition, then it would make him
24 subject to deposition in every one of the scores of suits filed against Google each year, and it
25 would make every CEO of every corporation subject to deposition in every lawsuit.  Had

---

[9] American Blind also points to evidence that Mr. Page met with executives from eBay, but the relevance of that information to this case is unexplained and inexplicable.

[10] Response at 11.

3
GOOGLE INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

382284.01

1  American Blind been diligent in conducting discovery in this case, a protective order precluding

2  Mr. Page's deposition would be appropriate. But American Blind has been anything but diligent,

3  waiting until after the close of discovery to attempt to notice its first two individual depositions,

4  and then choosing Google's two founders for self-evidently harassing reasons. Accordingly, this

5  Court should sustain Google's Objections.

6  Dated:  October 13, 2006                                              KEKER & VAN NEST, LLP

By: /s/ Michael H. Page
    MICHAEL H. PAGE
    Attorneys for Plaintiff and Counter
    Defendant GOOGLE INC.

4
GOOGLE INC.'S REPLY IN SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
COMPELLING DEPOSITION OF GOOGLE CO-FOUNDER AND PRESIDENT LARRY PAGE
CASE NO. C 03-5340-JF (RS)

382284.01