**E-Filed 10/23/2006**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>        Defendants. | Case Number C 03-5340-JF (RS)<br><br>ORDER[1] OVERRULING OBJECTIONS TO DISCOVERY ORDER<br><br>[re: docket no. 192, 210] |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>        Counter Plaintiff,<br><br>    v.<br><br>GOOGLE INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC. and EARTHLINK, INC.,<br><br>        Counter Defendant/<br>        Third Party Defendants. | |

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 03-5340-JF (RS)
ORDER OVERRULING OBJECTIONS TO DISCOVERY ORDER
(JFLC1)

## I.  BACKGROUND

Plaintiff Google, Inc. ("Google") has filed objections to Magistrate Judge Seeborg's order of September 6, 2006 ("September 6th Order"), compelling the deposition of Larry Page ("Page").  Google asserts that: (1) Judge Seeborg's Order was contrary to law because it decided *sua sponte* an issue not before the Court; (2) Defendant American Blind & Wallpaper Factory, Inc. ("American Blind") has not shown that Page is subject to deposition in this case; and (3) American Blind has not shown good cause to take any depositions after the close of fact discovery, much less the deposition of Google's co-founder and president.  American Blind has submitted a response to these objections, and Google has replied.  American Blind has moved to strike the reply, and Google has responded.  The Court concludes that oral argument would not aid it in resolving the issues presented.  Civ. L.R. 7-1(b).  For the reasons discussed below, the objections will be overruled.  The Court will deny the motion to strike because Google's reply has resulted in no prejudice to American Blind.

## II.  LEGAL STANDARD

Where, as here, the magistrate judge's ruling addresses a non-dispositive matter, the district judge will modify or set aside "any portion of the magistrate's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 798-99 (9th Cir. 1991).

## III. DISCUSSION

1.  <u>The Magistrate Judge's Order and Purported *Sua Sponte* Determination</u>

Google asserts that Judge Seeborg's order was contrary to law because the question as to whether Page is subject to deposition in this case was not before the Court.  In light of the relevant portions of the record, this Court concludes that the question was in fact presented and argued by the parties, and thus the Magistrate Judge did not decide the question *sua sponte*.  Even if he had, his ultimate determination is not clearly erroneous or contrary to law.

    a.  <u>The Magistrate Judge Did Not Decide *Sua Sponte* that Page is Subject to Deposition in this Case</u>

American Blind filed its "Motion to Compel Google to Respond to Discovery Timely

1  Served Given the Current Cutoff Date of August 26, 2006" on July 13, 2006. Google argues that
2  this motion merely sought to compel it to respond to the *notice* of Page's deposition and did not
3  seek leave from the Court to *take* the deposition. Objections 4-5 ("The Notice of Motion
4  confirmed the relief sought, providing notice only of American Blind's pursuit of an order
5  compelling Google 'to respond to all discovery issued by American Blind that is timely served
6  given the current discovery cutoff date of August 26, 2006."); *see also* Transcript of Oral
7  Argument, September 6, 2006 at 10 ("Transcript"). Pursuant to this interpretation of American
8  Blind's motion, the only matter actually before the Magistrate Judge was whether Google was
9  required to respond to the notice of deposition. American Blind argues that the issue "whether
10 American Blind should be allowed to depose Larry Page was squarely before the Magistrate in
11 American Blind's motion to compel and addressed in Google's opposition papers." Response to
12 Objections 3. According to this view of the record, the substantive issue as to whether Page was
13 subject to deposition was briefed and argued and thus not decided *sua sponte*.
14     Prior to making his decision, the Magistrate Judge stated explicitly that he believed that
15 the issue was before him, noting that, even if there were some defect in the formal statement of
16 the issue in the motion to compel, American Blind "did include arguments in the paperwork – in
17 particular in the Reply Brief – that's why I want you [Google] to have an opportunity to respond
18 to it – that Mr. Page is a deponent who has something to say on the subject [of the litigation]."
19 Transcript 10. The record in fact shows that American Blind argued in its moving papers that it
20 had a substantive right to depose Page. The Court concludes that under these circumstances,
21 Google had a fair opportunity to respond both in its written opposition to the motion to compel
22 and at oral argument.
23     American Blind asserted in its motion to compel that the discovery at issue was: "First
24 Set of Requests for Admission, Notice of Deposition of Larry Page and Notice of Deposition of
25 Sergey Brin." Motion to Compel 1. It informed the Court that the parties had been unable to
26 resolve the discovery dispute themselves and that it filed its motion seeking "an order compelling
27 Google to respond to this discovery," which included the notice of deposition of Page. Motion to
28 Compel 2. According to American Blind, "American Blind should be allowed to take this

