# EXHIBIT J

Dockets.Justia.com

1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Plaintiff and Counterdefendant
   GOOGLE INC.

7

8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 | GOOGLE INC., a Delaware corporation,        | Case No. C 03-5340-JF (EAI)
13 |                           Plaintiff,         | GOOGLE INC.'S SECOND SET OF
                                                  | REQUESTS FOR PRODUCTION OF
14 |        v.                                    | DOCUMENTS AND THINGS FROM
                                                  | AMERICAN BLIND & WALLPAPER
15 | AMERICAN BLIND & WALLPAPER                   | FACTORY, INC.
   | FACTORY, INC., a Delaware corporation
16 | d/b/a decoratetoday.com, Inc.; and DOES 1-
   | 100, inclusive,
17 |
   |                           Defendant.
18 |—————————————————————————————
   | AMERICAN BLIND & WALLPAPER
19 | FACTORY, INC., a Delaware corporation
   | d/b/a decoratetoday.com, Inc.
20 |
   |                           Counterclaimant,
21 |
   |        v.
22 |
   | GOOGLE, INC.,
23 |
   |                           Counterdefendants.
24

25

26

27

28

372634.01

GOOGLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS
CASE NO. C 03-5340-JF (EAI)

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | Plaintiff GOOGLE INC. |
| RESPONDING PARTY: | | Defendant AMERICAN BLIND & WALLPAPER FACTORY, INC. |
| SET NO.: | | Two |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Google Inc. ("Google") requests that Defendant American Blind & Wallpaper Factory, Inc. ("American Blind") produce for inspection and copying the documents and other tangible things described below. The documents shall be produced for inspection and copying at the offices of Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111, or at such other location as the parties may mutually agree, within thirty days of service of these requests.

## DEFINITIONS

1. "AMERICAN BLIND" means American Blind, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

2. "GOOGLE" means Google, its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants and attorneys, including any person who served in any such capacity at any time.

3. The phrase "AMERICAN BLIND MARKS" shall have the same meaning it had in AMERICAN BLIND's Answer in this lawsuit. See American Blind & Wallpaper Factory, Inc.'s Answer, Affirmative Defenses, Counterclaims, and Third-Party Claims, ¶ 18. Specifically, the phrase "AMERICAN BLIND MARKS" refers to the claimed marks American Blind, American Blinds, American Blind & Wallpaper Factory, American Blind Factory, and Decoratetoday.

4. The phrase "STAND-ALONE MARK" refers to the use of an AMERICAN BLIND MARK in a context where that mark is not used as part of some other AMERICAN BLIND MARK. For instance, "American Blind" is not used as a STAND-ALONE MARK in

the phrase "American Blind & Wallpaper Factory."

5. The phrase "DISPUTED KEYWORD" means any keyword, the auctioning of which to third parties pursuant to GOOGLE's AdWords program, serves as the basis for AMERICAN BLIND's counterclaims in this case.

6. The phrase "AMERICAN BLIND DOMAIN NAMES" means any Internet domain name owned by or on behalf of AMERICAN BLIND through which customers may purchase AMERICAN BLIND's products or services.

7. The phrase "AMERICAN BLIND WEBSITE" means any Internet website operated by or on behalf of AMERICAN BLIND through which customers may purchase AMERICAN BLIND's products or services.

8. The phrase "CLICK" means a single instance of an Internet user activating a link on any website other than an AMERICAN BLIND WEBSITE in order to arrive at an AMERICAN BLIND WEBSITE.

9. The term "DOCUMENT(S)" is used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, printed, graphic or otherwise recorded matter, however produced or reproduced, and all "writings" as defined in Federal Rule of Evidence 1001, including, without limitation, the following: abstracts, advertisements, agendas, agreements, analyses of any kind, appointment calendars, articles, assignments, blueprints, books, brochures, charts, circulars, compilations, computer programs, runs and printouts, computer data files in machine readable form, contracts, diaries, letters, email, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, instructions, invoices, bills of materials, minutes, orders, publications, purchase orders, proposals, working papers, and other writings of whatsoever nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists, and regardless of who has maintained custody of such documents; and where any such items contain any marking

not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

10. The phrase "RELATING TO" means concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting upon, evidencing, describing or otherwise RELATING TO the subject matter.

11. The term "COMMUNICATION(S)" means every manner or method of disclosure or transfer or exchange of information, whether oral or by document, and whether face-to-face, by telephone, mail, personal delivery or otherwise.

12. The words "and" and "or" shall be construed in the conjunctive or disjunctive, whichever makes the request more inclusive.

13. "Any" shall mean one or more; "each" shall mean "each and every."

