1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Plaintiff and Counterdefendant
   GOOGLE INC.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 GOOGLE INC., a Delaware corporation,        Case No. C 03-5340-JF (RS)

12                              Plaintiff,     MEMORANDUM OF POINTS AND
                                               AUTHORITIES IN SUPPORT OF
13                                             GOOGLE'S MOTION TO MAINTAIN
         v.                                    THE CURRENT SCHEDULE OR ABIDE
14                                             BY IT AS CLOSELY AS POSSIBLE
   AMERICAN BLIND & WALLPAPER
15 FACTORY, INC., a Delaware corporation
   d/b/a decoratetoday.com, Inc.; and DOES 1-
16 100, inclusive,

17                              Defendants.

18 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
19 d/b/a decoratetoday.com, Inc.,

20                              Counterclaimant,

21       v.

22 GOOGLE, INC., AMERICA ONLINE, INC.,
   NETSCAPE COMMUNICATIONS
23 CORPORATION, COMPUSERVE
   INTERACTIVE SERVICES, INC., ASK
24 JEEVES, INC., and EARTHLINK, INC.,

25                         Counter-Defendants/
                           Third-Party Defendants.
26

27

28

386964.01
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE'S MOTION TO MAINTAIN
THE CURRENT SCHEDULE OR ABIDE BY IT AS CLOSELY AS POSSIBLE
CASE NO. C 03-5340-JF (RS)

Dockets.Justia.com

Pursuant to Civil Local Rules 6-1(b) and 6-3, Plaintiff and Counterdefendant Google Inc. moves the Court to maintain its current schedule, or to change it as little as possible. Google finds itself in this unusual position of requesting the status quo because the Court apparently is unavailable for the dispositive motion hearing that it set for January 30, 2007 at 9:30 a.m. Because the Court had scheduled the motion hearing for January 30, 2007, the deadline for filing dispositive motions was December 26, 2006. Although the holidays made this timing inconvenient, Google abided by the schedule, as it was required to do, and filed on December 26, 2006 its Motion For Summary Judgment and its Motion for Terminating, Evidentiary, and Monetary Sanctions Against ABWF for Spoliation of Evidence. Having gone to this effort and strongly desiring to avoid further delay in this now more than three-year-old litigation, Google urges the Court to maintain the current schedule to the extent possible. At the same time, Google appreciates that the Court has a busy schedule and may not be able to conduct the hearing on the currently ordered January 30, 2007 hearing date.

Before moving, Google tried to secure ABWF's agreement to move jointly for a new hearing date, proposing that the parties move the Court to set the hearing date at the Court's earliest convenience, with the parties dividing evenly any extra briefing time. ABWF rejected this request, proposing a 17-day delay with it receiving all 17 days of extra briefing time. Since it appears that the current schedule must be changed and Local Rule 6-1(b) requires a Court order for any change "that alters an event or deadline already fixed by the Court order," Google hereby moves the Court to adjust the schedule if necessary. In particular, Google requests that, if the Court alters the schedule, that it set the hearing for Friday, February 2, 2007. As a matter of equity, the parties should split evenly any additional briefing time. Finally, in order to avoid future dispute, Google requests the Court to make clear that the filing deadline for dispositive motions has passed and that it will not consider any tardy motions.

## I.   BACKGROUND

This litigation began when Google filed its complaint on November 26, 2003. After an eleven-month discovery stay, the Court set a case management schedule on May 16, 2005.

Among other dates, the Court set a July 31, 2006 dispositive motion filing cutoff, an October 13, 2006 pretrial conference, and a November 17, 2006 trial date.[1]

The parties' January 20, 2006 joint case management statement marked the beginning of an enduring pattern in which ABWF seeks delay and Google seeks resolution. ABWF requested the Court to extend the schedule by six months. Google "oppose[d] American Blind's request to extend by six months the scheduled dates already adopted by the Court."[2] At the subsequent February 3, 2006 case management conference, the Court extended the schedule by four months. In so doing, in a few instances the Court extended the dates for different lengths of time. Instead of extending the trial date four months to March 17, 2007, the Court extended it to March 16, 2007. Instead of extending the pretrial conference date four months to February 13, 2007, the Court extended it to March 2, 2007. And instead of extending the filing deadline for dispositive motion four months to November 30, 2006, the Court scheduled the motion hearing on December 1, 2006 at 9 a.m., making the filing deadline October 27, 2006.[3]

