## Message

### Dot de Arco Fox

**From:** Ajay Krishnan
**Sent:** Friday, December 29, 2006 1:08 PM
**To:** Dot de Arco Fox
**Subject:** FW: Your letter of yesterday

---

**From:** Plater, Caroline C. [mailto:CPlater@KelleyDrye.com]
**Sent:** Friday, December 29, 2006 6:42 AM
**To:** Klaus Hamm
**Cc:** Ajay Krishnan; Rammelt David A.; Greenspon, Susan; Garrity, Paul W.
**Subject:** RE: Your letter of yesterday

Klaus,
On our call with Ms. Delaney, after explaining all the reasons why your notice was improper, she said to you "Right now you don't have a hearing date." Without a hearing date, there is no briefing schedule in place at this time. That is our starting point. While I realize you want the earliest possible date, you still have to follow the court's procedures.

In response to the joint motion proposal, we will agree to a joint motion that sets the hearing date on Friday, February 16, 2007 at 9:00 a.m. (the first available date you would have received if you'd called the clerk when you filed this week). We will not agree to split any time and will not agree to any earlier date.
--Carrie

> -----Original Message-----
> **From:** Klaus Hamm [mailto:KHamm@kvn.com]
> **Sent:** Thursday, December 28, 2006 7:28 PM
> **To:** Plater, Caroline C.
> **Cc:** Ajay Krishnan; Rammelt David A.; Greenspon, Susan; Garrity, Paul W.
> **Subject:** RE: Your letter of yesterday
>
> Dear Carrie,
>
> We have not yet heard back from you regarding the proposal I made to you immediately following our call with Ms. Delaney. To reiterate, we proposed that the parties file a joint motion for an order changing the time for the hearing on Google's motions to the earliest possible date after January 30, 2007. We also proposed that the parties split whatever extra briefing time results from the Court's order. In other words, say, if the Court pushed the date back eight days, ABWF would receive four extra days to prepare its oppositions and Google would receive four extra days to prepare its replies.
>
> At this time the Court's order remains that the hearing will take place on January 30, 2007 at 9:30 am. I assume that, as a result, you would like to reach a resolution as soon as possible. Please let me know by 9 a.m. PST tomorrow if you agree to our proposal.
>
> Regards,

Klaus

---

**From:** Plater, Caroline C. [mailto:CPlater@KelleyDrye.com]
**Sent:** Thursday, December 28, 2006 12:28 PM
**To:** Klaus Hamm
**Cc:** Ajay Krishnan
**Subject:** RE: Your letter of yesterday

Klaus, please conference me in if you call Ms. Delaney. My direct dial is 312-857-2501

> -----Original Message-----
> **From:** Plater, Caroline C.
> **Sent:** Thursday, December 28, 2006 1:59 PM
> **To:** 'Klaus Hamm'
> **Cc:** Ajay Krishnan
> **Subject:** RE: Your letter of yesterday
>
> Klaus -- You are simply wrong. I suggest you call the judge's law clerk if you want further explanation -- her name is Christian Delaney, 408-535-5428. Ms. Delaney explained to me that noticing the motions on January 30, 2007, was incorrect in several respects. Also, please note that because my call was simply regarding scheduling matters (and I asked that you participate but you declined), it is not considered an improper ex parte communication under the Local Rules (see LR 11-4(c), commentary), a point on which Ms. Delaney concurred.
> Ms. Delaney indicated that I should convey the following to you:
> 1. Chambers practice is that a hearing date <u>must</u> be cleared with the judicial clerk or deputy clerk before noticing it. That practice applied in this situation.
> 2. Before selecting a hearing date, the movant should also contact opposing counsel to make sure there is agreement on the date selected.
> 3. Judge Fogel hears motions on Fridays, not Tuesdays .
> 4. If you had called the clerk, you would have been informed that <u>January 30th is not available</u>. Judge Fogel has a patent trial starting on January 12 that will last 3 weeks.
> 5. In light of this confusion, the parties should do a stipulated order regarding the date for filing dispositive motions and for noticing dispositive motions.
>
> Please feel free to contact Ms. Delaney regarding the foregoing. If you want, I'd be happy to be on the call as well. Once you have decided on your course of action, please contact me. Carrie
>
> > -----Original Message-----
> > **From:** Klaus Hamm [mailto:KHamm@kvn.com]
> > **Sent:** Thursday, December 28, 2006 1:35 PM
> > **To:** Plater, Caroline C.
> > **Cc:** Ajay Krishnan
> > **Subject:** RE: Your letter of yesterday
> >
> > Carrie,
> > We already know what the Court's understanding of the schedule is because we have the Court's scheduling orders. The Court's order of February 16, 2006 states that there will be a "motion hearing on 12/1/06 at 9 a.m." There is no ambiguity in this order: the order means that there will be a motion hearing on 12/1/06 at 9 a.m. The Court's order of June 23, 2006 says that "the Court will amend and extend the case management dates by only sixty (60) days." Neither is this order ambiguous: it means that the case management dates are extended by 60 days, so instead of conducting the motion hearing on 12/1/06 at 9 a.m., the Court now intends to conduct

the motion hearing 60 days later, on 1/30/07 at 9 a.m.

