1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, California 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11

12
                       UNITED STATES DISTRICT COURT
13
                      NORTHERN DISTRICT OF CALIFORNIA
14
15 GOOGLE INC., a Delaware corporation,      ) Case No. C 03-5340-JF (RS)
                                             )
16         Plaintiff,                        ) **AMERICAN BLIND & WALLPAPER**
                                             ) **FACTORY, INC.'S OPPOSITION TO**
17     v.                                    ) **GOOGLE'S MOTION TO MAINTAIN THE**
                                             ) **CURRENT SCHEDULE OR ABIDE BY IT**
18 AMERICAN BLIND & WALLPAPER                ) **AS CLOSELY AS POSSIBLE**
   FACTORY, INC., a Delaware corporation d/b/a )
19 decoratetoday.com, Inc.; and DOES 1-100,  )
   inclusive,                                )
20                                           )
           Defendants.                       )
21                                           )
                                             )
22 AMERICAN BLIND & WALLPAPER               )
   FACTORY, INC., a Delaware corporation d/b/a )
23 decoratetoday.com, Inc.,                  )
                                             )
24         Counter-Plaintiff,                )
                                             )
25     v.                                    )
                                             )
26 GOOGLE, INC.,                             )
                                             )
27         Counter-Defendants.               )
                                             )
28

1   Google's request for a special setting of an earlier hearing date on it motion for summary
2   judgment and motion for terminating sanctions should be denied. Google's Local Rule 6-3 motion, if
3   granted, would result in moving the hearing date for Google's summary judgment and sanctions
4   motions *forward* at least two weeks, meaning that American Blind would be deprived of at least two
5   weeks' preparation time for its oppositions.  In other words, because Google has completed its work on
6   its motions, it now wishes to minimize the amount of time American Blind has to respond to them.
7   Because Google has not shown adequate reason for the Court to ***change*** the hearing date from what it
8   would otherwise be (February 16th), and American Blind would be unduly prejudiced, the Court
9   should deny Google's motion and order Google to properly notice its motions in accordance with the
10  Court's Standing Order.

11  Significantly, Google's motions for summary judgment and sanctions raise issues critical to
12  this litigation and briefing on them should not be rushed.[1]  There simply is no legitimate reason to
13  hurry the parties' presentation (or this Court's consideration) of the legal and factual issues that Google
14  hopes will end this case without a trial.  Google has shown no prejudice, and can show no prejudice, by
15  having to comply with this Court's practices and allowing the parties adequate time to brief the issues.
16  Moreover, shortening the time for briefing (or changing the date on which dispositive motions are due)
17  would unduly prejudice American Blind, who is faced with responding to two oversized, allegedly
18  dispositive motions.

19  **A.     Google Has Not Complied With This Court's Standing Order.**

20  If there were honest confusion concerning the cut-off date for filing dispositive motions, the
21  matter easily could have been addressed if Google simply had complied with this Court's ordinary
22  rules and practices.  The first alarm bell should have been that Google noticed its two motions for a
23  Tuesday, a day this Court ordinarily does not hear motions.  Second, the Court's Standing Order
24  requires that Google consult with this Court's chambers before noticing a motion.  Had Google done
25  so, it would have learned that it had improperly noticed a hearing for January 30, 2007.

---

[1]   Ironically, Google believes that the matters implicated by its summary judgment motion are so significant and complicated that Google asked American Blind to agree to filing over-sized briefs, a request American Blind (and the Court) granted.  (Dkt. No. 229.)

Third, the Standing Order requires that Google consult with opposing counsel before selecting a hearing date. Google did not. Not once during the phone and email exchanges that occurred before the year-end holidays did Google's counsel ever suggest that they thought dispositive motions had to be filed the day after Christmas.[2] The Standing Order requires such consultation precisely to avoid the situation Google has now created.

### B. Google Can Show No Prejudice In Having To Comply With The Rules.

Google has had ample opportunity to correct its filing mistake, and could have worked with American Blind and this Court's clerk last week to set a proper hearing date. (Plater Decl. ¶¶ 4-14, Ex. B-I.) However, Google did not and refused to accept a proper hearing date in accordance with this Court's ordinary calendar. Instead, Google is attempting to expedite the hearing on its motion without offering any justification other than "[t]hree and half [sic] years is a long time to wait for a trial …." (Google Mem. at p. 5.) With all due respect, Google itself has contributed to much of the delay.[3]

In any event, a prior Court-ordered extension to the schedule is not a reason to rush briefing on the important issues Google has chosen to raise with this Court. The trial in this case is scheduled for May 16, 2007, which gives the Court three full months to provide a ruling on Google's motions prior to trial. Even if this amount of time is insufficient (which American Blind does not contend), Google has created its own dilemma. Given that Google anticipated raising numerous allegedly-dispositive issues, it could and should have filed its motions leaving what it considered sufficient time for the Court to rule on them. A motion cut-off date does not require all motions to be filed on that date.

