1 | Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
2 | HOWREY LLP
525 Market Street, Suite 3600
3 | San Francisco, CA 94105
Telephone: (415) 848-4900
4 | Facsimile: (415) 848-4999

5 | David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
6 | KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
7 | Chicago, IL 60606
Telephone: (312) 857-7070
8 | Facsimile: (312) 857-7095

9 | Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
10 | FACTORY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>GOOGLE, INC.<br><br>Counter-Defendants. | Case No. C 03-5340-JF (RS)<br><br>**DECLARATION OF CAROLINE C. PLATER IN SUPPORT OF AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S RESPONSE TO GOOGLE INC.'S MOTION TO MAINTAIN THE CURRENT SCHEDULE OR ABIDE BY IT AS CLOSELY AS POSSIBLE** |

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215801.2

Dockets.Justia.com

I, Caroline C. Plater, declare as follows:

1. I am an attorney at Kelley Drye & Warren LLP, counsel of record for Defendant/Counter-Plaintiff American Blind and Wallpaper Factory, Inc. ("American Blind") in the above-captioned action. I am a member in good standing of the State Bar of Illinois. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

Exhibits.

**Google's Contact with American Blind Prior to Noticing the Motions For January 30, 2007.**

2. Google filed its Motion for Summary Judgment and Motion for Terminating, Evidentiary, and Monetary Sanctions Against American Blind on December 26, 2006 (collectively, "Motions"). Google did not contact American Blind prior to filing and noticing these Motions in order to ascertain American Blind's availability for a hearing date, as required by the Court's Standing Orders.

3. The only contact that Google had with American Blind in relation to the filing of any motion, was regarding Google's request for a stipulation to extend the page limit on summary judgment motions and attendant briefs thereto. A true and correct copy of the email exchange between counsel for Google and counsel for American Blind regarding the page limit stipulation is attached as Exhibit A. No where in this exchange does Google indicate its belief that dispositive motions were due on December 26, 2006. Google also did not seek American Blind's availability for a hearing date in this email exchange or in any other correspondence regarding the stipulation.

**Contact Between Google and American Blind After Noticing the Motions.**

4. On December 26, 2006, I received Google's Motions via ECF, which were noticed for hearing on January 30, 2007. At the time the Motions came in, four of the six attorneys working on this matter were out of town for that holiday week. Counsel for Google was aware that a number of American Blind's attorneys were out of town that week. Counsel for Google was also aware that the schedule it sought called for opposition briefs to be served the day before the court-ordered deposition of Google's co-founder Larry Page in California. After

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215801.2                     - 2 -

1  noticing that the Motions were set on Tuesday and not a Friday, I checked the Court's online

2  calendar and verified that the Court held its hearings on Fridays, not Tuesdays.

3      5.    On December 27, 2006, I called the Court's chambers to double check that

4  the Court still held all civil hearing on Fridays at 9:00 a.m.  I received an outgoing message

5  indicating that the Court was dark from December 27, 2006 through January 4, 2007, and the next

6  available hearing date was Friday, February 16, 2007.

7      6.    On December 27, 2006, I sent correspondence to counsel for Google

8  inquiring as to how it came to notice its Motions on January 30, 2007, given that (a) the Court

9  only hears motions on Fridays, (b) the Court's next available hearing date was February 16, 2007,

10  and (c) Google had not contacted counsel for American Blind to determine if the selected hearing

11  date would cause under prejudice prior to noticing the Motions fro January 30, 2007.  In light of

12  its numerous procedural errors, I asked that Google agree to re-notice the hearings on or after

13  February 16, 2007.  A true and correct copy of my letter to Ajay S. Krishnan is attached as

14  Exhibit B.  That letter further detailed why the selected date caused undue prejudice to American

15  Blind.

16      7.    On December 27, 2006, counsel for Google, Ajay S. Krishnan, responded by

17  letter to my earlier correspondence.  In that letter, Google explained that the hearing date it

18  noticed was pursuant to Court order.  A true and correct copy of this letter is attached as

19  Exhibit C.

20      8.    On December 28, 2006, I sent an email to counsel for Google, Ajay S.

21  Krishnan and Klaus H. Hamm, regarding Mr. Krishnan's December 27, 2006 letter.  In that email

22  I explained why Google was in error in calculating the dispositive motion filing and hearing date.

23  The confusion stemmed from multiple extensions of the case management orders, which

24  unintentionally allowed for two inconsistent dates to remain on the schedule; namely, the cut-off

25  for filing dispositive motions was set for January 29, 2007 and the hearing date for dispositive

26  motions was set for January 30, 2007.  A true and correct copy of my December 28, 2006 email is

27  attached as Exhibit D.

28      9.    In an effort to clear up the obvious confusion and difference of opinions, I

1  asked that Google participate in a conference call with the Court's law clerk in order to rectify the
2  scheduling issues.  Google refused to participate in a call to the Court's law clerk, as reflected in
3  its response email on December 28, 2006.  A true and correct copy of this email is attached as
4  Exhibit E.

5        10.    In response to Google's refusal to participate in a call to the law clerk, I
6  sent another email alerting Google to the fact that I would be contacting the law clerk on my own.
7  A true and correct copy of that email is attached as Exhibit F.

8        11.    Later that same day, on December 28, 2006, I spoke by telephone with
9  Christian Delaney, the Court's law clerk.  On that call, I explained the situation to Ms. Delaney
10 and told her that Google had refused to participate in that call I was making.  Ms. Delaney
11 indicated to me that she understood the situation and provided me with the following explanation
12 to pass on to counsel for Google: (a) Chambers practice is that a hearing date must be cleared
13 with the judicial assistant or deputy clerk before noticing it, and there is no special; exception in
14 this case; (b) Before selecting a hearing date, the movant should also contact opposing counsel to
15 make sure there is agreement on the date selected; (c) The Court hears motions on Fridays, not
16 Tuesdays; (d) If counsel had called the clerk, they would have been informed that January 30th is
17 not available because the Court has a patent trial starting on January 12, 2007, that will last 3
18 weeks; (e) In light of this confusion, the parties should do a stipulated order regarding the date for
19 filing dispositive motions and for noticing dispositive motions.  I conveyed Ms. Delaney's
20 message to Google by email.  A true and correct copy of that email is attached as Exhibit G.

21       12.    Following my email summarizing Ms. Delaney's statements, Google initiated
22 a conference call with Ms. Delaney and I myself.  On the second call with Ms. Delaney, she
23 reiterated her statements set forth above and in my email to Google and specifically informed
24 counsel for Google that Google did not have a hearing date at that time.  After we concluded our
25 call with Ms. Delaney, counsel for Google and myself continued our call and Google proposed
26 filing a joint motion regarding the hearing date.  Google summarized its  proposed terms for the
27 joint motion by email later that same day.  A true and correct copy of that email is attached as
28 Exhibit H.

13. The next morning, I responded by email to Google's proposal for the joint motion, agreeing in part to the terms. A true and correct copy of that email is attached as Exhibit I.

14. Google never responded to my email regarding the proposed terms for the joint motion. Instead, Google filed its Motion to Maintain the Current Schedule or Abide by it as Closely as Possible.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of January 2007, in Chicago, Illinois.

        /s/ Caroline C. Plater
    CAROLINE C. PLATER