# Exhibit C

CH01/PLATC/210357.1

LAW OFFICES

# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

## FACSIMILE TRANSMISSION COVER SHEET

December 27, 2006

| To | Telephone | Facsimile |
|---|---|---|
| Caroline C. Plater<br>David A. Rammelt<br>Kelley Drye & Warren LLP | 312/857-7070 | 312/857-7095 |

| From | Telephone | Code |
|---|---|---|
| Ajay S. Krishnan | (415) 391-5400 | **6004/rwt** |

Re   Google, Inc. v. American Blind & Wallpaper Factory, Inc.

**Number of Pages (Including Cover): 3**

ORIGINAL WILL NOT FOLLOW THIS TRANSMISSION

### COMMENTS

Please see attached.

Operator _____                    Time Sent _____

**IF YOU ENCOUNTER ANY DIFFICULTIES RECEIVING THIS TRANSMISSION,
PLEASE CALL (415) 676-2277 OR (415) 391-5400**

The information contained in this facsimile transmission is legally privileged and confidential and intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you receive this communication in error, please notify us immediately by telephone, and return the original transmission to us at the above address via the U.S. Postal Service. Thank you.

322635.01

LAW OFFICES
# KEKER & VAN NEST
## LLP

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188
WWW.KVN.COM

AJAY S. KRISHNAN
AKRISHNAN@KVN.COM

December 27, 2006

**VIA FACSIMILE**

Caroline C. Plater, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606

Re: *Google Inc. v. American Blind & Wallpaper Factory, Inc.*

Dear Carrie:

      We filed our summary judgment and spoliation motions yesterday, December 26th, because that was the deadline established by the Court. In February, Judge Fogel—based on ABWF's motion—set the hearing date for dispositive motions on December 1, 2006. See Docket Item No. 95. Then, in June, again based on ABWF's motion, Judge Fogel pushed that hearing date back another 60 days. See Docket Item No. 133. That resulted in a motion hearing date of January 30, 2007. Thus, <u>the hearing date has been set by the Court and has been known to the parties for more than six months</u>.

      Your letter suggests that Google unfairly surprised ABWF by filing these motions on December 26, but that suggestion is utterly unfounded. December 26th was the last day to file these motions, given the Court-established hearing date of January 30. First, as I just explained, the parties have known about this deadline for six months. Second, Google notified ABWF long ago that when the Court set the hearing date for dispositive motions, as a matter of course the filing deadline would be earlier. On February 16, 2006—when the dispositive-motion-hearing date was set for December 1, 2006—Mike Page explained in an email to Susan Greenspon and David Rammelt that the Court's setting of a hearing date necessarily imposes a filing deadline 35 days prior to the hearing date. Third, over the last two weeks, Mike and I communicated numerous times with David and you regarding our stipulation to exceed the page limits on Google's and ABWF's summary judgment motions. Indeed, in an email I sent to David on Monday, December 18, 2006—five Court days before our summary judgment motion was due—I explicitly told David that I wanted to file the stipulation to exceed the page limits on that day itself in order to give the Court sufficient time to rule on the stipulation before the summary judgment motion was due. That was a clear indication to ABWF that we would be filing a summary judgment motion imminently. There was no unfair surprise.

386900.01

Caroline C. Plater, Esq.
December 27, 2006
Page 2

      Google therefore will not agree to any postponement of the hearing date for dispositive motions. Obviously, a filing deadline of December 26, 2006 imposed a substantial burden on Google—numerous attorneys worked on these motion while on vacation, and the deadline affected my holiday travel plans. Nonetheless, Google worked around the court-ordered deadline. It is ABWF's responsibility to do the same, and if ABWF had a problem with this deadline it should have raised the issue months ago. Google therefore will not agree to further delays in a case that was filed over three years ago.

Sincerely,

Ajay S. Krishnan

cc:  David A. Rammelt, Esq.

386900.01