1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                    UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13 GOOGLE INC., a Delaware corporation,          Case No. C 03-5340-JF (RS)

14          Plaintiff,

15    v.                                          **AMERICAN BLIND AND WALLPAPER
                                                  FACTORY, INC.'S OPPOSITION TO
16 AMERICAN BLIND & WALLPAPER                     GOOGLE INC.'S MOTION FOR
   FACTORY, INC., a Delaware corporation          TERMINATING, EVIDENTIARY, AND
17 d/b/a decoratetoday.com, Inc.; and DOES 1-     MONETARY SANCTIONS AGAINST
   100, inclusive,                                ABWF FOR SPOLIATION OF EVIDENCE**
18
19          Defendants.

20 AMERICAN BLIND & WALLPAPER
   FACTORY, INC., a Delaware corporation
21 d/b/a decoratetoday.com, Inc.,                 Date: February 16, 2007
                                                  Time: 9:00 a.m.
22          Counter-Plaintiff,                    Courtroom: 3, 5th Floor
                                                  Judge: Hon. Jeremy Fogel
23    v.

24 GOOGLE, INC.

25          Counter-Defendants.

26
27
28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                        Opposition to Google's Mtn for Sanctions Against
                                                  ABWF for Spoliation of Evidence
DM_US:20207619_1

Dockets.Justia.com

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ................................................................................................ 1

II.     PROCEDURAL OVERVIEW ............................................................................ 3

III.    ARGUMENT ...................................................................................................... 4

    A.      Google has not identified any documents that were destroyed ............................. 4

    B.      Google is rehashing discovery complaints that it made, or ought to
        have made, to Judge Seeborg before the discovery cut-off ................................. 5

        1.      Judge Seeborg considered and ruled on Google's
            complaints regarding American Blind's email retention and
            document production .................................................................................. 6

        2.      The adequacy of the Kaden Company materials was
            addressed in Google's Motion to Compel ................................................. 7

        3.      All requested documents regarding American Blind's
            alleged unclean hands, the strength of its marks and
            damages have been produced .................................................................... 9

    C.      American Blind is not liable for the intentional acts of a former
        employee ............................................................................................................. 10

    D.      Sanctions are not warranted ............................................................................... 11

        1.      Google is not entitled to any adverse inference,
            presumption order or monetary sanctions ............................................... 12

        2.      Dismissal sanctions are too draconian .................................................... 13

            a.      Google cannot demonstrate extraordinary
                circumstances .............................................................................. 13

            b.      Google cannot establish willfulness, bad faith or
                fault by American Blind .............................................................. 15

            c.      There is no nexus between the allegedly
                 sanctionable conduct and the matters in controversy
                 in this case ................................................................................... 15

            d.      Google has not presented any evidence of prejudice ................... 16

    E.      Google's claims of impropriety by any of American Blind's
        attorneys are baseless and vexatious .................................................................. 17

    F.      Google's sanctions motion should be rejected as improper and
        untimely .............................................................................................................. 19

IV.     CONCLUSION ................................................................................................... 19

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                - i -                Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

## TABLE OF AUTHORITIES

**Page No.**

*Advantacare Health Partners v. Access IV,*
  2004 WL 1837997 (N.D. Cal. Aug. 17, 2004)...................................................................11, 14

*Akonia v. United States,*
  938 F.2d 158 (9th Cir. 1991)................................................................................................13

*Chambers v. Nasco, Inc.*
  501 U.S. 32, 111 S.Ct. 2123 (1991)....................................................................................11

*Fjelstad v. American Honda Motor Co.,*
  762 F.2d 1334 (9th Cir. 1985)..................................................................................12, 13, 14

*Halaco Eng'g Co. v. Costle,*
  843 F.2d 376 (9th Cir. 1988)...........................................................................................6, 15, 16

*Japan Telecom, Inc. v. Japan Telecom America, Inc.,*
  287 F.3d 866 (9th Cir. 2002)..................................................................................................9

*MacSteel, Inc. v. Eramet N. Am.,*
  2006 U.S. Dist. LEXIS 83338 (D. Mich. 2006).................................................................10

*Napster, Inc. Copyright Litigation,*
  2006 WL 3050864 (N.D. Cal. Oct. 25, 2006)................................................................12, 14

*National Ass 'n of Radiation Survivors v. Turnage,*
  115 F.R.D. 543 (N.D. Cal. 1987).........................................................................................12

*Nationwide Mut. Fire Ins. Co. v. Ford Motor Co.,*
  174 F.3d 801 (6th Cir. 1999)................................................................................................16

*Roadway Express v. Piper,*
  447 U.S. 752, 100 S.Ct. 2455 (1980)..............................................................................11, 13

*Schmid v. Milwaukee Electric Tool Corp.,*
  13 F.3d 76 (3rd Cir. 1994)...................................................................................................12

*Skeete v. McKinsey & Co.,*
  1993 WL 256659 (S.D.N.Y. 1993)......................................................................................16

*Societe Internatiale Pour Participations Industrielles at Comerciales, S.A. v.*
  *Rogers,* 357 U.S. 197, 78 S.Ct. 1087 (1958)........................................................................11

*Townsend v. American Insulated Panel Co.,*
  174 F.R.D. 1 (D. Mass. 1997)..............................................................................................10

*U.S. v. Kitsap Physicians Services,*
  314 F.3d 995 (9th Cir. 2002)................................................................................................14

*West v. Goodyear Tire Rubber Co.,*
  167 F.3d 776 (2d Cir. 1999).................................................................................................12

*Wyle v. RJ Reynolds Indus., Inc.,*
  709 F.2d 585 (9th Cir. 1983)..........................................................................................12, 13

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - i -          Opposition to Google's Mtn for Sanctions Against
                                                    ABWF for Spoilation of Evidence

1

## RULES

Civil L.R. 7-8 ................................................................................................................ 3

Civil L.R. 7-8(c) ........................................................................................................... 19

Civil L.R. 26-2 ........................................................................................................... 6, 7

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                    - ii -                    Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

DM_US:20207619_1

## I.  **INTRODUCTION**

Google's motion is long on innuendo but woefully lacking in substance.  Without presenting a shred of evidence that a single document relevant to this case was destroyed, altered, or otherwise spoiled, Google wrongfully accuses American Blind of destruction of relevant evidence and asks this Court to level the most draconian of all sanctions available — a complete dismissal of American Blind's claims.  Desperately hoping to avoid a trial on the merits, Google seizes upon a lawsuit that American Blind filed against its former President and CEO, Steve Katzman, and mischaracterizes it as evidence of spoilation.  The Katzman case is a red herring — notably, there is no allegation in that dispute (or anywhere else) that Mr. Katzman took or destroyed any information relevant to this case.  Google, however, is content to *assume* that Mr. Katzman destroyed relevant information when he left American Blind, and argue that as a result of this (fictional) destruction of information, American Blind should lose its right to have this case heard — by either a judge or a jury.  Google's charge is pure fabrication and its argument is unsubstantiated.  Google's motion should denied for at least five reasons.

