1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (RS) |
| 14  Plaintiff, | **DECLARATION OF SUSAN GREENSPON IN SUPPORT OF DEFENDANT AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S OPPOSITION TO GOOGLE INC.'S MOTION FOR TERMINATING, EVIDENTIARY, AND MONETARY SANCTIONS AGAINST ABWF FOR SPOLIATION OF EVIDENCE** |
| 15  v. | |
| 16  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive, | |
| 17 | |
| 18  Defendants. | |
| 19 | Date: February 16, 2007<br>Time: 9:00 a.m.<br>Courtroom: 3<br>Hon. Jeremy Fogel |
| 20 | |
| 21 | |
| 22  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | |
| 23 | |
| 24  Counter-Plaintiff, | |
| 25  v. | |
| 26  GOOGLE, INC. | |
| 27  Counter-Defendants. | |

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215927.3

I, Susan Greenspon declare as follows:

1. I am a partner at Kelley Drye & Warren LLP, counsel of record for Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("American Blind") in the above-captioned action. I am a member in good standing of the State Bar of Illinois. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

**Exhibits to American Blind's Opposition to Google's Motion for Sanctions**

2. Attached hereto as Exhibit A is a true and correct copy of the American Blind and Wallpaper Factory's Motion for a Temporary Restraining Order and Preliminary Injunction, and supporting declaration of Joel Levine, filed in the case captioned, *American Blind and Wallpaper Factory, Inc. v. Steve Katzman*, 06-cv-13576 (E.D. Mich.).

3. Attached hereto as Exhibit B is a true and correct copy of the Complaint filed in the case captioned, *American Blind and Wallpaper Factory, Inc. v. Steve Katzman*, 06-cv-13576 (E.D. Mich.).

4. Attached hereto as Exhibit C is a true and correct copy of the Declaration of Steven B. Kaztman filed in the case captioned, *American Blind and Wallpaper Factory, Inc. v. Steve Katzman*, 06-cv-13576 (E.D. Mich.).

5. Attached hereto as Exhibit D is a true and correct copy of the Declaration of Steven Kaztman In Response To Status Quo Order, filed in the case captioned, *American Blind and Wallpaper Factory, Inc. v. Steve Katzman*, 06-cv-13576 (E.D. Mich.).

6. Attached hereto as Exhibit E is a true and correct copy of the Declaration of Joel Levine, dated November 20, 2006.

7. Attached hereto as Exhibit F is a true and correct copy of correspondence from Michael H. Page to David A. Rammelt, dated January 24, 2007.

8. Attached hereto as Exhibit G is a true and correct copy of correspondence from Caroline C. Plater to Ajay S. Krishnan, dated September 15, 2006.

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215927.3    - 2 -    DECLARATION OF SUSAN GREENSPON IN SUPPORT OF OPPOSITION TO GOOGLE'S MOTION FOR SANCTIONS – C 03-5340-JF (RS)

9. Attached hereto as Exhibit H is a true and correct copy of email correspondence from Caroline C. Plater to Ajay S. Krishnan, dated October 2, 2006, with the attachment referenced therein.

10. Attached hereto as Exhibit I is a true and correct copy of email correspondence between Caroline C. Plater and Ajay S. Krishnan and Klaus H. Hamm, dated April 18, 2006.

11. Submitted separately under seal as Exhibit J are true and correct copies of the Kaden Company Studies produced by American Blind, Bates range ABWF002950 – 003017, designated "Attorneys Eyes Only".

12. Attached hereto as Exhibit K is a true and correct copy of email correspondence between Caroline C. Plater and Ajay S. Krishnan, dated November 16, 2006.

13. Attached hereto as Exhibit L are true and correct copies of excerpted portions from the deposition of Steven B. Katzman, taken in this matter on July 25, 2006.

**Google's Claims of Spoliation**

14. Prior to his departure, I had worked with Katzman for 17 years as American Blind's outside corporate counsel. I attended law school with Katzman prior to being retained as counsel for American Blind. Thus, I am well aware of his understanding of legal matters, including the discovery process in litigation.

15. In my position as outside corporate counsel, Katzman was the primary contact between outside counsel and American Blind for purposes of addressing the production of responsive documents and providing answers to interrogatories. My general practice was to transmit discovery requests to Katzman for him to disseminate to the correct individuals and collect the relevant documents for later transmission to opposing counsel. This procedure was followed with regard to Google's document requests to American Blind.

