# Exhibit C

CH01/PLATC/210357.1

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN BLINDS AND WALLPAPER FACTORY, INC.,

    Plaintiff,

v.

STEVE KATZMAN,

    Defendant.

Case No: 06-cv-13576

Hon. Avern Cohn

| | |
|---|---|
| SCOTT A. MACGRIFF (P55864)<br>DICKINSON WRIGHT PLLC<br>Attorneys for Plaintiff<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226<br>(313) 223-3477 | THOMAS G. KIENBAUM (P15945)<br>ROBERT BRUCE BROWN (P51378)<br>KIENBAUM OPPERWALL HARDY &<br>PELTON, PLC<br>280 North Old Woodward Avenue, Suite 400<br>Birmingham, Michigan 48009<br>(248) 645-0000 |

## DECLARATION OF STEVEN B. KATZMAN

State of Michigan )

County of Oakland )

In accordance with 28 U.S.C. §1746, Steven B. Katzman declares the following:

1.    I am over the age of eighteen years and make this Declaration based upon personal knowledge of the facts stated herein. This declaration is made on behalf of myself, and addresses certain of the allegations made in the Complaint and the Affidavit of Joel Levine filed in this matter.

2. From approximately 1993 until May 18, 2006 I was employed as President and Chief Executive Officer of American Blinds and Wallpaper Factory, Inc. ("American Blinds"). Prior to becoming President and CEO of American Blinds, I assisted in the creation of that business by working with my father, Paul Katzman, who founded the Company. I resigned my employment and position with American Blinds on May 18, 2006 because the Company had been sold.

3. Upon my resignation, the many hard copy files that had been maintained in the executive suite (outside of my office) remained there. The only Company information that I continued to have access to was stored on a personal portable hard drive, a home desktop computer, and a laptop computer, all of which I used for both personal and Company business and which remained in my possession.

4. The day following my resignation, I received correspondence from Susan Greenspon of the Kelley Drye law firm, counsel to American Blinds. She demanded on behalf of the Corporation that I return unspecified non-personal information or property belonging to American Blinds that was allegedly missing from my office. I responded to Ms. Greenspon informing her that during my employment with American Blinds it had been my practice to archive corporate records on my home computer for security reasons, and that I would download all such information in my possession onto compact disks that I would forward to her before deleting the information from my personal hard drives. I further advised her, however, that this would take some time as it would require me to sift through thousands of emails and other computer files to separate the Company information from my personal information and property, but that, in the

meantime, if there was any particular information that she could specify, I would deliver it immediately — she identified no such information.

5.   After sending over 40,000 corporate emails and documents to Ms. Greenspon in two installments, on June 5 and June 14, 2006, Ms. Greenspon requested on June 21, 2006 that the laptop be returned as it was owned by American Blinds. I asked if I could purchase the laptop, was told I could not, and then returned it.

6.   After the transmittal of the corporate information by agreement to Ms. Greenspon, I retained no information that could even conceivably be considered proprietary or confidential. I did have a copy of an Employee Handbook, which I knew to be widely disseminated, that contained no "secret" information, and which was not treated as confidential. This was not considered proprietary or confidential by American Blinds, and during my tenure, it was never designated as such, nor was any care taken to protect it from third parties.

7.   In early July of this year, my father, Paul Katzman, advised that Irma Kline had spoken to him, and that he had employed her. Sometime thereafter I asked Ms. Kline to visit competitors' websites and put together information, such as competitors' hours of operation, their return and cancellation policies. I have reviewed Mr. Levine's affidavit in which he claims that the "competitive matrix" he attaches to his affidavit is American Blinds' property which it had owned and protected for some time. This is absolutely false. The matrix he attaches involves information which Ms. Kline obtained, as she informed me, by accessing public websites and calling competitors after becoming an employee at PS Ventures, LLC. This information is obviously readily

obtainable to anyone but, to my knowledge, had not been previously collected in this format by American Blinds.

8. On July 25, 2006, I gave a deposition on behalf of American Blinds in a lawsuit between American Blinds and Google, which I understand to be a very important piece of litigation between those two companies. It is my understanding that my testimony was important to American Blinds, and American Blinds retained counsel on my behalf to prepare me for and represent me at the deposition, Thomas G. Kienbaum.

9. In connection with that deposition I was shown, and testified about numerous documents involving American Blinds' business. These became deposition exhibits which were provided to my attorney, Mr. Kienbaum. No concern was ever expressed by anyone about my access to, and review of this information which was being provided by the attorneys representing the two companies in the litigation. This information, which now remains in the possession of Mr. Kienbaum, has not been the subject of any apparent concern, and is the only confidential information involving American Blinds to which I had access after my resignation.

10. I recall trying to access American Blinds' VPN on a few occasions because I believed I had left some pictures on the Company computer network (these were photos of my then fiancé whom I had introduced to my fellow employees at the Company's annual holiday party). However, I was not able to access American Blinds' network.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Steven B. Katzman

97629.doc



cmecfadmin@mied.uscourts.gov
08/10/2006 07:18 PM

To cmecfadmin@mied.uscourts.gov
cc
bcc
Subject Activity in Case 2:06-cv-13576-AC-SDP American Blind and Wallpaper Factory, Incorporated v. Katzman "Declaration"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## Eastern District of Michigan

Notice of Electronic Filing

The following transaction was received from Kienbaum, Thomas entered on 8/10/2006 at 7:18 PM EDT and filed on 8/10/2006
**Case Name:**         American Blind and Wallpaper Factory, Incorporated v. Katzman
**Case Number:**   2:06-cv-13576
**Filer:**                    Steve Katzman
**Document Number:**   6

**Docket Text:**
DECLARATION by Steven B. Katzman filed by Steve Katzman.(Kienbaum, Thomas)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1047317467 [Date=8/10/2006] [FileNumber=1655875-0
] [50cb0f248371c193bbe307d41ad055f73ba5e59788a961acfb1be8bc3b05920eb04
806551e46d20b853637014f96244308cb50a95169460c9010ef3ee1005e84]]

**2:06-cv-13576 Notice will be electronically mailed to:**

Scott A. MacGriff    smacgriff@dickinsonwright.com, molschanski@dickinsonwright.com

**2:06-cv-13576 Notice will be delivered by other means to:**