# Exhibit F

CH01/PLATC/210357.1

LAW OFFICES
# KEKER & VAN NEST
L.L.P.

710 SANSOME STREET
SAN FRANCISCO, CA 94111-1704
TELEPHONE (415) 391-5400
FAX (415) 397-7188

MICHAEL H. PAGE
MPAGE@KVN.COM

January 24, 2007

**VIA FACSIMILE**

David A. Rammelt, Esq.
Kelley Drye & Warren LLP
333 West Wacker Drive, 26th Floor
Chicago, IL 60606

Re:  *Google Inc. v. American Blind & Wallpaper Factory, Inc.*

Dear David:

    I write in response to your letter of January 23, 2007. To begin with, you mischaracterize Mr. Page's deposition testimony. He did not, as you claim, testify that he was never asked to search his emails. Rather, he explained that all email at Google is kept centrally, and that therefore there would be no reason to ask him to provide or search documents that were already available to Google's legal department. Moreover, he testified that he is often asked to preserve documents for litigation, and that he always complies with such requests, but that he does not recall whether any of those requests were in connection with this matter. Finally, in response to your asking:

    "Would you be surprised to learn that this is the only e-mail in 111,000 pages that Google has produced in this case that you sent concerning trademark policies? Would that surprise you?", Mr. Page replied:

> "I am surprised that I sent one."

The transcript continues:

> Q. Why does that surprise you?
>
> A. I mean, we have millions of things that we deal with. And I am a pretty busy person, and I don't generally deal with such things.
>
> Q. Do you recall sending any e-mails to anybody other than this single one concerning Google's trademark policies in 2003 or 2004 or 2005?

388612.01

David A. Rammelt, Esq.
January 24, 2007
Page 2

       A.   I certainly don't recollect such a thing.

It shouldn't surprise you that the president of what was at the time the fastest-growing corporation in the world and is today one of the largest does not personally conduct document reviews in each of the scores of cases in which the company is involved. You can take it from me that neither inside nor outside counsel is foolish enough to ask Mr. Page to search documents available to others. Neither should it surprise you that Mr. Page may not recall the details of meetings several years ago on a matter to which he devoted little attention at the time. As you know, we objected to Mr. Page's deposition on precisely the ground that he was unlikely to have discoverable evidence on a matter with which he had little involvement. You did not believe us then, and forced his deposition. Despite Mr. Page's testimony, you apparently still do not. Be that as it may, if Mr. Page had sent other emails on the subject, as you suggest without the slightest factual basis and contrary to his testimony, they would surely have been found not only in his own email but more reliably in the email of the many recipients.

More to the point, all of the emails on this subject were produced to you well over a year ago, and you have known about Mr. Page and sought his deposition for nearly that long. If the number of emails from and to Mr. Page were truly an issue, it was one you could and should have raised long ago. Notwithstanding the seriatim delays in this case, discovery has closed, and the time for document production disputes and demands came and went long ago. See Civil Local Rule 26-2.

                                    Very truly yours,

                                    Michael H. Page

MHP/nsn

388612.01