# EXHIBIT B

Dockets.Justia.com

# KELLEY DRYE

# FACSIMILE TRANSMISSION

| | |
|---|---|
| TO | Ajay S. Krishnan |
| FIRM | Keker & Van Nest LLP |
| CITY | |
| FAX | (415) 397-7188 |
| PHONE | (415) 391-5400 |
| NO. OF PAGES | (including this page) |
| DATE | July 26, 2006 |

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, ILLINOIS 60606
(312) 857-7070
FAX (312) 857-7095

**MESSAGE:** Please see attached.

| | |
|---|---|
| FROM | Caroline C. Plater |
| PHONE | (312) 857-2501 |
| E-MAIL | cplater@kelleydrye.com |
| TIMEKEEPER ID | 03971 |
| CLIENT NO. | 014405.0027 |

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ
BRUSSELS

AFFILIATE OFFICES
JAKARTA
MUMBAI

**IF PROBLEMS OCCUR DURING TRANSMISSION PLEASE CALL (312) 857-7070.**

The information contained in this facsimile message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any use, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction.

# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

333 WEST WACKER DRIVE

SUITE 2600

CHICAGO, ILLINOIS 60606

(312) 857-7070

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS, BELGIUM

AFFILIATE OFFICES
JAKARTA, INDONESIA
MUMBAI, INDIA

FACSIMILE
(312) 857-7095
www.kelleydrye.com

DIRECT LINE: (312) 857-2501
EMAIL: cplater@kelleydrye.com

July 26, 2006

VIA FACSIMILE

Ajay S. Krishnan
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94111

Re: Google Inc. v. American Blind and Wallpaper Factory, Inc.

Dear Ajay:

This responds to your letter of July 21, 2006.

First, with regard to the documents referenced by Bill Smith in his deposition, I am providing under a separate cover all of the documents that American Blind was able to obtain regarding the referenced study. You will receive them tomorrow. Please be advised that these materials were not in American Blind's possession at any time during our prior productions. Upon receipt of your request, as an accommodation, American Blind contacted the third party who ran the study to obtain these materials. I have been informed by our client that we do not have a copy of a video that was supposedly provided to Bill Smith.

Second, I believe we have produced copies of every version of American Blind's home page that was in our possession. However, we have asked our client to look into this further and if any additional versions are found, we will produce them to you.

Third, with regard to the Kaden Studies, we provided everything we had in our possession. While we have agreed to provide you materials that were maintained by a third party with regard to the study referenced by Bill Smith, we do not intend to do this in every instance absent some legal authority compelling us to do so. Please provide me with legal authority for the proposition that we are obligated to obtain additional materials from a third party that are not maintained by American Blind in order to comply with our discovery obligations.

CH01/PLATC/211424.1

## KELLEY DRYE & WARREN LLP

Ajay S. Krishnan
July 26, 2006
Page Two

   Fourth, with regard to the manner in which we produced several charts, I suggest you review the manner in which Google produced its spreadsheets and charts before you demand that we provide our documents in special formats. American Blind simply provided Google its documents in the same format that Google provided its documents to American Blind. For example, see GGE 0050541-0052482, GGE 52483-0054438 and GGLE 0021921-0022825. These are just a sampling of the numerous charts that Google produced in the exact manner that American Blind produced the charts you refer to in your letter.

   Fifth, with regard to your statement that American Blind "waived its objections and claims of privilege with regard to Google's Second Set of Requests for Production," I have already responded to this point and do not concede a waiver for the following reasons:

(a)  The only documents withheld were attorney client or attorney work product privileged and I have provided you with an updated privilege log in that regard. The privileged materials withheld consist of 15 pages of documents. The case you cite in support of your waiver argument does not address in any way the assertion of attorney client privilege or attorney work product privilege, much less a waiver of the same under these circumstances.

(b)  If you review American Blind's responses to Google's Second Set of Requests for Production, you will note that every request has been directly answered, notwithstanding any stated objections. There is not a single response that provides only an objection and no answer. Therefore, I really don't understand why you insist on pursuing a non-issue.

(c)  We were granted an extension to complete discovery already served as a result of the exceptional circumstances that American Blind was involved in at the time Google served its second set of discovery. The court was well aware that American Blind answered the second set of requests for production late due to these circumstances and made no issue of it.

   Finally, with regard to American Blind's production being made in the ordinary course, this issue has been addressed ad nauseam. We have complied with Rule 34 in our production. Your letter of July 6, 2006, incorrectly refers to American Blind's obligation to comply with Judge Seeborg's February 8, 2006 Order in its production. That Order only applied to Google. Please read the Order. As for my email to Klaus Hamm on March 27, 2006, you appear to be missing some of the necessary discussions that preceded and followed that exchange. I objected to the manner in which Klaus produced documents on or about March 23, 2006, following Judge Seeborg's order. *See* Klaus Hamm Letter dated March 23, 2006 attached hereto. As conveyed in my telephone conversation with Klaus on or before March 27, 2006, we believed Google was under a continuing obligation to produce its documents in the manner

CH01/PLATC/211424.1

KELLEY DRYE & WARREN LLP

Ajay S. Krishnan
July 26, 2006
Page Three

instructed by Judge Seeborg. Klaus disagreed. In compromise, he sent American Blind a new and more detailed explanation of the production, which we accepted as sufficient. *See* Klaus Hamm Letter dated March 28, 2006. Thereafter, American Blind produced its documents in the ordinary course and with detailed descriptions similar to those provided by Google.

Sincerely,

Caroline C. Plater

CCP:ccp

CH01/PLATC/211424.1