# EXHIBIT C

## Ajay Krishnan

| | |
|---|---|
| **From:** | Michael Page |
| **Sent:** | Tuesday, January 23, 2007 3:20 PM |
| **To:** | Rammelt David A. |
| **Cc:** | Klaus Hamm; Ajay Krishnan |
| **Subject:** | RE: ABWF Response In Opposition to Google's Sanctions Motion |

David,

Obviously, we cannot agree to a selective waiver, whereby you are free to submit documents that help your position while asserting privilege over documents and testimony that do not. Imagine, for a hypothetical example, one email to Mr. Katzman dutifully asking him to preserve and produce responsive documents, followed by a second one three months later asking him why you never received any, and an internal memo by counsel on the Katzman matter cataloging the documents he destroyed. We cannot blindly agree to a stipulation that would place the first in evidence while withholdng the second and third as privileged.

The only way I see around this would be a full waiver of privilege, but limited to the subject matter of retention, collection, production, or destruction of evidence, from both this case and American Blind's case against Mr. Katzman. We would require that you produce all relevant attorney-client privileged or work-product documents, and make available witnesses from both your client and your firm concerning oral communications on the subject. Otherwise, I'm afraid we have to decline.

Sorry I can't accomodate you on this one, but I'm sure you understand.

MHP

---

**From:** Rammelt David A. [mailto:DRammelt@KelleyDrye.com]
**Sent:** Tuesday, January 23, 2007 2:29 PM
**To:** Michael Page
**Subject:** ABWF Response In Opposition to Google's Sanctions Motion

Mike,

To fully respond to some of the issues raised in the sanctions motion, I planned on attaching affidavits from employees or former employees describing some of our efforts to preserve, identify and collect documents. While I don't think there is anything earth shattering here, some of this material includes communications to and from this office and so I am concerned about a possible privilege waiver(s) being raised. Will you agree that nothing contained in our response or affidavits will be deemed a waiver? I suppose the alternative is to file in camera or a motion, but I am not sure it is necessary and thought I would check with you first.

Thanks.

## David A. Rammelt, Esq.

## Kelley Drye & Warren

**333 W. Wacker Dr., Ste. 2600**

**Chicago, Illinois 60606**

2/2/2007

(312) 857-7077 (direct)

(312) 857-7095 (fax)

drammelt@kelleydrye.com