1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA  94111-1704
   Telephone:  (415) 391-5400
5  Facsimile:  (415) 397-7188

6  Attorneys for Plaintiff and Counter-Defendant
   GOOGLE INC.

7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  GOOGLE INC., a Delaware corporation,      Case No. C 03-5340-JF (RS)

12                              Plaintiff,    **GOOGLE'S OBJECTIONS TO
                                              EVIDENCE SUBMITTED BY ABWF IN
13        v.                                  OPPOSITION TO GOOGLE'S MOTION
                                              FOR TERMINATING, EVIDENTIARY,
14  AMERICAN BLIND & WALLPAPER                AND MONETARY SANCTIONS
    FACTORY, INC., a Delaware corporation     AGAINST ABWF FOR SPOLIATION OF
15  d/b/a decoratetoday.com, Inc., and        EVIDENCE**
    DOES 1-100, inclusive,
16                                            Date:        February 16, 2007
                                Defendants.   Time:        9:00 a.m.
17                                            Courtroom: 3, 5th Floor
                                              Judge:       Hon. Jeremy Fogel
18  AMERICAN BLIND & WALLPAPER
    FACTORY, INC., a Delaware corporation
19  d/b/a decoratetoday.com, Inc.,

20                        Counter-Plaintiff,

21        v.

22  GOOGLE INC.,

23                     Counter-Defendant.

24

25

26

27

28

388974.01

GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS IN OPPOSITION TO MOTION
FOR SANCTIONS AGAINST ABWF FOR SPOLIATION OF EVIDENCE
CASE NO. C 03-5340-JF (RS)

Dockets.Justia.com

Plaintiff and Counterdefendant Google Inc. hereby objects to and moves to strike, in whole or in part, the following declarations submitted in support of American Blind and Wallpaper Factory, Inc.'s ("ABWF") Opposition to Google Inc.'s Motion for Terminating, Evidentiary, and Monetary Sanctions Against ABWF for Spoliation of Evidence:

- Declaration of Susan Greenspon in Support of Defendant American Blind and Wallpaper Factory, Inc.'s Opposition to Google Inc.'s Motion for Terminating, Evidentiary, and Monetary Sanctions Against ABWF for Spoliation of Evidence (Docket Item No. 258) ("Greenspon Declaration");

- Greenspon Decl., Ex. D (Docket Item No. 258-5) ("Katzman's Status Quo Declaration"); and

- Declaration of Steve Katzman (Docket Item No. 259) ("Katzman Spoliation Declaration").

Google moves to strike in part the Greenspon Declaration, and Google moves to strike in their entirety the two Katzman declarations, pursuant to Civil Local Rule 7-5(b) and the Federal Rules of Evidence.  As set forth more fully below, these declarations lack foundation, contain improper opinion and argument, contain improper legal conclusions.  Accordingly, these declarations should be stricken pursuant to Local Rule 7-5(b), which provides that "[a]n affidavit or declaration may contain only facts, must conform as much as possible to the requirements of FRCivP56(e), and must avoid conclusions and argument.  Any statement made upon information or belief must specify the basis therefor.  An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."

The following are objections to the Greenspon Declaration.

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶14: "Thus, I am well aware of his [Mr. Katzman's] understanding of legal matters, including the discovery process in litigation." | Lacks foundation.  Ms. Greenspon lacks personal knowledge or has not supplied a sufficient foundation to testify to Katzman's understanding of legal matters or discovery. Fed. R. Evid. 602.  Conclusory and argumentative.  Civil Local Rule 7-5(b). |
| ¶15: "My general practice was to transmit discovery requests to Katzman for him to | Lacks foundation.  Ms. Greenspon lacks personal knowledge to know—in her general |

388974.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| disseminate to the correct individuals and collect the relevant documents for later transmission to opposing counsel. This procedure was followed with regard to Google's document requests to American Blind." | practice—whether Katzman disseminated the discovery requests, whether he did so to the correct individuals, whether he collected documents, and whether those documents were relevant. She also lacks personal knowledge to know whether any of these things were true for Google's document requests. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶16: "In late 2003, I and David Rammelt traveled to American Blind's headquarters in Plymouth, Michigan for the purpose of meeting with Steve Katzman, then American Blind's CEO and President, and Joseph Charno, then Vice President of Marketing, to address the collection and preservation of documents regarding the lawsuit Google had filed against American Blind in the Northern District of California on November 26, 2003." | To the extent this statement suggests that Ms. Greenspon or Mr. Rammelt instructed ABWF employees to preserve documents, it effects a selective waiver of attorney-client privilege. *U.S. v. Reyes*, ___ F.R.D. ___, CR 06-0556 CRB, 2006 WL 3798073 at *8 (N.D. Cal. Dec. 22, 2006) (internal quotation marks omitted) (quoting *Periman Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981) ("Parties cannot be permitted to pick and choose in their disclosure of protected communications, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others."). Thus, this statement must either be struck, or it must be deemed a full waiver. If deemed a full waiver, Google hereby asserts the right to compel production of all of ABWF's attorney-client privileged or work-product documents on document preservation, retention, search, collection, and destruction, and to compel production of witnesses from both ABWF and from ABWF's outside counsel concerning communications on those subject. |
| ¶16: "Katzman, educated as an attorney, understood this undertaking." | Lacks foundation. Ms. Greenspon lacks personal knowledge to know whether Katzman understood "this undertaking." Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b).

