1  KEKER & VAN NEST, LLP
   MICHAEL H. PAGE - #154913
2  MARK A. LEMLEY - #155830
   KLAUS H. HAMM - #224905
3  AJAY S. KRISHNAN - #222476
   710 Sansome Street
4  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
5  Facsimile: (415) 397-7188

6  Attorneys for Plaintiff and Counter-Defendant
   GOOGLE INC.
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11 | GOOGLE INC., a Delaware corporation,        | Case No. C 03-5340-JF (RS)
12 |                        Plaintiff,           | **GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT**
13 |      v.                                     |
14 | AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation |
15 | d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive, | Date:    February 16, 2007
                                                   Time:    9:00 a.m.
16 |                                              | Courtroom: 3, 5th Floor
                          Defendants.             | Judge:   Hon. Jeremy Fogel
17

18 | AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation
19 | d/b/a decoratetoday.com, Inc.,
20 |                     Counter-Plaintiff,
21 |      v.
22 | GOOGLE INC.,
23 |                     Counter-Defendant.

24
25
26
27
28

389328.01

GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

Dockets.Justia.com

1    Plaintiff and Counterdefendant Google Inc. hereby objects to and moves to strike in part
2 the following declarations and evidence submitted in support of American Blind and Wallpaper
3 Factory, Inc.'s ("ABWF") Opposition to Google Inc.'s Motion Summary Judgment:

- Declaration of Jeffrey Alderman in Support of American Blind & Wallpaper Factory Inc.'s Opposition to Google Inc.'s Motion for Summary Judgment (Docket Item No. 266) ("Alderman Declaration"); and
- Exhibits A and B to the Alderman Declaration.

Google moves to strike statements in the Alderman Declaration, pursuant to Local Rule 7-5(b) and the Federal Rules of Evidence. Google's primary objections, as set forth in more detail below, are:

- **Hearsay and Best Evidence (Fed. R. Evid. 802 and Fed. R. Evid. 1002).** Alderman repeatedly testifies that are ABWF and others "use" various alleged trademarks in advertising, catalogues, websites, email campaigns, keyword advertising campaigns, order forms, invoices, etc. Alderman is not permitted to testify as to what these documents say.

- **Lack of Foundation and Improper Lay Opinion Testimony (Fed. R. Evid. 602 and Fed. R. Evid. 701).** Alderman repeatedly testifies to numerous figures about how much ABWF spent on advertising or marketing with regard to certain alleged trademarks, how many people the advertising was distributed, or how long ABWF used certain marks. But Alderman fails to supply a sufficient foundation. Thus, these statements are either outside his personal knowledge, or they improper lay opinion testimony.

- **Relevance (Fed. R. Evid. 402).** Alderman testifies as to various marks that were not asserted against Google, *i.e.* "American Blinds, Wallpaper & More" and "American Blinds & Wallpaper." *See* Defendant American Blind & Wallpaper Factory, Inc.'s Answer, Affirmative Defenses, Counterclaims, and Third-Party Claims (Docket Item No. 24) at ¶¶17-18. Information about these marks is not relevant to this case.

Google moves to strike Exhibits A and B to the Alderman Declaration, which ABWF

1  claims are sales and advertising materials demonstrating "use" of some of their asserted

2  trademarks. These exhibits only have probative value as evidence of "use" if they are dated.

3  Otherwise, it is impossible to tell when the trademark was being used, and when it acquired

4  secondary meaning, or fame. Because they lack a date, these exhibits are irrelevant. *See* Fed. R.

5  Evid. 402.

6      The following are objections to the Alderman Declaration.

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶3: "American Blind is one of the largest direct-to-consumer retailers of custom order window treatments and wall coverings in the United States." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows that "American Blind is one of the largest…." Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶4: "American Blind, in conjunction with its predecessor companies, has been in the home decorating business for over a half century." | Lack of foundation. Fed. R. Evid. 602. |
| ¶6: "Over the history of the American Blind's business, over eight million customers and potential customers have shopped for home decorating products such as draperies, window blinds and wallpaper with American Blind." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "eight million" figure. Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶7: "American Blind's net sales of its products and services over the past five years well exceeds five hundred million dollars." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "five hundred million" figure. Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶11: "Our company has long been known to customers and prospective customers as, simply, "AMERICAN" or "American Blinds." | Lack of foundation. Improper lay opinion testimony. Alderman cannot testify as to what customers know. Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶12: "With the exception of a brief period in 1999-2000, the corporate and/or trade names used by American Blind for over twenty years ('American Blind Factory, Inc.', 'American Blind, Wallpaper and Carpet Factory, Inc.', 'American Blind and Wallpaper Factory, Inc.', and 'American Blinds, Wallpaper & More') have featured the name "American Blind(s).'" | Lack of foundation. Alderman does not say how he knows the "twenty years" figure. Fed. R. Evid. 602. |
| ¶13: "As a result of this advertising, together | Lack of foundation. Improper lay opinion testimony. Alderman cannot testify as to |

