| | |
|---|---|
| 1 | KEKER & VAN NEST, LLP |
| | MICHAEL H. PAGE - #154913 |
| 2 | MARK A. LEMLEY - #155830 |
| | KLAUS H. HAMM - #224905 |
| 3 | AJAY S. KRISHNAN - #222476 |
| | 710 Sansome Street |
| 4 | San Francisco, CA  94111-1704 |
| | Telephone:  (415) 391-5400 |
| 5 | Facsimile:  (415) 397-7188 |

Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation, | Case No. C 03-5340-JF (RS) |
| Plaintiff, | **GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive, | |
| Defendants. | Date:     February 16, 2007 |
| | Time:     9:00 a.m. |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | Dept:     3 |
| | Judge:    Hon. Jeremy Fogel |
| Counter Plaintiff, | |
| v. | |
| GOOGLE INC., AMERICA ONLINE, INC., NETSCAPE COMMUNICATIONS CORPORATION, COMPUSERVE INTERACTIVE SERVICES, INC., ASK JEEVES, INC. and EARTHLINK, INC., | |
| Counter Defendant/ Third-Party Defendants. | |

389037.01

GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S
EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN
SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

## I. INTRODUCTION

ABWF has taken the unusual tack of responding to Google's criticisms of ABWF's expert report not by defending that report—it is indefensible—but instead by seeking to have Dr. Simonson's rebuttal report excluded from evidence. ABWF does so in the form of a dual purpose document, captioned as "Evidentiary Objections" but also serving as their opening brief for a *Daubert* motion noticed for March 12, 2007. Although the "Objections" make no distinction between the two, the *Daubert* motion is perforce broader, as it seeks to exclude Dr. Simonson from testifying as to anything at trial. The evidentiary objections are narrower, as there are many parts of Dr. Simonson's report that are neither cited in nor relevant to the instant summary judgment motion. Accordingly, in this response we address only those aspects of Dr. Simonson's report that bear on summary judgment. The remainder of the issues raised by ABWF will be addressed in Google's opposition to the *Daubert* motion, to be filed February 12, 2007.

## II. ARGUMENT

Dr. Itamar Simonson is one of the leading experts on survey design and methodology in the world. He is the Sebastian S. Kresge Professor of Marketing at Stanford University, where he teaches graduate and doctoral level courses in consumer research and marketing. Declaration of Klaus H. Hamm in Support of Google's Motion for Summary Judgment (Docket Item No. 237), Ex. Q ("Expert Report of Dr. Itamar Simonson") at 1-4 & Ex. A. He has published extensively, has received multiple awards, and has conducted, supervised, or evaluated over 1,000 marketing research studies. *Id.* He has testified extensively in trademark litigation, and his opinions have never been rejected by any court. *Id.*, Ex. Q at Ex. B.

ABWF does not challenge Dr. Simonson's credentials or expertise in any way. Instead, it makes the remarkable argument that **any** rebuttal expert report that criticizes a trademark survey is inadmissible unless that rebuttal report includes a separate trademark survey. Put another way, ABWF's position is that **any** trademark survey, no matter how incompetent and flawed, is absolutely immune from criticism by any expert, no matter how qualified, unless that expert

1

GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S
EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN
SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389037.01

1   fields a survey of his own.

2   It is important to understand what ABWF's Objections seek. They do not merely seek to
3   defend ABWF's own expert's report against a *Daubert* motion: none has been filed, although in
4   the event ABWF survives summary judgment, Google will seek to bar Mr. Ossip from testifying
5   at trial. Those Objections seek far more: they ask this Court not only to consider Mr. Ossip's
6   report, but also to rule that Google's many expert criticisms of that report are inadmissible as a
7   matter of law.

8   The problem with that argument is that it is entirely unsupported by law or logic. ABWF
9   devotes two pages to its argument, and cites eight cases, in purported support of its claim that Dr.
10  Simonson's rebuttal report is inadmissible. Not one of those eight cases, however, says anything
11  remotely close to that. Indeed, in each case either (a) no rebuttal report was involved or (b) the
12  court **admitted** and considered precisely the sort of rebuttal report ABWF seeks to bar here, and
13  then gave them varying weight according to the facts and circumstances of the case. This Court
14  should do the same.

