1   ROBERT N. PHILLIPS (SBN 120970)
    ETHAN B. ANDELMAN (SBN 209101)
2   HOWREY LLP
    525 Market Street, Suite 3600
3   San Francisco, CA  94105
    T:  (415) 848-4900
4   F:  (415) 848-4999

5   DAVID A. RAMMELT (Admitted *Pro Hac Vice*)
    SUSAN J. GREENSPON (Admitted *Pro Hac Vice*)
6   KELLEY DRYE & WARREN LLP
    333 West Wacker Drive, Suite 2600
7   Chicago, IL  60606
    T:  (312) 857-7070
8   F:  (312) 857-7095

9   Counsel for Defendant/Counter-Plaintiff
    American Blind and Wallpaper Factory, Inc.
10

11                  UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13
    GOOGLE INC., a Delaware corporation,          CASE NO. C 03-5340
14
                  Plaintiff,                      **AMERICAN BLIND & WALLPAPER
15                                                FACTORY INC.'S RESPONSE TO
            v.                                    GOOGLE'S OBJECTIONS TO EVIDENCE
16                                                SUBMITTED BY ABWF IN OPPOSITION
    AMERICAN BLIND & WALLPAPER                    TO GOOGLE'S MOTION FOR
17  FACTORY, INC., a Delaware corporation         SUMMARY JUDGMENT**
    d/b/a decoratetoday.com, Inc., and DOES
18  1-100, INCLUSIVE,
                                                  Date:   February 16, 2007
19                Defendant.                      Courtroom:  3, 5th Floor
                                                  Time:  9:00 a.m.
20                                                Judge: Hon. Jeremy Fogel
21
    AMERICAN BLIND & WALLPAPER
22  FACTORY, INC., a Delaware corporation
    d/b/a decoratetoday.com, Inc.,
23
                  Counter-Plaintiff,
24
            v.
25
    GOOGLE, INC.,
26
                  Counter-Defendant.
27

28

1    Defendant and Counter-Plaintiff American Blind & Wallpaper Factory Inc. ("American

2    Blind") hereby responds to Google's objections to evidence submitted by American Blind in

3    opposition to Google's Motion for Summary Judgment.

4    Google has moved to strike in part the Declaration of Jeffrey Alderman in Support of

5    American Blind & Wallpaper Factor Inc.'s Opposition to Google Inc.'s Motion for Summary

6    Judgment (Docket Item No. 266) (the "Alderman Declaration") and Exhibits A and B to the

7    Alderman Declaration.  Google argues that the challenged declaration and accompanying

8    exhibits lack foundation, relevance, constitute inadmissible hearsay, and/or violate the best

9    evidence rule.  Google's objections should be overruled because the testimony contained in the

10    Alderman Declaration is based on Mr. Alderman's personal knowledge and first-hand

11    observations as the Director of Business Development and E-Commerce for American Blind, is

12    relevant insofar as it raises triable issues of fact regarding American Blind's trademark rights,

13    and the best evidence rule does not apply.

14    Rule 56(e) of the Federal Rules of Civil Procedure provides that "affidavits shall be

15    made on personal knowledge, shall set forth such facts as would be admissible in evidence, and

16    shall show affirmatively that the affiant is competent to testify to the matters stated therein."

17    Fed. R. Civ. P. 56(e).  "Personal knowledge may be inferred from the declarant's position and

18    the nature of his role." *Kaypro v. Justus*, 218 F.3d 1070, 1075 (9th Cir. 2000) (credit manager's

19    declaration was adequate where manager had held position for five years and he indicated that

20    he had personal knowledge of facts to which he testified); *Barthelemy v. Air Lines Pilots Ass'n*,

21    897 F.2d 999, 1018 (9th Cir. 1990) (corporate officer's personal knowledge of various corporate

22    activities could be presumed); *Self-Realization Fellowship Church v. Ananda Church of Self-*

23    *Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000) (same).

24    Mr. Alderman testifies that he has personal knowledge of the facts contained in his

25    declaration, and, as an employee of American Blind since 2001, currently as the Director of

26    Business Development and E-Commerce, he was in a position to have such knowledge.  *See ¶* 1

27    of Alderman Declaration.  Mr. Alderman is one of the most senior executives at American

28    Blind.  Mr. Alderman's declaration is properly admitted because he meets the requisite standard

- 1 -

1   of personal knowledge under Federal Rule of Civil Procedure 56(e). Since he is testifying

2   regarding information within his personal knowledge, his testimony is not hearsay.

3       Google further objects that Mr. Alderman cannot testify about the manner and scope of

4   use of American Blind's trademarks in American Blind's catalogues, scripts, and e-mail

5   campaigns due to the best evidence rule contained in Federal Rule of Evidence 1002. This is

6   incorrect. Mr. Alderman is permitted to testify about the manner in which the American Blind

7   Marks have been used without requiring the submission of documentary evidence. *E.g.*, *B. R.*

8   *Baker Co. v. Lebow Bros.*, 150 F.2d 580 (C.C.P.A. 1945) ("While the oral testimony of a single

9   interested witness must necessarily have its weaknesses, we know of nothing in trade-mark law

10  which justifies the rejection of such proof if it is sufficiently probative."); 2 McCarthy on

11  Trademarks § 16:20, p. 16-37 (2002) ("Oral testimony, even of a single witness, if 'sufficiently

12  probative,' may suffice to prove priority.") Nevertheless, Mr. Alderman's declaration is more

13  than simply "oral" testimony without corroborating documents — he has provided the Court

14  with exemplars of the catalogues, scripts, and e-mail campaigns that Mr. Alderman testifies

15  about. *See, e.g.*, Alderman Decl., Ex. A-G. Certainly, nothing in the best evidence rule requires

16  that *every* example of use of a trademark be submitted into evidence. Thus, Mr. Alderman's

17  testimony is permitted, and the Court should overrule Google's objections.

18      As Google is well aware, most of the facts contained in the Alderman Declaration are

19  also established in deposition testimony taken by Google of three American Blind witnesses —

20  Mr. Alderman, Gerald Curran, and Michael Layne. Rather than burden the Court with

21  numerous deposition citations and exhibits, American Blind decided to efficiently summarize

22  the material facts in a declaration by the person with the most knowledge. If the Court is at all

23  inclined to sustain Google's objection, American Blind requests leave to supplement the record

24  to include the deposition evidence of American Blind's use of its marks that Google obtained

25  from Messrs. Alderman, Curran, and Layne. American Blind will have this alternative evidence

26  available at the summary judgment hearing in the event the Court wishes to receive it.

27

28

1    Dated: February 13, 2007

                                                 HOWREY LLP

2                                                     By: _____

3                                                       ROBERT N. PHILLIPS

4                                                   David A. Rammelt

5                                                   Susan J. Greenspon

                                               KELLEY DRYE & WARREN LLP

6                                                 333 West Wacker Drive, Suite 2600

                                             Chicago, Illinois 60606

7                                                 Attorneys for Defendant/Counter-Plaintiff

8                                                 American Blind and Wallpaper Factory, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -