1  Robert N. Phillips (SBN 120970)
   Ethan B. Andelman (SBN 209101)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  David A. Rammelt (Admitted *Pro Hac Vice*)
   Susan J. Greenspon (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   Telephone: (312) 857-7070
8  Facsimile: (312) 857-7095

9  Attorneys for Defendant/Counter-Plaintiff
   AMERICAN BLIND AND WALLPAPER
10 FACTORY, INC.

11                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  GOOGLE INC., a Delaware corporation,<br><br>14       Plaintiff,<br><br>15    v.<br><br>16  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>18       Defendants.<br>_____<br>19<br>20  AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>22       Counter-Plaintiff,<br><br>23    v.<br><br>24  GOOGLE, INC.<br><br>25       Counter-Defendants. | Case No. C 03-5340-JF (RS)<br><br>**RESPONSE TO GOOGLE'S OBJECTIONS TO EVIDENCE SUBMITTED IN OPPOSITION TO GOOGLE'S MOTION FOR TERMINATING, EVIDENTIARY, AND MONETARY SANCTIONS FOR SPOLIATION OF EVIDENCE**<br><br>Date: March 14, 2007<br>Time: 9:30 a.m.<br>Courtroom: 4, 5th Floor<br>Magistrate Judge Richard Seeborg |

26
27
28

Case No. C 03-5340-JF (RS)                    Rsp to Google Obj's. to Evid Submitted in Opp to
                                              Google's Mtn for Sanctions for Spoliation of Evid.

Google's objections to the evidence submitted by American Blind in support of its opposition to Google's sanctions motion are specious and should be overruled. Google's objections — nearly all of which purport to be on the basis of Rule 602 and Civil Local Rule 7-5(b) — are directed at the credibility of the declarants or to the weight of the evidence, not to its admissibility. American Blind respectfully requests the Court overrule Google's objections for the reasons set forth below.

**A. Google's "conclusory and argumentative" objections are baseless.**

Google repeatedly objects to testimony as "conclusory and argumentative," supposedly in violation of Civil Local Rule 7-5(b). That rule states in relevant part that:

> An affidavit or declarations [sic] may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information and belief must specify the basis therefor.

Civ. L.R. 7-5(b). Thus, to the extent the Civil Local Rule prohibits any statement from appearing in a declaration, independent of the Federal Rules of Evidence (which applies through Federal Rule of Civil Procedure 56(e)), it only prohibits those statements that are non-factual (i.e., legal conclusions and attorney argument). Yet, none of the statements Google objects to on these grounds (Greenspon Decl. ¶¶ 14, 15, 16, 17, 18, 20, 21, 23, 27; Katzman "Status Quo" Decl. ¶¶ 2, 4; Katzman Opp. Decl. ¶¶ 4, 5, 6) contain such statements. A review of the statements verify that the statements are all factual (i.e., are not attorney argument) and do not state ultimate legal conclusions (such as, for instance, "there was no spoliation"). Moreover, these factual statements establish that Google has nothing but wild speculation in support of its spoliation motion. Google cannot dispose of inconvenient evidence by simply labeling it as "conclusory and argumentative." This objection should be overruled.

**B. Ms. Greenspon has personal knowledge to provide the testimony in her declaration.**

Google objects to all or portions of Paragraphs 14, 15, 16, 17, 18, 20, 21, 23, and 27 on grounds of lack of foundation, citing Rule 602. That Rule notes that:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal

Case No C 03-05340 JF (RS)    - 2 -    Rsp to Google Obj's. to Evid Submitted in Opp to Google's Mtn for Sanctions for Spoliation of Evid.

DM_US:20221004_1

>knowledge of the matter.  *Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony.*

Fed. R. Evid. 602 (emphasis added).  Google has ignored the emphasized portion of the Rule — Ms. Greenspon's testimony itself demonstrates personal knowledge of the facts included in the declaration.  For instance, in Paragraph 15, Ms. Greenspon testifies about *her general practice* in transmitting discovery requests to Mr. Katzman, and that this practice was followed in this case.  That testimony is certainly within Ms. Greenspon's personal knowledge, as is all of the other testimony challenged on these grounds.  Indeed, when viewed in light of Ms. Greenspon's unchallenged testimony that she was the "outside corporate counsel" for American Blind (i.e., general counsel, though employed by a law firm) for 17 years (¶ 14), Ms. Greenspon's testimony has more than adequate foundation to demonstrate her personal knowledge even as to matters that "American Blind," the company, knows (e.g., ¶¶ 20, 21, 23, 27).  *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000) ("Personal knowledge can be inferred from an affiant's position."); *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990) ("Hoglander's and Keilin's personal knowledge and competence to testify are reasonably inferred from their positions and the nature of their participation in the matters to which they swore no abuse of discretion appears.")

