Robert N. Phillips (SBN 120970)
Ethan B. Andelman (SBN 209101)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

David A. Rammelt (Admitted *Pro Hac Vice*)
Susan J. Greenspon (Admitted *Pro Hac Vice*)
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 857-7070
Facsimile: (312) 857-7095

Attorneys for Defendant/Counter-Plaintiff
AMERICAN BLIND AND WALLPAPER
FACTORY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.; and DOES 1-100, inclusive,<br><br>    Defendants.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>    Counter-Plaintiff,<br><br>    v.<br><br>GOOGLE, INC.<br><br>    Counter-Defendants. | Case No. C 03-5340-JF (RS)<br><br>**AMERICAN BLIND AND WALLPAPER FACTORY, INC.'S RESPONSE TO GOOGLE INC.'S MOTION FOR ADMINISTRATIVE RELIEF SEEKING LEAVE TO FILE A NON-ARGUMENTATIVE STATEMENT OF RECENT DECISION** |

KELLEY DRYE & WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/217668.2

American Blind & Wallpaper Factory, Inc. ("American Blind") declined Google's invitation to jointly to bring to the Court's attention *Universal Communications Systems, Inc. v. Lycos, Inc.*, -- F.3d --, No. 06-1826, 2007 WL 549111 (1st Cir. Feb. 23, 2007), because the case has no bearing on the issues before this court, and is certainly not as relevant as the numerous keyword advertising cases that have already been briefed. In a letter dated March 2, 2007 to Google's counsel, American Blind explained why the First Circuit's holding in *Universal* was not germane to the issues before the Court. In the interest of providing the Court with a full record, American Blind is submitting its March 2, 2007 letter to Google (as Exhibit A to the accompanying Declaration of Caroline C. Plater), which notes the following reasons the *Universal* case is irrelevant:

- *Universal* involved the reference of a company name on an Internet message board, and was based upon Florida trademark dilution law – not the Lanham Act.
- Ultimately, the reference was deemed permissible under the First Amendment and not precluded by Florida's dilution statute.
- *Universal* does not address the key issue here: whether Google's sale of trademarks as keywords constitutes "trademark use" under the Lanham Act.

Accordingly, American Blind does not stipulate to filing the *Universal* decision.

Dated: March 7, 2007                         HOWREY LLP

                                             By: /s/Robert N. Phillips
                                                 ROBERT N. PHILLIPS

                                             David A. Rammelt
                                             Susan J. Greenspon
                                             KELLEY DRYE & WARREN LLP
                                             333 West Wacker Drive, Suite 2600
                                             Chicago, Illinois 60606

                                             Attorneys for Defendant/Counter-Plaintiff
                                             American Blind and Wallpaper Factory, Inc.