KEKER & VAN NEST, LLP
MICHAEL H. PAGE - #154913
MARK A. LEMLEY - #155830
KLAUS H. HAMM - #224905
AJAY S. KRISHNAN - #222476
710 Sansome Street
San Francisco, CA  94111-1704
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>                          Plaintiff,<br><br>    v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>                          Defendants. | Case No. C 03-5340-JF (RS)<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  May 11, 2007<br><br>Time:  10:30 a.m.<br><br>Court:  Hon. Jeremy Fogel |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>                          Counter Plaintiff,<br><br>    v.<br><br>GOOGLE INC.,<br><br>                          Counter Defendant | |

1
JOINT CASE MANAGEMENT CONFERENCE STATEMENT
CASE NO. C 03-5340-JF (RS)

394390.01

Plaintiff/Counter-Defendant Google Inc. ("Google"), and Defendant/Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("ABWF") submit the following joint case management conference statement.

## I.     DESCRIPTION OF THE CASE

### A.     Background

Google filed this action against ABWF on November 26, 2003, seeking a declaratory judgment that its current policy regarding the sale of keyword-triggered advertising does not constitute trademark infringement.  ABWF contends that Google's sale of trademarked terms as keywords violates the Lanham Act because there is a likelihood of confusion as to the source, sponsorship or affiliation of the Sponsored Links delivered by Google's search engine in response to searches using the trademarked terms, including the registered and common law trademarks owned by ABWF.  Google disagrees that ABWF's customers are likely to be confused as a result of the purchase of such keywords, or that Google assists in or encourages illegal conduct on the part of ABWF's competitors.

ABWF filed counterclaims and third-party claims against Google for trademark infringement and dilution, unfair competition, and tortious interference with prospective economic advantage.

Discovery in this case is closed.  On April 18, 2007, the Court issued its ruling granting in part and denying in part Google's motion for summary judgment.

### B.     The Court's Summary Judgment Ruling

ABWF has raised nine counterclaims against Google: (i) trademark infringement in violation of the Lanham Act, (ii) false representation in violation of the Lanham Act, (iii) trademark dilution under the Lanham Act, (iv) injury to business reputation and dilution in violation of Cal. Bus. & Prof. Code § 14330,  (v) unfair competition in violation of Cal. Bus. & Prof. Code § 14330, (vi) common law trademark infringement, (vii) tortuous interference with

prospective economic advantage; and, in the alternative, (viii) contributory trademark infringement, and (ix) contributory trademark dilution. Additionally, ABWF asserted five alleged trademarks: "American Blind," "American Blinds," "American Blind & Wallpaper Factory," "American Blind Factory," and "Decoratetoday."

In March 2005, the Court granted Google's motion to dismiss as to ABWF's seventh cause of action, tortuous interference with prospective economic advantage, and denied its motion as to all other claims.

In its recent summary judgment ruling, the Court ruled that ABWF has not evinced sufficient evidence of fame as to any of its asserted marks. Consequently, the Court granted Google summary judgment as to ABWF's third and fourth causes of action (i.e., its federal and state dilution claims). Notably, the Court did not grant summary judgment as to ABWF's ninth cause of action for contributory trademark dilution—an issue that is addressed below.

The Court also granted Google summary judgment motion with regard to all claims to the extent they rely on the "American Blind" and "American Blinds" marks. The Court ruled that ABWF did not evince sufficient evidence that it had protectable rights in those alleged marks.

The Court denied Google's motion for summary judgment as to ABWF's remaining Lanham Act and California causes of action, finding triable issues of fact as to whether consumers are likely to be confused by Google's sale of trademarked terms as keywords and delivery of Sponsored Links in response to searches using such trademarked terms.

**C.    ABWF's Ninth Cause of Action for Contributory Trademark Dilution**

It is Google's position that the Court should have granted summary judgment on the ninth cause of action (for contributory trademark dilution) as well, and the failure to do so appears to have been merely an oversight. Google moved for judgment on all three dilution claims on the same basis, and the Court's finding that ABWF cannot establish the required element of fame applies with equal force to all three claims. Google therefore respectfully requests that the Court clarify or modify its summary judgment ruling to include judgment on the ninth cause of action

as well.

ABWF is not opposed to Google's request.

**D.    Google's Outstanding Motion for Sanctions Based on Alleged Spoliation**

Google has brought a motion for sanctions based on alleged spoliation of evidence by ABWF. This Court referred that matter to Judge Seeborg, who heard argument on March 14, 2007. The motion remains under submission.

**E.    Google's Anticipated Motions**

Google plans to bring two motions that could substantially impact the scope and length of trial. First, Google intends to bring a motion in limine precluding any evidence of damages, based on 15 U.S.C. § 1114. That statute provides that only injunctive relief is available against publishers of "paid advertising matter in a newspaper, magazine, or other similar periodical or in an electronic communication." 15 U.S.C. § 1114(2). Second, Google intends to bring *Daubert* motions to preclude admission at trial of ABWF's expert evidence on damages and on its trademark survey. Google believes that these motions should be scheduled significantly in advance of trial, because of their potential impact on the scope and length of trial.

**F.    ABWF's Anticipated Motions**

ABWF does not anticipate any additional motions at this time. However, motions in limine may become necessary depending upon Google's proposed exhibits and intended use of deposition testimony. ABWF may also decide to renew its *Daubert* motion directed to Google's trademark survey expert.

## II.    ALTERNATIVE DISPUTE RESOLUTION

The parties participated in a mediation before retired Judge Fern Smith on December 13, 2005, and an informal settlement meeting on September 13, 2006, both without success.

### III. CASE MANAGEMENT PLAN

**A.  Google's Position**

Subject to the Court's availability, Google proposes a November trial date. This will give the Court sufficient time to hear and rule on Google's forthcoming motions in limine, and for the parties to alter their trial preparation accordingly. Additionally, Google's lead trial counsel and second chair currently have a trial scheduled on September 10, 2007, that is expected to last two to three weeks.

Google has previously estimated that a trial in this case would last two weeks. If Google's motions in limine are granted, the number of days needed for trial may be substantially reduced.

**B.  ABWF's Position**

ABWF is agreeable to an early November trial date. ABWF estimates the trial will take about 5 to 7 court days.

Dated:  April 27, 2007            KEKER & VAN NEST, LLP

                                  By:  /s/ Michael H. Page
                                       MICHAEL H. PAGE
                                       Attorneys for Plaintiff and Counter Defendant
                                       GOOGLE INC.

Dated:  April 27, 2007            KELLEY DRYE & WARREN LLP

                                  By:  /s/ David A. Rammelt
                                       DAVID A. RAMMELT
                                       Attorneys for Defendant and Counter Plaintiff
                                       AMERICAN BLIND & WALLPAPER FACTORY, INC.