**\*E-FILED 4/27/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., | NO. C 03-5340 JF (RS) |
| Plaintiff, | **CORRECTED ORDER RE FURTHER EVIDENTIARY SUBMISSIONS** |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., | |
| Defendant. | |

In its opposition to the pending sanctions motion, and at the hearing, defendant American Blind & Wallpaper Factory, Inc. requested leave to submit additional declarations regarding the efforts it made to preserve and collect documents during the course of this litigation. American Blind explained that it did not submit such materials with its opposition because it was concerned it might waive attorney-client privilege by doing so. Plaintiff Google, Inc. contends that such additional declarations are unnecessary in light of the existing record of deposition testimony from American Blind employees and former employees as to what was or was not done.

On the present record, it appears that at least until 2006, American Blind made virtually no effort to search for electronic documents, particularly email, that might be responsive to document requests propounded by Google. Rather, it appears that American Blind employees were only instructed to collect any email transmitted between American Blind and Google, and that is all they did. It further appears that American Blind effectively had no document retention policy. It is

1

unclear whether or how long emails likely would have been stored on American Blind's servers, but the record strongly supports an inference that at least some responsive emails and perhaps other documents were no longer available in 2006 when additional searches were undertaken.

Because the current record supports the imposition of at least some form of sanctions, the Court concludes it would not be appropriate to disregard American Blind's request to submit additional evidence as to its document preservation and collection efforts. Even though American Blind's concern about attorney-client privilege was unwarranted because it did not need to disclose attorney-client communications to establish the nature and extent of its preservation and collection efforts, it would not serve the interests of justice to preclude American Blind from now attempting to make the showing it believed it was constrained from making absent a resolution of the privilege issue.

In submitting additional declarations, American Blind need not disclose *any* of the communications between its counsel and its employees. Rather, the employees should state what they *did* with respect to preserving and collecting documents. In the event an attorney for American Blind *personally* participated in those activities (beyond simply *discussing* with client representatives what should be done), the attorney may likewise state what he or she did, without implicating the privilege.[1]

Accordingly, good cause appearing, IT IS ORDERED THAT:

1. Within 10 days of the date of this order, American Blind shall submit such additional declaration or declarations as it may see fit, addressing specifically, (a) its policies, practices, and procedures relating to preserving documents, particularly email and other electronic documents, at any and all times after its dispute with Google arose but prior to 2006, and (b) its policies, practices, and procedures relating to the search for and collection of such documents in response to discovery requests propounded by Google during the same time period.

2. Within 10 days thereafter, Google may file a response, not to exceed 10 pages, addressing such declarations. Google may provide additional deposition transcript excerpts, if

---

[1] Such disclosure, of course, could constitute a waiver of any work product protection for such information, the scope of which would depend on the extent and nature of the disclosure.

2

appropriate, to which the page limit does not apply.

    3.  Neither parties' filings should address any other aspect of the pending motion.

    4.  Upon receipt of Google's response, the matter will be re-submitted for decision without further argument.

IT IS SO ORDERED.

Dated: April 27, 2007

RICHARD SEEBORG
United States Magistrate Judge

C 03-5340 JF (RS)

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Ethan B. Andelman    andelmane@howrey.com, gagnons@howrey.com

Dawn Beery    dbeery@kelleydrye.com

Susan Jean Greenspon    sgreenspon@kelleydrye.com, cplater@kelleydrye.com; vallen@kelleydrye.com; sdunlap@kelleydrye.com

Ravind Singh Grewal    rsg@kvn.com

Klaus Hemingway Hamm    khamm@kvn.com, efiling@kvn.com; wik@kvn.com

Ajay Krishnan    akrishnan@kvn.com, efiling@kvn.com; rthomas@kvn.com

Mark A. Lemley    mlemley@kvn.com, srosen@kvn.com

Michael H. Page    mhp@kvn.com, efiling@kvn.com; nsn@kvn.com

Robert Nathan Phillips    phillipsr@howrey.com, gagnons@howrey.com

Caroline Claire Plater    cplater@kelleydrye.com, heberhart@kelleydrye.com

David A. Rammelt    drammelt@kelleydrye.com, sdunlap@kelleydrye.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/27/07**                                           **Chambers of Judge Richard Seeborg**

                                                              **By:    /s/ BAK**

C 03-5340 JF (RS)

4