1  ROBERT N. PHILLIPS (SBN 120970)
   ETHAN B. ANDELMAN (SBN 209101)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, CA 94105
   T: (415) 848-4900
4  F: (415) 848-4999

5  DAVID A. RAMMELT (Admitted *Pro Hac Vice*)
   SUSAN J. GREENSPON (Admitted *Pro Hac Vice*)
6  KELLEY DRYE & WARREN LLP
   333 West Wacker Drive, Suite 2600
7  Chicago, IL 60606
   T: (312) 857-7070
8  F: (312) 857-7095

9  Counsel for Defendant/Counter-Plaintiff
   American Blind and Wallpaper Factory, Inc.
10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13

| GOOGLE INC., a Delaware corporation, | CASE NO. C 03-5340-JF (RS) |
|---|---|
| Plaintiff, | |
| v. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, INCLUSIVE, | **DECLARATION OF GREGORY RUPPRECHT REGARDING ABWF'S PRESERVATION, COLLECTION AND PRODUCTION OF MATERIALS IN RESPONSE TO APRIL 27, 2007 COURT ORDER** |
| Defendant. | |
| AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., | Hon. Richard Seeborg |
| Counter-Plaintiff, | |
| v. | |
| GOOGLE, INC., | |
| Counter-Defendant. | |

KELLEY DRYE &
WARREN LLP
333 WEST WACKER DRIVE
SUITE 2600
CHICAGO, IL 60606

CH01/PLATC/219387.3

I, GREGORY RUPPRECHT, declare as follows:

1.  I am over the age of eighteen and am competent to make this Declaration based upon my own personal knowledge or, where indicated, based upon facts made known to me through the corporate records of American Blind & Wallpaper Factory, Inc. ("ABWF").

2.  I have been continuously employed by ABWF since March 15, 2000. My present title is Vice President of Technology. At the time Google filed this lawsuit on November 26, 2003, I served as Manager of Technology, responsible for all the computer equipment, operations and EDI (electronic data interchange).

3.  This Declaration is being submitted in order to summarize the efforts undertaken within ABWF to locate, produce and preserve documents and electronic matter pertaining to the subject matter of the Google trademark lawsuit.

4.  Beginning in 2004 through early 2006, I was instructed by Steve Katzman several times to search for, locate and preserve electronic data concerning communications with Google, keyword advertising (including bidding, spending, click-through rates, consumer surveys, trademarks), ABWF's Internet branding efforts, domain names and URLs, and consumer confusion. I complied with Mr. Katzman's instructions. I do not remember the dates on which I received these instructions, but I recall receiving the instruction at least five times.

5.  I recall specifically that in January 2004, I was instructed to assemble hard documents and electronic data concerning the domain names and URLs owned or controlled by ABWF, which I did.

6.  I conducted searches of my work computer hard drive in 2004 and early 2005 for documents relating to Google, keyword advertising, the company's Internet branding efforts,

domain names and URLs, and consumer confusion. I was specifically instructed that I was to find and preserve these documents because they were relevant to the lawsuit against Google. Mr. Katzman told me not to destroy these kinds of materials. This instruction was repeated by Mr. Katzman several times to me and the management team during team meetings.

7. Only a relatively small group of employees within ABWF would have any of the documents requested. These individuals were almost exclusively the members of the management team. Given Mr. Katzman's frequent admonitions to us, it was common knowledge among the people who were in possession of or instructed to collect documents relevant to Google's lawsuit that they were to preserve copies of pertinent materials.

8. In 2004-2005, the management team likely included myself, Steve Katzman, Dan Gilmartin, Bob Flynn, Joe Charno, Tom Discenna, Sam Stevens, Sue Sullivan, Angie Sustarich and Michael Layne. Because ABWF underwent a fair amount of personnel changes during this time frame, I am unable to state all the team members with certainty.

9. In 2006, the management team likely included myself, Steve Katzman, Jeff Alderman, Sam Stevens, Martha Ross, Michael Layne, Irma Kline, Gerry Curran, Angie Sustarich, and Ron Myers. Because ABWF underwent a fair amount of personnel changes during this time frame, I am unable to state all the team members with certainty.

10. Martha Ross, Jeff Alderman, Angie Sustarich and I are the only individuals still employed by ABWF who were also members of the management team at some point from 2004 to 2006.

11. I was present when other members of the management team were instructed by Mr. Katzman to search their personal computers and exchange server for the types of documents he had explained were relevant to the Google lawsuit.

12. I complied with the directive and to the best of my knowledge the other members of the management teams complied with Mr. Katzman's instructions.

13. I have personal knowledge that Michael Layne preserved relevant documents, such as the raw data from the product and customers surveys run by ABWF, by placing them on ABWF's "L" drive, which is used to store shared files within each department as well as the entire company and that he participated with me in collection efforts.

14. When I located any pertinent materials, I gave them to Mr. Katzman.

15. In addition to searching my own computer, I assisted others in searching their personal computers in the event they did not know how to search and retrieve the information that was requested. I showed at least six or seven individuals how to conduct an advanced search, including Steve Katzman, Martha Ross, Jeff Alderman, Sam Stephens, Ron Myers and Dan Gilmartin.

16. In addition, I was also asked in 2004 and 2005 to search the company's network servers for e-mails concerning these topics. This was a more difficult task because, with our system, it was hard to search for multiple topics across different e-mail accounts. Accordingly, members of the management team and employees whose responsibilities fell within the topic areas requested were asked to search the local (i.e. hard drives) on their work computers. To the best of my knowledge, the group of employees within ABWF that would have any of the

documents requested by Google searched their own computers and files on the server for responsive documents.

17. In total, I estimate that I have spent over 250 hours in the past three years searching for, reviewing and/or producing documents pertaining to the Google lawsuit. In total, I estimate that I have had approximately eleven discussions with lawyers at the law firm of Kelly Drye & Warren regarding document collection and production in this case.

18. I am not aware that any document that was relevant to the Google lawsuit was destroyed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of May 2007, in Plymouth, Michigan.

                                              __/s/ Gregory Rupprecht_____
                                              GREGORY RUPPRECHT