KEKER & VAN NEST, LLP
MICHAEL H. PAGE - #154913
MARK A. LEMLEY - #155830
KLAUS H. HAMM - #224905
AJAY KRISHNAN – #222476
710 Sansome Street
San Francisco, CA 94111-1704
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

Attorneys for Plaintiff and Counter Defendant
GOOGLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc., and DOES 1-100, inclusive,<br><br>Defendants.<br><br>AMERICAN BLIND & WALLPAPER FACTORY, INC., a Delaware corporation d/b/a decoratetoday.com, Inc.,<br><br>Counter Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Counter Defendant. | Case No. C 03-5340-JF (RS)<br><br>**GOOGLE'S RENEWED MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: September 28, 2007<br>Time: 9 a.m.<br>Dept: 3, 5th Floor<br>Judge: Hon. Jeremy Fogel<br><br>Date Comp. Filed: November 26, 2003<br><br>Trial Date: November 13, 2007 |

# TABLE OF CONTENTS

**Page**

NOTICE OF RENEWED MOTION AND RENEWED MOTION ................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I. INTRODUCTION ............................................................................................................. 1

II. FACTS ............................................................................................................................... 3

    A. ABWF's Allegations ............................................................................................ 3

    B. Google's Motions Filed On December 26 ........................................................... 5

    C. The April 18 Summary Judgment Ruling ............................................................ 5

    D. The June 27 Order Re Sanctions ......................................................................... 5

III. ARGUMENT ..................................................................................................................... 6

    A. The judicial finding of new facts after Google filed for summary judgment provides Google with a basis for renewing its motion for summary judgment. ............................................................................................................... 7

    B. ABWF has unclean hands because its actions and allegations are identical. ............................................................................................................... 8

IV. CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Advanced Semiconductor Materials America, Inc. v. Applied Materials, Inc.*,
   922 F.Supp. 1439 (N.D. Cal. 1996) .................................................................................. 7

*Carnegie Mellon University v. Hoffman-La Roche Inc.*,
   148 F.Supp.2d 1004 (N.D. Cal. 2001) ............................................................................. 7

*Emco v. Obst*,
   2004 WL 1737355 (C.D. Cal. 2004) ............................................................................ 8, 9

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*,
   826 F.2d 837, 847 (9th Cir. 1987) .................................................................................. 8

*Government Employees Insurance Company v. Google Inc.*,
   2005 WL 1903128 (E.D. Va. 2005) ............................................................................. 10

*Japan Telecom, Inc. v. Japan Telecom America, Inc.*,
   287 F.3d 866 (9th Cir. 2002) .......................................................................................... 8

*Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,
   304 F.3d 829 (9th Cir. 2002) .......................................................................................... 8

*Metro Publishing, Ltd. v. San Jose Mercury News, Inc.*,
   861 F.Supp. 870 (N.D. Cal. 1994) .................................................................................. 8

*Worden v. Cal. Fig Syrup Co.*,
   187 U.S. 516, 528 (1903) ................................................................................................ 8

**NOTICE OF RENEWED MOTION AND RENEWED MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 28, 2007, at 9 a.m., or as soon thereafter as this matter may be heard in Courtroom 3 of the Honorable Jeremy Fogel, United States District Court, located at 280 South First Street, Fifth Floor, San Jose, California, Plaintiff and Counter-Defendant Google Inc. ("Google") will and hereby does renew its motion under Federal Rule of Civil Procedure 56 for summary judgment against Defendant and Counter-Plaintiff American Blind & Wallpaper Factory, Inc. ("ABWF").

This renewed motion is based upon this notice of renewed motion and renewed motion, the memorandum of points and authorities, Magistrate Judge Seeborg's June 27, 2007 Order re Sanctions, the other pleadings, records, and files in this action, and such oral argument at the time of the hearing or other matters this Court deems appropriate.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

*"American Blinds bids on its competitors' trademarks with the deliberate purpose and intent of attempting to entice persons who are specifically looking for the websites of those competitors to visit the website of American Blinds."*

The judicial establishment of the above facts was the first of three sanctions against American Blind & Wallpaper Factory, Inc. (hereinafter, "ABWF" or "American Blind(s)") in Magistrate Judge Seeborg's June 27, 2007 Order re Sanctions. This sanction followed from the finding that "the record demonstrates a willful indifference at American Blind towards ensuring that relevant documents were preserved, collected, and produced prior to 2006." For two years while this litigation was pending, ABWF had ignored its duty to preserve relevant evidence.