recently served discovery, and Google should be compelled to respond to it." *Id.* In addition, the proposed order submitted by American Blind with its motion to compel provided in relevant part: "3. Any depositions of Google personnel timely noticed by American Blind must occur prior to the discovery cutoff date of August 26, 2006." Proposed Order 2.

Google argued in its opposition to the motion to compel that "American Blind has not shown good cause for noticing the depositions of Google's presidents after the discovery cut-off." Opposition to Motion to Compel 7. Google argued (1) that American Blind could not justify its delay in seeking the depositions because American Blind's change of ownership did not justify counsel's delay in taking discovery; (2) that American Blind had not "presented 'good reasons that the' notice for Mr. Page's deposition 'could not have been propounded within the normal time requirements;'" and (3) that American Blind had not "shown that either Mr. Page or Mr. Brin 'have some unique knowledge pertinent to the issues' in this case, as it must do before gaining the right to depose Google's co-presidents." Opposition to Motion to Compel 8-9. This third argument suggests strongly that Google understood that American Blind's substantive right to take Page's deposition was at issue before Judge Seeborg. American Blind responded directly to Google's arguments in its reply, indicating that the Court had to resolve two issues. Reply 2. It noted that "[t]he second issue involves the deposition of Larry Page." Reply 3. At oral argument, in response to questioning from the Magistrate Judge, Google argued that Page should not be subject to deposition not only because of the tardiness of the notice, but also because of the value of his time as a "senior executive at one of the largest companies in America," and American Blind's failure to depose lower-level employees. Transcript 10-13. This final argument appeared in a discussion of "apex-deponents," a topic which clearly pertained to the issue whether American Blind has a substantive right to depose Page.

Google nonetheless asserts that American Blind did not present the issue to Judge Seeborg, pointing to a footnote in the motion to compel.[2] However, this footnote does not

---

[2] That footnote reads:
Because Google has solely objected to these depositions on timeliness grounds, American Blind does not address this issue here. Should Google later seek a

4

Case No. C 03-5340-JF (RS)
ORDER OVERRULING OBJECTIONS TO DISCOVERY ORDER
(JFLC1)

reserve the entire issue of whether Page is subject to deposition, but only the question of whether American Blind has established that Page has special knowledge of the disputed issues in the instant case. Google chose not to move for a protective order and instead raised the "no special knowledge" argument in response to the motion to compel, arguing that "[s]ince American Blind had not made a showing that Mr. Page or Mr. Brin possess unique knowledge unavailable from other sources, it cannot take their depositions." Opposition to Motion to Compel 10. The Magistrate Judge heard argument on this issue and thereafter resolved the question of Page's knowledge not *sua sponte* but on the basis of the arguments presented to it by the parties.[3]

As Google itself notes, the motion to compel "sought among other things to compel the deposition of Google's co-founder Mr. Page." Objections 4. While the form of the motion to compel may have been problematic, this Court has no doubt that the parties and the Magistrate Judge understood what was at issue, and the hearing transcript shows that both parties had a fair opportunity to be heard before a decision was rendered. The September 6th Order therefore is not clearly erroneous or contrary to law on this basis.

    b.    <u>Even if the Magistrate Judge Had Ruled *Sua Sponte*, the Ruling Would Not Be Clearly Erroneous or Contrary to Law</u>

Alternatively, the Court concludes that, even if the Magistrate Judge had ruled *sua sponte*

---

protective order on the grounds that Messrs. Brin and Page are not subject to deposition in this case, American Blind will address the issue at that time.

Motion to Compel at 3 n.1. The issue referred to in this footnote is "the general rule that top executives at a company are not generally subject to deposition unless they have special knowledge relevant to the case." *Id.* at 2-3.