## INSTRUCTIONS

1. AMERICAN BLIND is required to produce all DOCUMENTS in the manner, form and position in which they are kept in the ordinary course of business, as required by Federal Rule of Civil Procedure Rule 34(b), including, where applicable, any index tabs, file dividers, designations or information as to the location of DOCUMENTS.

2. If AMERICAN BLIND cannot respond to a document request fully, after a diligent attempt to attain the requested information, AMERICAN BLIND must answer the document request to the extent possible, specify the portion of the document request AMERICAN BLIND is unable to answer, and provide whatever information AMERICAN BLIND has regarding the unanswered portion.

3. In the event that any DOCUMENT called for by the requests has been destroyed, lost, discarded or is otherwise no longer in AMERICAN BLIND's possession, custody or control, AMERICAN BLIND shall identify such DOCUMENT as completely as possible, and shall specify the date of disposal of the DOCUMENT, the manner of disposal, the reason for disposal, the person authorizing the disposal, and the person disposing of the DOCUMENT.

1    4.    In the event any information is withheld on a claim of attorney-client privilege or
2 work product doctrine, AMERICAN BLIND shall provide a privilege log which includes at least
3 the following information: the nature of the information contained in the withheld
4 DOCUMENT, the date of the DOCUMENT, its source, and subject matter, and to whom that
5 information was disclosed, such as would enable the privilege claim to be adjudicated, and any
6 authority which AMERICAN BLIND asserts supports any claim of privilege.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS RELATING TO analysis or quantification of internet traffic to any AMERICAN BLIND DOMAIN NAME.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS RELATING TO strategies and/or methods for increasing internet traffic to any AMERICAN BLIND WEBSITE.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS RELATING TO strategies and/or methods for advertising with search engines.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS RELATING TO AMERICAN BLIND's valuation of internet traffic to any AMERICAN BLIND WEBSITE, including but not limited to AMERICAN BLIND's valuation of CLICKS.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS RELATING TO each and every instance where AMERICAN BLIND has set its maximum cost-per-click for each DISPUTED KEYWORD in GOOGLE's AdWords program.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS RELATING TO each and every instance where AMERICAN BLIND has set its maximum cost-per-click for each DISPUTED KEYWORD in any Internet search engine advertising program.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS RELATING TO each and every instance where AMERICAN BLIND has set its maximum daily budget for each of its advertising campaigns in GOOGLE's AdWords program that include any DISPUTED KEYWORD.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS RELATING TO AMERICAN BLIND's expenditures on developing and maintaining each AMERICAN BLIND WEBSITE.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO AMERICAN BLIND's return on investment for search engine advertising, including but not limited to advertising with GOOGLE.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS RELATING TO AMERICAN BLIND's use of the marks "American Blind" or "American Blinds," as STAND-ALONE MARKS, in connection with AMERICAN BLIND's sale of products or services.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS RELATING TO AMERICAN BLIND's decision to use www.decoratetoday.com as the destination website to which most, if not all, AMERICAN BLIND WEBSITES refer visitors.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS RELATING TO AMERICAN BLIND's decision to use the phrase "American Blinds, Wallpaper & More" to refer to AMERICAN BLIND on the cover of some, if not all, of AMERICAN BLIND's customer catalogs.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO AMERICAN BLIND's decision to use the phrase "American Blinds, Wallpaper & More" in the logo in the upper-left corner of the currently viewable version of the web page, www.decoratetoday.com.

Dated: May 10, 2006                    KEKER & VAN NEST, LLP

By: _____
AJAY S. KRISHNAN
Attorneys for Plaintiff and Counterdefendant
GOOGLE INC.

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest, LLP, 710 Sansome Street, San Francisco, California 94111. On March 20, 2006, I served the following document:

GOOGLE INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS FROM AMERICAN BLIND & WALLPAPER FACTORY, INC.

☑  by **ATTORNEY SERVICE**, by placing a true and correct copy in a sealed envelope addressed as shown below, and dispatching a registered agent of process with instructions to hand carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee.

Robert N. Phillips, Esq.
Howrey Simon Arnold & White, LLP
525 Market Street, Suite 3600
San Francisco, CA  94105-2708

☑  by **PDF TRANSMISSION AND UNITED STATES MAIL**, by transmitting via PDF on this date. A true and correct copy of same was placed in a sealed envelope addressed as shown below. I am readily familiar with the practice of Keker & Van Nest, LLP for collection and processing of correspondence for mailing. According to that practice, items are deposited with the United States Postal Service at San Francisco, California on that same day with postage thereon fully prepaid. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or the postage meter date is more than one day after the date of deposit for mailing stated in this affidavit.

Caroline C. Plater, Esq.
David A. Rammelt, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive
Chicago, IL  60606
cplater@kelleydrye.com
drammelt@kellydrye.com

Executed on May 10, 2006, at San Francisco, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Shelby L. Brock_ (signed)
Shelby L. Brock