Before the Court issued its order following the February 3, 2006 case management conference, Google proposed to ABWF that they adjust the new schedule so that expert discovery would close before the dispositive motion filing deadline. When it became obvious that ABWF's counsel was confused about how the dispostive motion hearing date affected the filing deadline, Google's counsel wrote "the judge set a December 1 date for the hearing of dispositive motions, so those motions have a filing cutoff of October 27."[4] ABWF never responded to this email. Later that day, the Court's minute scheduling order issued, stating that there will be a "motion hearing on 12/1/06 at 9:00 a.m."[5]

On June 9, 2006, American Blind again sought delay, moving for a 90-day extension of the schedule.[6] The Court's resulting June 23, 2006 order stated that since "the instant action was

---

[1] May 16, 2005 Order (Docket Item No. 57).
[2] Joint Fed. R. Civ. P. 26(f) Report, Case Management Statement (Docket Item No. 88).
[3] February 16, 2006 Minute Order (Docket Item No. 95).
[4] Declaration of Ajay Krishnan, filed herewith ("Krishnan Decl."), Ex. A.
[5] February 16, 2006 Minute Order (Docket Item No. 95).
[6] Motion to Amend and Extend Case Management Dates (Docket Item No. 109).

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE'S MOTION TO MAINTAIN
THE CURRENT SCHEDULE OR ABIDE BY IT AS CLOSELY AS POSSIBLE
CASE NO. C 03-5340-JF (RS)

1  filed more than two and a half years ago and [] American Blind has previously sought and
2  received an extension of case management dates, the Court will amend and extend the case
3  management dates by only sixty (60) days."[7] Because the Court's prior scheduling order had set
4  a "motion hearing on 12/1/06 at 9 a.m.," the June 23 order pushed that hearing back 60 days, to
5  January 30, 2007 at 9 a.m. And because Civil L.R. 7-2 requires 35 days' notice for motions, the
6  filing deadline for dispositive motions was extended to December 26, 2006.

With the December 26, 2006 deadline approaching, Google and ABWF agreed to
stipulate to a page-limit extension. On December 18, 2006—eight days before the deadline for
filing dispositive motions—Google reminded ABWF that the parties needed to promptly file
their stipulated motion so that the Court would have "sufficient time to rule" before the summary
judgment motion deadline.[8]

Google filed its dispositive motions on the December 26, 2006 deadline. The next day,
ABWF sent Google a letter expressing surprise. The parties corresponded at length and
contacted chambers.[9] The Court's clerk informed the parties that the Court was unavailable for
the January 30, 2007 hearing date and requested that the parties attempt to stipulate to a proposed
new schedule and, if that failed, one or both parties should move for appropriate relief.[10] Google
then proposed to ABWF that the parties jointly request that the Court schedule the hearing on
Google's motions as soon as possible after the scheduled January 30, 2007 hearing date and that
the parties divide evenly any extra resulting briefing time. ABWF rejected this proposal.[11]

## II.     ARGUMENT

### A.     The Court should maintain the current schedule to the extent possible.

Extensions of established schedules are frowned upon because they hinder judicial efficiency and the speedy resolution of cases:

---

[7] Order Granting In Part Defendant's Motion To Extend Case Management Dates (Docket Item No. 133).
[8] Krishnan Decl. Ex. B.
[9] The correspondence between the parties is attached to the Krishnan Decl. as Exhibits C – E.
[10] Krishnan Decl. ¶ 6.
[11] Krishnan Decl. Ex. C.

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE'S MOTION TO MAINTAIN
THE CURRENT SCHEDULE OR ABIDE BY IT AS CLOSELY AS POSSIBLE
CASE NO. C 03-5340-JF (RS)

386964.01

1  In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and
2  resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce
3  deadlines.[12]

4  If the Court cannot maintain the current schedule, it should change it as little as possible.
5  Since the Court normally hears motions on Fridays, moving the motion hearing date from
6  January 30, 2007 to Friday, February 2, 2007 would enable the Court to conduct the hearing
7  while imposing little change to the schedule.[13] Any further delay will jeopardize the already
8  twice-delayed trial since the Court needs time to rule on Google's dispositive motions and the
9  parties need time to prepare for the May 15, 2007 trial. Three and half years is a long time to
10 wait for a trial, and Google respectfully requests that further delay be avoided.[14]