We didn't clear the 1/30/07 date with the Court because we didn't select this date, the Court did. The standing order does not require parties to meet and confer about a hearing date that the Court has selected. Moreover, you have known about this hearing date since June 23, 2006 and thus have had six months to plan around it. As I said before, now that Google has gone to considerable effort to comply with the Court's schedule, now is not the time to try to change it.

You should not call the clerk. You've said that you need to call the clerk to understand the proper procedure for addressing this situation but you do not need to seek legal advice from the clerk. Local Rule 6 lays out the procedure for extending time, if that is what you wish to do. The rule for a "purely administrative matter" is Local Rule 7-11. Finally, Local Rule 7-10 permits ex parte motions only "if a statute, Federal Rule, local rule or Standing Order authorizes the filing."

Regards,
Klaus

---

**From:** Plater, Caroline C. [mailto:CPlater@KelleyDrye.com]
**Sent:** Thursday, December 28, 2006 11:00 AM
**To:** Klaus Hamm
**Cc:** Ajay Krishnan
**Subject:** RE: Your letter of yesterday

Klaus -- Here is the problem, what you or Ajay or Mike Page told anyone at our firm about your "understanding" of the filing and hearing dates does not really matter. Only the Court's understanding of these items matters. Did you or did you not call the clerk to get approval to notice your motions on Jan. 30? Its a simple question that you have not answered. I know what the Court order says -- but regardless of that clearly inconsistent Court order, you are also required to clear all hearing dates with Judge Fogel's clerk before you notice a motion. Please read his standing orders.

In any event, this is a purely administrative matter and I will be calling the clerk. I have no intention of making any representations on Google's behalf, so you need not worry about that. Its your decision not to participate.
-Carrie

>	-----Original Message-----
>	**From:** Klaus Hamm [mailto:KHamm@kvn.com]
>	**Sent:** Thursday, December 28, 2006 12:28 PM
>	**To:** Plater, Caroline C.
>	**Cc:** Ajay Krishnan
>	**Subject:** RE: Your letter of yesterday
>
>	Dear Carrie,
>	We do not agree to participate in a call with Judge Fogel's clerk since there should be no confusion about the schedule that requires resolution. As your email notes, the parties have been on notice about a dispositive motion hearing date for more than 10 months. And on February 16, which was the day that the Judge set the hearing date, Mike Page clearly explained to Susan Greenspon and David Rammelt how this affected the filing deadline. He wrote in an email that "the judge set a December 1 date for hearing of dispositive motions, so those motions have a filing cutoff of October 27." No one responded to this email. If this wasn't problematic last February, it should not suddenly be a problem now that we have gone to considerable effort to comply

with the Court's schedule and you have realized that this schedule is inconvenient.

As you know, Local Rule 6 sets forth the procedure for requesting a change to the schedule.  You followed this procedure when you petitioned the court for an extension in June, and if you again want to push back the case management dates you need to follow the same procedure now.  An ex parte conversation with the court clerk is not the proper procedure for changing the schedule, and any attempt by you to unilaterally change the schedule would be improper.

Regards,

Klaus

---

**From:** Plater, Caroline C. [mailto:CPlater@KelleyDrye.com]
**Sent:** Thursday, December 28, 2006 9:49 AM
**To:** Klaus Hamm
**Cc:** Ajay Krishnan
**Subject:** FW: Your letter of yesterday

Klaus -- I should have cc'd you on this.  I don't know if Ajay is in today.  I'd appreciate if one of you would get back to me on this.  If no one agrees to participate in a call with Judge Fogel's clerk, I will still need to call on my own to ask the clerk the proper procedure for addressing this situation.  I wanted to give you the option to participate so that you would not claim that I had an improper ex parte conversation with the court.

- Carrie


-----Original Message-----
**From:**   Plater, Caroline C.
**Sent:**   Thursday, December 28, 2006 10:23 AM
**To:**     'Ajay Krishnan'
**Subject:**    Your letter of yesterday

Ajay -- I think you can understand where the confusion lies here.  I do see how you arrived at the 1/30 hearing date.  But it is entirely inconsistent with the dispositive motion cut off and Judge Fogel's standing hearing dates.  You will note that the hearing date is never addressed in any of the prior case management orders until the order dated 2/16/06.  Also, note that when the court set the hearing date as 12/1/06  -- it was set on a Friday at 9:00 a.m. - consistent with his normal hearing date and time.  The 2/16/06 order did not explicitly address the filing date for dispositive motions.  Rather, it just extended it by four months.  It had been set for 7/31 and with the added 4 months, the deadline became 11/30.  This is where the problems began with the filing and hearing date being one day apart.  With the 6/23/06 order adding 60 days on to all this -- the dates are just as we expected, 1/29 for filing and 1/30 for hearing.  The hearing date is the one thing that consistently does not make sense.

I don't believe this is something that can be resolved between the parties, given Google's current refusal to agree to an extension.

I asked that you participate in a call to Judge Fogel's clerk to address this matter.  I would like to call this morning.

Thanks, Carrie

Caroline C. Plater

Kelley Drye & Warren LLP

333 W. Wacker, Suite 2600

Chicago, IL 60606

312.857.2501 (direct)

312.857.7095 (fax)