Finally, even if Google had demonstrated prejudice (which it has not), it does not outweigh the prejudice to American Blind from an expedited briefing schedule. Google's oversized motions will require adequate time to review, digest, and respond to. Indeed, just on the summary judgment motion alone, Google raises no fewer than six separate arguments, ostensibly supported by forty-two cases,

---

[2] Between December 13 and 18th, numerous emails were exchanged in response to Google's request that American Blind agree to exceed the page limit for summary judgment brief. Not once did Google hint that it was Google's position that briefs had to be filed in a matter of days. (Declaration of Caroline C. Plater in Support of American Blind and Wallpaper Factory, Inc.'s Response to Google Inc.'s Motion To Maintain The Current Schedule Or Abide By It As Closely As Possible ("Plater Decl."), ¶¶ 2-3, Exhibit A.)

[3] At Google's request, this case was stayed for nearly a year while the Court decided Google's motion to dismiss.

1  five statutes, and three additional authorities.  Similarly, the sanctions motion asks for the severe
2  sanction of dismissal, ostensibly supported by 23 cases.  An accelerated schedule simply will not
3  provide American Blind with an opportunity to adequately prepare its opposition to both motions.
4  The present motion – the third filed during the week between Christmas and New Year's, when much
5  of American Blind's counsel was out of town on vacation – is itself an unnecessary distraction from
6  the task of responding to the substance of Google's motions.  Furthermore, a hearing date of January
7  30, 2007, would make American Blind's opposition due on January 9, thus unnecessarily interfering
8  with American Blind's preparation for the Court-ordered deposition of Google co-founder Larry Page,
9  which is scheduled to go forward on January 10, 2007.  American Blind may wish to rely on the
10 deposition testimony of Mr. Page in opposition to Google's motions, further warranting the denial of
11 Google's motion.

### C. Under A Plain Reading of This Court's Orders, Dispositive Motions Are Due January 29, 2007.

In addition to seeking to shorten the briefing schedule on its improperly-noticed motion, Google also asks this Court to revoke American Blind's opportunity to file any dispositive motions by (retroactively) moving the cutoff date for filing dispositive motions from the end of this month to the end of last month.  Yet the Court's scheduling orders show that the deadline for filing dispositive motions is January 29, 2007 — a date American Blind has understood to be in place since last summer.

On May 13, 2005, this Court held a case management conference.  The parties jointly proposed to the Court that the deadline for filing dispositive motions be set for July 31, 2006. (Dkt. No. 56.) This Court adopted that proposed date at the case management conference. (Dkt. No. 57.)  There have been two subsequent wholesale extensions of all case management dates — by four months (Dkt. No. 95) and sixty days (Dkt. No. 133).  Put together, these two extensions place the deadline for filing dispositive motions on January 29, 2007.

Google construes the Court's first wholesale extension of dates as replacing the deadline for filing dispositive motions with a date for a dispositive motion hearing because the Court's Civil Minutes note a "motion hearing on 12/1/06 at 9:00 a.m."  (Dkt. No. 95.)  Yet, the Court's Civil Minutes does not refer specifically to a hearing on "dispositive" motions — just a generic "motion

hearing." Further, the Court specifically ruled that it "extends all case management dates by 4 months." (*Id.*) This includes, of course, the previously-set deadline for filing dispositive motions, which therefore remains part of the case management schedule. Thus, there is no ambiguity in the case management dates — the last date to file dispositive motions remains where it has been since last summer — January 29, 2007.[4]

### D. Conclusion

Google has failed to provide the Court with any justification for dispensing with the Court's Standing Order on setting a hearing date for Google's motions for summary judgment and sanctions. Google should have to set a hearing date in compliance with the Standing Order, as any other litigant before this Court would do. The Court should also refuse Google's invitation to change, after the fact, the dispositive motion cutoff date. The date for filing dispositive motions is January 29, 2007, and should remain so.

Dated: January 3, 2007                    HOWREY LLP


By:      /s/ Ethan B. Andelman
         Robert N. Phillips
         Ethan B. Andelman
         Attorneys for Defendant/Counter-Plaintiff
         AMERICAN BLIND AND
         WALLPAPER FACTORY, INC.

---

[4] Even Google's own actions demonstrate that the dispositive motion cutoff date is January 29. On August 31, 2006, the Court extended by stipulation the deadlines pertaining to expert witnesses, allowing the filing of "rebuttal" reports on December 5, 2006 (Dkt. No. 180), which the parties knew and understood would allow them time to complete "rebuttal" expert depositions by the expert discovery cut-off on December 28, 2006. Under Google's alleged interpretation of the schedule, summary judgment motions would be due *before* expert depositions were completed. Such a result was never intended by either party.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28