First and foremost, Google has presented no factual support whatsoever to suggest that any materials that were relevant and responsive to Google's discovery requests were contained in the materials that Mr. Katzman took from American Blind upon his resignation.  Mr. Katzman has provided a sworn declaration that eliminates Google's conjecture about the nature or type of information he took – none of it had any relevance to this case.

Second, Google's motion makes plain that, even if everything that it now claims did happen actually happened – which is not true – it happened <u>after</u> Mr. Katzman left the company and, therefore, after Mr. Katzman left the control of American Blind.  If Google has any legitimate complaint, it is with Mr. Katzman.  Certainly, American Blind cannot be liable for the deliberate and intentional actions of an individual who was not under its control at the time the actions occurred.  Indeed, the fact that American Blind took immediate steps to obtain the materials Mr. Katzman took with him when he left the company is proof that American Blind has been diligent and has acted in good faith.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                    - 1 -                    Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

1    Third, much of this "sanctions" motion is nothing more than a re-hashing of the same

2   arguments presented to Judge Seeborg, and rejected over two months ago,[1] in connection with an

3   earlier Motion to Compel filed by Google.[2]  Google's current complaints about allegedly

4   "missing" documents were (or should have been) addressed to Judge Seeborg in Google's prior

5   motion.  As Google's exhibits to this new motion demonstrate, none of the alleged "sanctionable"

6   discovery practices presented by Google occurred or came to Google's attention after Google's

7   Motion to Compel was ruled on by Judge Seeborg.  American Blind has complied with every

8   provision of Judge Seeborg's Order on Google's Motion to Compel.  Google never sought

9   reconsideration of or appealed that Order.  Now Google improperly seeks to circumvent the

10   procedures and have this Court review matters ruled on by Judge Seeborg, in an attempt to ratchet

11   up the alleged "bad acts" attributable to American Blind and its counsel.

12    Fourth, the position Google takes in this Motion for Sanctions — that it lacks critical

13   evidence to defend itself against American Blind's case because that evidence was destroyed —is

14   completely at odds with the position Google takes in its Motion for Summary Judgment.  Google

15   asserts in its Motion for Summary Judgment that the "material facts…are not disputed…and

16   Google is entitled to summary judgment."  (Docket No. 234-1 at 14).  If all the material facts

17   necessary for Google to seek summary judgment on all of American Blind's claims are

18   undisputed, then how could any alleged discovery deficiencies be material or cause any prejudice

19   to Google?  How can Google claim that American Blind's alleged egregious acts have "denied

20   Google crucial evidence to defend against ABWF's claims, and has denied Google the ability to

21   effectively cross-examine ABWF's employees, both in deposition and trial" while simultaneously

22   claiming that the material issues are not in dispute and thus Google is entitled to summary

23   judgment on American Blind's claims?  (Mot. at 3.)  The truth is that these conflicting positions

24   cannot be reconciled.  The truth is that Google has suffered no prejudice.

25

26   _____

27   [1]    *See* Order dated November 13, 2006 (Docket No. 217).

     [2]    Motion to Compel Counter-Plaintiff ABWF to Satisfy Its Outstanding Discovery
28   Obligations ("Motion to Compel" Docket Nos. 185, 186).

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - 2 -          Opposition to Google's Mtn for Sanctions Against
                                                    ABWF for Spoilation of Evidence
DM_US:20207619_1

1    Finally, this motion is clearly a litigation tactic designed to distract American Blind (and

2    the Court) from the significant issues presented by Google's Motion for Summary Judgment.

3    Google admits that it was aware of the litigation between American Blind and Mr. Katzman

4    (which is publicly available to everyone through PACER) since October 23, 2006 – over two

5    months before this motion was filed.   In fact, Google already had a motion to compel pending

6    before Judge Seeborg when it admitedly it learned of the litigation against Mr. Katzman.

7    Google's admission undermines its feigned sense of urgency and significance in presenting this

8    motion.  If Google had a sincere concern, Google's counsel surely would have made a phone call,

9    or sent a letter, or written an e-mail, or raised the matter with Judge Seeborg.  Google did none of

10    these things, instead sitting on this allegedly "case altering" information for over two months (in

11    violation of Civil L.R. 7-8) and waiting to file on the same date that it filed its Motion for

12    Summary Judgment.

13    **II.  PROCEDURAL OVERVIEW**

14    On May 18, 2006, Steve Katzman resigned from American Blind.  Shortly thereafter, it

15    was discovered that Mr. Katzman had wrongfully taken confidential and proprietary materials

16    belonging to American Blind.  American Blind thereafter made a demand for the return of such

17    property and information (and for the return of his company owned laptop computer) and

18    Mr. Katzman returned such property.  Subsequent to Mr. Katzman's deposition in this case,

19    American Blind discovered that Mr. Katzman had retained confidential and proprietary

20    information of American Blind and intended to use such information in connection with a

21    competing business.  Consequently, on August 10, 2006, American Blind filed a Motion for a

22    Temporary Restraining Order in the Eastern District of Michigan.  In that case, American Blind

23    sought a temporary restraining order and preliminary injunction barring Mr. Katzman from using

24    any of American Blind's confidential and proprietary property and information, and requiring Mr.

25    Katzman to immediately return to American Blind all such property and information.  (*See*

26    Greenspon Decl., Ex. A.)  Nothing in the complaint against Mr. Katzman alleged that he took

27    information relevant to this lawsuit.  (Greenspon Decl. Ex. B.)  Rather, the complaint was

28    directed toward Mr. Katzman's use of proprietary documents from American Blind, including but

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - 3 -          Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence
DM_US:20207619_1

1    not limited to the Competitive Matrix, employee handbook, and other information necessary to

2    start a competing business.  (*Id.*)

3        On September 7, 2006, Google filed its Motion to Compel.  (Docket No. 185, 186.)

4    Google claims to have first learned of the Katzman lawsuit on October 23, 2006.  (Krishnan Decl.

5    ¶33.)  On November 13, 2006, Judge Seeborg ruled on Google's Motion to Compel granting in

6    part and denying in part the relief requested by Google.  (Docket No. 217.)  Google did not seek

7    reconsideration of or appeal this order.  On December 26, 2006, Google filed this Motion for

8    Sanctions simultaneously with its Motion for Summary Judgment.  (Docket Nos. 230, 234, 238,

9    240.)