16. In late 2003, I and David Rammelt traveled to American Blind's headquarters in Plymouth, Michigan for the purpose of meeting with Steve Katzman, then American Blind's CEO and President, and Joseph Charno, then Vice President of Marketing, to address the collection and preservation of documents regarding the lawsuit Google had filed

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215927.3     - 3 -     DECLARATION OF SUSAN GREENSPON IN SUPPORT OF OPPOSITION TO GOOGLE'S MOTION FOR SANCTIONS – C 03-5340-JF (RS)

1  against American Blind in the Northern District of California on November 26, 2003. Katzman,
2  educated as an attorney, understood this undertaking.

3     17. In conjunction with our late 2003 meeting with Katzman, I witnessed
4  Katzman searching his computer for relevant documents, which he printed and turned over to me
5  the same day as our visit to American Blind. Joseph Charno turned over documents from his
6  computer and William Smith's computer that same day.

7     18. After Google served its first set of discovery on American Blind on May
8  21, 2004, I transmitted the same to Katzman. Thereafter, he and other American Blind employees
9  compiled materials that were responsive to Google's First Set of Interrogatories and First Set of
10 Requests for Production.

11    19. After Google served its second set of discovery on American Blind on May
12 10, 2006, I transmitted the same to Katzman. Because Katzman resigned from American Blind
13 on May 18, 2006, other American Blind employees, including but not limited to Jeffery
14 Alderman, Michael Layne, Nick Darrin, Gerald Curran and American Blind's new CEO
15 following Katzman, Joel Levine, compiled materials that were responsive to Google's Second Set
16 of Interrogatories and Second Set of Requests for Production.

17    20. Prior to his resignation, there was no threat by Katzman that he would take
18 the materials at issue if he resigned and no reason to suspect Katzman would do something that
19 was in direct violation of his contractual or legal obligations to the company. It is my
20 understanding, based on the information contained in the pleadings and other papers on file in the
21 lawsuit filed by American Blind against Katzman, that Katzman took the information at issue
22 from American Blind within hours of his resignation.

23    21. Counsel for American Blind did not know the extent of Katzman's actions
24 at the time of his deposition on July 25, 2006. Prior to Katzman's deposition, it was only known
25 that he took corporate property, the return of the corporate property was demanded, and Katzman
26 had agreed to return the same.

27
28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215927.3   - 4 -   DECLARATION OF SUSAN GREENSPON IN SUPPORT OF OPPOSITION TO GOOGLE'S MOTION FOR SANCTIONS – C 03-5340-JF (RS)

22.   Between June 12, 2006, and June 22, 2006, American Blind received several discs from Katzman allegedly containing all such materials at issue and obtained his laptop computer.

23.   On July 25, 2006, American Blind believed Katzman had complied with all its requests and was not continuing to do anything contrary to the law or his contractual obligations.

24.   It was later discovered, after Katzman's deposition, that Katzman had retained copies of and had not returned all the materials at issue and continued to engage in other activity that was illegal and in violation of his agreements with American Blind.  As a result, the Katzman suit was filed on August 10, 2006.

**Other Allegedly Questionable Conduct Raised by Google**

25.   On September 15, 2006, Michael Layne resigned from American Blind, shortly after his deposition in this matter on August 2, 2006.

26.   After Michael Layne's departure, American Blind conducted another search of Layne's emails as well as other sources for responsive materials.  Additional responsive documents were located in Michael Layne's emails and were turned to Google.

27.   With regard to Google's claim that American Blind comes to the Court with unclean hands, upon receiving notification from a competitor or through American Blinds' own policing that one of its keyword-triggered advertisements appears when another party's trademark is input into the Google search engine (through the broad match feature or otherwise), American Blind promptly requests that such search term be denoted as a "negative keyword" under Google's AdWords program.  American Blind has specifically designated as negative keywords a number of its competitors' marks, including "Blinds To Go," "Just Blinds," "Star Blinds," and "Select Blinds."  It is American Blind's policy not to specify its competitor's trademarks as keywords in any of its advertising campaigns.

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215927.3        - 5 -        DECLARATION OF SUSAN GREENSPON IN SUPPORT OF OPPOSITION TO GOOGLE'S MOTION FOR SANCTIONS – C 03-5340-JF (RS)

1   I declare under penalty of perjury that the foregoing is true and correct.

2   Executed this 26th day of January 2007, in Chicago, Illinois.

3

4

5              /s/ Susan Greenspon
         SUSAN GREENSPON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/215927.3                                - 6 -                    DECLARATION OF SUSAN GREENSPON IN
                                                                            SUPPORT OF OPPOSITION TO GOOGLE'S
                                                                            MOTION FOR SANCTIONS – C 03-5340-JF (RS)