To the extent this statement suggests that Katzman told Ms. Greenspon that he "understood this undertaking," it effects a selective waiver of attorney-client privilege. *U.S. v. Reyes*, ___ F.R.D. ___, CR 06-0556 CRB, 2006 WL 3798073 at *8 (N.D. Cal. Dec. 22, 2006) (internal quotation marks omitted) (quoting *Periman Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981) ("Parties cannot be permitted to pick and choose in their disclosure of protected |

| Objectionable Evidence | Grounds for Objection |
|---|---|
| | communications, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others."). Thus, this statement must either be struck, or it must be deemed a full waiver. If deemed a full waiver, Google hereby asserts the right to compel production of all of ABWF's attorney-client privileged or work-product documents on document preservation, retention, search, collection, and destruction, and to compel production of witnesses from both ABWF and from ABWF's outside counsel concerning communications on those subject.<br><br>Hearsay. To the extent this statement suggests that Katzman told Ms. Greenspon that he "understood this undertaking," it is hearsay. Fed. R. Evid. 802. |
| ¶17: "In conjunction with our late 2003 meeting with Katzman, I witnessed Katzman searching his computer for relevant documents, which he printed and turned over to me the same day as our visit to American Blind." | Lacks foundation. Ms. Greenspon lacks personal knowledge to know whether Katzman was searching for "relevant" documents. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶17: "Joseph Charno turned over documents from his computer and William Smith's computer that same day." | Lacks foundation. Ms. Greenspon lacks personal knowledge to know from where the documents Joseph Charno turned over came. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶ 18: "Thereafter, he and other American Blind employees compiled materials that were responsive to Google's First Set of Interrogatories and First Set of Requests for Production." | Lacks foundation. Ms. Greenspon has not laid a foundation for how she knew who compiled materials and whether those employees knew which materials were responsive. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶19: "Because Katzman resigned from American Blind on May 18, 2006, other American Blind employees, including but not limited to Jeffery Alderman, Michael Layne, Nick Darrin, Gerald Curran and American Blind's new CEO following Katzman, Joel Levine, compiled materials that were responsive to Google's Second Set of Interrogatories and Second Set of Requests for Production." | Lacks foundation. Ms. Greenspon has not laid a foundation for how she knew who compiled materials and whether those employees knew which materials were responsive. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |

388974.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶20: "Prior to his resignation, there was no threat by Katzman that he would take the materials at issue if he resigned and no reason to suspect Katzman would do something that was in direct violation of his contractual or legal obligations to the company." | Lacks foundation. Ms. Greenspon lacks personal knowledge to know whether there was any threat or basis for suspicion. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶20: "It is my understanding, based on the information contained in the pleadings and other papers on file in the lawsuit filed by American Blind against Katzman, that Katzman took the information at issue from American Blind within hours of his resignation." | Lacks foundation. Ms. Greenspon lacks personal knowledge to know when Katzman took the information. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b).<br><br>Hearsay. Fed. R. Evid. 802. |
| ¶21: "Counsel for American Blind did not know the extent of Katzman's actions at the time of his deposition on July 25, 2006. Prior to Katzman's deposition, it was only known that he took corporate property, the return of the corporate property was demanded, and Katzman had agreed to return the same." | Lacks foundation. Ms. Greenspon lacks personal knowledge to testify to what all "Counsel for American Blind" knew. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶23: "On July 25, 2006, American Blind believed Katzman had complied with all its requests and was not continuing to do anything contrary to the law or his contractual obligations." | Lacks foundation. Ms. Greenspon lacks personal knowledge to testify to what all of American Blind believed. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶27: "With regard to Google's claim that American Blind comes to the Court with unclean hands, upon receiving notification from a competitor or through American Blinds' own policing that one of its keyword-triggered advertisements appears when another party's trademark is input into the Google search engine (through the broad match feature or otherwise), American Blind promptly requests that such search term be denoted as a 'negative keyword' under Google's AdWords program. American Blind has specifically designated as negative keywords a number of its competitors' marks, including 'Blinds To Go,' 'Just Blinds,' 'Star Blinds,' and 'Select Blinds.' It is American Blind's policy not to specify its competitor's trademarks as keywords in any of its | Lacks foundation. Ms. Greenspon lacks personal knowledge to know what American Blinds' policy is, and what negative keywords it has designated. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |

4

388974.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| advertising campaigns." | |