2
GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S
MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389328.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| with the manner in which American Blind's private label blinds have long been offered for sale and sold, American Blind's products and services are commonly known to customers and potential customers as 'American Blinds.'" | what customers know.  Fed. R. Evid. 602.  Fed. R. Evid. 701. |
| ¶15: "American Blind's sales catalogues prominently feature the AMERICAN BLINDS mark (as the display URL for American Blind's website [the 'American Blind's Website']) on the cover, and the AMERICAN BLINDS mark is used throughout the pages of each catalogue, appearing on at least ever other page." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of catalogues. Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶15: "American Blind's sales catalogue identifies American Blind's products only by product type, color number, color name and size." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of catalogues. Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶16: "These sales scripts repeatedly identify American Blind and the products and services offered in the catalogues using the AMERICAN BLINDS mark." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of sales scripts. Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶17: "The AMERICAN BLINDS mark is the display URL for the American Blind's Website.  The mark appears prominently on each of the 'blinds' category pages of the American Blind's Website." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of web pages. Fed. R. Evid. 802.  Fed. R. Evid. 1002.<br><br>Additionally, this statement conflicts with Alderman's later statement, in ¶ 25, that the URL for American Blind's website is decoratetoday.com. |
| ¶19: "American Blind uses the AMERICAN BLINDS mark in e-mail campaigns and in keyword advertising." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of e-mail and keyword advertising campaigns.  Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶20: "American Blind's on-line sales affiliates actively use the name and mark AMERICAN BLINDS on and in connection with websites advertising and promoting American Blind's products and services and to drive traffic to the American Blind's Website." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of website advertising and promotions he references. Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶22: "The sales and shipping invoices accompanying American Blind's product samples and American Blind's private label | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of invoices. |

3
GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389328.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| products identify American Blind's products only by product type, color number, color name and size." | Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶24: "American Blind's on-line sales affiliates actively use the name and mark AMERICAN BLIND FACTORY on and in connection with websites (including metadata and keyword advertising) to advertise and promote American Blind's products and services and to drive traffic to the American Blind's Website." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of website metadata or keyword advertising campaigns. Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶26: "American Blind uses the DECORATETODAY mark in e-mail campaigns and in keyword advertising, and the DECORATETODAY mark is used by American Blind's affiliates advertising and promoting American Blind's products and services." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of website advertising and promotions he references. Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶27: "American Blind uses the AMERICAN BLINDS, WALLPAPER & MORE mark on American Blind's sales catalogues, the American Blind's Website, and is the only mark, in addition to AMERICAN BLINDS, appearing on American Blind's products." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of catalogues or the stickers that ABWF places on its products.  Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶¶27-30. | Relevance.  Fed. R. Evid. 402.  The marks "AMERICAN BLINDS, WALLPAPER & MORE" and "AMERICAN BLIND & WALLPAPER" have not been asserted against Google.  *See* Defendant American Blind & Wallpaper Factory, Inc.'s Answer, Affirmative Defenses, Counterclaims, and Third-Party Claims (Docket Item No. 24) at ¶¶17-18.  Therefore, the use and advertising of these marks is irrelevant to this case. |
| ¶28: "The AMERICAN BLIND & WALLPAPER mark has been in use since 1986.  The AMERICAN BLIND & WALLPAPER mark is used on order forms for use in purchasing American Blind's products and services." | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of order forms. Fed. R. Evid. 802.  Fed. R. Evid. 1002. |
| ¶30: "American Blind's on-line sales affiliates actively use the name and mark AMERICAN BLIND & WALLPAPER on and in | Hearsay.  Best Evidence Rule.  Alderman cannot testify as to the content of websites or keyword or advertising campaigns.  Fed. R. |