15  In several of the cases cited by ABWF, the question was whether the trademark
16  **plaintiff's** failure to submit a survey should count against it. Courts are often loath to accept
17  argument in lieu of evidence from the party with the burden of proof: in this case, ABWF.
18  Thus, for example, in *Whirlpool Props., Inc. v. LG Elecs.*, 2006 WL 62846 (W.D. Mich. Jan. 10,
19  2006), the defendant introduced a survey that indicated no likelihood of confusion. The plaintiff
20  sought to have the defendants' survey excluded from evidence, based on its own expert's
21  declaration. In part because the plaintiff had failed to conduct its own survey, the court declined
22  to exclude the **defendant's** survey. It did **not**, however, exclude the plaintiff's rebuttal report; it
23  accepted it, considered it, and was unconvinced. Similarly, in *Cairns v. Franklin Mint Co.,* 24 F.
24  Supp. 2d 1013 (C.D. Cal. 1998), the defendant submitted a survey. The plaintiff criticized that
25  survey but there is no indication that the plaintiff did so by way of an expert report. The court
26  did not exclude any evidence from either side, found some of the plaintiff's criticisms valid, and
27  in the main accepted the defendant's survey results. And in *Playboy v. Netscape*, 55 F. Supp. 2d
28

2

GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S
EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN
SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389037.01

1   1070 (C.D. Cal. 1999), the court found against the **plaintiff** in a case where **neither** side
2   submitted a survey, without any discussion of the admissibility of expert reports.  ABWF also
3   omits to note that this order was appealed and reversed, in the *Playboy* case discussed at length
4   in both parties' briefs.

5   Neither do ABWF's other authorities provide any support.  In *Tyco Indust., Inc. v. Lego
6   Sys., Inc.*, 1987 WL 44363 (D.N.J. Aug. 26, 1987), the parties were aligned as here, with Tyco
7   bringing a declaratory judgment claim and Lego (the trademark holder) submitting a survey
8   report, which Tyco's expert criticized without doing his own survey.  There appears to have been
9   no attempt to disqualify either expert, and the court admitted and considered the testimony of
10  both at trial, finding Lego's survey credible.  In *Harland Co. v. Clarke Checks, Inc.*, 711 F.2d
11  966 (11th Cir. 1983), **neither** side submitted any survey evidence, neither side appears to have
12  sought to exclude anyone's testimony, and the court gave short shrift to both experts' testimony.

13  In *President and Trustees of Colby College v. Colby College-New Hampshire*, 508 F.2d
14  804 (1st Cir. 1975), the trial court denied a preliminary injunction and dismissed the complaint on
15  the ground that it did not credit the plaintiff's survey, based on a critique by another expert who
16  had not conducted his own survey.  The court of appeals reversed, finding that the district court
17  had made improper factual determinations at the pleadings stage.  Neither court was asked to
18  exclude the rebuttal expert's testimony, and neither did.[1]

19  In *Winchester Fed. Sav. Bank  v. Winchester Bank, Inc.*, 359 F. Supp.2d 561 (E.D. Ky.
20  2004), the plaintiff submitted survey evidence of secondary meaning that was admitted.  The
21  defendant does not appear to have put forth any expert testimony, instead merely arguing that the
22  plaintiff's survey was flawed.  *A fortiori*, there was no consideration of the admissibility of the
23  apparently nonexistent rebuttal report.  Similarly, the court in *U-Haul Int'l., Inc. v. Jartran, Inc.*,
24  522 F. Supp. 1238 (D. Ariz. 1981) considered and rejected an attempt to exclude a survey
25  expert's testimony, based on the critiques of other experts.  No testimony by either side was

---

[1] That case, however, is notable for one of defendant's expert's objections to a telephone survey, on the delightful ground that its methodology improperly excludes those "who have the good sense not to use the telephone."

3
GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S
EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN
SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389037.01

1  excluded.

2  In short, ABWF cites eight cases for the proposition that a rebuttal report is inadmissible
3  unless it contains its own survey.  **Not a single one of those eight cases says anything of the**
4  **sort.**  In fact, most of them (with the sole exception of cases where there was no rebuttal report
5  to begin with) impliedly hold the opposite, by admitting and considering rebuttal reports
6  unsupported by surveys.  ABWF's request that Dr. Simonson's testimony be excluded on this
7  basis is literally unprecedented.

8  ABWF's position also flies in the face of logic.  What, after all, is the difference between
9  an "expert report" and a "rebuttal report"?  The Federal Rules provide one deadline for expert
10 reports, and a second for reports that, rather than introduce new evidence, solely rebut the
11 findings of other expert reports.  Fed. R. Civ. P. 26.  If—as ABWF contends—any expert report
12 that does not introduce its own experimental evidence is inadmissible, then what report could
13 ever be a rebuttal report?

14 This is, of course, not the law.  Experts such as Dr. Simonson often testify as to accepted
15 methodologies in their field, and do not have to perform new experiments to support that
16 testimony.  Medical experts testify to whether a surgical technique meets accepted standards, but
17 we don't require that they go perform their own, competing surgery to make their testimony
18 admissible.  Structural failure experts can testify as to the cause of an airplane crash without
19 having to build and test their own airplanes.  In each instance, the expert is testifying based on
20 factual evidence that has already been presented, and need not add additional data of his own.
21 And survey experts are no different:  they don't have to go conduct a competing survey to know
22 that another survey violates basic, accepted scientific standards.