Finally, Ms. Greenspon testifies about her "understanding" about when Mr. Katzman took information from American Blind.  (¶ 20).  Although Google objects to this testimony as hearsay and demonstrating a lack of personal knowledge, it is not — it is Ms. Greenspon's own understanding of what happened, based on the papers she has read.  The testimony is clearly admissible for what it specifically says (and reasonable inferences therefrom).

**C. There has been no waiver of any privilege by Ms. Greenspon's testimony.**

Google argues that Ms. Greenspon's testimony in Paragraph 16 is a waiver of attorney-client privilege.  Google is wrong.  Ms. Greenspon did not testify about the contents of any attorney-client communications.  Rather, she testified about the *general purpose* behind a visit she and David Rammelt took to American Blind's headquarters (to address the collection and preservation of documents).  There is no confidential communication disclosed here, and thus, no

Case No C 03-05340 JF (RS) - 3 - Rsp to Google Obj's. to Evid Submitted in Opp to Google's Mtn for Sanctions for Spoliation of Evid.

DM_US:20221004_1

1  waiver. Google argues that this fact could be construed as a suggestion of what was discussed at
2  the meeting with American Blind. However, even though an inference could be made that
3  American Blind and its counsel discussed the collection and preservation of documents, there is
4  no indication as to the *contents* of those discussions. Disclosing the general subject matter of a
5  privileged communication is not a waiver; indeed, such general disclosure is required in certain
6  instances, such as when withholding a document on the basis of privilege.

**D. Mr. Katzman's declarations are fully admissible.**

8  Although Google purports to object to Paragraphs 2 and 4 of Mr. Katzman's "Status Quo"
9  Declaration and Paragraphs 4 and 5 of Mr. Katzman's Opposition Declaration on Rule 602
10 foundation grounds, its explanation of these objections makes clear that it is really asserting that
11 Mr. Katzman's testimony in these paragraphs is inconsistent with testimony Mr. Katzman has
12 provided elsewhere. Thus, Google's objections are not directed towards the *admissibility* of Mr.
13 Katzman's testimony — rather, it is directed towards his *credibility*. Tellingly, a reading of the
14 full testimony, as opposed to the snippets Google provides, shows that Mr. Katzman's testimony
15 is fully consistent with itself — Mr. Katzman's testimony, taken together, demonstrates that ***to
16 the best of his knowledge***, there were backups of any American Blind files deleted by Mr.
17 Katzman from his home or work computers available either at his home (which were provided to
18 American Blind) or on other American Blind computer systems. Given that Mr. Katzman is the
19 person Google has pointed as the bad actor in its spoliation motion — the one who is accused of
20 intentionally destroying evidence relevant to this lawsuit — Mr. Katzman's testimony
21 demonstrates that no such thing occurred.

22 Google also complains that Mr. Katzman provides an improper lay opinion in Paragraphs
23 4-6 of the Opposition Declaration because he testifies in terms of "responsive" documents. This
24 is silly. To the extent it is, indeed, a lay opinion, Mr. Katzman has been established to have seen
25 the document requests (Greenspon Decl., ¶ 15, Katzman Opp. Decl., ¶ 4). That should be
26 sufficient to support his "lay opinion" of what documents are responsive to Google's requests.
27 Further, Mr. Katzman was educated as an attorney (Greenspon Decl., ¶ 14, 16) and was the point
28 person between American Blind and its outside attorneys for document collection in this case

Case No C 03-05340 JF (RS)  - 4 -  Rsp to Google Obj's. to Evid Submitted in Opp to Google's Mtn for Sanctions for Spoliation of Evid.

DM_US:20221004_1

(Greenspon Decl., ¶ 15, Katzman Opp. Decl., ¶ 4.) Thus, the Court can certainly infer that Mr. Katzman was qualified to determine what documents were responsive to Google's requests.

### E. Conclusion

For the foregoing reasons, American Blind respectfully requests this Court overrule all of Google's objections to the Greenspon and Katzman declarations submitted in support of American Blind's opposition to Google's Motion for Sanctions.

Dated: February 13, 2007

HOWREY LLP

By: /s/ Robert N. Phillips
ROBERT N. PHILLIPS

David A. Rammelt
Susan J. Greenspon
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, Illinois 60606

Attorneys for Defendant/Counter-Plaintiff
American Blind and Wallpaper Factory, Inc.