This dramatic ruling, coming two months after presiding Judge Fogel issued an order partially denying Google's motion for summary judgment, has changed the factual underpinning of one of the case-dispositive legal arguments in Google's motion. Specifically, Google moved for summary judgment on the ground of ABWF's unclean hands. Two months after denying this

1  portion of Google's motion, this Court has judicially established that ABWF's conduct is the
2  same conduct ABWF asks this Court to enjoin when ABWF's competitors engage in it.
3        In December, when Google first moved for summary judgment, the facts were more
4  nuanced. Google's evidence showed that through a kind of keyword advertising called broad
5  matching, ABWF's advertisements appeared when someone searches for the brand name of its
6  competitor, USAWallpaper.com. By using broad matching, ABWF does not have to bid on the
7  keyword "USAWallpaper.com." Instead it bids on "wallpaper," but the result is the same.
8  When an Internet user searches for "USA Wallpaper," ABWF's ads may appear because the
9  search contains the term "wallpaper." ABWF could have prevented this result simply by making
10 "USA Wallpaper" a negative keyword. Indeed, ABWF took—and takes—the position that its
11 competitors' failure to make the ABWF marks negative keywords infringes ABWF's rights.
12 Accordingly, Google argued that, since ABWF failed to take simple steps to avoid advertising on
13 its competitor's mark, it could not argue that its competitor's failure to do so was actionable.
14 This Court denied this aspect of Google's motion.
15       Google's renewed motion for summary judgment is based on more compelling evidence.
16 The first time Google moved, the evidence showed only that ABWF used broad matching on a
17 generic term to target its ads next to search results for its competitor's trademarks. Now,
18 however, the Court has found that ABWF actually *"bids on its competitors' trademarks"* to
19 achieve this same result. Moreover, the evidence now shows that ABWF does so with the
20 intention of luring its competitors' potential customers to the ABWF website.
21       Where previously there was evidence of a "sin of omission," the Court's new ruling
22 conclusively establishes that ABWF consciously and willfully engages in the same behavior that
23 it contends is illegal when engaged in by its competition. Just as ABWF alleges that Google's
24 policy of allowing trademarks to trigger Sponsored Links is "intended to divert and lure
25 consumers from the websites that they intend to visit—*e.g.*, the ABWF websites—to other
26 websites owned by competing advertisers such as BlindsGalore.com," this Court has held that
27 ABWF "bids on its competitors' trademarks," such as those of BlindsGalore.com, "with the
28 deliberate purpose and intent of attempting to entice persons who are specifically looking for,"

competitive websites such as BlindsGalore.com's, "to visit the website of American Blinds."

To be clear, Google steadfastly believes that neither ABWF's nor its competitors' conduct (for which ABWF seeks to hold Google vicariously liable) violates the law. Rather, keyword-triggered advertising is nothing more than healthy, spirited and consumer-friendly competition. ABWF disagrees, and bases its lawsuit on the proposition that bidding on one's competitors' trademarks runs afoul of the law. But for purposes of this motion, it doesn't matter who is right. If—as ABWF contends—Google and its advertisers violate the law, then so too does ABWF, and it does so deliberately.

The facts thus present a textbook example of unclean hands. That doctrine is simple, and simply applied in this case: a litigant cannot ask a Court of equity to stop another from engaging in conduct he himself has committed.[1] As this Court has conclusively determined that ABWF has intentionally keyed ads off of its competitors' trademarks, ABWF cannot ask this Court to enjoin or punish others for the same conduct.

## II. FACTS

### A. ABWF's Allegations

ABWF's surviving claims against Google are premised on the theory that Sponsored Link advertisements triggered with trademarks not owned or licensed by the advertiser violate the law. While Google vigorously disputes aspects of ABWF's allegations—especially allegations regarding Google's intent and ABWF's legal and moral characterizations of keyword-triggered advertising involving trademarks—this recitation is important to demonstrate just how closely ABWF's allegations resemble its deeds.