[3] Google asserts that "the Magistrate Judge himself acknowledged that American Blind was not entitled to the relief it actually sought." Objections 7. It points to the Magistrate Judge's conclusion that America Blind was "plainly wrong" in thinking that, under this Court's order dated June 23, 2006, it could serve any new discovery requests without "agreement by the parties or by leave of this Court on a showing of good cause." September 6th Order 3. The Magistrate Judge this framed the issue as "whether there is good cause to reopen discovery to permit any of the discovery in dispute to go forward." *Id.* at 4. However, the record shows not that the Magistrate Judge thought that American Blind was not entitled to relief, but rather that it was entitled to relief only if it could show good cause - an issue both parties argued at length.

5

1  that Page is subject to deposition in this case, such a ruling would not be clearly erroneous or
2  contrary to law.  Google apparently had planned to seek a protective order shielding Page from
3  deposition on the basis of Federal Rule of Civil Procedure 26(c).  The Magistrate Judge
4  precluded such a motion by addressing the substantive issue of whether Page was subject to
5  deposition.[4]  The Magistrate Judge's order is thus tantamount to a denial of a protective order.
6  Google has provided the Court with no authority stating that the Magistrate Judge could not have
7  made such a ruling *sua sponte*.  The cases cited by Google involve dispositive motions rather
8  than disputes over depositions.  Moreover, at least one court within the Ninth Circuit has
9  suggested in dicta that a judge may deny a protective order *sua sponte*: "Under Fed.R.Civ.P.
10 26(c), and the discretion allocated this court in the management of discovery generally, where a
11 court determined to deny a motion to compel, it may, if circumstances so justify, enter a
12 protective order *sua sponte*.  The converse is likewise a possibility." *McCoy v. Southwest*
13 *Airlines Co.*, 211 F.R.D. 381, 385 (C.D.Ca. 2002) (quoting *Lesal Interiors, Inc. v. Resolution*
14 *Trust Corp.*, 153 F.R.D. 552, 558 n.4 (D.N.J. 1994).  In light of the record, a *sua sponte*
15 determination that Page is subject to deposition would not have been clearly erroneous or
16 contrary to law.

17 2. <u>Good Cause to Reopen Discovery</u>

18    Google also objects to Magistrate Judge Seeborg's ruling on the basis that American
19 Blind did not show good cause to reopen discovery.  The Court concludes that Judge Seeborg's
20 ruling as to this issue was well within his discretion and was not clearly erroneous or contrary to
21 law.

22                              **IV. ORDER**

23    IT IS HEREBY ORDERED THAT the objections to the order of Magistrate Judge
24 Seeborg are OVERRULED.  American Blind's motion to strike Google's reply is DENIED.

---

[4] This assumes that Google had not waived this right by failing to move for a protective order when it received American Blind's motion to compel.  The Court expresses no opinion as to this issue.

6

1

2  DATED: October 23, 2006

3

4

5

6

7  _____

8  JEREMY FOGEL
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. C 03-5340-JF (RS)
ORDER OVERRULING OBJECTIONS TO DISCOVERY ORDER
(JFLC1)

1  This Order has been served upon the following persons:

| # | Name | Email |
|---|---|---|
| 2 | Ethan B. Andelman | andelmane@howrey.com, gagnons@howrey.com |
| 3 | Dawn Beery | dbeery@kelleydrye.com |
| 4 | Susan Jean Greenspon | sgreenspon@kelleydrye.com, cplater@kelleydrye.com; vallen@kelleydrye.com; sdunlap@kelleydrye.com |
| 5 | Ravind Singh Grewal | rsg@kvn.com |
| 6 | Klaus Hemingway Hamm | khamm@kvn.com, efiling@kvn.com; wik@kvn.com |
| 7 | Ajay Krishnan | akrishnan@kvn.com, efiling@kvn.com; rthomas@kvn.com |
| 8 | Mark A. Lemley | mlemley@kvn.com, srosen@kvn.com |
| 9 | Michael H. Page | mhp@kvn.com, efiling@kvn.com; sjr@kvn.com; nsn@kvn.com |
| 10 | Robert Nathan Phillips | phillipsr@howrey.com, gagnons@howrey.com |
| 11 | David A. Rammelt | drammelt@kelleydrye.com, sdunlap@kelleydrye.com |