11 **B.   The Court should not consider any late filed summary judgment motions.**

12 If a party believes a case management deadline should be extended, it should seek
13 extensions before the deadline occurs. If a party makes "the choice not to seek a further
14 extension of pretrial deadlines," it is "obligated to comply with these deadlines."[15]

15 ABWF did not file a dispositive motion by the December 26, 2006 deadline even though
16 it had ample warning of that deadline:

17 • First, and most importantly, the Court set the "motion hearing on 12/1/06 at 9:00 a.m." and then, in response to ABWF's motion, extended "the case management dates by only
18    sixty (60) days."[16]

19 • Second, Google informed ABWF about the effect of the hearing date in the clearest possible terms, writing "the judge set a December 1 date for the hearing of dispositive
20

21 _____

22 [12] *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9 Cir. 2005).

23 [13] Since Google's counsel is unavailable February 5-8, 2007, Google requests that the Court not schedule the hearing on these dates.

24 [14] ABWF may argue that Google violated the Court's standing order by not contacting the Court to reserve the January 30, 2007 at 9 a.m. hearing time. The Court's standing order states that a
25 party must contact the Court about a hearing time to "obtain[] an available date." In this case, the Court already had set the hearing date and time (as well as the pretrial conference and trial
26 date and time). If there is a rule that requires parties to contact the Court about reserving dates that the Court itself has set, it is an unwritten one that, in fairness, cannot be applied to Google.

27 [15] *Alvarado v. FedEx Corp.*, 2006 WL 1761276, *2 (N.D. Cal. June 27, 2006).

28 [16] February 16, 2006 Minute Order (Docket Item No. 95); Order Granting In Part Defendant's Motion To Extend Case Management Dates (Docket Item No. 133).

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE'S MOTION TO MAINTAIN
THE CURRENT SCHEDULE OR ABIDE BY IT AS CLOSELY AS POSSIBLE
CASE NO. C 03-5340-JF (RS)

386964.01

motions, so those motions have a filing cutoff of October 27."[17]

- Third, with the filing deadline approaching, Google informed ABWF that the parties should file their stipulated motion for a page limit extension promptly so that the Court would have "sufficient time to rule" before the summary judgment motions were due.[18]

But ABWF did not file by the deadline, and it has now offered a nearly incomprehensible argument about why the filing deadline is January 29, 2007:

> the hearing date is never addressed in any of the prior case management orders until the order dated 2/16/06 . . . The 2/16/06 order did not explicitly address the filing date for dispositive motions. Rather, it just extended it by four months. It had been set for 7/31 and with the added 4 months, the deadline became 11/30. This is where the problems began with the filing and hearing date being one day apart. With the 6/23/06 order adding 60 days on to all this -- the dates are just as we expected, 1/29 for filing and 1/30 for hearing. The hearing date is the one thing that consistently does not make sense.[19]

In other words, while acknowledging that the Court set a dispositive motion hearing date last February, ABWF argues that the same order *sub silentio* set a filing deadline for one day earlier. By this logic, the order set two trial dates—one for March 17, 2007 and for March 16, 2007—and two pretrial conference dates—one for February 13, 2007 and one for March 2, 2007. If this truly is ABWF's interpretation, it should have offered it when Google explained that the scheduled hearing date meant that the filing date was 35 days earlier. It did not, and it thus appears that ABWF either chose to lie in wait for eleven months so that it could claim confusion or that its interpretation is newly generated in an attempt at damage control for its continued lack of diligence in observing the Court's deadlines.[20] Either way, the Court should not tolerate this behavior and it should not consider any dispositive motions filed after December 26, 2006.

Dated: December 29, 2006                          KEKER & VAN NEST, LLP

By:     /s/ Klaus H. Hamm
KLAUS H. HAMM
Attorneys for Plaintiff and
Counterdefendant Google, Inc.

---

[17] Krishnan Decl. Ex. A.

[18] Krishnan Decl. Ex. B.

[19] Krishnan Decl. Ex. C.

[20] The Court may recall that ABWF served nine deposition notices after the Court said that the parties should "not do new discovery."

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF GOOGLE'S MOTION TO MAINTAIN THE CURRENT SCHEDULE OR ABIDE BY IT AS CLOSELY AS POSSIBLE
CASE NO. C 03-5340-JF (RS)

386964.01