10                                **III. <u>ARGUMENT</u>**

11   **A.    <u>Google has not identified any documents that were destroyed</u>**

12       Google's motion is based upon pure speculation.  In arriving at its unsubstantiated and

13   irresponsible accusation that relevant documents have been "destroyed," Google makes two

14   fundamentally flawed assumptions.  First, Google incorrectly assumes that American Blind had

15   not produced all relevant documents because Google believes such documents must be in

16   American Blind's possession.  Second, Google assumes that because American Blind cannot find

17   documents that Google assumes must have existed, those documents must have been destroyed.

18   Of course, nowhere does Google identify a single relevant document that was destroyed by

19   Mr. Katzman or anyone else.  Nor does Google identify a single person who has knowledge that

20   any relevant documents were destroyed.

21       The best that Google can do is to highlight that Mr. Katzman had erased confidential

22   company data from his hard drives immediately before he left the company.  But this alone is not

23   remarkable — it is done every day in corporate America as employees depart and equipment is

24   upgraded.  There can only be a spoliation issue if no searches were ever made prior to such

25   wiping or recycling, which is not the case here.  (See Greenspon Decl., ¶¶ 16-19.)

26       Indeed, there is simply no evidence that Steve Katzman deleted or destroyed relevant

27   documents, and the nature of the lawsuit between American Blind and Mr. Katzman does not

28   support this claim.  With regard to the nature and condition of the documents taken by

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - 4 -          Opposition to Google's Mtn for Sanctions Against
                                                    ABWF for Spoilation of Evidence
DM_US:20207619_1

1    Mr. Katzman after his resignation, American Blind's complaint clearly indicates that Mr.

2    Katzman was believed to have taken confidential and proprietary material from American Blind

3    *for the purpose of using these materials to form a competing company against American Blind.*

4    (*Id.*, Ex. B.)  In response to the lawsuit, Mr. Katzman submitted two affidavits.  (*Id.*, Ex. C,

5    Ex. D.)  These declarations directly refute Google's unfounded spoliation claims here by

6    expressly stating that Mr. Katzman never destroyed any American Blind documents or

7    information.  (*Id.*)  Rather, he always retained copies of everything at issue whether or not the

8    materials had been erased from one of his hard drives.  (*Id.*)  Thus, contrary to Google's

9    assumptions, nothing was destroyed.  Mr. Katzman's affidavits also describe the type of

10   information that he had taken from the company, none of which is relevant to any discovery

11   requests made by Google in this matter.  (*Id.*, Ex. D.)

12          Further rebutting Google's baseless charges, Mr. Katzman has executed a third declaration

13   ("Katzman Decl."), submitted herewith, in which he states under oath:

14          4.  ....To the best of my knowledge and belief, no electronic information or hard
             copy documents that might be responsive to Google's discovery requests were
15           destroyed or deleted, except that it is possible that one or more of multiple,
             identical copies were destroyed or deleted in the normal course of business,
16           leaving at least one original copy.

17          5.      While I was President and CEO,  to the best of my knowledge and belief, I
             did not have any unique electronic information on my desktop or laptop
18           computers that was responsive to the Google discovery requests that other
             employees at American Blind would not have also had.
19
            6.      Following my resignation, I did not knowingly delete or destroy any
20           electronic information or hard copy documents that were responsive to Google's
             discovery requests
21

22   (Katzman Decl., ¶ 4-6.)

23   **B.      Google is rehashing discovery complaints that it made,
             or ought to have made, to Judge Seeborg before the discovery cut-off**

24          Google's sanctions motion is premised entirely on alleged failures of American Blind to

25   comply with discovery that either were addressed, or could have been addressed, in the Motion to

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)              - 5 -              Opposition to Google's Mtn for Sanctions Against
                                                          ABWF for Spoliation of Evidence
DM_US:20207619_1

1    Compel previously filed by Google.[3]  Google addressed or had ample opportunity to address any

2    such alleged noncompliance with discovery motions before Judge Seeborg.[4]  In fact, Google did

3    raise these arguments before, most of which were rejected by Judge Seeborg.  Google did not

4    seek this Court's review of Judge Seeborg's order, and it is now prevented from doing so.[5]

5    Furthermore, with no spoliation of the Katzman materials, the alleged taint that the spoliation of

6    the Katzman materials placed on American Blind's entire document production cannot be an

7    issue.

8           The discovery violations that Google now complains about concern the following subjects

9    that were or should have been addressed before Judge Seeborg: (1) email retention and searches

10   by American Blind; (2) the adequacy of the production of the Kaden Company materials; (3)

11   documents Google presumes must have been spoliated.

12
          **1.    Judge Seeborg considered and ruled on Google's complaints regarding**
13             **American Blind's email retention and document production**

14          Judge Seeborg considered and ruled on Google's claims of "poor" document retention and

15   email searching by American Blind and ordered American Blind to "provide a verified statement

16   of a responsive corporate official that American Blind has made a good faith search for

17   responsive materials and that all responsive non-privileged documents in this category have been

18   ───────────────

19   [3]    Fact discovery closed on August 28, 2006.  Every discovery related issue raised by
     Google in its Motion for Sanctions, including American Blind's production, its email searches,
20   and its document retention policy, was known by Google prior to the close of fact discovery.  Yet,
     Google did not file a motion to compel directly addressing the issues of which it complains now.
21   Under the Civil Local Rules, "no motions to compel fact discovery may be filed more than 7
     court days after the fact discovery cut–off".  L.R. 26-2.  Thus, Google was required to file any
22   motion to compel on or before September 6, 2006.