The following objections are to Katzman's Status Quo Declaration

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶2: "For security purposes, I used a portable hard drive that I transported daily to and from the office on which I stored all of my documents and e-mails (both personal and business).  Over time, I used several different hard drives.  I also used my home computer system, as well as a third-party website, to archive and backup company documents, files and records." | Lacks foundation.  Paragraph 1 of the declaration states that Katzman "cannot recall the specific name of any specific document, file, program, information or data related to or derived from things belonging to American Blinds that I erased or deleted."  Paragraph 2 states that he "never systematically or on any regular basis transferred or deleted files."  Paragraph 3 states that "[t]here are still files on these [Katzman's hard-drives, laptop and home computer system] drives that have neither been deleted nor returned to American Blinds since I left the company, suggesting that other documents had been deleted.  Thus, there is no foundation for Katzman to categorically state that all of his personal and business documents and e-mails were treated in a systematic way.  Moreover, in Katzman's prior declaration in his lawsuit against ABWF, Katzman testified that he "retained no information that could even conceivably be considered proprietary or confidential," so he has no foundation to say that he stored all documents.  *See* Greenspon Declaration, Ex. C (Docket Item No. 258-4) at ¶6. Fed. R. Evid. 602.  Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶4: "To the best of my knowledge and belief, I did not delete or erase any business related files on any computer either at work or at home (including the laptop that I returned to American Blind) that I do not have either on my portable hard drives or on my home computer system." | Lacks foundation.  Paragraph 1 of the declaration states that Katzman "cannot recall the specific name of any specific document, file, program, information or data related to or derived from things belonging to American Blinds that I erased or deleted."  Paragraph 2 states that he "never systematically or on any regular basis transferred or deleted files." Paragraph 3 states that "[t]here are still files on these [Katzman's hard-drives, laptop and home computer system] drives that have neither been deleted nor returned to American Blinds since I left the company, suggesting that other documents had been deleted.  Thus, there is no foundation for Katzman to categorically state that all of his personal and business documents and e-mails were treated |

GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY DEFENDANTS IN OPPOSITION TO MOTION
FOR SANCTIONS AGAINST ABWF FOR SPOLIATION OF EVIDENCE
CASE NO. C 03-5340-JF (RS)

388974.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| | in a systematic way. Moreover, in Katzman's prior declaration in his lawsuit against ABWF, Katzman testified that he "retained no information that could even conceivably be considered proprietary or confidential," so he has no foundation to say that he stored all documents. *See* Greenspon Declaration, Ex. C (Docket Item No. 258-4) at ¶6. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |

The following objections are to the Katzman Spoliation Declaration.

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶4: "To the best of my knowledge and belief, no electronic information or hard copy documents that might be responsive to Google's discovery requests were destroyed or deleted." | Lacks foundation. Improper lay opinion. Katzman is not qualified and does not have personal knowledge of what documents are considered "responsive." Fed. R. Evid. 602. Fed. R. Evid. 701. Conclusory and argumentative. Civil Local Rule 7-5(b).

Lacks foundation. Katzman lacks personal knowledge to know what was saved or what was destroyed from other people's computers at any period of time. This is particularly true because ABWF did not have a document retention policy. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b).

Lacks foundation. Paragraph 1 of the declaration states that Katzman "cannot recall the specific name of any specific document, file, program, information or data related to or derived from things belonging to American Blinds that I erased or deleted." Paragraph 2 states that he "never systematically or on any regular basis transferred or deleted files." Paragraph 3 states that "[t]here are still files on these [Katzman's hard-drives, laptop and home computer system] drives that have neither been deleted nor returned to American Blinds since I left the company, suggesting that other documents had been deleted. Thus, there is no foundation for Katzman to categorically state that all of his personal and business documents and e-mails were treated in a systematic way. Moreover, in Katzman's prior declaration in his lawsuit against |

| Objectionable Evidence | Grounds for Objection |
|---|---|
| | ABWF, Katzman testified that he "retained no information that could even conceivably be considered proprietary or confidential," so he has no foundation to say that no documents were destroyed or deleted. *See* Greenspon Declaration, Ex. C (Docket Item No. 258-4) at ¶6. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶5: "While I was President and CEO, to the best of my knowledge and belief, I did not have any unique electronic information on my desktop or laptop computers that was responsive to the Google discovery requests that other employees at American Blind would not have also had." | Lacks foundation. Improper lay opinion. Katzman is not qualified and does not have personal knowledge of what documents are considered "responsive." Fed. R. Evid. 602. Fed. R. Evid. 701. Conclusory and argumentative. Civil Local Rule 7-5(b).<br><br>Lacks foundation. Katzman lacks personal knowledge to know what was saved or what was destroyed from other people's computers at any period of time. This is particularly true because ABWF did not have a document retention policy. Fed. R. Evid. 602. Conclusory and argumentative. Civil Local Rule 7-5(b). |
| ¶6: "Following my resignation, I did not knowingly delete or destroy any electronic information or hard copy documents that were responsive to Google's discovery requests." | Lacks foundation. Improper lay opinion. Katzman is not qualified and does not have personal knowledge of what documents are considered "responsive." Fed. R. Evid. 602. Fed. R. Evid. 701. Conclusory and argumentative. Civil Local Rule 7-5(b). |

Dated: February 2, 2007

KEKER & VAN NEST, LLP

By:  /s/ Ajay S. Krishnan
Ajay S. Krishnan
Attorneys for Plaintiff and Counter-Defendant GOOGLE INC.

7

388974.01