4

GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389328.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| connection with websites (including metadata and keyword advertising) to advertise and promote American Blind's products and services and to drive traffic to the American Blind Website." | Evid. 802. Fed. R. Evid. 1002. |
| ¶31: "American Blind makes widespread use of the AMERICAN BLIND & WALLPAPER FACTORY mark." | Argumentative and conclusory. Civil L.R. 7-5(b). |
| ¶32: "American Blind's catalogues have used the AMERICAN BLIND & WALLPAPER FACTORY mark." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of catalogues. Fed. R. Evid. 802. Fed. R. Evid. 1002. |
| ¶33: "The AMERICAN BLIND & WALLPAPER FACTORY mark is used throughout the American Blind's Website. … American Blind uses the AMERICAN BLIND & WALLPAPER FACTORY in keyword advertising and long used the AMERICAN BLIND & WALLPAPER FACTORY mark in e-mail campaigns." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of the website, keyword advertising campaigns, or email campaigns. Fed. R. Evid. 802. Fed. R. Evid. 1002. |
| ¶34: "American Blind's on-line sales affiliates actively use the name and mark AMERICAN BLIND & WALLPAPER FACTORY on and in connection with websites (including metadata and keyword advertising) to advertise and promote American Blind's products and services and to drive traffic to the American Blind's Website." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of websites or keyword or advertising campaigns. Fed. R. Evid. 802. Fed. R. Evid. 1002. |
| ¶35: "American Blind has distributed between ten and twelve million mailings (in the form of catalogues and postcards) nationwide in each of the past ten years bearing the American Blind Marks." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of mailings. Fed. R. Evid. 802. Fed. R. Evid. 1002. |
| ¶37: "Since 2001, American Blind has spent in excess of fifty million dollars ($50,000,000) advertising, marketing and promoting its goods and services under the American Blind Marks in medium other than the Internet ('Off-Line Marketing')." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "fifty million dollars" figure. It would require an expert to compute advertising associated with particular marks. Fed. R. Evid. 602. Fed. R. Evid. 701. |

5
GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389328.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶38: "This amount is in addition to the tens of millions of dollars invested by American Blind in such marketing of the American Blind Marks in the fifteen years the marks were in use before 2001." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "tens of millions of dollars" figure. It would require an expert to compute marketing associated with particular marks. Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶39: "American Blind's Off-Line Marketing efforts using the American Blind Marks include television and radio commercials, direct mail pieces (including catalogues and postcards), newspaper and magazine advertising, Yellow Pages advertising, trade shows, third party package insert programs, third party catalogue 'blow-in' programs, cooperative advertising mailings, and magazine advertising." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of these documents (i.e., as to whether they contain the "American Blind Marks"). Fed. R. Evid. 802. Fed. R. Evid. 1002. |
| ¶40: "American Blind also promotes the American Blind Marks through its third party partner programs. Under such programs, American Blind advertises its products and services bearing the American Blind Marks in print programs through partners such as the U.S. Postal Service, G.M.A.C. Real Estate, and American Express." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of the print programs. Fed. R. Evid. 802. Fed. R. Evid. 1002. |
| ¶41: "The American Blind Marks are used in Linens N' Things package insert programs, and co-branded catalogues incorporating American Blind's products and services sold under the American Blind Marks have been distributed multiple times each year to the over twenty million Linens N' Things customers on Linens N' Things mailing list." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of the package inserts and catalogues. Fed. R. Evid. 802. Fed. R. Evid. 1002.<br><br>Foundation. Alderman lacks personal knowledge to know how many customers are on the Linens N' Things mailing list. Fed. R. Evid. 602. |
| ¶42: "Over fifty percent of American Blind's sales transactions are consummated through the American Blind Website. The American Blind Website receives over thirty thousand visits each day by customers or potential customers. American Blind makes over four hundred thousand sales transactions over the American Blind Website each year." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "fifty percent," "thirty thousand visits," and "four hundred thousand sales" figures. It would require an expert accountant to compute these numbers. Fed. R. Evid. 602. Fed. R. Evid. 701. |

6
GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389328.01

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶43: "American Blind has spent over ten million dollars ($10,000,000) developing its website, and spends in excess of an additional one million dollars ($1,000,000) each year in maintaining, enhancing and updating its website." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "$10,000,000" and "$1,000,000" figures. It would require an expert accountant to compute these numbers. Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶44: "American Blind since 2001 has spent over fifteen million dollars ($15,000,000) advertising, marketing and promoting its goods and services under the American Blind Marks exclusively in Internet marketing programs ('Internet Marketing')." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "$15,000,000" figure. It would require an expert accountant to compute these numbers. Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶46: "American Blind has to date paid Google over five million dollars ($5,000,000) to advertise products and services under the American Blind Marks." | Lack of foundation. Improper lay opinion testimony. Alderman does not say how he knows the "$5,000,000" figure. It would require an expert accountant to compute these numbers. Fed. R. Evid. 602. Fed. R. Evid. 701. |
| ¶48: "Target promotes American Blind as a 'Featured Partner' on its website. Target's on-line customers are directed to a co-branded website created by American Blind on which products and services are advertised and offered for sale under the American Blind Marks." | Hearsay. Best Evidence Rule. Alderman cannot testify as to the content of the package inserts and catalogues. Fed. R. Evid. 802. Fed. R. Evid. 1002. |

Dated: February 2, 2007                                KEKER & VAN NEST, LLP


By: /s/ Ajay S. Krishnan
    Ajay S. Krishnan
    Attorneys for Plaintiff and Counter-Defendant GOOGLE INC.

GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED BY ABWF IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389328.01