23 For example, Dr. Simonson criticizes Mr. Ossip for failing to include an appropriate
24 control.  There is no need for Dr. Simonson—who has performed literally hundreds of surveys—
25 to go "relearn" this basic principle by designing and fielding one more.  It is a core, widely
26 accepted standard in the industry, as evidenced not only by Dr. Simonson but by myriad experts
27 and courts.

28

4

GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S
EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN
SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389037.01

1    For example, the Federal Judicial Center's Reference Manual on Scientific Evidence explains the importance of controls in survey design "so that causal inferences about the effect of a trademark or an allegedly deceptive commercial become clear and unambiguous." Shari Seidman Diamond, *Reference Guide on Survey Research* at 257 (Federal Judicial Center 2d ed. 2000), at 257. As Dr. Jacob Jacoby explains, in *Experimental Design and the Selection of Controls in Trademark and Deceptive Advertising Surveys,* 92 Trademark Rep. 890 (2002), controls are essential in virtually any experiment designed to assess causation, for the rather obvious experimental maxim that "correlation does not mean causation."[2] This does not mean that *every* survey needs a control: if, for example, one is not attempting to assess causation (asking if people like a given flavor, or whether they have heard of a particular brand) or if there is only one plausible cause at hand (having seen me punch Bob in the nose, assuming that the blood was the result of the punch). *Id.* at 903-05. But when one wants to learn not only *whether* a respondent holds a certain belief but *why,* an appropriate control is essential if one is to identify the cause. *Id.*; for a more detailed theoretical treatment of causal experiments and controls, see Shadish & Cook, **Experimental and Quasi-Experimental Designs for Generalized Causal Inference** (Houghton Mifflin 2002).[3] In a case of alleged confusion, demonstrating the effect without evidence of the cause is worthless. It is not enough to show that people are confused: one must also show that the acts of the defendant caused that confusion.

Courts similarly recognize that, in order to have any probative value, an experiment must control for irrelevant causes. Just as a test of headache remedies must control for the fact that some headaches go away unaided, so too must scientific surveys separate and control for causes other than the accused infringement. For example, the court in *Simon Prop. Group v. mySimon, Inc.*, 104 F. Supp. 2d 1033 (S.D. Ind. 2000), refused to admit, on *Daubert* grounds, a proposed

---

[2] For the classic example, there is near-perfect correlation between the rooster crowing and the sun rising. Unless we also observe what happens if we don't have a rooster, we cannot assess whether there is a causal relationship.

[3] Indeed, ABWF's expert does not dispute the need for controls, and employed one in his own survey. The problem was that he employed the wrong one, using four advertisements in on cell and one in the other, thus controlling for the effect of the number of ads, but not the search term.

5
GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S
EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN
SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389037.01

survey because it lacked a control, and thus could not distinguish between confusion caused by nonactionable factors and confusion caused by the alleged infringement. In so holding, the court noted that "[b]y refusing to test whether any possible confusion between these two parties is a result of [the alleged infringement] or instead the result of [nonactionable] mere similarity of names, SPG is refusing to test for truly relevant consumer confusion." *Id.* at 1047. "Thus, the absence of adequate controls to test for legally relevant confusion provides another independent reason for excluding" the survey. *Id.* at 1048; *see also Cumberland Packing Corp. v. Monsanto Co.*, 32 F. Supp. 2d 561, 574-5 (E.D.N.Y. 1999) (rejecting survey for lack of controls to account for legally irrelevant confusion); *cf Indianapolis Colts Inc. v. Metropolitan Baltimore Football Club*, 34 F. 3d 410, 415-16 (7th Cir. 1994) (survey admissible where proper control used).

ABWF offers no reason to question this principle of survey methodology. Neither does it offer any reason that Dr. Simonson, a preeminent expert in the field, is not competent to testify to it. Instead, ABWF posits an entirely imagined requirement that an expert is precluded from testifying, based on his own expertise, that a second expert's methodology is improper, unless that expert also demonstrates that opinion with a survey of his own. As set forth above, that requirement is found nowhere in the law. This Court should reject ABWF's Objections outright.

Dated: February 2, 2007                    KEKER & VAN NEST, LLP


                                           By:  /s/ Michael H. Page
                                           MICHAEL H. PAGE
                                           Attorneys for Plaintiff and Counter Defendant
                                           GOOGLE INC.

6
GOOGLE INC.'S RESPONSE TO AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S
EVIDENTIARY OBJECTIONS TO EXPERT REPORT OF DR. ITAMAR SIMONSON SUBMITTED IN
SUPPORT OF ITS [SIC] MOTION FOR SUMMARY JUDGMENT
CASE NO. C 03-5340-JF (RS)

389037.01