ABWF's counterclaims describe Google's advertising program AdWords, which allows advertisers to target the search results pages where their ads appear by selecting specific keywords that will trigger the appearance of their ads: "For example, a company might bid on the keyword 'wallpaper' through Google's 'AdWords' program so that the company's website will be the first, or among the first, listed 'Sponsored Links' when a customer enters the word

---

[1] As discussed below, the unclean hands doctrine has its roots in equity, but also bars legal remedies.

'wallpaper' in Google's search engine window."[2] ABWF's Counterclaims ¶ 38. Next, ABWF alleges that, with AdWords, Google allows ABWF's competitors to bid on keywords that are terms trademarked by ABWF. The allegations state "Google has sold many keywords comprised, in whole or in part, of the American Blind Marks, to competitors of American Blind." *Id.* at ¶ 42. The result, ABWF claims, is "Google causes the purchase of the American Blind Marks to trigger a link to these competitor's websites to appear in Google's search results when a consumer types in any one of the American Blind Marks." *Id.* at ¶ 43.

ABWF further alleges that Google intentionally induces its advertising customers to choose ABWF's marks as keywords, claiming that it cannot "be suggested that Google is merely selling terms that, by happenstance, coincidentally comprise part (or all) of the American Blind Marks." *Id.* at ¶ 46. Instead, according to ABWF's allegations: "Google causes consumers who specifically intend and desire to find American Blind's products and services to be diverted instead to search 'results' web pages that list American Blind's competitor's products and services. The result is intended, both by Google and its customers who purchase keywords consisting of the American Blind Marks." *Id.* at ¶ 50. As an example, ABWF alleges that Google's website is "designed and intended to divert and lure consumers from the websites that they intend to visit—*e.g.*, the ABWF websites—to other websites owned by competing advertisers such as BlindsGalore.com, et. al." *Id.* at ¶ 74. Thus, ABWF concludes, Google's "actions steal customers from American Blind's website, divert consumers to inferior products and services, erode the distinctiveness of American Blind's Marks, and impair *American Blind's honest and good faith efforts to promote and sell its products on the Internet.*" *Id.* at ¶ 82 (emphasis added).

ABWF seeks a variety of relief. It asks the Court to enjoin Google from selling to ABWF's competitors ads that are displayed next to search results for the queries that contain ABWF's alleged trademarks. ABWF also asks for actual damages, punitive damages, and attorneys' fees and costs.

---

[2] Google's recitation of ABWF's allegations, of course, does not mean that it agrees with them. For example, Google does not sell trademarks and Google's search engine is free to anyone who

**B.    Google's Motions Filed On December 26**

On December 26, 2006, Google filed two motions. Its summary judgment motion included the argument that ABWF's claims were barred by the doctrine of unclean hands. Google supported that argument with evidence that ABWF uses the broad matching option on AdWords to have its ads displayed when Google users search for (for example) the "USA Wallpaper" trademark of one of ABWF's competitors. This conduct, Google argued, is the same type of conduct ABWF complains about in this suit, and thus ABWF has unclean hands and should not be entitled to relief. Memorandum of Points and Authorities In Support of Google's Motion for Summary Judgment ("Google's Motion for Summary Judgment") at 31-33.

The second motion Google filed was its Motion For Terminating, Evidentiary, and Monetary Sanctions Against ABWF For Spoliation of Evidence. This motion detailed ABWF's long-running spoliation of evidence relevant to this litigation and requested appropriate sanctions. Presiding Judge Fogel referred this latter motion to Magistrate Judge Seeborg.

**C.    The April 18 Summary Judgment Ruling**

On April 18, 2007, Judge Fogel granted Google's motion for summary judgment in part and denied it in part. The denial included a rejection of Google's unclean hands argument:

> that the doctrine of unclean hands does not bar ABWF's claims. ABWF has submitted evidence of its willingness to enter into agreements with competing companies to refrain from buying each other's trademarks as keywords under the AdWords program. In addition, the large number of businesses and users affected by Google's AdWords program indicates that a significant public interest exists in determining whether the AdWords program violates trademark law.