23   [4]    Nearly all of the documents that Google relies on to demonstrate American Blind's
     allegedly shoddy document production are from well in advance of September 6, 2006, the
24   deadline to file motions to compel regarding fact discovery issues with Judge Seeborg.  While
     some date back to 2002 (Exhibit A, B,), 2003 (Exhibit C), the bulk of the "evidence" is from
25   spring/summer 2006; April 2006 (Exhibit M), May 2006 (Exhibits K, L), June 2006 (Exhibit O),
     July 2006 (Exhibits H, U), and August 2006 (Exhibits H, U).

26   [5]    Moreover, Google cannot seek dismissal sanctions under Rule 37 with regard to the
     Katzman materials or any other alleged discovery non-compliance.  In order to seek dismissal
27   under Rule 37(b)(2), there must be an Rule 37 order that was violated.  *Halaco Eng'g Co. v.
     Costle*, 843 F.2d 376, 379 (9th Cir. 1988).   No such order exists in this case because American
28   Blind has complied with all of Judge Seeborg's orders regarding discovery in this matter.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)         - 6 -         Opposition to Google's Mtn for Sanctions Against
                                                      ABWF for Spoilation of Evidence
DM_US:20207619_1

1    produced." (Docket No. 217 at 2.) Judge Seeborg further stated with regard to the search of

2    emails "American Blind, of course, was not necessarily under an obligation to search every

3    employee email account for documents responsive to every document request propounded in this

4    action; instead it needed to make a reasonable and diligent effort to locate any responsive

5    documents in any place they were likely to be found." (Docket No. 217 at 5). American Blind in

6    turn provided the declaration of Joel Levine, current CEO of American Blind, in compliance with

7    Judge Seeborg's order. (Greenspon Decl., Ex. E.)

8        Despite Judge Seeborg's disposition of this issue, Google devotes substantial discussion to

9    the testimony of certain American Blind employees regarding their email search efforts, the

10   categories of documents searched for and number of emails produced. This testimony is not

11   relevant to American Blind's search efforts and is simply raised too late in the game. As

12   Google's counsel has stated, when asked the same questions about the adequacy of the search

13   efforts of Larry Page's email and responsive documents, "If the number of emails from and to

14   Mr. Page were truly an issue, it was one you could have raised long ago. Notwithstanding the

15   seriatim delays in this case, discovery has closed, and ***the time for document production disputes***

16   ***and demands came and went long ago***. <u>See</u> Civil Local rule 26-2." (Greenspon Decl., Ex. F

17   (emphasis added).)

18       **2.    The adequacy of the Kaden Company materials was addressed in Google's**
         **Motion to Compel**

19

20       Google also raised issues in its Motion to Compel regarding the adequacy of American

21   Blind's production of Kaden Company studies and attendant materials. Google, however,

22   ***voluntarily withdrew this issue from Judge Seeborg's consideration***. (*See* Docket Nos. 186,

23   199).[6] Now it appears Google wishes to re-raise this issue it previously withdrew, but because

24   the time for motions to compel is over, it cloaks the same arguments as a motion for sanctions.

25   _____

     [6]    The issue prior to and addressed in the September 19, 2006 letter that Google is fixated on

26   was whether or not American Blind could obtain any additional underlying or raw materials from

     the Kaden Company regarding the studies conducted. American Blind initially rejected that it

27   had an obligation to contact a third party for responsive documents; but, ultimately did to satisfy

     Google's curiosity. (Greenspon Decl., Ex. G.) American Blind then produced the email

28   exchange between American Blind and Kaden indicating that there were no additional materials

     in Kaden's possession. (Greenspon Decl., Ex. H.) Thus, American Blind was not concealing

     anything about these materials in any of its submissions to Judge Seeborg.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - 7 -          Opposition to Google's Mtn for Sanctions Against
                                                    ABWF for Spoilation of Evidence
DM_US:20207619_1

1    Procedural issues aside, the facts simply do not support Google's version of events.

2    Google now seems to believe that the Kaden materials are somehow indicative of American

3    Blind's non-compliance in discovery because, at one point, when there was much confusion about

4    what Google was actually asking for, American Blind had stated that "no documents exist"

5    regarding the selection of the company's name.  Google now maintains that American Blind was

6    not being truthful, because American Blind subsequently produced the Kaden materials, which

7    Google alleges address the selection of American Blind's name.  But this argument ignores the

8    history behind the production of the Kaden materials.  Following Google's March 28, 2006 letter

9    referenced in its Motion for Sanctions, counsel for American Blind and Google went back and

10   forth to clarify what Google was seeking.  (Greenspon Decl., Ex. I.)  Counsel for American Blind

11   responded that no documents existed from 1986 (when the company was formed) regarding the

12   initial selection of the "American" name for the company.  (*Id*.)  Based on that understanding, the

13   answer that "no documents exist" was and is correct.  Nearly nine months later, Google clarified

14   that it meant that it was seeking documents regarding how American Blind came to determine

15   what to call the company *every time* it adopted a new mark.  (Mot. at 8).  With that clarification,

16   American Blind searched for and produced the Kaden materials.

17   Moreover, Google's characterization of the Kaden materials is grossly distorted.  The vast

18   majority (approximately 80% or more) of the Kaden studies addressed consumer reactions to

19   American Blind's *catalogs*.  (Greenspon Decl., Ex. J.)  A very small fraction of the studies was

20   devoted to the use of the URL decoratetoday.com.  (*Id*.)  In any event, the studies and all the

21   supporting raw data that Kaden retained were ultimately produced to Google, as were all of the

22   documents retained by American Blind regarding the Kaden materials.

23   Ultimately, Google's complaint — essentially about the timeliness of the production of

24   the Kaden materials — rings hollow as a grounds for sanctions.  The relevant documents were

25   produced, and were produced without the need for a court order.  The time has come and gone for

26   Google to be raising these arguments.

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - 8 -          Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

DM_US:20207619_1

1

2

### 3. All requested documents regarding American Blind's alleged unclean hands, the strength of its marks and damages have been produced

3

4

Finally, Google identifies three categories of documents it presumes that American Blind

5

must have spoliated because it believes that American Blind's production was inadequate on

6

these issues; namely, evidence of (1) unclean hands; (2) the strength of American Blind's marks

7

and (3) the cost to American Blind of diverted web traffic. Google has no basis for claiming that

8

there are missing documents on these issues, or that, if documents are missing, they were

destroyed.