Order Granting In Part and Denying In Part Motion for Summary Judgment (D.I. 308) at 20.

**D.    The June 27 Order Re Sanctions**

The week after this Court ruled on Google's motion for summary judgment, Magistrate Judge Seeborg issued an order requesting more evidence and briefing related to Google's motion for sanctions. *See* Order re Further Evidentiary Submissions (D.I. 309). On June 27, 2007, after receiving the requested evidence and briefing, Magistrate Judge Seeborg issued the Order Re Sanctions, which held that through reckless indifference ABWF had spoliated relevant evidence.

---

wants to use it, so it is not accurate to refer those users as "customers."

The Order leveled three sanctions against ABWF, including this one:

> In the event the presiding judge permits Google to pursue an unclean hands defense at all, it will be deemed judicially established that American Blinds bids on its competitors' trademarks with the deliberate purpose and intent of attempting to entice persons who are specifically looking for the websites of those competitors to visit the website of American Blinds. It remains for the finder of fact, either the jury or the court sitting in equity, or both, to determine whether under all the circumstances here, that conduct, standing alone or in conjunction with any other conduct, legally constitutes "unclean hands" and the extent to which, if any, American Blind's recovery of damages is thereby barred or limited.

Order Re Sanctions (D.I. 324) at 10.

The Order re Sanctions also contained Magistrate Judge Seeborg's analysis of whether Google could pursue its unclean hands defense, despite Judge Fogel's earlier denial of Google's motion for summary judgment on that ground:

> [B]ecause American Blind did not seek and was not granted summary judgment in its favor on the point, the presiding judge technically has not ruled that the defense is barred as a matter of law, so there is at least an argument that Google is not foreclosed from presenting the defense at trial, and therefore may still suffer some unfair disadvantage from the loss of relevant evidence.

*Id.* at 9.

Besides observing that the Court had not granted summary judgment against Google, but instead denied Google such relief against ABWF, Magistrate Judge Seeborg also noted that its evidentiary sanction gives rise to a different unclean hands argument than the one Google had earlier pursued: "In its summary judgment motion, Google argued that its unclean hands defense was based on slightly different alleged conduct; namely, American Blind's failure to designate its competitors' trademarks as 'negative keywords' such that American Blind's ads would not appear when a user searches for those trademarks." *Id.* at 8 n. 9. Magistrate Judge Seeborg's order further noted that its evidentiary sanction not only presents a different unclean hands argument, but also a more powerful one. The Order stated that an unclean hands arguments based on the evidentiary sanctions "likely is stronger with respect to presenting facts other than those addressed in the summary judgment motion as the basis of unclean hands." *Id.* at 9 n. 10.

### III. ARGUMENT

In view of Magistrate Judge Seeborg's spoliation ruling, Google requests that the Court revisit Google's unclean hands motion because the ruling judicially established dispositive facts

1  that were not available to Google or this Court at the time of the initial summary judgment
2  motion. Those new facts—that ABWF intentionally engaged in precisely the same conduct for
3  which it seeks to hold Google liable—mandate judgment in Google's favor.

**A.    The judicial finding of new facts after Google filed for summary judgment provides Google with a basis for renewing its motion for summary judgment.**

"A moving party may renew a motion for summary judgment notwithstanding denial of an earlier motion by showing a different set of facts or some other reason justifying renewal of the motion." *Carnegie Mellon University v. Hoffman-La Roche Inc.*, 148 F. Supp. 2d 1004, 1010 n.4 (N.D. Cal. 2001)[3] (quoting *Advanced Semiconductor Materials Am., Inc. v. Applied Materials, Inc.*, 922 F. Supp. 1439, 1442 (N.D. Cal. 1996)). Google bases its renewed motion for summary judgment on Magistrate Judge Seeborg's recent holding that due to ABWF's spoliation of evidence, "it will be judicially established that American Blinds bids on its competitors' trademarks with the deliberate purpose and intent of attempting to entice persons who are specifically looking for the websites of those competitors to visit the website of American Blinds." Order Re Sanctions (D.I. 324) at 10.