9

Although Google does not have a single document request seeking information on

10

American Blind's alleged unclean hands (*see generally* Krishnan Decl., Exs. I-J), it complains

11

that American Blind's corporate e-mail "likely" contains information about whether American

12

Blind deliberately bid on its competitor's marks and that American Blind failed to produce such

13

evidence. But because Google never sought unclean hands information in discovery, this

14

argument should be seen for what it is – an untimely diversion. (*See* Greenspon Decl., ¶ 27.)[7]

15

As set forth above, no documents were destroyed and American Blind has made a good

16

faith search for and produced all documents responsive to Google's discovery requests in this

17

litigation. Regardless of what Google presumes that any of the surveys conducted by American

18

Blind *should contain*, there is nothing more to produce. Google has presented no evidence that

19

any documents were destroyed. Google has extensively addressed the issue of the strength of

20

American Blind's marks in its Motion for Summary Judgment and has argued that there are no

21

issues of material fact in this regard. (*See* Docket No. 234-1 at 14).

22

The last issue – how American Blind was going to present its damages evidence – was

23

one of the subjects of Google's Motion to Compel before Judge Seeborg. (*See* Docket No. 196 at

24

---

[7]        Moreover, American Blind's unclean hands is not even relevant to their trademark

25

infringement claims in this action. *See Japan Telecom, Inc. v. Japan Telecom America, Inc.*, 287

26

F.3d 866, 870 (9th Cir. 2002). American Blind's alleged unclean hands has no relation to how it obtained rights in the American Blind Marks, and, therefore, cannot serve as a bar to American Blinds' claims that Google's advertising scheme infringes those marks. Whether or not American

27

Blind has engaged in conduct that infringed another's mark is irrelevant to whether it may protect its marks against infringement. *See also* American Blind's Opposition to Google Inc.'s Motion

28

for Summary Judgment.)

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                    - 9 -                    Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

DM_US:20207619_1

1   5-6.)  Google sought an order compelling the re-deposition of Gerald Curran or another American

2   Blind representative on the issue of damages and American Blind objected to the re-deposition.

3   In response, Judge Seeborg allowed American Blind the option of relying solely on expert

4   testimony for damages purposes.  Accordingly, American Blind timely indicated to Google that it

5   would rely exclusively on its expert testimony and expert reports for the issue of damages.

6   (Greenspon Decl., Ex. K.)  Google is in possession of all of American Blind's damages expert

7   materials, including the expert report, supplemental expert report and deposition testimony of

8   Mark Gallagher.

9   **C.**     **American Blind is not liable for the intentional acts of a former employee**

10          Google erroneously presumes that American Blind can be or should be held accountable

11  for the actions of a former employee who stole corporate property following his resignation that is

12  irrelevant or immaterial to the present case.  Even assuming that Mr. Katzman took materials

13  relevant to this case that have not been produced to Google, which he did not, the law on

14  spoliation requires that the actor charged with spoliation must have had an affirmative role in the

15  spoliation before a sanction may be imposed.  *See Hamilton*, 2005 U.S. Dist. LEXIS 40088, *20

16  ("sanction for failure to preserve evidence is appropriate 'only when a party has consciously

17  disregarded its obligations to do so.'") (citations omitted).  Absent evidence that the litigant was

18  at fault for the loss or destruction of relevant information, when an independent third party

19  destroys the documents or where the evidence destroyed was in the custody or control of a third

20  party, courts are loathe to impose sanctions.  *See, MacSteel, Inc. v. Eramet N. Am.*, 2006 U.S.

21  Dist. LEXIS 83338, 3-4 (D. Mich. 2006); *Townsend v. American Insulated Panel Co.*, 174 F.R.D.

22  1, 5 (D. Mass. 1997) ("it is true that '[a] litigant has a duty to preserve evidence,' the duty does

23  not extend to evidence which is not in the litigant's possession or custody and over which the

24  litigant has no control.").

25          There is no evidence of any willfulness, bad faith or fault on the part of American Blind or

26  its attorneys for the actions of Mr. Katzman following his resignation.  (*See* Greenspon Decl., ¶

27  20-24.)

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - 10 -          Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

DM_US:20207619_1

1

**D.     Sanctions are not warranted**

2

Google has submitted no credible evidence that there is a reasonable possibility that

3

access to the Katzman materials (which were not destroyed, contrary to Google's presumption),

4

would produce evidence favorable to Google or unfavorable to American Blind.  Google has no

5

evidence that the Katzman materials contained anything that is not available by other means or

6

that was never previously produced.  Google has also affirmatively stated that there are no issues

7

of material fact at this stage of the case on two of the issues it now claims to be unable to

8

adequately present due to alleged spoliation.  Google has simply not met its burden necessary to

9

seek any sanctions under the Court's inherent power to sanction.

10

"Because inherent powers are shielded from direct democratic controls, they must be

11

exercised with restraint and discretion." *Roadway Express v. Piper*, 447 U.S. 752, 764, 100 S.Ct.

12

2455 (1980).  The use of inherent powers to sanction is by no means a clear cut issue.  As noted

13

by the dissent in *Chambers v. Nasco, Inc*., "a court should rely on rules, and not inherent powers,

14

whenever possible."  501 U.S. 32, 67, 111 S.Ct. 2123 (1991).  Importantly, the use of inherent

15

powers to impose the sanction of default or dismissal has been sternly cautioned if not criticized.

16

*See id.* at 65*, citing Societe Internatiale Pour Participations Industrielles at Comerciales, S.A. v.*

17

*Rogers*, 357 U.S. 197, 78 S.Ct. 1087 (1958) (wherein the Court rejected "the Court of Appeals

18

reliance on inherent powers to uphold a dismissal of a complaint for failure to comply with a

19

production order.  Noting that '[r]eliance upon …. 'inherent powers' can only obscure analysis of

20

the problem,'" and holding that "whether a court has power to dismiss a complaint because of

21

noncompliance with a production order depends exclusively upon Rule 37.")