These judicially established facts are different from the facts Google presented in its motion for summary judgment. Previously Google argued that ABWF had unclean hands because it bid on a generic keyword and intentionally failed to include negative keywords with this bid, which would have prevented its ads from running when someone searched for a trademark containing the generic keyword. Google's Motion for Summary Judgment 31-33. The judicially established facts, on the other hand, are that ABWF intentionally bids directly on trademarked keywords. As Magistrate Judge Seeborg noted when issuing this sanction, the judicially established facts "*are* different than those presented in the summary judgment motion." Order Re Sanctions (D.I. 324) at 9 n. 10. Moreover, Google could not have presented the judicially established facts in its December 26, 2006 motion for summary judgment because

---

[3] *Carnegie Mellon University* explains: "As a procedural matter, plaintiffs argue that the [] defendants' motion is improper under Local Rules governing motions for reconsideration of a prior order. Oppo. 24. However, the [] defendants are making a renewed motion for summary judgment, not a motion for reconsideration." 148 F. Supp. 2d at 1010 n.4.

1  Magistrate Judge Seeborg's ruling issued on June 27, 2007, *after* Google filed and *after* this
2  Court ruled on Google's motion for summary judgment. Of course, had ABWF not destroyed
3  this relevant evidence, Google could have presented it in its motion for summary judgment.

4  **B.     ABWF has unclean hands because its actions and allegations are identical.**

5  The unclean hands doctrine is based on the notion that the pot shall not call the kettle
6  black. "The unclean hands doctrine closes the doors of a court of equity to one tainted with
7  inequitableness or bad faith relative to the matter in which he seeks relief." *Jarrow Formulas,*
8  *Inc. v. Nutrition Now, Inc.,* 304 F.3d 829, 841 (9th Cir. 2002) (citations omitted). In particular,
9  the unclean doctrine applies in Lanham Act cases. *Japan Telecom, Inc. v. Japan Telecom*
10 *America, Inc.,* 287 F.3d 866, 870 (9th Cir. 2002) ("Unclean hands is a defense to a Lanham Act
11 infringement suit.") (quoting *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.,* 826 F.2d 837, 847
12 (9th Cir. 1987)). The reason is "that 'it is essential that the plaintiff should not in his trade mark,
13 or in his advertisements and business, be himself guilty of any false or misleading
14 representation.'" *Id.* (quoting *Worden v. Cal. Fig Syrup Co.,* 187 U.S. 516, 528 (1903)).
15 Although unclean hands has traditionally applied to bar equitable relief, it also can "bar actions
16 for legal damages." *Metro Publishing, Ltd. v. San Jose Mercury News, Inc.,* 861 F. Supp. 870,
17 880 (N.D. Cal. 1994) (barring damages in trademark action because plaintiff had unclean hands).

18 To make out an unclean hands defense, a trademark defendant "must demonstrate that the
19 plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims."
20 *Japan Telecom,* 287 F.3d at 870 (quoting *Fuddruckers,* 826 F.2d at 847). In *Emco v. Obst,* 2004
21 WL 1737355 (C.D. Cal. 2004), the unclean hands doctrine prevented a seller of industrial cutting
22 tools from pursuing a false advertising action under the Lanham Act. The plaintiff alleged that
23 the defendant created the impression that its foreign-made products were manufactured in the
24 United States because it removed the country of origin labels from the products and sold them
25 under the name "Detroit Industrial Tools." *Id.* at *1. It turned out, though, that the plaintiff did
26 the same thing. The plaintiff sold a foreign-made blade that it called "Americut" and adorned it
27 with a partial image of an American flag. *Id.* at *4. Because the plaintiff's actions resembled the
28 allegations in its complaint, the *Emco* court held that these actions were "directly related to the

subject matter of its claims." *Id.* at *5. Given this relation, the court granted summary judgment on the ground of unclean hands, holding that "if the Court did not apply the unclean hands defense, there would be a substantial risk that [plaintiff] would, if it proved its affirmative case, enjoy a double recovery-once from [defendant], and once from its own false advertising." *Id.*

No principled distinction exists between *Emco* and the present case. ABWF has accused Google of infringing its trademark by allowing ABWF's competitors to bid on ABWF's trademarks as keywords so that the competitors' ads may be displayed when someone enters ABWF's trademarks as a search term on Google. ABWF, however, does the same thing. Although ABWF complains of injury to its "honest and good faith efforts to promote and sell its products on the Internet," it turns out that it does the same thing to others. ABWF's Counterclaims ¶ 82. But ABWF calls it stealing when directed toward ABWF.