22

As the cases relied upon by Google demonstrate, courts are extremely reluctant to impose

23

the sanction of default or dismissal, and have refused to do so in much more egregious

24

circumstances than are alleged by Google in the present case.  *See Advantacare Health Partners*

25

*v. Access IV*, No. C 03-04496 JF, 2004 WL 1837997 (N.D. Cal. Aug. 17, 2004) (default denied

26

where defendant repeatedly destroyed evidence even in the face of a motion for TRO and other

27

court orders); *Halaco*, 843 F.2d 376 (court of appeals reversed district court's dismissal of suit as

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

DM_US:20207619_1

Case No. C 03-5340-JF (RS)                    - 11 -                    Opposition to Google's Mtn for Sanctions Against
ABWF for Spoliation of Evidence

1   a sanction where no nexus demonstrated between defendant's alleged actionable conduct to

2   merits of case given that plaintiff was seeking a declaratory judgment); *Fjelstad v. American*

3   *Honda Motor Co*., 762 F.2d 1334, 1338 (9th Cir. 1985) (court of appeals reversed district court's

4   imposition of sanctions including the grant of partial summary judgment because there was no

5   evidence of willfulness, fault or bad faith); *In re Napster, Inc. Copyright Litigation*, No. C MDL-

6   00-1369 MHP, 2006 WL 3050864 (N.D. Cal. Oct. 25, 2006) (default sanction not warranted

7   where defendant had adopted a document retention policy that deleted nearly every email relevant

8   to the litigation, at a time where defendant was on notice of the threat of litigation); *West v.*

9   *Goodyear Tire Rubber Co*., 167 F.3d 776 (2d Cir. 1999) (court of appeals reversed district court's

10  entry of dismissal as spoliation sanction where plaintiff had altered one physical item of evidence

11  and lost control and thereby caused material alteration of another physical item of evidence that

12  were critical to plaintiff's product liability case).

13      Given the extreme nature of the sanction and courts' general reluctance to over-use their

14  inherent powers, it is no coincidence that Google has not cited a single case where a court has

15  relied upon its inherent powers to impose the sanction of dismissal and that dismissal had been

16  upheld.[8]  The current case is no exception to the rule.  And, as demonstrated herein, Google has

17  no basis for seeking any sanctions against American Blind – much less terminating sanctions.

18      **1.    Google is not entitled to any adverse inference,
            presumption order or monetary sanctions**

19

20      A court should impose the least onerous sanction corresponding to the willfulness of the

21  actor and the prejudice suffered by the victim.  *See Naptster*, 2006 WL 3050864, at *4, *citing*

22  *Schmid v. Milwaukee Electric Tool Corp.*, 13 F.3d 76, 79 (3rd Cir. 1994).  Yet none of the

23  sanctions sought by Google fit the bill.  A negative inference is only necessary when a fact is in

24  dispute.  *See National Ass 'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557 (N.D. Cal.

25  1987) (spoliation must be of a fact in dispute for court to draw inferences in favor of the

26  ―――――――――――――――――
    [8]    Google relies on *Wyle v. RJ Reynolds Indus., Inc*., 709 F.2d 585 (9th Cir. 1983), wherein
27  the court of appeals upheld the entry of dismissal as a sanction for plaintiff's willful failure to
    comply with the district court's discovery order.  However, in that case, the dismissal appears to
28  be based on the court's powers under Rule 37, not the inherent power to sanction.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                - 12 -              Opposition to Google's Mtn for Sanctions Against
                                                                     ABWF for Spoilation of Evidence
DM_US:20207619_1

1    aggrieved party).  Here, Google has clearly indicated in its Motion for Summary Judgment that no

2    material issues are in dispute that would prevent summary judgment in its favor on American

3    Blind's counterclaim.  (*See* Docket No. 234-1 at 14).  Two rationales apply to a negative

4    inference instruction, an evidentiary and a deterrence rationale.  The evidentiary rationale asks

5    whether the documents at issue were destroyed in response to the litigation.  *Akonia v. United*

6    *States*, 938 F.2d 158, 161 (9th Cir. 1991).  Under the deterrence rationale, there is a "minimum

7    link of relevance required" before a negative inference may be imposed.  *Id*.  With regard to the

8    Katzman materials, it is indisputable that the materials were not destroyed in response to this

9    litigation.  (*See* Katzman Decl., Greenspon Decl., Ex. C, D.)  In fact, the materials were not even

10   destroyed, nor was the alleged destruction in any way within the control of the company.  (*See*

11   *Id., see also, supra*.)  Thus, Google fails to present any justification for sanctions under the

12   evidentiary rationale.  As for the deterrence rationale, Google's papers are devoid of any factual

13   support linking the relevance of the Katzman materials to this case.  As addressed *supra*, no

14   relevant materials or materials that have not previously been produced were contained in the

15   Katzman materials.

16          Furthermore, with no spoliation and no violation of any discovery order, there is no basis

17   for Google's request for monetary sanctions.  In narrowly defined circumstances, federal courts

18   have inherent power to assess attorney fees against counsel.  *Roadway Express,* 447 U.S. at 765.

19   The limited circumstances where fees can be assessed under the court's inherent powers are when

20   the party has acted in bad faith or in willful disobedience of a court order.  *Roadway,* 447 U.S. at

21   766.  As addressed herein, Google has failed to establish any bad faith or willful disobedience of

22   a court order by American Blind.

23          **2.      Dismissal sanctions are too draconian**

24                 **a.      Google cannot demonstrate extraordinary circumstances**

25          "Due process limits the imposition of the severe sanctions of dismissal or default to

26   'extreme circumstances' in which the deception relates to the matters in controversy' and

27   prevents their imposition 'merely for punishment of an infraction that did not threaten to interfere

28   with the rightful decision of the case.'"  *Fjelstad,* 762 F.2d at 1338, *citing Wyle,* 709 F.2d at 589,

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

DM_US:20207619_1

Case No. C 03-5340-JF (RS)          - 13 -          Opposition to Google's Mtn for Sanctions Against
                                                     ABWF for Spoliation of Evidence

591.  When a party seeks sanctions based on spoliation, there must be an "awareness that the records destroyed were relevant to the litigation.  Absent such awareness, there is no spoliation." *Hamilton*, 2005 U.S. Dist. LEXIS 40088, *17, *citing U.S. v. Kitsap Physicians Services*, 314 F.3d 995, 1001 (9th Cir. 2002).  Even assuming that the Katzman materials were relevant and were destroyed, which has been demonstrated not to be the case, there are no "extreme circumstances" and Google has presented no evidence to the Court to suggest that American Blind willfully deceived the Court about "the issues in controversy or [which] threaten to interfere with the correct decision of this case."  *Fjelstad*, 762 F.2d at 1338.

In *Naptster,* the court addressed the extraordinary circumstances requirement in refusing to impose default sanctions in response to claims of improper document retention or destruction:

> Given this requirement of extraordinary circumstances, courts have held that a party's 'failure to preserve evidence that they knew or reasonably should have known would be relevant to a potential action and might be sought in discovery' does not necessarily warrant default or dismissal if these actions **'*do not eclipse entirely the possibility of a just result*'**.