A comparison between ABWF's allegations and this Court's factual finding puts the duplication of ABWF's allegations and conduct beyond dispute. Just as Google allegedly "causes the purchase of the American Blind Marks to trigger a link to these competitor's websites to appear in Google's search results when a consumer types in any of the American Blind Marks," this Court has found that "ABWF bids on its competitor's trademarks." *Compare* ABWF's Counterclaims ¶ 43 *with* Order Re Sanctions (D.I. 324) at 10. Just as Google and its advertisers supposedly participate in this keyword advertising as part of an intentional effort to "intercept consumers who, ... are trying to find" ABWF's website, ABWF targets its ads for search results pages triggered by its competitors' trademarks "with the deliberate purpose and intent of attempting to entice persons who are specifically looking for the websites of those competitors to visit the website of American Blinds." *Compare* ABWF's Counterclaims ¶ 50 *with* Order Re Sanctions (D.I. 324) at 10. More specifically, while ABWF alleges that when someone searches for its trademark "'American Blind and Wallpaper Factory' ... with the obvious intent of locating and visiting American Blind's website ... the first link shown on the Google search 'results' pages may be for one of American Blind's competitors, such as the blindfactory.com," this Court's factual finding equally supports the conclusion that when someone enters "blindfactory.com" as a search term with the obvious intent of looking for that

9

website, the first link shown on the search results page may be for ABWF's website. *Compare* ABWF's Counterclaims ¶ 72 *with* Order Re Sanctions (D.I. 324) at 10.

In short, ABWF's judicially established conduct is indistinguishable from the conduct it seeks to enjoin, and thus "directly related to the subject matter of its claims." *Emco*, WL 1737355, *5. This direct relation means that the unclean hands defense should bar ABWF's claims. Indeed, if it did not, "there would be a substantial risk that" ABWF "would, if it proved its affirmative case, enjoy a double recovery-once from" Google "and once from its own" trademark-targeted keyword advertising. *Id.*

When this Court first addressed unclean hands, the evidence showed that ABWF bid on a generic term ("wallpaper") so that its advertisements would appear when someone searching on Google entered a trademark containing that generic term as a search term. Now the evidence shows that ABWF bids *directly* on the trademarks of others, and does so deliberately, with the intent of luring Google users who are trying to track down the competition's website to its own website. The symmetry between ABWF's conduct and its allegations is now almost exact.

The application of the unclean hands doctrine is so compelling under these new and stronger facts, that the Court should no longer be concerned about keeping this case alive because "significant public interest exists" in this litigation. Simply put, because the equities prevent ABWF from invoking this Court's equitable powers, this action is not an appropriate vehicle for determining policy issues related to Google's AdWords advertising program. Moreover, a decision in this action will *not* resolve the legality of Google's AdWords program. The Court already has ruled that Google uses ABWF trademarks; the remaining issue in this case centers on whether Google's use of ABWF trademarks as keyword triggers is likely to cause consumer confusion. This latter question is a fact-specific inquiry guided by the *Sleekcraft* factors and, as this Court has made clear, dependent on the evidence presented by the parties. Deciding this issue will not resolve similar questions involving different trademarks, different advertising text and different industries. Indeed, in *Government Employees Insurance Company v. Google Inc.*, 2005 WL 1903128 (E.D. Va. 2005), Google already won a similar case on the ground that there is no likelihood of confusion and, as the ongoing nature of the current litigation

1  attests, Google cannot use the result in that case as a bar to other similar actions.

## IV.  CONCLUSION

For the foregoing reasons, the Court should dismiss all of ABWF remaining claims against Google on the ground that ABWF has unclean hands.

Dated: August 10, 2007                                    KEKER & VAN NEST, LLP


By: /s/ Klaus H. Hamm
    KLAUS H. HAMM
    Attorneys for Plaintiff and Counter Defendant
    GOOGLE INC.