*Napster,* 2006 WL 3050864 at *8, *citing Advantacare*, 2004 WL 1837997 at *5 (emphasis added).

It strains credulity for Google to claim the allegedly destroyed or missing documents at issue "eclipse entirely the possibility of a just result" for numerous reasons.  First, Google has presented no support for its supposition that the Katzman materials bore any relevance to the current litigation.  Second, any residual questions about whether the Katzman materials were relevant have been addressed by Katzman's declarations provided herewith.  Third, given Google's unequivocal statements regarding its entitlement to summary judgment on all claims pending in this matter, including its declaratory judgment action, and its concomitant claims that there are no materials facts in dispute, it is impossible for Google to argue that American Blind's actions with regard to the Katzman materials "eclipse entirely the possibility of a just result."  Accordingly, the sanction of dismissal is not warranted.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)          - 14 -          Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

DM_US:20207619_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**b.    Google cannot establish willfulness, bad faith or fault by American Blind**

With regard to the Katzman materials, even if they contained relevant materials to this litigation, there is no possibility that American Blind or its counsel could have anticipated or prevented the independent and illegal actions of a former employee.  Numerous courts have held that a "sanction for failure to preserve evidence is appropriate 'only when a party has ***consciously disregarded its obligations*** to do so.'" *Hamilton*, 2005 U.S. Dist. LEXIS 40088, *20 (citations omitted) (emphasis added).  It is believed that Mr. Katzman took the information from American Blind within hours of his resignation.  (Greenspon Decl., Ex. A, B.)  There was no threat by Mr. Katzman prior to his resignation that he would take these materials if he resigned and no reason to suspect Mr. Katzman would do something that was in direct violation of his contractual and legal obligations to the company.  (Greenspon, Decl. at ¶ 20.)  Thus, neither the company nor its counsel could be charged with "consciously disregarding" any obligations with regard to the Katzman materials.

**c.    There is no nexus between the allegedly sanctionable conduct and the matters in controversy in this case**

In addition to the requirement that the allegedly destroyed information be relevant and that extreme circumstances exist, Google must also demonstrate that the Katzman materials have a nexus to the merits in order to justify a dismissal sanction under the court's inherent powers. *Halaco*, 843 F.2d at 379.  Google cannot show a nexus to the merits when the allegedly sanctionable conduct involves missing factual materials from American Blind and Google is seeking a declaration of law regarding its trademark policy.  Google acknowledges as much in its Motion for Summary Judgment.  A similar situation was addressed in *Halaco*, where the plaintiff had brought a complaint for declaratory judgment against the EPA, and sought dismissal sanctions of the EPA's counterclaims based on the EPA's conduct in discovery.  The court of appeals reversed the district court's dismissal of the EPA's counterclaims finding that there was no nexus between the EPA's actionable conduct and the merits of the case. *Id*. at 381.  The court reasoned that "by the very terms of its complaint for declaratory judgment, Halaco was only litigating the issue of whether its waste disposal site was in a wetland under the jurisdiction of the

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)         - 15 -         Opposition to Google's Mtn for Sanctions Against ABWF for Spoliation of Evidence

DM_US:20207619_1

1   Clean Water Act." *Id.*  The court concluded that the EPA's conduct in discovery was regarding a
2   "peripheral matter" when "read within the narrow terms of the declaratory judgment action." *Id.*
3   at 382.

4          As in *Halaco*, Google seeks a declaratory judgment on a discrete question of law.
5   Accordingly, believing that there are no material issues of fact that would preclude judgment in
6   its favor, Google filed its Motion for Summary Judgment.  There is no nexus between the
7   declaratory judgment that Google seeks and any alleged spoliation or loss of factual materials
8   concerning American Blind's marks and or damages caused to American Blind.  Accordingly, as
9   *Halaco* demonstrates, dismissal sanctions on American Blind's counterclaims are entirely
10  inappropriate.

11              **d.      Google has not presented any evidence of prejudice**

12         Although the prejudice to the victim is an optional criteria for the Court to consider when
13  presented with a request for dismissal sanctions for spoliation, Google has presented no evidence
14  of prejudice.  *See Halaco*, 843 F.2d at 382.  "'The test for prejudice is whether there is a
15  reasonable possibility, ***based on concrete evidence***, that access to the evidence which was
16  destroyed or altered, and which was not otherwise obtainable, would produce evidence favorable
17  to the objecting party.'"  *Hamilton*, 2005 U.S. Dist. LEXIS 40088, *20, *citing Nationwide Mut.*
18  *Fire Ins. Co. v. Ford Motor Co*., 174 F.3d 801, 804 (6th Cir. 1999) (emphasis added).  This
19  requires "actual evidence" or "extrinsic evidence" of prejudice claimed.  *Id*. at *20, 21.  Google
20  has produced no evidence – and has only submitted gross speculation – as to the alleged prejudice
21  it claims it has suffered or will suffer.

22              Where the moving party fails 'to provide any extrinsic evidence
              that the subject matter of the lost or destroyed materials would have
23              been unfavorable to [the spoliator] or would have been relevant to
              the issues of the lawsuit,' ***spoliation sanctions are not warranted***
24              ***because the moving party relies on 'pure speculation as to the***
              ***content of these materials.'***
25

26  *Id*. at *21, *citing Skeete v. McKinsey & Co*., 1993 WL 256659 at *7) (S.D.N.Y. 1993) (emphasis
27  added).

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)              - 16 -              Opposition to Google's Mtn for Sanctions Against
                                                           ABWF for Spoilation of Evidence
DM_US:20207619_1

1    Google's entire spoliation claim, including its alleged prejudice, is pure speculation.

2    Thus, there can be no prejudice to Google under these circumstances.

3

4    **E.    Google's claims of impropriety by any of American Blind's attorneys are baseless and vexatious**

5    Not satisfied with making false assumptions regarding the Katzman materials and the

6    implications that they must have on American Blind's entire document production, Google resorts

7    to casting aspersions on the conduct of American Blind's counsel in this litigation. Google has no

8    grounds for making such damaging and vexatious claims against counsel. As addressed below,

9    every instance where Google has claimed there was suspicious and or complicit behavior by

10   counsel, there is a logical, reasonable, ***non-malicious*** explanation.

11   First, American Blind preserved and searched its documents upon notice of the filing of

12   Google's lawsuit in late 2003. (Greenspon Decl., ¶ 16-17.)[9] American Blind has made a good

13   faith effort in searching for and producing responsive documents to Google's discovery requests.

14   (Greenspon Decl., Ex. E.) American Blind's current CEO, Joel Levine, attested to this pursuant

15   to Judge Seeborg's Order on Google's Motion to Compel. (*Id.*) Levine's declaration was

16   sufficient for Judge Seeborg to lay to rest any of Google's complaints about document retention,

17   collection and preservation.

18   Second, Google criticizes outside counsel's failure to properly supervise Mr. Katzman on

19   American Blind's document production. Aside from the fact that Google's criticism lacks any

20   legal basis, counsel for American Blind acted well within the bounds of reason in its degree of

21   supervision over Mr. Katzman. (*See* Greenspon Decl., ¶14-15.) Mr. Katzman is an attorney and

22   Google can proffer no reason why he would require additional supervision by outside counsel for

23   him to understand what he needed to look for and produce in response to Google's discovery

24   requests.

25

26   ---

[9]    If necessary, American Blind is prepared to submit additional declarations of Susan
27   Greenspon and Joseph Charno (a former American Blind employee) regarding the issue of
preservation instructions and document collection to the Court for *in camera* inspection, due to
28   the privileged nature of the materials discussed therein.

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)        - 17 -        Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

DM_US:20207619_1

1    Third, the "stunning" admission that Google believes it has provided this Court from

2    American Blind's counsel regarding the search efforts for responsive documents is actually just

3    another example of Google's hyperbole and unfounded suspicion. (Mot. at 10.)  What Google

4    fails to mention in its motion is that Michael Layne resigned from American Blind shortly after

5    his deposition. (Greenspon Decl., ¶ 25.)  After Mr. Layne's departure, American Blind conducted

6    another search of Mr. Layne's emails. (*Id*. at 26.)   American Blind located additional responsive

7    documents, turned those documents over to counsel and counsel produced them to Google. (*Id*.)

8    There is nothing untoward here.

9    Fourth, Google's claim that counsel for American Blind made any misrepresentations to

10    Judge Seeborg or any court in the course of briefing Google's Motion to Compel is patently false.

11    (*See* Mot. at 10-11).  The company had a dispute with a former employee about his retention of

12    confidential and proprietary information that the employee was using to create a competing

13    company against American Blind.  Beyond Google's erroneous speculation, there is nothing to

14    suggest that the existence of the lawsuit between American Blind and Mr. Katzman has any

15    relevance to the present case.

16    Finally, Google improperly imputes some sinister motive into the fact that American

17    Blind had a cooperation agreement with Mr. Katzman with regard to this lawsuit.  Google cites

18    no law or facts to suggests that impropriety may be presumed from the existence of such an

19    agreement.  Mr. Katzman was deposed because he was the company's former and long standing

20    CEO and President.  He was not a corporate representative under Rule 30(b)(6).  Moreover,

21    Google specifically asked Mr. Katzman if he had a cooperation agreement with regard to this suit

22    within the first half of the deposition. (Greenspon Decl., Ex. L, at 64-66.)  Mr. Katzman

23    responded in the affirmative and, when asked about the substance of the agreement, Mr.

24    Katzman's counsel explained that in return for American Blind paying his attorney's fees, Mr.

25    Katzman would make himself available as needed in this case. (*Id*.)  Again, it is difficult to

26    understand where the alleged impropriety lies in this situation.

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                - 18 -                Opposition to Google's Mtn for Sanctions Against
                                                               ABWF for Spoilation of Evidence

DM_US:20207619_1

1    **F.    Google's sanctions motion should be rejected as improper and untimely**

2    Google did not bring this motion as soon as is practicable. Rather, it sat on it and timed

3    its filing to produce the most disruptive and vexatious effect on American Blind. Civil Local

4    Rule 7-8 requires that a motion for sanctions "be made as soon as practicable after the filing party

5    learns of the circumstances that it alleges make the motion appropriate." L.R. 7-8(c). According

6    to Google, its counsel "first learned of the lawsuit between ABWF and Katzman on **October 23,**

7    **2006**." (Krishnan Decl. at ¶ 33 (emphasis added).) Google filed its Motion for Sanctions on

8    **December 26, 2006**. By waiting over two months to file a motion for sanctions, especially when

9    discovery was complete, Google did not act "as soon as practicable." Counsel for Google never

10   mentioned anything regarding the Katzman lawsuit to any of the counsel for American Blind,

11   never investigated the matter beyond pulling a few documents off of PACER, and never sought to

12   resolve the issue short of bringing this motion. There was no meet and confer between counsel

13   prior to Google's filing this extraordinary motion. In fact, there was a veritable radio silence

14   from the normally combative Google attorneys during the two months following their discovery

15   of the allegedly "case altering" information regarding Mr. Katzman. Yet, Google wants this

16   Court to believe its self-expressed grave concern over the implications the Katzman lawsuit have

17   on American Blind's entire production and Google's ability to try this case. (Mot. at 19.) The

18   Court should reject Google's attempt to avoid trial on meritless procedural grounds.

19   ## IV.  CONCLUSION

20   Google has failed to show that any spoliation ever occurred, and it falls well short of the

21   mark in meeting the burden required for sanctions. Based on the foregoing and the exhibits and

22   declarations submitted herewith, Google's Motion for Sanctions should be denied in its entirety.

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

DM_US:20207619_1

Case No. C 03-5340-JF (RS)    - 19 -    Opposition to Google's Mtn for Sanctions Against
ABWF for Spoilation of Evidence

1    Dated: January 26, 2007                      HOWREY LLP

2

3                                                 By:___/s/ Robert N. Phillips_____
                                                      ROBERT N. PHILLIPS
4
                                                 David A. Rammelt (Admitted *Pro Hac Vice*)
5                                                Susan J. Greenspon (Admitted *Pro Hac Vice*)
                                                 KELLEY DRYE & WARREN LLP
6                                                333 West Wacker Drive, Suite 2600
                                                 Chicago, IL  60606
7
                                                 Attorneys for Defendant/Counter-plaintiff,
8                                                AMERICAN BLIND AND WALLPAPER
                                                 FACTORY, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

Case No. C 03-5340-JF (RS)                - 20 -        Opposition to Google's Mtn for Sanctions Against
                                                        ABWF for Spoilation of Evidence
DM_US:20207619_1